1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT

8 IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

9 AT TACOMA

10

| | |
|---|---|
| 11 MARTIN HOVENKOTTER, | NO. |
| 12 Plaintiff, | CLASS ACTION COMPLAINT FOR SPECIFIC PERFORMANCE OR |
| 13 vs. | DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF RESULTING FROM |
| 14 SAFECO Corporation, SAFECO Insurance Company of America, and SAFECO Insurance | BREACH OF CONTRACT AND VIOLATIONS OF THE CONSUMER |
| 15 Company of Illinois, | PROTECTION ACT |
| 16 Defendants. | AND |
| 17 | DEMAND FOR JURY TRIAL |

18

19        COMES NOW the Plaintiff, MARTIN HOVENKOTTER, for himself individually and as

20 the proposed Representative of a Class, and for his cause of action against the above-named

21 Defendants, SAFECO Corporation, SAFECO Insurance Company of America, and SAFECO

   Insurance Company of Illinois (collectively, "SAFECO" or "Defendants"), alleges as follows:

22                          **I. IDENTIFICATION OF THE PARTIES**

23        1.1      This action seeks specific performance or damages and declaratory and injunctive

24 relief for Plaintiff and the Members of the Class, all of whom were and/or presently are insureds

25 of SAFECO and who have been injured and suffered losses as a result of the misconduct of

26

27 CLASS ACTION COMPLAINT FOR SPECIFIC PERFORMANCE

28 OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 1

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

1  SAFECO.

2      1.2    SAFECO advertised, solicited and sold first-party personal line automobile

3  insurance policies in Washington and throughout the United States that contained coverage for

4  underinsured and/or uninsured (hereinafter "UIM") property damages.  This coverage, when

5  purchased by a policyholder, obligated SAFECO to pay to the policyholder "damages which an

6  insured is legally entitled to recover" from the owner or operator of an uninsured/underinsured

7  motor vehicle.

8      1.3    Despite its knowledge that policyholders are entitled to recover all damages to

9  which they are "legally entitled" and despite its knowledge that wrecked and repaired vehicles are

10  often worth less after an accident than they were before an accident, SAFECO fails to honor its

11  contracts to inspect damaged vehicles for diminished value loss, to inform policyholders of their

12  coverage for diminished value loss and to pay policyholders for the "diminished value" that

13  results from a vehicle having been wrecked.

14      1.4    As a result, Plaintiff, and others similarly situated, have not had their damaged

15  vehicles appraised for diminished value loss, were not notified that diminished value was a

16  covered loss and did not receive payment for damages due to "diminished value." They have

17  therefore not received the policy benefits for which they paid.

18      1.5    SAFECO also routinely pays vehicle property damage claims properly paid under

19  the UIM provisions of its policies under its collision and comprehensive provisions, thereby

20  improperly charging its insureds a higher deductible.

21      1.6    Based on information and belief, such mischaracterization of coverage inures to the

22  benefit of SAFECO and to the detriment of its policyholders by, *inter alia*, causing policyholders

23  to incur additional charges for deductibles due under the collision and comprehensive coverages

24  of SAFECO'S policies, adversely impacting policyholder ratings based on SAFECO'S rating

25  structure, and limiting repairs and amount of loss for which SAFECO will pay to only those items

26  SAFECO pays under collision and comprehensive coverages to first party insureds.

27  CLASS ACTION COMPLAINT FOR SPECIFIC
PERFORMANCE

28  OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 2

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

## II. JURISDICTION

2.1    Original jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(d)(2) (2005). Plaintiff alleges, upon information and belief, that less than one-third of all Class Members reside in the State of Washington and the cumulative amount in controversy for the Class exceeds $5,000,000. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 (2005).

2.2    Venue is proper pursuant to 28 U.S.C. §139l(b) and (c), and 18 U.S.C. §1965(a). Defendants transact business within Washington State and King County. Moreover, as described more fully throughout this Complaint, a substantial part of the acts and omissions giving rise to the claims alleged herein occurred or were undertaken by Defendants from within this district. Finally, Defendants transact business and may be found in this judicial district, and the interstate trade and commerce described herein is and has been carried out, at least in part, in this judicial district.

