The Honorable James L. Robart

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

MARTIN HOVENKOTTER,

NO. 2:09-cv-00218 JLR

9

Plaintiff,

DEFENDANT'S MOTION TO
EXCLUDE THE AFFIDAVIT OF

10

vs.

LARRY BATTON AND
DECLARATION OF NAYAK L.

11

SAFECO INSURANCE COMPANY OF
ILLINOIS,

POLISSAR, PH.D. AND BRIEF IN
SUPPORT

12

Defendant.

NOTE ON MOTION CALENDAR:
May 24, 2010

13

14

15

16

Defendant Safeco Insurance Company of Illinois ("Safeco") hereby moves to exclude

the Affidavit of Larry Batton ("Batton") and Declaration of Nayak L. Polissar, Ph.D.

("Polissar"), showing the Court as follows:

17

18

19

20

21

22

This Court should exclude the opinions of Batton and Polissar because neither was

properly designated, and because both are based on inherently flawed methods.  First,

Plaintiff submitted both expert reports after the close of class discovery, in direct

contravention of this Court's explicit order declining to extend that deadline, and Plaintiff's

conduct is neither justified nor harmless.  This violation of the Court's order alone warrants

automatic exclusion of both untimely reports.  Second, Plaintiff improperly relies upon the

proffered opinions to establish that calculating classwide aggregate damages is both

DEF.'S MOT. TO EXCLUDE AFF. OF
BATTON & DECL. OF POLISSAR,
2:09-cv-00218 JLR – 1

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

possible and acceptable.   Both opinions, however, lack the requisite foundation for reliability to meet the standards of admissibility in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), and Fed. R. Evid. 702. Specifically, Polissar's opinion is wholly founded on (and nothing more than a mere restatement of) another expert's opinion from an entirely separate action.   Polissar provides no indication that he independently verified the reliability of the data or methods employed by this other expert, or that he or anyone else has actually tested the regression model, or even has the ability to do so. Batton likewise fails to provide any empirical support for his proffered opinions. In other words, both Batton's and Polissar's opinions are founded upon speculation, assumption and conjecture rather than on the principles of reliable science.

## I.   The Court Should Reject The Opinions Of Batton And Polissar Because Plaintiff Failed To Comply With The Disclosure Requirements Of Fed. R. Civ. P. 26(a).

Federal court litigants must make expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C).   A proper designation includes (1) the identity of the expert and (2) "a written report prepared and signed by the witness" disclosing five specific categories of information. *Id.* at 26(a)(2)(B). Rule 37(c)(1) "give[s] teeth to th[is] requirement[] by automatically excluding any evidence not properly disclosed under Rule 26(a)." *Luke v. Family Care & Urgent Med. Clinics,* 323 F. App'x 496, 498 (9th Cir. 2009).

### A.   Plaintiff failed to produce timely written reports.

Plaintiff's bare-bones effort to timely identify Batton and Polissar as potential expert witnesses flouts Rule 26(a) and flagrantly disregards this Court's clear directive regarding the management of the class certification stage of this litigation.   Approximately five hours before the class discovery deadline, which this Court had previously declined to extend, Plaintiff produced a set of Supplemental Disclosures identifying Batton (an appraiser) and Polissar (a research statistician) as potential witnesses in support of class certification. *See* Ex. 1, Dawson

DEF.'S MOT. TO EXCLUDE AFF. OF
BATTON & DECL. OF POLISSAR,
2:09-cv-00218 JLR – 2

**CARNEY
BADLEY
SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

SAF014 0001 ld238604 4/23/10

Decl., at Ex. B; Ex. C, Pl.'s Supp. Disc., at 5-6. Plaintiff also produced: (1) an unsigned affidavit from Batton; (2) Polissar's C.V.; and (3) an affidavit signed by Dr. Bernard Siskin. *See* Pl.'s Supp. Disc. at Exs. C, D and E, respectively.[1] It is beyond dispute that the Unsigned Batton Affidavit does not satisfy the written report requirement of Rule 26(a)(2)(B). First, the affidavit is unsigned, which alone is enough to disqualify it. Fed. R. Civ. P. 26(a)(2)(B). Second, it fails to disclose the cases, if any, in which Batton previously provided expert testimony or the compensation he will receive in this case. *See id.* at 26(a)(2)(B)(v) and (vi).

