Page 39

1                    MS. DAWSON:   Object to the form of

2      the question.

3  Q   (By Mr. Futscher)  You also said that he was

4      instructed on numerous occasions on how to handle

5      diminished value claims.

6           First of all, who instructed him on how to handle

7      diminished value claims?

8  A   That would be, again, Toby Rollins, myself.

9  Q   What instruction did you give to Mr. Fromm as to how

10     he was to handle diminished value claims?

11 A   Again, this is as best of my recollection at the time.

12          I will give you some things that I would have

13     instructed him that are-- many of which are still

14     things that we do, but again, not limited to.

15          If an individual makes a claim for diminished

16     value, the first thing we do is we look to see if--

17     the type of coverage that the original loss was paid,

18     the direct damages, in the state of Washington is that

19     eligible for diminished value, yes or no.

20          If the answer is yes, we would have a conversation

21     with that customer, explain to them what the

22     difference between inherent diminished value and

23     repair-related diminished value are.

24          The purpose for that is to ensure that what

25     they're claiming as diminished value isn't a poor

792d93f9-edb4-4096-ab13-27bcc522c783

Page 40

1   repair.

2        We would then explain to them that we would need--

3   that the diminished value doesn't necessarily exist on

4   every car or every loss, that we need to have some

5   sort of basis for which we agree that there is

6   diminished value. We would explain what that would

7   be.

8        Typically the best way to try to determine, and

9   again there's no objective measure that I'm aware of,

10  but there are folks that don't work for Safeco, don't

11  work-- are not associated with that customer who are,

12  quote, unquote, "diminished value appraisers," that

13  the customer could utilize, and we would, you know,

14  again explain to the customer, answer any questions

15  they would have regarding the process.

16       If the customer comes back with an objective,

17  "Okay. Here is what I think is diminished value," we

18  would review that.

19       In some cases, and again it's going to depend on

20  the situation-- we would also look to see if-- what

21  kind of mileage the vehicle had, the nature of the

22  damage to the vehicle, how severe was the damage,

23  what's the year of the vehicle, the type of vehicle,

24  and if they were able to show that there's some-- a

25  pretty high likelihood that this may have inherent

792d93f9-edb4-4096-ab13-27bcc522c783

Page 41

```
 1    diminished value.
 2         We've already-- again, I mentioned repair-related
 3    versus inherent. We made that determination that to
 4    the best of my knowledge this is a potentially
 5    inherent diminished value.
 6         We many, many times would hire, on our behalf, an
 7    independent third party to analyze the diminished
 8    value. At which point, depending on what that was, we
 9    would potentially offer that amount if it was
10    determined, based on an objective source, that there
11    was a likelihood of diminished value.
12 Q  At the time you were giving these instructions to
13    Mr. Fromm as far as how he was to handle diminished
14    value claims, where did you get the information from
15    as far as this would be the way to handle a diminished
16    value claim?
17 A  Sure.
18         I don't recall specifically all the ways I got
19    that information, other than having conversations with
20    my supervisor, with others in Safeco.
21         I have-- one of the individuals we have used in
22    the state of Washington is a gentleman by the name of
23    Mark Olson.
24         I have had conversations with Mark regarding
25    diminished value, so a variety of sources.
```

792d93f9-edb4-4096-ab13-27bcc522c783

Page 42

1 Q   All right.  Now, with respect to others in Safeco, you

2     mentioned Mr. Rollins.

3         Was there anyone else in Safeco that would have

4     been outside of your midwestern region that you would

5     have discussed how to handle diminished value claims

6     with?

7                         MS. DAWSON:  Object to the form of

8     the question.

9         You meant to say northwestern region.

10                        MR. FUTSCHER:  Did I say

11    "northwest"?

12                        MS. DAWSON:  You said "midwestern

13    region."

14                        MR. FUTSCHER:  I did?

15                        MS. DAWSON:  Yes, you did.

16                        THE WITNESS:  Yeah, you did.

17                        MS. DAWSON:  I'm listening.

18                        THE WITNESS:  I don't recall.

19        I mean, again, this is a few years ago.

20 Q   (By Mr. Futscher)  I understand.

21        Let me ask you this:  As a unit manager, did you

22    ever go to any meetings with other unit managers at

23    Safeco?

24 A   Yes.

25 Q   Did you ever go to any meetings with other unit

792d93f9-edb4-4096-ab13-27bcc522c783

Page 79

1 A   They're referred to as unit leader.

2 Q   And a product line manager, what are they known as

3     today?

4 A   Again, it's kind of a long title, field claim office

5     manager.

6 Q   Although the titles have changed, are the job duties

7     that we discussed previously still pretty close to the

8     job duties these people would continue to have at

9     Liberty Mutual?

10 A   I would say that's fairly similar, yes.

11        Getting close to needing to--

12 Q   Take a break?

13 A   Yeah.

14                    MR. FUTSCHER:  How much time do I

15     have on the tape?

16                    VIDEOGRAPHER:  There are 11 minutes

17     left on the tape.

18                    THE WITNESS:  We can go for a little

19     bit longer.

20                    MR. FUTSCHER:  Because we'll

21     probably take a lunch after this break.

22                    THE WITNESS:  We'll go 11 minutes.

23 Q   (By Mr. Futscher)  When you were going through the

24     instructions you gave to Mr. Fromm, one of the things

25     that you stated that Mr. Fromm was to explain to

792d93f9-edb4-4096-ab13-27bcc522c783

Page 80

1    customers was that DV does not exist on every car and

2    they needed to present a basis for what the DV was

3    based on, and one of the things that you said was they

4    could have an independent appraisal done.

5       Do you recall that?

6 A   Yes.

7 Q   What other basis would Safeco accept as a demand for

8    diminished value claim?

9       Let me say this too, for the rest of the

10   deposition when I talk about diminished value, I'm

11   talking about inherent diminished value as you defined

12   it, okay?

13 A  Okay.

14 Q  All right.  So other than an independent appraisal,

15   what would be other bases that a customer could submit

16   to support an inherent diminished value claim?

17 A  DV-- diminished value in and of itself is extremely

18   subjective, in my judgment, so while I say an

19   independent evaluation, again that's-- is there an

20   objective-- is there a corner on an objective

21   evaluation?  I would say no.

22      With that said, you know, if the customer were to

23   show some other fashion, an objective form or fashion,

24   a reasonable case that there was inherent diminished

25   value suffered on a car, we would consider that as a

792d93f9-edb4-4096-ab13-27bcc522c783

1   case-by-case basis.

2 Q   Well, from years of experience, when someone did not

3   submit an independent appraisal, what other basis did

4   you accept, other than an independent appraisal, to

5   establish diminished value?

6 A   If a customer has potentially done research on values

7   of vehicles and can present a reasonable case that

8   based on the severity or type of damage that they

9   suffered inherent diminished value, we would

10   potentially consider that.

11       If the customer sold the vehicle or a dealership

12   sold the vehicle and the actual sales price was less

13   than the retail at the time of the loss, and again I'm

14   not talking a trade-in value -- I'm talking a retail

15   sales price -- and that customer had disclosure, we

16   would use that as a potential for a diminished value

17   payment.

18 Q   Anything else you can think of over the years that

19   you've accepted as a basis for a diminished value

20   payment?

21 A   Again, it depends case by case.

22       Those are two off the top of my head that I can

23   think of at this point.

24 Q   I understand that, but I'm just asking off the top of

25   your head or otherwise, can you recall any other basis

792d93f9-edb4-4096-ab13-27bcc522c783

1     that you've used, as we're sitting here today?

2 A   I would say that the first one I gave you is pretty

3     broad, so there's some ability to evaluate their

4     customer's research, and that, again, would depend on

5     what that research was, so there might be some other

6     different scenarios in there that would be different.

7 Q   So as we sit here today, what you've told me is what

8     you can recall at this point in time as far as

9     different bases that customers may have presented to

10    your region as entitlement to diminished value?

11 A  Yeah, those are a few, yes.

12 Q  When you say "those are a few," it makes me think that

13    you know more.

14        Do you know of any more that you can tell me

15    today?

16 A  Yeah, I mean, I can say a customer will come often

17    with, you know, quotes from dealers, and in my

18    judgment that does not constitute an objective source

19    to prove diminished value.

20        The dealer, they have, obviously, an interest in

21    selling that car for as much as possible and taking as

22    little as possible for trade-in, potentially, so that

23    would not be something-- that's an example of

24    something that isn't, but-- potentially, but again, it

25    would depend on the claim.

792d93f9-edb4-4096-ab13-27bcc522c783

Page 83

1          Each claim we look at on its own merits, so there

2     might be a claim where a customer did present that,

3     and in looking at all factors, the claim was

4     reasonable in nature or we would potentially

5     consider--

6  Q  But as part of a general basis, you don't typically

7     accept dealers' quotes as a basis for diminished

8     value?

9  A  It depends.  It depends upon what it is, depends upon

10    the amount, depends upon the car, but with that

11    recognition that there are some bias there that's

12    inherent within that dealer's perception.

13  Q  When you instructed Mr. Fromm to explain to customers

14    who were submitting a diminished value claim the basis

15    for diminished value, did he go through with them

16    these various options that they could present to try

17    and submit a diminished value claim?

18               MS. DAWSON:  Object to the form of

19    the question; lack of foundation.

20               THE WITNESS:  Again--

21  Q  (By Mr. Futscher)  Let me ask it a different way for

22    you.

23       Did you instruct him to let potential diminished

24    value customers know that "These are the things we

25    want you to submit to support a diminished value

792d93f9-edb4-4096-ab13-27bcc522c783

Page 84

1    claim, that being an independent appraisal or research

2    or quotes from dealers"?

3 A  I mean, I've instructed Ron and others that diminished

4    value needs to be looked at independently, based on a

5    myriad of factors I've already talked about, and that

6    these are-- an independent evaluation from an

7    independent adjuster on diminished value, the

8    customer's own work that has some level of objectivity

9    to it, those are a couple-- as I said before, those

10   are two methods in which I've instructed Ron and

11   others to explain to the customer, educate the

12   customer on what inherent diminished value is.

13                  MR. FUTSCHER:  We're down to five

14   minutes.  Let's go ahead and take a break here.

15                  VIDEOGRAPHER:  As we go off the

16   record, this is the end of Disc No. 1.  The time is

17   12:14.

18                  (Lunch recess 12:14 to 1:14 p.m.)

19

20                  VIDEOGRAPHER:  We are now back on

21   the record.  The time is 1:14.

22 Q  (By Mr. Futscher)  Mr. Stave, we were talking this

23   morning about the instructions that you gave to

24   Mr. Fromm with respect to handling a DV claim.

25       Did those continue to be the instructions that you

792d93f9-edb4-4096-ab13-27bcc522c783

Page 85

1    gave to him when you were a product line manager as

2    far as how to handle a diminished value claim?

3 A  Yes, and let me be clear that the instructions I gave

4    you are not necessarily a complete list, but it's a

5    general review.

6 Q  It's the best list that you can give to me as we sit

7    here today; is that correct?

8 A  As you're asking me off the cuff, I think it's a

9    pretty good representation, yes.

10 Q  Okay.  Did you think of anything else over lunch that

11    you would add to that list?

12 A  Perhaps you could read it back to me or the court

13    reporter could read it back to me.

14 Q  Well, is there anything else that you thought of

15    without having it read back to you?

16 A  Sure.

17        One of the things that I think is important to

18    note is that in part of the analysis we make sure that

19    we-- if there is potential diminished value, we make

20    sure that we get an accurate actual cash value, and

21    when I say "accurate cash value," it's important

22    because you're basing actual cash value before the

23    loss versus an actual cash value of inherent potential

24    perception of diminished value.

25        To do that we will run a CCC evaluation, and in

792d93f9-edb4-4096-ab13-27bcc522c783

Page 86

1    that evaluation, and this is true as a general

2    practice, we make absolutely or we have absolutely no

3    distinction or no penalty or no deduction for a

4    vehicle that has been in an accident and repaired.  It

5    is-- the actual cash value is the same regardless if

6    the vehicle has been in an accident, repaired

7    appropriately, or it has not.

8         That is one comment I would make that's-- that is

9    that it is something that we do to determine

10   diminished value or potential diminished value.

11 Q  What's the purpose of running the CCC evaluation?

12 A  To determine an actual cash value of the vehicle.

13 Q  And actual cash value of the vehicle prior to the

14   loss?

15 A  Yes.

16 Q  Anything else you thought of that you would add to the

17   list of instructions that you gave to Mr. Fromm as far

18   as how he was to handle diminished value claims?

19 A  We-- again, I believe I mentioned this, but I'll

20   expand a little bit.  I mean, when we're talking to

21   the customer, we are clear and we will make sure--

22   will ask the question if the vehicle has had any other

23   damage to the vehicle that has been repaired.  We'll

24   determine if the customer is the owner of the vehicle,

25   do they lease the vehicle, are they the legal owner.

792d93f9-edb4-4096-ab13-27bcc522c783

Page 87

1        We'll evaluate the vehicle for post repairs.   In

2   most situations we will do so by photos or look at the

3   estimate.

4        There are times where we'll actually physically go

5   and inspect the vehicle or a company that we-- an

6   individual that we hire will do the same thing,

7   physically inspect the vehicle for post repair

8   quality.

9 Q   Is that primarily to look for repair-related

10  diminished value?

11 A  Well, it's a couple of things.

12       We want to see that the vehicle is repaired.

13       Perhaps the customer has turned in an estimate of

14  damages and never fixed the car, in which case that

15  has to be addressed clearly, but it's also, as you

16  said, to ensure that the quality of repairs are good

17  quality.

18 Q  With those additional instructions, would that-- as

19  best you can recall here today, would be the

20  instructions that you had given to Mr. Fromm

21  throughout the time that you were a unit manager and

22  then throughout the time you were the product line

23  manager?

24 A  Yeah, with the overall caveat that we consider each

25  claim in its own value, we evaluate each claim

792d93f9-edb4-4096-ab13-27bcc522c783

Page 88

```
 1      depending upon the factors associated with that
 2      individual claim, and that he, you know, or his
 3      people-- or the people that are doing the diminished
 4      value handling report any settlement-- potential
 5      settlement or any potential payment to either him up
 6      to a thousand or to me from a thousand to $2,500.
 7 Q    Other than Mr. Fromm, who else handles diminished
 8      value claims within your geographic region today?
 9 A    Right now?  Are you asking me currently?
10 Q    Yes.
11 A    In Oregon I have two unit leaders that will have
12      diminished value be reported to them.  One gentleman
13      is Ron Blair, a gentleman is Jerry Veach.
14 Q    And you said their position is that of a unit leader?
15 A    Same as Mr. Fromm.
16 Q    Okay.
17 A    And then there are a handful of claims examiners
18      within my region that-- excuse me, the new term for
19      them, field specialist one, two, or three, that handle
20      diminished value as well.
21 Q    Can you identify those by name?
22 A    Yeah, as I'm sitting I think I can give you a good
23      representation list.
24          In Washington an individual by the name of Shalene
25      Ryan, an individual by the name of Beth Overby, a
```

792d93f9-edb4-4096-ab13-27bcc622c783

Page 139

1    attention-- let me start over.

2        If diminished value is not brought to your

3    attention by the customer, am I correct in stating

4    that it's not something that, within your region, the

5    field specialist would either educate or make sure

6    that the customer understands that they could be

7    entitled to diminished value payment under their

8    policy?

9                    MS. DAWSON:  Object to the form of

10   the question.

11                   THE WITNESS:  That was a long--

12 Q  (By Mr. Futscher)  It was a long question.

13       I was trying to take your long answer and make

14   sure we are on the same page.

15 A  It is not part of the workflow, when they're looking

16   at the car, to explain to the customer every possible

17   indirect damage that may occur as a result of the

18   loss.

19       If-- we do, however, tell them that any

20   loss-related damages that we're aware of, that the

21   customer makes us aware of, we will address.

22 Q  Okay.  You stated that "We are aware of or the

23   customer makes us aware of," correct?

24 A  That we are aware of that is-- for example, when I

25   make that statement, if-- like I said before, if there

792d93f9-edb4-4096-ab13-27bcc522c783

Page 140

1   is frame-related damage to the rear of the car and as

2   a result the front end of the vehicle sways the

3   opposite direction, and it's at the shop, we're doing

4   a supplement, we see the frame specs, that's indirect

5   damage that at that time-- okay.  We are aware of that

6   and we'll address that.

7 Q  Are you saying then that from the experience of

8      Safeco, within the region that you're working, that

9      when a vehicle sustains significant structural damage,

10     that one of the damages you're not aware of is

11     diminished value damage?

12                    MS. DAWSON:  Object to the form of

13     the question.

14                    THE WITNESS:  I think that that's a

15     very simple way of looking at it.

16         I think that there could be cars with significant

17     structural damage that do not have inherent diminished

18     value, and I can give you examples of ones that I

19     believe would not.

20 Q  (By Mr. Futscher)  Could you give me examples of ones

21     you believe do and, in fact, have, in fact, paid

22     diminished value on?

23 A  There may be diminished value potentially on-- you

24     know, if it's a newer car and, you know, the

25     customer-- it's significant damage to that car, that

792d93f9-edb4-4096-ab13-27bcc522c783

Page 141

1    might be one that might have diminished value.

2        However, I have seen examples, and we've tracked

3    them, where the vehicle has been repaired and the

4    vehicle was sold at retail or better than retail, so

5    even in that scenario, the worst-- you know, the

6    typical case that you might be alluding to, and this

7    is a real high-end vehicle with significant damage, it

8    may not have diminished value.

9        It depends upon the quality of the repair, depends

10   upon the type of the vehicle.

11       There's lots of factors that it could depend upon.

12       While I may look at that and say, "That might have

13   diminished value," it just as well may not.

14 Q And if you looked at it and said, "It might well have

15   diminished value," am I correct that unless the

16   insured asks you to specifically look at that, you

17   wouldn't advise them that you thought it might have

18   diminished value?

19                 MS. DAWSON:  Object to the form of

20   the question.

21                 THE WITNESS:  Again, it's a-- it's

22   something that is highly subjective and case by case,

23   and there's many different factors.

24 Q (By Mr. Futscher)  My question was directly to you.

25       You said in a situation like that you might think

792d93f9-edb4-4096-ab13-27bcc522c783

1    that it has diminished value, and my question is if

2    you thought that--

3 A  Might or might not.

4 Q  Okay.  But you said it might, and if you thought that

5    it might have diminished value, was that something you

6    would advise the customer, even if the customer had

7    not asked you to look at diminished value?

8              MS. DAWSON:  Object to the form of

9    the question; mischaracterizes the witness's prior

10   testimony.

11             THE WITNESS:  We're going to address

12   the damages that we can identify, we can see, and

13   we're going to not assume that there's damages that

14   may or may not be as a result of the loss, and that

15   would include diminished value.

16 Q  (By Mr. Futscher)  You said that you had examples

17   where you were tracking vehicles.

18       When did that take place?

19 A  I can't give you an exact time or date, but we have,

20   on a couple different occasions, and we've also worked

21   with some independent adjusters, we've-- in Washington

22   you have the ability to, as an insurance company,

23   obtain a copy of a bill of sale on a vehicle, and so

24   if you have a vehicle that has suffered X damage, it's

25   repaired, and we know that this was the ACV before the

792d93f9-edb4-4096-ab13-27bcc522c783

Page 189

1   STATE OF WASHINGTON )       I, Terilynn Fritchard, RPR, CRR,
                        ) ss CCR # 2047, a duly authorized
2   County of King      )       Notary Public in and for the State
                                of Washington, residing at
3                                Auburn, do hereby certify:

4

5           That the foregoing deposition of MICHAEL G. STAVE
    was taken before me and completed on November 12, 2009, and
6   thereafter was transcribed under my direction; that the
    deposition is a full, true and complete transcript of the
7   testimony of said witness, including all questions, answers,
    objections, motions and exceptions;

8
            That the witness, before examination, was by me
9   duly sworn to testify the truth, the whole truth, and
    nothing but the truth, and that the witness reserved the
10  right of signature;

11          That I am not a relative, employee, attorney or
    counsel of any party to this action or relative or employee
12  of any such attorney or counsel and that I am not
    financially interested in the said action or the outcome
13  thereof;

14          That I am herewith securely sealing the said
    deposition and promptly delivering the same to
15  Attorney Van Bunch.

