# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN HOVENKOTTER,

           Plaintiff,

    vs.

SAFECO INSURANCE COMPANY OF
ILLINOIS,

           Defendant.

CASE NO. 2:09-cv-00218-JLR

**AFFIDAVIT OF MICHAEL
CARROLL IN SUPPORT OF
DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION**

I, Michael Carroll, state as follows:

    1.    My name is Michael Carroll. I am over twenty-one years of age and competent to be a witness herein. I work for the family of property and casualty insurance companies that are subsidiaries of Safeco Corporation. Safeco Corporation is a subsidiary of Liberty Mutual Insurance Group. For administrative convenience, the affiliated property and casualty companies are referred to as the Safeco Insurance Companies ("Safeco"). Currently, I am the Vice President and Manager of Personal Lines Agency Markets for the Safeco Insurance Companies. As the result of my duties and responsibilities with the Safeco, I have personal and first-hand knowledge of the facts set forth in this Affidavit. All statements in this Affidavit are true and correct to the best of my knowledge and belief and, unless stated otherwise herein, are based upon my personal knowledge and my knowledge of the relevant business records and the information contained therein.

    2.    There is no way through Safeco's computer systems, including Safeco's Claims Virtual Office ("CVO"), to ascertain those individuals whose claims were inadvertently mischaracterized as collision through simple examination of or query of Safeco's electronic records. Instead, isolation of those claims that were potentially inadvertently mischaracterized as collision would require a file by file review of every single collision claim, since, if a claim is

LEGAL02/31867588v1

inadvertently mischaracterized as collision, there would not be any notation in the claim file for uninsured motorist property damage ("UMPD"). As such, each claim file would have to be read to determine the specific facts and circumstances of each claim, and potentially some follow-up investigation may need to be performed, in order to identify the small subset of claims that may have been inadvertently mischaracterized as collision instead of UMPD.

3.  Claims identified as UMPD claims, as opposed to collision, are not characterized as collision coverage claims. Once it is determined that a claim has satisfied the state-specific and policy-specific requirements for UMPD, a representative notes in the file that it is a claim arising under the policyholder's UMPD coverage.

4.  It is not always the case that a policyholder's UMPD deductible is less than his or her collision deductible. In fact, there are many instances where the deductible under an insured's collision coverage is less than the deductible under the insured's UMPD coverage.

5.  Attached hereto as Exhibit A are documents maintained in the ordinary course of the Safeco's business as part of Mr. Hovenkotter's claim file.

6.  On January 12, 2009, Ms. Bullis, Mr. Hovenkotter's attorney, brought to Safeco's attention that Plaintiff's claim may have been mischaracterized as a collision claim instead of a UMPD claim. *See* Ex. A at SICI 145-47.

7.  Safeco immediately re-opened Mr. Hovenkotter's file, investigated this issue, and recharacterized the claim as UMPD, even though it was unclear whether Safeco was ever informed that Mr. Hovenkotter had notified the police about his accident. *See Id.* at SICI 113-15.

8.  Safeco refunded the $200 deductible difference to Mr. Hovenkotter. *See Id.*

9.  In closing out Mr. Hovenkotter's claim again, the adjuster handling the file asked Ms. Bullis whether there were any other outstanding issues on this claim; Ms. Bullis stated that there were not. *See Id.* at 68-70.

10.  Safeco had approximately 260 different policy forms for the 28 states within the proposed class during the proposed class period.

11.  Attached hereto as Exhibit B are true and accurate copies of various specimen

- 2 -

LEGAL02/31867588v1

policy forms issued by Safeco in the states within the proposed class.   The states and corresponding policies are:

    a) *North Carolina Policies*- SA-227/NCEP 1/04; SA-227/NCEP 3/04; SA-227/NCEP 5/06; SA-227/NCEP 6/05; SA-227/NCEP 12/08;

    b) *Colorado Policies*- SA-1714/COEP 7/03; SA-1852/COEP 6/09; SA-1852/COEP 7/05; SA-1852/COEP 7/06; SA-1852/COEP 4/08;

    c) *Louisiana Policy*- SA-1852/LAEP 5/09; SA-1852/LAEP 8/06;

    d) *Illinois Policies*- SA-1852/ILEP 2/09; SA-1852/ILEP 4/05

    e) *Ohio Policy*- SA-1852/OHEP 5/09;

    f) *California Policies*- SA-2522/CAEP 2/05; SA-1852/CAEP 6/04

    g) *Idaho Policy*- SA-1852/IDEP 2/09; No SA-1852/IDEP 3/05

    h) *Montana Policy*- SA-1852/MTEP 7/09;

    i) *North Dakota Policy*- SA-1852/NDEP 7/09;

    j) *South Dakota Policy*- SA-1852/SDEP 7/09;

    k) *Washington Policy*- SA1852/WAEP 4/09;

    l) *Wyoming Policy*- SA-1852/WYEP R1 2/09;

    m) *Tennessee Policies*- SA-1768/TNEP 3/01; SA-1852/TNEP 10/06;

    n) *Alaska Policies*- SA-1852/AKEP 12/03; SA-1852/AKEP 11/04; SA-1852/AKEP R1 4/09

    o) *Oregon Policies*- SA-1852/OREP 1/04; SA-1852/OREP 4/09

    p) *Indiana Policy*- SA-1852/INEP 8/08;

    q) *Utah Policy*- SA-1852/UTEP 4/09.

Signed under the penalty of perjury this 21 day of *april* , 2010.

_____
Michael Carroll

On *April 21* , 2010 before me, *Chona fe Young* , Notary Public, personally appeared *Michael Carroll* , personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

_____
Notary Public
My commission expires:

CHONA FE YOUNG
Notary Public - Arizona
Maricopa County
Commission #102922
Expires August 13, 2012

- 3 -

LEGAL02/31867588v1

# EXHIBIT C-A

```
Created By: ANGSTE 01-28-2009 12:40   Clm#: 756171923007
     Insured: HOVENKOTTER, MARTIN L
         Re: Primary - Closing
```

Primary Closing

No outstanding issues at this time
Closing File

Angella Steele

SICI-00000068
SICI-00000068

Created By: ANGSTE 01-28-2009 12:38  Clm#: 756171923007
    Insured: HOVENKOTTER, MARTIN L
        Re: Attorney - LAW OFFICE OF ALANA K. BULLIS, PLLC

LAW OFFICE OF ALANA K. BULLIS, PLLC

Alana returned my call and confirmed she did receive our check for $200.00 for
insured and she did receive a certified copy of our policy. She thanked me for
sending both the check and the policy so quickly and she confirmed there are no
outstanding issues.

Angella Steele

SICI-00000069
SICI-00000069

Created By: ANGSTE 01-27-2009 16:01  Clm#: 756171923007
    Insured: HOVENKOTTER, MARTIN L
        Re: Attorney - LAW OFFICE OF ALANA K. BULLIS, PLLC

LAW OFFICE OF ALANA K. BULLIS, PLLC

253-964-2104-VM

Left message for atty. Need to confirm that check for $200.00 and certified
policy was received. Need to know if there are any outstanding issues. Asked
that atty. call me back.

Angella Steele

SICI-00000070
SICI-00000070



Safeco Insurance Company of Illinois

22425 E. Appleway Ave
Liberty Lake, WA 99019

Mailing Address:
P.O. Box 515097
Los Angeles, CA 90051-5097

Phone:   (509) 944-2639
         (800) 332-3226
Fax:     (888) 268-8840

January 13, 2009

Law Office of Alana K. Bullis, PLLC
1911 Nelson Street
Dupont, WA 98327

| | |
|---|---|
| Insured Name: | Martin L Hovenkotter |
| Policy Number: | H1892042 |
| Loss Date: | January 11, 2007 |
| Claim Number: | 756171923007 |

Dear Law Office of Alana K. Bullis, PLLC

Thank you for your letter of representation dated January 12th, 2009.

We have issued a payment in the amount of $200.00 to your client/our insured for the difference between the $500.00 COLL deductible that was applied to this loss and the $300.00 UMPD deductible. The payment has been mailed to your office.

Per your request we have ordered a certified copy of your client/our insured's policy. We should receive it within 7-10 business days and upon receipt will forward it to your office.

We did not take a recorded statement from your client/our insured so I do not have this available to share with you.

If you have any questions, please feel free to contact us.

Sincerely,

*Angella Steele*

Angella Steele
Senior Claims Examiner
Safeco Insurance Company of Illinois
(509) 944-2639 Ext: 522639
(800) 332-3226 Fax: (888) 268-8840
angste@safeco.com

CA1862 11/08

Safeco and the Safeco logo are registered trademarks of Safeco Corporation

SICI-00000113
SICI-00000113

Page 2
Martin L. Hovenkotter
January 13, 2009

CA1662 11/08

SICI-00000114
SICI-00000114

Created By: ANGSTE 01-13-2009 11:10   Clm#: 756171923007
       Insured: HOVENKOTTER, MARTIN L
              Re: Discussed claim with UM

Discussed claim with UM

After review of the policy UMPD requirements have been met for this loss.

Will issue payment in the amount of $200.00 to insured.

$500.00 COLL DED was applied to this loss and $300.00 UMPD deductible should
have applied.

Payment will be mailed to atty.'s office.

Angella Steele

SICI-00000115
SICI-00000115

```
Created By: ANGSTE 01-13-2009 11:05  Clm#: 756171923007
    Insured: HOVENKOTTER, MARTIN L
        Re: Review of UMPD policy requirements
```

PART E    DUTIES AFTER AN ACCIDENT OR LOSS

D. A person seeking Underinsured Motorists
Coverage must also:

1. Promptly notify the police if a hit-and-run
driver is involved and there is bodily injury
or death of any person or damage to the
property of any one person to an apparent
extent equal toor greater thanthereporting
threshold described in WAC 446-85-010.
However if there isno physical contact with
ahit-and-runvehicle, someonemust report
the accident to the appropriate law
enforcement agencywithin 72 hours of the
accident.

2. Promptly send us copies of the legal papers
if a suit is brought.

3. Promptly notify us of a tentative settlement
between the insured and the insurer of the
under insured motor vehicle and allowus
a reasonable time to advance payment to
that insured in an amount equal to the
tentative settlement to preserve our rights
against the insurer, owner or operator of
such underinsured motor vehicle. If you
fail to promptly notify us of such tentative
settlement, we will not provide this
coverage to the extent your failure to
provide such notice prejudices our rights
against any third party.
E. A person seeking Coverage for Damage to Your
Auto must also:

1. Take reasonable steps after loss to protect
your covered auto or any non-owned
auto and its equipment from further loss.

Page 15

ADDITIONAL COVERAGES

D.   Underinsured motor vehicle  means a land
motor vehicle or trailer of any type:
We will pay reasonable expenses incurred
to do this.
2. Promptly notify the police if your covered
auto or any non-owned auto is stolen.
3. Permit us to inspect and appraise the
damaged property before its repair or
disposal.

4. Which is a hit-and-run vehicle whose
operator or owner cannot be identified and
which hits or which causes an accident

SICI-00000116
SICI-00000116

resulting in property damage without
hitting:
a. a vehicle which you or any family
member are occupying; or
b. your covered auto.
If there is no physical contact with the
vehicle causing the accident, the facts of
the accident must be proved.We will only
accept competent evidence other than the
testimony of an insured or any person
having an underinsured motorists claim
resulting from the accident.

DEDUCTIBLES
The following will be deducted from the amount of
property damage resulting from any one accident:
1. $300 if the accident is caused by a
hit-and-run vehicle or a vehicle which has
no physical contact with your covered
auto.
2. $100 in all other cases.

Page 20 SA-1852WAEP R1 9/06     WA - PERSONAL AUTO POLICY

****************************

Angella Steele

SICI-00000117
SICI-00000117

Policy Copy Request: 0073

## STEELE, ANGELLA J

| | |
|---|---|
| **From:** | STEELE, ANGELLA J |
| **Sent:** | Monday, January 12, 2009 11:15 AM |
| **To:** | POLICY COPY REQUEST |
| **Cc:** | STEELE, ANGELLA J |
| **Subject:** | H1892042 | Due: 1/16/2009 | WA | SPI |

## Policy Copy Request

### Requester Information

| | |
|---|---|
| Requester Name: | ANGELLA J STEELE |
| Requester E-mail ID: | ANGSTE |

### General Policy Information

| | |
|---|---|
| Type of Policy: | SPI |
| Required Section: | Certified Complete Policy Copy |
| Policy Number: | H1892042 |
| Claim Number: | 7561 7192 3007 |
| Insured Name: | Martin L Hovenkotter |
| Insured State: | WA |
| Date of Loss: | 01/11/2007 |
| Policy Period From: | 09/16/2006 |
| Policy Period To: | 03/16/2007 |
| Remarks: | |

I need a certified copy of this policy including the declarations page asap. Thank you,

### Shipping Information

| | |
|---|---|
| Date Needed: | 1/16/2009 |
| Recipient Name: | Angella Steele |
| Recipient Service Office: | Spokane |
| Address 1: | 22425 E Appway Ave |
| City, State, Zip: | Liberty Lake, WA 99019 |

### Contact Information

| | |
|---|---|
| Contact Name: | Angella Steele |
| E-mail ID: | ANGSTE |
| Phone Number: | 509-944-2639 |

01/12/2009

SICI-00000118
SICI-00000118

```
Created By: ANGSTE 01-12-2009 11:07  Clm#: 756171923007
    Insured: HOVENKOTTER, MARTIN L
        Re: Attorney - LAW OFFICE OF ALANA K. BULLIS, PLLC
```

LAW OFFICE OF ALANA K. BULLIS, PLLC

253-964-2104-VM

Left message for atty. confirming I received letter of rep and asking that she contact me so that we can discuss this claim.

Angella Steele

SICI-00000119
SICI-00000119



# LAW OFFICE OF ALANA K. BULLIS, PLLC

INSURANCE LAW      PROPERTY DAMAGE      PERSONAL INJURY      CONSUMER PROTECTION

Alana K. Bullis, JD, MBA
Attorney at Law
alana@alanakbullispllc.com

1911 Nelson Street
DuPont, WA 98327
Phone (253) 964-2104
Facsimile (253) 912-4882

### PERTINENT COMMUNICATION UNDER WAC 284-30-360

January 12, 2008

### VIA FACSIMILE (888) 268-8840

RE:    Our Client:        Martin Hovenkotter
        Your Insured:    Martin Hovenkotter
        Date of Loss:    01/11/07
        Claim No:       756171923007

Angela Steele
Safeco Insurance Company of Illinois

Dear Ms. Steele:

This office has been retained by Martin Hovenkotter in connection with property damage sustained by him in the collision set forth above. If you obtained a statement from our client, please consider this our request for a copy. We ask that you also forward to us a certified copy of the insured's insurance policy.

We understand that this claimed was processed under the collision and comprehensive portion of the policy. As it was a hit and run, we ask that you properly process it under the underinsured portion of the policy and reimburse our client the difference in the deductible between the two claims.

We are now collecting information that will enable us to fairly evaluate the case. We will contact you as soon as we reach a determination whether settlement is possible without suit or whether suit should be filed.

We request that all communications with our client be directed through this office.

Lastly, we appreciate if you would acknowledge in writing the receipt of this letter.

Member, Washington State Bar Association; Oregon State Bar Association; Washington State Association of Justice; Tacoma-Pierce County Bar Association; and Washington Women Lawyers

SICI-00000145
SICI-00000145

Jan 12 2009 10:46    HP LASERJET FAX                              P.2

Sincerely,

**LAW OFFICE OF ALANA K. BULLIS, PLLC**

Alana K. Bullis

SICI-00000146
SICI-00000146

```
Created By: CHRBER 01-12-2009 09:40  Clm#: 756171923007
     Insured: HOVENKOTTER, MARTIN L
         Re: Elaina Bullis-atty for insd
```

Elaina Bullis-atty for insd

calling for clm info.
advised, opened clm and assigned sr lni
added atty to file.

SICI-00000147
SICI-00000147

# EXHIBIT C-B

 Insurance

## NORTH CAROLINA AUTOMOBILE POLICY

SAFECO INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
Home Office: 4333 Brooklyn Ave. N.E., Seattle, Washington 98185
(Each a stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

| | | Beginning On Page |
|---|---|---|
| AGREEMENT | | 1 |
| DEFINITIONS | | 1 |
| PART A | LIABILITY COVERAGE | 2 |
| | Insuring Agreement | |
| | Supplementary Payments | |
| | Exclusions | |
| | Limit of Liability | |
| | Out of State Coverage | |
| | Financial Responsibility Required | |
| | Other Insurance | |
| PART B | MEDICAL PAYMENTS COVERAGE | 4 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Non-Duplication | |
| | Other Insurance | |
| | Arbitration | |
| PART C1 | UNINSURED MOTORISTS COVERAGE | 6 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Other Insurance | |
| | Arbitration | |
| PART C2 | COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE | 9 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Other Insurance | |
| | Arbitration | |
| PART D | COVERAGE FOR DAMAGE TO YOUR AUTO | 12 |
| | Insuring Agreement | |
| | Transportation Expenses | |
| | Salvage Charges | |
| | Exclusions | |
| | Limit of Liability | |
| | Payment of Loss | |
| | No Benefit to Bailee | |
| | Other Insurance | |
| | Appraisal | |
| PART E | DUTIES AFTER AN ACCIDENT OR LOSS — FILING A CLAIM | 15 |
| | General Duties | |
| | Additional Duties for Uninsured and Combined Uninsured/Underinsured Motorists Coverage | |
| | Additional Duties for Damage to Your Auto | |
| PART F | GENERAL PROVISIONS | 16 |
| | Bankruptcy | |
| | Changes | |
| | Legal Action Against Us | |
| | Our Right to Recover Payment | |
| | Policy Period and Territory | |
| | Termination | |
| | Transfer of Your Interest in This Policy | |

SA-227/NCEP  1/04 (NC 00 01 Ed. 1-90)
(Copyright, North Carolina Rate Bureau, 2004)

Safeco ® and Safeco logo are trademarks of Safeco Corporation.

**ADDITIONAL**
**COVERAGES**

Extended Transportation Expenses Coverage
Coverage for Audio, Visual and Data Electronic Equipment
Uninsured/Underinsured Motorists Coverage

18

??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????

This policy is a legal contract between you and us. The new Personal Auto Policy has been:

- designed for easy reference;
- simplified to make it more understandable; and
- arranged to better display the available coverage.

**READ YOUR POLICY CAREFULLY**

The following endorsements were incorporated into the North Carolina Automobile Policy (NC 00 01 1/90).

NC 00 09 5/94   Amendatory Endorsement —North Carolina Personal Auto
                Policy
NC 00 11 2/95   Amendatory Endorsement —North Carolina
NC 00 12 1/04   Amendatory Endorsement —North Carolina Personal Auto

**No substantive changes have been made to any of the forms.**

# PERSONAL AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

"We," "us" and "our" refer to the Company providing this insurance.

For purposes of this policy, a private passenger type auto, pickup or van shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and

2. For a continuous period of at least 6 months.

Other words and phrases are defined. They are boldfaced or in quotation marks when used.

"Bodily injury" means bodily harm, sickness or disease, including death that results.

"Business" means trade, profession or occupation.

"Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

"Newly acquired auto" means any of the following types of vehicles you become the owner of during the policy period:

1. A private passenger auto or station wagon type; or

2. A pickup truck or van that:

   a. has a Gross Vehicle Weight as specified by the manufacturer of less than 10,000 pounds; and

   b. is not used for the delivery or transportation of goods and materials unless such use is:

      (1) incidental to your business of installing, maintaining or repairing furnishings or equipment; or

      (2) for farming or ranching.

Any coverage for a newly acquired auto is subject to the following:

1. If a newly acquired auto replaces a vehicle shown in the Declarations, it will have the same coverage as the vehicle it replaced except that coverage, if any, under Part D —Coverage For Damage To Your Auto applies only if you ask us to insure it within 30 days after you become the owner.

2. If a newly acquired auto is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations if you ask us to insure it within 30 days after you become the owner.

3. Coverage under this policy terminates for any newly acquired auto on the effective date and time of a policy (other than this policy) issued by us or any other company that describes such vehicle on its Declarations page.

4. If you ask us to insure a newly acquired auto within the applicable specified time period described in 1. or 2. above, any coverage we provide for the newly acquired auto begins on the date you become the owner. If you ask us to insure a newly acquired auto after the applicable specified time period described above has elapsed, any coverage we provide for the newly acquired auto will begin at the time you request the coverage. You must pay us any added amount due for any coverage we provide for a newly acquired auto.

"Occupying" means in; upon; getting in, on, out or off.

"Property damage" means physical injury to, destruction of, or loss of use of tangible property.

"Trailer" means a vehicle designed to be pulled by a:

1. Private passenger auto or station wagon type; or

2. Pickup truck or van.

SA-227/NCEP 1/04 (NC 00 01 Ed. 1-90)                    —1—

It also means a farm wagon or farm implement while pulled by a vehicle listed in 1. or 2. above.

**"Your covered auto"** means:

1. Any vehicle shown in the Declarations.

2. A **newly acquired auto.**

3. Any **trailer** you own.

4. Any auto or **trailer** not owned by you while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

   **a.** breakdown;

   **b.** repair;

   **c.** servicing;

   **d.** loss; or

   **e.** destruction.

This provision (4.) does not apply to Part D — Coverage for Damage to Your Auto.

---

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the **insured.** We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**"Insured"** as used in this Part means:

1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

2. Any person using **your covered auto.**

3. For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or **trailer,** other than **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or **trailer.**

### SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of an **insured:**

1. Up to $250 for the cost of bail bonds required because of traffic law violations resulting from an accident. The accident must result in **bodily injury** or **property damage** covered under this policy.

2. Premiums on appeal bonds and bonds to release attachments in any suit we defend. We have no duty to purchase bonds in an amount exceeding our Limit of Liability, and we have no duty to apply for or furnish these bonds.

3. All costs taxed against the **insured** and interest accruing after a judgment is entered in any suit we defend. Costs do not include prejudgment interest. Our duty to pay post-judgment interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

4. Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

5. Expenses incurred by an **insured** for emergency first aid to others performed at the scene of an accident that involves any auto covered by this policy.

6. Other reasonable expenses incurred at our request.

### EXCLUSIONS

**A.** We do not provide Liability Coverage for any **insured:**

   1. Who intentionally causes **bodily injury** or **property damage.** This exclusion applies only to damages in excess of the minimum limit required by the financial responsibility law of North Carolina.

   2. For **property damage** to property owned or being transported by that **insured.**

   3. For **property damage** to property:

      **a.** rented to;

      **b.** used by; or

      **c.** in the care of;

      that **insured.** This exclusion does not apply to a residence or private garage.

SA-227/NCEP  1/04 (NC 00 01 Ed. 1-90)          — 2 —

4. For **bodily injury** to an employee of that **insured** during the course of employment. This exclusion does not apply to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

6. While employed or otherwise engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing; or

   e. parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to the ownership, maintenance or use of **your covered auto** by:

   a. you;

   b. any **family member;** or

   c. any partner, agent or employee of you or any **family member.**

   This exclusion applies only to damages in excess of the minimum limit required by the financial responsibility law of North Carolina.

7. Maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusion 6. This exclusion does not apply to the maintenance or use of a:

   a. private passenger auto;

   b. pickup or van that:

      (1) you own; or

      (2) you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

         (a) breakdown;

         (b) repair;

         (c) servicing;

         (d) loss; or

         (e) destruction; or

   c. **trailer** used with a vehicle described in a. or b. above.

8. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

   This Exclusion A.8. does not apply to a **family member** using **your covered auto** which is owned by you.

9. For **bodily injury** or **property damage** for which that person:

   a. is an insured under a nuclear energy liability policy; or

   b. would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   A nuclear energy liability policy is a policy issued by any of the following or their successors:

   a. Nuclear Energy Liability Insurance Association;

   b. Mutual Atomic Energy Liability Underwriters; or

   c. Nuclear Insurance Association of Canada.

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle, other than **your covered auto,** which is:

   a. owned by you; or

   b. furnished for your regular use;

2. Any vehicle, other than **your covered auto,** which is:

   a. owned by any **family member;** or

   b. furnished for the regular use of any **family member.**

   However, this exclusion (B.2.) does not apply to your maintenance or use of any vehicle which is:

   a. owned by a **family member;** or

   b. furnished for the regular use of a **family member.**

**LIMIT OF LIABILITY**

The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for **bodily injury,** including damages for care, loss of services or death, sustained by any one person in any one auto accident. Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident. The limit of liability shown in the Declarations for each accident for Property Damage

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 475 of 1402**

Liability Coverage is our maximum limit of liability for all damages to all property resulting from any one auto accident. This is the most we will pay as a result of any one auto accident regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

### OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

No one will be entitled to duplicate payments for the same elements of loss.

### FINANCIAL RESPONSIBILITY REQUIRED

When this policy is certified as future proof of financial responsibility, this policy will comply with the law to the extent required.

### OTHER INSURANCE

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

---

## PART B — MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

We will pay reasonable expenses incurred for necessary medical and funeral services because of **bodily injury:**

1. Caused by accident; and

2. Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

Reasonable medical expenses do not include expenses:

1. For treatment, services, products or procedures that are:

    a. experimental in nature, for research, or not primarily designed to serve a medical purpose; or

    b. not commonly and customarily recognized throughout the medical profession and within the United States as appropriate for the treatment of **bodily injury;** or

2. Incurred for:

    a. the use of thermography or other related procedures of a similar nature; or

    b. the use of acupuncture or other related procedures of a similar nature; or

    c. the purchase or rental of equipment not primarily designed to serve a medical purpose.

Expenses are reasonable only if they are consistent with the usual fees charged by the majority of similar medical providers in the geographical area in which the expenses were incurred for the specific medical service.

Services are necessary only if the services are rendered by a licensed medical provider within the scope of the provider's practice and license and are essential in achieving maximum medical improvement for the **bodily injury** sustained in the accident.

We have the right to make or obtain a utilization review of the medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

"Insured" as used in the Part means:

1. You or any **family member:**

    a. while **occupying;** or

    b. as a pedestrian when struck by;

SA-227/NCEP 1/04 (NC 00 01 Ed. 1-90)                    —4 —

a motor vehicle designed for use mainly on public roads or a trailer of any type;

2. Any other person while **occupying:**

   **a.** **your covered auto;** or

   **b.** any other motor vehicle:

      **(1)** operated by you; or

      **(2)** operated by a **family member** if the motor vehicle is a private passenger auto or **trailer.**

## EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury:**

1. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

2. Sustained while **occupying** any vehicle located for use as a residence or premises.

3. Occurring while employed or otherwise engaged in the **business** of:

   **a.** selling;

   **b.** repairing;

   **c.** servicing;

   **d.** storing; or

   **e.** parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion applies only if workers' compensation benefits are available for the **bodily injury.**

4. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

   **a.** owned by you; or

   **b.** furnished for your regular use.

5. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

   **a.** owned by any **family member;** or

   **b.** furnished for the regular use of any **family member.**

   However, this exclusion does not apply to you.

6. Sustained while **occupying** a vehicle without a reasonable belief that that **insured** is entitled to do so.

This exclusion 6. does not apply to a **family member** using **your covered auto** which is owned by you.

7. Sustained while **occupying** any auto not owned by, or furnished for the regular use of, you or any **family member,** while used to carry persons or property for a fee. This exclusion does not apply to:

   **a.** a share-the-expense car pool; or

   **b.** you or any **family member.**

8. Resulting from the maintenance or use of any auto not owned by, or furnished for the regular use of, you or any **family member,** while that **insured is** engaged in the **business** of:

   **a.** selling;

   **b.** repairing;

   **c.** servicing;

   **d.** storing; or

   **e.** parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to you or any **family member.**

9. Resulting from the maintenance or use of any auto not owned by, or furnished for the regular use of, you or any **family member** while that **insured** is employed or otherwise engaged in any **business** not described in Exclusion 8. This exclusion does not apply:

   **a.** to you or any **family member;** or

   **b.** if the **bodily injury** results from the operation of a private passenger auto or **trailer** by you.

10. Caused by or as a consequence of:

    **a.** war (declared or undeclared);

    **b.** civil war;

    **c.** insurrection; or

    **d.** rebellion or revolution.

11. Sustained while **occupying** any motorized vehicle having fewer than four wheels.

## LIMIT OF LIABILITY

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident regardless of the number of:

1. Claims made;

2. Vehicles or premiums shown in the Declarations; or

SA-227/NCEP  1/04 (NC 00 01 Ed. 1-90)  —5—

**3.** Vehicles involved in the accident.

**NON-DUPLICATION**

No person for whom medical expenses are payable under this coverage shall be paid more than once for the same medical expense under this or similar vehicle insurance, including any no-fault benefits required by law.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

**ARBITRATION**

The amount due under this coverage shall be decided by agreement between the **insured** and us. If there is no agreement, the amount due shall be decided by arbitration upon written request of the **insured** or us. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days, either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on us, the **insured**, any assignee of the **insured** and any person or organization with whom the **insured** expressly or implied contracts for the rendition of medical services. The arbitrator's decision shall be limited to whether or not the medical services were reasonable and the services were necessary, with the amount due being equal only to the reasonable expenses for necessary services. The arbitrators shall not award punitive damages or other noncompensatory damages.