## III. THE PARTIES

3.1    Plaintiff MARTIN HOVENKOTTER ("Mr. HOVENKOTTER") is an adult presently residing in King County, Washington. Mr. HOVENKOTTER was insured under a policy issued by SAFECO that covered UIM losses. Mr. HOVENKOTTER is a member of the Class defined herein and seeks to be certified as class representative of this Class. Counsel is authorized to bring this matter on behalf of Mr. HOVENKOTTER.

3.2    Defendant SAFECO Corporation ("SAFECO-Corp") is the parent corporation of Defendants SAFECO Insurance Company of America, and SAFECO Insurance Company of Illinois, and is a Washington corporation.

3.3    Defendant SAFECO Insurance Company of America ("SAFECO-America") is a wholly owned subsidiary of SAFECO-Corp and is a Washington corporation.

3.4    Defendant SAFECO Insurance Company of Illinois ("SAFECO-Illinois") is a wholly owned subsidiary of SAFECO-Corp and is an Illinois corporation.

CLASS ACTION COMPLAINT FOR SPECIFIC PERFORMANCE
OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 3

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

1    3.5    "SAFECO" refers collectively to the named Defendants who issue automobile

2 insurance policies throughout the nation.  These companies operate under the umbrella of

3 "SAFECO Property and Casualty Insurance Companies."  SAFECO jointly employs personnel

4 and each of the joint employees may work for multiple SAFECO companies.  SAFECO-America

5 and SAFECO-Illinois are parties to an Intercompany Reinsurance Agreement ("Agreement").

6 Pursuant to the Agreement, SAFECO-America agrees to accept and to reinsure all of the liabilities

7 and expenses related to the insurance policies that the signatory SAFECO companies issue in

8 consideration for the companies' promises to transfer to SAFECO-America all of the premiums

9 and reserve amounts associated with the policies.  The companies also agree to reinsure all of

10 SAFECO-America's liabilities and expenses related to insurance policies issued by or on its

11 behalf in exchange for SAFECO-America's agreement to transfer to each of the signator

12 companies that company's respective share of SAFECO-America's premiums and reserves,

13 including that company's share of the amounts reinsured by SAFECO-America under the

14 Agreement.  In addition, the signatory SAFECO companies authorize SAFECO-America to

15 collect and to receive all premiums; to take charge of, adjust, and pay all losses with respect to all

16 of their insurance policies; and to reinsure, administer or terminate all such policies as

17 appropriate.  The signatory SAFECO companies also agree to assign to SAFECO-America all of

18 their company's rights and interests in their agents' balance and uncollected premiums as well as

19 any other underwriting assets and related liabilities.  In turn, SAFECO-America agrees to transfer

20 and to assign to each company its respective allocation of such underwriting assets and liabilities.

21 Because Defendants are juridically linked and form a single enterprise with responsibility for the

22 acts complained of, they are jointly and collectively referred to as "SAFECO" herein.

23                    **IV.  FACTS RELEVANT TO MR. HOVENKOTTER**

24    4.1    On January 11, 2007, Mr. HOVENKOTTER'S 2006 Mazda Speed 6 AWD four

25 door sedan driven approximately 11,000 miles  was damaged in a collision with a hit and run

26 motorist while it was legally parked, but unoccupied, in downtown  Issaquah.  The collision was

27 CLASS ACTION COMPLAINT FOR SPECIFIC
PERFORMANCE

28 OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 4

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

1  caused solely by the negligence of the hit and run motorist.  The estimate to repair the frame,

2  body, paint and other damage to the vehicle was $2,874.58.

3      4.2     At the time of the subject collision, Mr. HOVENKOTTER was insured with

4  SAFECO and had purchased coverage for underinsured property damage.  SAFECO, at its

5  election, decided to pay to repair Mr. HOVENKOTTER'S Mazda Speed 6 AWD and did so under

6  the collision and comprehensive provisions of Mr. HOVENKOTTER'S policy. SAFECO also

7  charged Mr. HOVENKOTTER the $500.00 collision and comprehensive deductible, which it

8  offset against the repair costs, instead of the lower $300.00 UIM deductible.

9      4.3     Mr. HOVENKOTTER complied with all of the terms of the policy before

10  instituting this action.