The initial Polissar designation is even more deficient. Plaintiff made absolutely no attempt to comply with his obligation to provide a written report, affidavit, or declaration "prepared and signed by" Polissar. Fed. R. Civ. P. 26(a)(2)(B). Plaintiff apparently intends to rely upon the Polissar C.V. and the Siskin Affidavit, collectively, to satisfy the requirements for a written expert report; however, Polissar did not sign either document and he did not even prepare the Siskin Affidavit. It belies reason to expect Safeco and this Court to accept the Siskin Affidavit as evidence of Polissar's expert report. Accordingly, the Unsigned Batton Affidavit and the Siskin Affidavit should be excluded.

Plaintiff's untimely submission of the Signed Batton Affidavit and the Polissar Declaration does not retroactively cure Plaintiff's initial failure to satisfy his discovery obligations. Five days *after* the close of class certification discovery, Plaintiff provided Safeco with a signed affidavit from Batton that was significantly different than the unsigned affidavit.[2] *See* Dawson Decl. at Ex. F; Ex. G, Signed Batton Aff. It was not until one month later, and only in connection with filing his Motion for Class Certification, that Plaintiff provided the first writing authored or signed by Polissar. (*See* Polissar Decl. (Dkt. # 44-9)).

---

[1] The Siskin Affidavit was signed over a year-and-a-half ago, in September 2008, in connection with Siskin's involvement with a wholly separate state court action, *see* Pl.'s Supp. Disc. at Ex. E, and the opinions reflected in the Unsigned Batton Affidavit do not appear to have been updated since at least 2005. *Compare* Pl.'s Supp. Disc. at Ex. C, ¶ 3 *with* Dawson Decl. at Ex. G, Signed Batton Aff., at ¶ 3.

[2] To view these differences, *see* Dawson Decl. at Ex. H.

---

DEF.'S MOT. TO EXCLUDE AFF. OF
BATTON & DECL. OF POLISSAR,
2:09-cv-00218 JLR – 3

**CARNEY
BADLEY
SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

SAF014 0001 ld238604 4/23/10

"Supplementary disclosures are intended only to supplement, and are not to be used to provide an extension of the deadline to provide expert reports." *DeFazio v. Hollister, Inc.*, No. CIV S-04-1358 WBS GGH, 2008 WL 5113654, at *2 (E.D. Cal. Dec. 1, 2008). Permitting a party to cure deficient first-round designations by producing untimely supplemental reports would be tantamount to extending the class discovery deadline, which the Court previously declined to do. *See id.* Such a practice would simply encourage parties to shirk their obligations, as Plaintiff has done here, and submit "sham first reports, only to be 'supplemented' after [the party's] adversary shows his hand." *Id.* at *3.

## B. Failure to comply with Fed. R. Civ. P. 26(a) warrants the automatic exclusion of expert evidence.

Rule 37(c)(1) requires automatic exclusion of untimely disclosed expert evidence "unless the failure was substantially justified or is harmless." *Accord Yeti by Molly, Ltd. V. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The party facing sanctions bears the burden of proving an exception, *id.* at 1107, and Plaintiff cannot meet his burden.

Plaintiff's failure to comply with Rule 26(a) is not substantially justified. Where a party fails even to attempt to justify its disregard for a court-ordered deadline, the court may exclude the untimely evidence. *See Yeti*, 259 F.3d at 1106; *Quevedo v. Trans-Pac. Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998); *Luke*, 323 F. App'x at 498. Moreover, the need for expert evidence on classwide damages should have been reasonably anticipated in advance of the disclosure deadline. *See, e.g., Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1059-62 (9th Cir. 2005); *Metcalf v. Bochco*, 200 F. App'x 635, 639 (9th Cir. 2006). Especially in light of this Court's decision not to further extend the class certification deadlines, there is no excuse for Plaintiff's failure to properly designate experts.