16          IN WITNESS WHEREOF, I have hereunto set my hand
    and affixed my official seal this 16th day of November,
17  2009.

18

19

20

21                          Terilynn Pritchard, CCR, RPR, CRR
                            Notary Public in and for the State
22                          of Washington, residing at
                            Auburn.

23

24

25

792d93f9-edb4-4096-ab13-27bcc522c783

# EXHIBIT A-6

**safeco.**   www.safeco.com

Check No. ``06929
ISSUE DATE JAN 13, 2009

SAFECO INSURANCE COMPANIES
NORTHWEST ACCOUNTING
P.O. BOX C-34920
SEATTLE          WA  98124

CLAIM NO.    756171923007
ACS REF NO.  21A070581436
POLICY NO.   H01892042

LOSS DATE   01-11-07

ADJUSTER:
BELLA J STEELE
LINE NO: (800) 332-3226

AGENT: 01-0560
MICHAEL J PERSHA

Safeco Insurance Company of Illinois

                    MARTIN L HOVENKOTTER
                    1911 NELSON STREET
                    DUPONT          WA  98327

COVERAGES PAID THIS CHECK:

  200.00      UM PD      UM PROPERTY DAMAGE

**200.00      TOTAL PAID THIS CHECK
INSURED:  HOVENKOTTER, MARTIN L
BEHALF OF: HOVENKOTTER, MARTIN L
PAYMENT OF: REFUND AS $300.00 UMPD APPLIED TO LOSS



**Hovenkotter0067**

# EXHIBIT A-7

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

MARTIN HOVENKOTTER,           )
                              )
            Plaintiff,        )
                              )
      vs.                     )  No. 2:09-cv-00218 JLR
                              )
SAFECO INSURANCE COMPANY      )
OF ILLINOIS,                  )
                              )
            Defendants.       )
_____)

### DEPOSITION OF **MICHAEL D. CARROLL**

Friday, February 19, 2010   9:22 a.m.

**VERBATIM**
**VIDEO TRANSCRIPT**
NMA COPY

Nell McCallum & Associates
(409) 838-0333

2

```
 1              IN THE UNITED STATES DISTRICT COURT

 2        IN AND FOR THE WESTERN DISTRICT OF WASHINGTON

 3                        AT SEATTLE

 4

 5   MARTIN HOVENKOTTER,          )
                                  )
 6                  Plaintiff,    )
                                  )
 7          vs.                   ) No. 2:09-cv-00218 JLR
                                  )
 8   SAFECO INSURANCE COMPANY     )
     OF ILLINOIS,                 )
 9                                )
                    Defendants.   )
10   _____    )

11

12

13

14

15

16          Deposition of MICHAEL D. CARROLL, taken

17      on behalf of Plaintiff at 3 Park Plaza, Suite

18      2000, Irvine, California 92614, commencing at

19      9:22 a.m., Friday, February 19, 2010, before

20      Debra Kottke, CSR No. 7422, pursuant to Notice.

21

22

23

24

25
```

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 169 of 1402

6

```
 1                      Irvine, California
 2              Friday, February 19, 2010  9:22 a.m.
 3
 4                    *      *      *      *
 5
 6          VIDEO OPERATOR:  Good morning.  Here begins
 7     media No. 1 of the deposition of Michael Carroll in
 8     the matter of Hovenkotter versus Safeco Insurance
 9     Company of Illinois.  The case is number 2:09CV-00218
10     JLR.  Today's date, February 19, 2010.  The time is
11     9:22 a.m.  The deposition is taken at 3 Park Plaza,
12     Irvine, California, and is being taken on behalf of
13     the plaintiff.  The videographer is Barry Varanese
14     appearing on behalf of Precise Reporting located in
15     Santa Ana, California.
16              Can we please have introductions beginning
17     with the witness.
18          THE WITNESS:  My name is Michael Carroll,
19     C-a-r-r-o-l-l.
20          MS. POWERS:  Tiffany Powers for Defendant,
21     Safeco Insurance Company of Illinois.
22          MR. BUNCH:  Van Bunch, Bonnett, Fairbourn,
23     Friedman & Balint for the Plaintiffs.
24          VIDEO OPERATOR:  Thank you.  You may swear the
25     witness.
```

Nell McCallum & Associates
(409)838-0333

46

```
 1        Q.  And it's the company's responsibility to
 2   make that refund of the deductible when facts are
 3   made known to it that indicate they've misapplied the
 4   coverage line, right?
 5        MS. POWERS:  Objection.
 6        THE WITNESS:  Right.
 7   BY MR. BUNCH:
 8        Q.  At what point in time in terms of entering
 9   information into the CVO or claims file is the
10   liability analysis typically conducted?
11        A.  So, for the most part, we require our
12   adjusters within seven days of getting their file to
13   complete a report in the file that's going to cover
14   what are the facts of the loss, what are the
15   coverages, what does liability look like, what are
16   the damages, what's your work plan, and are you going
17   to enter any reserves, if necessary.  I can't tell
18   you that within seven days they're going to finish
19   their liability investigation because every claim's
20   going to be different.
21             If all the parties are available and we take
22   their statements, we can come to a conclusion at that
23   point, great.  A lot of the times people aren't home.
24   We're sending contact letters to witnesses.  You
25   know, every claim's going to be different so I can't
```

Nell McCallum & Associates
(409)838-0333

47

1    give you a time period as to when.  The sooner the

2    better.

3         Q.  The standard, though, is seven days?

4         A.  The standard is complete a first report

5    within seven days and if you can't make a

6    determination as to the facts, the coverages, the

7    liability, the damages, in your work plan you're

8    putting together a plan as to how to move that along

9    and adjust that claim.

10        Q.  Whether you've noticed it or not, one of the

11   things I'm trying to do is go step by step through

12   building the claim file and we've gone through intake

13   and now it either has gone to express or to a control

14   examiner.

15             When a control examiner gets a claim file,

16   what reports and analysis are they supposed to

17   conduct upon receiving it?

18        A.  So, a control adjuster is going to be

19   assigned a new claim.  It's their responsibility to

20   review what our intake department has input.  They

21   are going to make all of the calls, make sure all of

22   the items are adjusted, basic adjustment of the

23   claim.  Make sure that the vehicles are all getting

24   inspected, if needed.  Make sure that people are put

25   into the rental cars, if that's covered.  Taking

Nell McCallum & Associates
(409)838-0333

48

1    statements.  You know, basic adjustment, they're

2    going to make all that and, again, within seven days

3    we are asking them to complete a first report if you

4    have enough information to do so.

5         Q.  So, my question is really between the

6    completion of intake and the first report, is there

7    file documentation that's supposed to go on by name

8    like the liability analysis, other analyses that are

9    entered into the CVO?

10        A.  There could be.  There's going to be records

11   of contact in there of everybody that we talked to.

12   If there's something specific in regards to a

13   liability analysis, they're going to have to do

14   looking up statutes or case law or whatever the case

15   may be, they may have an entry as to, you know,

16   further investigation into liability.  But, you know,

17   basically you're going to take all of the statements

18   that are necessary to formulate your liability

19   decision.  That's going to be statement of insured,

20   statement of claimant, statement of witness, whoever,

21   then at some point you're going to have a first

22   report that's going to pull all that information

23   together and go through a duty breach, causation

24   damages analysis and formulate your decision on

25   liability if you can at that point.

49

1       Q.  Is all of that information in terms of the

2   investigation collected in what's called a claims

3   log?

4       A.  Yes.

5       Q.  What other -- strike that.

6           Is the claims log a separate file within the

7   CVO or is the CVO and the claims log the same thing?

8       A.  So, CVO, which stands for our claims virtual

9   office, is a repository of everything.  So, it's

10  going to have, you know, one page that's going to be

11  a summary of everything that's going on, basically a

12  summary of what intake did.  So, it's going to have

13  the facts of the loss, the time, the date, the

14  parties involved.  There will be another tab that

15  will show all the payments that were made.  There

16  will be another tab on there that will show all the

17  parties involved and their addresses and phone

18  numbers, and then there will be a -- I believe it's a

19  documents tab and I believe that's -- when you have a

20  copy of the claim file, that's what you're looking at

21  is every single entry into the document.  So, it will

22  have -- any estimates that were written get uploaded,

23  any photos get uploaded, any incoming calls, outgoing

24  calls, reports, everything is in that area.  So, it's

25  a different tab.  It's all contained within the CVO

Nell McCallum & Associates
(409)838-0333

50

```
1   system
2       MR. BUNCH:  Okay.  Let's take a break for a
3   minute.  I'm going to shuffle paper and go through
4   Mr. Hovenkotter's file.
5       VIDEO OPERATOR:  Off the record the time is
6   10:23 a.m.
7       (Short break taken from 10:23 a.m.
8       to 10:48 a.m.)
9       (Plaintiff's Exh-2 was marked for
10      Identification.)
11      VIDEO OPERATOR:  We are back on the record.  The
12  time's 10:48 a.m.
13  BY MR. BUNCH:
14      Q.  Mr. Carroll, you have Exhibit 2 in front of
15  you which is identified by SICI 235.  It says "Team
16  Assignment Activity 2/27/2007" at the top for
17  Mr. Hovenkotter's claim.
18          Did I identify the document correctly?
19      A.  You did.
20      Q.  What is this page of the CVO?
21      A.  This looks to be a screen shot of the
22  vehicle tasking assignment.
23      Q.  And would this be completed by the CSR?
24      A.  In this case I believe it was, yes.
25      Q.  Where it says "Assignment made by SUSASC to
```

Nell McCallum & Associates
(409)838-0333

```
 1   repair.

 2        Q.   What does "no PG" indicate to you?

 3        A.   No president's guarantee.

 4        Q.   And that's because Haury's Lake City

 5   Collision is a non-PACE shop, right?

 6        A.   It's a non-Safeco-affiliated shop.

 7        Q.   PACE stands for?

 8        A.   Premier Auto -- I don't recall the full

 9   acronym.

10        Q.   Claims Excellence or something?

11        A.   Okay.

12        Q.   It doesn't stand for pay all claims every

13   time, does it?  You don't have to answer that.

14        MS. POWERS:  Objection.

15   BY MR. BUNCH:

16        Q.   And then underneath here there is also kind

17   of an activity log sort of thing, I guess, that's

18   generated by pathways, but I also take it you're not

19   familiar with that, are you?

20        A.   I am not.

21        Q.   Exhibit 8, though, appears to be what

22   Mr. Brennan completed as the estimate of record

23   with -- as supplemented for the purposes of paying

24   the claim?

25        A.   I believe so.
```

Nell McCallum & Associates
(409)838-0333

1        (Plaintiff's Exh-9 was marked for

2        Identification.)

3    BY MR. BUNCH:

4        Q.  Mr. Carroll, Exhibit 9 is Pages 246 through

5    249 of Mr. Hovenkotter's claim file and again the

6    first page just indicates I think that Miss Steele

7    ran his payment history report.  Is this another tab

8    in CVO?

9        A.  Yes.

10       Q.  You see on Page 247 there are four payments

11   made, correct?

12       A.  I do.

13       Q.  And the three are made under collision and

14   one is made under claim class UMPD, correct?

15       A.  Yes.

16       Q.  But, UMPD payment for $200 was made on

17   January 13, 2009.  Do you know why that payment was

18   made?

19       A.  Following the receipt of the letter from

20   Mr. Hovenkotter's attorney, the file was re-opened,

21   another look was given at that file and at that time

22   it was determined that a mistake was made in

23   classifying this as a collision loss and they

24   re-classified it as a UMPD loss and refunded his

25   deductible difference.

Nell McCallum & Associates
(409)838-0333

99

1    Q.  Almost two years later?

2    A.  Correct.

3    Q.  Is the standard operating procedure at

4    Safeco for hit-and-run claims to classify them as

5    collision in the first place?

6    A.  No.

7    Q.  Is the standard operating procedure at

8    Safeco for multi-vehicle accidents to enter them as

9    collision in the first place?

10   A.  No.

11   MS. POWERS:  Objection.

12   BY MR. BUNCH:

13   Q.  Is the standard operating procedure at

14   Safeco for any claim when taken in to attribute the

15   coverage line applicable to that claim according to

16   the facts then known as accurately as possible?

17   A.  Yes.

18   Q.  Is that operating procedure in writing?

19   A.  It's within our training guidelines, best

20   practices, correct.

21   Q.  And that includes separate unit training on

22   how to determine whether the uninsured motorist

23   coverage is applicable to any given set of facts?

24   A.  Yes.

25   Q.  And that's part of the online training

Nell McCallum & Associates
(409)838-0333

```
 1
 2
 3                    C E R T I F I C A T E
 4
 5           I, DEBRA KOTTKE, CALIFORNIA C.S.R. NO. 7422,
 6   DO HEREBY CERTIFY THAT PRIOR TO BEING EXAMINED, THE
 7   WITNESS NAMED IN THE FOREGOING PROCEEDING WAS BY ME
 8   DULY AFFIRMED TO TESTIFY THE TRUTH, THE WHOLE TRUTH,
 9   AND NOTHING BUT THE TRUTH.
10           THAT THE FOREGOING IS A FULL, TRUE AND
11   CORRECT TRANSCRIPT OF MY SAID NOTES AND A FULL, TRUE
12   AND CORRECT STATEMENT OF SAID TESTIMONY TO THE BEST
13   OF MY ABILITY.
14           THAT THE DISMANTLING OF THE ORIGINAL
15   TRANSCRIPT WILL VOID THE REPORTER'S CERTIFICATE.
16           I FURTHER CERTIFY THAT I AM NOT INTERESTED
17   IN THE EVENTS OF THIS ACTION.
18           I DECLARE UNDER PENALTY OF PERJURY THAT THE
19   FOREGOING IS TRUE AND CORRECT.
20
21           EXECUTED AT LAGUNA BEACH, CALIFORNIA, THIS
22   _____ DAY OF _____, 2010.
23
24                            _____
                              DEBRA KOTTKE, C.S.R. #7422
25                            REGISTERED PROFESSIONAL REPORTER
```

# EXHIBIT A-8

POLICY LANGUAGE EXCERPTS

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/ Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| ALASKA PERSONAL AUTO POLICY | SA-1852/ AKEP 5/05 | The limit of liability shown in the Declarations for Uninsured/ Underinsured Motorists Property Damage is our maximum limit of liability for all property damage sustained in any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident.<br><br>B. Subject to this maximum, our limit of liability will be the lesser of: 2. For property damage only: a. The amount necessary to repair or replace your covered auto with other property of like kind and quality; b. The actual cash value of your covered auto; or 3. The applicable limit of liability for this coverage.<br><br>E. No payment will be made for loss paid to the "insured" under Part D of this policy or any similar physical damage insurance under any other policy. | C. A person seeking Uninsured/ Underinsured Motorists Coverage must also: 1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident if the Declarations indicates that Uninsured/ Underinsured Motorists Coverage Bodily Injury applies; and 2. Property damage caused by an accident, if the Declarations indicates that property damage Uninsured/ Underinsured Motorists Coverage applies. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. If both the owner and operator of the uninsured motor vehicle or underinsured motor vehicle are unknown, payment under Uninsured/ Underinsured Motorists Coverage shall be made only where direct physical contact between the insured and uninsured motor vehicle or underinsured motor vehicle has occurred. We will pay damages under this coverage caused by an underinsured motor vehicle only if 1. and 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice of such tentative settlement; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. No judgment for damages arising out of a suit brought against the owner or operator of an uninsured motor vehicle or | D. "Property damage", as used under this coverage, means damage to or destruction of your covered auto. However, property damage does not include loss of use of your covered auto. | If we and an insured do not agree: 1. Whether that Insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Alaska. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding; and 3. Who is responsible for payment of all expenses and fees, not including counsel fees or adjuster fees, incurred because of arbitration. Each party will pay the counsel fees and adjuster fees it incurs. |

- 1 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/ Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | underinsured motor vehicle is binding on us unless we: 1. Received reasonable notice of the pendency of the suit resulting in the judgment; and 2. Had a reasonable opportunity to protect our interests in the suit. | | |
| ALASKA PERSONAL AUTO POLICY | SA-1852/ AKEP R1 4/09 | 7. For the first $250 of the amount of property damage to your covered auto in any one accident.<br><br>The limit of liability shown in the Declarations for Uninsured/Underinsured Motorist Property Damage is our maximum limit of liability for all property damage sustained in any one accident.<br><br>This is the most we will pay regardless of the number of:<br>1. Insureds;<br>2. Claims made;<br>3. Vehicles or premiums shown in the Declarations; or<br>4. Vehicles involved in the accident.<br><br>B. Subject to this maximum, our limit of liability will be the lesser of:<br>1. For property damage only:<br>a. The amount necessary to repair or replace your covered auto with other property of like kind and quality;<br>b. The actual cash value of your covered auto;<br><br>E. No payment will be made for loss paid to the Insured under Part D of this policy or any similar physical damages insurance under any other policy. | C. A person seeking Uninsured/ Underinsured Motorists Coverage must also:<br>1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable when a hit-and-run driver is involved.<br>2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of:<br>1. Bodily injury sustained by that insured and caused by an accident if the Declarations indicates that Uninsured/ Underinsured Motorists Coverage Bodily Injury applies; and<br>2. Property damage caused by an accident, if the Declarations indicates that property damage Uninsured/ Underinsured Motorists Coverage applies.<br>The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. If both the owner and operator of the uninsured Motor vehicle or under insured motor vehicle are unknown, payment under Uninsured/ Underinsured Motorists Coverage shall be made only where direct physical contact between the insured and uninsured motor vehicle or underinsured motor vehicle has occurred. We will pay damages under this coverage caused by an underinsured motor vehicle only if 1. or 2. below applies:<br>1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or<br>2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we:<br>a. have been given prompt written notice of such tentative settlement; and b. advance payment to the insured in an amount | D. "Property damage", as used under this coverage, means damage to or destruction of your covered auto. However, property damage does not include loss of use of your covered auto. | A. If we and an insured do not agree:<br>1. Whether that insured is legally entitled to recover damages; or<br>2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or under insured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.<br>Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.<br>Each party will pay the counsel fees and adjuster fees it incurs. |

- 2 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/ Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | equal to the tentative settlement within 30 days after receipt of notification. No judgment for damages arising out of a suit brought against the owner or operator of an uninsured motor vehicle or underinsured motor vehicle is binding on us unless we: **1.** Received reasonable notice of the pending suit resulting in the judgment; and **2.** Had a reasonable opportunity to protect our interests in the suit. | | |
| **ALASKA PERSON AL AUTO POLICY** | SA-1852/ AKEP 1/07 | 7. For the first $250 of the amount of property damage to your covered auto in any one accident. The limit of liability shown in the Declarations for Uninsured/Underinsured Motorist Property Damage is our maximum limit of liability for all property damage sustained in any one accident. This is the most we will pay regardless of the number of: **1. Insureds; 2.** Claims made; **3.** Vehicles or premiums shown in the Declarations; or **4.** Vehicles involved in the accident. **B.** Subject to this maximum, our limit of liability will be the lesser of: **2.** For property damage only: **a.** The amount necessary to repair or replace your covered auto with other property of like kind and quality; **b.** The actual cash value of your covered auto; **E.** No payment will be made for loss paid to the Insured under Part D of this policy or any similar physical damages insurance under any other policy. | **C.** A person seeking Uninsured/ Underinsured Motorists Coverage must also: **1.** Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable when a hit-and-run driver is involved. **2.** Promptly send us copies of the legal papers if a suit is brought. | **A.** We will pay damages which an Insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of: **1.** Bodily injury sustained by an insured and caused by an accident if the Declarations indicates that Uninsured/ Underinsured Motorists Coverage Bodily Injury applies; and **2.** Property damage caused by an accident, if the Declarations indicates that property damage Uninsured/Underinsured Motorists Coverage applies. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. If both the owner and operator of the uninsured Motor vehicle or underinsured motor vehicle are unknown, payment under Uninsured/Underinsured Motorists Coverage shall be made only where direct physical contact between the Insured and uninsured motor vehicle or underinsured motor vehicle has occurred. SA-1852/AKEP 1/07 — 8 — We will pay damages under this coverage caused by an underinsured motor vehicle only if 1. or 2. below applies: **1.** The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or **2.** A tentative settlement | **D.** "Property damage", as used under this coverage, means damage to or destruction of your covered auto. However, property damage does not include loss of use of your covered auto. | **A.** If we and an insured do not agree: **1.** Whether that insured is legally entitled to recover damages; or **2.** As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. Each party will pay the counsel fees and adjuster Fees it incurs. |