The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.

The arbitration shall take place in the county in which the **insured** resides unless the parties agree to another place. State court rules governing procedure and admission of evidence shall be used.

---

## PART C1 — UNINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

**1. Bodily injury** sustained by an **insured** and caused by an accident; and

**2. Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

Any judgment for damages arising out of a suit is not binding on us unless we have been served with a copy of the summons, complaint or other process against the uninsured motorists.

"**Insured**" as used in this Part means:

**1.** You or any **family member.**

**2.** Any other person **occupying:**

    **a. your covered auto;** or

    **b.** any other auto operated by you.

**3.** Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person listed in 1. or 2. above.

"**Property damage**" as used in this Part means injury to or destruction of:

**1. Your covered auto.**

**2.** Any property owned by a person listed in 1. or 2. of **insured.**

"**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

**1.** To which neither:

    **a.** a liability bond or policy; nor

    **b.** cash or securities on file with the North Carolina Commissioner of Motor Vehicles;

    applies at the time of the accident.

**2.** To which a liability bond or policy applies at the time of the accident; provided its limit for liability is less than the minimum limit specified by the financial responsibility law of North Carolina.

**3.** Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose

SA-227/NCEP 1/04 (NC 00 01 Ed. 1-90)      — 6 —

operator or owner cannot be identified and which hits:

**a.** you or any **family member;**

**b.** a vehicle which you or any **family member** are **occupying;** or

**c. your covered auto.**

4. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

**a.** denies coverage; or

**b.** is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. Owned by you.

2. Owned or operated by a self-insurer under any applicable motor vehicle law; except a self-insurer which is or becomes insolvent.

3. Owned by:

**a.** the United States of America;

**b.** Canada;

**c.** a state; or

**d.** an agency, other than a political subdivision of a., b. or c. above.

4. Operated on rails or crawler treads.

5. Which is a farm type tractor or equipment designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

**EXCLUSIONS**

**A.** We do not provide Uninsured Motorists Coverage for **property damage** or **bodily injury** sustained by any **insured:**

1. If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our written consent.

2. While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

3. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

This Exclusion A.3. does not apply to a **family member** using **your covered auto** which is owned by you.

4. For the first $100 of the amount of **property damage** to the property of each **insured** as the result of any one accident.

5. If the property is contained in or struck by a motor vehicle (other than **your covered auto**) owned by you or any **family member.**

6. For any punitive or exemplary damages, or legal costs related thereto.

7. While **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

However, this exclusion does not apply to you or any **family member.**

**B.** We do not provide Uninsured Motorists Coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.

**C.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or any similar law:

**a.** workers' compensation law; or

**b.** disability benefits law.

**LIMIT OF LIABILITY**

The limit of bodily injury liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury,** including damages for care, loss of services or death, sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of bodily injury liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident. The limit of property damage liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages to all property resulting from any one accident. This is the most we will pay for **bodily injury** and **property damage** regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

The limit of liability otherwise applicable under this coverage shall be reduced by all sums:

1. Paid because of the **bodily injury** or **property damage** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A; and

SA-227/NCEP  1/04 (NC 00 01 Ed. 1-90)          —7—

2. Paid or payable because of the **bodily injury** under any workers' compensation law. However, this reduction does not apply to the extent that an employer's lien is required to be paid under North Carolina's workers' compensation law; and

3 Paid or payable because of the **bodily injury** under any disability benefits law or any similar law.

No payment will be made for loss paid or payable to the **insured** under Part D or any policy of property insurance.

Any payment to any person under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

This coverage is excess over and shall not duplicate any amount paid or payable under Part B.

### OTHER INSURANCE

If this policy and any other auto insurance policy apply to the same accident, the maximum amount payable under all applicable policies for injuries to an **insured** caused by an **uninsured motor vehicle** shall be the sum of the highest limit of liability for this coverage under each such policy.

In addition, if there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

### ARBITRATION

If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover compensatory damages from the owner or driver of an **uninsured motor vehicle;** or

2. As to the amount of such damages;

the **insured** and we may agree by mutual consent to settle the dispute by arbitration.

The following procedures will be used:

1. Each party will select a competent arbitrator. The two so selected will select a third.

2. If the third arbitrator is not selected within 30 days, the **insured** or we may request a judge of a court of record to name one. The court must be in the county and state in which arbitration is pending.

3. Each party will pay its chosen arbitrator. Each will pay half of all other expenses of arbitration. Fees to lawyers and expert witnesses are not considered arbitration expenses and are to be paid by the party hiring these persons.

4. Unless the **insured** and we agree otherwise, arbitration will take place in the county and state in which the **insured** lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state. The arbitrators will resolve the issues. A written decision on which two arbitrators agree will be binding on the **insured** and us.

5. Any arbitration action against the company must begin within the time limit allowed for **bodily injury** or death actions in the state where the accident occurred.

6. Judgment upon award may be entered in any proper court.

7. As an alternative, the **insured** and we may agree to arbitrate by rules other than stated above.

### OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. Further, the execution of a covenant not to enforce judgment by the injured party shall not preclude us from pursuing our right to sue for or otherwise recover any payment made under this coverage from anyone else who may be liable. The person to or for whom payment was made shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

B. If we make a payment under this coverage and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 480 of 1402**

## PART C2 — COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

1. **Bodily injury** sustained by an **insured** and caused by an accident; and

2. **Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

We will also pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury** sustained by an **insured** and caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle.** We will pay for these damages only after the limits of liability under any applicable liability bonds or policies have been exhausted by payments of judgments or settlements, unless we:

1. Have been given written notice in advance of settlement between an **insured** and the owner or operator of the **underinsured motor vehicle;** and

2. Consent to advance payment to the **insured** in an amount equal to the tentative settlement.

Any judgment for damages arising out of a suit is not binding on us unless we have been served with a copy of the summons, complaint or other process against the uninsured or underinsured motorist.

"**Insured**" as used in this Part means:

1. You or any **family member.**

2. Any other person **occupying:**

   a. **your covered auto;** or

   b. any other auto operated by you.

3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person listed in 1. or 2. above.

"**Property damage**" as used in this Part means injury to or destruction of:

1. **Your covered auto.**

2. Any property owned by a person listed in 1. or 2. of **insured.**

"**Underinsured motor vehicle**" means a land motor vehicle or trailer of any type:

1. The ownership, maintenance or use of which is insured or bonded for liability at the time of the accident; and

2. The sum of the limits of liability under all **bodily injury** liability bonds and insurance policies applicable at the time of the accident is equal to or greater than the minimum limit specified by the financial responsibility law of North Carolina and:

   a. is less than the limit of liability for this coverage; or

   b. the total limit of liability available has been reduced to less than the limit of liability for this coverage by payment of damages to other persons.

However, "**underinsured motor vehicle**" does not include any vehicle or equipment:

1. Operated on rails or crawler treads.

2. Which is a farm-type tractor or other vehicle designed for use principally off public roads and while not upon public roads.

3. While located for use as a residence or premises.

4. Which is an **uninsured motor vehicle.**

5. Which is insured under Liability Coverage of this policy if such policy's limit of liability for Combined Uninsured/Underinsured Motorists Coverage is equal to or less than its limit of liability for Liability Coverage.

"**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

1. To which neither:

   a. a liability bond or policy; nor

   b. cash or securities on file with the North Carolina Commissioner of Motor Vehicles;

   applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident; provided its limit for liability is less than the minimum limit specified by the financial responsibility law of North Carolina.

3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose

SA-227/NCEP 1/04 (NC 00 01 Ed. 1-90)

—9—

operator or owner cannot be identified and which hits:

**a.** you or any **family member;**

**b.** a vehicle which you or any **family member** are **occupying;** or

**c.** **your covered auto.**

**4.** To which a liability bond or policy applies at the time of the accident, but the bonding or insuring company:

**a.** denies coverage; or

**b.** is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

**1.** Owned by you.

**2.** Owned or operated by a self-insurer under any applicable motor vehicle law; except a self-insurer which is or becomes insolvent.

**3.** Owned by:

**a.** the United States of America;

**b.** Canada;

**c.** a state; or

**d.** an agency, other than a political subdivision of a., b. or c. above.

**4.** Operated on rails or crawler treads.

**5.** Which is a farm-type tractor or equipment designed mainly for use off public roads while not on public roads.

**6.** While located for use as a residence or premises.

**EXCLUSIONS**

**A.** We do not provide coverage for **property damage** or **bodily injury** caused by an **uninsured motor vehicle** and sustained by any **insured:**

**1.** If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our written consent.

**2.** While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

**3.** Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

This Exclusion A.3. does not apply to a **family member** using **your covered auto** which is owned by you.

**4.** For the first $100 of the amount of **property damage** to the property of each **insured** as the result of any one accident.

**5.** If the property is contained in or struck by a motor vehicle (other than **your covered auto**) owned by you or any **family member.**

**6.** For any punitive or exemplary damages, or legal costs related thereto.

**7.** While **occupying**, or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

However, this exclusion does not apply to you or any **family member.**

**B.** We do not provide coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.

**C.** We do not provide coverage for **bodily injury** caused by an **underinsured motor vehicle** and sustained by any **insured:**

**1.** If that **insured** or the legal representative settles the **bodily injury** claim without our consent. However, this exclusion does not apply if we:

**a.** have been given written notice in advance of a settlement between an **insured** and the owner or operator of the **underinsured motor vehicle;** and

**b.** we fail to advance payment to the **insured** in an amount equal to the tentative settlement within thirty days following receipt of such written notice.

**2.** While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

**3.** Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

This Exclusion C.3. does not apply to a **family member** using **your covered auto** which is owned by you.

**4.** For any punitive or exemplary damages, or legal costs related thereto.

**5.** While **occupying**, or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

However, this exclusion does not apply to you or any **family member.**

**D.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or any similar law:

**a.** workers' compensation law; or

**b.** disability benefits law.

SA-227/NCEP  1/04 (NC 00 01 Ed. 1-90)                    —10 —

## LIMIT OF LIABILITY

The limit of bodily injury liability shown in the Declarations for each person for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury**, including damages for care, loss of services or death, sustained by any one person in any one auto accident.

Subject to this limit for each person, the limit of bodily injury liability shown in the Declarations for each accident for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident. The limit of property damage liability shown in the Declarations for each accident for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **property damage** caused by an **uninsured motor vehicle** and resulting from any one accident.

This is the most we will pay for **bodily injury** and **property damage** regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

The limits of bodily injury liability shown in the Declarations for each person and each accident for this coverage shall be reduced by all sums:

1. Paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A; and

2. Paid or payable because of the **bodily injury** under any workers compensation law. However, this reduction does not apply to the extent that an employer's lien is required to be paid under North Carolina's workers' compensation law; and

3. Paid or payable because of the **bodily injury** under any disability benefits law or any similar law.

The most we will pay for **bodily injury** damages to an **insured** under this coverage is the lesser of:

    a. the limit of bodily injury liability shown in the Declarations for each person for this coverage reduced by all sums described in items 1., 2. and 3. of the preceding paragraph; or

    b. the damages sustained by the **insured** for **bodily injury** reduced by all sums described

in items 1., 2. and 3. in the preceding paragraph.

The limit of property damage liability under this coverage shall be reduced by all sums paid because of the **property damage** by or on behalf of persons or organizations who may be legally responsible. This includes all sums payable under Part A.

No payment will be made for loss paid or payable to the **insured** under Part D or any policy of property insurance.

Any payment to any person under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

This coverage is excess over and shall not duplicate any amount paid or payable under Part B.

## OTHER INSURANCE

If this policy and any other auto insurance policy apply to the same accident, the maximum amount payable under all applicable policies for all injuries to an **insured** caused by an **uninsured motor vehicle** or **underinsured motor vehicle** shall be the sum of the highest limit of liability for this coverage under each policy.

In addition, if there is other applicable similar insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

## ARBITRATION

If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover compensatory damages from the owner or driver of an **uninsured motor vehicle** or **underinsured motor vehicle;** or

2. As to the amount of such damages;

the **insured** and we may agree by mutual consent to settle the dispute by arbitration.

The following procedure will be used:

1. Each party will select a competent arbitrator. The two so selected will select a third.

2. If the third arbitrator is not selected within 30 days, the **insured** or we may request a judge of a court of record to name one. The court must be in the county and state in which arbitration is pending.

SA-227/NCEP  1/04 (NC 00 01 Ed. 1-90)    —11 —

3. Each party will pay its chosen arbitrator. Each will pay half of all other expenses of arbitration. Fees to lawyers and expert witnesses are not considered arbitration expenses and are to be paid by the party hiring these persons.

4. Unless the **insured** and we agree otherwise, arbitration will take place in the county and state in which the **insured** lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state. The arbitrators will resolve the issues. A written decision on which two arbitrators agree will be binding on the **insured** and us.

5. Any arbitration action against the company must begin within the time limit allowed for **bodily injury** or death actions in the state where the accident occurred.

6. Judgment upon award may be entered in any proper court.

7. As an alternative, the **insured** and we may agree to arbitrate by rules other than stated above.

## OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. Further, the execution of a covenant not to enforce judgment by the injured party shall not preclude us from pursuing our right to sue for or otherwise recover any payment made under this coverage from anyone else who may be liable. The person to or for whom payment was made shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

However, our rights under this paragraph do not apply against the owner or operator of an **underinsured motor vehicle** if we have been given written notice in advance of a settlement and fail to advance payment in an amount equal to the tentative settlement within 30 days following receipt of such notice.

B. If we make a payment under this coverage and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

### INSURING AGREEMENT

We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto,** including their equipment. Direct and accidental loss does not include any reduction in the value of any vehicle after it has been repaired, as compared to its value before it was damaged.

We will pay for loss to **your covered auto** caused by:

1. Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto,** we will provide the broadest coverage applicable to any **your covered auto** shown in the Declarations.

Our payment will be reduced by any deductible shown in the Declarations. The deductible will not apply to a loss caused by:

1. Fire or lightning.

2. Smoke due to sudden, unusual and faulty operation of any fixed heating equipment serving the premises in which the auto is stored.

3. The stranding, sinking, burning, **collision** or derailment of any conveyance in or on which the auto is being transported.

"**Collision**" means the upset of **your covered auto** or a **non-owned auto** or their impact with another vehicle or object.

Loss caused by the following is considered Other than **collision:**

1. Missiles or falling objects;

2. Fire;

3. Theft or larceny;

4. Explosion or earthquake;

5. Windstorm;

6. Hail, water or flood;

7. Malicious mischief or vandalism;

8. Riot or civil commotion;

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 484 of 1402**

**9.** Contact with bird or animal; or

**10.** Breakage of glass.

If loss is caused by contact with a bird or animal, or if breakage of glass is caused by **collision**, you may elect to have either loss considered to be caused by **collision**.

"Non-owned auto" means:

**1.** Any private passenger auto, station wagon type, pickup truck, van or **trailer** not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member.**

**2.** Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

   **a.** breakdown;

   **b.** repair;

   **c.** servicing;

   **d.** loss; or

   **e.** destruction.

We will also pay for direct and accidental loss caused by fire or lightning to clothes or other personal effects:

**1.** Which are owned by you or any **family member;** and

**2.** Which are in or on **your covered auto.**

**TRANSPORTATION EXPENSES**

In addition, we will pay, without application of a deductible, up to $15 per day, to a maximum of $450, for:

**1.** Transportation expenses incurred by you in the event of the total theft of **your covered auto.** This applies only if the Declarations indicate that Other Than Collision is provided for that auto.

**2.** Loss of use expenses for which you become legally responsible in the event of the total theft of a **non-owned auto.** This applies only if the Declarations indicate that Other Than Collision is provided for any **your covered auto.**

We will pay only expenses incurred during the period:

**1.** Beginning 48 hours after the theft; and

**2.** Ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

**SALVAGE CHARGES**

In addition, we will pay general average and salvage charges that you or any **family member** are legally responsible for in transporting an auto.

**EXCLUSIONS**

We will not pay for:

**1.** Loss to **your covered auto** or any **non-owned auto** which occurs while they are being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

**2.** Damage due and confined to:

   **a.** wear and tear;

   **b.** freezing;

   **c.** mechanical or electrical breakdown or failure; or

   **d.** road damage to tires.

This exclusion does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

**3.** Loss due to or as a consequence of:

   **a.** radioactive contamination;

   **b.** war (declared or undeclared);

   **c.** civil war;

   **d.** insurrection; or

   **e.** rebellion or revolution.

**4.** Loss to:

   **a.** electronic equipment designed solely for the reproduction of sound, including:

     **(1)** radios and stereos;

     **(2)** tape decks; or

     **(3)** compact disc players.

This does not apply to such equipment which is permanently installed in **your covered auto** or a **non-owned auto.**

   **b.** Any other electronic equipment that receives or transmits audio, visual, or data signals, including:

     **(1)** citizens band radios;

     **(2)** telephones;

     **(3)** two-way mobile radios;

     **(4)** scanning monitor receivers;

     **(5)** television monitor receivers;

     **(6)** video cassette recorders;

     **(7)** audio cassette recorders; or

SA-227/NCEP  1/04 (NC 00 01 Ed. 1-90)　　　　— 13 —

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 485 of 1402**

(8) personal computers.

This exclusion (4.b.) does not apply to such equipment that is:

(1) necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

(2) an integral part of the same unit housing any sound reproducing equipment described in a. and permanently installed in the opening of the dash or console of **your covered auto** or any **non-owned auto** normally used by the manufacturer for installation of a radio;

c. tapes, records, discs, or other media used with equipment described in a. or b.;

d. any other accessories used with equipment described in a. or b.

5. Loss to a camper body or **trailer** you own which is not shown in the Declarations. This exclusion does not apply to a camper body or **trailer** you:

a. acquire during the policy period; and

b. ask us to insure within the policy period or within 30 days after you become the owner.

6. Loss to any **non-owned auto** while used by you or any **family member** in the **business** of:

a. selling;

b. repairing;

c. servicing;

d. storing; or

e. parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery.

7. Loss to any **non-owned auto** if used without the express or implied permission of the owner or other person in lawful possession of such vehicle.

8. With respect to any **trailer** shown in the Declarations, loss to:

a. awnings or cabanas; or

b. equipment designed to create additional living facilities.

9. Loss to **your covered auto** or any **non-owned auto** due to forfeiture ordered by the courts or destruction or confiscation by governmental or civil authorities because you or any **family member:**

a. engaged in illegal activities; or

b. failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion does not apply to the interests of Loss Payees in **your covered auto.**

10. Loss to equipment designed or used for the detection of radar.

11. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in Exclusion 6. This exclusion does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

12. Loss to any custom furnishings or equipment in or upon any pickup truck or van you own, including, but not limited to:

a. special carpeting and insulation, furniture or bars;

b. facilities for cooking and sleeping;

c. height extending roofs or ladders;

d. custom windows, murals, paintings or other decals or graphics;

e. tool boxes and fifth wheel conversions;

f. side exhausts and headers;

g. winches and roll bars;

h. special wheels/tires (off-road or competition);

i. body or suspension alterations.

However, this exclusion (12.):

a. applies only to 1991 or later model year vehicles; and

b. does not apply to a camper body shown in the Declarations, or a cap, cover or bedliner in or upon any pickup truck you own.

13. Loss to, or loss of use of, a **non-owned auto** rented by:

a. you; or

b. any **family member;**

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member, pursuant** to the provisions of any applicable rental agreement or state law.

**LIMIT OF LIABILITY**

Our limit of liability will be the lesser of the:

1. Actual cash value of the stolen or damaged property; or

2. Amount necessary to repair or replace the property with other property of like kind and quality.

SA-227/NCEP  1/04 (NC 00 01 Ed. 1-90)                    — 14 —

This amount does not include any reduction in the value of the property after it has been repaired, as compared to its value before it was damaged.

Subject to the above, our limit of liability for loss to:

1. Personal effects is $100; and

2. A **trailer** not owned by you is $500.

An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

### PAYMENT OF LOSS

We may pay for the loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or

2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value. In the repair of your covered auto under the physical damage coverage provisions of this policy, we may require or specify the use of automobile parts not made by the original manufacturer. These parts are required to be at least equal in terms of fit, quality, performance and warranty to the original manufacturer parts they replace.

### NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

### OTHER INSURANCE

If other insurance also covers the loss we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible insurance.

### APPRAISAL

If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

We do not waive any of our rights under this policy by agreeing to an appraisal.

---

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS — FILING A CLAIM

---

### GENERAL DUTIES

We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

A person seeking coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit as often as we reasonably require:

   a. to physical exams by physicians we select. We will pay for these exams;

   b. to examinations under oath and subscribe the same.

4. Authorize us to obtain:

   a. medical reports; and

   b. other pertinent records.

5. Submit a proof of loss when required by us.

### ADDITIONAL DUTIES FOR UNINSURED AND COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE

A person seeking Uninsured or Combined Uninsured/Underinsured Motorists Coverage must also:

1. Promptly notify the police if a hit-and-run driver is involved.

2. Promptly send us copies of the legal papers if a suit is brought. A suit may not be brought by an **insured** until 60 days after that person notifies us of their belief that the prospective defendant is an uninsured motorist.

Any person who intends to pursue recovery against the owner or operator of an **underinsured motor vehicle** for damages beyond those paid or payable under this policy shall give us:

1. Notice of such intent; and

SA-227/NCEP 1/04 (NC 00 01 Ed. 1-90)                    —15 —

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 487 of 1402**

**2.** The opportunity to participate, at our expense, in the prosecution of such claim.

**ADDITIONAL DUTIES FOR DAMAGE TO YOUR AUTO**

A person seeking Coverage For Damage To Your Auto must also:

**1.** Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and their equipment from further loss. We will pay reasonable expenses incurred to do this.

**2.** Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

**3.** Permit us to inspect and appraise the damaged property before its repair or disposal.

---

## PART F — GENERAL PROVISIONS

---

**BANKRUPTCY**

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

**CHANGES**

The premium for each of **your covered autos** is based on information we have received from you or other sources. You agree:

**1.** That if any of this information material to the development of the policy premium is incorrect, incomplete or changed, we may adjust the premium accordingly during the policy period.

**2.** To cooperate with us in determining if this information is correct and complete, and to advise us of any changes in this information.

Any adjustment of your premium will be made using the rules in effect at the time of the change.

Premium adjustment may be made as the result of a change in:

**1.** Autos insured by the policy, including changes in use.

**2.** Drivers.

**3.** Coverages or coverage limits.

**4.** Rating territory.

**5.** Eligibility for discounts or other premium credits.

We may revise your policy coverages to provide more protection without additional premium charge. If we do this and you have the coverage which is changed, your policy will automatically provide the additional coverage as of the date the revision is effective in North Carolina. Otherwise, this policy contains all of the coverage agreements between you and us. Its terms may not be changed or waived except by an endorsement issued by us.

**FRAUD IN CONNECTION WITH ACCIDENT OR LOSS**

We do not provide coverage for any **insured** who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

This provision applies to Part A —Liability Coverage to the extent that the limits of liability exceed the minimum limits required by the Financial Responsibility Law of North Carolina.

**LEGAL ACTION AGAINST US**

No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

**1.** We agree in writing that the **insured** has an obligation to pay; or

**2.** The amount of that obligation has been finally determined by judgment after trial.

No person or organization has any right under this policy to bring us into any action to determine the liability of an **insured.**

**OUR RIGHT TO RECOVER PAYMENT**

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

**1.** Whatever is necessary to enable us to exercise our rights; and

**2.** Nothing after loss to prejudice them.

However, our rights in this paragraph do not apply under:

**1.** Part B;

SA-227/NCEP  1/04 (NC 00 01 Ed. 1-90)        — 16 —

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 488 of 1402**

2. Parts C1 and C2, as those parts contain separate provisions which state our right to recover payment under those Parts;

3. Part D, against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

However, our rights in this paragraph do not apply to Part B.

### POLICY PERIOD AND TERRITORY

This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

### TERMINATION — CANCELLATION, NONRENEWAL, AUTOMATIC TERMINATION, OTHER TERMINATION PROVISIONS

**Cancellation.** This policy may be canceled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

   a. returning this policy to us; or

   b. giving us advance written notice of the date cancellation is to take effect.

2. We may cancel the Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages by mailing by first-class mail to the named insured shown in the Declarations at the last known address:

   a. at least 15 days notice if cancellation is for nonpayment of premium;

   b. at least 60 days notice in all other cases.

3. We may cancel any coverage other than Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages by mailing to the named insured shown in the Declarations at the last known address 10 days notice.

4. We will cancel the Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages only for the following reasons:

   a. Nonpayment of premiums.

   b. You become a nonresident of North Carolina and are not otherwise entitled to insurance through the Reinsurance Facility on submission of new application.

   c. The termination of our contract with the agent through whom this policy was written. This does not apply if we terminate the contract because of the quality of the agent's insureds.

   d. The cancellation of this policy pursuant to a power of attorney given to a company licensed pursuant to the provisions of G.S. 58-35-5.

   e. You fail, at time of renewal, to meet the requirements of our corporate charter, articles of incorporation or by-laws, if we are organized for the sole purpose of providing members with insurance policies in North Carolina.

   f. If you knowingly make a material misrepresentation of:

      a. the years of driving experience; or

      b. the driving record of;

      you or any other driver who lives with you and customarily uses **your covered auto.**

**Nonrenewal.** If we decide not to renew or continue the Liability, Medical Payments or Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages of this policy we will mail notice to the named insured shown in the Declarations at the last known address. Notice will be mailed at least 60 days before the end of the policy period. If we decide not to renew or continue any other coverage, we will mail the notice at least 10 days before the end of the policy period. We will refuse to renew or continue this policy only as permitted by the laws of North Carolina.

**Automatic Termination.** If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on **your covered auto,** any similar insurance provided by this policy will

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 489 of 1402**

terminate as to that auto on the effective date of the other insurance.

**Other Termination Provisions**

1. If the law in effect in North Carolina at the time this policy is issued, renewed or continued:

   a. requires a longer notice period;

   b. requires a special form of or procedure for giving notice; or

   c. modifies any of the stated termination reasons;

   we will comply with those requirements.

2. Proof of mailing of any notice shall be sufficient proof of notice.

3. If the Named Insured or a premium finance company cancels this policy, the premium owed or premium refund due will be calculated according to the short rate provisions contained in our manuals. If we cancel this policy, any premium owed or premium refund will be calculated on a pro rata basis. However, making or offering to make the refund is not a condition of cancellation.

4. The effective date of cancellation stated in the notice shall become the end of the policy period.

**AUTO REPAIRS**

We shall not recommend the use of a particular motor vehicle repair service without clearly informing the claimant that:

(i) the claimant is under no obligation to use the recommended repair service;

(ii) the claimant may use the repair service of the claimant's choice; and

(iii) the amount determined by us to be payable under the policy will be paid regardless of whether or not the claimant uses the recommended repair service.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations;

2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto;** and

3. Any person having proper temporary custody of **your covered auto,** as an **insured,** until the appointment of a legal representative.

Coverage will only be provided until the end of the policy period.

**Choice of Law**

This policy is issued in accordance with the laws of North Carolina and covers property or risks principally located in North Carolina. Any and all claims or disputes in any way related to this policy shall be governed by the laws of North Carolina.

---

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS. (NC 03 02 (Ed. 1-99))**

**EXTENDED TRANSPORTATION EXPENSES COVERAGE**

The provisions and exclusions that apply to **Part D — Coverage for Damage to Your Auto** also apply to this endorsement except as changed by this endorsement.

**A. EXTENDED TRANSPORTATION EXPENSES COVERAGE**

When there is a loss to a **your covered auto** described in the Declarations for which a specific premium charge indicates that Extended Transportation Expenses Coverage is afforded, or to a **non-owned auto,** we will pay, without

application of a deductible, up to $15 per day to a maximum of $450 for:

1. Transportation expenses incurred by you;

2. Loss of use expenses for which you become legally responsible in the event of loss to a **non-owned auto.**

This coverage applies only if:

1. **Your covered auto** or the **non-owned auto** is withdrawn from use for more than 24 hours; and

2. The loss is caused by **collision** or is otherwise covered under Part D of this policy.

However, this coverage does not apply when there is a total theft of **your covered auto** or a

SA-227/NCEP 1/04 (NC 00 01 Ed. 1-90)                    — 18 —

**non-owned auto.** Such coverage is provided under Part D of this policy.

Our payment will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto.**

**B. INCREASED     LIMITS     TRANSPORTATION EXPENSES COVERAGE**

When there is a loss to **your covered auto** described in the Declarations for which a specific premium charge indicates that Increased Limits **Transportation Expenses Coverage is afforded, or to a non-owned auto:**

1. **Coverage for Extended Transportation Expenses Coverage** provided under this endorsement is increased to $30 per day up to a maximum of $900. All other provisions of Extended Transportation Expenses Coverage apply.