11      4.4     Mr. HOVENKOTTER'S vehicle sustained a loss in value as a result of the above-

12  described accident and repair decision.  To date, SAFECO has not inspected Mr.

13  HOVENKOTTER'S vehicle for diminished value loss, has not compensated Mr.

14  HOVENKOTTER for the diminished value of his vehicle, or informed Mr. HOVENKOTTER

15  about diminished value and his right to recover it.   Nor has SAFECO informed Mr.

16  HOVENKOTTER that he was entitled to have his claim adjusted under the UIM provisions of his

17  policy, which has a lower deductible and a less detrimental impact on his policyholder rating.

18  ## V. SAFECO'S MISCONDUCT

19      5.1     SAFECO solicits consumers to purchase property damage insurance for their

20  automobiles under UIM Property Damage Coverage.  Under this coverage, SAFECO promises to

21  cover any property damage, in excess of any applicable deductible (if one pertains), to the

22  consumer's automobile which the insured is legally entitled to recover from the owner or driver of

23  an underinsured (or uninsured) motor vehicle.  SAFECO is obligated to appraise its insureds'

24  damaged vehicles for diminished value loss, notify its insureds that diminished value is a covered

25  loss and pay its insureds for any diminished value loss.  Plaintiff and the Members of the Class all

26  paid premiums to SAFECO with the reasonable expectation that SAFECO would make them

27  CLASS ACTION COMPLAINT FOR SPECIFIC PERFORMANCE

28  OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 5

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

1  whole under UIM Property Damage Coverage for damages they are legally entitled to collect from
2  owners or drivers of underinsured and uninsured motor vehicles.

3       5.2     Despite its promise, when SAFECO estimates the cost to repair the damage to its
4  insureds' automobiles and elects to repair rather than to replace the automobile, SAFECO
5  estimates and pays only the cost of repair. In doing so, SAFECO places its own interests over that
6  of its insureds, and fails to compensate its insureds for damages they are legally entitled to collect.

7       5.3     SAFECO was well aware of its contractual obligations throughout the Class
8  period. Under the common law duty of good faith and fair dealing found in every state (codified
9  in part in Washington Administrative Code § 284-30-350), and the states' Unfair Claims
10  Settlement Practices Act (e.g., Washington Administrative Code § 284-30-330), SAFECO must
11  inform its insureds about covered losses and fairly and fully adjust claims. Yet, rather than fulfill
12  its contractual and statutory duties, and thereby act in good faith, SAFECO has engaged in a
13  course of conduct designed to conceal its obligations and to avoid paying its insureds for the
14  diminished value suffered by their automobiles. SAFECO has thereby increased its profits at the
15  expense of its insureds. Plaintiff and the members of the Class presented their claims for property
16  damage to their insured automobiles in accordance with the terms of the contract. They requested
17  that SAFECO fulfill its contractual obligations for which they had paid premiums. SAFECO is
18  obligated to appraise its insureds' damaged vehicles for diminished value loss, notify its insureds
19  that diminished value is a covered loss and pay its insureds everything they are owed upon
20  presentment of their claim, and SAFECO failed to do so.

21  <center>**VI. CLASS ACTION ALLEGATIONS**</center>

22       6.1     This action is brought as a class action under FRCP 23(b)(2) and FRCP 23(b)(3).
23  SAFECO'S conduct has been systematic and continuous and has affected large numbers of
24  SAFECO policyholders over time. Plaintiff brings this class action to secure redress for
25  SAFECO'S uniform and common practice of failing to appraise its UIM policyholders' damaged
26  vehicles for diminished value loss, inform its policyholders of their diminished value loss and pay

27  CLASS ACTION COMPLAINT FOR SPECIFIC
    PERFORMANCE
28  OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 6

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

1   all damages their insureds are legally entitled to recover.  SAFECO'S obligations and conduct

2   have been uniform throughout the Class Period.

3       6.2.    Plaintiff seeks certification of the following Rule 23(b)(2) Class:

4           All insureds of SAFECO who from and after February 18, 2003:

5           1.    Were paid under the underinsured/uninsured motorist ("UIM") coverage
    provisions of their policy with SAFECO, or

6

7           2.    Had underinsured/uninsured motorist property damage coverage and were
    involved in an accident with a hit-and-run motorist but received payment
    under SAFECO'S collision or comprehensive coverage, and

8

9           3.    Who were not compensated for diminished value.