Nor can it be said that Plaintiff's untimely expert designations are harmless. The Ninth Circuit has refused to excuse an untimely expert designation where doing so would prejudice

DEF.'S MOT. TO EXCLUDE AFF. OF
BATTON & DECL. OF POLISSAR,
2:09-cv-00218 JLR – 4

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

SAF014 0001 ld238604 4/23/10

1    the other party.  *See Jarritos, Inc. v. Reyes*, 345 F. App'x 215, 217 (9th Cir. 2009).  Here, the

2    Revised Scheduling Order established the deadline for expert designations and other deadlines

3    dependent on those designations.  Safeco has had no opportunity to expand its current expert's

4    opinion, or designate additional experts to address the issues raised in the Polissar Declaration

5    and Signed Batton Affidavit.  To avoid the inherent prejudice to Safeco, this Court would need

6    to extend class discovery (which it previously declined to do) and further delay "the rest of the

7    schedule laid out by the [C]ourt months in advance."  *Wong*, 410 F.3d at 1062.  Accordingly,

     the Court should exclude Batton's and Polissar's opinions under Rule 37(c)(1).

8
     **II.    The Opinions Proffered By Batton and Polissar Fail To Satisfy The**
9            **Standards For Admissibility Of Expert Evidence.**

10            The admissibility of expert evidence is governed by *Daubert v. Merrell Dow*

11   *Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Fed. R. Evid. 702.  "It is the trial judge's

     responsibility to ensure 'that an expert's testimony both rests on a reliable foundation and is
12
     relevant to the task at hand.'"  *Boyd v. City & County of San Francisco*, 576 F.3d 938, 945 (9th
13
     Cir. 2009); *see also Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002).  The proponent of
14
     expert evidence bears the burden of proving its admissibility by a preponderance of the
15   evidence.  *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *Lust v. Merrell Dow Pharms.,*

16   *Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

17            Reliable expert evidence is grounded in the "methods and procedures of science" rather

18   than mere "subjective belief or unsupported speculation."  *Daubert*, 509 U.S. at 590; *see also*

     *Domingo*, 289 F.3d at 605; *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).  Rule 702
19
     requires that: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the
20
     product of reliable principles and methods, and (3) the witness has applied the principles and
21
     methods reliably to the facts of the case."  Fed. R. Evid. 702.  The Ninth Circuit identifies a
22
     non-exhaustive list of factors potentially relevant to a district court's assessment of reliability:

DEF.'S MOT. TO EXCLUDE AFF. OF
BATTON & DECL. OF POLISSAR,
2:09-cv-00218 JLR – 5

**CARNEY
BADLEY
SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

SAF014 0001 Id238604 4/23/10

1

(1) whether the scientific theory or technique can be (and has been) tested;
(2) whether the theory or technique has been subjected to peer review and
publication; (3) whether there is a known or potential error rate; and (4)
whether the theory or technique is generally accepted in the relevant
scientific community.

*Domingo*, 289 F.3d at 605. Also, where proffered research or conclusions were prepared for the litigation, "the district court must determine whether there exists any 'objective, verifiable evidence that the testimony is based on "scientifically valid principles.""" *Id.*

While the Ninth Circuit has not conclusively ruled on the issue of whether a rigorous *Daubert* analysis is required at the certification stage,[3] many courts resolve *Daubert* challenges when assessing whether class treatment is appropriate. The Seventh Circuit most recently addressed the applicability of *Daubert* in the class certification context, holding that "when an expert's report or testimony **is critical to class certification**, . . . a district court must conclusively rule on any challenge to the expert's qualifications or submissions prior to ruling on a class certification motion." *See Am. Honda Motor Co., Inc. v. Allen*, No. 09-8051, 2010 WL 1332781, at *3 (7th Cir. Apr. 7, 2010) (per curiam). Simply stated, it is necessary to "resolve any challenge to the reliability of information provided by an expert if that information is relevant to establishing any of the Rule 23 requirements for class certification." *Id.*