- 3 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/ Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice of such tentative settlement; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. No judgment for damages arising out of a suit brought against the owner or operator of an uninsured motor vehicle or underinsured motor vehicle is binding on us unless we: 1. Received reasonable notice of the pending suit resulting in the judgment; and 2. Had a reasonable opportunity to protect our interests in the suit. | | |
| ALASKA PERSONAL AUTO POLICY | SA-1852/ AKEP 3/06 | 5. For the first $250 of the amount of property damage to your covered auto in any one accident. The limit of liability shown in the Declarations for Uninsured/Underinsured Motorist Property Damage is our maximum limit of liability for all property damage sustained in any one accident. B. Subject to this maximum, our limit of liability will be the lesser of: 2. For property damage only: a. The amount necessary to repair or replace your covered auto with other property of like kind and quality; b. The actual cash value of your covered auto; E. No payment will be made for loss paid to the Insured under Part D of this policy or any similar physical damages insurance under any other policy. | A person seeking Underinsured Motorists Coverage must: 1. A person seeking Uninsured/ Underinsured Motorists Coverage must also: 1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable when a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident if the Declarations indicates that Uninsured/ Underinsured Motorists Coverage Bodily Injury applies; and 2. Property damage caused by an accident, if the Declarations indicates that property damage Uninsured/Underinsured Motorists Coverage applies. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. If both the owner and operator of the uninsured motor vehicle or underinsured motor vehicle are unknown, payment under Uninsured/Underinsured Motorists Coverage shall be made only where direct physical contact between the insured and uninsured motor vehicle or underinsured motor vehicle has occurred. We will pay damages under this coverage caused by an underinsured motor vehicle only if 1. and 2. below apply: 1. The limits of liability | D. "Property damage", as used under this coverage, means damage to or destruction of your covered auto. However, property damage does not include loss of use of your covered auto. | If we and an insured do not agree: 1. Whether that Insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Unless both parties agree otherwise, arbitration will take place in the county in which the Insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Alaska. If the amount exceeds that limit, either party may demand the right to a trial. |

- 4 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/ Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the **underinsured motor vehicle** and we: a. have been given prompt written notice of such tentative settlement; and b. advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification. No judgment for damages arising out of a suit brought against the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** is binding on us unless we: 1. Received reasonable notice of the pendency of the suit resulting in the judgment; and 2. Had a reasonable opportunity to protect our interests in the suit. | | This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding; and 3. Who is responsible for payment of all expenses and fees, not including counsel fees or adjuster fees, incurred because of arbitration. Each party will pay the counsel fees and adjuster fees it incurs. |
| **ALASKA PERSONAL AUTO POLICY** | SA-1852/ AKEP 12/03 | The limit of liability shown in the Declarations for Uninsured/Underinsured Motorist Property Damage is our maximum limit of liability for all **property damage** sustained in any one accident. This is the most we will pay regardless of the number of: 1. **Insureds**; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. B. Subject to this maximum, our limit of liability will be the lesser of: 2. For property damage only: a. The amount necessary to repair or replace **your covered auto** with other property of like kind and quality; b. The actual cash value of **your covered auto**. E. No payment will be made for loss paid to the **Insured** under Part D of this policy or any similar physical damages insurance under any other policy. | C. A person seeking Uninsured/ Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** because of: 1. **Bodily injury** sustained by an **insured** and caused by an accident if the Declarations indicates that Uninsured/ Underinsured Motorists Coverage Bodily Injury applies; and 2. **Property damage** caused by an accident, if the Declarations indicates that property damage Uninsured/Underinsured Motorists Coverage applies. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or **underinsured motor vehicle**. We will pay damages under this coverage caused by an **underinsured motor vehicle** only if 1. and 2. below applies; 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or | D. "**Property damage**", as used under this coverage, means damage to or destruction of **your covered auto**. However, **property damage** does not include loss of use of **your covered auto**. | If we and an **insured** do not agree: 1. Whether that **insured** is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that **insured**; from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the **insured** is legally entitled to recover damages; 2. The amount of damages. This applies only if the |

- 5 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/ Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice of such tentative settlement; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. No judgment for damages arising out of a suit brought against the owner or operator of an uninsured motor vehicle or underinsured motor vehicle is binding on us unless we: 1. Received reasonable notice of the pendency of the suit resulting in the judgment; and 2. Had a reasonable opportunity to protect our interests in the suit. | | amount does not exceed the minimum limit for liability specified by the financial responsibility law of Alaska. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding; and 3. Who is responsible for payment of all expenses and fees, not including counsel fees or adjuster fees, incurred because of arbitration. Each party will pay the counsel fees and adjuster fees it incurs. |
| ALASKA PERSONAL AUTO POLICY | SA-1852/ AKEP 11/04 | The limit of liability shown in the Declarations for Uninsured/Underinsured Motorist Property Damage is our maximum limit of liability for all property damage sustained in any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. B. Subject to this maximum, our limit of liability will be the lesser of: 2. For property damage only: a. The amount necessary to repair or replace your covered auto with other property of like kind and quality; b. The actual cash value of your covered auto; E. No payment will be made for loss paid to the Insured under Part D of this policy or any similar physical damages insurance under any other policy. | C. A person seeking Uninsured/ Underinsured Motorists Coverage must also: 1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident if the Declarations indicates that Uninsured/ Underinsured Motorists Coverage Bodily Injury applies; and 2. Property damage caused by an accident, if the Declarations indicates that property damage Uninsured/Underinsured Motorists Coverage applies. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. If both the owner and operator of the uninsured motor vehicle or underinsured motor vehicle are unknown, payment under Uninsured/Underinsured Motorists Coverage shall be made only where direct physical contact between the insured and uninsured motor vehicle or underinsured motor vehicle has occurred. We will pay damages under this coverage caused by an underinsured motor vehicle only if 1. and 2. below applies; | D. "Property damage", as used under this coverage, means damage to or destruction of your covered auto. However, property damage does not include loss of use of your covered auto. | **ARBITRATION** If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Alaska. If the amount exceeds that |

- 6 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/ Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | **1.** The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or **2.** A tentative settlement has been made between an **insured** and the insurer of the **underinsured motor vehicle** and we: **a.** have been given prompt written notice of such tentative settlement; and **b.** advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification. No judgment for damages arising out of a suit brought against the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** is binding on us unless we: **1.** Received reasonable notice of the pendency of the suit resulting in the judgment; and **2.** Had a reasonable opportunity to protect our interests in the suit. | | limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding; and **3.** Who is responsible for payment of all expenses and fees, not including counsel fees or adjuster fees, incurred because of arbitration. Each party will pay the counsel fees and adjuster fees it incurs. |
| **ALASKA PERSONAL AUTO POLICY** | SA-1852/AKEP 11/01 | The limit of liability shown in the Declarations for Uninsured/Underinsured Motorist Property Damage is our maximum limit of liability for all **property damage** sustained in any one accident. This is the most we will pay regardless of the number of: **1. Insureds; 2.** Claims made; **3.** Vehicles or premiums shown in the Declarations; or **4.** Vehicles involved in the accident. **B.** Subject to this maximum, our limit of liability will be the lesser of: **2.** For property damage only: **a.** The amount necessary to repair or replace your covered auto with other property of like kind and quality; **b.** The actual cash value of your covered auto; **E.** No payment will be made for loss paid to the insured under Part D of this policy or any similar physical damages insurance under any other policy. | **C.** A person seeking Uninsured/Underinsured Motorists Coverage must also: **1.** Promptly notify the police if a hit-and-run driver is involved. **2.** Promptly send us copies of the legal papers if a suit is brought. | **A.** We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** because of: **1. Bodily injury** sustained by an **insured** and caused by an accident if the Declarations indicates that Uninsured/ Underinsured Motorists Coverage Bodily Injury applies; and **2. Property damage** caused by an accident, if the Declarations indicates that property damage Uninsured/Underinsured Motorists Coverage applies. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or **underinsured motor vehicle.** We will pay damages under this coverage caused by an **underinsured motor vehicle** only if **1.** and **2.** below applies: **1.** The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or | **D.** "**Property damage**", as used under this coverage, means damage to or destruction of your **covered auto.** However, **property damage** does not include loss of use of your **covered auto.** | **ARBITRATION** If we and an **insured** do not agree: **1.** Whether that insured is legally entitled to recover damages; or **2.** As to the amount of damages which are recoverable by that **insured;** from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: **1.** Whether the **insured** is legally entitled to recover damages; |

- 7 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/ Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice of such tentative settlement; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. No judgment for damages arising out of a suit brought against the owner or operator of an uninsured motor vehicle or underinsured motor vehicle is binding on us unless we: 1. Received reasonable notice of the pendency of the suit resulting in the judgment; and 2. Had a reasonable opportunity to protect our interests in the suit. | | 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Alaska. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding; and 3. Who is responsible for payment of all expenses and fees, not including counsel fees or adjuster fees, incurred because of arbitration. Each party will pay the counsel fees and adjuster fees it incurs. |
| ALASKA PERSONAL AUTO POLICY | SA-1714/AKEP 3/06 | 5. For the first $250 of the amount of property damage to your covered auto in any one accident. The limit of liability shown in the Declarations for Uninsured/Underinsured Motorist Property Damage is our maximum limit of liability for all property damage sustained in any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. B. Subject to this maximum, our limit of liability will be the lesser of: 2. For property damage only: a. The amount necessary to repair or replace your covered auto with other property of like kind and quality; b. The actual cash value of your covered auto; E. No payment will be made for loss paid to the Insured under Part D of this policy or any similar physical damages insurance under any other policy. | A person seeking Uninsured/Underinsured Motorist Coverage must also: 1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of: 1. Bodily Injury sustained by an insured and caused by an accident if the Declarations indicates that Uninsured/Underinsured Motorists Coverage Bodily Injury applies; and 2. Property damage caused by an accident, if the Declarations indicates that property damage Uninsured/Underinsured Motorists Coverage applies: The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. If both the owner and operator of the uninsured motor vehicle or underinsured motor vehicle are unknown, payment under Uninsured/Underinsured Motorists Coverage shall be made only where direct physical contact between the insured and uninsured motor vehicle or underinsured motor vehicle has occurred. We will pay damages under this coverage caused by an underinsured motor vehicle only if 1. and 2. below apply: 1. The limits of liability | D. "Property damage", as used under this coverage, means damage to or destruction of your covered auto. However, property damage does not include loss of use of your covered auto. | ARBITRATION If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Alaska. If the amount exceeds that limit, either party may |

- 8 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/ Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice of such tentative settlement; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. No judgment for damages arising out of a suit brought against the owner or operator of an uninsured motor vehicle or underinsured motor vehicle is binding on us unless we: 1. Received reasonable notice of the pendency of the suit resulting in the judgment; and 2. Had a reasonable opportunity to protect our interests in the suit. | | demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding; and 3. Who is responsible for payment of all expenses and fees, not including counsel fees or adjuster fees, incurred because of arbitration. Each party will pay the counsel fees and adjuster fees it incurs. |
| ALASKA PERSONAL AUTO POLICY | SA-1714/ AKEP 5/05 | The limit of liability shown in the Declarations for Uninsured/Underinsured Motorist Property Damage is our maximum limit of liability for all property damage sustained in any one accident.

This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident.

B. Subject to this maximum, our limit of liability will be the lesser of: 2. For property damage only: a. The amount necessary to repair or replace your covered auto with other property of like kind and quality; b. The actual cash value of your covered auto;

E. No payment will be made for loss paid to the insured under Part D of this policy or any similar physical damages insurance under any other policy. | A person seeking Uninsured/ Underinsured Motorists Coverage must also: 1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident if the Declarations indicates that Uninsured/ Underinsured Motorists Bodily Injury applies; and 2. Property damage caused by an accident, if the Declarations indicates that property damage Uninsured/Underinsured Motorists Coverage applies: The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. If both the owner and operator of the uninsured motor vehicle or underinsured motor vehicle are unknown, payment under Uninsured/Underinsured Motorists Coverage shall be made only where direct physical contact between the insured and uninsured motor vehicle or underinsured motor vehicle has occurred. We will pay damages under this | "Property damage", as used under this coverage, means damage to or destruction of your covered auto. However, property damage does not include loss of use of your covered auto. | If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability |

-9-

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/ Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | coverage caused by an underinsured motor vehicle only if 1. and 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice of such tentative settlement; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. No judgment for damages arising out of a suit brought against the owner or operator of an uninsured motor vehicle or underinsured motor vehicle is binding on us unless we: 1. Received reasonable notice of the pendency of the suit resulting in the judgment; and 2. Had a reasonable opportunity to protect our interests in the suit. | | specified by the financial responsibility law of Alaska. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding; and 3. Who is responsible for payment of all expenses and fees, not including counsel fees or adjuster fees, incurred because of arbitration. Each party will pay the counsel fees and adjuster fees it incurs. |
| ALASKA PERSONAL AUTO POLICY | SA-1714/AKEP 11/04 | The limit of liability shown in the Declarations for Uninsured/Underinsured Motorist Property Damage is our maximum limit of liability for all **property damage** sustained in any one accident.

This is the most we will pay regardless of the number of:
1. **Insureds;**
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the accident.

B. Subject to this maximum, our limit of liability will be the lesser of:
2. For property damage only:
a. The amount necessary to repair or replace your covered auto with other property of like kind and quality;
b. The actual cash value of your covered auto;

E. No payment will be made for loss paid to the Insured under Part D of this policy or any similar | A person seeking Uninsured/Underinsured Motorists Coverage must also:
1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved.
2. Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of:
1. Bodily injury sustained by an insured and caused by an accident if the Declarations indicates that Uninsured/ Underinsured Injury applies; and
2. Property damage caused by an accident, if the Declarations indicates that property damage Uninsured/Underinsured Motorists Coverage applies:
The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. If both the owner and operator of the uninsured motor vehicle or underinsured motor vehicle are unknown, payment under Uninsured/Underinsured Motorists Coverage shall be made only where direct physical contact between | "Property damage", as used under this coverage, means damage to or destruction of your covered auto. However, property damage does not include loss of use of your covered auto. | If we and an insured do not agree:
1. Whether that insured is legally entitled to recover damages; or
2. As to the amount of damages which that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:
1. Whether the insured is legally entitled to recover |

- 10 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/ Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | physical damages insurance under any other policy. | | the insured and uninsured motor vehicle or underinsured motor vehicle has occurred. We will pay damages under this coverage caused by an underinsured motor vehicle only if 1. and 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice of such tentative settlement; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. No judgment for damages arising out of a suit brought against the owner or operator of an uninsured motor vehicle or underinsured motor vehicle is binding on us unless we: 1. Received reasonable notice of the pendency of the suit resulting in the judgment; and 2. Had a reasonable opportunity to protect our interests in the suit. | | damages; 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Alaska. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding; and 3. Who is responsible for payment of all expenses and fees, not including counsel fees or adjuster fees, incurred because of arbitration. Each party will pay the counsel fees and adjuster fees it incurs. |
| ALASKA PERSONAL AUTO POLICY | SA-1714/AKEP 12/03 | The limit of liability shown in the Declarations for Uninsured/Underinsured Motorist Property Damage is our maximum limit of liability for all property damage sustained in any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. B. Subject to this maximum, our limit of liability will be the lesser of: 2. For property damage only: a. The amount necessary to repair or replace your covered auto with other property of like kind and quality; b. The actual cash value of | A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought | We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident if the Declarations indicates that Uninsured/Underinsured Motorists Coverage Bodily Injury applies; and 2. Property damage caused by an accident, if the Declarations indicates that property damage Uninsured/Underinsured Motorists Coverage applies: The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. We will pay damages under this coverage caused by an underinsured motor vehicle only if 1. and 2. below | "Property damage", as used under this coverage, means damage to or destruction of your covered auto. However, property damage does not include loss of use of your covered auto. | If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A |

-- 11 --

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/ Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | your covered auto;<br><br>E. No payment will be made for loss paid to the insured under Part D of this policy or any similar physical damages insurance under any other policy. | | applies:<br>1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or<br>2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we:<br>a. have been given prompt written notice of such tentative settlement; and<br>b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification.  No judgment for damages arising out of a suit brought against the owner or operator of an uninsured motor vehicle or underinsured motor vehicle is binding on us unless we:<br>1. Received reasonable notice of the pendency of the suit resulting in the judgment; and<br>2. Had a reasonable opportunity to protect our interests in the suit. | | decision agreed to by two of the arbitrators will be binding as to:<br>1. Whether the insured is legally entitled to recover damages;<br>2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Alaska. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding; and<br>3. Who is responsible for payment of all expenses and fees, not including counsel fees or adjuster fees, incurred because of arbitration. Each party will pay the counsel fees and adjuster fees it incurs. |

- 12 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| ARKANSAS PERSONAL AUTO POLICY | SA-1852/ AREP R2 7/09 | 6. For the first $200 of the amount of property damage to your covered auto. This exclusion does not apply if: a. we insure your covered auto for both Collision Coverage and Uninsured Motorists Property Damage Coverage<br><br>E. No payment will be made for loss paid or payable to the insured under Part D of the policy.<br><br>The limit of liability for Uninsured Motorists Property Damage Coverage stated in the Declarations is the total limit of our liability for all damages because of property damage to all property of one or more insureds as the result of any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | C. A person seeking Uninsured/ Underinsured Motorists Coverage must also: 1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. 3. Promptly notify us in writing of a tentative settlement between the insured and the insurer of an under insured motor vehicle. Such notice shall include written: | **INSURING AGREEMENT** A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an: 1. Uninsured motor vehicle or Under insured motor vehicle because of bodily injury: a. sustained by that insured; and b. caused by an accident. 2. Uninsured motor vehicle because of property damage caused by an accident if the Declarations indicate that Uninsured Motorists Property Damage Coverage applies. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured mo | C. "Property damage" as used in this Part means injury to or destruction of your covered auto including loss of use. | **ARBITRATION** A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must voluntarily agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Any decision of the arbitrators will not be binding on either party. C. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. D. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. |

- 13 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| ARKANSAS PERSONAL AUTO POLICY | SA-1852/AR EP R1 8/06 | 6. For the first $200 of the amount of property damage to your covered auto. This exclusion does not apply if: a. we insure your covered auto for both Collision Coverage and Uninsured Motorists Property Damage Coverage<br><br>E. No payment will be made for loss paid or payable to the insured under Part D of the policy.<br><br>The limit of liability for Uninsured Motorists Property Damage Coverage stated in the Declarations is the total limit of our liability for all damages because of property damage to all property of one or more insureds as the result of any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | A. A person seeking coverage under this Uninsured/ Underinsured Motorists Coverage must promptly send us copies of the legal papers if a suit is brought.<br>B. A person seeking coverage for Underinsured Motorists Coverage must promptly notify us in Writing by certified mail, return receipt requested, of a tentative settlement between the insured and the insurer of the underinsured motor vehicle and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such underinsured motor vehicle. Notice of a tentative settlement must include written: 1. Documentation of monetary losses incurred, including copies of all medical bills; 2. Authorization or a court order authorizing us to obtain medical reports from all employers and medical providers; and 3. Confirmation from the insurer of the underinsured motor vehicle of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle.<br>C. In the event we insure you and the owner or operator of the underinsured motor vehicle, the | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an: 1. Uninsured motor vehicle or Underinsure motor vehicle because of bodily injury: a. sustained by an insured; and b. caused by an accident. 2. Uninsured motor vehicle because of property damage caused by an accident if the Declarations indicate that Uninsured Motorists Property Damage Coverage applies. If a duly licensed automobile dealer provides a vehicle to you or a family member for use as a temporary substitute for any other vehicle described n the definition of your covered auto while it is out of normal use because of its breakdown, repair or servicing, coverage shall extend to such loaned vehicle only to the extent of the coverage provided, if any, to the automobile being repaired or serviced. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. We will pay damages under Underinsured Motorists Coverage only if 1. or 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or polices have been exhausted by payments or judgments or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice by certified mail, return receipt requested, of such tentative | C. "Property damage" as used in this Part means injury to or destruction of your covered auto including loss of use. | If we and an insured do not agree: 1. Whether that Insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or under insured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must voluntarily agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Any decision of the arbitrators will not be binding on either party. C. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. D. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 14 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | requirements of A. and B. of this section are waived. You may begin proceedings seeking Underinsured Motorists Coverage, at any time after settlement has been reached under the underinsured motorist's Liability Coverage. | | | |