2. **Coverage for Transportation Expenses Coverage** provided under Part D of this policy is increased to $30 per day up to a maximum of $900.

**C. ADDITIONAL INCREASED LIMITS TRANSPORTATION EXPENSES COVERAGE**

When there is a loss to a **your covered auto** described in the Declarations for which a specific premium charge indicates that Additional Increased Limits Transportation Expenses Coverage is afforded, or to a **non-owned auto:**

1. Coverage for Extended Transportation Expenses Coverage provided under this endorsement is increased to $50 per day up to a maximum of $1500. All other provisions of Extended Transportation Expenses Coverage apply.

2. Coverage for Transportation Expenses Coverage provided under Part D of this policy is increased to $50 per day up to a maximum of $1,500.

---

**COVERAGE FOR AUDIO, VISUAL AND DATA ELECTRONIC EQUIPMENT AND TAPES, RECORDS, DISCS AND OTHER MEDIA**

The provisions and exclusions that apply to **Part D — Coverage for Damage to Your Auto,** other than Exclusion 4.b., c. and d., also apply to coverage provided by this endorsement except as modified herein.

**INSURING AGREEMENT**

We will pay, without application of a deductible, for direct and accidental loss to any electronic equipment that receives or transmits audio, visual or data signals and is not designed solely for the reproduction of sound. This coverage applies only if the equipment is permanently installed in **your covered auto** at the time of the loss.

We will also pay, without application of a deductible, for direct and accidental loss to:

1. Any accessories used with electronic equipment permanently installed in **your covered auto** and not designed solely for the reproduction of sound; and

2. Tapes, records, discs and other media if they are:

    a. your property or that of a **family member;** and

    b. in **your covered auto** at the time of the loss.

**EXCLUSIONS**

We will not pay, under this endorsement, for any electronic equipment that is:

1. Necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

2. Both:

    a. an integral part of the same unit housing any sound reproducing equipment designed solely for the reproduction of sound if the sound reproducing equipment is permanently installed in **your covered auto;** and

    b. permanently installed in the opening of the dash or console of **your covered auto.** This opening must be normally used by the manufacturer for the installation of a radio.

**LIMIT OF LIABILITY**

With respect to coverage under this endorsement, the Limit of Liability provision of Part D is replaced by the following:

1. Our limit of liability for the total of all losses to audio, visual or data electronic equipment and any accessories used with this equipment, as a result of any one occurrence, shall be the lesser of:

    a. stated amount shown in the Declarations;

    b. actual cash value of the stolen or damaged property; or

    c. amount necessary to repair or replace the property.

2. Our limit of liability for the total of all losses to tapes, records, discs or other media, as a result of any one occurrence shall be the lesser of:

    a. $200;

SA-227/NCEP  1/04 (NC 00 01 Ed. 1-90)

—19—

**b.** the actual cash value of the stolen or damaged property; or

**c.** the amount necessary to repair or replace the property.

If coverage for audio, visual or data electronic equipment and accessories used with the equipment is purchased, the limit of liability applicable for losses to tapes, records, discs or other media is in addition to the limit of liability applicable to audio, visual or data electronic equipment and any accessories used with the equipment.

**3.** An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

## TOWING AND LABOR COSTS COVERAGE

We will pay towing and labor costs incurred each time **your covered auto** or any **non-owned auto** is disabled or keys are lost, broken or accidentally locked in the auto, up to the amount shown in the Declarations as applicable to that vehicle. If a **non-owned auto** is disabled, we will provide the broadest towing and labor costs coverage applicable to any **your covered auto** shown in the Declarations. We will only pay for labor performed at the place of disablement.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 492 of 1402**

**** REPRINTED FROM THE FORMS LIBRARY ****

 Safeco Insurance

## NORTH CAROLINA AUTOMOBILE POLICY

SAFECO INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
Home Office: 4333 Brooklyn Ave. N.E., Seattle, Washington 98185
AMERICAN STATES PREFERRED INSURANCE COMPANY
Home Office: 500 North Meridian Street, Indianapolis, IN 46204
(Each a stock insurance company.)

### READY REFERENCE TO YOUR AUTO POLICY

| | | Beginning On Page |
|---|---|---|
| AGREEMENT | | 1 |
| DEFINITIONS | | 1 |
| PART A | LIABILITY COVERAGE | 2 |
| | Insuring Agreement | |
| | Supplementary Payments | |
| | Exclusions | |
| | Limit of Liability | |
| | Out of State Coverage | |
| | Financial Responsibility Required | |
| | Other Insurance | |
| PART B | MEDICAL PAYMENTS COVERAGE | 4 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Non-Duplication | |
| | Other Insurance | |
| | Arbitration | |
| PART C1 | UNINSURED MOTORISTS COVERAGE | 6 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Other Insurance | |
| | Arbitration | |
| PART C2 | COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE | 9 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Other Insurance | |
| | Arbitration | |
| PART D | COVERAGE FOR DAMAGE TO YOUR AUTO | 12 |
| | Insuring Agreement | |
| | Transportation Expenses | |
| | Salvage Charges | |
| | Exclusions | |
| | Limit of Liability | |
| | Payment of Loss | |
| | No Benefit to Bailee | |
| | Other Insurance | |
| | Appraisal | |
| PART E | DUTIES AFTER AN ACCIDENT OR LOSS — FILING A CLAIM | 15 |
| | General Duties | |
| | Additional Duties for Uninsured and Combined Uninsured/Underinsured Motorists Coverage | |
| | Additional Duties for Damage to Your Auto | |
| PART F | GENERAL PROVISIONS | 16 |
| | Bankruptcy | |
| | Changes | |
| | Legal Action Against Us | |
| | Our Right to Recover Payment | |
| | Policy Period and Territory | |
| | Termination | |
| | Transfer of Your Interest in This Policy | |

SA-227/NCEP 3/04 (NC 00 01 Ed. 1-90)
(Copyright, North Carolina Rate Bureau, 2004)

Safeco ® and the Safeco logo are trademarks of Safeco Corporation

**** REPRINTED FROM THE FORMS LIBRARY ****

| ADDITIONAL COVERAGES | Extended Transportation Expenses Coverage<br>Coverage for Audio, Visual and Data Electronic Equipment<br>Uninsured/Underinsured Motorists Coverage | 19 |

```
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
```

This policy is a legal contract between you and us. The new Personal Auto Policy has been:

- designed for easy reference;
- simplified to make it more understandable; and
- arranged to better display the available coverage.

**READ YOUR POLICY CAREFULLY**

The following endorsements were incorporated into the North Carolina Automobile Policy (NC 00 01 1/90).

NC 00 09 5/94   Amendatory Endorsement —North Carolina Personal Auto Policy
NC 00 11 2/95   Amendatory Endorsement —North Carolina
NC 00 12 1/04   Amendatory Endorsement —North Carolina Personal Auto
NC 00 15 8/99   Amendatory Endorsement —North Carolina

**No substantive changes have been made to any of the forms.**

**** REPRINTED FROM THE FORMS LIBRARY ****

## PERSONAL AUTO POLICY

---

### AGREEMENT

---

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

---

### DEFINITIONS

---

Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

"We," "us" and "our" refer to the Company providing this insurance.

For purposes of this policy, a private passenger type auto, pickup or van shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and

2. For a continuous period of at least 6 months.

Other words and phrases are defined. They are boldfaced or in quotation marks when used.

"Bodily injury" means bodily harm, sickness or disease, including death that results.

"Business" means trade, profession or occupation.

"Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

"Newly acquired auto" means any of the following types of vehicles you become the owner of during the policy period:

1. A private passenger auto or station wagon type; or

2. A pickup truck or van that:

    a. has a Gross Vehicle Weight as specified by the manufacturer of less than 10,000 pounds; and

    b. is not used for the delivery or transportation of goods and materials unless such use is:

        (1) incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

        (2) for farming or ranching.

Any coverage for a **newly acquired auto** is subject to the following:

1. If a **newly acquired auto** replaces a vehicle shown in the Declarations, it will have the same coverage as the vehicle it replaced except that coverage, if any, under Part D —Coverage For Damage To Your Auto applies only if you ask us to insure it within 30 days after you become the owner.

2. If a **newly acquired auto** is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations if you ask us to insure it within 30 days after you become the owner.

3. Coverage under this policy terminates for any **newly acquired auto** on the effective date and time of a policy (other than this policy) issued by us or any other company that describes such vehicle on its Declarations page.

4. If you ask us to insure a **newly acquired auto** within the applicable specified time period described in 1. or 2. above, any coverage we provide for the **newly acquired auto** begins on the date you become the owner. If you ask us to insure a **newly acquired auto** after the applicable specified time period described above has elapsed, any coverage we provide for the **newly acquired auto** will begin at the time you request the coverage. You must pay us any added amount due for any coverage we provide for a **newly acquired auto.**

"Occupying" means in; upon; getting in, on, out or off.

"Property damage" means physical injury to, destruction of, or loss of use of tangible property.

"Trailer" means a vehicle designed to be pulled by a:

1. Private passenger auto or station wagon type; or

2. Pickup truck or van.

SA-227/NCEP  3/04 (NC 00 01 Ed. 1-90)                    —1 —

···· REPRINTED FROM THE FORMS LIBRARY ····

It also means a farm wagon or farm implement while pulled by a vehicle listed in 1. or 2. above.

**"Your covered auto"** means:

1. Any vehicle shown in the Declarations.

2. A **newly acquired auto.**

3. Any **trailer** you own.

4. Any auto or **trailer** not owned by you while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

   a. breakdown;

   b. repair;

   c. servicing;

   d. loss; or

   e. destruction.

   This provision (4.) does not apply to Part D — Coverage for Damage to Your Auto.

---

## PART A — LIABILITY COVERAGE

---

### INSURING AGREEMENT

We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the **insured.** We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**"Insured"** as used in this Part means:

1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

2. Any person using **your covered auto.**

3. For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or **trailer,** other than **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or **trailer.**

### SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of an **insured:**

1. Up to $250 for the cost of bail bonds required because of traffic law violations resulting from an accident. The accident must result in **bodily injury** or **property damage** covered under this policy.

2. Premiums on appeal bonds and bonds to release attachments in any suit we defend. We have no duty to purchase bonds in an amount exceeding our Limit of Liability, and we have no duty to apply for or furnish these bonds.

3. All costs taxed against the **insured** and interest accruing after a judgment is entered in any suit we defend. Costs do not include prejudgment interest. Our duty to pay post-judgment interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

4. Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

5. Expenses incurred by an **insured** for emergency first aid to others performed at the scene of an accident that involves any auto covered by this policy.

6. Other reasonable expenses incurred at our request.

### EXCLUSIONS

A. We do not provide Liability Coverage for any **insured:**

   1. Who intentionally causes **bodily injury** or **property damage.** This exclusion applies only to damages in excess of the minimum limit required by the financial responsibility law of North Carolina.

   2. For **property damage** to property owned or being transported by that **insured.**

   3. For **property damage** to property:

      a. rented to;

      b. used by; or

      c. in the care of;

      that **insured.** This exclusion does not apply to a residence or private garage.

SA-227/NCEP  3/04 (NC 00 01 Ed. 1-90)          —2—

•••• REPRINTED FROM THE FORMS LIBRARY ••••

4. For **bodily injury** to an employee of that **insured** during the course of employment. This exclusion does not apply to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

6. While employed or otherwise engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing; or

   e. parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to the ownership, maintenance or use of **your covered auto** by:

   a. you;

   b. any **family member;** or

   c. any partner, agent or employee of you or any **family member.**

   This exclusion applies only to damages in excess of the minimum limit required by the financial responsibility law of North Carolina.

7. Maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusion 6. This exclusion does not apply to the maintenance or use of a:

   a. private passenger auto;

   b. pickup or van that:

      (1) you own; or

      (2) you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

         (a) breakdown;

         (b) repair;

         (c) servicing;

         (d) loss; or

         (e) destruction; or

   c. **trailer** used with a vehicle described in a. or b. above.

8. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

   This Exclusion A.8. does not apply to a **family member** using **your covered auto** which is owned by you.

9. For **bodily injury** or **property damage** for which that person:

   a. is an insured under a nuclear energy liability policy; or

   b. would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   A nuclear energy liability policy is a policy issued by any of the following or their successors:

   a. Nuclear Energy Liability Insurance Association;

   b. Mutual Atomic Energy Liability Underwriters; or

   c. Nuclear Insurance Association of Canada.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

   1. Any vehicle, other than **your covered auto,** which is:

      a. owned by you; or

      b. furnished for your regular use;

   2. Any vehicle, other than **your covered auto,** which is:

      a. owned by any **family member;** or

      b. furnished for the regular use of any **family member.**

   However, this exclusion (B.2.) does not apply to your maintenance or use of any vehicle which is:

      a. owned by a **family member;** or

      b. furnished for the regular use of a **family member.**

## LIMIT OF LIABILITY

The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for **bodily injury,** including damages for care, loss of services or death, sustained by any one person in any one auto accident. Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident. The limit of liability shown in the Declarations for each accident for Property Damage

SA-227/NCEP  3/04 (NC 00 01 Ed. 1-90)                     — 3 —

**** REPRINTED FROM THE FORMS LIBRARY ****

Liability Coverage is our maximum limit of liability for all damages to all property resulting from any one auto accident. This is the most we will pay as a result of any one auto accident regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY REQUIRED

When this policy is certified as future proof of financial responsibility, this policy will comply with the law to the extent required.

## OTHER INSURANCE

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

---

## PART B — MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

We will pay reasonable expenses incurred for necessary medical and funeral services because of **bodily injury:**

1. Caused by accident; and

2. Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

Reasonable medical expenses do not include expenses:

1. For treatment, services, products or procedures that are:

   a. experimental in nature, for research, or not primarily designed to serve a medical purpose; or

   b. not commonly and customarily recognized throughout the medical profession and within the United States as appropriate for the treatment of **bodily injury;** or

2. Incurred for:

   a. the use of thermography or other related procedures of a similar nature; or

   b. the use of acupuncture or other related procedures of a similar nature; or

   c. the purchase or rental of equipment not primarily designed to serve a medical purpose.

Expenses are reasonable only if they are consistent with the usual fees charged by the majority of similar medical providers in the geographical area in which the expenses were incurred for the specific medical service.

Services are necessary only if the services are rendered by a licensed medical provider within the scope of the provider's practice and license and are essential in achieving maximum medical improvement for the **bodily injury** sustained in the accident.

We have the right to make or obtain a utilization review of the medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

"Insured" as used in the Part means:

1. You or any **family member:**

   a. while **occupying;** or

   b. as a pedestrian when struck by;

SA-227/NCEP  3/04 (NC 00 01 Ed. 1-90)                                —4 —

**** REPRINTED FROM THE FORMS LIBRARY ****

a motor vehicle designed for use mainly on public roads or a trailer of any type;

**2.** Any other person while **occupying:**

   **a.** **your covered auto;** or

   **b.** any other motor vehicle:

     **(1)** operated by you; or

     **(2)** operated by a **family member** if the motor vehicle is a private passenger auto or **trailer.**

## EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury:**

**1.** Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

**2.** Sustained while **occupying** any vehicle located for use as a residence or premises.

**3.** Occurring while employed or otherwise engaged in the **business** of:

   **a.** selling;

   **b.** repairing;

   **c.** servicing;

   **d.** storing; or

   **e.** parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion applies only if workers' compensation benefits are available for the **bodily injury.**

**4.** Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

   **a.** owned by you; or

   **b.** furnished for your regular use.

**5.** Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

   **a.** owned by any **family member;** or

   **b.** furnished for the regular use of any **family member.**

However, this exclusion does not apply to you.

**6.** Sustained while **occupying** a vehicle without a reasonable belief that that **insured** is entitled to do so.

This exclusion 6. does not apply to a **family member** using **your covered auto** which is owned by you.

**7.** Sustained while **occupying** any auto not owned by, or furnished for the regular use of, you or any **family member,** while used to carry persons or property for a fee. This exclusion does not apply to:

   **a.** a share-the-expense car pool; or

   **b.** you or any **family member.**

**8.** Resulting from the maintenance or use of any auto not owned by, or furnished for the regular use of, you or any **family member,** while that **insured** is engaged in the **business** of:

   **a.** selling;

   **b.** repairing;

   **c.** servicing;

   **d.** storing; or

   **e.** parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to you or any **family member.**

**9.** Resulting from the maintenance or use of any auto not owned by, or furnished for the regular use of, you or any **family member** while that **insured** is employed or otherwise engaged in any **business** not described in Exclusion 8. This exclusion does not apply:

   **a.** to you or any **family member;** or

   **b.** if the **bodily injury** results from the operation of a private passenger auto or **trailer** by you.

**10.** Caused by or as a consequence of:

   **a.** war (declared or undeclared);

   **b.** civil war;

   **c.** insurrection; or

   **d.** rebellion or revolution.

**11.** Sustained while **occupying** any motorized vehicle having fewer than four wheels.

## LIMIT OF LIABILITY

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident regardless of the number of:

**1.** Claims made;

**2.** Vehicles or premiums shown in the Declarations; or

SA-227/NCEP  3/04  (NC 00 01 Ed. 1-90)     — 5 —

**** REPRINTED FROM THE FORMS LIBRARY ****

**3.** Vehicles involved in the accident.

**NON-DUPLICATION**

No person for whom medical expenses are payable under this coverage shall be paid more than once for the same medical expense under this or similar vehicle insurance, including any no-fault benefits required by law.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

**ARBITRATION**

The amount due under this coverage shall be decided by agreement between the **insured** and us. If there is no agreement, the amount due shall be decided by arbitration upon written request of the **insured** or us. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days, either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on us, the **insured**, any assignee of the **insured** and any person or organization with whom the **insured** expressly or implied contracts for the rendition of medical services. The arbitrator's decision shall be limited to whether or not the medical services were reasonable and the services were necessary, with the amount due being equal only to the reasonable expenses for necessary services. The arbitrators shall not award punitive damages or other noncompensatory damages.

The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.

The arbitration shall take place in the county in which the **insured** resides unless the parties agree to another place. State court rules governing procedure and admission of evidence shall be used.

---

## PART C1 — UNINSURED  MOTORISTS  COVERAGE

**INSURING  AGREEMENT**

We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

   **1. Bodily injury** sustained by an **insured** and caused by an accident; and

   **2. Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

Any judgment for damages arising out of a suit is not binding on us unless we have been served with a copy of the summons, complaint or other process against the uninsured motorists.

"**Insured**" as used in this Part means:

   1. You or any **family member.**

   2. Any other person **occupying:**

      a. **your covered auto;** or

      b. any other auto operated by you.

   3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person listed in 1. or 2. above.

"**Property damage**" as used in this Part means injury to or destruction of:

   1. **Your covered auto.**

   2. Any property owned by a person listed in 1. or 2. of **insured.**

"**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

   1. To which neither:

      a. a liability bond or policy; nor

      b. cash or securities on file with the North Carolina Commissioner of Motor Vehicles;

      applies at the time of the accident.

   2. To which a liability bond or policy applies at the time of the accident; provided its limit for liability is less than the minimum limit specified by the financial responsibility law of North Carolina.

   3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose

SA-227/NCEP  3/04 (NC 00 01 Ed. 1-90)                      —6 —

**** REPRINTED FROM THE FORMS LIBRARY ****

operator or owner cannot be identified and which hits:

   **a.** you or any **family member;**

   **b.** a vehicle which you or any **family member** are **occupying;** or

   **c.** **your covered auto.**

4. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

   **a.** denies coverage; or

   **b.** is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. Owned by you.

2. Owned or operated by a self-insurer under any applicable motor vehicle law; except a self-insurer which is or becomes insolvent.

3. Owned by:

   **a.** the United States of America;

   **b.** Canada;

   **c.** a state; or

   **d.** an agency, other than a political subdivision of a., b. or c. above.

4. Operated on rails or crawler treads.

5. Which is a farm type tractor or equipment designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

## EXCLUSIONS

**A.** We do not provide Uninsured Motorists Coverage for **property damage** or **bodily injury** sustained by any **insured:**

   **1.** If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our written consent.

   **2.** While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

   **3.** Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

   This Exclusion A.3. does not apply to a **family member** using **your covered auto** which is owned by you.

   **4.** For the first $100 of the amount of **property damage** to the property of each **insured** as the result of any one accident.

5. If the property is contained in or struck by a motor vehicle (other than **your covered auto**) owned by you or any **family member.**

6. For any punitive or exemplary damages, or legal costs related thereto.

7. While **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

   However, this exclusion does not apply to you or any **family member.**

**B.** We do not provide Uninsured Motorists Coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.

**C.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or any similar law:

   **a.** workers' compensation law; or

   **b.** disability benefits law.

## LIMIT OF LIABILITY

The limit of bodily injury liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury,** including damages for care, loss of services or death, sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of bodily injury liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident. The limit of property damage liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages to all property resulting from any one accident. This is the most we will pay for **bodily injury** and **property damage** regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

The limit of liability otherwise applicable under this coverage shall be reduced by all sums:

1. Paid because of the **bodily injury** or **property damage** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A; and

SA-227/NCEP  3/04 (NC 00 01 Ed. 1-90)

**** REPRINTED FROM THE FORMS LIBRARY ****

**2.** Paid or payable because of the **bodily injury** under any workers' compensation law. However, this reduction does not apply to the extent that an employer's lien is required to be paid under North Carolina's workers' compensation law; and

**3** Paid or payable because of the **bodily injury** under any disability benefits law or any similar law.

No payment will be made for loss paid or payable to the **insured** under Part D or any policy of property insurance.

Any payment to any person under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

This coverage is excess over and shall not duplicate any amount paid or payable under Part B.

**OTHER INSURANCE**

If this policy and any other auto insurance policy apply to the same accident, the maximum amount payable under all applicable policies for injuries to an **insured** caused by an **uninsured motor vehicle** shall be the sum of the highest limit of liability for this coverage under each such policy.

In addition, if there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

**ARBITRATION**

If we and an **insured** do not agree:

**1.** Whether that **insured** is legally entitled to recover compensatory damages from the owner or driver of an **uninsured motor vehicle;** or

**2.** As to the amount of such damages;

the **insured** and we may agree by mutual consent to settle the dispute by arbitration.

The following procedures will be used:

**1.** Each party will select a competent arbitrator. The two so selected will select a third.

**2.** If the third arbitrator is not selected within 30 days, the **insured** or we may request a judge of a court of record to name one. The court must be in the county and state in which arbitration is pending.

**3.** Each party will pay its chosen arbitrator. Each will pay half of all other expenses of arbitration. Fees to lawyers and expert witnesses are not considered arbitration expenses and are to be paid by the party hiring these persons.

**4.** Unless the **insured** and we agree otherwise, arbitration will take place in the county and state in which the **insured** lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state. The arbitrators will resolve the issues. A written decision on which two arbitrators agree will be binding on the **insured** and us.

**5.** Any arbitration action against the company must begin within the time limit allowed for **bodily injury** or death actions in the state where the accident occurred.

**6.** Judgment upon award may be entered in any proper court.

**7.** As an alternative, the **insured** and we may agree to arbitrate by rules other than stated above.

**OUR RIGHT TO RECOVER PAYMENT**

**A.** If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. Further, the execution of a covenant not to enforce judgment by the injured party shall not preclude us from pursuing our right to sue for or otherwise recover any payment made under this coverage from anyone else who may be liable. The person to or for whom payment was made shall do:

**1.** Whatever is necessary to enable us to exercise our rights; and

**2.** Nothing after loss to prejudice them.

**B.** If we make a payment under this coverage and the person to or for whom payment is made recovers damages from another, that person shall:

**1.** Hold in trust for us the proceeds of the recovery; and

**2.** Reimburse us to the extent of our payment.

**** REPRINTED FROM THE FORMS LIBRARY ****

## PART C2 — COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

1. **Bodily injury** sustained by an **insured** and caused by an accident; and

2. **Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

We will also pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury** sustained by an **insured** and caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle.** We will pay for these damages only after the limits of liability under any applicable liability bonds or policies have been exhausted by payments of judgments or settlements, unless we:

1. Have been given written notice in advance of settlement between an **insured** and the owner or operator of the **underinsured motor vehicle;** and

2. Consent to advance payment to the **insured** in an amount equal to the tentative settlement.

Any judgment for damages arising out of a suit is not binding on us unless we have been served with a copy of the summons, complaint or other process against the uninsured or underinsured motorist.

"**Insured**" as used in this Part means:

1. You or any **family member.**

2. Any other person **occupying:**

   a. **your covered auto;** or

   b. any other auto operated by you.

3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person listed in 1. or 2. above.

"**Property damage**" as used in this Part means injury to or destruction of:

1. **Your covered auto.**

2. Any property owned by a person listed in 1. or 2. of **insured.**

"**Underinsured motor vehicle**" means a land motor vehicle or trailer of any type:

1. The ownership, maintenance or use of which is insured or bonded for liability at the time of the accident; and

2. The sum of the limits of liability under all **bodily injury** liability bonds and insurance policies applicable at the time of the accident is equal to or greater than the minimum limit specified by the financial responsibility law of North Carolina and:

   a. is less than the limit of liability for this coverage; or

   b. the total limit of liability available has been reduced to less than the limit of liability for this coverage by payment of damages to other persons.

However, "**underinsured motor vehicle**" does not include any vehicle or equipment:

1. Operated on rails or crawler treads.

2. Which is a farm-type tractor or other vehicle designed for use principally off public roads and while not upon public roads.

3. While located for use as a residence or premises.

4. Which is an **uninsured motor vehicle.**

5. Which is insured under Liability Coverage of this policy if such policy's limit of liability for Combined Uninsured/Underinsured Motorists Coverage is equal to or less than its limit of liability for Liability Coverage.

"**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

1. To which neither:

   a. a liability bond or policy; nor

   b. cash or securities on file with the North Carolina Commissioner of Motor Vehicles;

   applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident; provided its limit for liability is less than the minimum limit specified by the financial responsibility law of North Carolina.

3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose

SA-227/NCEP  3/04 (NC 00 01 Ed. 1-90)                    —9 —

**** REPRINTED FROM THE FORMS LIBRARY ****

operator or owner cannot be identified and which hits:

**a.** you or any **family member;**

**b.** a vehicle which you or any **family member** are **occupying;** or

**c. your covered auto.**

**4.** To which a liability bond or policy applies at the time of the accident, but the bonding or insuring company:

**a.** denies coverage; or

**b.** is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

**1.** Owned by you.

**2.** Owned or operated by a self-insurer under any applicable motor vehicle law; except a self-insurer which is or becomes insolvent.

**3.** Owned by:

**a.** the United States of America;

**b.** Canada;

**c.** a state; or

**d.** an agency, other than a political subdivision of a., b. or c. above.

**4.** Operated on rails or crawler treads.

**5.** Which is a farm-type tractor or equipment designed mainly for use off public roads while not on public roads.

**6.** While located for use as a residence or premises.

**EXCLUSIONS**

**A.** We do not provide coverage for **property damage** or **bodily injury** caused by an **uninsured motor vehicle** and sustained by any **insured:**

**1.** If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our written consent.

**2.** While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

**3.** Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

This Exclusion A.3. does not apply to a **family member** using **your covered auto** which is owned by you.

**4.** For the first $100 of the amount of **property damage** to the property of each **insured** as the result of any one accident.

**5.** If the property is contained in or struck by a motor vehicle (other than **your covered auto**) owned by you or any **family member.**

**6.** For any punitive or exemplary damages, or legal costs related thereto.

**7.** While **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

However, this exclusion does not apply to you or any **family member.**

**B.** We do not provide coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.

**C.** We do not provide coverage for **bodily injury** caused by an **underinsured motor vehicle** and sustained by any **insured:**

**1.** If that **insured** or the legal representative settles the **bodily injury** claim without our consent. However, this exclusion does not apply if we:

**a.** have been given written notice in advance of a settlement between an **insured** and the owner or operator of the **underinsured motor vehicle;** and

**b.** we fail to advance payment to the **insured** in an amount equal to the tentative settlement within thirty days following receipt of such written notice.

**2.** While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

**3.** Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

This Exclusion C.3. does not apply to a **family member** using **your covered auto** which is owned by you.