10      Excluded from the Class are those policyholders whose vehicles were declared total

11  losses, employees of SAFECO, Plaintiff's counsel, and the assigned Judge and the Judge's family.

12      6.3    SAFECO has acted or refused to act on grounds generally applicable to

13  the Class, thereby making appropriate an order declaring that SAFECO must specifically perform

14  its contractual obligations by notifying Plaintiff and Class Members of their diminished value

15  coverage, reassess Plaintiff's and Class Members' claims to identify any diminished value loss

16  and provide Plaintiff and Class Members equitable compensation, including interest, for

17  diminished value losses.

18      6.4    SAFECO has acted or refused to act on grounds generally applicable to

19  the Class, thereby making appropriate an order declaring that SAFECO should reverse all

20  consequences of paying Class Members' UIM and hit-and-run claims under its collision or

21  comprehensive coverage and equitably compensate Class Members accordingly, including

22  compensation for diminished value loss and payment of higher deductibles.

23      6.5    SAFECO has acted or refused to act on grounds generally applicable to

24  the Class, thereby making appropriate injunctive relief on behalf of the entire Class to enjoin and

25  prevent SAFECO from refusing to pay for diminished value on UIM property damage claims,

26  failing to inform its insureds submitting UIM property damage claims of coverage for diminished

27  CLASS ACTION COMPLAINT FOR SPECIFIC
    PERFORMANCE

28  OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 7

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

1 │ value, failing to ascertain the amount of diminished value during the appraisal and repair process,

2 │ and failing to pay hit-and-run, underinsured and uninsured motorist property damage claims under

3 │ the UIM provisions of its policies.

4 │      6.6     Plaintiff alternatively seeks certification of the following Rule 23(b)(3) Class:

5 │          All SAFECO insureds who, from and after February 18, 2003:

6 │          1.     Were paid under the underinsured/uninsured motorist ("UIM") coverage provisions of their policy with SAFECO, or

7, 8, 9 │          2.     Had underinsured/uninsured motorist property damage coverage and were involved in an accident with a hit-and-run motorist, but received payment under SAFECO'S collision or comprehensive coverage, and

10 │          3.     Who were not compensated for diminished value, where:

11 │             (a)    the estimate, including supplements, to repair the vehicle was more than $1,000.00;

12, 13 │             (b)    the vehicle suffered structural (frame) damage and/or required body or paint work; and

13, 14 │             (c)    the vehicle was less than six years old (model year plus five) and had less than 90,000 miles on it at the time of the accident.

15 │     Excluded from the Class are those policyholders whose vehicles were declared total

16 │ losses, employees of SAFECO, Plaintiff's counsel, and the assigned Judge and the Judge's family.

17 │      6.7     Membership in the Class is so numerous as to make it impractical to bring all Class

18 │ Members before the Court. The exact number of Class Members is unknown, but can be

19 │ determined from the records maintained by SAFECO. Plaintiff believes there are thousands of

20 │ persons in the Class.

21 │      6.8     The named Plaintiff is a typical member of the class. He purchased an automobile

22 │ policy with underinsured/uninsured motorist property damage coverage from SAFECO, paid his

23 │ premiums, and made a claim for loss when his insured automobile was damaged by a hit-and-run

24 │ motorist. Plaintiff submitted the insured automobile to SAFECO for inspection and payment of

25 │ the damages he was legally entitled to recover. SAFECO inspected the vehicle and assessed the

26 │ damages, yet failed to appraise the vehicle for diminished value loss or pay Plaintiff for the

27 │ CLASS ACTION COMPLAINT FOR SPECIFIC PERFORMANCE

28 │ OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 8

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

1   diminished value suffered.  SAFECO also failed to disclose to Plaintiff his right to recover
2   diminished value.   SAFECO also adjusted the claim under the collision and comprehensive
3   provisions of Plaintiff's policy instead of the UIM provisions, causing Plaintiff to incur a higher
4   deductible and an adverse policyholder rating.