Polissar's opinion is the only evidence Plaintiff has submitted to establish that diminished value ("DV") damages can or should be determined on a classwide basis. Batton's conclusion relates to determining whether DV even exists at all. These conclusions, therefore, are not only critical, but crucial to the determination of whether this Court should certify the putative classes. For this reason, the Court should conduct a full *Daubert* analysis before determining whether to consider Batton's and Polissar's opinions in connection with ruling on class certification. *See Allen*, 2010 WL 1332781 at *3.

---

[3] The *Dukes* opinion permitting class experts to testify without satisfying *Daubert* is not controlling authority *See Dukes v. Wal-Mart, Inc.*, 556 F.3d 919, 919 (9th Cir. 2009) (en banc) ("the three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit.").

DEF.'S MOT. TO EXCLUDE AFF. OF
BATTON & DECL. OF POLISSAR,
2:09-cv-00218 JLR – 6

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

SAF014 0001 ld238604 4/23/10

**A.** **The Court should reject Polissar's opinion as unreliable because Polissar generated his opinion solely for the present litigation.**

The Ninth Circuit has made clear that a "very significant factor" in any *Daubert* reliability analysis is whether the expert proposes to testify "about matters growing naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying." *Daubert v. Merrill Dow Pharms., Inc.*, ("*Daubert II*"), 43 F.3d 1311, 1317 (9th Cir. 1995). If the testimony is not based upon the expert's independent research, the proponent of the testimony must present "other objective, verifiable evidence that the testimony is based on 'scientifically valid principles.'" *Id.* at 1318-19; *see also Domingo*, 289 F.3d at 606.

Polissar did not develop his regression theory independent of the present litigation; in fact, he did not develop the theory at all. Instead of conducting his own research and developing his own model of analysis, Polissar intends to rely exclusively upon "[a] valuable dataset" of auto auction sales data, collected pursuant to a protocol developed by Siskin, and to analyze that data in accordance with Siskin's prior work. (*See* Polissar Decl. at ¶¶ 8-9). In other words, Polissar simply has accepted, *in toto*, the work of someone else.

The Polissar Declaration is nothing more than a simple restatement of the core concepts from the Siskin Affidavit. It is well-established that experts cannot rely on the opinions of their professional peers. *See* Fed. R. Evid. 702 & 703; *Tokio Marine & Fire Ins. Co., Ltd. v. Norfolk & W. Ry. Co.*, No. 98-1050, 1999 WL 12931, at *4 (4th Cir. Jan. 14, 1999); *Am. Key Corp. v. Cole Nat'l Corp.*, 762 F.2d 1569, 1580 (11th Cir. 1985). In essence, because Plaintiff could not retain the services of Siskin himself, he retained Polissar to act as a conduit for expressing Siskin's generic opinion that a multiple regression analysis of auto auction sales data yields an average DV which can be aggregated on a classwide basis. *Compare, e.g.*, Pl.'s Supp. Disc. at Ex. E, ¶¶ 12-13 *with* Polissar Decl. at ¶ 6. Polissar's unabashed reliance on the Siskin Affidavit is improper, and it renders his own opinion inadmissible.