- 15 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| **ARKANSAS PERSONAL AUTO POLICY** | SA-1852/AR EP 8/05 | 5. For the first $200 of the amount of property damage to your covered auto. This exclusion does not apply if: a. we insure your covered auto for both Collision Coverage and Uninsured Motorists Property Damage Coverage<br><br>E. No payment will be made for loss paid or payable to the insured under Part D of the policy.<br><br>The limit of liability for Uninsured Motorists Property Damage Coverage stated in the Declarations is the total limit of our liability for all damages because of property damage to all property of one or more insureds as the result of any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | A. A person seeking coverage under this Uninsured/Underinsured Motorists Coverage must promptly send us copies of the legal papers if a suit is brought.<br>B. A person seeking coverage for Underinsured Motorists Coverage must promptly notify us in writing by certified mail, return receipt requested, of a tentative settlement between the insured and the insurer of the underinsured motor vehicle and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such underinsured motor vehicle. Notice of a tentative settlement must include written: 1. Documentation of monetary losses incurred, including copies of all medical bills; 2. Authorization or a court order authorizing us to obtain medical reports from all employers and medical providers; and 3. Confirmation from the insurer of the underinsured motor vehicle of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle. C. In the event we insure you and the owner or operator of the underinsured motor vehicle, the requirements of A. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an: 1. Uninsured motor vehicle or underinsured motor vehicle because of bodily injury: a. sustained by an insured; and b. caused by an accident. 2. Uninsured motor vehicle because of property damage caused by an accident if the Declarations indicate that Uninsured Motorists Property Damage Coverage applies. If a duly licensed automobile dealer provides a vehicle to you or a family member for use as a temporary substitute for any other vehicle described in the definition of your covered auto while it is out of normal use because of its breakdown, repair or servicing, coverage shall extend to such loaned vehicle only to the extent of the coverage provided, if any, to the automobile being repaired or serviced. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. We will pay damages under Underinsured Motorists Coverage only if 1. or 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payments of judgments or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice by certified mail, return receipt requested, of such tentative settlement. Such notice shall include written: (1) documentation of pecuniary losses incurred, including copies of all medical bills; (2) authorization or a court order authorizing the insurer of the underinsured motor vehicle to obtain medical reports from all | C. "Property damage" as used in this Part means injury to or destruction of your covered auto including loss of use. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages under this coverage; or 2. As to the amount of damages which are recoverable; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. However, arbitration will take place only if both we and the insured agree, voluntarily, to have the matter arbitrated. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Any decision of the arbitrators will not be binding on either party. C. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. D. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. |

- 16 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | and B. of this section are waived. You may begin proceedings seeking Underinsured Motorists Coverage, at any time after settlement has been reached under the underinsured motorist's Liability Coverage. | employers and medical providers; and (3) confirmation of both the tentative settlement and certification of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. With respect to Uninsured Motorists Coverage, any judgment for damages arising out of a suit brought without our written consent is not binding on us. | | |

- 17 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| ARKANSAS PERSONAL AUTO POLICY | SA-1852/AR EP 8/03 | 5. For the first $200 of the amount of property damage to your covered auto. This exclusion does not apply if: a. we insure your covered auto for both Collision Coverage and Uninsured Motorists Property Damage Coverage<br><br>E. No payment will be made for loss paid or payable to the insured under Part D of the policy.<br><br>The limit of liability for Uninsured Motorists Property Damage Coverage stated in the Declarations is the total limit of our liability for all damages because of property damage to all property of one or more insureds as the result of any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | A. A person seeking coverage under this Uninsured/ Underinsured Motorists Coverage must promptly send us copies of the legal papers if a suit is brought. B. A person seeking coverage for Underinsured Motorists Coverage must promptly notify us in writing by certified mail, return receipt requested, of a tentative settlement between the insured and the insurer of the underinsured motor vehicle and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such underinsured motor vehicle. Notice of a tentative settlement must include written: 1. Documentation of monetary losses incurred, including copies of all medical bills; 2. Authorization or a court order authorizing us to obtain medical reports from all employers and medical providers; and 3. Confirmation from the insurer of the underinsured motor vehicle of the Liability Coverage limits of the owner or operator of the uninsured motor vehicle. C. In the event we insure you and the owner or operator of the | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an: 1. Uninsured motor vehicle or underinsured motor vehicle because of bodily injury: a. sustained by an insured; and b. caused by an accident. 2. Uninsured motor vehicle because of property damage caused by an accident if the Declarations indicate that Uninsured Motorists Property Damage Coverage applies. If a duly licensed automobile dealer provides a vehicle to you or a family member for use as a temporary substitute for any other vehicle described in the definition of your covered auto while it is out of normal use because of its breakdown, repair or servicing, coverage shall extend to such loaned vehicle only to the extent of the coverage provided, if any, to the automobile being repaired or serviced. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. We will pay damages under Underinsured Motorists Coverage only if 1. or 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payments of judgments or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice by certified mail, return receipt requested, of such tentative settlement. Such notice shall include written: (1) documentation of pecuniary losses incurred, including copies of all medical bills; (2) authorization or a court order authorizing the insurer of the underinsured motor vehicle to obtain medical reports from all | C. "Property damage" as used in this Part means injury to or destruction of your covered auto including loss of use. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages under this coverage; or 2. As to the amount of damages which are recoverable; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. However, arbitration will take place only if both we and the insured agree, voluntarily, to have the matter arbitrated. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Any decision of the arbitrators will not be binding on either party. C. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. D. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. |

- 18 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | underinsured motor vehicle, the requirements of A. and B. of this section are waived. You may begin proceedings seeking Underinsured Motorists Coverage, at any time after settlement has been reached under the underinsured motorist's Liability Coverage. | employers and medical providers; and (3) confirmation of both the tentative settlement and certification of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. With respect to Uninsured Motorists Coverage, any judgment for damages arising out of a suit brought without our written consent is not binding on us. | | |

- 19 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| ARKANSAS PERSONAL AUTO POLICY | SA-1852/AR EP-9/00 | 5. For the first $200 of the amount of property damage to your covered auto. This exclusion does not apply if: a. we insure your covered auto for both Collision Coverage and Uninsured Motorists Property Damage Coverage<br><br>E. No payment will be made for loss paid or payable to the insured under Part D of the policy.<br><br>The limit of liability for Uninsured Motorists Property Damage Coverage stated in the Declarations is the total limit of our liability for all damages because of property damage to all property of one or more Insureds as the result of any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | A. A person seeking coverage under this Uninsured/ Underinsured Motorists Coverage must promptly send us copies of the legal papers if a suit is brought. B. A person seeking coverage for Underinsured Motorists Coverage must promptly notify us in writing by certified mail, return receipt requested, of a tentative settlement between the insured and the insurer of the underinsured motor vehicle and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such underinsured motor vehicle. Notice of a tentative settlement must include written: 1. Documentation of monetary losses incurred, including copies of all medical bills; 2. Authorization or a court order authorizing us to obtain medical reports from all employers and medical providers; and 3. Confirmation from the insurer of the underinsured motor vehicle of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle. C. In the event we insure you and the owner or operator of the | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an: 1. Uninsured motor vehicle or underinsured motor vehicle because of bodily injury: a. sustained by an insured; and b. caused by an accident. 2. Uninsured motor vehicle because of property damage caused by an accident if the Declarations indicate that Uninsured Motorists Property Damage Coverage applies. If a duly licensed automobile dealer provides a vehicle to you or a family member for use as a temporary substitute for any other vehicle described in the definition of your covered auto while it is out of normal use because of its breakdown, repair or servicing, coverage shall extend to such loaned vehicle only to the extent of the coverage provided, if any, to the automobile being repaired or serviced. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. We will pay damages under Underinsured Motorists Coverage only if 1. or 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payments of judgments or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice by certified mail, return receipt requested, of such tentative settlement. Such notice shall include written: (1) documentation of pecuniary losses incurred, including copies of all medical bills; (2) authorization or a court order authorizing the insurer of the underinsured motor vehicle to obtain medical reports from all | C. "Property damage" as used in this Part means injury to or destruction of your covered auto. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages under this coverage; or 2. As to the amount of damages which are recoverable from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. However, arbitration will take place only if both we and the insured agree, voluntarily, to have the matter arbitrated. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Any decision of the arbitrators will not be binding on either party. C. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. D. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. |

- 20 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | underinsured motor vehicle, the requirements of A. and B. of this section are waived. You may begin proceedings seeking Underinsured Motorists Coverage, at any time after settlement has been reached under the underinsured motorist's Liability Coverage. | employers and medical providers; and (3) confirmation of both the tentative settlement and certification of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. With respect to Uninsured Motorists Coverage, any judgment for damages arising out of a suit brought without our written consent is not binding on us. | | |
| ARKANSAS PERSONAL AUTO POLICY | SA-1714/AR EP 1/05 | 5. For the first $200 of the amount of property damage to your covered auto. This exclusion does not apply if: a. we insure your covered auto for both Collision Coverage and Uninsured Motorists Property Damage Coverage<br><br>F. No payment will be made for loss paid or payable to the insured under Part D of the policy.<br><br>The limit of liability for Uninsured Motorists Property Damage Coverage stated in the Declarations is the total limit of our liability for all damages because of property damage to | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. 3. Promptly notify us in writing of a tentative settlement between the insured and the insurer of an underinsured motor vehicle. | We will pay damages which an insured is legally entitled to recover from the owner or operator of an: 1. Uninsured motor vehicle or underinsured motor vehicle because of bodily injury: a. sustained by an insured; and b. caused by an accident. 2. Uninsured motor vehicle because of property damage caused by an accident if the Declarations indicate that Uninsured Motorists Property Damage Coverage applies. If a duly licensed automobile dealer provides a vehicle to you or a family member for use as a temporary substitute | "Property damage" as used in this Part means injury to or destruction of your covered auto. | If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. However, arbitration will take place only if both we and the insured agree voluntarily to have the matter arbitrated. If so agreed, each party will select an arbitrator. The two |

- 21 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | all property of one or more insureds as the result of any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | Such notice shall include written: a. documentation of pecuniary losses incurred, including copies of all medical bills; b. authorization or a court order authorizing the insurer of the underinsured motor vehicle to obtain medical reports from all employers and medical providers; and c. confirmation of both the tentative settlement and certification of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle. 4. Allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of the underinsured motor vehicle. | for any other vehicle described in the definition of your covered auto while it is out of normal use because of its breakdown, repair or servicing, coverage shall extend to such loaned vehicle only to the extent of the coverage provided, if any, to the automobile being repaired or serviced. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. We will pay damages under Underinsured Motorists Coverage only if 1. or 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice by certified mail, return receipt requested, of such tentative settlement. Such notice shall include written: (1) documentation of pecuniary losses incurred, including copies of all medical bills; (2) authorization or a court order authorizing the insurer of the underinsured motor vehicle to obtain medical reports from all employers and medical providers; and (3) confirmation of both the tentative settlement and certification of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. With respect to Uninsured Motorists Coverage, any judgment for damages arising out of a suit brought without our written consent is not binding on us. | | arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Any decision of the arbitrators will not be binding on either party. C. Each party will: 1. Pay the expenses it incurs, and 2. Bear the expenses of the third arbitrator equally. D. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. |

- 22 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| ARKANSAS PERSONAL AUTO POLICY | SA-1714/AR EP 8/03 | 5. For the first $200 of the amount of property damage to your covered auto. This exclusion does not apply if: a. we insure your covered auto for both Collision Coverage and Uninsured Motorists Property Damage Coverage<br><br>F. No payment will be made for loss paid or payable to the insured under Part D of the policy.<br><br>The limit of liability for Uninsured Motorists Property Damage Coverage stated in the Declarations is the total limit of our liability for all damages because of property damage to all property of one or more insureds as the result of any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. 3. Promptly notify us in writing of a tentative settlement between the insured and the insurer of an underinsured motor vehicle. Such notice shall include written: a. documentation of pecuniary losses incurred, including copies of all medical bills; b. authorization or a court order authorizing the insurer of the underinsured motor vehicle to obtain medical reports from all employers and medical providers; and c. confirmation of both the tentative settlement and certification of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle. 4. Allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of the underinsured motor vehicle. | We will pay damages which an insured is legally entitled to recover from the owner or operator of an: 1. Uninsured motor vehicle or underinsured motor vehicle because of bodily injury: a. sustained by an insured; and b. caused by an accident. 2. Uninsured motor vehicle because of property damage caused by an accident if the Declarations indicate that Uninsured Motorists Property Damage Coverage applies. If a duly licensed automobile dealer provides a vehicle to you or a family member for use as a temporary substitute for any other vehicle described in the definition of your covered auto while it is out of normal use because of its breakdown, repair or servicing, coverage shall extend to such loaned vehicle only to the extent of the coverage provided, if any, to the automobile being repaired or serviced. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. We will pay damages under Underinsured Motorists Coverage only if 1. or 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice by certified mail, return receipt requested, of such tentative settlement. Such notice shall include written: (1) documentation of pecuniary losses incurred, including copies of all medical bills; (2) authorization or a court order authorizing the insurer of the underinsured motor vehicle to obtain medical reports from all employers and medical | "Property damage" as used in this Part means injury to or destruction of your covered auto. | A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. However, arbitration will take place only if both we and the insured agree voluntarily to have the matter arbitrated. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Any decision of the arbitrators will not be binding on either party. C. Each party will: 1. Pay the expenses it incurs, and 2. Bear the expenses of the third arbitrator equally. D. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. |

- 23 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | providers; and (3) confirmation of both the tentative settlement and certification of the owner or operator of the underinsured motor vehicle; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. With respect to Uninsured Motorists Coverage, any judgment for damages arising out of a suit brought without our written consent is not binding on us. | | |
| ARKANSAS PERSONAL AUTO POLICY | SA-1714/AR EP 8/05 | 5. For the first $200 of the amount of property damage to your covered auto. This exclusion does not apply if: a. we insure your covered auto for both Collision Coverage and Uninsured Motorists Property Damage Coverage  F. No payment will be made for loss paid or payable to the insured under Part D of the policy.  The limit of liability for Uninsured Motorists Property Damage Coverage stated in the Declarations is the total limit of our liability for all damages because of property damage to all property of one or more insureds as the result of any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. 3. Promptly notify us in writing of a tentative settlement between the insured and the insurer of an underinsured motor vehicle. Such notice shall include written: a. documentation of pecuniary losses incurred, including copies of all medical bills; b. authorization or a court order authorizing the insurer of the underinsured motor vehicle to obtain medical reports from all employers and medical providers; and c. confirmation of both the tentative settlement and certification of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle. 4. Allow us 30 days to advance payment to that | We will pay damages which an insured is legally entitled to recover from the owner or operator of an: 1. Uninsured motor vehicle or underinsured motor vehicle because of bodily injury: a. sustained by an insured; and b. caused by an accident. 2. Uninsured motor vehicle because of property damage caused by an accident if the Declarations indicate that Uninsured Motorists Property Damage Coverage applies. If a duly licensed automobile dealer provides a vehicle to you or a family member for use as a temporary substitute for any other vehicle described in the definition of your covered auto while it is out of normal use because of its breakdown, repair or servicing, coverage shall extend to such loaned vehicle only to the extent of the coverage provided, if any, to the automobile being repaired or serviced. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. We will pay damages under Underinsured Motorists Coverage only if 1. or 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or 2. A tentative settlement has been made between | C. "Property damage" as used in this Part means injury to or destruction of your covered auto including loss of use. | A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured or underinsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. However, arbitration will take place only if both we and the insured agree voluntarily to have the matter arbitrated. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. |

- 24 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of the underinsured motor vehicle. | an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice by certified mail, return receipt requested, of such tentative settlement. Such notice shall include written: (1) documentation of pecuniary losses incurred, including copies of all medical bills; (2) authorization or a court order authorizing the insurer of the underinsured motor vehicle to obtain medical reports from all employers and medical providers; and (3) confirmation of both the tentative settlement and certification of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. With respect to Uninsured Motorists Coverage, any judgment for damages arising out of a suit brought without our written consent is not binding on us. | | |
| ARKANSAS PERSONAL AUTO POLICY | SA-1714/AR EP 12/02 | 5. For the first $200 of the amount of property damage to your covered auto. This exclusion does not apply if: a. we insure your covered auto for both Collision Coverage and Uninsured Motorists Property Damage Coverage<br><br>F. No payment will be made for loss paid or payable to the insured under Part D of the policy.<br><br>The limit of liability for Uninsured Motorists Property Damage Coverage stated in the Declarations is the total limit of our liability for all damages because of property damage to all property of one or more insureds as the result of any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. 3. Promptly notify us in writing of a tentative settlement between the insured and the insurer of an underinsured motor vehicle. Such notice shall include written: a. documentation of pecuniary losses incurred, including copies of all medical bills; b. authorization or a court order authorizing the insurer of the underinsured motor vehicle to | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an: 1. Uninsured motor vehicle or underinsured motor vehicle because of bodily injury: a. sustained by an insured; and b. caused by an accident. 2. Uninsured motor vehicle because of property damage caused by an accident if the Declarations indicate that Uninsured Motorists Property Damage Coverage applies. If a duly licensed automobile dealer provides a vehicle to you or a family member for use as a temporary substitute for any other vehicle described in the definition of your covered auto while it is out of normal use because of its breakdown, repair or servicing, coverage shall extend to such loaned vehicle only to the extent of the coverage provided, if any, to the automobile being repaired or serviced. The owner's or operator's | C. "Property damage" as used in this Part means injury to or destruction of your covered auto. | A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. However, arbitration will take place only if both we and the insured agree voluntarily to have the matter arbitrated. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Any decision of the arbitrators will not be binding on either party. C. Each party will: 1. Pay the expenses it incurs, and 2. Bear the expenses of the |

- 25 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | obtain medical reports from all employers and medical providers; and c. confirmation of both the tentative settlement and certification of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle. 4. Allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of the underinsured motor vehicle. | liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. We will pay damages under Underinsured Motorists Coverage only if 1. or 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice by certified mail, return receipt requested, of such tentative settlement. Such notice shall include written: (1) documentation of pecuniary losses incurred, including copies of all medical bills; (2) authorization or a court order authorizing the insurer of the underinsured motor vehicle to obtain medical reports from all employers and medical providers; and (3) confirmation of both the tentative settlement and certification of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle, and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. With respect to Uninsured Motorists Coverage, any judgment for damages arising out of a suit brought without our written consent is not binding on us. | | third arbitrator equally. D. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. |