**4.** For any punitive or exemplary damages, or legal costs related thereto.

**5.** While **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

However, this exclusion does not apply to you or any **family member.**

**D.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or any similar law:

**a.** workers' compensation law; or

**b.** disability benefits law.

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 504 of 1402**

···· REPRINTED FROM THE FORMS LIBRARY ····

## LIMIT OF LIABILITY

The limit of bodily injury liability shown in the Declarations for each person for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury,** including damages for care, loss of services or death, sustained by any one person in any one auto accident.

Subject to this limit for each person, the limit of bodily injury liability shown in the Declarations for each accident for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident. The limit of property damage liability shown in the Declarations for each accident for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **property damage** caused by an **uninsured motor vehicle** and resulting from any one accident.

This is the most we will pay for **bodily injury** and **property damage** regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

The limits of bodily injury liability shown in the Declarations for each person and each accident for this coverage shall be reduced by all sums:

1. Paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A; and

2. Paid or payable because of the **bodily injury** under any workers compensation law. However, this reduction does not apply to the extent that an employer's lien is required to be paid under North Carolina's workers' compensation law; and

3. Paid or payable because of the **bodily injury** under any disability benefits law or any similar law.

The most we will pay for **bodily injury** damages to an **insured** under this coverage is the lesser of:

   a. the limit of bodily injury liability shown in the Declarations for each person for this coverage reduced by all sums described in items 1., 2. and 3. of the preceding paragraph; or

   b. the damages sustained by the **insured** for **bodily injury** reduced by all sums described

in items 1., 2. and 3. in the preceding paragraph.

The limit of property damage liability under this coverage shall be reduced by all sums paid because of the **property damage** by or on behalf of persons or organizations who may legally responsible. This includes all sums payable under Part A.

No payment will be made for loss paid or payable to the **insured** under Part D or any policy of property insurance.

Any payment to any person under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

This coverage is excess over and shall not duplicate any amount paid or payable under Part B.

## OTHER INSURANCE

If this policy and any other auto insurance policy apply to the same accident, the maximum amount payable under all applicable policies for all injuries to an **insured** caused by an **uninsured motor vehicle** or **underinsured motor vehicle** shall be the sum of the highest limit of liability for this coverage under each policy.

In addition, if there is other applicable similar insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

## ARBITRATION

If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover compensatory damages from the owner or driver of an **uninsured motor vehicle** or **underinsured motor vehicle;** or

2. As to the amount of such damages;

the **insured** and we may agree by mutual consent to settle the dispute by arbitration.

The following procedure will be used:

1. Each party will select a competent arbitrator. The two so selected will select a third.

2. If the third arbitrator is not selected within 30 days, the **insured** or we may request a judge of a court of record to name one. The court must be in the county and state in which arbitration is pending.

SA-227/NCEP  3/04  (NC 00 01 Ed. 1-90)                    — 11 —

**** REPRINTED FROM THE FORMS LIBRARY ****

3. Each party will pay its chosen arbitrator. Each will pay half of all other expenses of arbitration. Fees to lawyers and expert witnesses are not considered arbitration expenses and are to be paid by the party hiring these persons.

4. Unless the **insured** and we agree otherwise, arbitration will take place in the county and state in which the **insured** lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state. The arbitrators will resolve the issues. A written decision on which two arbitrators agree will be binding on the **insured** and us.

5. Any arbitration action against the company must begin within the time limit allowed for **bodily injury** or death actions in the state where the accident occurred.

6. Judgment upon award may be entered in any proper court.

7. As an alternative, the **insured** and we may agree to arbitrate by rules other than stated above.

**OUR RIGHT TO RECOVER PAYMENT**

A. If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. Further, the execution of a covenant not to enforce judgment by the injured party shall not preclude us from pursuing our right to sue for or otherwise recover any payment made under this coverage from anyone else who may be liable. The person to or for whom payment was made shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

However, our rights under this paragraph do not apply against the owner or operator of an **underinsured motor vehicle** if we have been given written notice in advance of a settlement and fail to advance payment in an amount equal to the tentative settlement within 30 days following receipt of such notice.

B. If we make a payment under this coverage and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

**INSURING AGREEMENT**

We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto,** including their equipment. Direct and accidental loss does not include any reduction in the value of any vehicle after it has been repaired, as compared to its value before it was damaged.

We will pay for loss to **your covered auto** caused by:

1. Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto,** we will provide the broadest coverage applicable to any **your covered auto** shown in the Declarations.

Our payment will be reduced by any deductible shown in the Declarations. The deductible will not apply to a loss caused by:

1. Fire or lightning.

2. Smoke due to sudden, unusual and faulty operation of any fixed heating equipment serving the premises in which the auto is stored.

3. The stranding, sinking, burning, **collision** or derailment of any conveyance in or on which the auto is being transported.

"Collision" means the upset of **your covered auto** or a **non-owned auto** or their impact with another vehicle or object.

Loss caused by the following is considered Other than **collision:**

1. Missiles or falling objects;

2. Fire;

3. Theft or larceny;

4. Explosion or earthquake;

5. Windstorm;

6. Hail, water or flood;

7. Malicious mischief or vandalism;

8. Riot or civil commotion;

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 506 of 1402**

**** REPRINTED FROM THE FORMS LIBRARY ****

9. Contact with bird or animal; or

10. Breakage of glass.

If loss is caused by contact with a bird or animal, or if breakage of glass is caused by **collision**, you may elect to have either loss considered to be caused by **collision**.

"Non-owned auto" means:

1. Any private passenger auto, station wagon type, pickup truck, van or **trailer** not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member.**

2. Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

   a. breakdown;

   b. repair;

   c. servicing;

   d. loss; or

   e. destruction.

We will also pay for direct and accidental loss caused by fire or lightning to clothes or other personal effects:

1. Which are owned by you or any **family member;** and

2. Which are in or on **your covered auto.**

## TRANSPORTATION EXPENSES

In addition, we will pay, without application of a deductible, up to $15 per day, to a maximum of $450, for:

1. Transportation expenses incurred by you in the event of the total theft of **your covered auto.** This applies only if the Declarations indicate that Other Than Collision is provided for that auto.

2. Loss of use expenses for which you become legally responsible in the event of the total theft of a **non-owned auto.** This applies only if the Declarations indicate that Other Than Collision is provided for any **your covered auto.**

We will pay only expenses incurred during the period:

1. Beginning 48 hours after the theft; and

2. Ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

## SALVAGE CHARGES

In addition, we will pay general average and salvage charges that you or any **family member** are legally responsible for in transporting an auto.

## EXCLUSIONS

We will not pay for:

1. Loss to **your covered auto** or any **non-owned auto** which occurs while they are being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

2. Damage due and confined to:

   a. wear and tear;

   b. freezing;

   c. mechanical or electrical breakdown or failure; or

   d. road damage to tires.

   This exclusion does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

3. Loss due to or as a consequence of:

   a. radioactive contamination;

   b. war (declared or undeclared);

   c. civil war;

   d. insurrection; or

   e. rebellion or revolution.

4. Loss to:

   a. electronic equipment designed solely for the reproduction of sound, including:

      (1) radios and stereos;

      (2) tape decks; or

      (3) compact disc players.

      This does not apply to such equipment which is permanently installed in **your covered auto** or a **non-owned auto.**

   b. Any other electronic equipment that receives or transmits audio, visual, or data signals, including:

      (1) citizens band radios;

      (2) telephones;

      (3) two-way mobile radios;

      (4) scanning monitor receivers;

      (5) television monitor receivers;

      (6) video cassette recorders;

      (7) audio cassette recorders; or

**** REPRINTED FROM THE FORMS LIBRARY ****

(8) personal computers.

This exclusion (4.b.) does not apply to such equipment that is:

(1) necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

(2) an integral part of the same unit housing any sound reproducing equipment described in a. and permanently installed in the opening of the dash or console of **your covered auto** or any **non-owned auto** normally used by the manufacturer for installation of a radio;

c. tapes, records, discs, or other media used with equipment described in a. or b.;

d. any other accessories used with equipment described in a. or b.

5. Loss to a camper body or **trailer** you own which is not shown in the Declarations. This exclusion does not apply to a camper body or **trailer** you:

a. acquire during the policy period; and

b. ask us to insure within the policy period or within 30 days after you become the owner.

6. Loss to any **non-owned auto** while used by you or any **family member** in the **business** of:

a. selling;

b. repairing;

c. servicing;

d. storing; or

e. parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery.

7. Loss to any **non-owned auto** if used without the express or implied permission of the owner or other person in lawful possession of such vehicle.

8. With respect to any **trailer** shown in the Declarations, loss to:

a. awnings or cabanas; or

b. equipment designed to create additional living facilities.

9. Loss to **your covered auto** or any **non-owned auto** due to forfeiture ordered by the courts or destruction or confiscation by governmental or civil authorities because you or any **family member:**

a. engaged in illegal activities; or

b. failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion does not apply to the interests of Loss Payees in **your covered auto.**

10. Loss to equipment designed or used for the detection of radar.

11. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in Exclusion 6. This exclusion does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

12. Loss to any custom furnishings or equipment in or upon any pickup truck or van you own, including, but not limited to:

a. special carpeting and insulation, furniture or bars;

b. facilities for cooking and sleeping;

c. height extending roofs or ladders;

d. custom windows, murals, paintings or other decals or graphics;

e. tool boxes and fifth wheel conversions;

f. side exhausts and headers;

g. winches and roll bars;

h. special wheels/tires (off-road or competition);

i. body or suspension alterations.

However, this exclusion (12.):

a. applies only to 1991 or later model year vehicles; and

b. does not apply to a camper body shown in the Declarations, or a cap, cover or bedliner in or upon any pickup truck you own.

13. Loss to, or loss of use of, a **non-owned auto** rented by:

a. you; or

b. any **family member;**

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

## LIMIT OF LIABILITY

Our limit of liability will be the lesser of the:

1. Actual cash value of the stolen or damaged property; or

2. Amount necessary to repair or replace the property with other property of like kind and quality.

SA-227/NCEP 3/04 (NC 00 01 Ed. 1-90)                —14—

**** REPRINTED FROM THE FORMS LIBRARY ****

This amount does not include any reduction in the value of the property after it has been repaired, as compared to its value before it was damaged.

Subject to the above, our limit of liability for loss to:

1. Personal effects is $100; and

2. A **trailer** not owned by you is $500.

An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

### PAYMENT OF LOSS

We may pay for the loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or

2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value. In the repair of your covered auto under the physical damage coverage provisions of this policy, we may require or specify the use of automobile parts not made by the original manufacturer. These parts are required to be at least equal in terms of fit, quality, performance and warranty to the original manufacturer parts they replace.

### NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

### OTHER INSURANCE

If other insurance also covers the loss we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible insurance.

### APPRAISAL

If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

We do not waive any of our rights under this policy by agreeing to an appraisal.

---

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS — FILING A CLAIM

---

### GENERAL DUTIES

We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

A person seeking coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit as often as we reasonably require:

   a. to physical exams by physicians we select. We will pay for these exams;

   b. to examinations under oath and subscribe the same.

4. Authorize us to obtain:

   a. medical reports; and

b. other pertinent records.

5. Submit a proof of loss when required by us.

### ADDITIONAL DUTIES FOR UNINSURED AND COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE

A person seeking Uninsured or Combined Uninsured/Underinsured Motorists Coverage must also:

1. Promptly notify the police if a hit-and-run driver is involved.

2. Promptly send us copies of the legal papers if a suit is brought. A suit may not be brought by an **insured** until 60 days after that person notifies us of their belief that the prospective defendant is an uninsured motorist.

Any person who intends to pursue recovery against the owner or operator of an **underinsured motor vehicle** for damages beyond those paid or payable under this policy shall give us:

1. Notice of such intent; and

SA-227/NCEP  3/04 (NC 00 01 Ed. 1-90)                      —15 —

···· REPRINTED FROM THE FORMS LIBRARY ····

**2.** The opportunity to participate, at our expense, in the prosecution of such claim.

### ADDITIONAL DUTIES FOR DAMAGE TO YOUR AUTO

A person seeking Coverage For Damage To Your Auto must also:

**1.** Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and their equipment from further loss. We will pay reasonable expenses incurred to do this.

**2.** Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

**3.** Permit us to inspect and appraise the damaged property before its repair or disposal.

---

## PART F — GENERAL PROVISIONS

### BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

### CHANGES

The premium for each of **your covered autos** is based on information we have received from you or other sources. You agree:

**1.** That if any of this information material to the development of the policy premium is incorrect, incomplete or changed, we may adjust the premium accordingly during the policy period.

**2.** To cooperate with us in determining if this information is correct and complete, and to advise us of any changes in this information.

Any adjustment of your premium will be made using the rules in effect at the time of the change.

Premium adjustment may be made as the result of a change in:

**1.** Autos insured by the policy, including changes in use.

**2.** Drivers.

**3.** Coverages or coverage limits.

**4.** Rating territory.

**5.** Eligibility for discounts or other premium credits.

We may revise your policy coverages to provide more protection without additional premium charge. If we do this and you have the coverage which is changed, your policy will automatically provide the additional coverage as of the date the revision is effective in North Carolina. Otherwise, this policy contains all of the coverage agreements between you and us. Its terms may not be changed or waived except by an endorsement issued by us.

The premium for this policy may vary based upon the purchase of other insurance from us or one of our affiliated companies.

### FRAUD IN CONNECTION WITH ACCIDENT OR LOSS

We do not provide coverage for any **insured** who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

This provision applies to Part A —Liability Coverage to the extent that the limits of liability exceed the minimum limits required by the Financial Responsibility Law of North Carolina.

### LEGAL ACTION AGAINST US

No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

**1.** We agree in writing that the **insured** has an obligation to pay; or

**2.** The amount of that obligation has been finally determined by judgment after trial.

No person or organization has any right under this policy to bring us into any action to determine the liability of an **insured.**

### OUR RIGHT TO RECOVER PAYMENT

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

**1.** Whatever is necessary to enable us to exercise our rights; and

**2.** Nothing after loss to prejudice them.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 510 of 1402**

**** REPRINTED FROM THE FORMS LIBRARY ****

However, our rights in this paragraph do not apply under:

1. Part B;

2. Parts C1 and C2, as those parts contain separate provisions which state our right to recover payment under those Parts;

3. Part D, against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

However, our rights in this paragraph do not apply to Part B.

## POLICY PERIOD AND TERRITORY

This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

## TERMINATION — CANCELLATION, NONRENEWAL, AUTOMATIC TERMINATION, OTHER TERMINATION PROVISIONS

**Cancellation.** This policy may be canceled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

   **a.** returning this policy to us; or

   **b.** giving us advance written notice of the date cancellation is to take effect.

2. We may cancel the Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages by mailing by first-class mail to the named insured shown in the Declarations at the last known address:

   **a.** at least 15 days notice if cancellation is for nonpayment of premium;

   **b.** at least 60 days notice in all other cases.

3. We may cancel any coverage other than Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages by mailing to the named insured shown in the Declarations at the last known address 10 days notice.

4. We will cancel the Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages only for the following reasons:

   **a.** Nonpayment of premiums.

   **b.** You become a nonresident of North Carolina and are not otherwise entitled to insurance through the Reinsurance Facility on submission of new application.

   **c.** The termination of our contract with the agent through whom this policy was written. This does not apply if we terminate the contract because of the quality of the agent's insureds.

   **d.** The cancellation of this policy pursuant to a power of attorney given to a company licensed pursuant to the provisions of G.S. 58-35-5.

   **e.** You fail, at time of renewal, to meet the requirements of our corporate charter, articles of incorporation or by-laws, if we are organized for the sole purpose of providing members with insurance policies in North Carolina.

   **f.** If you knowingly make a material misrepresentation of:

      **a.** the years of driving experience; or

      **b.** the driving record of;

      you or any other driver who lives with you and customarily uses **your covered auto.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 511 of 1402**

**** REPRINTED FROM THE FORMS LIBRARY ****

**Nonrenewal.** If we decide not to renew or continue the Liability, Medical Payments or Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages of this policy we will mail notice to the named insured shown in the Declarations at the last known address. Notice will be mailed at least 60 days before the end of the policy period. If we decide not to renew or continue any other coverage, we will mail the notice at least 10 days before the end of the policy period. We will refuse to renew or continue this policy only as permitted by the laws of North Carolina.

**Automatic Termination.** If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on **your covered auto,** any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**Other Termination Provisions**

1. If the law in effect in North Carolina at the time this policy is issued, renewed or continued:

   a. requires a longer notice period;

   b. requires a special form of or procedure for giving notice; or

   c. modifies any of the stated termination reasons;

   we will comply with those requirements.

2. Proof of mailing of any notice shall be sufficient proof of notice.

3. If the Named Insured or a premium finance company cancels this policy, the premium owed or premium refund due will be calculated according to the short rate provisions contained in our manuals. If we cancel this policy, any premium owed or premium refund will be calculated on a pro rata basis. However, making or offering to make the refund is not a condition of cancellation.

4. The effective date of cancellation stated in the notice shall become the end of the policy period.

## AUTO REPAIRS

We shall not recommend the use of a particular motor vehicle repair service without clearly informing the claimant that:

(i) the claimant is under no obligation to use the recommended repair service;

(ii) the claimant may use the repair service of the claimant's choice; and

(iii) the amount determined by us to be payable under the policy will be paid regardless of whether or not the claimant uses the recommended repair service.

## TRANSFER OF YOUR INTEREST IN THIS POLICY

Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations;

2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto;** and

3. Any person having proper temporary custody of **your covered auto,** as an **insured,** until the appointment of a legal representative.

Coverage will only be provided until the end of the policy period.

## Choice of Law

This policy is issued in accordance with the laws of North Carolina and covers property or risks principally located in North Carolina. Any and all claims or disputes in any way related to this policy shall be governed by the laws of North Carolina.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 512 of 1402**

**** REPRINTED FROM THE FORMS LIBRARY ****

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS. (NC 03 02 (Ed. 1-99))**

### EXTENDED TRANSPORTATION EXPENSES COVERAGE

The provisions and exclusions that apply to **Part D — Coverage for Damage to Your Auto** also apply to this endorsement except as changed by this endorsement.

**A. EXTENDED TRANSPORTATION EXPENSES COVERAGE**

When there is a loss to a **your covered auto** described in the Declarations for which a specific premium charge indicates that Extended Transportation Expenses Coverage is afforded, or to a **non-owned auto**, we will pay, without application of a deductible, up to $15 per day to a maximum of $450 for:

1. Transportation expenses incurred by you;

2. Loss of use expenses for which you become legally responsible in the event of loss to a **non-owned auto.**

This coverage applies only if:

1. **Your covered auto** or the **non-owned auto** is withdrawn from use for more than 24 hours; and

2. The loss is caused by **collision** or is otherwise covered under Part D of this policy.

However, this coverage does not apply when there is a total theft of **your covered auto** or a **non-owned auto.** Such coverage is provided under Part D of this policy.

Our payment will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto.**

**B. INCREASED LIMITS TRANSPORTATION EXPENSES COVERAGE**

When there is a loss to **your covered auto** described in the Declarations for which a specific premium charge indicates that Increased Limits **Transportation Expenses Coverage is afforded, or to a non-owned auto:**

1. **Coverage for Extended Transportation Expenses Coverage** provided under this endorsement is increased to $30 per day up to a maximum of $900. All other provisions of Extended Transportation Expenses Coverage apply.

2. **Coverage for Transportation Expenses Coverage** provided under Part D of this policy

is increased to $30 per day up to a maximum of $900.

**C. ADDITIONAL INCREASED LIMITS TRANSPORTATION EXPENSES COVERAGE**

When there is a loss to a **your covered auto** described in the Declarations for which a specific premium charge indicates that Additional Increased Limits Transportation Expenses Coverage is afforded, or to a **non-owned auto:**

1. Coverage for Extended Transportation Expenses Coverage provided under this endorsement is increased to $50 per day up to a maximum of $1500. All other provisions of Extended Transportation Expenses Coverage apply.

2. Coverage for Transportation Expenses Coverage provided under Part D of this policy is increased to $50 per day up to a maximum of $1,500.

### COVERAGE FOR AUDIO, VISUAL AND DATA ELECTRONIC EQUIPMENT AND TAPES, RECORDS, DISCS AND OTHER MEDIA

The provisions and exclusions that apply to **Part D — Coverage for Damage to Your Auto,** other than Exclusion 4.b., c. and d., also apply to coverage provided by this endorsement except as modified herein.

### INSURING AGREEMENT

We will pay, without application of a deductible, for direct and accidental loss to any electronic equipment that receives or transmits audio, visual or data signals and is not designed solely for the reproduction of sound. This coverage applies only if the equipment is permanently installed in **your covered auto** at the time of the loss.

We will also pay, without application of a deductible, for direct and accidental loss to:

1. Any accessories used with electronic equipment permanently installed in **your covered auto** and not designed solely for the reproduction of sound; and

2. Tapes, records, discs and other media if they are:

   a. your property or that of a **family member;** and

SA-227/NCEP  3/04 (NC 00 01 Ed. 1-90)

**** REPRINTED FROM THE FORMS LIBRARY ****

    b. in **your covered auto** at the time of the loss.

## EXCLUSIONS

We will not pay, under this endorsement, for any electronic equipment that is:

1. Necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

2. Both:

    a. an integral part of the same unit housing any sound reproducing equipment designed solely for the reproduction of sound if the sound reproducing equipment is permanently installed in **your covered auto**; and

    b. permanently installed in the opening of the dash or console of **your covered auto.** This opening must be normally used by the manufacturer for the installation of a radio.

## LIMIT OF LIABILITY

With respect to coverage under this endorsement, the Limit of Liability provision of Part D is replaced by the following:

1. Our limit of liability for the total of all losses to audio, visual or data electronic equipment and any accessories used with this equipment, as a result of any one occurrence shall be the lesser of the:

    a. stated amount shown in the Declarations;

    b. actual cash value of the stolen or damaged property; or

    c. amount necessary to repair or replace the property.

2. Our limit of liability for the total of all losses to tapes, records, discs or other media, as a result of any one occurrence shall be the lesser of:

    a. $200;

    b. the actual cash value of the stolen or damaged property; or

    c. the amount necessary to repair or replace the property.

If coverage for audio, visual or data electronic equipment and accessories used with the equipment is purchased, the limit of liability applicable for losses to tapes, records, discs or other media is in addition to the limit of liability applicable to audio, visual or data electronic equipment and any accessories used with the equipment.

3. An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

---

## TOWING AND LABOR COSTS COVERAGE

We will pay towing and labor costs incurred each time **your covered auto** or any **non-owned auto** is disabled or keys are lost, broken or accidentally locked in the auto, up to the amount shown in the Declarations as applicable to that vehicle. If a **non-owned auto** is disabled, we will provide the broadest towing and labor costs coverage applicable to any **your covered auto** shown in the Declarations. We will only pay for labor performed at the place of disablement.

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 514 of 1402**

 Insurance

# NORTH CAROLINA AUTOMOBILE POLICY

SAFECO INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
Home Office: 4333 Brooklyn Ave. N.E., Seattle, Washington 98185
AMERICAN STATES PREFERRED INSURANCE COMPANY
Home Office: 500 North Meridian Street, Indianapolis, IN 46204
(Each a stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

|  |  | Beginning On Page |
|---|---|---|
| **AGREEMENT** |  | 1 |
| **DEFINITIONS** |  | 1 |
| **PART A** | **LIABILITY COVERAGE** | 2 |
|  | Insuring Agreement |  |
|  | Supplementary Payments |  |
|  | Exclusions |  |
|  | Limit of Liability |  |
|  | Out of State Coverage |  |
|  | Financial Responsibility Required |  |
|  | Other Insurance |  |
| **PART B** | **MEDICAL PAYMENTS COVERAGE** | 4 |
|  | Insuring Agreement |  |
|  | Exclusions |  |
|  | Limit of Liability |  |
|  | Non-Duplication |  |
|  | Other Insurance |  |
|  | Arbitration |  |
| **PART C1** | **UNINSURED MOTORISTS COVERAGE** | 6 |
|  | Insuring Agreement |  |
|  | Exclusions |  |
|  | Limit of Liability |  |
|  | Other Insurance |  |
|  | Arbitration |  |
| **PART C2** | **COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE** | 9 |
|  | Insuring Agreement |  |
|  | Exclusions |  |
|  | Limit of Liability |  |
|  | Other Insurance |  |
|  | Arbitration |  |
| **PART D** | **COVERAGE FOR DAMAGE TO YOUR AUTO** | 12 |
|  | Insuring Agreement |  |
|  | Transportation Expenses |  |
|  | Salvage Charges |  |
|  | Exclusions |  |
|  | Limit of Liability |  |
|  | Payment of Loss |  |
|  | No Benefit to Bailee |  |
|  | Other Insurance |  |
|  | Appraisal |  |
| **PART E** | **DUTIES AFTER AN ACCIDENT OR LOSS — FILING A CLAIM** | 16 |
|  | General Duties |  |
|  | Additional Duties for Uninsured and Combined Uninsured/Underinsured Motorists Coverage |  |
|  | Additional Duties for Damage to Your Auto |  |
| **PART F** | **GENERAL PROVISIONS** | 16 |
|  | Bankruptcy |  |
|  | Changes |  |
|  | Legal Action Against Us |  |
|  | Our Right to Recover Payment |  |
|  | Policy Period and Territory |  |
|  | Termination |  |
|  | Transfer of Your Interest in This Policy |  |

SA-227/NCEP 5/06 (NC 00 01 Ed. 6/05)
(Copyright, North Carolina Rate Bureau, 2005)

Safeco and the Safeco logo are registered trademarks of Safeco Corporation

**ADDITIONAL**
**COVERAGES**

Extended Transportation Expenses Coverage

Uninsured/Underinsured Motorists Coverage

19

???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????

This policy is a legal contract between you and us. The new Personal Auto Policy has been:

• designed for easy reference;
• simplified to make it more understandable; and
• arranged to better display the available coverage.

**READ YOUR POLICY CAREFULLY**

# PERSONAL AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

"We," "us" and "our" refer to the Company providing this insurance.

For purposes of this policy, a private passenger type auto, pickup or van shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and

2. For a continuous period of at least 6 months.

Other words and phrases are defined. They are boldfaced or in quotation marks when used.

"Bodily injury" means bodily harm, sickness or disease, including death that results.

"Business" means trade, profession or occupation.

"Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

"Newly acquired auto" means any of the following types of vehicles you become the owner of during the policy period:

1. A private passenger auto or station wagon type; or

2. A pickup truck or van that:

    a. has a Gross Vehicle Weight as specified by the manufacturer of less than 10,000 pounds; and

    b. is not used for the delivery or transportation of goods and materials unless such use is:

        (1) incidental to your business of installing, maintaining or repairing furnishings or equipment; or

        (2) for farming or ranching.

Any coverage for a newly acquired auto is subject to the following:

1. If a newly acquired auto replaces a vehicle shown in the Declarations, it will have the same coverage as the vehicle it replaced except that coverage, if any, under Part D —Coverage For Damage To Your Auto applies only if you ask us to insure it within 30 days after you become the owner.

2. If a newly acquired auto is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations if you ask us to insure it within 30 days after you become the owner.

3. Coverage under this policy terminates for any newly acquired auto on the effective date and time of a policy (other than this policy) issued by us or any other company that describes such vehicle on its declarations page.

4. If you ask us to insure a newly acquired auto within the applicable specified time period described in 1. or 2. above, any coverage we provide for the newly acquired auto begins on the date you become the owner. If you ask us to insure a newly acquired auto after the applicable specified time period described above has elapsed, any coverage we provide for the newly acquired auto will begin at the time you request the coverage. You must pay us any added amount due for any coverage we provide for a newly acquired auto.

"Occupying" means in; upon; getting in, on, out or off.

"Property damage" means physical injury to, destruction of, or loss of use of tangible property.

"Trailer" means a vehicle designed to be pulled by a:

1. Private passenger auto or station wagon type; or

2. Pickup truck or van.

SA-227/NCEP 5/06 (NC 00 01 Ed. 6/05)

It also means a farm wagon or farm implement while pulled by a vehicle listed in **1.** or **2.** above.

**"Your covered auto"** means:

1. Any vehicle shown in the Declarations.

2. A **newly acquired auto.**

3. Any **trailer** you own.

4. Any auto or **trailer** not owned by you while used as a temporary substitute for any other vehicle

described in this definition which is out of normal use because of its:

a. breakdown;

b. repair;

c. servicing;

d. loss; or

e. destruction.

This provision **(4.)** does not apply to Part **D** — Coverage for Damage to Your Auto.

---

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the **insured.** We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**"Insured"** as used in this Part means:

1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

2. Any person using **your covered auto.**

3. For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or **trailer,** other than **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or **trailer.**

### SUPPLEMENTARY PAYMENTS

In addition to our limit of liability:

1. We will pay the following on behalf of an **insured:**

a. Premiums on appeal bonds and bonds to release attachments in any suit we defend. We have no duty to purchase bonds in an amount exceeding our Limit of Liability, and

we have no duty to apply for or furnish these bonds; and

b. All costs taxed against the **insured** and interest accruing after a judgment is entered in any suit we defend. Costs do not include prejudgment interest. Our duty to pay post-judgment interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for the coverage.