5       6.9     There are numerous and substantial questions of law and fact common to all of the
6   embers of the Class which predominate over any individual issues.  Included within the common
7   questions of law and fact are:

8       a.      Whether Plaintiff and the Members of the Class had any obligations other than
9               presenting their claim for property damage to SAFECO and making their vehicles
10              available for inspection in order to receive compensation for diminished value;

11      b.      Whether SAFECO failed to fulfill its contractual and claims handling obligations
12              to its policyholders by not adjusting claims to include diminished value;

13      c.      Whether SAFECO failed to fulfill its contractual and claims handling obligations
14              to its policyholders by not disclosing the presence of loss due to diminished value;

15      d.      Whether SAFECO breached its contracts with Plaintiff and Class Members by
16              paying Plaintiff's and Class Members' UIM and hit-and-run claims under the
17              collision or comprehensive provisions of its policies;

18      e.      Whether SAFECO breached its contracts with Plaintiffs and Class Members by
19              failing to pay diminished value; and

20      f.      Whether the Plaintiff and the members of the Class have sustained damages and
21              the proper measure of those damages.

22      6.10    Plaintiff has no interest adverse to the interests of other Members of the Class and
23  will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel
24  experienced and competent in the prosecution of class actions and complex litigation.

25      6.11    A class action is superior to other available methods for the fair and efficient
26  adjudication of this controversy.  Absent a class action, due to the refusal of SAFECO to inform

27  CLASS ACTION COMPLAINT FOR SPECIFIC
    PERFORMANCE
28  OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 9

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

1  its insureds about diminished value or to fully adjust their claims for diminished value and to

2  compensate its insureds for their diminished value loss, the Class Members will continue to suffer

3  damage and SAFECO'S conduct will proceed without effective remedy.

4      6.12    Members of the Class have little interest in or ability to prosecute an individual

5  action due to the complexity of the issues involved in this litigation and the relatively small

6  damages suffered by each member of the Class.

7      6.13    This action will allow an orderly and expeditious administration of Class claims,

8  economies of time, effort and expense will be fostered, and uniformity of decisions will be

9  ensured.

10     6.14    This action should present no difficulty that would impede its management by the

11 Court as a class action, which is the best available means by which Plaintiff and the members of

12 the Class can seek redress for the harms caused to them by SAFECO.

13 <div align="center">**VII.  CAUSES OF ACTION**</div>

14 <div align="center">**COUNT I - BREACH OF CONTRACT**</div>

15     7.1.    Plaintiff realleges the allegations contained in previous paragraphs as if fully set

16 forth herein.

17     7.2    Plaintiff and the members of the Class entered into contracts with SAFECO, and

18 paid consideration in the form of premiums for UIM property damage coverage.  Plaintiff and the

19 members of the Class have complied with all conditions precedent for recovery under SAFECO'S

20 policies, by presenting their claims and making their damaged vehicles available to SAFECO for

21 inspection. For Plaintiff and each Member of the Class, by making payment on the underlying

22 claim, SAFECO has found coverage to exist and all conditions precedent to be satisfied.

23 SAFECO therefore has found Plaintiff and the members of the Class to be legally entitled to

24 recover damages from SAFECO that they could recover from the owner and/or driver of the

25 uninsured or underinsured motor vehicle.  These damages include the loss in value of the vehicle

26 due to the accident.  Plaintiff and the members of the Class are intended beneficiaries of the

27 CLASS ACTION COMPLAINT FOR SPECIFIC PERFORMANCE

28 OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 10

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

1  agreements between SAFECO.

2      7.3     SAFECO'S standard form UIM policies involved a promise to pay for all damages
3  the insured is legally entitled to recover from the owner of the uninsured or underinsured motor
4  vehicle.

5      7.4     Diminished value is a covered loss and not excluded from those items of damages
6  for which payment is due from SAFECO.

7      7.5     SAFECO breached the express provisions of its contracts with Plaintiff and the
8  members of the Class by failing to disclose the right to recover diminished value, by failing to
9  assess their diminished loss, and by not compensating them for their diminished value loss.

10      7.6     SAFECO also breached the express provisions of its contracts with Plaintiff and
11  certain members of the Class by paying their UIM and hit-and-run claims under its collision or
12  comprehensive coverage.

13      7.7     As a direct and foreseeable consequence of the foregoing, Plaintiff and the
14  members of the Class were damaged by receiving less than they had contracted for, in an amount
15  to be determined at trial or, alternatively, through SAFECO'S reassessment of their claims for
16  diminished value.