---

DEF.'S MOT. TO EXCLUDE AFF. OF
BATTON & DECL. OF POLISSAR,
2:09-cv-00218 JLR – 7

**CARNEY
BADLEY
SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

SAF014 0001 ld238604 4/23/10

In addition, Polissar has taken no steps to independently verify the accuracy of Siskin's data, methodology or opinions. "[A]n expert may not adopt another's data without verifying the validity and reliability of that data[.]" *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 420 F. Supp. 2d 1070, 1088 (N.D. Cal. 2006), *aff'd*, 221 F. App'x 996 (Fed. Cir. 2007); *see also ID Sec. Sys. v. Checkpoint Sys. Inc.*, 249 F. Supp. 2d 622, 695 (E.D. Pa. 2003). Moreover, Siskin's statements and opinions constitute inadmissible hearsay, the quality of which "may not be cured merely by having [Polissar] testify that he agrees with [Siskin's] conclusions." *Tokio Marine & Fire*, 1999 WL 12931 at *4; *see also Jacob Blinder & Sons v. Gerber Prods. Co. (In re Baby Food Antitrust Litig.)*, 166 F. 3d 112, 134-35 (3d Cir. 1999).

The danger of allowing one expert to rely exclusively on another expert's work has been made manifest in this case. In at least one case involving DV claims nearly identical to those asserted here, a court has refused to accept Siskin's methodology as a sufficiently reliable means of determining classwide DV damages. *See generally* Ex. 2, Order Striking Affs. of Paul Griglio, Larry Batton & Bernard Siskin, *Busani v. United Servs. Auto. Assoc.*, No. 99-2-08217-1 (Pierce Cty., Wash. Sup. Ct. Feb. 20, 2001) (settled). In *Busani*, the court struck Siskin's proffered opinion – the same opinion Polissar offers here – because he had never actually developed or tested a regression analysis model in a DV case, and thus could not reliably opine that his undeveloped model could be applied to the specific facts in the case to show that damages restored to industry standards actually caused a diminution in value, or if so, in what amount. *Cf.* Dawson Decl. at Ex. A, Defs.' Mot. to Strike Affs. of Paul Griglio & Bernard Siskin at 15-17, *Farris v. Safeco Ins. Co. of Am., et al.*, No. 00C15760 (Marion Cty., Or. Cir. Ct. Nov. 25, 2002) (noting, more than a year following the *Busani* order, that Siskin still had not developed his proposed regression model).[4] Polissar here faces the same dilemma: he

---

[4] More recently, in yet another DV case, Plaintiff's own counsel – Alana Bullis – acknowledged that the very same Siskin Affidavit Plaintiff produced to Safeco is fatally outdated, and expressed concern that Siskin's methods cannot accurately determine either individualized or aggregate damages. Ex. 3, Mem. of Authorities to

DEF.'S MOT. TO EXCLUDE AFF. OF
BATTON & DECL. OF POLISSAR,
2:09-cv-00218 JLR – 8

**CARNEY
BADLEY
SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

SAF014 0001 ld238604 4/23/10

1   cannot reliably opine that DV exists, or that DV can be determined on a classwide basis, when

2   he has made no attempt to verify that the auto auction sales data underlying his opinions (1) was

3   reliably collected, (2) will show DV as a statistically significant variable, (3) contains other

4   necessary and statistically significant factors, or (4) is representative of the putative class here.

5   **B.    The Court should reject the opinions of Batton and Polissar as unreliable because there is no factual predicate to support those opinions.**

6   Polissar opines that a multiple regression analysis of auto auction sales data will permit

7   him to isolate the effect of DV on a vehicle's overall value. Batton opines similarly, based

8   exclusively upon his experience appraising vehicles using "comparable" sales data. *See* Signed

9   Batton Aff. at ¶¶ 3-11. "Multiple regression analysis is a statistical tool for understanding the

10  relationship between two or more variables." Daniel L. Rubinfeld, *Reference Guide on*

11  *Multiple Regression, in Reference Manual on Scientific Evidence* 179, 181 (2d ed. 2000),

    *available at* http://www.fjc.gov/public/pdf.nsf/lookup/sciman03.pdf/$file/sciman03.pdf.  If

12  not done properly, however, a regression analysis "can confuse important issues" leading to

13  spurious findings of correlation among variables. *Id.* at 183-84; *see also Petruzzi's IGA*

14  *Supermarkets, Inc. v. Darling-Delaware Co.*, 998 F.2d 1224, 1238 (3d Cir. 1993).