- 26 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| CALIFORNIA PERSONAL AUTO POLICY | SA-1852/CAEP 12/04 | D. This coverage shall not apply: 1. To property damage to: a. a trailer of any type; b. any motor vehicle owned by you to which Collision Coverage applies under this policy Our maximum limit of liability for all damages for property damage resulting from any one accident will be the lesser of: 1. The limit of Property Damage Liability shown in the Declarations; 2. The actual cash value of your covered auto; or 3. The amount of any deductible if there is valid and collectible Collision Coverage under any other policy. An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of the loss. The limit of Bodily Injury or Property Damage Liability shown in the Declarations is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | C. A person seeking Uninsured Motorists Coverage must also: 1. Promptly notify the police or other proper authority, within 24 hours if a hit-and-run driver is involved. The insured must provide us within 30 days of the accident, a statement under oath: a. that the insured has a cause of action for damages arising out of an accident with a hit-and-run vehicle whose owner or operator cannot be identified; and b. setting forth the facts in support thereof. At our request, the insured must make your covered auto available for inspection. 2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident; 2. Property damage caused by an accident if the Declarations indicates that property damage Uninsured Motorists Coverage applies to that auto. Only items 1. and 4. under the definition of uninsured motor vehicle apply to property damage. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. With respect to coverage under item 2. of the definition of uninsured motor vehicle, we will pay only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | C. "Property damage" as used in this Part means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to personal property contained in your covered auto other than a child passenger restraint system that: a. meets the applicable federal motor vehicle safety standards; and b. was in use by a child at the time of the accident for which this coverage applies. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages; or 2. As to the amount of damages: Then the matter will be settled by arbitration. Such arbitration may be initiated by a written demand for arbitration made by either party. The arbitration shall be conducted by a single neutral arbitrator. With respect to property damage arbitration proceedings must be formally instituted by the insured within 1 year from the date of the accident. Disputes concerning coverage under this part may not be arbitrated. B. Each party will; 1. Pay the expenses it incurs; and 2. Bear the expenses of the arbitrator equally. C. Any decision of the arbitrator will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. |
| CALIFORNIA PERSONAL AUTO POLICY | SA-1852/CAEP 6/04 | D. This coverage shall not apply: 1. To property damage to: b. any motor vehicle owned by you to which Collision Coverage applies under this policy; or c. any other motor vehicle to the extent that there is valid and collectible Collision Coverage applicable to that damage under any other policy. Our maximum limit of liability for all damages for property damage resulting from any one accident will be the lesser of: 1. The limit of Property Damage Liability shown in the Declarations; 2. The actual cash value of your covered auto; or 3. The amount of any | C. A person seeking Uninsured Motorists Coverage must also: 1. Promptly notify the police or other proper authority, within 24 hours if a hit-and-run driver is involved. The insured must provide us within 30 days of the accident, a statement under oath: a. that the insured has a cause of action for damages arising out of an accident | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident; 2. Property damage caused by an accident if the Declarations indicates that property damage Uninsured Motorists Coverage applies to that auto. Only items 1. and 4. under the definition of uninsured motor vehicle apply to property damage. The owner's or operator's | C. "Property damage" as used in this Part means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to personal property contained in your covered auto other than a child passenger restraint | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages; or 2. As to the amount of damages: Then the matter will be settled by arbitration. Such arbitration may be initiated by a written demand for arbitration made by either party. The arbitration shall be conducted by a single neutral arbitrator. With respect to property damage arbitration proceedings must be formally instituted by the insured within 1 year from the date of the accident. Disputes concerning |

- 27 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | deductible if there is valid and collectible Collision Coverage under any other policy. An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss. The limit of Bodily Injury or Property Damage Liability shown in the Declarations is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | with a hit-and-run vehicle whose owner or operator cannot be identified; and b. setting forth the facts in support thereof. At our request, the insured must make your covered auto available for inspection. 2. Promptly send us copies of the legal papers if a suit is brought. | liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. With respect to coverage under item 2. of the definition of uninsured motor vehicle, we will pay only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | system that: a. meets the applicable federal motor vehicle safety standards; and b. was in use by a child at the time of the accident for which this coverage applies. | coverage under this part may not be arbitrated. B. Each party will; 1. Pay the expenses it incurs; and 2. Bear the expenses of the arbitrator equally. C. Any decision of the arbitrator will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. |
| CALIFORNIA PERSONAL AUTO POLICY | SA-1852/CAEP 4/02 | D. This coverage shall not apply: 1. To property damage to: b. any motor vehicle owned by you to which Collision Coverage applies under this policy; or c. any other motor vehicle to the extent that there is valid and collectible Collision Coverage applicable to that damage under any other policy. Our maximum limit of liability for all damages for property damage resulting from any one accident will be the lesser of: 1. The limit of Property Damage Liability shown in the Declarations; 2. The actual cash value of your covered auto; or 3. The amount of any deductible if there is valid and collectible Collision Coverage under any other policy. An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of the loss. The limit of Bodily Injury or Property Damage Liability shown in the Declarations is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | C. A person seeking Uninsured Motorists Coverage must also: 1. Promptly notify the police or other proper authority, within 24 hours if a hit-and-run driver is involved. The insured must provide us within 30 days of the accident, a statement under oath: a. that the insured has a cause of action for damages arising out of an accident with a hit-and-run vehicle whose owner or operator cannot be identified; and b. setting forth the facts in support thereof. At our request, the insured must make your covered auto available for inspection. 2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident; 2. Property damage caused by an accident if the Declarations indicates that property damage Uninsured Motorists Coverage applies to that auto. Only items 1. and 4. under the definition of uninsured motor vehicle apply to property damage. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. With respect to coverage under item 2. of the definition of uninsured motor vehicle, we will pay only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | C. "Property damage" as used in this Part means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to personal property contained in your covered auto other than a child passenger restraint system that: a. meets the applicable federal motor vehicle safety standards; and b. was in use by a child at the time of the accident for which this coverage applies. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages; or 2. As to the amount of damages: Then the matter will be settled by arbitration. Such arbitration may be initiated by a written demand for arbitration made by either party. The arbitration shall be conducted by a single neutral arbitrator. With respect to property damage arbitration proceedings must be formally instituted by the insured within 1 year from the date of the accident. Disputes concerning coverage under this part may not be arbitrated. B. Each party will; 1. Pay the expenses it incurs; and 2. Bear the expenses of the arbitrator equally. C. Any decision of the arbitrator will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. |

- 28 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| CALIFORNIA PERSONAL AUTO POLICY | SA-1852/CAEP 2/05 | D. This coverage shall not apply: 1. To property damage to: b. any motor vehicle owned by you to which Collision Coverage applies under this policy; or c. any other motor vehicle to the extent that there is valid and collectible Collision Coverage applicable to that damage under any other policy. Our maximum limit of liability for all damages for property damage resulting from any one accident will be the lesser of: 1. The limit of Property Damage Liability shown in the Declarations; 2. The actual cash value of your covered auto; or 3. The amount of any deductible if there is valid and collectible Collision Coverage under any other policy. An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of the loss. The limit of Bodily Injury or Property Damage Liability shown in the Declarations is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | C. A person seeking Uninsured Motorists Coverage must also: 1. Promptly notify the police or other proper authority, within 24 hours if a hit-and-run driver is involved. The insured must provide us within 30 days of the accident, a statement under oath: a. that the insured has a cause of action for damages arising out of an accident with a hit-and-run vehicle whose owner or operator cannot be identified; and b. setting forth the facts in support thereof. At our request, the insured must make your covered auto available for inspection. 2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of: 1. Bodily Injury sustained by an insured and caused by an accident; 2. Property damage caused by an accident if the Declarations indicates that property damage Uninsured Motorists Coverage applies to that auto. Only items 1. and 4. under the definition of uninsured motor vehicle apply to property damage. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. With respect to coverage under item 2. of the definition of uninsured motor vehicle, we will pay only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | C. "Property damage" as used in this Part means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to personal property contained in your covered auto other than a child passenger restraint system that: a. meets the applicable federal motor vehicle safety standards; and b. was in use by a child at the time of the accident for which this coverage applies. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages; or 2. As to the amount of damages: Then the matter will be settled by arbitration. Such arbitration may be initiated by a written demand for arbitration made by either party. The arbitration shall be conducted by a single neutral arbitrator. With respect to property damage arbitration proceedings must be formally instituted by the insured within 1 year from the date of the accident. Disputes concerning coverage under this part may not be arbitrated. B. Each party will; 1. Pay the expenses it incurs; and 2. Bear the expenses of the arbitrator equally. C. Any decision of the arbitrator will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. |
| CALIFORNIA PERSONAL AUTO POLICY | SA-2522/CAEP 2/05 | D. This coverage shall not apply: 1. To property damage to: b. any motor vehicle owned by you to which Collision Coverage applies under this policy; or c. any other motor vehicle to the extent that there is valid and collectible Collision Coverage applicable to that damage under any other policy. Our maximum limit of liability for all damages for property damage resulting from any one accident will be the lesser of: 1. The limit of Property Damage Liability shown in the Declarations; 2. The actual cash value of your covered auto; or 3. The amount of any | C. A person seeking Uninsured Motorists Coverage must also: 1. Promptly notify the police or other proper authority, within 24 hours if a hit-and-run driver is involved. The insured must provide us within 30 days of the accident, a statement under oath: a. that the insured has a cause of action for damages arising out of an accident with a | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident ; This coverage is only applicable if it appears on your declarations page and is subject to limits of liability as shown thereof. 2. Property damage caused by an accident if the Declarations indicates that property damage Uninsured Motorists Coverage applies to that auto. Only items 1. and 4. under the definition of uninsured motor vehicle apply to property damage. | C. "Property damage" as used in this Part means injury to or destruction of your covered auto. However, "property damage" does not include: 1. Loss of use of your covered auto; or 2. Damage to personal property contained in your covered auto other than a child passenger restraint | A. If we and an insured do not agree: 1. Whether an insured is legally entitled to recover damages; or 2. As to the amount of damages; then the matter will be settled by arbitration. Such arbitration may be initiated by a written demand for arbitration made by either party. The arbitration shall be conducted by a single neutral arbitrator. With respect to property damage arbitration proceedings must be formally instituted by the insured within 1 year from the date of the accident. Disputes concerning coverage under this part may not be |

- 29 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | deductible if there is valid and collectible Collision Coverage under any other policy. An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of the loss. The limit of Bodily Injury or Property Damage Liability shown in the Declarations is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | hit-and-run vehicle whose owner or operator cannot be identified; and b. setting forth the facts in support thereof. At our request, the insured must make your covered auto available for inspection. | This coverage is only applicable if it appears on your declarations page and is subject to limits of liability as shown thereof. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. With respect to coverage under item 2. of the definition of uninsured motor vehicle, we will pay only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | system that: a. meets the applicable federal motor vehicle safety standards; and b. was in use by a child at the time of the accident for which this coverage applies. | arbitrated. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the arbitrator equally. C. Any decision of the arbitrator will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. |
| CALIFORNIA PERSONAL AUTO POLICY | SA-2522/CAEP 6/04 | D. This coverage shall not apply: 1. To property damage to: b. any motor vehicle owned by you to which Collision Coverage applies under this policy; or c. any other motor vehicle to the extent that there is valid and collectible Collision Coverage applicable to that damage under any other policy.<br><br>Our maximum limit of liability for all damages for property damage resulting from any one accident will be the lesser of: 1. The limit of Property Damage Liability shown in the Declarations; 2. The actual cash value of your covered auto; or 3. The amount of any deductible if there is valid and collectible Collision Coverage under any other policy. An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of the loss. The limit of Bodily Injury or Property Damage Liability shown in the Declarations is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | C. A person seeking Uninsured Motorists Coverage must also: 1. Promptly notify the police or other proper authority, within 24 hours if a hit-and-run driver is involved. The insured must provide us within 30 days of the accident, a statement under oath: a. that the insured has a cause of action for damages arising out of an accident with a hit-and-run vehicle whose owner or operator cannot be identified; and b. setting forth the facts in support thereof. At our request, the insured must make your covered auto available for inspection. 2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident ; This coverage is only applicable if it appears on your declarations page and is subject to limits of liability as shown thereof. 2. Property damage caused by an accident if the Declarations indicates that property damage Uninsured Motorists Coverage applies to that auto. Only items 1. and 4. under the definition of uninsured motor vehicle apply to property damage. This coverage is only applicable if it appears on your declarations page and is subject to limits of liability as shown thereof. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. With respect to coverage under item 2. of the definition of uninsured motor vehicle, we will pay only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. Any judgment for damages arising out of a suit brought without our written consent is not | C. "Property damage" as used in this Part means injury to or destruction of your covered auto. However, "property damage" does not include: 1. Loss of use of your covered auto; or 2. Damage to personal property contained in your covered auto other than a child passenger restraint system that: a. meets the applicable federal motor vehicle safety standards; and b. was in use by a child at the time of the accident for which this coverage applies. | A. If we and an insured do not agree: 1. Whether an insured is legally entitled to recover damages; or 2. As to the amount of damages; then the matter will be settled by arbitration. Such arbitration may be initiated by a written demand for arbitration made by either party. The arbitration shall be conducted by a single neutral arbitrator. With respect to property damage arbitration proceedings must be formally instituted by the insured within 1 year from the date of the accident. Disputes concerning coverage under this part may not be arbitrated. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the arbitrator equally. C. Any decision of the arbitrator will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. |

- 30 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| CALIFORNIA PERSONAL AUTO POLICY | SA-2522/CAEP 7/02 | D. This coverage shall not apply: 1. To property damage to: b. any motor vehicle owned by you to which Collision Coverage applies under this policy; or c. any other motor vehicle to the extent that there is valid and collectible Collision Coverage applicable to that damage under any other policy.  Our maximum limit of liability for all damages for property damage resulting from any one accident will be the lesser of: 1. The limit of Property Damage Liability shown in the Declarations; 2. The actual cash value of your covered auto; or 3. The amount of any deductible if there is valid and collectible Collision Coverage under any other policy. An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of the loss. The limit of Bodily Injury or Property Damage Liability shown in the Declarations is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | binding on us. C. A person seeking Uninsured Motorists Coverage must also: 1. Promptly notify the police or other proper authority, within 24 hours if a hit-and-run driver is involved. The insured must provide us within 30 days of the accident, a statement under oath: a. that the insured has a cause of action for damages arising out of an accident with a hit-and-run vehicle whose owner or operator cannot be identified; and b. setting forth the facts in support thereof. At our request, the insured must make your covered auto available for inspection. | binding on us. A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident ; This coverage is only applicable if it appears on your declarations page and is subject to limits of liability as shown thereof. 2. Property damage caused by an accident if the Declarations indicates that property damage Uninsured Motorists Coverage applies to that auto. Only items 1. and 4. under the definition of uninsured motor vehicle apply to property damage. This coverage is only applicable if it appears on your declarations page and is subject to limits of liability as shown thereof. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. With respect to coverage under item 2. of the definition of uninsured motor vehicle, we will pay only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | C. "Property damage" as used in this Part means injury to or destruction of your covered auto. However, "property damage" does not include: 1. Loss of use of your covered auto; or 2. Damage to personal property contained in your covered auto other than a child passenger restraint system that: a. meets the applicable federal motor vehicle safety standards; and b. was in use by a child at the time of the accident for which this coverage applies. | A. If we and an insured do not agree: 1. Whether an insured is legally entitled to recover damages; or 2. As to the amount of damages; then the matter will be settled by arbitration. Such arbitration may be initiated by a written demand for arbitration made by either party. The arbitration shall be conducted by a single neutral arbitrator. With respect to property damage arbitration proceedings must be formally instituted by the insured within 1 year from the date of the accident. Disputes concerning coverage under this part may not be arbitrated. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the arbitrator equally. C. Any decision of the arbitrator will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. |
| CALIFORNIA PERSONAL AUTO POLICY | SA-2522/CAEP 12/04 | D. This coverage shall not apply: 1. To property damage to: b. any motor vehicle owned by you to which Collision Coverage applies under this policy; or c. any other motor vehicle to the extent that there is valid and collectible Collision Coverage applicable to that damage under any other policy.  Our maximum limit of liability for all damages for property damage resulting from any one accident will be the lesser of: 1. The limit of Property Damage Liability shown in the Declarations; | C. A person seeking Uninsured Motorists Coverage must also: 1. Promptly notify the police or other proper authority, within 24 hours if a hit-and-run driver is involved. The insured must provide us within 30 days of the accident, a statement under oath: a. that the insured has a cause of action | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident ; This coverage is only applicable if it appears on your declarations page and is subject to limits of liability as shown thereof. 2. Property damage caused by an accident if the Declarations indicates that property damage Uninsured Motorists Coverage applies to that auto. Only items 1. and 4. | C. "Property damage" as used in this Part means injury to or destruction of your covered auto. However, "property damage" does not include: 1. Loss of use of your covered auto; or 2. Damage to personal property contained in your covered auto other | A. If we and an insured do not agree: 1. Whether an insured is legally entitled to recover damages; or 2. As to the amount of damages; then the matter will be settled by arbitration. Such arbitration may be initiated by a written demand for arbitration made by either party. The arbitration shall be conducted by a single neutral arbitrator. With respect to property damage arbitration proceedings must be formally instituted by the insured within 1 year from the date of the accident. Disputes concerning |

- 31 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | 2. The actual cash value of your covered auto; or 3. The amount of any deductible if there is valid and collectible Collision Coverage under any other policy. An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of the loss. The limit of Bodily Injury or Property Damage Liability shown in the Declarations is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident. | for damages arising out of an accident with a hit-and-run vehicle whose owner or operator cannot be identified; and b. setting forth the facts in support thereof. At our request, the insured must make your covered auto available for inspection. | under the definition of uninsured motor vehicle apply to property damage. This coverage is only applicable if it appears on your declarations page and is subject to limits of liability as shown thereof. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. With respect to coverage under item 2. of the definition of uninsured motor vehicle, we will pay only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | than a child passenger restraint system that: a. meets the applicable federal motor vehicle safety standards; and b. was in use by a child at the time of the accident for which this coverage applies. | coverage under this part may not be arbitrated. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the arbitrator equally. C. Any decision of the arbitrator will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. |

- 32 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| COLORADO PERSONAL AUTO POLICY | SA-1714/COE P 7/03 | EXCLUSIONS A. We do not provide Uninsured Motorists Coverage for property damage: 5. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. A. Our limit of liability will be the lesser of: 1. The actual cash value of your covered auto; or 2. The amount necessary to repair or replace your covered auto. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | Property damage as used under this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to property owned by you while contained in your covered auto. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages under this Part; or 2. As to the amount of damages recoverable by that insured; from the owner or operator of an uninsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs, and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| COLORADO PERSONAL AUTO POLICY | SA-1714/COEP 7/04 | EXCLUSIONS A. We do not provide Uninsured Motorists Coverage for property damage: 5. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. A. Our limit of liability will be the lesser of: 1. The actual cash value of your covered auto; or 2. The amount necessary to repair or replace your covered auto. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | Property damage as used under this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to property owned by you while contained in your covered auto. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages under this Part; or 2. As to the amount of damages recoverable from the owner or operator of an uninsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.  Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs, and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 34 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| COLORADO PERSONAL AUTO POLICY | SA-1714/COE P 7/05 | EXCLUSIONS A. We do not provide Uninsured Motorists Coverage for property damage: 5. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. A. Our limit of liability will be the lesser of: 1. The actual cash value of your covered auto; or 2. The amount necessary to repair or replace your covered auto. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | Property damage as used under this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to property owned by you while contained in your covered auto. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages under this Part; or 2. As to the amount of damages recoverable by that insured; from the owner or operator of an uninsured motor vehicle, or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs, and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 35 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| COLORADO PERSONAL AUTO POLICY | SA-1714/COEP 6/02 | EXCLUSIONS A. We do not provide Uninsured Motorists Coverage for property damage: 5. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. A. Our limit of liability will be the lesser of: 1. The actual cash value of your covered auto; or 2. The amount necessary to repair or replace your covered auto. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | Property damage as used under this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to property owned by you while contained in your covered auto. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages under this Part; or 2. As to the amount of damages recoverable; from the owner or operator of an uninsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs, and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 36 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| COLORADO PERSONAL AUTO POLICY | SA-1852/COE P 7/06 | EXCLUSIONS A. We do not provide Uninsured Motorists Coverage for property damage: 6. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. A. Our limit of liability will be the lesser of: 1. The actual cash value of your covered auto; or 2. The amount necessary to repair or replace your covered auto. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | Property damage as used under this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to property owned by you while contained in your covered auto. | ARBITRATION A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 37 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| COLORADO PERSONAL AUTO POLICY | SA-1852/COEP 6/02 | EXCLUSIONS A. We do not provide Uninsured Motorists Coverage for property damage: 5. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. A. Our limit of liability will be the lesser of: 1. The actual cash value of your covered auto; or 2. The amount necessary to repair or replace your covered auto. | A person seeking Underinsured Motorists Coverage must also promptly: 1. Send us copies of the legal papers if a suit is brought; and 2. Notify us in writing of a tentative settlement between the insured and the insurer of the underinsured motor vehicle and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such underinsured motor vehicle. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | Property damage as used under this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to property owned by you while contained in your covered auto. | A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge or a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which you live. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether you are legally entitled to recover damages; and 2. The amount of damages. |