2. We will pay the following to an **insured:**

a. Up to $250 for the cost of bail bonds required because of traffic law violations resulting from an accident. The accident must result in **bodily injury** or **property damage** covered under this policy;

b. Up to $200 a day for loss of wages or salary, but not other income, because of attendance at hearings or trials at our request;

c. Up to $200 for expenses incurred by an **insured** for Emergency first aid to others performed at the scene of an accident that involves any auto covered by this policy; and

d. Other reasonable expenses incurred at our request.

The amount of any costs, wages, salary, or other expenses listed above that are incurred by an **insured** must be reported to us by such **insured** before we will make payment.

### EXCLUSIONS

A. We do not provide Liability Coverage for any **insured:**

1. Who intentionally causes **bodily injury** or **property damage.** This exclusion applies only to the extent that the limit of liability of this policy exceeds the minimum limit

---

SA-227/NCEP  5/06 (NC 00 01 Ed. 6/05)                    — 2 —

required by the financial responsibility law of North Carolina.

**2.** For **property damage** to property owned or being transported by that **insured.**

**3.** For **property damage** to property:

    **a.** rented to;

    **b.** used by; or

    **c.** in the care of;

that **insured.** This exclusion does not apply to a residence or private garage.

**4.** For **bodily injury** to an employee of that **insured** during the course of employment. This exclusion does not apply to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

**5.** For that **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

**6.** While employed or otherwise engaged in the **business** of:

    **a.** selling;

    **b.** repairing;

    **c.** servicing;

    **d.** storing; or

    **e.** parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to the ownership, maintenance or use of **your covered auto** by:

    **a.** you;

    **b.** any **family member;** or

    **c.** any partner, agent or employee of you or any **family member.**

This exclusion applies only to the extent that the limit of liability of this policy exceeds the minimum limit required by the financial responsibility law of North Carolina.

**7.** Maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusion **6.** This exclusion does not apply to the maintenance or use of a:

    **a.** private passenger auto;

    **b.** pickup or van that:

        **(1)** you own; or

        **(2)** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

        **(a)** breakdown;

        **(b)** repair;

        **(c)** servicing;

        **(d)** loss; or

        **(e)** destruction; or

    **c. trailer** used with a vehicle described in **a.** or **b.** above.

**8.** Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

This Exclusion **A.8.** does not apply to a **family member** using **your covered auto** which is owned by you.

**9.** For **bodily injury** or **property damage** for which that person:

    **a.** is an insured under a nuclear energy liability policy; or

    **b.** would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

A nuclear energy liability policy is a policy issued by any of the following or their successors:

    **a.** Nuclear Energy Liability Insurance Association;

    **b.** Mutual Atomic Energy Liability Underwriters; or

    **c.** Nuclear Insurance Association of Canada.

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

**1.** Any vehicle, other than **your covered auto,** which is:

    **a.** owned by you; or

    **b.** furnished for your regular use;

**2.** Any vehicle, other than **your covered auto,** which is:

    **a.** owned by any **family member;** or

    **b.** furnished for the regular use of any **family member.**

However, this exclusion **(B.2.)** does not apply to your maintenance or use of any vehicle which is:

    **a.** owned by a **family member;** or

    **b.** furnished for the regular use of a **family member.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 519 of 1402**

## LIMIT OF LIABILITY

The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for **bodily injury**, including damages for care, loss of services or death, sustained by any one person in any one auto accident. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident. The limit of liability shown in the Declarations for each accident for Property Damage Liability Coverage is our maximum limit of liability for all damages to all property resulting from any one auto accident. This is the most we will pay as a result of any one auto accident regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged,

we will interpret your policy for that accident as follows:

If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY REQUIRED

When this policy is certified as future proof of financial responsibility, this policy will comply with the law to the extent required.

## OTHER INSURANCE

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

---

## PART B — MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

We will pay reasonable expenses incurred for necessary medical and funeral services because of **bodily injury:**

1. Caused by accident; and

2. Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

Reasonable medical expenses do not include expenses:

1. For treatment, services, products or procedures that are:

   a. experimental in nature, for research, or not primarily designed to serve a medical purpose; or

b. not commonly and customarily recognized throughout the medical profession and within the United States as appropriate for the treatment of **bodily injury;** or

2. Incurred for:

   a. the use of thermography or other related procedures of a similar nature; or

   b. the use of acupuncture or other related procedures of a similar nature; or

   c. the purchase or rental of equipment not primarily designed to serve a medical purpose.

Expenses are reasonable only if they are consistent with the usual fees charged by the majority of similar medical providers in the geographical area in which the expenses were incurred for the specific medical service.

Services are necessary only if the services are rendered by a licensed medical provider within the

SA-227/NCEP  5/06 (NC 00 01 Ed. 6/05)              — 4 —

scope of the provider's practice and license and are essential in achieving maximum medical improvement for the **bodily injury** sustained in the accident.

We have the right to make or obtain a utilization review of the medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

"Insured" as used in the Part means:

1. You or any **family member:**

   a. while **occupying;** or

   b. as a pedestrian when struck by;

   a motor vehicle designed for use mainly on public roads or a trailer of any type;

2. Any other person while **occupying:**

   a. **your covered auto;** or

   b. any other motor vehicle:

      (1) operated by you; or

      (2) operated by a **family member** if the motor vehicle is a private passenger auto or **trailer.**

## EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury:**

1. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

2. Sustained while **occupying** any vehicle located for use as a residence or premises.

3. Occurring while employed or otherwise engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing; or

   e. parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion applies only if workers' compensation benefits are available for the **bodily injury.**

4. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto)** which is:

   a. owned by you; or

   b. furnished for your regular use.

5. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto)** which is:

   a. owned by any **family member;** or

   b. furnished for the regular use of any **family member.**

   However, this exclusion does not apply to you.

6. Sustained while **occupying** a vehicle without a reasonable belief that that **insured** is entitled to do so.

   This exclusion **6.** does not apply to a **family member** using **your covered auto** which is owned by you.

7. Sustained while **occupying** any auto not owned by, or furnished for the regular use of, you or any **family member,** while used to carry persons or property for a fee. This exclusion does not apply to:

   a. a share-the-expense car pool; or

   b. you or any **family member.**

8. Resulting from the maintenance or use of any auto not owned by, or furnished for the regular use of, you or any **family member,** while that **insured** is engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing; or

   e. parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to you or any **family member.**

9. Resulting from the maintenance or use of any auto not owned by, or furnished for the regular use of, you or any **family member** while that **insured** is employed or otherwise engaged in any **business** not described in Exclusion **8.** This exclusion does not apply:

   a. to you or any **family member;** or

   b. if the **bodily injury** results from the operation of a private passenger auto or **trailer** by you.

10. Caused by or as a consequence of:

    a. war (declared or undeclared);

    b. civil war;

    c. insurrection; or

    d. rebellion or revolution.

SA-227/NCEP  5/06 (NC 00 01 Ed. 6/05)                    —5—

11. Sustained while **occupying** any motorized vehicle having fewer than four wheels.

## LIMIT OF LIABILITY

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident regardless of the number of:

1. Claims made;

2. Vehicles or premiums shown in the Declarations; or

3. Vehicles involved in the accident.

## NON-DUPLICATION

No person for whom medical expenses are payable under this coverage shall be paid more than once for the same medical expense under this or similar vehicle insurance, including any no-fault benefits required by law.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

## ARBITRATION

The amount due under this coverage shall be decided by agreement between the **insured** and us. If there is no agreement, the amount due shall be decided by arbitration upon written request of the **insured** or us. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days, either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on us, the **insured**, any assignee of the **insured** and any person or organization with whom the **insured** expressly or implied contracts for the rendition of medical services. The arbitrator's decision shall be limited to whether or not the medical services were reasonable and the services were necessary, with the amount due being equal only to the reasonable expenses for necessary services. The arbitrators shall not award punitive damages or other noncompensatory damages.

The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.

The arbitration shall take place in the county in which the **insured** resides unless the parties agree to another place. State court rules governing procedure and admission of evidence shall be used.

---

## PART C1 — UNINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

1. **Bodily injury** sustained by an **insured** and caused by an accident; and

2. **Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

Any judgment for damages arising out of a suit is not binding on us unless we have been served with a copy of the summons, complaint or other process against the uninsured motorists.

"**Insured**" as used in this Part means:

1. You or any **family member.**

2. Any other person **occupying:**

   a. **your covered auto;** or

   b. any other auto operated by you.

3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person listed in **1.** or **2.** above.

"**Property damage**" as used in this Part means injury to or destruction of:

1. **Your covered auto.**

2. Any property owned by a person listed in **1.** or **2.** of **insured.**

"**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

1. To which neither:

   a. a liability bond or policy; nor

SA-227/NCEP  5/06 (NC 00 01 Ed. 6/05)                                —6—

   **b.** cash or securities on file with the North Carolina Commissioner of Motor Vehicles;

applies at the time of the accident.

**2.** To which a liability bond or policy applies at the time of the accident; provided its limit for liability is less than the minimum limit specified by the financial responsibility law of North Carolina.

**3.** Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

   **a.** you or any **family member;**

   **b.** a vehicle which you or any **family member** are **occupying;** or

   **c.** **your covered auto.**

**4.** To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

   **a.** denies coverage; or

   **b.** is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

**1.** Owned by you.

**2.** Owned or operated by a self-insurer under any applicable motor vehicle law; except a self-insurer which is or becomes insolvent.

**3.** Owned by:

   **a.** the United States of America;

   **b.** Canada;

   **c.** a state; or

   **d.** an agency, other than a political subdivision of **a., b.** or **c.** above.

**4.** Operated on rails or crawler treads.

**5.** Which is a farm type tractor or equipment designed mainly for use off public roads while not on public roads.

**6.** While located for use as a residence or premises.

**EXCLUSIONS**

**A.** We do not provide Uninsured Motorists Coverage for **property damage** or **bodily injury** sustained by any **insured:**

   **1.** If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our written consent.

**2.** While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

**3.** Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

   This Exclusion **A.3.** does not apply to a **family member** using **your covered auto** which is owned by you.

**4.** For the first $100 of the amount of **property damage** to the property of each **insured** as the result of any one accident.

**5.** If the property is contained in or struck by a motor vehicle (other than **your covered auto**) owned by you or any **family member.**

**6.** For any punitive or exemplary damages, or legal costs related thereto.

**7.** While **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

   However, this exclusion does not apply to you or any **family member.**

**B.** We do not provide Uninsured Motorists Coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.

**C.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or any similar law:

   **a.** workers' compensation law; or

   **b.** disability benefits law.

**LIMIT OF LIABILITY**

The limit of bodily injury liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury,** including damages for care, loss of services or death, sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of bodily injury liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident. The limit of property damage liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages to all property resulting from any one accident. This is the most we will pay for **bodily injury** and **property damage** regardless of the number of:

   **1. Insureds;**

SA-227/NCEP  5/06 (NC 00 01 Ed. 6/05)

—7—

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

The limit of liability otherwise applicable under this coverage shall be reduced by all sums:

1. Paid because of the **bodily injury** or **property damage** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part **A;**

2. Paid or payable because of the **bodily injury** under any workers' compensation law. However, this reduction does not apply to the extent that an employer's lien is required to be paid under North Carolina's workers' compensation law; and

3. Paid or payable because of the **bodily injury** under any disability benefits law or any similar law.

No payment will be made for loss paid or payable to the **insured** under Part **D** or any policy of property insurance.

Any payment to any person under this coverage will reduce any amount that person is entitled to recover for the same damages under Part **A.**

This coverage is excess over and shall not duplicate any amount paid or payable under Part **B.**

**OTHER INSURANCE**

If this policy and any other auto insurance policy apply to the same accident, the maximum amount payable under all applicable policies for injuries to an **insured** caused by an **uninsured motor vehicle** shall be the sum of the highest limit of liability for this coverage under each such policy.

In addition, if there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

**OUR RIGHT TO RECOVER PAYMENT**

A. If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. Further, the execution of a covenant not to enforce judgment by the injured party shall not preclude us from pursuing our right to sue for or otherwise recover any payment made under this coverage from anyone else who may be liable.

The person to or for whom payment was made shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

B. If we make a payment under this coverage and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

**ARBITRATION**

If we and an **insured** do not agree:

1. Whether that person is legally entitled to recover compensatory damages from the owner or driver of an **uninsured motor vehicle;** or

2. As to the amount of such damages;

the **insured** may demand to settle the dispute by arbitration.

The following procedures will be used:

1. Each party will select a competent arbitrator. The two so selected will select a third.

2. If the third arbitrator is not selected within 30 days, the **insured** or we may request a judge of a court of record to name one. The court must be in the county and state in which arbitration is pending.

3. Each party will pay its chosen arbitrator. Each will pay half of all other expenses of arbitration. Fees to lawyers and expert witnesses are not considered arbitration expenses and are to be paid by the party hiring these persons.

4. Unless the **insured** and we agree otherwise, arbitration will take place in the county and state in which the **insured** lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state. The arbitrators will resolve the issues. A written decision on which two arbitrators agree will be binding on the **insured** and us.

5. Any arbitration action against the company must begin within the time limit allowed for **bodily injury** or death actions in the state where the accident occurred.

6. Judgment upon award may be entered in any proper court.

7. As an alternative, the **insured** and we may agree to arbitrate by rules other than stated above.

SA-227/NCEP  5/06 (NC 00 01 Ed. 6/05)　　　—8—

## PART C2 — COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

1. **Bodily injury** sustained by an **insured** and caused by an accident; and

2. **Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

We will also pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury** sustained by an **insured** and caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle.** We will pay for these damages only after the limits of liability under any applicable liability bonds or policies have been exhausted by payments of judgments or settlements, unless we:

1. Have been given written notice in advance of settlement between an **insured** and the owner or operator of the **underinsured motor vehicle;** and

2. Consent to advance payment to the **insured** in an amount equal to the tentative settlement.

Any judgment for damages arising out of a suit is not binding on us unless we have been served with a copy of the summons, complaint or other process against the uninsured or underinsured motorist.

"**Insured**" as used in this Part means:

1. You or any **family member.**

2. Any other person **occupying:**

   a. **your covered auto;** or

   b. any other auto operated by you.

3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person listed in 1. or 2. above.

"**Property damage**" as used in this Part means injury to or destruction of:

1. **Your covered auto.**

2. Any property owned by a person listed in 1. or 2. of **insured.**

"**Underinsured motor vehicle**" means a land motor vehicle or trailer of any type:

1. The ownership, maintenance or use of which is insured or bonded for liability at the time of the accident; and

2. The sum of the limits of liability under all **bodily injury** liability bonds and insurance policies applicable at the time of the accident is equal to or greater than the minimum limit specified by the financial responsibility law of North Carolina and:

   a. is less than the limit of liability for this coverage; or

   b. the total limit of liability available has been reduced to less than the limit of liability for this coverage by payment of damages to other persons.

However, "**underinsured motor vehicle**" does not include any vehicle or equipment:

1. Operated on rails or crawler treads.

2. Which is a farm-type tractor or other vehicle designed for use principally off public roads and while not upon public roads.

3. While located for use as a residence or premises.

4. Which is an **uninsured motor vehicle.**

5. Which is insured under Liability Coverage of this policy if such policy's limit of liability for Combined Uninsured/Underinsured Motorists Coverage is equal to or less than its limit of liability for Liability Coverage.

"**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

1. To which neither:

   a. a liability bond or policy; nor

   b. cash or securities on file with the North Carolina Commissioner of Motor Vehicles;

   applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident; provided its limit for liability is less than the minimum limit specified by the financial responsibility law of North Carolina.

3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

   a. you or any **family member;**

SA-227/NCEP  5/06 (NC 00 01 Ed. 6/05)                    —9 —

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 525 of 1402**

**b.** a vehicle which you or any **family member** are **occupying;** or

**c.** **your covered auto.**

4. To which a liability bond or policy applies at the time of the accident, but the bonding or insuring company:

    **a.** denies coverage; or

    **b.** is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. Owned by you.

2. Owned or operated by a self-insurer under any applicable motor vehicle law; except a self-insurer which is or becomes insolvent.

3. Owned by:

    **a.** the United States of America;

    **b.** Canada;

    **c.** a state; or

    **d.** an agency, other than a political subdivision of **a., b.** or **c.** above.

4. Operated on rails or crawler treads.

5. Which is a farm-type tractor or equipment designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

**EXCLUSIONS**

**A.** We do not provide coverage for **property damage** or **bodily injury** caused by an **uninsured motor vehicle** and sustained by any **insured:**

1. If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our written consent.

2. While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

3. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

    This Exclusion **A.3.** does not apply to a **family member** using **your covered auto** which is owned by you.

4. For the first $100 of the amount of **property damage** to the property of each **insured** as the result of any one accident.

5. If the property is contained in or struck by a motor vehicle (other than **your covered auto**) owned by you or any **family member.**

6. For any punitive or exemplary damages, or legal costs related thereto.

7. While **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

    However, this exclusion does not apply to you or any **family member.**

**B.** We do not provide coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.

**C.** We do not provide coverage for **bodily injury** caused by an **underinsured motor vehicle** and sustained by any **insured:**

1. If that **insured** or the legal representative settles the **bodily injury** claim without our consent. However, this exclusion does not apply if we:

    **a.** have been given written notice in advance of a settlement between an **insured** and the owner or operator of the **underinsured motor vehicle; and**

    **b.** we fail to advance payment to the **insured** in an amount equal to the tentative settlement within thirty days following receipt of such written notice.

2. While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

3. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

    This Exclusion **C.3.** does not apply to a **family member** using **your covered auto** which is owned by you.

4. For any punitive or exemplary damages, or legal costs related thereto.

5. While **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

    However, this exclusion does not apply to you or any **family member.**

**D.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or any similar law:

    **a.** workers' compensation law; or

    **b.** disability benefits law.

## LIMIT OF LIABILITY

The limit of bodily injury liability shown in the Declarations for each person for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury,** including damages for care, loss of services or death, sustained by any one person in any one auto accident.

Subject to this limit for each person, the limit of bodily injury liability shown in the Declarations for each accident for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident. The limit of property damage liability shown in the Declarations for each accident for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **property damage** caused by an **uninsured motor vehicle** and resulting from any one accident.

This is the most we will pay for **bodily injury** and **property damage** regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

The limits of bodily injury liability shown in the Declarations for each person and each accident for this coverage shall be reduced by all sums:

1. Paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part **A;**

2. Paid or payable because of the **bodily injury** under any workers compensation law. However, this reduction does not apply to the extent that an employer's lien is required to be paid under North Carolina's workers' compensation law; and

3. Paid or payable because of the **bodily injury** under any disability benefits law or any similar law.

The most we will pay for **bodily injury** damages to an **insured** under this coverage is the lesser of:

a. the limit of bodily injury liability shown in the Declarations for each person for this coverage reduced by all sums described in items **1., 2.** and **3.** of the preceding paragraph; or

b. the damages sustained by the **insured** for **bodily injury** reduced by all sums described in items **1., 2.** and **3.** in the preceding paragraph.

The limit of property damage liability under this coverage shall be reduced by all sums paid because of the **property damage** by or on behalf of persons or organizations who may legally responsible. This includes all sums payable under Part **A.**

No payment will be made for loss paid or payable to the **insured** under Part **D** or any policy of property insurance.

Any payment to any person under this coverage will reduce any amount that person is entitled to recover for the same damages under Part **A.**

This coverage is excess over and shall not duplicate any amount paid or payable under Part **B.**

## OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. Further, the execution of a covenant not to enforce judgment by the injured party shall not preclude us from pursuing our right to sue for or otherwise recover any payment made under this coverage from anyone else who may be liable. The person to or for whom payment was made shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

However, our rights under this paragraph do not apply against the owner or operator of an **underinsured motor vehicle** if we have been given written notice in advance of a settlement and fail to advance payment in an amount equal to the tentative settlement within 30 days following receipt of such notice.

B. If we make a payment under this coverage and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

## OTHER INSURANCE

If this policy and any other auto insurance policy apply to the same accident, the maximum amount payable under all applicable policies for all injuries to an **insured** caused by an **uninsured motor vehicle** or **underinsured motor vehicle** shall be the sum of

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 527 of 1402**

the highest limit of liability for this coverage under each policy.

In addition, if there is other applicable similar insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

## ARBITRATION

If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover compensatory damages from the owner or driver of an **uninsured motor vehicle** or **underinsured motor vehicle; or**

2. As to the amount of such damages;

the **insured** may demand to settle the dispute by arbitration.

The following procedure will be used:

1. Each party will select a competent arbitrator. The two so selected will select a third.

2. If the third arbitrator is not selected within 30 days, the **insured** or we may request a judge of a court of record to name one. The court must be in the county and state in which arbitration is pending.

3. Each party will pay its chosen arbitrator. Each will pay half of all other expenses of arbitration. Fees to lawyers and expert witnesses are not considered arbitration expenses and are to be paid by the party hiring these persons.

4. Unless the **insured** and we agree otherwise, arbitration will take place in the county and state in which the **insured** lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state. The arbitrators will resolve the issues. A written decision on which two arbitrators agree will be binding on the **insured** and us.

5. Any arbitration action against the company must begin within the time limit allowed for **bodily injury** or death actions in the state where the accident occurred.

6. Judgment upon award may be entered in any proper court.

7. As an alternative, the **insured** and we may agree to arbitrate by rules other than stated above.

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

---

### INSURING AGREEMENT

We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto,** including their equipment. Direct and accidental loss does not include any reduction in the value of any vehicle after it has been repaired, as compared to its value before it was damaged.

We will pay for loss to **your covered auto** caused by:

1. Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto,** we will provide the broadest coverage applicable to any **your covered auto** shown in the Declarations.

Our payment will be reduced by any deductible shown in the Declarations.  The deductible will not apply to a loss caused by:

1. fire or lightning.

2. smoke due to a sudden, unusual and faulty operation of any fixed heating equipment serving the premises in which the auto is stored.

3. the stranding, sinking, burning, **collision** or derailment of any conveyance in or on which the auto is being transported.

**"Collision"** means the upset of **your covered auto** or a **non-owned auto** or their impact with another vehicle or object.

Loss caused by the following is considered other than **collision:**

1. Missiles or falling objects;

2. Fire;

3. Theft or larceny;

4. Explosion or earthquake;

5. Windstorm;

6. Hail, water or flood;

7. Malicious mischief or vandalism;

8. Riot or civil commotion;

SA-227/NCEP  5/06 (NC 00 01 Ed. 6/05)                        — 12 —

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 528 of 1402**

9. Contact with bird or animal; or

10. Breakage of glass.

If loss is caused by contact with a bird or animal, or if breakage of glass is caused by **collision,** you may elect to have either loss considered to be caused by **collision.**

"Non-owned auto" means:

1. Any private passenger auto, station wagon type, pickup truck, van or **trailer** not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member.**

2. Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

   a. breakdown;

   b. repair;

   c. servicing;

   d. loss; or

   e. destruction.

We will also pay for direct and accidental loss caused by fire or lightning to clothes or other personal effects:

1. which are owned by you or any **family member;** and

2. which are in or on **your covered auto.**

   **"Permanently installed"** means installed by bolts, brackets, or welding in a location in accordance with applicable laws and regulations for the installation of such equipment or device.

## TRANSPORTATION EXPENSES

In addition, we will pay, without application of a deductible, up to $15 per day, to a maximum of $450, for:

1. Transportation expenses incurred by you in the event of the total theft of **your covered auto.** This applies only if the Declarations indicate that Other Than Collision is provided for that auto.

2. Loss of use expenses for which you become legally responsible in the event of the total theft of a **non-owned auto.** This applies only if the Declarations indicate that Other Than Collision is provided for any **your covered auto.**

We will pay only expenses incurred during the period:

1. Beginning 48 hours after the theft; and

2. Ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

## SALVAGE CHARGES

In addition, we will pay general average and salvage charges that you or any **family member** are legally responsible for in transporting an auto.

## EXCLUSIONS

We will not pay for:

1. Loss to **your covered auto** or any **non-owned auto** which occurs while they are being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

2. Damage due and confined to:

   a. wear and tear;

   b. freezing;

   c. mechanical or electrical breakdown or failure; or

   d. road damage to tires.

   This exclusion does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

3. Loss due to or as a consequence of:

   a. radioactive contamination;

   b. war (declared or undeclared);

   c. civil war;

   d. insurrection; or

   e. rebellion or revolution.

4. Loss to:

   a. Any electronic equipment or device that records, emits, amplifies, receives or transmits audio, visual, or data signals, including, but not limited to:

      (1) radios and stereos;

      (2) tape decks;

      (3) compact disc players or recorders;

      (4) citizens band radios;

      (5) telephones;

      (6) two-way mobile radios;

      (7) scanning monitor receivers;

      (8) television monitor receivers;

      (9) video cassette recorders;

      (10) audio cassette recorders;

SA-227/NCEP  5/06 (NC 00 01 Ed. 6/05)  —13 —

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 529 of 1402**

(11) personal computers; or

(12) digital video disc player or recorder.

This exclusion (4.b.) does not apply to such equipment that is:

(1) necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

(2) an integral part of the same unit housing any sound reproducing equipment described in a. and permanently installed in the opening of the dash or console of **your covered auto** or any **non-owned auto** normally used by the manufacturer for installation of a radio;

b. tapes, records, discs, or other media used with any equipment or device described in **a.;**

c. any accessories used with equipment described in **a.**

Exclusions 4.a. and 4.c. do not apply to:

a. any equipment or device that is **permanently installed** by the vehicle's manufacturer; or

b. the first $1,000 of any equipment or device that is **permanently installed** by other than the vehicle's manufacturer;

in any **your covered auto** or a **non-owned auto.**

5. Loss to a camper body or **trailer** you own which is not shown in the Declarations. This exclusion does not apply to a camper body or **trailer** you:

a. acquire during the policy period; and

b. ask us to insure within the policy period or within 30 days after you become the owner.

6. Loss to any **non-owned auto** while used by you or any **family member** in the **business** of:

a. selling;

b. repairing;

c. servicing;

d. storing; or

e. parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery.

7. Loss to any **non-owned auto** if used without the express or implied permission of the owner or other person in lawful possession of such vehicle.

8. With respect to any **trailer** shown in the Declarations, loss to:

a. awnings or cabanas; or

b. equipment designed to create additional living facilities.

9. Loss to **your covered auto** or any **non-owned auto** due to forfeiture ordered by the courts or destruction or confiscation by governmental or civil authorities because you or any **family member:**

a. engaged in illegal activities; or

b. failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion does not apply to the interests of Loss Payees in **your covered auto.**

10. Loss to equipment designed or used to detect or deter radar, laser or other special monitoring equipment whether or not permanently installed.

11. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in Exclusion 6. This exclusion does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

12. Loss to any custom furnishings or equipment in or upon any **your covered auto** or **non-owned auto,** including, but not limited to:

a. special carpeting and insulation, furniture or bars;

b. facilities for cooking and sleeping;

c. height extending roofs or ladders;

d. custom windows, murals, paintings or other decals or graphics;

e. tool boxes and fifth wheel conversions;

f. side exhausts and headers;

g. winches and roll bars;

h. special wheels/tires; or

i. body or suspension alterations.

However, this exclusion (12.):

a. does not apply to the first $1,000 of any such custom furnishings or equipment; and

b. does not apply to a camper body shown in the Declarations, or a cap, cover or bedliner in or upon any pickup truck you own.

13. Loss to, or loss of use of, a **non-owned auto** rented by:

a. you; or

b. any **family member;**

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 530 of 1402**

provisions of any applicable rental agreement or state law.

## LIMIT OF LIABILITY

Our limit of liability will be the lesser of the:

1. Actual cash value of the stolen or damaged property; or

2. Amount necessary to repair or replace the property with other property of like kind and quality.

   This amount does not include any reduction in the value of the property after it has been repaired, as compared to its value before it was damaged.

Subject to the above, our limit of liability for loss to:

1. Personal effects is $100; and

2. A **trailer** not owned by you is $1,500.

An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

## PAYMENT OF LOSS

We may pay for the loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or

2. The address shown in this policy. If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value. IN THE REPAIR OF **YOUR COVERED AUTO** UNDER THE PHYSICAL DAMAGE COVERAGE PROVISIONS OF THIS POLICY, WE MAY REQUIRE OR SPECIFY THE USE OF AUTOMOBILE PARTS NOT MADE BY THE ORIGINAL MANUFACTURER. THESE PARTS ARE REQUIRED TO BE AT LEAST EQUAL IN TERMS OF FIT, QUALITY, PERFORMANCE AND WARRANTY TO THE ORIGINAL MANUFACTURER PARTS THEY REPLACE.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER INSURANCE

If other insurance also covers the loss we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible insurance.