17              **COUNT II - VIOLATIONS OF CONSUMER PROTECTION ACT**

18      7.8     Plaintiff realleges the allegations contained in previous paragraphs as if fully set
19  forth herein.

20      7.9     SAFECO owes a common law and statutorily imposed duty of good faith and fair
21  dealing to its insureds in handling their claims.

22      7.10    SAFECO has violated this duty of good faith and fair dealing by:

23          a.    Failing to pay claims for diminished value loss without a reasonable
24                justification or investigation and based solely on speculation and
25                conjecture;

26          b.    Wrongly claiming that diminished value is excluded from coverage when

27  CLASS ACTION COMPLAINT FOR SPECIFIC PERFORMANCE
28  OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 11

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

1          no such express exclusion exists;

2          c.    Failing to adopt and implement reasonable standards for the prompt

3                investigation of diminished value claims;

4          d.    Failing to disclose facts related to diminished value coverage;

5          e.    Failing to make good faith investigation and payment of claims before

6                invoking any contractual rights to arbitration or appraisal; and

7          f.    Mischaracterizing hit-and-run claims as collision or comprehensive claims.

8      7.11    SAFECO'S above acts are unlawful and a *per se* violation of statutory and

9  common law duties, *e.g.*, RCW § 48.30.040, RCW § 48.30.090, and Washington Administrative

10 Code §§ 284-30-330 and 284-30-350.

11     7.12    At all relevant times, SAFECO was engaged in trade or commerce.  Its conduct as

12 described herein affects the public interest within the meaning of the Washington Consumer

13 Protection Act, RCW § 19.86 and constitutes unfair and deceptive acts and practices.

14     7.13    SAFECO'S actions and omissions were intended by SAFECO to induce Plaintiff

15 and the Class Members to enter into, maintain and/or renew policy contracts with SAFECO which

16 they otherwise would not have entered into had the information been disclosed, and to prevent

17 them from pursuing compensation for their diminished  value loss.  These acts constituted unfair

18 and/or deceptive acts and/or practices.

19     7.14    SAFECO'S unlawful acts have been a proximate cause of damage to Plaintiff and

20 Class Members in an amount to be proven at trial or, alternatively, through SAFECO'S

21 reassessment of their claims for diminished value.

22     7.15    Plaintiff has been compelled to engage the services of attorneys whose names are

23 subscribed to the pleading for the prosecution and collection of his claim.  Therefore, Plaintiff is

24 entitled to recover from SAFECO the additional sum of twelve percent (12%) per year on the

25 amount payable under the policy, together with a reasonable sum for the necessary services of

26 Plaintiff's attorneys in preparation and trial of this action, pursuant to RCW § 19.86.090,

27 CLASS ACTION COMPLAINT FOR SPECIFIC PERFORMANCE

28 OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 12

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

1  including any appeals to the courts of appeal and the Supreme Court of Washington.

2  <center>**COUNT III - DECLARATORY RELIEF**</center>

3       7.16    Plaintiff realleges the allegations contained in previous paragraphs as if fully set
4  forth herein.

5       7.17    Notwithstanding the UIM property damage provisions of SAFECO'S automobile
6  insurance policies which require SAFECO pay its insureds for diminished value, SAFECO fails
7  and refuses to pay diminished value for UIM property damage claims, to inform or notify its
8  insureds of coverage for diminished value, and to assess the amount of diminished value during
9  the appraisal and repair process.

10       7.18    Notwithstanding the UIM property damage provisions of its automobile insurance
11  policies which require SAFECO to compensate its insureds for losses they are legally entitled to
12  recover from hit-and-run, underinsured and uninsured motorists, SAFECO contends that it may
13  properly pay and often pays such claims under the more limited collision or comprehensive
14  coverage provisions of its policies, often causing its insureds to incur a higher deductible.

15       7.19    Plaintiff contends that, pursuant to the SAFECO'S insurance  policy, insureds are
16  legally entitled to have SAFECO pay them for their diminished value losses, notify them of their
17  coverage for diminished value and assess the amount of diminished value during the appraisal and
18  repair process.