15  Courts commonly reject regression analyses as unreliable where "an omitted variable

16  'is correlated with the dependent variable and is likely to affect the result of the regression

17  analysis.'"  *Proctor & Gamble Co. v. Stone Container Corp. (In re Linerboard Antitrust*

18  *Litig.)*, 497 F. Supp. 2d 666, 678 (E.D. Pa. 2007).[5]  Here, Polissar has made no attempt to

---

19  Postpone Class Pl.'s Mot. for Final Approval of Class Action Settlement & Settlement Class Cert. at 8-10, *Shin v. Esurance Ins. Co.*, No. C08-CV-05626-RBL (W.D. Wash. Jan. 14, 2010).

20  [5] *See also, e.g., United States v. Artero*, 121 F.3d 1256, 1262 (9th Cir. 1997) ("'[A] statistical study that fails to correct for salient explanatory variables, . . . has no value as causal explanation and is therefore inadmissible . . .

21  .'"); *Reed v. Advocate Health Care*, No. 06 C 3337, 2009 WL 3146999, at *19 (N.D. Ill. Sept. 28, 2009) ("'Multiple regression analysis is not a magic formula. It is simply a mathematical tool for estimating a dependent variable based on a number of independent variables, which may or may not yield statistically

22  significant results.'"); *also cf. Adams v. United States*, No. 03-0049-E-BLW, 2009 WL 2391996, at *1 (D. Idaho Aug. 1, 2009) (expert testimony not based on "'sufficient facts or data'" if "'the expert has not considered *enough* information to make the proffered opinion reliable.'").

---

DEF.'S MOT. TO EXCLUDE AFF. OF
BATTON & DECL. OF POLISSAR,
2:09-cv-00218 JLR – 9

SAF014 0001 ld238604 4/23/10

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

assess whether any mistaken conclusions may be caused by omitted variables, and there is no other evidence that such an assessment was done by Siskin. Rather, because Polissar believes the effect of "unmeasured predictive variables tend to average out in a large collection of automobiles (such as in the data collected by Siskin, *et al.*)," (Polissar Decl. at ¶ 13), he simply asks Safeco and this Court to take him at his word that he will obtain scientifically reliable results from the Siskin data without the need for further steps to test the reliability of his model. Batton suffers the same deficiency, effectively requesting the Court to accept him at his word that DV inherently results from every vehicle collision, without exception. *See* Signed Batton Aff. at ¶ 11. The approach of both purported experts is exactly the opposite of the one touted in literature from the relevant scientific community:

> [A] crucial aspect of learning from the data is learning what types of models are and are not supported by data. Even if, by rare luck, the initial model shows a good fit, it is frequently important to explore and learn the types of models the data does or does not agree with.

Damodar Gujarati, *Basic Econometrics* 517 (4th ed. 2003), *available at* http://www.scribd.com/doc/6327400/Basic-Econometrics-by-Gujarati-4th-Edition (quoting Asad Zaman, *Statistical Foundations for Econometric Techniques* 226 (1996)). Neither Safeco nor this Court must simply take Batton or Polissar at their word, nor should they.

In fact, the only "test" either purported expert proposes (but has not yet performed) is to run his proposed model against data collected from Safeco's claim files where Safeco actually paid DV damages. *See, e.g.*, Signed Batton Aff. at ¶¶ 4, 7. Polissar "expect[s] a reasonable correlation" between the results of performing his regression on the Safeco data and the regression analysis of auto auction data. (*See* Polissar Decl. at ¶ 14). What he fails to explain, however, is that he has not actually performed either of the two proposed regressions, and he has no idea whether his "expectation" of a reasonable correlation actually will be realized. Nor does he articulate what "correlation" would be sufficiently "reasonable" to verify the reliability