- 38 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| COLORADO PERSONAL AUTO POLICY | SA-1852/COE P 1/08 | EXCLUSIONS A. We do not provide Uninsured Motorists Coverage for property damage: 6. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. A. Our limit of liability will be the lesser of: 1. The actual cash value of your covered auto; or 2. The amount necessary to repair or replace your covered auto. | A person seeking Underinsured Motorists Coverage must also promptly: 1. Send us copies of the legal papers if a suit is brought; and 2. Notify us in writing of a tentative settlement between the insured and the insurer of the underinsured motor vehicle and allow us 30 days to advance payment to that Insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such underinsured motor vehicle. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | Property damage as used under this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to property owned by you while contained in your covered auto. | A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| COLORADO PERSONAL AUTO POLICY | SA-1852/COE P 2/09 | EXCLUSIONS A. We do not provide Uninsured Motorists Coverage for property damage: 6. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. A. Our limit of liability will be the lesser of: 1. The actual cash value of your covered auto; or 2. The amount necessary to repair or replace your covered auto. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | Property damage as used under this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to property owned by you while contained in your covered auto. | A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 40 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| COLORADO PERSONAL AUTO POLICY | SA-1852/COEP 4/08 | EXCLUSIONS A. We do not provide Uninsured Motorists Coverage for property damage: 6. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy.<br><br>A. Our limit of liability will be the lesser of: 1. The actual cash value of your covered auto; or 2. The amount necessary to repair or replace your covered auto. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | Property damage as used under this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to property owned by you while contained in your covered auto. | A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 41 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| COLORADO PERSONAL AUTO POLICY | SA-1852/COEP 6/09 | EXCLUSIONS A. We do not provide Uninsured Motorists Coverage for property damage: 6. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. A. Our limit of liability will be the lesser of: 1. The actual cash value of your covered auto; or 2. The amount necessary to repair or replace your covered auto. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | Property damage as used under this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to property owned by you while contained in your covered auto. | A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 42 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| COLORADO PERSONAL AUTO POLICY | SA-1852/COEP 7/03 | EXCLUSIONS A. We do not provide Uninsured Motorists Coverage for property damage: 5. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. A. Our limit of liability will be the lesser of: 1. The actual cash value of your covered auto; or 2. The amount necessary to repair or replace your covered auto. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | Property damage as used under this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to property owned by you while contained in your covered auto. | A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge or a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which you live. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether you are legally entitled to recover damages; and 2. The amount of damages. |

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| COLORADO PERSONAL AUTO POLICY | SA-1852/COE P 7/04 | EXCLUSIONS A. We do not provide Uninsured Motorists Coverage for property damage: 5. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. A. Our limit of liability will be the lesser of: 1. The actual cash value of your covered auto; or 2. The amount necessary to repair or replace your covered auto. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | Property damage as used under this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to property owned by you while contained in your covered auto. | A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge or a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which you live. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether you are legally entitled to recover damages; and 2. The amount of damages. |

- 44 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| COLORADO PERSONAL AUTO POLICY | SA-1852/COE P 7/05 | EXCLUSIONS A. We do not provide Uninsured Motorists Coverage for property damage: 5. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. A. Our limit of liability will be the lesser of: 1. The actual cash value of your covered auto; or 2. The amount necessary to repair or replace your covered auto. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | Property damage as used under this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to property owned by you while contained in your covered auto. | A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge or a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which you live. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether you are legally entitled to recover damages; and 2. The amount of damages. |

- 45 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| GEORGIA PERSONAL AUTO POLICY | SA-1852/GAEP 12/05 | The limit of Property Damage Liability shown in the Declarations for "each accident" for Uninsured/ Underinsured Coverage is our maximum limit of liability for all property damage resulting from any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident, whether insured or not.<br><br>C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B of this policy. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. However, if there is no physical contact with a hit-and-run vehicle, someone must report the accident to the appropriate law enforcement agency within a reasonable amount of time. 2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an uninsured underinsured motor vehicle because of: 1. Bodily injury; and 2. Property damage; caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured/underinsure d motor vehicle. We will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. However, if a settlement is made between an **insured** and the insurer of the uninsured/ underinsured motor vehicle for an amount that does not exhaust the limits of liability under any applicable liability bonds or policies, we will not pay under this coverage unless we previously consented to such settlement in writing. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | C. "Property damage" as used in this Part means injury to or destruction of: 1. Your covered auto (including the resulting loss of use); and 2. Any property owned by a person listed in 1. and 2. of the definition of "insured," while contained in your covered auto. | None. |

- 46 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| GEORGIA PERSONAL AUTO POLICY | SA-1852/GAEP 7/03 | The limit of Property Damage Liability shown in the Declarations for "each accident" for Uninsured/ Underinsured Coverage is our maximum limit of liability for all property damage resulting from any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident, whether insured or not.<br><br>C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B of this policy. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. However, if there is no physical contact with a hit-and-run vehicle, someone must report the accident to the appropriate law enforcement agency within a reasonable amount of time. 2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured/underinsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident; and 2. Property damage caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured/underinsured motor vehicle. We will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. However, if a settlement is made between an insured and the insurer of the uninsured/underinsured motor vehicle for an amount that does not exhaust the limits of liability under any applicable liability bonds or policies, we will not pay under this coverage unless we previously consented to such settlement in writing. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | C. "Property damage" as used in this Part means injury to or destruction of: 1. Your covered auto (including the resulting loss of use); and 2. Any property owned by a person listed in 1. and 2. of the definition of "insured," while contained in your covered auto. | None. |

- 47 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| GEORGIA PERSONAL AUTO POLICY | SA-1852/GAEP 2/02 | The limit of Property Damage Liability shown in the Declarations for "each accident" for Uninsured/ Underinsured Coverage is our maximum limit of liability for all property damage resulting from any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident, whether insured or not.<br><br>C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B of this policy. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. However, if there is no physical contact with a hit-and-run vehicle, someone must report the accident to the appropriate law enforcement agency within a reasonable amount of time. 2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured/underinsured motor vehicle** because of: 1. **Bodily injury** sustained by an **insured** and caused by an accident; and 2. **Property damage** caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured/underinsured motor vehicle**. We will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. However, if a settlement is made between an **insured** and the insurer of the **uninsured/underinsured motor vehicle** for an amount that does not exhaust the limits of liability under any applicable liability bonds or policies, we will not pay under this coverage unless we previously consented to such settlement in writing. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | C. "**Property damage**" as used in this Part means injury to or destruction of: 1. **Your covered auto** (including the resulting loss of use); and 2. Any property owned by a person listed in 1. and 2. of the definition of "**Insured**," while contained in **your covered auto**. | None. |

- 48 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| GEORGIA PERSONAL AUTO POLICY | SA-1852/GAEP 1/08 | The limit of Property Damage Liability shown in the Declarations for "each accident" for Uninsured/ Underinsured Coverage is our maximum limit of liability for all property damage resulting from any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident, whether insured or not. D. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B of this policy. | A person seeking Uninsured/Underinsured Motorists Coverage must also promptly: 1. Send us copies of the legal papers if a suit is brought; and 2. Notify us in writing of a tentative settlement between the insured and the insurer of the underinsured motor vehicle and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such underinsured motor vehicle. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured/underinsured motor vehicle because of: 1. Bodily injury sustained by that insured and caused by an accident; and 2. Property damage caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured/underinsured motor vehicle. We will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. However, if a settlement is made between an insured and the insurer of the uninsured/underinsured motor vehicle for an amount that does not exhaust the limits of liability under any applicable liability bonds or policies, we will not pay under this coverage unless we previously consented to such settlement in writing. Any judgment for damages arising out of suit brought without our written consent is not binding on us. | C. "Property damage" as used in this Part means injury to or destruction of: 1. Your covered auto(including the resulting loss of use); and 2. Any property owned by a person listed in 1. and 2. of the definition of "insured," while contained in your covered auto. | None. |

- 49 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| GEORGIA SPECIALTY AUTO POLICY | SA-1714/GAEP 2/02 | The limit of Property Damage Liability shown in the Declarations for "each accident" for Uninsured/ Underinsured Coverage is our maximum limit of liability for all property damage resulting from any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident, whether insured or not. C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B of this policy. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. However, if there is no physical contact with a hit-and-run vehicle, someone must report the accident to the appropriate law enforcement agency within a reasonable amount of time. 2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured/underinsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident; and 2. Property damage caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured/underinsured motor vehicle. We will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. However, if a settlement is made between an insured and the insurer of the uninsured/underinsured motor vehicle for an amount that does not exhaust the limits of liability under any applicable liability bonds or policies, we will not pay under this coverage unless we previously consented to such settlement in writing. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | C. "Property damage" as used in this Part means injury to or destruction of: 1. Your covered auto (including the resulting loss of use); and 2. Any property owned by a person listed in 1. and 2. of the definition of "insured," while contained in your covered auto. | None. |

- 50 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| GEORGIA PERSONAL AUTO POLICY | SA-1714/GAEP 7/03 | The limit of Property Damage Liability shown in the Declarations for "each accident" for Uninsured/Underinsured Coverage is our maximum limit of liability for all property damage resulting from any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident, whether insured or not. C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B of this policy. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. However, if there is no physical contact with a hit-and-run vehicle, someone must report the accident to the appropriate law enforcement agency within a reasonable amount of time. 2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured/underinsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident; and 2. Property damage caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured/underinsured motor vehicle. We will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. However, if a settlement is made between an insured and the insurer of the uninsured/underinsured motor vehicle for an amount that does not exhaust the limits of liability under any applicable liability bonds or policies, we will not pay under this coverage unless we previously consented to such settlement in writing. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | C. "Property damage" as used in this Part means injury to or destruction of: 1. Your covered auto (including the resulting loss of use); and 2. Any property owned by a person listed in 1. and 2. of the definition of "insured," while contained in your covered auto. | None. |

- 51 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| GEORGIA PERSONAL AUTO POLICY | SA-1714/GAEP 12/05 | The limit of Property Damage Liability shown in the Declarations for "each accident" for Uninsured/ Underinsured Coverage is our maximum limit of liability for all property damage resulting from any one accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the accident, whether insured or not. C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B of this policy. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. However, if there is no physical contact with a hit-and-run vehicle, someone must report the accident to the appropriate law enforcement agency within a reasonable amount of time. 2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured/underinsured motor vehicle because of: 1. Bodily injury; and 2. Property damage; caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured/underinsured motor vehicle. We will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements. However, if a settlement is made between an insured and the insurer of the uninsured/underinsured motor vehicle for an amount that does not exhaust the limits of liability under any applicable liability bonds or policies, we will not pay under this coverage unless we previously consented to such settlement in writing. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | C. "Property damage" as used in this Part means injury to or destruction of: 1. Your covered auto (including the resulting loss of use); and 2. Any property owned by a person listed in 1. and 2. of the definition of "insured," while contained in your covered auto. | None. |

- 52 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| IDAHO PERSONAL AUTO POLICY | SA-1852/IDEP 3/05 | DEDUCTIBLES The following will be deducted from the amount of property damage resulting from any one accident: 1. $300 if the accident is caused by a hit-and-run vehicle or a vehicle which has no physical contact with your covered auto. 2. $100 in all other cases. LIMIT OF LIABILITY A. The limit of liability shown in the Declarations for Uninsured Motorists Property Damage is our maximum limit of liability for all property damage sustained in any one accident. B. Any amounts otherwise payable for damages which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident shall be reduced by all sums paid because of the property damage by or on behalf of persons or organizations who may be legally responsible. OTHER INSURANCE With respect to an auto or property contained in an auto: 1. If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance. 2. For any property damage to which the Collision Coverage of this policy (or similar coverage from another policy) and this coverage both apply, you may choose the coverage from which damages will be paid. You may recover under both coverages, but only if: a. neither one by itself is sufficient to cover the loss; and b. you will not recover more than the actual damages, less the applicable deductible. 3. With respect to all other property, this coverage shall be excess over any other collectible insurance. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | UNINSURED MOTORISTS COVERAGE PROPERTY DAMAGE INSURING AGREEMENT A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident if the Declarations indicates that Uninsured Motorists Property Damage applies. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | C. "Property damage" as used in this coverage means injury to, destruction of or loss of use of: 1. Your covered auto. 2. Any property owned by an insured. 3. Any property owned by you or any family member while contained in any auto not owned, but being operated, by you or any family member. | ARBITRATION A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by the insured; from the owner or operator of an uninsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this part may not be arbitrated. Arbitration shall begin upon a written demand from either party. 1. The parties may agree to a single arbitrator. A decision by the arbitrator will be binding. 2. If the parties cannot agree on a single arbitrator, each will select an independent representative, who will then select a single arbitrator. The parties may then proceed with the single arbitrator by agreement. A decision by the arbitrator will be binding. 3. If the representatives cannot agree on a single arbitrator within 30 days or the parties do not agree on the arbitrator selected, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a court having jurisdiction. A decision by two of the three arbitrators will be binding. B. Unless both parties agree otherwise, arbitration will take place within the |

- 53 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | | | county and state in which the **insured** lives. Local rules of law as to procedure and evidence will apply. Each party will pay the expenses it incurs, except we will bear the reasonable expenses of the arbitrator(s) and any statutory costs actually incurred by the **insured**. |

- 54 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| **IDAHO PERSONAL AUTO POLICY** | SA-1852/IDEP 2/09 | **DEDUCTIBLES** The following will be deducted from the amount of property damage resulting from any one accident: 1. $300 if the accident is caused by a hit-and-run vehicle or a vehicle which has no physical contact with your covered auto. 2. $100 in all other cases. **LIMIT OF LIABILITY** A. The limit of liability shown in the Declarations for Uninsured Motorists Property Damage is our maximum limit of liability for all property damage sustained in any one accident. B. Any amounts otherwise payable for damages which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident shall be reduced by all sums paid because of the property damage by or on behalf of persons or organizations who may be legally responsible. **OTHER INSURANCE** With respect to an auto or property contained in an auto: 1. If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance. 2. For any property damage to which the Collision Coverage of this policy (or similar coverage from another policy) and this coverage both apply, you may choose the coverage from which damages will be paid. You may recover under both coverages, but only if: a. neither one by itself is sufficient to cover the loss; and b. you will not recover more than the actual damages, less the applicable deductible. 3. With respect to all other property, this coverage shall be excess over any other collectible insurance. | C. A person seeking Uninsured Motorists Coverage or Underinsured Motorists Coverage must also: 1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | **UNINSURED MOTORISTS COVERAGE PROPERTY DAMAGE** **INSURING AGREEMENT** A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident if the Declarations indicates that Uninsured Motorists Property Damage applies. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | C. "Property damage" as used in this coverage means injury, to destruction of or loss of use of: 1. Your covered auto. 2. Any property owned by an insured. 3. Any property owned by you or any family member while contained in any auto not owned, but being operated, by you or any family member. | None. Arbitration language is available only regarding uninsured motorist bodily injury or underinsured motorist bodily injury. It is not present in the uninsured motorist property damage section. |

- 55 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| IDAHO PERSONAL AUTO POLICY | SA-1852/IDEP 1/03 | D. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B of this policy. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | INSURING AGREEMENT<br><br>A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury: 1. Sustained by an insured; and 2. Caused by an accident.<br><br>The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle.<br><br>Any judgment for damages arising out of a suit brought without our written consent is not binding on us.<br><br>We will pay under this coverage only if 1. or 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgment or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice of such tentative settlement; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. | None. | ARBITRATION A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will pay the expenses it incurs, and bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county and state in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 56 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| IDAHO PERSONAL AUTO POLICY | SA-1852/IDEP 9/07 | **DEDUCTIBLES** The following will be deducted from the amount of property damage resulting from any one accident: 1. $300 if the accident is caused by a hit-and-run vehicle or a vehicle which has no physical contact with your covered auto. 2. $100 in all other cases.<br><br>**LIMIT OF LIABILITY** A. The limit of liability shown in the Declarations for Uninsured Motorists Property Damage is our maximum limit of liability for all property damage sustained in any one accident. B. Any amounts otherwise payable for damages which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident shall be reduced by all sums paid because of the property damage by or on behalf of persons or organizations who may be legally responsible.<br><br>**OTHER INSURANCE** With respect to an auto or property contained in an auto: 1. If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance. 2. For any property damage to which the Collision Coverage of this policy (or similar coverage from another policy) and this coverage both apply, you may choose the coverage from which damages will be paid. You may recover under both coverages, but only if: a. neither one by itself is sufficient to cover the loss; and b. you will not recover more than the actual damages, less the applicable deductible. 3. With respect to all other property, this coverage shall be excess over any other collectible insurance. | A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run if a driver is involved. | We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury: 1. Sustained by an insured; and 2. Caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. We will pay damages under this coverage caused by an accident with an underinsured motor vehicle only if 1. or 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice of such tentative settlement; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. Any judgment for damages arising out of suit brought without our written consent is not binding on us. | C. "Property damage" as used in this coverage means injury to, destruction of or loss of use of: 1. Your covered auto. 2. Any property owned by an insured. 3. Any property owned by you or any family member while contained in any auto not owned, but being operated, by you or any family member. | A. If we and an insured do not agree: 1. Whether that insured is legally entitled to 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 57 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| IDAHO PERSONAL AUTO POLICY | SA-1852/IDEP 9/00 | D. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B of this policy. | A person seeking Underinsured Motorists Coverage must also promptly: 1. Send us copies of the legal papers if a suit is brought; and 2. Notify us in writing of a tentative settlement between the Insured and the insurer of the underinsured motor vehicle and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such underinsured motor vehicle. | We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury: 1. Sustained by an insured; and 2. Caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. We will pay under this coverage only if 1. or 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgment or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice of such tentative settlement; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. | None. | A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will pay the expenses it incurs, and bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county and state in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 58 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| IDAHO PERSONAL AUTO POLICY | SA-1852/IDEP 8/08 G1 | DEDUCTIBLES The following will be deducted from the amount of property damage resulting from any one accident: 1. $300 if the accident is caused by a hit-and run vehicle or a vehicle which has no physical contact with your covered auto. 2. $100 in all other cases. LIMIT OF LIABILITY A. The limit of liability shown in the Declarations for Uninsured Motorists Property Damage is our maximum limit of liability for all property damage sustained in any one accident. B. Any amounts otherwise payable for damages which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident shall be reduced by all sums paid because of the property damage by or on behalf of persons or organizations who may be legally responsible. OTHER INSURANCE With respect to an auto or property contained in an auto: 1. If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance. 2. For any property damage to which the Collision Coverage of this policy (or similar coverage from another policy) and this coverage both apply, you may choose the coverage from which damages will be paid. You may recover under both coverages, but only if: a. neither one by itself is sufficient to cover the loss; and b. you will not recover more than the actual damages, less the applicable deductible. 3. With respect to all other property, this coverage shall be excess over any other collectible insurance. | A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury: 1. Sustained by that insured; and 2. Caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. We will pay damages under this coverage caused by an accident with an underinsured motor vehicle only if 1. or 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice of such tentative settlement; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. Any judgment for damages arising out of suit Brought without our written consent is not binding on us. | "Property damage" as used in this coverage means injury to, destruction of or loss of use of: 1. Your covered auto. "Property damage" as used in this coverage means injury to, destruction of or loss of use of: 1. Your covered auto. 2. Any property owned by an insured. 3. Any property owned by you or any family member while contained in any auto not owned, but being operated, by you or any family member. | If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 59 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| IDAHO PERSONAL AUTO POLICY | SA-1852/IDEP 7/06 | **DEDUCTIBLES**<br>The following will be deducted from the amount of property damage resulting from any one accident:<br>1. $300 if the accident is caused by a hit-and-run vehicle or a vehicle which has no physical contact with your covered auto.<br>2. $100 in all other cases.<br><br>**LIMIT OF LIABILITY**<br>A. The limit of liability shown in the Declarations for Uninsured Motorists Property Damage is our maximum limit of liability for all property damage sustained in any one accident.<br>B. Any amounts otherwise payable for damages which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident shall be reduced by all sums paid because of the property damage by or on behalf of persons or organizations who may be legally responsible.<br><br>**OTHER INSURANCE**<br>With respect to an auto or property contained in an auto:<br>1. If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.<br>2. For any property damage to which the Collision Coverage of this policy (or similar coverage from another policy) and this coverage both apply, you may choose the coverage from which damages will be paid. You may recover under both coverages, but only if:<br>a. neither one by itself is sufficient to cover the loss; and<br>b. you will not recover more than the actual damages, less the applicable deductible.<br>3. With respect to all other property, this coverage shall be excess over any other collectible insurance. | A person seeking Uninsured/Underinsured Motorists Coverage must also:<br>1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved.<br>2. Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident if the Declarations indicates that Uninsured Motorists Property Damage applies. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | "Property damage" as used in this coverage means injury to, destruction of or loss of use of:<br>1. Your covered auto.<br>2. Any property owned by an insured.<br>3. Any property owned by you or any family member while contained in any auto not owned, but being operated, by you or any family member. | If we and an insured do not agree:<br>1. Whether that insured is legally entitled to recover damages; or<br>2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.<br>B. Each party will:<br>1. Pay the expenses it incurs; and<br>2. Bear the expenses of the third arbitrator equally.<br>C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 60 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| IDAHO PERSONAL AUTO POLICY | SA-1852/IDEP 4/09 | E. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B of this policy. | C. A person seeking Uninsured Motorists Coverage Or Underinsured Motorists Coverage must also: 1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury: 1. Sustained by that insured; and 2. Caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership maintenance or use of the uninsured motor vehicle. Any judgment for damages arising out of suit Brought without our written consent is not binding on us. | "Property damage" as used in this coverage means injury to, destruction of or loss of use of: 1. Your covered auto. 2. Any property owned by an insured. 3. Any property owned by you or any family member while contained in any auto not owned, but being operated, by you or any family member. | If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 61 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| IDAHO PERSONAL AUTO POLICY | SA-2522/IDEP 1/03 | D. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B of this policy. | C. A person seeking Uninsured/ Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury: 1. Sustained by an insured; and 2. Caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. We will pay under this coverage only if 1. or 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgment or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice of such tentative settlement; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. | None. | A. If we and an insured do not agree: 1. Whether an insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 62 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| IDAHO PERSONAL AUTO POLICY | SA-2522/IDEP 3/05 | DEDUCTIBLES The following will be deducted from the amount of property damage resulting from any one accident: 1. $300 if the accident is caused by a hit-and-run vehicle or a vehicle which has no physical contact with your covered auto. 2. $100 in all other cases.<br><br>LIMIT OF LIABILITY A. The limit of liability shown in the Declarations for Uninsured Motorists Property Damage is our maximum limit of liability for all property damage sustained in any one accident. B. Any amounts otherwise payable for damages which the insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident shall be reduced by all sums paid because of the property damage by or on behalf of persons or organizations who may be legally responsible.<br><br>OTHER INSURANCE With respect to an auto or property contained in an auto: 1. If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance. 2. For any property damage to which the Collision Coverage of this policy (or similar coverage from another policy) and this coverage both apply, you may choose the coverage from which damages will be paid. You may recover under both coverages, but only if: a. neither one by itself is sufficient to cover the loss; and b. you will not recover more than the actual damages, less the applicable deductible. 3. With respect to all other property, this coverage shall be excess over any other collectible insurance. | We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident if the Declarations indicates that Uninsured Motorists Property Damage applies. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. | "Property damage" as used in this coverage means injury to, destruction of or loss of use of: 1. Your covered auto. 2. Any property owned by an insured. 3. Any property owned by you or any family member while contained in any auto not owned, but being operated, by you or any family member. | A. If we and an insured do not agree: 1. Whether an insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 63 -