## APPRAISAL

If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

We do not waive any of our rights under this policy by agreeing to an appraisal.

## LOSS PAYEE

If a Loss Payee is shown in the Declarations, then any Collision Coverage or Other Than Collision Coverage provided by this policy applies to the Loss Payee's interest in **your covered auto.** If Collision Coverage or Other Than Collision Coverage is canceled or nonrenewed, we will provide coverage for the Loss Payee's interest until 10 days after the date we mail or electronically transmit a notice of the cancellation or nonrenewal to the Loss Payee. Any coverage for the Loss Payee's interest shall terminate on the earlier of the expiration of this 10 day period or the effective date of a policy or insurance binder for similar coverage for the Loss Payee's interest issued by another insurance carrier. Except for any continuation of coverage for the Loss Payee's interest that may be provided under this paragraph in connection with the Loss Payee's right to notice of cancellation or nonrenewal, this coverage for the Loss Payee's interest is only provided for a loss that would otherwise be payable to you.

Notwithstanding any other provisions of this policy, including but not limited to any continuation of coverage for the Loss Payee's interest as set forth above, if Collision Coverage for Other Than Collision Coverage is rescinded, the Loss Payee's interest will not be protected and the Loss Payee shall have no rights greater than your rights to recover for a loss.

If we pay you or the Loss Payee, then we are entitled to your and the Loss Payee's rights of recovery to the extent of our payment. Our right of recovery does not impair the Loss Payee's right to recover the full amount of its claim from you.

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS — FILING A CLAIM

**GENERAL DUTIES**

We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

A person seeking coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit as often as we reasonably require:

   a. to physical exams by physicians we select. We will pay for these exams;

   b. to examinations under oath and subscribe the same.

4. Authorize us to obtain:

   a. medical reports; and

   b. other pertinent records.

5. Submit a proof of loss when required by us.

**ADDITIONAL DUTIES FOR UNINSURED AND COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE**

A person seeking Uninsured or Combined Uninsured/Underinsured Motorists Coverage must also:

1. Promptly notify the police if a hit-and-run driver is involved.

2. Promptly send us copies of the legal papers if a suit is brought. A suit may not be brought by an **insured** until 60 days after that person notifies us of their belief that the prospective defendant is an uninsured motorist.

Any person who intends to pursue recovery against the owner or operator of an **underinsured motor vehicle** for damages beyond those paid or payable under this policy shall give us:

1. Notice of such intent; and

2. The opportunity to participate, at our expense, in the prosecution of such claim.

**ADDITIONAL DUTIES FOR DAMAGE TO YOUR AUTO**

A person seeking Coverage For Damage To Your Auto must also:

1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and their equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

## PART F — GENERAL PROVISIONS

**BANKRUPTCY**

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

**CHANGES**

The premium for each of **your covered autos** is based on information we have received from you or other sources. You agree:

1. That if any of this information material to the development of the policy premium is incorrect, incomplete or changed, we may adjust the premium accordingly during the policy period.

2. To cooperate with us in determining if this information is correct and complete, and to advise us of any changes in this information.

Any adjustment of your premium will be made using the rules in effect at the time of the change.

Premium adjustment may be made as the result of a change in:

1. Autos insured by the policy, including changes in use.

2. Drivers.

3. Coverages or coverage limits.

4. Rating territory.

5. Eligibility for discounts or other premium credits.

We may revise your policy coverages to provide more protection without additional premium charge. If we do this and you have the coverage which is changed, your policy will automatically provide the additional coverage as of the date the revision is effective in North Carolina. Otherwise, this policy

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 532 of 1402**

contains all of the coverage agreements between you and us. Its terms may not be changed or waived except by an endorsement issued by us.

## FRAUD OR MATERIAL MISREPRESENTATION

We do not provide coverage for any **insured**:

1. who has made a fraudulent statement or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy; or

2. If a named insured made a material misrepresentation in the application for this policy of insurance.

This provision applies to Part A —Liability Coverage to the extent that the limits of liability exceed the minimum limits required by the Financial Responsibility Law of North Carolina. If we make payment under Part A — Liability Coverage which we would not otherwise made in the absence of the preceding sentence, then we shall have the right to recover such payment from any **insured** who made a fraudulent statement, engaged in fraudulent conduct, or made a material misrepresentation.

## LEGAL ACTION AGAINST US

No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A,** no legal action may be brought against us until:

1. We agree in writing that the **insured** has an obligation to pay; or

2. The amount of that obligation has been finally determined by judgment after trial.

No person or organization has any right under this policy to bring us into any action to determine the liability of an **insured.**

## OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

However, our rights in this paragraph do not apply under:

1. Part **B;**

2. Parts **C1** and **C2,** as those parts contain separate provisions which state our right to recover payment under those Parts;

3. Part **D,** against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

However, our rights in this paragraph do not apply to Part **B.**

## POLICY PERIOD AND TERRITORY

This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

## TERMINATION — CANCELLATION, NONRENEWAL, AUTOMATIC TERMINATION, OTHER TERMINATION PROVISIONS

**Cancellation.** This policy may be canceled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

   a. returning this policy to us; or

   b. giving us advance written notice of the date cancellation is to take effect.

2. We may cancel the Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages by mailing by first-class mail to the named insured shown in the Declarations at the last known address:

   a. at least 15 days notice if cancellation is for nonpayment of premium;

   b. at least 60 days notice in all other cases.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 533 of 1402**

3. We may cancel any coverage other than Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages by mailing to the named insured shown in the Declarations at the last known address 10 days notice.

4. We will cancel the Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages only for the following reasons:

   a. Nonpayment of premiums.

   b. You become a nonresident of North Carolina and are not otherwise entitled to insurance through the Reinsurance Facility on submission of new application.

   c. The termination of our contract with the agent through whom this policy was written. This does not apply if we terminate the contract because of the quality of the agent's insureds.

   d. The cancellation of this policy pursuant to a power of attorney given to a company licensed pursuant to the provisions of G.S. 58-35-5.

   e. You fail, at time of renewal, to meet the requirements of our corporate charter, articles of incorporation or by-laws, if we are organized for the sole purpose of providing members with insurance policies in North Carolina.

   f. If you knowingly make a material misrepresentation of:

      a. the years of driving experience; or

      b. the driving record of;

      you or any other driver who lives with you and customarily uses **your covered auto.**

**Nonrenewal.** If we decide not to renew or continue the Liability, Medical Payments or Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages of this policy we will mail notice to the named insured shown in the Declarations at the last known address. Notice will be mailed at least 60 days before the end of the policy period. If we decide not to renew or continue any other coverage, we will mail the notice at least 10 days before the end of the policy period. We will refuse to renew or continue this policy only as permitted by the laws of North Carolina.

**Automatic Termination.** If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on **your covered auto,** any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**Other Termination Provisions**

1. If the law in effect in North Carolina at the time this policy is issued, renewed or continued:

   a. requires a longer notice period;

   b. requires a special form of or procedure for giving notice; or

   c. modifies any of the stated termination reasons;

   we will comply with those requirements.

2. Proof of mailing of any notice shall be sufficient proof of notice.

3. If the Named Insured or a premium finance company cancels this policy, the premium owed or premium refund due will be calculated according to the short rate provisions contained in our manuals. If we cancel this policy, any premium owed or premium refund will be calculated on a pro rata basis. However, making or offering to make the refund is not a condition of cancellation.

4. The effective date of cancellation stated in the notice shall become the end of the policy period.

**AUTO REPAIRS**

We shall not recommend the use of a particular motor vehicle repair service without clearly informing the claimant that:

(i) the claimant is under no obligation to use the recommended repair service;

(ii) the claimant may use the repair service of the claimant's choice; and

(iii) the amount determined by us to be payable under the policy will be paid regardless of whether or not the claimant uses the recommended repair service.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations;

2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 534 of 1402**

representative's legal responsibility to maintain or use **your covered auto**; and

3. Any person having proper temporary custody of **your covered auto**, as an **insured**, until the appointment of a legal representative.

Coverage will only be provided until the end of the policy period.

## CHOICE OF LAW

This policy is issued in accordance with the laws of North Carolina and covers property or risks principally located in North Carolina. Any and all claims or disputes in any way related to this policy shall be governed by the laws of North Carolina.

## SPOUSE ACCESS

The named insured and we agree that the named insured and resident spouse are **customers** for purposes of state and federal privacy laws. The resident spouse will have access to the same information available to the named insured.

The named insured may notify us that he/she no longer agrees that the resident spouse shall be treated as a **customer** for purposes of state and federal privacy laws, and we will not permit the resident spouse to access policy information.

---

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS. (NC 03 02 (Ed. 1-99))**

---

### EXTENDED TRANSPORTATION EXPENSES COVERAGE

The provisions and exclusions that apply to **Part D** — Coverage for Damage to Your Auto also apply to this endorsement except as changed by this endorsement.

**A. EXTENDED TRANSPORTATION EXPENSES COVERAGE**

When there is a loss to a **your covered auto** described in the Declarations for which a specific premium charge indicates that Extended Transportation Expenses Coverage is afforded, or to a **non-owned auto**, we will pay, without application of a deductible, up to $15 per day to a maximum of $450 for:

1. Transportation expenses incurred by you;

2. Loss of use expenses for which you become legally responsible in the event of loss to a **non-owned auto**.

This coverage applies only if:

1. **Your covered auto** or the **non-owned auto** is withdrawn from use for more than 24 hours; and

2. The loss is caused by **collision** or is otherwise covered under Part **D** of this policy.

However, this coverage does not apply when there is a total theft of **your covered auto** or a **non-owned auto.** Such coverage is provided under Part **D** of this policy.

Our payment will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto.**

**B. INCREASED LIMITS TRANSPORTATION EXPENSES COVERAGE**

When there is a loss to **your covered auto** described in the Declarations for which a specific premium charge indicates that Increased Limits **Transportation Expenses Coverage is afforded, or to a non-owned auto:**

1. **Coverage for Extended Transportation Expenses Coverage** provided under this endorsement is increased to $30 per day up to a maximum of $900. All other provisions of Extended Transportation Expenses Coverage apply.

2. **Coverage for Transportation Expenses Coverage** provided under Part D of this policy is increased to $30 per day up to a maximum of $900.

**C. ADDITIONAL INCREASED LIMITS TRANSPORTATION EXPENSES COVERAGE**

When there is a loss to a **your covered auto** described in the Declarations for which a specific premium charge indicates that Additional Increased Limits Transportation Expenses Coverage is afforded, or to a **non-owned auto:**

1. Coverage for Extended Transportation Expenses Coverage provided under this endorsement is increased to $50 per day up to a maximum of $1500. All other provisions of Extended Transportation Expenses Coverage apply.

2. Coverage for Transportation Expenses Coverage provided under Part D of this policy is increased to $50 per day up to a maximum of $1,500.

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 535 of 1402**

## TOWING AND LABOR COSTS COVERAGE

We will pay towing and labor costs incurred each time **your covered auto** or any **non-owned auto** is disabled or keys are lost, broken or accidentally locked in the auto, up to the amount shown in the Declarations as applicable to that vehicle. If a **non-owned auto** is disabled, we will provide the broadest towing and labor costs coverage applicable to any **your covered auto** shown in the Declarations. We will only pay for labor performed at the place of disablement.

SA-227/NCEP  5/06 (NC 00 01 Ed. 6/05)                  —20 —

 Insurance

## NORTH CAROLINA AUTOMOBILE POLICY

SAFECO INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
Home Office: 4333 Brooklyn Ave. N.E., Seattle, Washington 98185
AMERICAN STATES PREFERRED INSURANCE COMPANY
Home Office: 500 North Meridian Street, Indianapolis, IN 46204
(Each a stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

| | | Beginning On Page |
|---|---|---|
| AGREEMENT | | 1 |
| DEFINITIONS | | 1 |
| PART A | LIABILITY COVERAGE | 2 |
| | Insuring Agreement | |
| | Supplementary Payments | |
| | Exclusions | |
| | Limit of Liability | |
| | Out of State Coverage | |
| | Financial Responsibility Required | |
| | Other Insurance | |
| PART B | MEDICAL PAYMENTS COVERAGE | 4 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Non-Duplication | |
| | Other Insurance | |
| | Arbitration | |
| PART C1 | UNINSURED MOTORISTS COVERAGE | 6 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Other Insurance | |
| | Arbitration | |
| PART C2 | COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE | 9 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Other Insurance | |
| | Arbitration | |
| PART D | COVERAGE FOR DAMAGE TO YOUR AUTO | 12 |
| | Insuring Agreement | |
| | Transportation Expenses | |
| | Salvage Charges | |
| | Exclusions | |
| | Limit of Liability | |
| | Payment of Loss | |
| | No Benefit to Bailee | |
| | Other Insurance | |
| | Appraisal | |
| PART E | DUTIES AFTER AN ACCIDENT OR LOSS — FILING A CLAIM | 15 |
| | General Duties | |
| | Additional Duties for Uninsured and Combined Uninsured/Underinsured Motorists Coverage | |
| | Additional Duties for Damage to Your Auto | |
| PART F | GENERAL PROVISIONS | 16 |
| | Bankruptcy | |
| | Changes | |
| | Legal Action Against Us | |
| | Our Right to Recover Payment | |
| | Policy Period and Territory | |
| | Termination | |
| | Transfer of Your Interest in This Policy | |

SA-227/NCEP  6/05  (NC 00 01 Ed. 1-90)
(Copyright, North Carolina Rate Bureau, 2004)

Safeco and the Safeco logo are registered trademarks of Safeco Corporation

| ADDITIONAL<br>COVERAGES | Extended Transportation Expenses Coverage<br>Coverage for Audio, Visual and Data Electronic Equipment<br>Uninsured/Underinsured Motorists Coverage | 19 |

????????????????????????????????????????????????
????????????????????????????????????????????????
????????????????????????????????????????????????
????????????????????????????????????????????????
????????????????????????????????????????????????
????????????????????????????????????????????????
????????????????????????????????????????????????
????????????????????????????????????????????????
????????????????????????????????????????????????

---

This policy is a legal contract between you and us. The new Personal Auto Policy has been:

- designed for easy reference;
- simplified to make it more understandable; and
- arranged to better display the available coverage.

**READ YOUR POLICY CAREFULLY**

---

The following endorsements were incorporated into the North Carolina Automobile Policy (NC 00 01 1/90).

NC 00 09 5/94   Amendatory Endorsement —North Carolina Personal Auto Policy
NC 00 11 2/95   Amendatory Endorsement —North Carolina
NC 00 12 1/04   Amendatory Endorsement —North Carolina Personal Auto
NC 00 15 8/99   Amendatory Endorsement —North Carolina

**No substantive changes have been made to any of the forms.**

# PERSONAL AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

"We," "us" and "our" refer to the Company providing this insurance.

For purposes of this policy, a private passenger type auto, pickup or van shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and

2. For a continuous period of at least 6 months.

Other words and phrases are defined. They are boldfaced or in quotation marks when used.

"Bodily injury" means bodily harm, sickness or disease, including death that results.

"Business" means trade, profession or occupation.

"Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

"Newly acquired auto" means any of the following types of vehicles you become the owner of during the policy period:

1. A private passenger auto or station wagon type; or

2. A pickup truck or van that:

    a. has a Gross Vehicle Weight as specified by the manufacturer of less than 10,000 pounds; and

    b. is not used for the delivery or transportation of goods and materials unless such use is:

        (1) incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

        (2) for farming or ranching.

Any coverage for a **newly acquired auto** is subject to the following:

1. If a **newly acquired auto** replaces a vehicle shown in the Declarations, it will have the same coverage as the vehicle it replaced except that coverage, if any, under Part D — Coverage For Damage To Your Auto applies only if you ask us to insure it within 30 days after you become the owner.

2. If a **newly acquired auto** is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations if you ask us to insure it within 30 days after you become the owner.

3. Coverage under this policy terminates for any **newly acquired auto** on the effective date and time of a policy (other than this policy) issued by us or any other company that describes such vehicle on its Declarations page.

4. If you ask us to insure a **newly acquired auto** within the applicable specified time period described in 1. or 2. above, any coverage we provide for the **newly acquired auto** begins on the date you become the owner. If you ask us to insure a **newly acquired auto** after the applicable specified time period described above has elapsed, any coverage we provide for the **newly acquired auto** will begin at the time you request the coverage. You must pay us any added amount due for any coverage we provide for a **newly acquired auto.**

"Occupying" means in; upon; getting in, on, out or off.

"Property damage" means physical injury to, destruction of, or loss of use of tangible property.

"Trailer" means a vehicle designed to be pulled by a:

1. Private passenger auto or station wagon type; or

2. Pickup truck or van.

SA-227/NCEP  6/05 (NC 00 01 Ed. 1-90)          — 1 —

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 539 of 1402**

It also means a farm wagon or farm implement while pulled by a vehicle listed in 1. or 2. above.

**"Your covered auto"** means:

1. Any vehicle shown in the Declarations.

2. A **newly acquired auto.**

3. Any **trailer** you own.

4. Any **auto** or **trailer** not owned by you while used as a temporary substitute for any other vehicle

described in this definition which is out of normal use because of its:

**a.** breakdown;

**b.** repair;

**c.** servicing;

**d.** loss; or

**e.** destruction.

This provision (4.) does not apply to Part D — Coverage for Damage to Your Auto.

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the **insured.** We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**"Insured"** as used in this Part means:

1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

2. Any person using **your covered auto.**

3. For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any **auto** or **trailer,** other than **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or **trailer.**

### SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of an **insured:**

1. Up to $250 for the cost of bail bonds required because of traffic law violations resulting from an accident. The accident must result in **bodily injury** or **property damage** covered under this policy.

2. Premiums on appeal bonds and bonds to release attachments in any suit we defend. We have no duty to purchase bonds in an amount exceeding our Limit of Liability, and we have no duty to apply for or furnish these bonds.

3. All costs taxed against the **insured** and interest accruing after a judgment is entered in any suit we defend. Costs do not include prejudgment interest. Our duty to pay post-judgment interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

4. Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

5. Expenses incurred by an **insured** for emergency first aid to others performed at the scene of an accident that involves any auto covered by this policy.

6. Other reasonable expenses incurred at our request.

### EXCLUSIONS

**A.** We do not provide Liability Coverage for any **insured:**

1. Who intentionally causes **bodily injury** or **property damage.** This exclusion applies only to damages in excess of the minimum limit required by the financial responsibility law of North Carolina.

2. For **property damage** to property owned or being transported by that **insured.**

3. For **property damage** to property:

   **a.** rented to;

   **b.** used by; or

   **c.** in the care of;

   that **insured.** This exclusion does not apply to a residence or private garage.

SA-227/NCEP  6/05 (NC 00 01 Ed. 1-90)          —2 —

4. For **bodily injury** to an employee of that **insured** during the course of employment. This exclusion does not apply to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

6. While employed or otherwise engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing; or

   e. parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to the ownership, maintenance or use of **your covered auto** by:

   a. you;

   b. any **family member;** or

   c. any partner, agent or employee of you or any **family member.**

   This exclusion applies only to damages in excess of the minimum limit required by the financial responsibility law of North Carolina.

7. Maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusion 6. This exclusion does not apply to the maintenance or use of a:

   a. private passenger auto;

   b. pickup or van that:

      (1) you own; or

      (2) you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

         (a) breakdown;

         (b) repair;

         (c) servicing;

         (d) loss; or

         (e) destruction; or

   c. **trailer** used with a vehicle described in a. or b. above.

8. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

   This Exclusion A.8. does not apply to a **family member** using **your covered auto** which is owned by you.

9. For **bodily injury** or **property damage** for which that person:

   a. is an insured under a nuclear energy liability policy; or

   b. would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   A nuclear energy liability policy is a policy issued by any of the following or their successors:

   a. Nuclear Energy Liability Insurance Association;

   b. Mutual Atomic Energy Liability Underwriters; or

   c. Nuclear Insurance Association of Canada.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

   1. Any vehicle, other than **your covered auto,** which is:

      a. owned by you; or

      b. furnished for your regular use;

   2. Any vehicle, other than **your covered auto,** which is:

      a. owned by any **family member;** or

      b. furnished for the regular use of any **family member.**

   However, this exclusion (B.2.) does not apply to your maintenance or use of any vehicle which is:

   a. owned by a **family member;** or

   b. furnished for the regular use of a **family member.**

## LIMIT OF LIABILITY

The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for **bodily injury,** including damages for care, loss of services or death, sustained by any one person in any one auto accident. Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident. The limit of liability shown in the Declarations for each accident for Property Damage

SA-227/NCEP  6/05 (NC 00 01 Ed. 1-90)              — 3 —

Liability Coverage is our maximum limit of liability for all damages to all property resulting from any one auto accident. This is the most we will pay as a result of any one auto accident regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY REQUIRED

When this policy is certified as future proof of financial responsibility, this policy will comply with the law to the extent required.

## OTHER INSURANCE

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

---

## PART B — MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

We will pay reasonable expenses incurred for necessary medical and funeral services because of **bodily injury:**

1. Caused by accident; and

2. Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

Reasonable medical expenses do not include expenses:

1. For treatment, services, products or procedures that are:

   a. experimental in nature, for research, or not primarily designed to serve a medical purpose; or

   b. not commonly and customarily recognized throughout the medical profession and within the United States as appropriate for the treatment of **bodily injury;** or

2. Incurred for:

   a. the use of thermography or other related procedures of a similar nature; or

   b. the use of acupuncture or other related procedures of a similar nature; or

   c. the purchase or rental of equipment not primarily designed to serve a medical purpose.

Expenses are reasonable only if they are consistent with the usual fees charged by the majority of similar medical providers in the geographical area in which the expenses were incurred for the specific medical service.

Services are necessary only if the services are rendered by a licensed medical provider within the scope of the provider's practice and license and are essential in achieving maximum medical improvement for the **bodily injury** sustained in the accident.

We have the right to make or obtain a utilization review of the medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

"Insured" as used in the Part means:

1. You or any **family member:**

   a. while **occupying;** or

   b. as a pedestrian when struck by;

a motor vehicle designed for use mainly on public roads or a trailer of any type;

2. Any other person while **occupying:**

   a. **your covered auto;** or

   b. any other motor vehicle:

      (1) operated by you; or

      (2) operated by a **family member** if the motor vehicle is a private passenger auto or **trailer.**

## EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury:**

1. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

2. Sustained while **occupying** any vehicle located for use as a residence or premises.

3. Occurring while employed or otherwise engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing; or

   e. parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion applies only if workers' compensation benefits are available for the **bodily injury.**

4. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

   a. owned by you; or

   b. furnished for your regular use.

5. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

   a. owned by any **family member;** or

   b. furnished for the regular use of any **family member.**

   However, this exclusion does not apply to you.

6. Sustained while **occupying** a vehicle without a reasonable belief that that **insured** is entitled to do so.

This exclusion 6. does not apply to a **family member** using **your covered auto** which is owned by you.

7. Sustained while **occupying** any auto not owned by, or furnished for the regular use of, you or any **family member,** while used to carry persons or property for a fee. This exclusion does not apply to:

   a. a share-the-expense car pool; or

   b. you or any **family member.**

8. Resulting from the maintenance or use of any auto not owned by, or furnished for the regular use of, you or any **family member,** while that **insured** is engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing; or

   e. parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to you or any **family member.**

9. Resulting from the maintenance or use of any auto not owned by, or furnished for the regular use of, you or any **family member** while that **insured** is employed or otherwise engaged in any **business** not described in Exclusion 8. This exclusion does not apply:

   a. to you or any **family member;** or

   b. if the **bodily injury** results from the operation of a private passenger auto or **trailer** by you.

10. Caused by or as a consequence of:

    a. war (declared or undeclared);

    b. civil war;

    c. insurrection; or

    d. rebellion or revolution.

11. Sustained while **occupying** any motorized vehicle having fewer than four wheels.

## LIMIT OF LIABILITY

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident regardless of the number of:

1. Claims made;

2. Vehicles or premiums shown in the Declarations; or

SA-227/NCEP  6/05 (NC 00 01 Ed. 1-90)                      —5 —

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 543 of 1402**

**3.** Vehicles involved in the accident.

## NON-DUPLICATION

No person for whom medical expenses are payable under this coverage shall be paid more than once for the same medical expense under this or similar vehicle insurance, including any no-fault benefits required by law.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

## ARBITRATION

The amount due under this coverage shall be decided by agreement between the **insured** and us. If there is no agreement, the amount due shall be decided by arbitration upon written request of the **insured** or us. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days, either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on us, the **insured**, any assignee of the **insured** and any person or organization with whom the **insured** expressly or implied contracts for the rendition of medical services. The arbitrator's decision shall be limited to whether or not the medical services were reasonable and the services were necessary, with the amount due being equal only to the reasonable expenses for necessary services. The arbitrators shall not award punitive damages or other noncompensatory damages.

The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.

The arbitration shall take place in the county in which the **insured** resides unless the parties agree to another place. State court rules governing procedure and admission of evidence shall be used.

---

## PART C1 — UNINSURED MOTORISTS COVERAGE

---

### INSURING AGREEMENT

We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

**1. Bodily injury** sustained by an **insured** and caused by an accident; and

**2. Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

Any judgment for damages arising out of a suit is not binding on us unless we have been served with a copy of the summons, complaint or other process against the uninsured motorists.

"Insured" as used in this Part means:

1. You or any **family member.**

2. Any other person **occupying:**

   **a. your covered auto;** or

   **b.** any other auto operated by you.

3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person listed in 1. or 2. above.

"**Property damage**" as used in this Part means injury to or destruction of:

1. **Your covered auto.**

2. Any property owned by a person listed in 1. or 2. of **insured.**

"**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

1. To which neither:

   **a.** a liability bond or policy; nor

   **b.** cash or securities on file with the North Carolina Commissioner of Motor Vehicles;

   applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident; provided its limit for liability is less than the minimum limit specified by the financial responsibility law of North Carolina.

3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose

SA-227/NCEP  6/05 (NC 00 01 Ed. 1-90)                    —6—

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 544 of 1402**

operator or owner cannot be identified and which hits:

   **a.** you or any **family member;**

   **b.** a vehicle which you or any **family member** are **occupying;** or

   **c. your covered auto.**

**4.** To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

   **a.** denies coverage; or

   **b.** is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

**1.** Owned by you.

**2.** Owned or operated by a self-insurer under any applicable motor vehicle law; except a self-insurer which is or becomes insolvent.

**3.** Owned by:

   **a.** the United States of America;

   **b.** Canada;

   **c.** a state; or

   **d.** an agency, other than a political subdivision of a., b. or c. above.

**4.** Operated on rails or crawler treads.

**5.** Which is a farm type tractor or equipment designed mainly for use off public roads while not on public roads.

**6.** While located for use as a residence or premises.

**EXCLUSIONS**

**A.** We do not provide Uninsured Motorists Coverage for **property damage** or **bodily injury** sustained by any **insured:**

   **1.** If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our written consent.

   **2.** While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

   **3.** Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

   This Exclusion A.3. does not apply to a **family member** using **your covered auto** which is owned by you.

   **4.** For the first $100 of the amount of **property damage** to the property of each **insured** as the result of any one accident.

   **5.** If the property is contained in or struck by a motor vehicle (other than **your covered auto)** owned by you or any **family member.**

   **6.** For any punitive or exemplary damages, or legal costs related thereto.

   **7.** While **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

   However, this exclusion does not apply to you or any **family member.**

**B.** We do not provide Uninsured Motorists Coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.

**C.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or any similar law:

   **a.** workers' compensation law; or

   **b.** disability benefits law.

**LIMIT OF LIABILITY**

The limit of bodily injury liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury,** including damages for care, loss of services or death, sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of bodily injury liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident. The limit of property damage liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages to all property resulting from any one accident. This is the most we will pay for **bodily injury** and **property damage** regardless of the number of:

**1. Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the accident.

The limit of liability otherwise applicable under this coverage shall be reduced by all sums:

**1.** Paid because of the **bodily injury** or **property damage** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A;

SA-227/NCEP  6/05  (NC 00 01 Ed. 1-90)

— 7 —

2. Paid or payable because of the **bodily injury** under any workers' compensation law. However, this reduction does not apply to the extent that an employer's lien is required to be paid under North Carolina's workers' compensation law; and

3 Paid or payable because of the **bodily injury** under any disability benefits law or any similar law.

No payment will be made for loss paid or payable to the **insured** under Part D or any policy of property insurance.

Any payment to any person under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

This coverage is excess over and shall not duplicate any amount paid or payable under Part B.