19       7.20    Plaintiff contends that, by failing to notify insureds of their diminished value
20  coverage, assess insureds' diminished value loss or compensate insureds for their diminished
21  value loss, SAFECO fails to provide Plaintiff and Class Members all the benefits of the insurance
22  polices they purchased from SAFECO.

23       7.21    Plaintiff contends that, pursuant to SAFECO'S UIM policy, insureds
24  submitting hit-and-run claims are legally entitled to have SAFECO notify them of their coverage
25  for diminished value, assess the amount of diminished value during the appraisal and repair
26  process, and pay them for their diminished value losses under the UIM provisions of their

27  CLASS ACTION COMPLAINT FOR SPECIFIC PERFORMANCE
28  OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 13

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

1   policies.

2    7.22 Plaintiff contends that by paying insureds submitting hit-and-run claims under the

3   collision or comprehensive provisions of its policies, SAFECO fails to provide these insureds all

4   the benefits of the insurance policies they purchased from SAFECO and improperly charges them

5   higher deductibles and/or downgrades their policyholder rating.

6    7.23 Because SAFECO continues to mischaracterize hit-and-run claims as

7   collision or comprehensive losses and under-compensate insureds by not paying them for all

8   damages to which they are legally entitled, including diminished value losses, an actual dispute

9   exists between Plaintiff and SAFECO, which parties have genuine and opposing interests, which

10  interests are direct and substantial, and of which a judicial determination will be final and

11  conclusive.

12   7.24 Plaintiff, on behalf of himself and Class Members, seeks a judgment declaring that

13  SAFECO must specifically perform its contractual obligations by notifying Plaintiff and Class

14  Members of their diminished value losses, reassessing Plaintiff's and Class Members' claims for

15  diminished value loss, equitably compensating Plaintiff and Class Members for any diminished

16  value loss, and reversing all consequences of having paid Plaintiff's and Class Members' hit-and-

17  run claims under its collision or comprehensive coverage, including equitably compensating

18  Plaintiff and Class Members who paid higher deductibles.

19   7.25 Alternatively, Plaintiff, on behalf of himself and Class Members, seeks a judgment

20  declaring that SAFECO is obligated under its UIM property damage policy provisions to pay

21  insureds for the diminished value of vehicles involved in accidents; that SAFECO is obligated

22  under its UIM property damage policy provisions to inform Plaintiffs that diminished value is a

23  covered loss under the policy; that SAFECO is obligated under its UIM property damage policy

24  provisions to assess the amount of diminished value losses during the appraisal and repair

25  process; and that SAFECO is obligated to adjust and pay hit-and-run claims under the UIM

26  provisions of its policy.

27  CLASS ACTION COMPLAINT FOR SPECIFIC
PERFORMANCE

28  OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 14

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

**COUNT IV - INJUNCTIVE RELIEF**

7.26    Plaintiff realleges the allegations contained in previous paragraphs as if fully set forth herein.

7.27    SAFECO continues to not compensate its insureds for the diminished value they are "legally entitled to recover" from the owner or operator of an uninsured/underinsured motor vehicle.

7.28    SAFECO continues to not inform its insureds that diminished value losses are covered under its UIM policy.

7.29    SAFECO continues to not assess diminished value losses during the appraisal and repair process on UIM claims.

7.30    SAFECO continues to mischaracterize UIM claims as collision or comprehensive claims.

7.31    Unless this court acts as requested herein, SAFECO will continue to fail to inform its insureds of coverage under its UIM policies for diminished value losses, will fail to adjust UIM claims for diminished value losses, will fail to pay for diminished value losses on claims made against UIM policies, and will continue to mischaracterize UIM claims as collision or comprehensive claims.

7.32    Plaintiff and Class Members have been injured and harmed by SAFECO'S refusal to disclose, ascertain and pay diminished value.  They have also been harmed by SAFECO'S mischaracterization of the UIM claims as collision or comprehensive claims.

7.33    Plaintiff has no adequate remedy at law for these acts and omissions of SAFECO.

7.34    Accordingly, Plaintiff asks the Court to issue preliminary and permanent injunctions that require SAFECO to disclose, ascertain, and pay diminished value losses and to adjust and pay hit-and-run claims under the UIM provisions of its policies.