---

DEF.'S MOT. TO EXCLUDE AFF. OF
BATTON & DECL. OF POLISSAR,
2:09-cv-00218 JLR – 10

**CARNEY
BADLEY
SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

SAF014 0001 ld238604 4/23/10

of his model. Clearly, an approach that might provide "a good fit" only through "rare luck" is not the sort of approach that meets the standard of *Daubert*. *See* Gujarati, *Basic Econometrics* at 517; *Rudebusch v. Hughes*, 313 F.3d 506, 516 (9th Cir. 2002). Without any empirical data to support the proffered opinions of Batton and Polissar, the Court should exclude them as inherently unreliable.[6]

## C.    The Court should reject Polissar's opinion as unreliable because the proffered regression analysis theory has not been properly tested.

Polissar's proffered opinion is little more than "smoke and mirrors" premised upon unsubstantiated assumptions, theoretical speculation and rank conjecture. He must point to something more than mere "subjective belief or unsupported speculation" to establish the reliability of Siskin's opinions. *Daubert*, 509 U.S. at 590; *see also Domingo*, 289 F.3d at 605.

As explained above, the omission of statistically significant variables will distort the results of a regression analysis, and courts have recognized that such studies may be excluded under *Daubert* and Rule 702 if they fail to distinguish between the effects of the relevant variable (here, DV) and other factors affecting the plaintiff's interests. *See, e.g., Rudebusch v. Hughes*, 313 F.3d 506, 516 (9th Cir. 2002). Without testing the proffered regression model, it is impossible to determine whether any unmeasured variable is likely to affect the ultimate result, inherently affording greater significance to the effect of DV. This is particularly true because Polissar has not even identified a single one of the "multiple" variables he intends to analyze for impact on the value of a vehicle. Quite frankly, there is no indication that Polissar even knows which variables he intends to analyze. Rather, because Polissar believes the effect of "unmeasured predictive variables tend to average out

---

[6] This is particularly true in light of Plaintiff's attempt to avoid individualized proof of damages through the proposed model for aggregation. *Accord McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 222, 231 (2nd Cir. 2008); *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 187-89 (3rd Cir. 2001); *Sitton v. State Farm Mut. Auto Ins. Co.*, 63 P.3d 198, 206 (Wash. Ct. App. 2003); *Muise v. GPU, Inc.*, 851 A.2d 799, 819-823 (N.J. Super. Ct. App. Div. 2004); *Weisfeld v. Sun Chem. Corp.*, 210 F.R.D. 136, 143 (D.N.J. 2002).

---

DEF.'S MOT. TO EXCLUDE AFF. OF
BATTON & DECL. OF POLISSAR,
2:09-cv-00218 JLR – 11

**CARNEY
BADLEY
SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

SAF014 0001 ld238604 4/23/10

in a large collection of automobiles (such as in the data collected by Siskin, et al.)," (Polissar Decl. at ¶ 13), he simply asks Safeco and this Court to blindly trust that he will obtain scientifically reliable results from the Siskin data.

Polissar's analysis is also flawed because not every vehicle involved in a collision suffers a diminution in value, *Moeller v. Farmers Insurance Co. of Washington*, No. 30880-1-II, 2010 WL 927989, (Wash. Ct. App. Mar. 16, 2010), and certain vehicles actually increase in value following a quality repair job. Polissar never acknowledges this fact, or explains how his proposed model will control for it. He makes no mention of any review of the pleadings or other discovery in this case, or any discussions with Plaintiff's counsel regarding the proposed class definition. Thus, it is reasonable to assume that he has not even familiarized himself with the characteristics of Plaintiff's proposed class. Yet, Polissar proffers the opinion that the Siskin data is sufficiently representative of this class to produce a reliable damages estimate, and he makes the conclusory assertion that Siskin's data came from vehicles "that fell into the characteristics of the class," and thus constitute a representative sampling of the vehicles involved here. (Polissar Decl. at ¶ 8). In truth, however, Polissar does not know this to be true. (*But see id.* at 1) (claiming Declaration is based on his "first-hand knowledge"). Neither Safeco nor this Court is required to accept Polissar's opinion "which is connected to existing data only by the *ipse dixit* of the expert." *See Gen. Elec. Co.,* 522 U.S. at 146.

## CONCLUSION

For all the reasons stated above, Safeco respectfully requests that the Court grant Safeco's Motion to Strike the Batton and Polissar testimony.

DATED this 23rd day of April, 2010.

s/ Emilia L. Sweeney
Emilia L. Sweeney, WSBA No. 23371
Attorneys for Defendant
CARNEY BADLEY SPELLMAN, P.S.

DEF.'S MOT. TO EXCLUDE AFF. OF
BATTON & DECL. OF POLISSAR,
2:09-cv-00218 JLR – 12

**CARNEY
BADLEY
SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

SAF014 0001 ld238604 4/23/10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

701 Fifth Avenue, Suite 3600
Seattle, WA  98104
Phone: (206) 622-8020
Facsimile:  (206) 467-8215
sweeney@carneylaw.com

Cari K. Dawson (*pro hac vice*)
Tiffany L. Powers (*pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
cari.dawson@alston.com
tiffany.powers@alston.com

DEF.'S MOT. TO EXCLUDE AFF. OF
BATTON & DECL. OF POLISSAR,
2:09-cv-00218 JLR – 13

**CARNEY**
**BADLEY**
**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020

SAF014 0001 ld238604 4/23/10

1

**CERTIFICATE OF SERVICE**

2   I hereby certify that on the **23ʳᵈ** day of **April**, 2010, I electronically filed the foregoing
**Defendant's Motion to Exclude the Affidavit of Larry Batton and Declaration of Nayak**
3   **L. Polissar, Ph.D. and Brief in Support** with the Clerk of the Court using the CM/ECF
system which will send notification of such filing to the following:

4

Alana Kimberly Bullis                     Stephen M. Hansen
5   LAW OFFICE OF                             LOWENBERG LOPEZ & HANSEN
          ALANA K. BULLIS, PLLC            950 Pacific Ave - Suite 450
6   1911 Nelson Street                        Tacoma, WA 98402
DuPont, WA 98327                          Telephone: (253) 383-1964
7   (253) 964-2104                            llhlaw@aol.com
Akbullis@yahoo.com

8

David A. Futscher                         Elaine A. Ryan
9   PARRY, DEERING, FUTSCHER                  Patricia N. Syverson
          & SPARKS, PSC                    BONNETT, FAIRBOURN, FRIEDMAN
10   411 Garrard Street                             & BALINT, PC (AZ)
P.O. Box 2618                             2901 N. Central Avenue, Suite 1000
11   Covington, KY 41012                       Phoenix, AZ 85012
dfutscher@pdfslaw.com                     eryan@bffb.com
12                                             psyverson@bffb.com

13   Van Bunch                                 Debra Hayes
BONNETT, FAIRBOURN, FRIEDMAN               Charles Hunter
14          & BALINT (TN)                     REICH & BINSTOCK, LLC
57 Carriage Hill                          4265 San Felipe, Suite 1000
15   Signal Mountain, TN 37377                 Houston, TX 77027
vbunch@bffb.com                           dhayes@dhayeslaw.com
16                                             chunter@rbfirm.net

17                                             *Attorneys for Plaintiff*

18

19   Claire Uhler

20

21

22

DEF.'S MOT. TO EXCLUDE AFF. OF          **CARNEY**
BATTON & DECL. OF POLISSAR,
2:09-cv-00218 JLR – 14                  **BADLEY**

**SPELLMAN**

LAW OFFICES
A PROFESSIONAL SERVICE CORPORATION
701 FIFTH AVENUE, #3600
SEATTLE, WA 98104-7010
FAX (206) 467-8215
TEL (206) 622-8020