| Title of Policy | Policy ID Number | Major Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| IDAHO PERSONAL AUTO POLICY | SA-2522/IDEP 7/02 | D. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B of this policy. | C. A person seeking Uninsured/Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury: 1. Sustained by an insured; and 2. Caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. We will pay under this coverage only if 1. or 2. below applies: 1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgment or settlements; or 2. A tentative settlement has been made between an insured and the insurer of the underinsured motor vehicle and we: a. have been given prompt written notice of such tentative settlement; and b. advance payment to the insured in an amount equal to the tentative settlement within 30 days after receipt of notification. | None. | A. If we and an insured do not agree: 1. Whether an insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding. |

- 64 -

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| **ILLINOIS SPECIALTY AUTO POLICY** | SA-1783/IL EP 11/99 | **4.** To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. **5.** If the owner or operator of the uninsured motor vehicle cannot be identified. | A person seeking **Property Damage Uninsured Motorists Coverage** must: **1.** Promptly send us copies of the legal papers if a suit is brought. **2.** Provide us with: **a.** the name and address of the owner of the **uninsured motor vehicle;** or **b.** the registration number and description of such vehicle; or **c.** any other available information to establish that there is no applicable motor vehicle property damage liability insurance. | We will pay all sums **which the insured is legally** entitled to recover from the owner or operator of an **uninsured motor vehicle because of property damage** sustained by the **insured,** caused by an accident involving actual physical contact of an **uninsured motor vehicle with the insured motor vehicle,** and arising out of the ownership, maintenance or use of such **uninsured motor vehicle.** Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | **"Property damage"** as used in this coverage means injury to or destruction of the **insured automobile.** However, property damage does not include: **1.** Loss of use of the **insured automobile;** or **2.** Damage to personal property contained in the **insured automobile.** | If any person making claim hereunder and we do not agree that such person is legally entitled to recover damages from the owner or operator of an **uninsured motor vehicle because of property damage,** or do not agree as to the amount of payment which may be owing under this insurance, then, the matter or matters upon which such person and the company do not agree shall be settled in accordance with the rules of the American Arbitration Association. Either party may make a written demand for arbitration. In this event, each party to the dispute shall select an arbitrator and the two arbitrators so named shall select a third arbitrator. If such arbitrators are not selected with in 45 days, either party may request that such arbitration be submitted to the American Arbitration Association. Any decision made by the arbitrators shall be binding for the amount of damages not exceeding the limits for property damage set forth in Section 7-203 of The Illinois Vehicle Code. We will bear all the expenses of the arbitration except when the recovery of the person making claim exceeds the minimum limit specified in the Illinois Safety Responsibility Law. If this occurs, such person will be responsible for payment of such person's expenses and an equal share of the expenses of the third arbitrator up to the amount by which such person's recovery exceeds the statutory minimum. |
| **ILLINOIS PERSONAL AUTO POLICY** | SA-1852/IL EP 11/06 | **4.** To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. **5.** If the owner or operator of the | A person seeking Property Damage Uninsured Motorists Coverage must also: **1.** Promptly send us copies of the legal papers if a suit is brought. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage | **"Property damage"** as used in this coverage means injury to or destruction of **your covered auto.** However, property damage does not include: **1.** Loss of use of your | **A.** If we and an **insured** do not agree: **1.** Whether that person is legally entitled to recover damages under this part; or **2.** As to the amount of damages; either party may make a written |

- 65 -

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | uninsured motor vehicle cannot be identified. | 2. Provide us with: a. The name and address of the owner of the uninsured motor vehicle; or b. The registration number or description of such vehicle; or c. Any other available information to establish that there is no applicable motor vehicle property damage liability insurance. | caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | covered auto; or 2. Damage to personal property contained in your covered auto other than a child restraint system that: a. meets the applicable standards of the Illinois Child Passenger Protection Act; and b. was in use by the child at the time of the accident for which this coverage applies. | demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If such arbitrators are not selected within 45 days, either party may request that the arbitration be submitted to the American Arbitration Association. B. We will bear all the expenses of the arbitration except when the insured's recovery exceeds the minimum limit specified in the Illinois Safety Responsibility Law. If this occurs, the insured will be responsible up to the amount by which the insured's recovery exceeds the statutory minimum for: 1. Payment of his or her expenses; and 2. An equal share of the third arbitrator's expenses. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. If arbitration is submitted to the American Arbitration Association, then the American Arbitration Association rules shall apply to all matters except medical opinions. As to medical opinions, if the amount of damages being sought: 1. Is equal to or less than the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then the American Arbitration Association rule shall apply. 2. Exceeds the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then rules of evidence that apply in the circuit court for placing medical opinions into evidence shall apply. In all other cases, local rules of law as to procedure and evidence shall apply. D. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of |

- 66 -

pemba

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | | | damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount is not made, the amount of damages agreed to by the arbitrators will be binding |
| ILLINOIS PERSONAL AUTO POLICY | SA-1852/IL EP 8/08 | 4. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. 5. If the owner or operator of the uninsured motor vehicle cannot be identified. | A person seeking Property Damage Uninsured Motorists Coverage must also: 1. Promptly send us copies of the legal papers if a suit is brought. 2. Provide us with: a. The name and address of the owner of the uninsured motor vehicle; or b. The registration number or description of such vehicle; or c. Any other available information to establish that there is no applicable motor vehicle property damage liability insurance. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | "Property damage" as used in this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to personal property contained in your covered auto other than a child restraint system that: a. meets the applicable standards of the Illinois Child Passenger Protection Act; and b. was in use by the child at the time of the accident for which this coverage applies. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages under this part; or 2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If such arbitrators are not selected within 45 days, either party may request that the arbitration be submitted to the American Arbitration Association. B. We will bear all the expenses of the arbitration except when the insured's recovery exceeds the minimum limit specified in the Illinois Safety Responsibility Law. If this occurs, the insured will be responsible up to the amount by which the insured's recovery exceeds the statutory minimum for: 1. Payment of his or her expenses; and 2. An equal share of the third arbitrator's expenses. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. If arbitration is submitted to the American Arbitration Association, then the American Arbitration Association rules shall apply to all matters except medical opinions. As to medical opinions, if the amount of damages being |

- 67 -

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | | | sought:<br>1. Is equal to or less than the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then the American Arbitration Association rule shall apply.<br>2. Exceeds the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then rules of evidence that apply in the circuit court for placing medical opinions into evidence shall apply.<br>In all other cases, local rules of law as to procedure and evidence shall apply.<br>D. A decision agreed to by two of the arbitrators will be binding as to:<br>1. Whether the insured is legally entitled to recover damages; and<br>2. The amount of damages. This applies only If the amount does not exceed the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding. |
| ILLINOIS PERSONAL AUTO POLICY | SA-1852/IL EP 8/06 | 4. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy.<br><br>5. If the owner or operator of the uninsured motor vehicle cannot be identified. | A person seeking Property Damage Uninsured Motorists Coverage must also:<br>1. Promptly send us copies of the legal papers if a suit is brought.<br>2. Provide us with:<br>a. The name and address of the owner of the uninsured motor vehicle; or<br>b. The registration number or description of such vehicle; or<br>c. Any other available information to establish that there is no applicable motor vehicle property damage liability insurance. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.<br>Any judgment for | "Property damage" as used in this coverage means injury to or destruction of your covered auto. However, property damage does not include:<br>1. Loss of use of your covered auto; or<br>2. Damage to personal property contained in your covered auto other than a child restraint system that:<br>a. meets the applicable standards of the Illinois Child Passenger Protection Act; and<br>b. was in use by the child at the time of the accident for which this coverage applies. | A. If we and an insured do not agree:<br>1. Whether that person is legally entitled to recover damages under this part; or<br>2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If such arbitrators are not selected within 45 days, either party may request that the arbitration be submitted to the American Arbitration Association.<br>B. We will bear all the expenses of the arbitration except when |

- 58 -

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | damages arising out of a suit brought without our written consent is not binding on us. | | the insured's recovery exceeds the minimum limit specified in the Illinois Safety Responsibility Law. If this occurs, the insured will be responsible up to the amount by which the insured's recovery exceeds the statutory minimum for: 1. Payment of his or her expenses; and 2. An equal share of the third arbitrator's expenses. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. If arbitration is submitted to the American Arbitration Association, then the American Arbitration Association rules shall apply to all matters except medical opinions. As to medical opinions, if the amount of damages being sought: 1. Is equal to or less than the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then the American Arbitration Association rule shall apply. 2. Exceeds the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then rules of evidence that apply in the circuit court for placing medical opinions into evidence shall apply. In all other cases, local rules of law as to procedure and evidence shall apply. D. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law. If the amount exceeds that limit, either party may demand the right to a trial. This demand |

- 69 -

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | | | must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding. |
| ILLINOIS PERSONAL AUTO POLICY | SA-1852/IL EP 7/05 | 4. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy.<br><br>5. If the owner or operator of the uninsured motor vehicle cannot be identified. | A person seeking Property Damage Uninsured Motorists Coverage must also:<br>1. Promptly send us copies of the legal papers if a suit is brought.<br>2. Provide us with:<br>a. The name and address of the owner of the uninsured motor vehicle; or<br>b. The registration number or description of such vehicle; or<br>c. Any other available information to establish that there is no applicable motor vehicle property damage liability insurance. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.<br>Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | "Property damage" as used in this coverage means injury to or destruction of your covered auto. However, property damage does not include:<br>1. Loss of use of your covered auto; or<br>2. Damage to personal property contained in your covered auto other than a child restraint system that:<br>a. meets the applicable standards of the Illinois Child Passenger Protection Act; and<br>b. was in use by the child at the time of the accident for which this coverage applies. | A. If we and an insured do not agree:<br>1. Whether that person is legally entitled to recover damages under this part; or<br>2. As to the amount of damages, either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If such arbitrators are not selected within 45 days, either party may request that the arbitration be submitted to the American Arbitration Association.<br>B. We will bear all the expenses of the arbitration except when the insured's recovery exceeds the minimum limit specified in the Illinois Safety Responsibility Law. If this occurs, the insured will be responsible up to the amount by which the insured's recovery exceeds the statutory minimum for:<br>1. Payment of his or her expenses; and<br>2. An equal share of the third arbitrator's expenses.<br>C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. If arbitration is submitted to the American Arbitration Association, then the American Arbitration Association rules shall apply to all matters except medical opinions. As to medical opinions, if the amount of damages being sought:<br>1. Is equal to or less than the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then the American Arbitration Association rules shall |

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | | | apply. 2. Exceeds the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then rules of evidence that apply in the circuit court for placing medical opinions into evidence shall apply. In all other cases, local rules of law as to procedure and evidence shall apply. D. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding. |
| ILLINOIS PERSONAL AUTO POLICY | SA-1852/IL EP 6/09 | **EXCLUSIONS** A. We do not provide Uninsured Motorists Coverage for property damage: 4. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. 5. If the owner or operator of the uninsured motor vehicle cannot be identified. | A person seeking Property Damage Uninsured Motorists Coverage must also: 1. Promptly send us copies of the legal papers if a suit is brought. 2. Provide us with: a. The name and address of the owner of the uninsured motor vehicle; or b. The registration number or description of such vehicle; or c. Any other available information to establish that there is no applicable motor vehicle property damage liability insurance. | We will pay damages which you are legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **property damage** caused by an accident arising out of actual physical contact with your **covered auto**. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.** Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | "Property damage" as used in this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to personal property contained in your covered auto other than a child restraint system that: a. meets the applicable standards of the Illinois Child Passenger Protection Act; and b. was in use by the child at the time of the accident for which this coverage applies. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages under this part; or 2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If such arbitrators are not selected within 45 days, either party may request that the arbitration be submitted to the American Arbitration Association. B. We will bear all the expenses of the arbitration except when the **insured's** recovery exceeds the **minimum limit** specified in the Illinois Safety Responsibility Law. If this occurs, the insured will be responsible up to the amount by which |

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | | | the insured's recovery exceeds the statutory minimum for: 1. Payment of his or her expenses; and 2. An equal share of the third arbitrator's expenses. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. If arbitration is submitted to the American Arbitration Association, then the American Arbitration Association rules shall apply to all matters except medical opinions. As to medical opinions, if the amount of damages being sought: 1. Is equal to or less than the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then the American Arbitration Association rule shall apply. 2. Exceeds the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then rules of evidence that apply in the circuit court for placing medical opinions into evidence shall apply. In all other cases, local rules of law as to procedure and evidence shall apply. D. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be |

- 72 -

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | | | binding. |
| ILLINOIS PERSONAL AUTO POLICY | SA-1852/IL EP 6/03 | 4. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. 5. If the owner or operator of the **uninsured motor vehicle** cannot be identified. | A person seeking Property Damage Uninsured Motorists Coverage must also: 1. Promptly send us copies of the legal papers if a suit is brought. 2. Provide us with: a. The name and address of the owner of the **uninsured motor vehicle**; or b. The registration number or description of such vehicle; or c. Any other available information to establish that there is no applicable motor vehicle property damage liability insurance. | We will pay damages which you are legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **property damage** caused by an accident arising out of actual physical contact with your **covered auto**. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | "Property damage" as used in this coverage means injury to or destruction of your **covered auto**. However, **property damage** does not include: 1. Loss of use of your **covered auto**; or 2. Damage to personal property contained in your **covered auto** other than a child restraint system that: a. meets the applicable standards of the Illinois Child Passenger Protection Act; and b. was in use by the child at the time of the accident for which this coverage applies. | A. If we and an **insured** do not agree: 1. Whether that person is legally entitled to recover damages under this part; or 2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If such arbitrators are not selected within 45 days, either party may request that the arbitration be submitted to the American Arbitration Association. B. We will bear all the expenses of the arbitration except when the **insured's** recovery exceeds the statutory minimum limit specified in the Illinois Safety Responsibility Law. If this occurs, the **insured** will be responsible up to the amount by which the **insured's** recovery exceeds the statutory minimum for: 1. Payment of his or her expenses; and 2. An equal share of the third arbitrator's expenses. C. Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. If arbitration is submitted to the American Arbitration Association, then the American Arbitration Association rules shall apply to all matters except medical opinions. As to medical opinions, if the amount of damages being sought: 1. Is equal to or less than the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then the American Arbitration Association rules shall apply. 2. Exceeds the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then rules of |

- 73 -

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | | | evidence that apply in the circuit court for placing medical opinions into evidence shall apply. In all other cases, local rules of law as to procedure and evidence shall apply. D. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding. |
| ILLINOIS PERSONAL AUTO POLICY | SA-1852/IL EP 5/06 | 4. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. 5. If the owner or operator of the uninsured motor vehicle cannot be identified. | A person seeking Property Damage Uninsured Motorists Coverage must also: 1. Promptly send us copies of the legal papers if a suit is brought. 2. Provide us with: a. The name and address of the owner of the uninsured motor vehicle; or b. The registration number or description of such vehicle; or c. Any other available information to establish that there is no applicable motor vehicle property damage liability insurance. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | "Property damage" as used in this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to personal property contained in your covered auto other than a child restraint system that: a. meets the applicable standards of the Illinois Child Passenger Protection Act; and b. was in use by the child at the time of the accident for which this coverage applies. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages under this part; or 2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If such arbitrators are not selected within 45 days, either party may request that the arbitration be submitted to the American Arbitration Association. B. We will bear all the expenses of the arbitration except when the insured's recovery exceeds the minimum limit specified in the Illinois Safety Responsibility Law. If this occurs, the insured will be responsible up to the amount by which the insured's recovery exceeds the statutory minimum for: 1. Payment of his or her expenses; and 2. An equal share of the |

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | | | third arbitrator's expenses. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. If arbitration is submitted to the American Arbitration Association, then the American Arbitration Association rules shall apply to all matters except medical opinions. As to medical opinions, if the amount of damages being sought: 1. Is equal to or less than the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then the American Arbitration Association rule shall apply. 2. Exceeds the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then rules of evidence that apply in the circuit court for placing medical opinions into evidence shall apply. In all other cases, local rules of law as to procedure and evidence shall apply. D. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding. |
| ILLINOIS PERSONAL AUTO POLICY | SA-1852/IL EP 4/05 | 4. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any | A person seeking Property Damage Uninsured Motorists Coverage must also: | We will pay damages which you are legally entitled to recover from the | "Property damage" as used in this coverage means injury to or destruction of your covered auto. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages under |

- 75 -

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
|  |  | other policy.<br><br>5. If the owner or operator of the uninsured motor vehicle cannot be identified. | 1. Promptly send us copies of the legal papers if a suit is brought.<br>2. Provide us with:<br>a. The name and address of the owner of the uninsured motor vehicle; or<br>b. The registration number or description of such vehicle; or<br>c. Any other available information to establish that there is no applicable motor vehicle property damage liability insurance. | owner or operator of an **uninsured motor vehicle** because of **property damage** caused by an accident arising out of actual physical contact with **your covered auto**. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | However, **property damage** does not include:<br>1. Loss of use of **your covered auto**; or<br>2. Damage to personal property contained in **your covered auto** other than a child restraint system that:<br>a. meets the applicable standards of the Illinois Child Passenger Protection Act; and<br>b. was in use by the child at the time of the accident for which this coverage applies. | this part; or<br>2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If such arbitrators are not selected within 45 days, either party may request that the arbitration be submitted to the American Arbitration Association.<br>B. We will bear all the expenses of the arbitration except when the **insured's** recovery exceeds the minimum limit specified in the Illinois Safety Responsibility Law. If this occurs, the **insured** will be responsible up to the amount by which the **insured's** recovery exceeds the statutory minimum for:<br>1. Payment of his or her expenses; and<br>2. An equal share of the third arbitrator's expenses.<br>C. Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives.<br>If arbitration is submitted to the American Arbitration Association, then the American Arbitration Association rules shall apply to all matters except medical opinions. As to medical opinions, if the amount of damages being sought:<br>1. Is equal to or less than the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then the American Arbitration Association rules shall apply.<br>2. Exceeds the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then rules of evidence that apply in the circuit court for placing medical opinions into evidence |

- 76 -

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | | | shall apply. In all other cases, local rules of law as to procedure and evidence shall apply. D. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding. |
| ILLINOIS PERSONAL AUTO POLICY | SA-1852/IL EP 2/09 | 4. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. 5. If the owner or operator of the uninsured motor vehicle cannot be identified. | A person seeking Property Damage Uninsured Motorists Coverage must also: 1. Promptly send us copies of the legal papers if a suit is brought. 2. Provide us with: a. The name and address of the owner of the uninsured motor vehicle; or b. The registration number or description of such vehicle; or c. Any other available information to establish that there is no applicable motor vehicle property damage liability insurance. | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | "Property damage" as used in this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to personal property contained in your covered auto other than a child restraint system that: a. meets the applicable standards of the Illinois Child Passenger Protection Act; and b. was in use by the child at the time of the accident for which this coverage applies. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages under this part; or 2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If such arbitrators are not selected within 45 days, either party may request that the arbitration be submitted to the American Arbitration Association. B. We will bear all the expenses of the arbitration except when the insured's recovery exceeds the minimum limit specified in the Illinois Safety Responsibility Law. If this occurs, the insured will be responsible up to the amount by which the insured's recovery exceeds the statutory minimum for: 1. Payment of his or her expenses; and 2. An equal share of the third arbitrator's expenses. C. Unless both parties agree otherwise, arbitration will take |

- 77 -

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident of Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | | | | | place in the county in which the insured lives. If arbitration is submitted to the American Arbitration Association, then the American Arbitration Association rules shall apply to all matters except medical opinions. As to medical opinions, if the amount of damages being sought: 1. Is equal to or less than the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then the American Arbitration Association rule shall apply. 2. Exceeds the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then rules of evidence that apply in the circuit court for placing medical opinions into evidence shall apply. In all other cases, local rules of law as to procedure and evidence shall apply. D. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding. |
| ILLINOIS PERSONAL AUTO POLICY | SA-1852/IL EP 1/01 | 4. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. 5. If the owner or operator of the uninsured motor | A person seeking Property Damage Uninsured Motorists Coverage must also: 1. Promptly send us copies of the legal papers if a suit is brought. 2. Provide us with: | We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage | "Property damage" as used in this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or | If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages under this endorsement; or 2. As to the amount of damages which are recoverable by that |

- 78 -

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | vehicle cannot be identified | a. The name and address of the owner of the uninsured motor vehicle; or b. The registration number or description of such vehicle; or c. Any other available information to establish that there is no applicable motor vehicle property damage liability insurance. | caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | 2. Damage to personal property contained in your covered auto other than a child restraint system that: a. meets the applicable standards of the Illinois Child Passenger Protection Act; and b. was in use by the child at the time of the accident for which this coverage applies. | Insured; from the owner or operator of an uninsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If such arbitrators are not selected within 45 days, either party may request that the arbitration be submitted to the American Arbitration Association. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. |

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| INDIANA PERSONAL AUTO POLICY | SA-1852/INE P 10/08 | 8. For the first $300 of the amount of property damage to the property of each insured as the result of any one accident with an uninsured motor vehicle if the Declarations indicate that the deductible applies to this coverage.<br><br>The limit of liability shown in the Declarations for Uninsured Motorists Coverage is our maximum Limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the auto accident.<br><br>D. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B or any Underinsured Motorists Coverage provided by this policy.<br><br>G. No payment will be made for loss paid or payable to the insured under Part D of the policy. | C. A person seeking Uninsured Motorists Coverage Or Underinsured Motorists Coverage must also: 1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. 3. Promptly notify us in writing of a tentative Settlement between the insured and the insurer of an underinsured motor vehicle. Such notice must include certification of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle. 4. Allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of the underinsured motor vehicle. | INSURING AGREEMENT A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident; and 2. Property damage caused by an accident if the Declarations indicates that both bodily injury and property damage Uninsured Motorists Coverage applies. However, when both bodily injury and property damage Uninsured Motorists Coverage is afforded, item 3. of the definition of uninsured motor vehicle, concerning an unidentified hit-and-run vehicle, will not apply to property damage. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. Any judgment for damages arising out of suit Brought without our written consent is not binding on us. | C. "Property damage" as used in this Part means injury to or destruction of: 1. Your covered auto. 2. Any property owned by a person listed in 1. or 2. of definition of insured or while contained in your covered auto. However, property damage shall not include loss of use of damaged or destroyed property. | A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs; and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Indiana. If the amount exceeds that limit, either party may demand the right to a trail. This demand must be made within 60 days of the arbitrator's decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding. |
| INDIANA PERSONAL AUTO POLICY | SA-1852/INE P 8/08 | 8. For the first $300 of the amount of property damage to the property of each insured as the result of any one accident with an uninsured motor vehicle if the Declarations indicate that the | C. A person seeking Uninsured Motorists Coverage Or Underinsured Motorists Coverage must also: 1. Report the accident to the police or other Civil authority within twenty-four (24) hours or as soon as | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of: 1. Bodily injury sustained by that insured and caused by an accident; and | C. "Property damage" as used in this Part means injury to or destruction of: 1. Your covered auto. 2. Any property owned by a person listed in 1. or 2. of definition of insured or while | A. If we and an insured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle then the matter may be arbitrated. However, disputes |

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | deductible applies to this coverage.<br><br>The limit of liability shown in the Declarations for Uninsured Motorists Coverage is our maximum Limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:<br>1. Insureds;<br>2. Claims made;<br>3. Vehicles or premiums shown in the Declarations; or<br>4. Vehicles involved in the auto accident.<br><br>D. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B or any Underinsured Motorists Coverage provided by this policy.<br><br>G. No payment will be made for loss paid or payable to the insured under Part D of the policy. | practicable if a hit-and-run driver is involved.<br>2. Promptly send us copies of the legal papers if a suit is brought.<br>3. Promptly notify us in writing of a tentative settlement between the insured and the insurer of an underinsured motor vehicle. Such notice must include certification of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle.<br>4. Allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of the underinsured motor vehicle. | 2. Property damage caused by an accident if the Declarations indicates that both bodily injury and property damage Uninsured Motorists Coverage applies. However, when both bodily injury and property damage Uninsured Motorists Coverage is afforded, item 3. of the definition of uninsured motor vehicle, concerning an unidentified hit-and-run vehicle, will not apply to property damage.<br>The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle.<br>Any judgment for damages arising out of suit<br>Brought without our written consent is not binding on us. | contained in your covered auto. However, property damage shall not include loss of use of damaged or destroyed property. | concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.<br>B. Each party will:<br>1. Pay the expenses it incurs; and<br>2. Bear the expenses of the third arbitrator equally.<br>C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:<br>1. Whether the insured is legally entitled to recover damages; and<br>2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Indiana. If the amount exceeds that limit, either party may demand the right to a trail. This demand must be made within 60 days of the arbitrator's decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding. |
| INDIANA PERSONAL AUTO POLICY | SA-1852/INE P 5/06 | 8. For the first $300 of the amount of property damage to the property of each insured as the result of any one accident with an uninsured motor vehicle if the Declarations indicate that the deductible applies to this coverage.<br><br>The limit of liability shown in the Declarations for Uninsured Motorists Coverage is our maximum Limit of liability for all damages resulting from any one auto accident. | C. A person seeking Uninsured Motorists Coverage or Underinsured Motorists Coverage must also:<br>1. Report the accident to the police or other Civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved.<br>2. Promptly send us copies of the legal papers If a suit is brought.<br>3. Promptly notify us in writing of a tentative settlement between the insured and the insurer of an underinsured motor | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:<br>1. Bodily injury sustained by an insured and caused by an accident; and<br>2. Property damage caused by an accident if the Declarations indicates that both bodily injury and property damage Uninsured Motorists Coverage applies. However, when both bodily injury and property damage Uninsured Motorists Coverage is afforded, item 3. of the | None. | A. If we and an insured do not agree:<br>1. Whether that insured is legally entitled to recover damages; or<br>2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.<br>B. Each party will:<br>1. Pay the expenses it incurs; and<br>2. Bear the expenses of the third arbitrator equally.<br>C. Unless both parties agree otherwise, arbitration will take place |

- 81 -

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the auto accident.<br><br>D. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B or any Underinsured Motorists Coverage provided by this policy.<br><br>G. No payment will be made for loss paid or payable to the insured under Part D of the policy. | vehicle. Such notice must include certification of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle. 4. Allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of the underinsured motor vehicle. | definition of uninsured motor vehicle, concerning an unidentified hit-and-run vehicle, will not apply to property damage. SA-1852/INEP 5/06 — 8 — The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. Any judgment for damages arising out of suit brought without our written consent is not binding on us. | | in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Indiana. If the amount exceeds that limit, either party may demand the right to a trail. This demand must be made within 60 days of the arbitrator's decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding. |
| Indiana Personal Auto Policy | SA-1852/INEP 3/06 | 6. For the first $300 of the amount of property damage to the property of each insured as the result of any one accident with an uninsured motor vehicle if the Declarations indicate that the deductible applies to this coverage.<br><br>This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the auto accident.<br><br>C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and: 1. Part A or Part B or any 2. Any | C. A person seeking Uninsured Motorists Coverage or Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. 3. Promptly notify us in writing of a tentative settlement between the insured and the insurer of an underinsured motor vehicle. Such notice must include certification of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle. 4. Allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of the underinsured motor vehicle. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident; and 2. Property damage caused by an accident if the Declarations indicates that both bodily injury and property damage Uninsured Motorists Coverage applies. However, when both bodily injury and property damage Uninsured Motorists Coverage is afforded, Item 3 of the definition of the uninsured motor vehicle, concerning an unidentified hit-and-run vehicle, will not apply to property damage. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured | "Property damage" as used in this Part means injury to or destruction of: 1. Your covered auto. 2. Any property owned by a person listed in 1. or 2. of definition of insured or while contained in your covered auto. However, property damage shall not include loss of use of damaged or destroyed property. | A. If we and an uninsured do not agree: 1. Whether that insured is legally entitled to recover damages; or 2. As to the amount of damages which are recoverable by that insured; From the owner or operator of an uninsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will pay the expenses it incurs, and bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county and state in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages.  This applies only if the amount does not exceed the minimum liability specified by the financial responsibility law of Indiana. If the amount exceeds that limit, either party may demand the right to a |

- 82 -

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | Underinsured Motorists Coverage provided by this policy.<br><br>F. No payment will be made for loss paid or payable to the insured under Part D of the policy. | | motor vehicle. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | | trial. This demand might be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding. |
| INDIANA PERSONAL AUTO POLICY | SA-1852/INE P 4/05 | 6. For the first $300 of the amount of property damage to the property of each insured as the result of any one accident with an uninsured motor vehicle if the Declarations indicate that the deductible applies to this coverage.<br><br>This is the most we will pay regardless of the number of:<br>1. Insureds;<br>2. Claims made;<br>3. Vehicles or premiums shown in the Declarations; or<br>4. Vehicles involved in the auto accident.<br><br>D. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:<br>1. Part A or Part B or<br>2. Any Underinsured Motorists Coverage provided by this policy.<br><br>G. No payment will be made for loss paid or payable to the insured under Part D of the policy. | C. A person seeking Uninsured Motorists Coverage or Underinsured Motorists Coverage must also:<br>1. Promptly notify the police if a hit-and-run driver is involved.<br>2. Promptly send us copies of the legal papers if a suit is brought.<br>3. Promptly notify us in writing of a tentative settlement between the insured and the insurer of an underinsured motor vehicle. Such notice must include certification of the Liability Coverage limits of the owner or operator of the underinsured motor vehicle.<br>4. Allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of the underinsured motor vehicle. | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:<br>1. Bodily Injury sustained by an insured and caused by an accident; and<br>2. Property damage caused by an accident if the Declarations indicates that both bodily injury and property damage Uninsured Motorists Coverage applies. However, when both bodily injury and property damage Uninsured Motorists Coverage is afforded, item 3. of the definition of uninsured motor vehicle, concerning an unidentified hit-and run vehicle, will not apply to property damage. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | C. "Property damage" as used in this Part means injury to or destruction of:<br>1. Your covered auto.<br>2. Any property owned by a person listed in 1. or 2. of definition of insured or while contained in your covered auto. However, property damage shall not include loss of use of damaged or destroyed property. | A. If we and an insured do not agree:<br>1. Whether that insured is legally entitled to recover damages; or<br>2. As to the amount of damages which are recoverable by that insured; from the owner or operator of an uninsured motor vehicle, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.<br>B. Each party will pay the expenses it incurs, and bear the expenses of the third arbitrator equally.<br>C. Unless both parties agree otherwise, arbitration will take place in the county and state in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:<br>1. Whether the insured is legally entitled to recover damages; and<br>2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Indiana. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding. |
| INDIANA PERSONAL AUTO POLICY | SA-1714/INE P 4/02 | 6. For the first $300 of the amount of property damage to the property of each insured as the result of any one accident with an uninsured motor vehicle if the | C. A person seeking Uninsured Motorists Coverage or Underinsured Motorists Coverage must also:<br>1. Promptly notify the police if a hit-and-run driver is involved.<br>2. Promptly send us | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:<br>1. Bodily Injury sustained by an insured and caused by | C. "Property damage" as used in this Part means injury to or destruction of:<br>1. Your covered auto.<br>2. Any property owned by a person listed in 1. or 2. of the | A. If we and an insured do not agree:<br>1. Whether that person is legally entitled to recover damages under this Part; or<br>2. As to the amount of damages recoverable by that insured; from the owner or operator of an uninsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage |

- 83 -

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | Declarations indicate that the deductible applies to this coverage. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the auto accident. C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and: 1. Part A or Part B or 2. Any Underinsured Motorists Coverage provided by this policy. F. No payment will be made for loss paid or payable to the insured under Part D of the policy. | copies of the legal papers if a suit is brought. 3. Promptly notify us in writing of a tentative settlement between the insured and the insurer of an underinsured motor vehicle. Such notice must include certification of the liability coverage limits of the owner or operator of the underinsured motor vehicle. 4. Allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of the underinsured motor vehicle. | an accident; and 2. Property damage caused by an accident if the Declarations indicates that both bodily injury and property damage Uninsured Motorists Coverage applies. However, when both bodily injury and property damage Uninsured Motorists Coverage is afforded, item 3. of the definition of uninsured motor vehicle, concerning an unidentified hit-and run vehicle, will not apply to property damage. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | definition of insured or while contained in your covered auto. However, property damage shall not include loss of use of damaged or destroyed property. | under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs, and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Indiana. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding. |
| INDIANA PERSONAL AUTO POLICY | SA-1714/INEP 4/05 | 6. For the first $300 of the amount of property damage to the property of each insured as the result of any one accident with an uninsured motor vehicle if the Declarations indicate that the deductible applies to this coverage. This is the most we will pay regardless of the number of: 1. Insureds; 2. Claims made; 3. Vehicles or premiums shown in the Declarations; or 4. Vehicles involved in the auto accident. D. No one will be entitled to receive duplicate | C. A person seeking Uninsured Motorists Coverage or Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. 3. Promptly notify us in writing of a tentative settlement between the insured and the insurer of an underinsured motor vehicle. Such notice must include certification of the liability coverage limits of the owner or operator of the underinsured motor vehicle. 4. Allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, | A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of: 1. Bodily injury sustained by an insured and caused by an accident; and 2. Property damage caused by an accident if the Declarations indicates that both bodily injury and property damage Uninsured Motorists Coverage applies. However, when both bodily injury and property damage Uninsured Motorists Coverage is afforded, item 3. of the definition of uninsured motor vehicle, concerning an unidentified hit-and run vehicle, will not apply to property damage. The owner's or operator's liability for these damages must arise out of the | C. "Property damage" as used in this Part means injury to or destruction of: 1. Your covered auto. 2. Any property owned by a person listed in 1. or 2. of the definition of insured or while contained in your covered auto. However, property damage shall not include loss of use of damaged or destroyed property. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages under this Part; or 2. As to the amount of damages recoverable by that insured; from the owner or operator of an uninsured motor vehicle then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. B. Each party will: 1. Pay the expenses it incurs, and 2. Bear the expenses of the third arbitrator equally. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to: |

| Title of Policy | Policy ID Number | Exclusions | Duties After Accident or Loss Specific to Uninsured/Underinsured Motorist Coverage | Insuring Agreement Language for UMPD Coverage | Definition of "Property Damage" Under UMPD Section | Arbitration Provision Under UMPD Section |
|---|---|---|---|---|---|---|
| | | payments for the same elements of loss under this coverage and: 1. Part A or Part B or 2. Any Underinsured Motorists Coverage provided by this policy. G. No payment will be made for loss paid or payable to the insured under Part D of the policy. | owner or operator of the underinsured motor vehicle. | ownership, maintenance or use of the uninsured motor vehicle. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | | 1. Whether the insured is legally entitled to recover damages; and 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Indiana. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding. |
| INDIANA PERSONAL AUTO POLICY | SA-2522/INE P 4/05 | EXCLUSIONS A. We do not provide Uninsured Motorists Coverage for property damage: 3. For the first $250 of the amount of the property damage to each of your covered autos as the result of any one accident. 4. To any motor vehicle owned by you for which you have purchased Collision Coverage under this policy or any other policy. | C. A person seeking Uninsured/ Underinsured Motorists Coverage must also: 1. Promptly notify the police if a hit-and-run driver is involved. 2. Promptly send us copies of the legal papers if a suit is brought. | PROPERTY DAMAGE UNINSURED MOTORISTS COVERAGE We will pay damages which you are legally entitled to recover from the owner or operator of an uninsured motor vehicle because of property damage caused by an accident arising out of actual physical contact with your covered auto. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle. Any judgment for damages arising out of a suit brought without our written consent is not binding on us. | "Property damage" as used in this coverage means injury to or destruction of your covered auto. However, property damage does not include: 1. Loss of use of your covered auto; or 2. Damage to personal property contained in your covered auto other than a child restraint system that: a. meets the applicable standards of the Illinois Child Passenger Protection Act; and b. was in use by the child at the time of the accident for which this coverage applies. | A. If we and an insured do not agree: 1. Whether that person is legally entitled to recover damages under this part; or 2. As to the amount of damages; either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If such arbitrators are not selected within 45 days, either party may request that the arbitration be submitted to the American Arbitration Association. B. We will bear all the expenses of the arbitration except when the insured's recovery exceeds the minimum limit specified in the Illinois Safety Responsibility Law. If this occurs, the insured will be responsible up to the amount by which the insured's recovery exceeds the statutory minimum for: 1. Payment of his or her expenses; and 2. An equal share of the third arbitrator's expenses. C. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. If arbitration is submitted to the American Arbitration Association, then the American Arbitration Association rules shall apply to all matters except medical opinions. As to medical opinions, if the amount of damages being sought: 1. Is equal to or less than the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then the American Arbitration Association rules shall apply. 2. Exceeds the minimum limit for bodily injury liability specified by the Illinois Safety Responsibility Law, then rules of evidence that apply in the circuit court for placing medical opinions into evidence shall apply. In all other cases, local rules of law as to procedure and evidence shall apply. D. A decision agreed to by two of the arbitrators will be binding as to: 1. Whether the insured is legally |

- 85 -