**OTHER INSURANCE**

If this policy and any other auto insurance policy apply to the same accident, the maximum amount payable under all applicable policies for injuries to an **insured** caused by an **uninsured motor vehicle** shall be the sum of the highest limit of liability for this coverage under each such policy.

In addition, if there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

**ARBITRATION**

If we and an **insured** do not agree:

1. Whether that person is legally entitled to recover compensatory damages from the owner or driver of an **uninsured motor vehicle;** or

2. As to the amount of such damages;

the **insured** may demand to settle the dispute by arbitration.

The following procedures will be used:

1. Each party will select a competent arbitrator. The two so selected will select a third.

2. If the third arbitrator is not selected within 30 days, the **insured** or we may request a judge of a court of record to name one. The court must be in the county and state in which arbitration is pending.

3. Each party will pay its chosen arbitrator. Each will pay half of all other expenses of arbitration. Fees to lawyers and expert witnesses are not considered arbitration expenses and are to be paid by the party hiring these persons.

4. Unless the **insured** and we agree otherwise, arbitration will take place in the county and state in which the **insured** lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state. The arbitrators will resolve the issues. A written decision on which two arbitrators agree will be binding on the **insured** and us.

5. Any arbitration action against the company must begin within the time limit allowed for **bodily injury** or death actions in the state where the accident occurred.

6. Judgment upon award may be entered in any proper court.

7. As an alternative, the **insured** and we may agree to arbitrate by rules other than stated above.

**OUR RIGHT TO RECOVER PAYMENT**

A. If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. Further, the execution of a covenant not to enforce judgment by the injured party shall not preclude us from pursuing our right to sue for or otherwise recover any payment made under this coverage from anyone else who may be liable. The person to or for whom payment was made shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

B. If we make a payment under this coverage and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

SA-227/NCEP  6/05 (NC 00 01 Ed. 1-90)

— 8 —

## PART C2 — COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

1. **Bodily injury** sustained by an **insured** and caused by an accident; and

2. **Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

We will also pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury** sustained by an **insured** and caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle**. We will pay for these damages only after the limits of liability under any applicable liability bonds or policies have been exhausted by payments of judgments or settlements, unless we:

1. Have been given written notice in advance of settlement between an **insured** and the owner or operator of the **underinsured motor vehicle**; and

2. Consent to advance payment to the **insured** in an amount equal to the tentative settlement.

Any judgment for damages arising out of a suit is not binding on us unless we have been served with a copy of the summons, complaint or other process against the uninsured or underinsured motorist.

"**Insured**" as used in this Part means:

1. You or any **family member.**

2. Any other person **occupying:**

   a. **your covered auto;** or

   b. any other auto operated by you.

3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person listed in 1. or 2. above.

"**Property damage**" as used in this Part means injury to or destruction of:

1. **Your covered auto.**

2. Any property owned by a person listed in 1. or 2. of **insured.**

"**Underinsured motor vehicle**" means a land motor vehicle or trailer of any type:

1. The ownership, maintenance or use of which is insured or bonded for liability at the time of the accident; and

2. The sum of the limits of liability under all **bodily injury** liability bonds and insurance policies applicable at the time of the accident is equal to or greater than the minimum limit specified by the financial responsibility law of North Carolina and:

   a. is less than the limit of liability for this coverage; or

   b. the total limit of liability available has been reduced to less than the limit of liability for this coverage by payment of damages to other persons.

However, "**underinsured motor vehicle**" does not include any vehicle or equipment:

1. Operated on rails or crawler treads.

2. Which is a farm-type tractor or other vehicle designed for use principally off public roads and while not upon public roads.

3. While located for use as a residence or premises.

4. Which is an **uninsured motor vehicle.**

5. Which is insured under Liability Coverage of this policy if such policy's limit of liability for Combined Uninsured/Underinsured Motorists Coverage is equal to or less than its limit of liability for Liability Coverage.

"**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

1. To which neither:

   a. a liability bond or policy; nor

   b. cash or securities on file with the North Carolina Commissioner of Motor Vehicles;

   applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident; provided its limit for liability is less than the minimum limit specified by the financial responsibility law of North Carolina.

3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose

SA-227/NCEP  6/05 (NC 00 01 Ed. 1-90)          — 9 —

operator or owner cannot be identified and which hits:

   **a.** you or any **family member;**

   **b.** a vehicle which you or any **family member** are **occupying;** or

   **c. your covered auto.**

**4.** To which a liability bond or policy applies at the time of the accident, but the bonding or insuring company:

   **a.** denies coverage; or

   **b.** is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

**1.** Owned by you.

**2.** Owned or operated by a self-insurer under any applicable motor vehicle law; except a self-insurer which is or becomes insolvent.

**3.** Owned by:

   **a.** the United States of America;

   **b.** Canada;

   **c.** a state; or

   **d.** an agency, other than a political subdivision of a., b. or c. above.

**4.** Operated on rails or crawler treads.

**5.** Which is a farm-type tractor or equipment designed mainly for use off public roads while not on public roads.

**6.** While located for use as a residence or premises.

## EXCLUSIONS

**A.** We do not provide coverage for **property damage** or **bodily injury** caused by an **uninsured motor vehicle** and sustained by any **insured:**

   **1.** If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our written consent.

   **2.** While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

   **3.** Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

   This Exclusion A.3. does not apply to a **family member** using **your covered auto** which is owned by you.

   **4.** For the first $100 of the amount of **property damage** to the property of each **insured** as the result of any one accident.

**5.** If the property is contained in or struck by a motor vehicle (other than **your covered auto**) owned by you or any **family member.**

**6.** For any punitive or exemplary damages, or legal costs related thereto.

**7.** While **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

   However, this exclusion does not apply to you or any **family member.**

**B.** We do not provide coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.

**C.** We do not provide coverage for **bodily injury** caused by an **underinsured motor vehicle** and sustained by any **insured:**

   **1.** If that **insured** or the legal representative settles the **bodily injury** claim without our consent. However, this exclusion does not apply if we:

     **a.** have been given written notice in advance of a settlement between an **insured** and the owner or operator of the **underinsured motor vehicle; and**

     **b.** we fail to advance payment to the **insured** in an amount equal to the tentative settlement within thirty days following receipt of such written notice.

   **2.** While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

   **3.** Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

   This Exclusion C.3. does not apply to a **family member** using **your covered auto** which is owned by you.

   **4.** For any punitive or exemplary damages, or legal costs related thereto.

   **5.** While **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

   However, this exclusion does not apply to you or any **family member.**

**D.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or any similar law:

     **a.** workers' compensation law; or

     **b.** disability benefits law.

## LIMIT OF LIABILITY

The limit of bodily injury liability shown in the Declarations for each person for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury,** including damages for care, loss of services or death, sustained by any one person in any one auto accident.

Subject to this limit for each person, the limit of bodily injury liability shown in the Declarations for each accident for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident. The limit of property damage liability shown in the Declarations for each accident for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **property damage** caused by an **uninsured motor vehicle** and resulting from any one accident.

This is the most we will pay for **bodily injury** and **property damage** regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

The limits of bodily injury liability shown in the Declarations for each person and each accident for this coverage shall be reduced by all sums:

1. Paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A;

2. Paid or payable because of the **bodily injury** under any workers compensation law. However, this reduction does not apply to the extent that an employer's lien is required to be paid under North Carolina's workers' compensation law; and

3. Paid or payable because of the **bodily injury** under any disability benefits law or any similar law.

The most we will pay for **bodily injury** damages to an **insured** under this coverage is the lesser of:

   a. the limit of bodily injury liability shown in the Declarations for each person for this coverage reduced by all sums described in items 1., 2. and 3. of the preceding paragraph; or

   b. the damages sustained by the **insured** for **bodily injury** reduced by all sums described

in items 1., 2. and 3. in the preceding paragraph.

The limit of property damage liability under this coverage shall be reduced by all sums paid because of the **property damage** by or on behalf of persons or organizations who may legally responsible. This includes all sums payable under Part A.

No payment will be made for loss paid or payable to the **insured** under Part D or any policy of property insurance.

Any payment to any person under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A.

This coverage is excess over and shall not duplicate any amount paid or payable under Part B.

## OTHER INSURANCE

If this policy and any other auto insurance policy apply to the same accident, the maximum amount payable under all applicable policies for all injuries to an **insured** caused by an **uninsured motor vehicle** or **underinsured motor vehicle** shall be the sum of the highest limit of liability for this coverage under each policy.

In addition, if there is other applicable similar insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

## ARBITRATION

If we and an **insured** do not agree:

1. Whether that person is legally entitled to recover compensatory damages from the owner or driver of an **uninsured motor vehicle** or **underinsured motor vehicle;** or

2. As to the amount of such damages;

the **insured** may demand to settle the dispute by arbitration.

The following procedure will be used:

1. Each party will select a competent arbitrator. The two so selected will select a third.

2. If the third arbitrator is not selected within 30 days, the **insured** or we may request a judge of a court of record to name one. The court must be in the county and state in which arbitration is pending.

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 549 of 1402**

3. Each party will pay its chosen arbitrator. Each will pay half of all other expenses of arbitration. Fees to lawyers and expert witnesses are not considered arbitration expenses and are to be paid by the party hiring these persons.

4. Unless the **insured** and we agree otherwise, arbitration will take place in the county and state in which the **insured** lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state. The arbitrators will resolve the issues. A written decision on which two arbitrators agree will be binding on the **insured** and us.

5. Any arbitration action against the company must begin within the time limit allowed for **bodily injury** or death actions in the state where the accident occurred.

6. Judgment upon award may be entered in any proper court.

7. As an alternative, the **insured** and we may agree to arbitrate by rules other than stated above.

**OUR RIGHT TO RECOVER PAYMENT**

A. If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. Further, the execution of a covenant not to enforce judgment by the injured party shall not preclude us from pursuing our right to sue for or otherwise recover any payment made under this coverage from anyone else who may be liable. The person to or for whom payment was made shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

However, our rights under this paragraph do not apply against the owner or operator of an **underinsured motor vehicle** if we have been given written notice in advance of a settlement and fail to advance payment in an amount equal to the tentative settlement within 30 days following receipt of such notice.

B. If we make a payment under this coverage and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

**INSURING AGREEMENT**

We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto**, including their equipment. Direct and accidental loss does not include any reduction in the value of any vehicle after it has been repaired, as compared to its value before it was damaged.

We will pay for loss to **your covered auto** caused by:

1. Other than **collision** only if the Declarations indicate that Other Than Collision Coverage is provided for that auto.

2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto**, we will provide the broadest coverage applicable to any **your covered auto** shown in the Declarations.

Our payment will be reduced by any deductible shown in the Declarations.  The deductible will not apply to a loss caused by:

1. Fire or lightning.

2. Smoke due to sudden, unusual and faulty operation of any fixed heating equipment serving the premises in which the auto is stored.

3. The stranding, sinking, burning, **collision** or derailment of any conveyance in or on which the auto is being transported.

"Collision" means the upset of **your covered auto** or a **non-owned auto** or their impact with another vehicle or object.

Loss caused by the following is considered Other than **collision:**

1. Missiles  or falling objects;

2. Fire;

3. Theft or larceny;

4. Explosion or earthquake;

5. Windstorm;

6. Hail, water or flood;

7. Malicious  mischief or vandalism;

8. Riot or civil commotion;

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 550 of 1402**

**9.** Contact with bird or animal; or

**10.** Breakage of glass.

If loss is caused by contact with a bird or animal, or if breakage of glass is caused by **collision,** you may elect to have either loss considered to be caused by **collision.**

**"Non-owned auto"** means:

**1.** Any private passenger auto, station wagon type, pickup truck, van or **trailer** not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member.**

**2.** Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

  **a.** breakdown;

  **b.** repair;

  **c.** servicing;

  **d.** loss; or

  **e.** destruction.

We will also pay for direct and accidental loss caused by fire or lightning to clothes or other personal effects:

**1.** Which are owned by you or any **family member;** and

**2.** Which are in or on **your covered auto.**

**TRANSPORTATION EXPENSES**

In addition, we will pay, without application of a deductible, up to $15 per day, to a maximum of $450, for:

**1.** Transportation expenses incurred by you in the event of the total theft of **your covered auto.** This applies only if the Declarations indicate that Other Than Collision is provided for that auto.

**2.** Loss of use expenses for which you become legally responsible in the event of the total theft of a **non-owned auto.** This applies only if the Declarations indicate that Other Than Collision is provided for any **your covered auto.**

We will pay only expenses incurred during the period:

**1.** Beginning 48 hours after the theft; and

**2.** Ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

**SALVAGE CHARGES**

In addition, we will pay general average and salvage charges that you or any **family member** are legally responsible for in transporting an auto.

**EXCLUSIONS**

We will not pay for:

**1.** Loss to **your covered auto** or any **non-owned auto** which occurs while they are being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

**2.** Damage due and confined to:

  **a.** wear and tear;

  **b.** freezing;

  **c.** mechanical or electrical breakdown or failure; or

  **d.** road damage to tires.

  This exclusion does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

**3.** Loss due to or as a consequence of:

  **a.** radioactive contamination;

  **b.** war (declared or undeclared);

  **c.** civil war;

  **d.** insurrection; or

  **e.** rebellion or revolution.

**4.** Loss to:

  **a.** electronic equipment designed solely for the reproduction of sound, including:

    (1) radios and stereos;

    (2) tape decks; or

    (3) compact disc players.

    This does not apply to such equipment which is permanently installed in **your covered auto** or a **non-owned auto.**

  **b.** Any other electronic equipment that receives or transmits audio, visual, or data signals, including:

    (1) citizens band radios;

    (2) telephones;

    (3) two-way mobile radios;

    (4) scanning monitor receivers;

    (5) television monitor receivers;

    (6) video cassette recorders;

    (7) audio cassette recorders; or

SA-227/NCEP  6/05 (NC 00 01 Ed. 1-90)                     —13—

(8) personal computers.

This exclusion (4.b.) does not apply to such equipment that is:

(1) necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

(2) an integral part of the same unit housing any sound reproducing equipment described in a. and permanently installed in the opening of the dash or console of **your covered auto** or any **non-owned auto** normally used by the manufacturer for installation of a radio;

c. tapes, records, discs, or other media used with equipment described in a. or b.;

d. any other accessories used with equipment described in a. or b.

5. Loss to a camper body or **trailer** you own which is not shown in the Declarations. This exclusion does not apply to a camper body or **trailer** you:

a. acquire during the policy period; and

b. ask us to insure within the policy period or within 30 days after you become the owner.

6. Loss to any **non-owned auto** while used by you or any **family member** in the **business** of:

a. selling;

b. repairing;

c. servicing;

d. storing; or

e. parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery.

7. Loss to any **non-owned auto** if used without the express or implied permission of the owner or other person in lawful possession of such vehicle.

8. With respect to any **trailer** shown in the Declarations, loss to:

a. awnings or cabanas; or

b. equipment designed to create additional living facilities.

9. Loss to **your covered auto** or any **non-owned auto** due to forfeiture ordered by the courts or destruction or confiscation by governmental or civil authorities because you or any **family member:**

a. engaged in illegal activities; or

b. failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion does not apply to the interests of Loss Payees in **your covered auto.**

10. Loss to equipment designed or used for the detection of radar.

11. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in Exclusion 6. This exclusion does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

12. Loss to any custom furnishings or equipment in or upon any pickup truck or van you own, including, but not limited to:

a. special carpeting and insulation, furniture or bars;

b. facilities for cooking and sleeping;

c. height extending roofs or ladders;

d. custom windows, murals, paintings or other decals or graphics;

e. tool boxes and fifth wheel conversions;

f. side exhausts and headers;

g. winches and roll bars;

h. special wheels/tires (off-road or competition);

i. body or suspension alterations.

However, this exclusion (12.):

a. applies only to 1991 or later model year vehicles; and

b. does not apply to a camper body shown in the Declarations, or a cap, cover or bedliner in or upon any pickup truck you own.

13. Loss to, or loss of use of, a **non-owned auto** rented by:

a. you; or

b. any **family member;**

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

**LIMIT OF LIABILITY**

Our limit of liability will be the lesser of the:

1. Actual cash value of the stolen or damaged property; or

2. Amount necessary to repair or replace the property with other property of like kind and quality.

SA-227/NCEP 6/05 (NC 00 01 Ed. 1-90)                    — 14 —

This amount does not include any reduction in the value of the property after it has been repaired, as compared to its value before it was damaged.

Subject to the above, our limit of liability for loss to:

1. Personal effects is $100; and

2. A **trailer** not owned by you is $500.

An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

### PAYMENT OF LOSS

We may pay for the loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or

2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value. In the repair of your covered auto under the physical damage coverage provisions of this policy, we may require or specify the use of automobile parts not made by the original manufacturer. These parts are required to be at least equal in terms of fit, quality, performance and warranty to the original manufacturer parts they replace.

### NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

### OTHER INSURANCE

If other insurance also covers the loss we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible insurance.

### APPRAISAL

If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

We do not waive any of our rights under this policy by agreeing to an appraisal.

---

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS — FILING A CLAIM

### GENERAL DUTIES

We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

A person seeking coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit as often as we reasonably require:

   a. to physical exams by physicians we select. We will pay for these exams;

   b. to examinations under oath and subscribe the same.

4. Authorize us to obtain:

   a. medical reports; and

   b. other pertinent records.

5. Submit a proof of loss when required by us.

### ADDITIONAL DUTIES FOR UNINSURED AND COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE

A person seeking Uninsured or Combined Uninsured/Underinsured Motorists Coverage must also:

1. Promptly notify the police if a hit-and-run driver is involved.

2. Promptly send us copies of the legal papers if a suit is brought. A suit may not be brought by an **insured** until 60 days after that person notifies us of their belief that the prospective defendant is an uninsured motorist.

Any person who intends to pursue recovery against the owner or operator of an **underinsured motor vehicle** for damages beyond those paid or payable under this policy shall give us:

1. Notice of such intent; and

SA-227/NCEP  6/05 (NC 00 01 Ed. 1-90)                    —15 —

2. The opportunity to participate, at our expense, in the prosecution of such claim.

**ADDITIONAL DUTIES FOR DAMAGE TO YOUR AUTO**

A person seeking Coverage For Damage To Your Auto must also:

1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and their equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

---

## PART F — GENERAL PROVISIONS

**BANKRUPTCY**

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

**CHANGES**

The premium for each of **your covered autos** is based on information we have received from you or other sources. You agree:

1. That if any of this information material to the development of the policy premium is incorrect, incomplete or changed, we may adjust the premium accordingly during the policy period.

2. To cooperate with us in determining if this information is correct and complete, and to advise us of any changes in this information.

Any adjustment of your premium will be made using the rules in effect at the time of the change.

Premium adjustment may be made as the result of a change in:

1. Autos insured by the policy, including changes in use.

2. Drivers.

3. Coverages or coverage limits.

4. Rating territory.

5. Eligibility for discounts or other premium credits.

We may revise your policy coverages to provide more protection without additional premium charge. If we do this and you have the coverage which is changed, your policy will automatically provide the additional coverage as of the date the revision is effective in North Carolina. Otherwise, this policy contains all of the coverage agreements between you and us. Its terms may not be changed or waived except by an endorsement issued by us.

The premium for this policy may vary based upon the purchase of other insurance from us or one of our affiliated companies.

**FRAUD IN CONNECTION WITH ACCIDENT OR LOSS**

We do not provide coverage for any **insured** who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

This provision applies to Part A —Liability Coverage to the extent that the limits of liability exceed the minimum limits required by the Financial Responsibility Law of North Carolina.

**LEGAL ACTION AGAINST US**

No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

1. We agree in writing that the **insured** has an obligation to pay; or

2. The amount of that obligation has been finally determined by judgment after trial.

No person or organization has any right under this policy to bring us into any action to determine the liability of an **insured**.

**OUR RIGHT TO RECOVER PAYMENT**

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

SA-227/NCEP  6/05 (NC 00 01 Ed. 1-90)　　　— 16 —

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 554 of 1402**

However, our rights in this paragraph do not apply under:

1. Part B;

2. Parts C1 and C2, as those parts contain separate provisions which state our right to recover payment under those Parts;

3. Part D, against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

However, our rights in this paragraph do not apply to Part B.

## POLICY PERIOD AND TERRITORY

This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

## TERMINATION — CANCELLATION, NONRENEWAL, AUTOMATIC TERMINATION, OTHER TERMINATION PROVISIONS

**Cancellation.** This policy may be canceled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

   **a.** returning this policy to us; or

   **b.** giving us advance written notice of the date cancellation is to take effect.

2. We may cancel the Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages by mailing by first-class mail to the named insured shown in the Declarations at the last known address:

   **a.** at least 15 days notice if cancellation is for nonpayment of premium;

   **b.** at least 60 days notice in all other cases.

3. We may cancel any coverage other than Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages by mailing to the named insured shown in the Declarations at the last known address 10 days notice.

4. We will cancel the Liability, Medical Payments and Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages only for the following reasons:

   **a.** Nonpayment of premiums.

   **b.** You become a nonresident of North Carolina and are not otherwise entitled to insurance through the Reinsurance Facility on submission of new application.

   **c.** The termination of our contract with the agent through whom this policy was written. This does not apply if we terminate the contract because of the quality of the agent's insureds.

   **d.** The cancellation of this policy pursuant to a power of attorney given to a company licensed pursuant to the provisions of G.S. 58-35-5.

   **e.** You fail, at time of renewal, to meet the requirements of our corporate charter, articles of incorporation or by-laws, if we are organized for the sole purpose of providing members with insurance policies in North Carolina.

   **f.** If you knowingly make a material misrepresentation of:

      **a.** the years of driving experience; or

      **b.** the driving record of;

      you or any other driver who lives with you and customarily uses **your covered auto.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 555 of 1402**

**Nonrenewal.** If we decide not to renew or continue the Liability, Medical Payments or Uninsured Motorists or Combined Uninsured/Underinsured Motorists Coverages of this policy we will mail notice to the named insured shown in the Declarations at the last known address. Notice will be mailed at least 60 days before the end of the policy period. If we decide not to renew or continue any other coverage, we will mail the notice at least 10 days before the end of the policy period. We will refuse to renew or continue this policy only as permitted by the laws of North Carolina.

**Automatic Termination.** If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on **your covered auto,** any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**Other Termination Provisions**

1. If the law in effect in North Carolina at the time this policy is issued, renewed or continued:

    a. requires a longer notice period;

    b. requires a special form of or procedure for giving notice; or

    c. modifies any of the stated termination reasons;

    we will comply with those requirements.

2. Proof of mailing of any notice shall be sufficient proof of notice.

3. If the Named Insured or a premium finance company cancels this policy, the premium owed or premium refund due will be calculated according to the short rate provisions contained in our manuals. If we cancel this policy, any premium owed or premium refund will be calculated on a pro rata basis. However, making or offering to make the refund is not a condition of cancellation.

4. The effective date of cancellation stated in the notice shall become the end of the policy period.

**AUTO REPAIRS**

We shall not recommend the use of a particular motor vehicle repair service without clearly informing the claimant that:

(i) the claimant is under no obligation to use the recommended repair service;

(ii) the claimant may use the repair service of the claimant's choice; and

(iii) the amount determined by us to be payable under the policy will be paid regardless of whether or not the claimant uses the recommended repair service.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations;

2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto;** and

3. Any person having proper temporary custody of **your covered auto,** as an **insured,** until the appointment of a legal representative.

Coverage will only be provided until the end of the policy period.

**CHOICE OF LAW**

This policy is issued in accordance with the laws of North Carolina and covers property or risks principally located in North Carolina. Any and all claims or disputes in any way related to this policy shall be governed by the laws of North Carolina.

**SPOUSE ACCESS**

The named insured and we agree that the named insured and resident spouse are **customers** for purposes of state and federal privacy laws. The resident spouse will have access to the same information available to the named insured.

The named insured may notify us that he/she no longer agrees that the resident spouse shall be treated as a **customer** for purposes of state and federal privacy laws, and we will not permit the resident spouse to access policy information.

## ADDITIONAL COVERAGES

AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS. (NC 03 02 (Ed. 1-99))

### EXTENDED TRANSPORTATION EXPENSES COVERAGE

The provisions and exclusions that apply to **Part D — Coverage for Damage to Your Auto** also apply to this endorsement except as changed by this endorsement.

**A. EXTENDED TRANSPORTATION EXPENSES COVERAGE**

When there is a loss to a **your covered auto** described in the Declarations for which a specific premium charge indicates that Extended Transportation Expenses Coverage is afforded, or to a **non-owned auto**, we will pay, without application of a deductible, up to $15 per day to a maximum of $450 for:

1. Transportation expenses incurred by you;

2. Loss of use expenses for which you become legally responsible in the event of loss to a **non-owned auto.**

This coverage applies only if:

1. **Your covered auto** or the **non-owned auto** is withdrawn from use for more than 24 hours; and

2. The loss is caused by **collision** or is otherwise covered under Part D of this policy.

However, this coverage does not apply when there is a total theft of **your covered auto** or a **non-owned auto.** Such coverage is provided under Part D of this policy.

Our payment will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto.**

**B. INCREASED LIMITS TRANSPORTATION EXPENSES COVERAGE**

When there is a loss to **your covered auto** described in the Declarations for which a specific premium charge indicates that Increased Limits Transportation Expenses Coverage is afforded, or to a non-owned auto:

1. **Coverage for Extended Transportation Expenses Coverage** provided under this endorsement is increased to $30 per day up to a maximum of $900. All other provisions of Extended Transportation Expenses Coverage apply.

2. **Coverage for Transportation Expenses Coverage** provided under Part D of this policy

is increased to $30 per day up to a maximum of $900.

**C. ADDITIONAL INCREASED LIMITS TRANSPORTATION EXPENSES COVERAGE**

When there is a loss to a **your covered auto** described in the Declarations for which a specific premium charge indicates that Additional Increased Limits Transportation Expenses Coverage is afforded, or to a **non-owned auto:**

1. Coverage for Extended Transportation Expenses Coverage provided under this endorsement is increased to $50 per day up to a maximum of $1500. All other provisions of Extended Transportation Expenses Coverage apply.

2. Coverage for Transportation Expenses Coverage provided under Part D of this policy is increased to $50 per day up to a maximum of $1,500.

---

### COVERAGE FOR AUDIO, VISUAL AND DATA ELECTRONIC EQUIPMENT AND TAPES, RECORDS, DISCS AND OTHER MEDIA

The provisions and exclusions that apply to **Part D — Coverage for Damage to Your Auto,** other than Exclusion 4.b., c. and d., also apply to coverage provided by this endorsement except as modified herein.

### INSURING AGREEMENT

We will pay, without application of a deductible, for direct and accidental loss to any electronic equipment that receives or transmits audio, visual or data signals and is not designed solely for the reproduction of sound. This coverage applies only if the equipment is permanently installed in **your covered auto** at the time of the loss.

We will also pay, without application of a deductible, for direct and accidental loss to:

1. Any accessories used with electronic equipment permanently installed in **your covered auto** and not designed solely for the reproduction of sound; and

2. Tapes, records, discs and other media if they are:

   a. your property or that of a **family member;** and

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 557 of 1402**

**b.** in **your covered auto** at the time of the loss.

## EXCLUSIONS

We will not pay, under this endorsement, for any electronic equipment that is:

1. Necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

2. Both:

   **a.** an integral part of the same unit housing any sound reproducing equipment designed solely for the reproduction of sound if the sound reproducing equipment is permanently installed in **your covered auto;** and

   **b.** permanently installed in the opening of the dash or console of **your covered auto.** This opening must be normally used by the manufacturer for the installation of a radio.

## LIMIT OF LIABILITY

With respect to coverage under this endorsement, the Limit of Liability provision of Part D is replaced by the following:

1. Our limit of liability for the total of all losses to audio, visual or data electronic equipment and any accessories used with this equipment, as a result of any one occurrence shall be the lesser of:

   **a.** stated amount shown in the Declarations;

   **b.** actual cash value of the stolen or damaged property; or

   **c.** amount necessary to repair or replace the property.

2. Our limit of liability for the total of all losses to tapes, records, discs or other media, as a result of any one occurrence shall be the lesser of:

   **a.** $200;

   **b.** the actual cash value of the stolen or damaged property; or

   **c.** the amount necessary to repair or replace the property.

   If coverage for audio, visual or data electronic equipment and accessories used with the equipment is purchased, the limit of liability applicable for losses to tapes, records, discs or other media is in addition to the limit of liability applicable to audio, visual or data electronic equipment and any accessories used with the equipment.

3. An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

## TOWING AND LABOR COSTS COVERAGE

We will pay towing and labor costs incurred each time **your covered auto** or any **non-owned auto** is disabled or keys are lost, broken or accidentally locked in the auto, up to the amount shown in the Declarations as applicable to that vehicle. If a **non-owned auto** is disabled, we will provide the broadest towing and labor costs coverage applicable to any **your covered auto** shown in the Declarations. We will only pay for labor performed at the place of disablement.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 558 of 1402**

 Insurance

## NORTH CAROLINA AUTOMOBILE POLICY

SAFECO INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
Home Office: Safeco Plaza, Seattle, Washington 98185-0001

AMERICAN STATES PREFERRED INSURANCE COMPANY
Home Office: 500 North Meridian Street, Indianapolis, IN 46204

(Each a stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

|  |  | Beginning On Page |
|---|---|---|
| **AGREEMENT** |  | **1** |
| **DEFINITIONS** |  | **1** |
| **PART A** | **LIABILITY COVERAGE** | **2** |
|  | Insuring Agreement |  |
|  | Supplementary Payments |  |
|  | Exclusions |  |
|  | Limit of Liability |  |
|  | Out of State Coverage |  |
|  | Financial Responsibility Required |  |
|  | Other Insurance |  |
| **PART B** | **MEDICAL PAYMENTS COVERAGE** | **4** |
|  | Insuring Agreement |  |
|  | Exclusions |  |
|  | Limit of Liability |  |
|  | Non-Duplication |  |
|  | Other Insurance |  |
|  | Arbitration |  |
| **PART C1** | **UNINSURED MOTORISTS COVERAGE** | **6** |
|  | Insuring Agreement |  |
|  | Exclusions |  |
|  | Limit of Liability |  |
|  | Other Insurance |  |
|  | Arbitration |  |
| **PART C2** | **COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE** | **9** |
|  | Insuring Agreement |  |
|  | Exclusions |  |
|  | Limit of Liability |  |
|  | Other Insurance |  |
|  | Arbitration |  |
| **PART D** | **COVERAGE FOR DAMAGE TO YOUR AUTO** | **12** |
|  | Insuring Agreement |  |
|  | Transportation Expenses |  |
|  | Salvage Charges |  |
|  | Exclusions |  |
|  | Limit of Liability |  |
|  | Payment of Loss |  |
|  | No Benefit to Bailee |  |
|  | Other Insurance |  |
|  | Appraisal |  |
| **PART E** | **DUTIES AFTER AN ACCIDENT OR LOSS — FILING A CLAIM** | **16** |
|  | General Duties |  |
|  | Additional Duties for Uninsured and Combined Uninsured/Underinsured Motorists Coverage |  |
|  | Additional Duties for Damage to Your Auto |  |

SA-227/NCEP 12/08 (NC 00 01 Ed. 6/05)
(Copyright, North Carolina Rate Bureau, 2005)

Safeco and the Safeco logo are registered trademarks of Safeco Corporation

**PART F**        **GENERAL PROVISIONS**                                    **16**
                  Bankruptcy
                  Changes
                  Legal Action Against Us
                  Our Right to Recover Payment
                  Policy Period and Territory
                  Termination
                  Transfer of Your Interest in This Policy

**ADDITIONAL COVERAGES**                                                    **19**
                  Extended Transportation Expenses Coverage
                  Uninsured/Underinsured Motorists Coverage
                  ????????????????????????????????????????????????
                  ????????????????????????????????????????????????
                  ????????????????????????????????????????????????
                  ????????????????????????????????????????????????
                  ????????????????????????????????????????????????
                  ????????????????????????????????????????????????
                  ????????????????????????????????????????????????
                  ????????????????????????????????????????????????
                  ????????????????????????????????????????????????
                  ????????????????????????????????????????????????

---

This policy is a legal contract between you and us. The new Personal Auto Policy has been:

- designed for easy reference;
- simplified to make it more understandable; and
- arranged to better display the available coverage.

**READ YOUR POLICY CAREFULLY**

---

SA-227/NCEP 12/08 (NC 00 01 Ed. 6/05)

# PERSONAL AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

"We," "us" and "our" refer to the Company providing this insurance.

For purposes of this policy, a private passenger type auto, pickup or van shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and

2. For a continuous period of at least 6 months.

Other words and phrases are defined. They are boldfaced or in quotation marks when used.

"**Bodily injury**" means bodily harm, sickness or disease, including death that results.

"**Business**" means trade, profession or occupation.

"**Family member**" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

"**Newly acquired auto**" means any of the following types of vehicles you become the owner of during the policy period:

1. A private passenger auto or station wagon type; or

2. A pickup truck or van that:

    a. has a Gross Vehicle Weight as specified by the manufacturer of less than 10,000 pounds; and

    b. is not used for the delivery or transportation of goods and materials unless such use is:

        (1) incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

        (2) for farming or ranching.

Any coverage for a **newly acquired auto** is subject to the following:

1. If a **newly acquired auto** replaces a vehicle shown in the Declarations, it will have the same coverage as the vehicle it replaced except that coverage, if any, under Part **D** —Coverage For Damage To Your Auto applies only if you ask us to insure it within 30 days after you become the owner.

2. If a **newly acquired auto** is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations if you ask us to insure it within 30 days after you become the owner.

3. Coverage under this policy terminates for any **newly acquired auto** on the effective date and time of a policy (other than this policy) issued by us or any other company that describes such vehicle on its declarations page.

4. If you ask us to insure a **newly acquired auto** within the applicable specified time period described in **1.** or **2.** above, any coverage we provide for the **newly acquired auto** begins on the date you become the owner. If you ask us to insure a **newly acquired auto** after the applicable specified time period described above has elapsed, any coverage we provide for the **newly acquired auto** will begin at the time you request the coverage. You must pay us any added amount due for any coverage we provide for a **newly acquired auto.**

"**Occupying**" means in; upon; getting in, on, out or off.

"**Property damage**" means physical injury to, destruction of, or loss of use of tangible property.

"**Trailer**" means a vehicle designed to be pulled by a:

1. Private passenger auto or station wagon type; or

2. Pickup truck or van.

It also means a farm wagon or farm implement while pulled by a vehicle listed in **1.** or **2.** above.

"**Your covered auto**" means:

1. Any vehicle shown in the Declarations.

2. a **newly acquired auto.**

3. Any **trailer** you own.

4. Any auto or **trailer** not owned by you while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

    a. breakdown;

    b. repair;

SA-227/NCEP 12/08 (NC 00 01 Ed. 6/05)                      — 1 —

c. servicing;

d. loss; or

e. destruction.

This provision (**4.**) does not apply to Part **D** — Coverage for Damage to Your Auto.

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the **insured**. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

"**Insured**" as used in this Part means:

1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

2. Any person using **your covered auto.**

3. For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or **trailer.**

### SUPPLEMENTARY PAYMENTS

In addition to our limit of liability:

1. We will pay the following on behalf of an **insured:**

   a. Premiums on appeal bonds and bonds to release attachments in any suit we defend. We have no duty to purchase bonds in an amount exceeding our Limit of Liability, and we have no duty to apply for or furnish these bonds; and

   b. All costs taxed against the **insured** and interest accruing after a judgment is entered in any suit we defend. Costs do not include prejudgment interest. Our duty to pay postjudgment interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for the coverage.

2. We will pay the following to an **insured:**

   a. Up to $250 for the cost of bail bonds required because of traffic law violations resulting from an accident. The accident must result in **bodily injury** or **property damage** covered under this policy.

   b. Up to $200 a day for loss of wages or salary, but not other income, because of attendance at hearings or trials at our request;

   c. Up to $200 for expenses incurred by an **insured** for Emergency first aid to others performed at the scene of an accident that involves any auto covered by this policy; and

   d. Other reasonable expenses incurred at our request.

The amount of any costs, wages, salary, or other expenses listed above that are incurred by an **insured** must be reported to us by such **insured** before we will make payment.

### EXCLUSIONS

A. We do not provide Liability Coverage for any **insured:**

   1. Who intentionally causes **bodily injury** or **property damage.** This exclusion applies only to the extent that the limit of liability of this policy exceeds the minimum limit required by the financial responsibility law of North Carolina.

   2. For **property damage** to property:

      a. owned in whole or in part by that **insured;** or

      b. being transported by that **insured;**

   3. For **property damage** to property:

      a. rented to;

      b. used by; or

      c. in the care of;

      that **insured.** This exclusion does not apply to a residence or private garage.

   4. For **bodily injury** to an employee of that **insured** during the course of employment. This exclusion does not apply to a domestic employee unless workers compensation benefits are required or available for that domestic employee.

SA-227/NCEP 12/08 (NC 00 01 Ed. 6/05)          — 2 —

5. For that **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

6. While employed or otherwise engaged in the **business** of:

   **a.** selling;

   **b.** repairing;

   **c.** servicing;

   **d.** storing; or

   **e.** parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to the ownership, maintenance or use of **your covered auto** by:

   **a.** you;

   **b.** any **family member;** or

   **c.** any partner, agent or employee of you or any **family member.**

   This exclusion applies only to the extent that the limit of liability of this policy exceeds the minimum limit required by the financial responsibility law of North Carolina.

7. Maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusion **6.** This exclusion does not apply to the maintenance or use of a:

   **a.** private passenger auto;

   **b.** pickup or van that:

   **(1)** you own; or

   **(2)** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

   **(a)** breakdown;

   **(b)** repair;

   **(c)** servicing;

   **(d)** loss; or

   **(e)** destruction; or

   **c.** **trailer** used with a vehicle described in **a.** or **b.** above.

8. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

   This Exclusion **A.8.** does not apply to a **family member** using **your covered auto** which is owned by you.

9. For **bodily injury** or **property damage** for which that person:

   **a.** is an **insured** under a nuclear energy liability policy; or

   **b.** would be an **insured** under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   A nuclear energy liability policy is a policy issued by any of the following or their successors:

   **a.** Nuclear Energy Liability Insurance Association;

   **b.** Mutual Atomic Energy Liability Underwriters; or

   **c.** Nuclear Insurance Association of Canada.

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle, other than **your covered auto,** which is:

   **a.** owned by you; or

   **b.** furnished for your regular use.

2. Any vehicle, other than **your covered auto,** which is:

   **a.** owned by any **family member;** or

   **b.** furnished for the regular use of any **family member.**

   However, this exclusion **(B.2.)** does not apply to your maintenance or use of any vehicle which is:

   **a.** owned by a **family member;** or

   **b.** furnished for the regular use of a **family member.**

## LIMIT OF LIABILITY

The limit of liability as shown in the Declarations for "each person" for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for **bodily injury,** including damages for care, loss of services or death, sustained by any one person in any one auto accident. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident. The limit of liability shown in the Declarations for each accident for Property Damage Liability Coverage is our maximum limit of liability for all damages to all property resulting from any one auto accident. This is the most we will pay as a result of any one auto accident regardless of the number of:

1. **Insureds;**

SA-227/NCEP 12/08 (NC 00 01 Ed. 6/05)                    — 3 —

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

**OUT OF STATE COVERAGE**

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

No one will be entitled to duplicate payments for the same elements of loss.

**FINANCIAL RESPONSIBILITY REQUIRED**

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

**OTHER INSURANCE**

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

---

## PART B — MEDICAL PAYMENTS COVERAGE

**INSURING AGREEMENT**

We will pay reasonable expenses incurred for necessary medical and funeral expenses because of **bodily injury:**

1. Caused by accident; and

2. Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

Reasonable medical expenses do not include expenses:

1. For treatment, services, products or procedures that are:

   a. experimental in nature, for research, or not primarily designed to serve a medical purpose; or

   b. not commonly and customarily recognized throughout the medical profession and within the United States as appropriate for the treatment of **bodily injury;** or

2. Incurred for:

   a. the use of thermography or other related procedures of a similar nature; or

   b. the use of acupuncture or other related procedures of a similar nature; or

   c. the purchase or rental of equipment not primarily designed to serve a medical purpose.

Expenses are reasonable only if they are consistent with the usual fees charged by the majority of similar medical providers in the geographical area in which the expenses were incurred for the specific medical service.

Services are necessary only if the services are rendered by a licensed medical provider within the scope of the provider's practice and license and are essential in achieving maximum medical improvement for the **bodily injury** sustained in the accident.

We have the right to make or obtain a utilization review of the medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

**"Insured"** as used in this Part means:

1. You or any **family member:**

   a. while **occupying;** or

   b. as a pedestrian when struck by;

   a motor vehicle designed for use mainly on public roads or a **trailer** of any type.

2. Any other person while **occupying:**

   a. **your covered auto;** or

   b. any other motor vehicle:

      (1) operated by you; or

      (2) operated by a **family member** if the motor vehicle is a private passenger auto or **trailer.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 564 of 1402**

## EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury:**

1. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

2. Sustained while **occupying** any vehicle located for use as a residence or premises.

3. Occurring while employed or otherwise engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing; or

   e. parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion applies only if workers compensation benefits are available for the **bodily injury**.

4. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

   a. owned by you; or

   b. furnished for your regular use.

5. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

   a. owned by any **family member;** or

   b. furnished for the regular use of any **family member.**

   However, this exclusion does not apply to you.

6. Sustained while **occupying** a vehicle without a reasonable belief that that **insured** is entitled to do so.

   This exclusion **6.** does not apply to a **family member** using **your covered auto** which is owned by you.

7. Sustained while **occupying** any auto not owned by, or furnished for the regular use of, you or any **family member,** while used to carry persons or property for a fee. This exclusion does not apply to:

   a. a share-the-expense car pool; or

   b. you or any **family member.**

8. Resulting from the maintenance or use of any auto not owned by, or furnished for the regular use of, you or any **family member,** while **insured** is engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing; or

   e. parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to you or any **family member.**

9. Resulting from the maintenance or use of any auto not owned by, or furnished for the regular use of, you or any **family member** while that **insured** is employed or otherwise engaged in any **business** not described in Exclusion **8.** This exclusion does not apply:

   a. to you or any **family member;** or

   b. if the **bodily injury** results from the operation of a private passenger auto or **trailer** by you.

10. Caused by or as a consequence of:

    a. war (declared or undeclared);

    b. civil war;

    c. insurrection; or

    d. rebellion or revolution.

11. Sustained while **occupying** any motorized vehicle having fewer than four wheels.

## LIMIT OF LIABILITY

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident regardless of the number of:

1. Claims made;

2. Vehicles or premiums shown in the Declarations; or

3. Vehicles involved in the accident.

## NON-DUPLICATION

No person for whom medical expenses are payable under this coverage shall be paid more than once for the same medical expense under this or similar vehicle insurance, including any no-fault benefits required by law.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible

auto insurance providing payments for medical or funeral expenses.

## ARBITRATION

The amount due under this coverage shall be decided by agreement between the **insured** and us. If there is no agreement, the amount due shall be decided by arbitration upon written request of the **insured** or us. Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on the third one within 30 days, either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on us, the **insured**, any assignee of the **insured** and any person or organization with whom the **insured** expressly or implied contracts for the rendition of medical services. The arbitrator's decision shall be limited to whether or not the medical services were reasonable and the services were necessary, with the amount due being equal only to the reasonable expenses for necessary services. The arbitrators shall not award punitive damages or other noncompensatory damages.

The cost of the arbitrator and any expert witness shall be paid by the party who hired them. The cost of the third arbitrator and other expenses of arbitration shall be shared equally by both parties.

The arbitration shall take place in the county in which the **insured** resides unless the parties agree to another place. State court rules governing procedure and admission of evidence shall be used.

---

## PART C1 — UNINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

1. **Bodily injury** sustained by an **insured** and caused by an accident; and

2. **Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

Any judgment for damages arising out of suit is not binding on us unless we have been served with a copy of the summons, complaint or other process against the uninsured motorists.

**"Insured"** as used in this Part means:

1. You or any **family member**.

2. Any other person **occupying**:

    a. **your covered auto**; or

    b. any other auto operated by you.

3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in **1.** or **2.** above.

**"Property damage"** as used in this Part means injury to or destruction of;

1. **Your covered auto**.

2. Any property owned by a person listed in **1.** or **2.** of **insured**.

**"Uninsured motor vehicle"** means a land motor vehicle or **trailer** of any type:

1. To which neither:

    a. a liability bond or policy; nor

    b. cash or securities on file with the North Carolina Commissioner of Motor Vehicles;

    applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident; provided its limit for liability is less than the minimum limit specified by the financial responsibility law of North Carolina.

3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

    a. you or any **family member**;

    b. a vehicle which you or any **family member** are **occupying**; or

    c. **your covered auto**.

4. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

    a. denies coverage; or

    b. is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. Owned by you.

2. Owned or operated by a self-insurer under any applicable motor vehicle law; except a self-insurer which is or becomes insolvent.

3. Owned by:

    a. the United States of America;

    b. Canada;

    c. a state; or

SA-227/NCEP 12/08 (NC 00 01 Ed. 6/05)                    — 6 —

**d.** an agency, other than a political subdivision of **a.**, **b.** or **c.** above.

4. Operated on rails or crawler treads.

5. Which is a farm type tractor or equipment designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

**EXCLUSIONS**

A. We do not provide Uninsured Motorists Coverage for **property damage** or **bodily injury** sustained by any **insured**:

1. If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our written consent.

2. While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

3. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

   This Exclusion **A.3.** does not apply to a **family member** using **your covered auto** which is owned by you.

4. For the first $100 of the amount of **property damage** to the property of each **insured** as the result of any one accident.

5. If the property is contained in or struck by a motor vehicle (other than **your covered auto**) owned by you or any **family member.**

6. For any punitive or exemplary damages, or legal costs related thereto.

7. While **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

   However, this exclusion does not apply to you or any **family member.**

B. We do not provide Uninsured Motorists Coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or any similar law:

   **a.** workers compensation law; or

   **b.** disability benefits law.

**LIMIT OF LIABILITY**

The limit of bodily injury liability shown in the Declarations for "each person" for Uninsured Motorists

Coverage is our maximum limit of liability for all damages for **bodily injury,** including damages for care and loss of services or death, sustained by any one person in any one accident.

Subject to this limit for "each person", the limit of bodily injury liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident. The limit of property damage liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages to all property resulting from any one accident. This is the most we will pay for **bodily injury** and **property damage** regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

A. The third paragraph of **Limit of Liability** is deleted and replaced by the following:

   The limits of bodily injury liability shown in the [Schedule or] Declarations for each person and each accident for this coverage shall be reduced by all sums:

1. Paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part **A**; and

2. Paid or payable because of the **bodily injury** under any disability benefits law or any similar law.

   The most we will pay for **bodily injury** damages to an **insured** under this coverage is the lesser of:

1. The limit of bodily injury liability shown in the [Schedule or] Declarations for each person for this coverage reduced by all sums described in items **1.** and **2.** of the preceding paragraph; or

2. The damages sustained by the **insured** for **bodily injury** reduced by:

   **a.** all sums described in items **1.** and **2.** in the preceding paragraph; and

   **b.** all sums paid or payable because of the **bodily injury** under any workers compensation law. However, this reduction does not apply to the extent that an employer's lien is required to be paid under North Carolina's workers compensation law.

The limit of property damage liability under this coverage shall be reduced by all sums paid because of the **property damage** by or on behalf of persons

SA-227/NCEP 12/08 (NC 00 01 Ed. 6/05)                    — 7 —

or organizations who may be legally responsible. This includes all sums payable under Part **A.**

No payment will be made for loss paid or payable to the **insured** under Part **D** or any policy of property insurance.

Any payment to any person under this coverage will reduce any amount that person is entitled to recover for the same damages under Part **A.**

This coverage is excess over and shall not duplicate any amount paid or payable under Part **B.**

## OTHER INSURANCE

If this policy and any other auto insurance policy apply to the same accident, the maximum amount payable under all applicable policies for injuries to an **insured** caused by an **uninsured motor vehicle** shall be the sum of the highest limit of liability for this coverage under each such policy.

In addition, if there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

## OUR RIGHT TO RECOVER PAYMENT

**A.** If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. Further, the execution of a covenant not to enforce judgment by the injured party shall not preclude us from pursuing our right to sue for or otherwise recover any payment made under this coverage from anyone else who may be liable.

The person to or for whom payment was made shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

**B.** If we make a payment under this coverage and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

## ARBITRATION

If:

1. We and an **insured** do not agree:

    **a.** Whether that **insured** is legally entitled to recover compensatory damages from the owner or driver of an **uninsured motor vehicle;** or

    **b.** As to the amount of such damages; and

2. That **insured** has not filed a lawsuit against us to settle the dispute;

then the **insured** may demand to settle the dispute by arbitration.

The following procedures will be used:

1. Each party will select a competent arbitrator. The two so selected will select a third.

2. If the third arbitrator is not selected within 30 days, the **insured** or we may request a judge of a court of record to name one. The court must be in the county and state in which arbitration is pending.

3. Each party will pay its chosen arbitrator. Each will pay half of all other expenses of arbitration. Fees to lawyers and expert witnesses are not considered arbitration expenses and are to be paid by the party hiring these persons.

4. Unless the **insured** and we agree otherwise, arbitration will take place in the county and state in which the **insured** lives. Arbitration will be subject to the usual rules of procedure and evidence in such county and state. The arbitrators will resolve the issues. A written decision on which two arbitrators agree will be binding on the **insured** and us.

5. Any arbitration action against us must begin within the same time limit required by the laws of the state where the accident occurred for filing a lawsuit against the owner or operator of the **uninsured motor vehicle** for the damages arising out of the accident. The starting point for this time period is the date on which the cause of action accrues against the owner or operator of the **uninsured motor vehicle** in the state where the accident occurred.

6. Judgment upon award may be entered in any proper court.

7. As an alternative, the **insured** and we may agree to arbitrate by rules other than stated above.

SA-227/NCEP 12/08 (NC 00 01 Ed. 6/05)  — 8 —

## PART C2 — COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

1. **Bodily injury** sustained by an **insured** and caused by an accident; and

2. **Property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

We will also pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury** sustained by an **insured** and caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle**. We will pay for these damages only after the limits of liability under any applicable liability bonds or policies have been exhausted by payments of judgments or settlements, unless we:

1. Have been given written notice in advance of settlement between an **insured** and the owner or operator of the **underinsured motor vehicle**; and

2. Consent to advance payment to the **insured** in an amount equal to the tentative settlement.

Any judgment for damages arising out of a suit is not binding on us unless we have been served with a copy of the summons, complaint or other process against the uninsured or underinsured motorist.

**"Insured"** as used in this Part means:

1. You or any **family member**;

2. Any other person **occupying**;

   a. **your covered auto**; or

   b. any other auto operated by you.

3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person listed in **1.** or **2.** above.

**"Property damage"** as used in this Part means injury to or destruction of;

1. **Your covered auto**.

2. Any property owned by a person listed in **1.** or **2.** of **insured.**

**"Underinsured motor vehicle"** means a land motor vehicle or trailer of any type:

1. The ownership, maintenance or use of which is insured or bonded for liability at the time of the accident; and

2. The sum of the limits of liability under all **bodily injury** liability bonds and insurance policies applicable at the time of the accident is equal to or greater than the minimum limit specified by the financial responsibility law of North Carolina and:

   a. is less than the limit of liability for this coverage; or

   b. the total limit of liability available has been reduced to less than the limit of liability for this coverage by payment of damages to other persons.

However, **"underinsured motor vehicle"** does not include any vehicle or equipment:

1. Operated on rails or crawler treads.

2. Which is a farm-type tractor or other vehicle designed for use principally off public roads and while not upon public roads.

3. While located for use as a residence or premises.

4. Which is an **uninsured motor vehicle**.

5. Which is insured under Liability Coverage of this policy if such policy's limit of liability for Combined Uninsured/Underinsured Motorists Coverage is equal to or less than its limit of liability for Liability Coverage.

**"Uninsured motor vehicle"** means a land motor vehicle or **trailer** of any type:

1. To which neither:

   a. a liability bond or policy; nor

   b. cash or securities on file with the North Carolina Commissioner of Motor Vehicles;

   applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident; provided its limit for liability is less than the minimum limit specified by the financial responsibility law of North Carolina.

3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

   a. you or any **family member**;

   b. a vehicle which you or any **family member** are **occupying**; or

   c. **your covered auto**.

4. To which a liability bond or policy applies at the time of the accident, but the bonding or insuring company:

   a. denies coverage; or

   b. is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. Owned by you.

2. Owned or operated by a self-insurer under any applicable motor vehicle law; except a self-insurer which is or becomes insolvent.

3. Owned by:

   a. the United States of America;

   b. Canada;

   c. a state; or

   d. an agency, other than a political subdivision of **a., b.** or **c.** above.

4. Operated on rails or crawler treads.

5. Which is a farm-type tractor or equipment designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

**EXCLUSIONS**

A. We do not provide coverage for **property damage** or **bodily injury** caused by an **uninsured motor vehicle** and sustained by any **insured:**

   1. If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our written consent.

   2. While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

   3. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

      This Exclusion **A.3.** does not apply to a **family member** using **your covered auto** which is owned by you.

   4. For the first $100 of the amount of **property damage** to the property of each **insured** as the result of any one accident.

   5. If the property is contained in or struck by a motor vehicle (other than **your covered auto**) owned by you or any **family member.**

   6. For any punitive or exemplary damages, or legal costs related thereto.

   7. While **occupying**, or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

      However, this exclusion does not apply to you or any **family member.**

B. We do not provide coverage for **property damage** caused by a hit-and-run vehicle whose operator or owner cannot be identified.

C. We do not provide coverage for **bodily injury** caused by an **underinsured motor vehicle** and sustained by any **insured:**

   1. If that **insured** or the legal representative settles the **bodily injury** claim without our consent. However, this exclusion does not apply if we:

      a. have been given written notice in advance of a settlement between an **insured** and the owner or operator of the **underinsured motor vehicle;** and

      b. we fail to advance payment to the **insured** in an amount equal to the tentative settlement within thirty days following receipt of such written notice.

   2. While **occupying your covered auto** while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

   3. Using a vehicle without a reasonable belief that that **insured** is entitled to do so.

      This Exclusion **C.3.** does not apply to a **family member** using **your covered auto** which is owned by you.

   4. For any punitive or exemplary damages, or legal costs related thereto.

   5. While **occupying**, or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

      However, this exclusion does not apply to you or any **family member.**

D. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or any similar law:

   a. workers compensation law; or

   b. disability benefits law.

**LIMIT OF LIABILITY**

The limit of bodily injury liability shown in the Declarations for each person for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury,** including damages for care, loss of services

SA-227/NCEP 12/08 (NC 00 01 Ed. 6/05)                    — 10 —

or death, sustained by any one person in any one accident.

Subject to this limit for each person, the limit of bodily injury liability shown in the Declarations for each accident for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident. The limit of property damage liability shown in the Declarations for each accident for Combined Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages **property damage** caused by an **uninsured motor vehicle** and resulting from any one accident.

This is the most we will pay for **bodily injury** and **property damage** regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

A. The fourth and fifth paragraphs of **Limit of Liability** are deleted and replaced by the following:

The limits of bodily injury liability shown in the [Schedule or] Declarations for each person and each accident for this coverage shall be reduced by all sums:

1. Paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part **A;** and

2. Paid or payable because of the **bodily injury** under any disability benefits law or any similar law.

The most we will pay for **bodily injury** damages to an **insured** under this coverage is the lesser of:

1. the limit of bodily injury liability shown in the [Schedule or] Declarations for each person for this coverage reduced by all sums described in items **1.** and **2.** of the preceding paragraph; or

2. the damages sustained by the **insured** for **bodily injury** reduced by:

   a. all sums described in items **1.** and **2.** in the preceding paragraph; and

   b. all sums paid or payable because of the **bodily injury** under any workers compensation law. However, this reduction does not apply to the extent that an employer's lien is required to be paid under North Carolina's workers compensation law.

The limit of property damage liability under this coverage shall be reduced by all sums paid because of the **property damage** by or on

behalf of persons or organizations who may legally responsible. This includes all sums payable under Part **A.**

No payment will be made for loss paid or payable to the **insured** under Part **D** or any policy of property insurance.

Any payment to any person under this coverage will reduce any amount that person is entitled to recover for the same damages under Part **A.**

This coverage is excess over and shall not duplicate any amount paid or payable under Part **B.**

## OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. Further, the execution of a covenant not to enforce judgment by the injured party shall not preclude us from pursuing our right to sue for or otherwise recover any payment made under this coverage from anyone else who may be liable. The person to or for whom payment was made shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

However, our rights under this paragraph do not apply against the owner or operator of an **underinsured motor vehicle** if we have been given written notice in advance of a settlement and fail to advance payment in an amount equal to the tentative settlement within 30 days following receipt of such notice.

B. If we make a payment under this coverage and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

## OTHER INSURANCE

If this policy and any other auto insurance policy apply to the same accident, the maximum amount payable under all applicable policies for injuries to an **insured** caused by an **uninsured motor vehicle** or **underinsured motor vehicle** shall be the sum of the highest limit of liability for this coverage under each policy.

In addition, if there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

SA-227/NCEP 12/08 (NC 00 01 Ed. 6/05)                   — 11 —