CLASS ACTION COMPLAINT FOR SPECIFIC PERFORMANCE
OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 15

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

1

## VIII.  DEMAND FOR JURY

2        8.1      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a

3    jury trial in the above-entitled action.

4

## IX.  PRAYER FOR RELIEF

5        9.1      Plaintiff and the members of the Class have been injured as a result of SAFECO'S

6    conduct as described above by failing to obtain the benefit of their bargain, among other ways,

7    and will continue to suffer unless and until the Court acts to enjoin SAFECO and to construe the

8    UIM policy.  Accordingly, Plaintiff and the members of the Class pray for the following relief:

9        1.      For an order certifying the above-entitled case as a class action, certifying Plaintiff

10               as Class representative and appointing Plaintiff's counsel as counsel for the Class;

11       2.      For an order declaring SAFECO must specifically perform its contractual

12               obligations, including equitably compensating Plaintiff and Class Members for

13               their diminished value losses.  Alternatively, awarding Plaintiff and Class

14               Members damages for their uncompensated diminished value losses;

15       3.      For a judgment for costs of suit and attorneys' fees;

16       4.      Post-judgment interest on the judgment at the rate provided by law from the date of

17               judgment until paid;

18       5.      Treble damages per RCW 19.86 *et seq.*;

19       6.      A declaratory judgment as requested herein;

20       7.      Injunctive relief as requested herein;

21

22

23

24

25

26

27   CLASS ACTION COMPLAINT FOR SPECIFIC
     PERFORMANCE
28   OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 16

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

1    8.      Representative incentive fees; and

2    9.      Such other relief as may be just and equitable.

3    DATED this _18 TH_ day of February, 2009.

4                                               LOWENBERG, LOPEZ & HANSEN, P.S.

5

6                                               _____

7                                               STEPHEN M. HANSEN, WSBA# 15642
                                                Of Attorneys for Plaintiff

8                                               Debra Hayes
                                                Charles Hunter
9                                               REICH & BINSTOCK, LLC
                                                4265 San Felipe, Suite 1000
10                                              Houston, TX  77027
                                                Telephone:  (713) 622-7271
11                                              Fax:  (713) 623-8724
                                                dhayes@dhayeslaw.com
12                                              chunter@rbfirm.net

13                                              Elaine A. Ryan
                                                Patricia N. Syverson
14                                              BONNETT, FAIRBOURN, FRIEDMAN
                                                   & BALINT, PC (AZ)
15                                              2901 N. Central Avenue, Suite 1000
                                                Phoenix, Arizona 85012
16                                              Telephone: (602) 274-1100
                                                Fax: (602) 274-1199
17                                              eryan@bffb.com
                                                psyverson@bffb.com
18

19                                              Van Bunch
                                                BONNETT, FAIRBOURN, FRIEDMAN
20                                                 & BALINT (TN)
                                                57 Carriage Hill
21                                              Signal Mountain, Tennessee 37377
                                                Telephone: (602) 274-1100
22                                              Fax: (602) 274-1199
                                                vanb@earthlink.net
23
                                                David Futscher
24                                              PARRY, DEERING, FUTSCHER &
                                                SPARKS
25                                              411 Garrard Street, P.O. Box 2618
                                                Covington, Kentucky 41012
26                                              Telephone: (859) 431-6100

27   CLASS ACTION COMPLAINT FOR SPECIFIC
     PERFORMANCE
28   OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 17        LOWENBERG, LOPEZ & HANSEN, P.S.
                                                                ATTORNEYS AT LAW
                                                             SUITE 450, RUST BUILDING
                                                               950 PACIFIC AVENUE
                                                          TACOMA, WASHINGTON 98402-4441
                                                            (253) 383-1964 / (253) 838-4993
                                                                (253) 383-1808 fax

1    Fax: (859) 291-9300

2    Alana K. Bullis
     WSBA# 30554
3    LAW OFFICE OF ALANA K. BULLIS,
     PLLC
4    1911 Nelson street
     DuPont, WA 98327
5    Telephone (253) 964-2104
     Facsimile (253) 912-4882
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   CLASS ACTION COMPLAINT FOR SPECIFIC
     PERFORMANCE
28   OR DAMAGES/INJUNCTIVE RELIEF/DAMAGES - 18

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax