3. The place of principal garaging of insured vehicles;

4. Coverage, deductible or limits.

If a change resulting from B. or C. requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.

**D.** If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph (D.) does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

1. A subsequent edition of your policy; or

2. An Amendatory Endorsement.

## FRAUD

We do not provide coverage for any **insured** who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

## LEGAL ACTION AGAINST US

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

1. We agree in writing that the **insured** has an obligation to pay; or

2. The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring us into any action to determine the liability of an **insured.**

This provision does not apply to Uninsured Motorists Coverage.

## LEGAL ACTION AGAINST US — UNINSURED MOTORISTS COVERAGE

No legal action may be brought against us until:

1. There has been full compliance with all the terms of the policy; and

2. With respect to an accident involving a vehicle described in items 1., 3. and 4. of the definition

of "**uninsured motor vehicle**", one of the following actions is taken within two years from the date of the accident:

**a.** agreement as to the amount of damages for **bodily injury** due under this coverage has been concluded;

**b.** the **insured** or the **insured's** legal representative has formally instituted arbitration proceedings by notifying us in writing. With respect to **bodily injury,** such notification must be sent by certified mail, return receipt requested; or

**c.** suit for **bodily injury** has been filed against the uninsured motorist in a court of competent jurisdiction. Written notice of the suit must be provided to us within a reasonable time after the **insured** knew or should have known of the uninsured status of the other motorist. In no event will such notice be required before one year from the date of the accident. Failure of the **insured** or the **insured's** representative to provide such notice will not be a basis for a denial of coverage unless such failure prejudices our rights.

## OUR RIGHT TO RECOVER PAYMENT

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

However, our rights in this paragraph (A.) do not apply under Part D, against any person using **your covered auto** with a reasonable belief that that person has permission to do so.

This paragraph (A.) does not apply to coverage under item 2. of the definition of **uninsured motor vehicle** or Part B of the policy.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

This paragraph does not apply to coverage under items 1., 3. or 4. of the definition of **uninsured motor vehicle.**

SA-1852/CAEP  6/04

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 812 of 1402**

**TERMINATION**

**A. Cancellation.** This policy may be canceled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

   a. returning this policy to us; or

   b. giving us advance written notice of the date cancellation is to take effect.

2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

   a. at least 10 days notice:

      (1) if cancellation is for nonpayment of premium; or

      (2) if notice is mailed during the first 60 days this policy is in effect and this is not a renewal policy; or

   b. at least 20 days notice in all other cases.

3. After this policy is in effect for 60 days, or if this is a renewal or continuation policy, we will cancel only:

   a. for nonpayment of premium; or

   b. if your driver's license or that of:

      (1) any driver who lives with you; or

      (2) any driver who customarily uses **your covered auto;**

      has been suspended or revoked. This must have occurred:

      (1) During the policy period; or

      (2) 60 days prior to the most recent renewal or effective date of the policy and we had no notice of such suspension or revocation.

      However, with respect to a suspended driver's license, such cancellation will not become effective if the suspension is removed prior to the time that the cancellation of the policy is to become effective; or

   c. If the policy was obtained through material misrepresentation of any of the following information, and the correct information is not furnished to us within 20 days of receipt of notice of cancellation:

      (1) safety record;

      (2) annual miles driven in prior years;

      (3) number of years of driving experience;

      (4) record of prior automobile insurance claims, if any; or

(5) any other factor found by the Commissioner of Insurance to have a substantial relationship to the risk of loss.

**B. Nonrenewal.** If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period.

**C. Automatic Termination.** If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on **your covered auto,** any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**D. Other Termination Provisions.**

1. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

2. If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

3. The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**A.** Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and

2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

**B.** Coverage will only be provided until the end of the policy period.

**TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES**

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 813 of 1402**

## LOSS PAYABLE CLAUSE

As to the interest of the loss payee, this policy will remain in effect from the inception date and until ten days after cancellation notice is received by the loss payee. When we pay the loss payee we shall, to the extent of payment, have the loss payee's rights of recovery.

## WARNING

Unless you have automobile insurance written by a Mexican insurance company, you may spend many hours or days in jail, if you have an accident in Mexico. Insurance coverage should be secured from a company licensed under the laws of Mexico to write insurance in order to avoid complications and some other penalties possible under the laws of Mexico, including the possible impoundment of your automobile.

---

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

### TOWING AND LABOR COSTS COVERAGE

We will pay reasonable expenses incurred each time **your covered auto** or a **non-owned auto** is disabled, for:

1. Towing to the nearest place where necessary repairs can be made during regular business hours if it will not run;

2. Towing it out if it is stuck on or next to a public street or highway;

3. Mechanical labor up to one hour at the place of its breakdown;

4. Change of tire; or

5. Delivery of gasoline, oil or loaned battery. We do not pay the cost of these items.

### LOSS OF USE COVERAGE

The provisions and exclusions that apply to Part D —Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use is afforded, we will reimburse you for expenses you incur to rent a substitute auto.

This coverage applies only if:

1. The auto is withdrawn from use for more than 24 hours;

2. The loss is caused by **collision**, or is covered by the Comprehensive Coverage of this policy; and

3. The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the auto.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the auto.

Our payment will be limited to that period of time reasonably required to repair or replace the auto. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

SA-1852/CAEP  6/04

 Insurance

## CALIFORNIA PERSONAL AUTO POLICY

American States Preferred Insurance Company
500 North Meridian Street
Indianapolis, IN 46204
(A stock insurance company)

## READY REFERENCE TO YOUR AUTOMOBILE POLICY

|  |  | Beginning On Page |
|---|---|---|
|  | AGREEMENT | 1 |
|  | DEFINITIONS | 1 |
| PART A | LIABILITY COVERAGE<br>Insuring Agreement<br>Definitions<br>Exclusions<br>Limit of Liability<br>Out of State Coverage | 2 |
| PART B | MEDICAL PAYMENTS COVERAGE<br>Insuring Agreement<br>Definitions<br>Exclusions<br>Limit of Liability | 5 |
| PART C | UNINSURED MOTORISTS COVERAGE<br>Insuring Agreement<br>Definitions<br>Exclusions<br>Limit of Liability<br>Arbitration | 7 |
| PART D | COVERAGE FOR DAMAGE TO YOUR AUTO<br>Insuring Agreement<br>Definitions<br>Exclusions<br>Limit of Liability | 10 |
| PART E | DUTIES AFTER AN ACCIDENT OR LOSS | 13 |
| PART F | GENERAL PROVISIONS<br>Policy Period and Territory<br>Bankruptcy<br>Changes<br>Fraud<br>Legal Action Against Us<br>Legal Action Against Us —Uninsured Motorists Coverage<br>Our Right To Recover Payment<br>Termination<br>Transfer of Your Interest in this Policy<br>Two or More Autos Insured;<br>    Two or More Auto Policies<br>Loss Payable Clause<br>Warning | 14 |

SA-2522/CAEP 2/05

Safeco® and the Safeco logo are trademarks of Safeco Corporation

ADDITIONAL  COVERAGES                                                 17
  Towing and Labor Costs
  Loss of Use Coverage
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????

**IF YOU HAVE A PROBLEM**

The California Department of Insurance maintains a Consumer Affairs Division to investigate consumer complaints at:

    California Department of Insurance
    Consumer Affairs Division
    300 South Spring Street
    Los Angeles, California 90013
    Telephone (Toll Free): 1-(800)-927-HELP
                  (4357)

The Department requests that you should only contact the Department of Insurance after contacts with the insurance company or its agent or other representative have failed to produce a satisfactory solution to your problem.

SA-2522/CAEP  2/05

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

**A.** Throughout this policy "you" and "your" refer to:

1. The "named insured" shown in the Declarations;

2. The spouse if a resident of the same household; and

3. Your **domestic partner,** if a resident of the same household.

   "Domestic partner" means a person living as a continuing partner with you and:

   (a) is a least 18 years of age and competent to contract;

   (b) is not a relative; and

   (c) shares with you the responsibility for each other's welfare, evidence of which includes:

      (1) the sharing in domestic responsibilities for the maintenance of the household; or

      (2) having joint financial obligations, resources, or assets; or

      (3) one with whom you have made a declaration of domestic partnership or similar declaration with an employer or government entity.

   **Domestic partner** does not include more than one person, a roommate whether sharing expenses equally or not, or one who pays rent to the named insured.

**B.** "We," "us" and "our" refer to the Company providing this insurance.

**C.** For purposes of this policy, a private passenger type auto shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and

2. For a continuous period of at least 6 months.

Other words and phrases are defined. They are in bold type when used.

**D.** "Bodily injury" means bodily harm, sickness or disease, including death that results.

**E.** "Business" includes trade, profession or occupation.

**F.** "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

**G.** "Occupying" means in; upon; or getting in, on, out or off.

**H.** "Property damage" means physical injury to, destruction of tangible property including loss of use.

**I.** "Punitive or exemplary damages" includes damages which are awarded to punish or deter wrongful conduct, to set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for **bodily injury** or **property damage.**

**J.** "Trailer" means a vehicle designed to be pulled by a:

1. Private passenger auto; or

2. Pickup or van.

It also means a recreational camping vehicle, farm wagon or farm implement while towed by a vehicle listed in 1. or 2. above.

**K.** "Your covered auto" means:

1. Any vehicle shown in the Declarations.

2. Any of the following types of vehicles on the date you become the owner whether operational or not:

   a. a private passenger auto; or

   b. a pickup or van that:

      (1) has a Gross Vehicle Weight of less than 10,000 lbs.; and

SA-2522/CAEP  2/05

— 1 —

**(2)** is not used for the delivery or transportation of goods and materials unless such use is:

    **(a)** incidental to your business of installing, maintaining or repairing furnishings or equipment; or

    **(b)** for farming or ranching.

If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced.

If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.

This provision (K.2.) applies only if:

**a.** you acquire the vehicle during the policy period; and

**b.** you ask us to insure the newly acquired vehicle within 30 days after you become the owner.

**3.** Any **trailer** you own.

**4.** "**Non-owned Auto**" means:

    **1.** Any private passenger auto, pickup, van or panel truck not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member**; or

    **2.** Any auto you do not own while used as a temporary substitute for the owned automobile which is out of normal use because of its:

      **a.** breakdown;

      **b.** repair;

      **c.** servicing;

      **d.** loss; or

      **e.** destruction

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

**A.** We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**B.** "**Insured**" as used in this Part means:

    **1.** You or any **family member** for the ownership, maintenance or use of any auto or **trailer**.

    **2.** Any person using **your covered auto.**

    **3.** For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under 1. and 2. above.

    **4.** For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision (B.4.) applies only if the person or organization does not own or hire the auto or **trailer.**

### SUPPLEMENTAL PAYMENTS

In addition to our limit of liability, we will pay on behalf of an **insured**:

    **1.** Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy. We are not obligated to apply for or furnish such bonds.

    **2.** Premiums on appeal bonds and bonds to release attachments in any suit we defend.

    **3.** Interest on that part of the judgment we pay accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

    **4.** Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

    **5.** Other reasonable expenses incurred at our request.

### EXCLUSIONS

**A.** We do not provide Liability Coverage for any **insured**:

    **1.** Who intentionally causes **bodily injury** or **property damage.**

2. For **property damage** to property owned or being transported by that **insured.**

3. For **property damage** to property:

   a. rented to;

   b. used by; or

   c. in the care of;

   that **insured.**

   This exclusion (A.3.) does not apply to **property damage** to a residence or private garage.

4. For **bodily injury** to an employee of that **insured** during the course of employment. This exclusion (A.4.) does not apply to **bodily injury** to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For **bodily injury** to any fellow employee of the **insured** injured in the course of employment if the **bodily injury** arises out of the use of an auto in the **business** of the employer. This exclusion (A.5.) does not apply to you with respect to **bodily injury** sustained by any fellow employee.

6. For liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion (A.6.) does not apply to a share-the-expense car pool.

7. While employed or otherwise engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing; or

   e. parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion (A.7.) does not apply to the ownership, maintenance or use of **your covered auto** by:

   a. you;

   b. any **family member;** or

   c. any partner, agent or employee of you or any **family member.**

8. Maintaining or using any vehicle while an **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusion A.7. This exclusion (A.8.) does not apply to the maintenance or use of a:

   a. private passenger auto;

   b. pickup, van or panel truck that:

      (1) you own; or

      (2) you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

         (a) breakdown;

         (b) repair;

         (c) servicing;

         (d) loss; or

         (e) destruction; or

   c. **trailer** used with a vehicle described in a. or b. above.

9. Who is using an auto without either the permission of the owner or other person having lawful possession, or beyond the scope of permission granted. However, this exclusion does not apply to a **family member** using **your covered auto.**

10. For **bodily injury** or **property damage** for which that **insured:**

    a. is an insured under a nuclear energy liability policy; or

    b. would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

    A nuclear energy liability policy is a policy issued by any of the following or their successors:

    a. American Nuclear Insurers;

    b. Mutual Atomic Energy Liability Underwriters; or

    c. Nuclear Insurance Association of Canada.

11. For **punitive or exemplary damages** awarded against an **insured.**

12. For **bodily injury** to you or any **family member** whenever the ultimate benefits of that indemnification accrue directly or indirectly to you or any **family member.**

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

   1. Any vehicle which:

      a. has fewer than four wheels; or

      b. is designed mainly for use off public roads.

      This exclusion (B.1.) does not apply:

      a. while such vehicle is used by an **insured** in a medical emergency; or

**b.** to any **trailer.**

2. Any vehicle, other than **your covered auto,** which is:

   **a.** owned by you; or

   **b.** furnished or available for your regular use.

3. Any vehicle, other than **your covered auto,** which is:

   **a.** owned by any **family member;** or

   **b.** furnished or available for the regular use of any **family member.**

However, this exclusion (B.3.) does not apply to you while you are maintaining or **occupying** any vehicle which is:

   **a.** owned by a **family member;** or

   **b.** furnished or available for the regular use of a **family member.**

4. Any vehicle when it is being:

   **a.** used or competing in; or

   **b.** preparing for,

any spontaneous, prearranged or organized:

   **a.** race;

   **b.** speed contest;

   **c.** performance contest;

   **d.** exhibition;

   **e.** stunting activity; or

   **f.** demolition contest.

**C.** We do not provide Liability Coverage for any **family member,** or **family member's** spouse, who owns an auto when not using or **occupying your covered auto.**

## LIMIT OF LIABILITY

**A.** The Limit of Liability shown on the Declarations Page is the most we will pay regardless of the number of:

   1. Claims made;

   2. Vehicles shown in the Declarations;

   3. **Insureds;**

   4. Lawsuits brought;

   5. Vehicles involved in an accident; or

   6. Premiums paid.

If the Declarations Page shows that "combined single limits" or "CSL" applies, the amount shown in the most we will pay for the aggregate of all damages resulting from any one (1) accident. We will apply the "each person" Limit of

Liability for **bodily injury** as required by the law of the state listed on your application as your residence. However, this provision does not change our total "each accident" Limit of Liability.

If your Declarations Page shows a split limit:

1. The amount shown for "each person" is the most we will pay for all damages due to a **bodily injury** to one (1) person;

2. Subject to the "each person" limit, the amount shown for "each accident" is the most we will pay for all damages due to a **bodily injury** to two (2) or more persons in any one (1) accident; and

3. The amount shown for **property damage** is the most we will pay for the aggregate of all **property damage** for which an **insured** becomes liable from any one (1) accident.

The **bodily injury** limit for "each person" includes the aggregate of claims made for such **bodily injury** and claims derived from such **bodily injury,** including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

No one will be entitled to duplicate payments for the same elements of damages.

**B.** When **your covered auto** is operated by a person other than you or a **family member,** the maximum limit of liability available for that person is the limit required by the financial responsibility law of the state where the accident occurred or whose substantive law is found to apply whichever is greater, for bodily injury and property damage liability.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part B or Part C of this policy.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

**A.** If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

SA-2522/CAEP  2/05        — 4 —

B. No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

## OTHER INSURANCE

If any applicable insurance other than this policy is issued to you by us or any other member of the Safeco group of companies, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

If there is other applicable liability insurance or evidence of financial responsibility:

1. Any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance or evidence of financial responsibility. However, any insurance we provide for a vehicle you do not own will be primary insurance if the vehicle is insured under a policy affording coverage to a "named insured" engaged in the **business** of:

    a. selling;

    b. repairing;

    c. servicing;

    d. delivering;

    e. testing;

    f. road testing;

    g. parking; or

    h. storing;

motor vehicles. This applies only if an **insured:**

a. is operating the vehicle; and

b. is neither the person engaged in such **business** nor that person's employee or agent.

2. Any insurance we provide for a vehicle you own shall be excess to that of:

    a. a person engaged in the **business** of:

      (1) selling;

      (2) repairing;

      (3) servicing;

      (4) delivering;

      (5) testing;

      (6) road testing;

      (7) parking; or

      (8) storing;

    motor vehicles, if the accident occurs while the vehicle is being operated by that person or that person's employee or agent; or

    b. an owner, tenant or lessee of premises on which loss arising out of the loading or unloading of the vehicle occurs.

3. We will pay only our share of:

    a. the loss. Our share of the loss is the proportion that our limit of liability bears to the total of all applicable limits.

    b. defense costs if both primary and excess policies of liability insurance or evidence of financial responsibility apply to the loss. Our share of defense costs is the proportion that the amount of damages paid by us bears to the total amount of damages paid under all applicable policies of liability insurance or evidence of financial responsibility.

---

## PART B — MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

A. We will pay the usual and customary charges incurred for reasonable and necessary medical and funeral expenses because of **bodily injury:**

    1. Caused by accident; and

    2. Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

B. "**Insured**" as used in this Part means:

    1. You or any **family member:**

      a. while **occupying;** or

      b. as a pedestrian when struck by;

    a motor vehicle designed for use mainly on public roads or a trailer of any type.

    2. Any other person while **occupying your covered auto.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 821 of 1402**

## EXCLUSIONS

**A.** We do not provide Medical Payments Coverage for any **insured** for **bodily injury:**

   1. Sustained while **occupying** any motorized vehicle having fewer than four wheels.

   2. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion (2.) does not apply to a share-the-expense car pool.

   3. Occurring during the course of employment if workers' compensation benefits are required or available for the **bodily injury.**

   4. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

      a. owned by you; or

      b. furnished or available for your regular use.

   5. Sustained while **occupying,** or when struck by any vehicle (other than **your covered auto**) which is:

      a. owned by any **family member;** or

      b. furnished or available for the regular use of any **family member.**

      However, this exclusion (5.) does not apply to you.

   6. Sustained while using an auto either without the permission of the owner or other person having lawful possession, or beyond the scope of permission granted. However, this exclusion does not apply to a **family member** using **your covered auto.**

   7. Sustained while **occupying** a vehicle when it is being used in the **business** or occupation of an **insured.** This exclusion (7.) does not apply to **bodily injury** sustained while **occupying** a:

      a. private passenger auto;

      b. pickup or van that you own; or

      c. **trailer** used with a vehicle described in a. or b. above.

   8. Caused by or as a consequence of:

      a. discharge of a nuclear weapon (even if accidental);

      b. war (declared or undeclared);

      c. civil war;

      d. insurrection; or

      e. rebellion or revolution.

   9. From or as a consequence of the following, whether controlled or uncontrolled or however caused:

      a. nuclear reaction;

      b. radiation; or

      c. radioactive contamination.

   10. Sustained while **occupying** any vehicle when it is being:

      a. used or competing in; or

      b. preparing for,

      any spontaneous, prearranged or organized:

      a. race;

      b. speed contest;

      c. performance contest;

      d. exhibition;

      e. stunting activity; or

      f. demolition contest.

**B.** We do not provide Medical Payments Coverage for any **family member,** or **family member's** spouse, who owns an auto when not using or **occupying your covered auto.**

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

   1. Insureds;

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations; or

   4. Vehicles involved in the accident.

**B.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part C of this policy.

## OTHER INSURANCE

If any applicable insurance other than this policy is issued to you by us or any other member of the Safeco group of companies, the total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

If there is other medical, hospital benefits insurance (other than Medicare), Health Maintenance Organization or Preferred Provider Organization benefits available from any source against a loss covered by the Medical Payments Coverage of this

policy, this insurance shall be excess insurance over any other valid and collectible medical, hospital benefits insurance, Health Maintenance Organization or Preferred Provider Organization benefits.

If two or more policies apply on an excess basis to a loss covered by the Medical Payments Coverage of this policy, we will pay only our share. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

## RIGHT OF REIMBURSEMENT

If payment is made by us to, or for, an **insured** under this Part B, the **insured** shall reimburse us from the proceeds of any sums received from any other sources for such medical and funeral expenses. Any amount recovered by the **insured** shall be held by the **insured** in trust for us and reimbursed to us to the extent of our payments made under this Part B. This includes reimbursement to us out of any:

1. sums paid by or on behalf of any persons or organizations who may be legally responsible; and

2. sums paid under the provisions of any:

   a. motor vehicle or premises insurance affording benefits for medical expenses;

   b. individual , blanket, or group accident, disability, health or hospitalization insurance;

   c. medical, surgical, hospital or funeral service, benefits or reimbursement plan; and

   d. workers' compensation or disability benefits law, or any similar law.

   In order to protect our right of reimbursement, we may notify persons or organizations who may be legally responsible for payment of medical or funeral expenses to or on behalf of the **insured.**

---

## PART C — UNINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

A. We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

   1. **Bodily injury** sustained by an **insured** and caused by an accident ;

   This coverage is only applicable if it appears on your declarations page and is subject to limits of liability as shown thereof.

   2. **Property damage** caused by an accident if the Declarations indicates that property damage Uninsured Motorists Coverage applies to that auto. Only items 1. and 4. under the definition of **uninsured motor vehicle** apply to **property damage.**

   This coverage is only applicable if it appears on your declarations page and is subject to limits of liability as shown thereof.

   The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.** With respect to coverage under item 2. of the definition of **uninsured motor vehicle,** we will pay only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements.

   Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

B. "**Insured**" as used in this Part means:

   1. The "named insured" as shown in the Declarations, spouse or **domestic partner.**

   2. **Family member** if a resident of your household.

   3. Any other person **occupying your covered auto.**

   4. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in 1. or 2. above.

   However, with respect to coverage for **bodily injury,** "**insured**" does not include any person who sustains **bodily injury** while **your covered auto** is being used as a public or livery conveyance. This exception does not apply to a share-the-expense car pool.

C. "**Property damage**" as used in this Part means injury to or destruction of **your covered auto.** However, "**property damage**" does not include:

   1. Loss of use of **your covered auto;** or

   2. Damage to personal property contained in **your covered auto** other than a child passenger restraint system that:

      a. meets the applicable federal motor vehicle safety standards; and

      b. was in use by a child at the time of the accident for which this coverage applies.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 823 of 1402**

D. "**Underinsured motor vehicle**" means a land motor vehicle or **trailer** of any type to which bodily injury liability bonds or policies apply, but the sum of the limits of liability under all such bonds or policies applicable at the time of the accident is less than the applicable limits of liability for Underinsured Motorists Coverage under this policy.

However, "**underinsured motor vehicle**" does not include any vehicle or equipment:

1. Which is an **uninsured motor vehicle.**

2. Owned by or furnished for the regular use of you or any **family member.**

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads, while not on public roads.

6. While located for use as a residence or premises.

E. "**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

1. To which no bodily injury liability bond or policy applies at the time of the accident.

2. Which, with respect to damages for **bodily injury** only, is an **underinsured motor vehicle.** An **underinsured motor vehicle** is one to which a liability bond or policy applies at the time of the accident but its limit for liability is less than the limit of liability for thi s coverage.

3. Which, with respect to damages for bodily injury only, is a hit-and-run vehicle whose operator or owner cannot be identified and which makes physical contact with:

   a. you or any **family member;**

   b. a vehicle which you or any **family member** are **occupying;** or

   c. **your covered auto.**

4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insurance company:

   a. denies coverage;

   b. refuses to admit coverage except conditionally or with reservation; or

   c. is or becomes insolvent.

With respect to coverage for **property damage**, the accident must involve direct physical contact between **your covered auto** and the **uninsured motor vehicle,** and:

1. The owner or operator of the **uninsured motor vehicle** must be identified; or

2. The **uninsured motor vehicle** must be identified by its license number.

However, "**uninsured motor vehicle**" does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any **family member.**

2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

3. Owned by any governmental unit or agency.

4. Designed mainly for use off public roads while not on public roads.

5. While located for use as a residence or premises.

**EXCLUSIONS**

A. We do not provide Uninsured Motorists Coverage for **bodily injury** sustained:

1. By an **insured** while **occupying,** or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

2. By any **family member** while **occupying,** or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

B. We do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any **insured:**

1. If that **insured** or the legal representative settles the **bodily injury** claim without our consent.

   This exclusion (B.1.) does not apply to a settlement made with the insurer of a vehicle described under item 2. of the definition of **uninsured motor vehicle.**

2. Who is using an auto without either the permission of the owner or other person having lawful possession, or beyond the scope of permission granted. However, this exclusion does not apply to a **family member** using **your covered auto.**

3. While occupying a motor vehicle rented or leased to that **insured** for use as a public or livery conveyance.

4. While **occupying** or operating an owned motorcycle or moped.

C. We do not provide Uninsured Motorists Coverage for **property damage** sustained by any **insured** while **occupying** or when struck by any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 824 of 1402**

**D.** This coverage shall not apply:

   **1.** To **property damage** to:

      **a.** a **trailer** of any type;

      **b.** any motor vehicle owned by you to which Collision Coverage applies under this policy;

      **c.** any other motor vehicle to the extent that there is valid and collectible Collision Coverage applicable to that damage under any other policy.

   **2.** Directly or indirectly to benefit:

      **a.** any insurer or self-insurer under any of the following or similar law:

         **(1)** workers' compensation law; or

         **(2)** disability benefits law.

      **b.** any insurer of property.

   **3.** Directly to the benefit of the United States or any state or political subdivision thereof.

**E.** We do not provide Uninsured/Underinsured Motorists Coverage for **punitive or exemplary damages.**

**F.** We do not provide Uninsured Motorists Coverage for **bodily injury** resulting from an accident for which you or any **family member** are legally responsible.

## LIMIT OF LIABILITY

**A.** The limit of Bodily Injury Liability shown in the Declarations for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including the aggregate of claims made for such **bodily injury** and all claims derived from such **bodily injury,** including, but not limited to, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

If the Declarations Page shows that "combined single limits" or "CSL" applies, the amount shown is the most we will pay for the aggregate of all damages resulting from any one (1) accident. We will apply the "each person" Limit of Liability for Uninsured or Underinsured Motorists Coverage as required by the law of the state listed on your application as your residence. However, this provision does not change our total "each accident" limit of liability.

If your Declarations page shows a split limit:

   **1.** The amount shown for "each person" is the most we will pay for all damages due to a **bodily injury** to one (1) person;

   **2.** Subject to the "each person" limit, the amount shown for "each accident" is the most we will pay for all damages due to a

**bodily injury** to two (2) or more person in any one (1) accident; and

   **3.** The amount shown for "**property damage**" is the most we will pay for the aggregate of all **property damage** for which an **insured** becomes liable by any one (1) accident.

Our maximum limit of liability for all damages for **property damage** resulting from any one (1) accident will be the lesser of:

   **1.** The limit of Property Damage Liability shown in the Declarations;

   **2.** The actual cash value of **your covered auto;** or

   **3.** The amount of any deductible if there is valid and collectible Collision Coverage under any other policy.

An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of the loss.

The limit of Bodily Injury or Property Damage Liability shown in the Declarations is the most we will pay regardless of the number of:

   **1. Insureds;**

   **2.** Claims made;

   **3.** Vehicles or premiums shown in the Declarations; or

   **4.** Vehicles involved in the accident.

In no event shall the limit of liability for two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to injured persons.

**B.** With respect to coverage under item 2 of the definition of **uninsured motor vehicle,** the limit of liability shall be reduced by all sums:

   **1.** Paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A of the policy; and

   **2.** The amount paid and the present value of all amounts payable to the **insured** under any workers' compensation law, exclusive of nonoccupational disability benefits.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B of this policy.

**D.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**E.** We will not pay for any element of loss if a person is entitled to receive payment for the

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 825 of 1402**

same element of loss under any workers' compensation law exclusive of nonoccupational disability benefits.

**OTHER INSURANCE**

If there is other applicable insurance available under one or more policies or provisions of coverage:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis.

3. If the coverage under this policy is provided:

   a. on a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

   b. on an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**ARBITRATION**

A. If we and an **insured** do not agree:

   1. Whether an **insured** is legally entitled to recover damages; or

   2. As to the amount of damages;

   then the matter will be settled by arbitration. Such arbitration may be initiated by a written demand for arbitration made by either party.

   The arbitration shall be conducted by a single neutral arbitrator. With respect to **property damage** arbitration proceedings must be formally instituted by the **insured** within 1 year from the date of the accident. Disputes concerning coverage under this part may not be arbitrated.

B. Each party will:

   1. Pay the expenses it incurs; and

   2. Bear the expenses of the arbitrator equally.

C. Any decision of the arbitrator will be binding as to:

   1. Whether the **insured** is legally entitled to recover damages; and

   2. The amount of damages.

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

**INSURING AGREEMENT**

A. We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto** including its equipment, minus any applicable deductible stated in the Declarations. We will pay for loss to **your covered auto** caused by:

   1. Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

   2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

   If there is a loss to a **non-owned auto**, we will provide the broadest coverage applicable to any vehicle shown in the Declarations.

B. "**Collision**" means the upset of **your covered auto** or a **non-owned auto** or its impact with

another vehicle or object. No deductible will apply if the **collision** is:

Caused by an **uninsured motor vehicle** as defined in items 1. and 4. of the **uninsured motor vehicle** definition and the Declarations indicates that Waiver of Collision Deductible coverage applies to that vehicle.

"**Comprehensive**" means loss, other than **collision**, to **your covered auto** or a **non-owned auto.** Loss caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision,** you may elect to have it considered a loss caused by **collision.**

SA-2522/CAEP  2/05                    — 10 —

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 826 of 1402**

## TRANSPORTATION EXPENSES

In addition we will pay, without application of a deductible, either of the following, whichever is greater:

1. Up to $20 per day, to a maximum of $600; or

2. The limit for Loss of Use, if any, shown on the Declarations;

For:

1. Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto.** We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2. Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto.** We will pay for indirect loss expenses if the loss is caused by:

   a. an event other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

   b. **collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

If the loss is caused by a total theft of **your covered auto** or a **non-owned auto,** we will pay only expenses incurred during the period:

1. Beginning 48 hours after the theft; and

2. Ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

If the loss is caused by other than a total theft of a **non-owned auto,** we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.

Our payment will be limited to that period of time reasonably required to repair or replace **your covered auto** or the **non-owned auto.**

## EXCLUSIONS

We will not pay for:

1. Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This exclusion (1.) does not apply to a share-the-expense car pool.

2. Damage due and confined to:

   a. wear and tear;

   b. freezing;

   c. mechanical or electrical breakdown, other than burning of wiring, or failure; or

   d. road damage to tires.

   This exclusion (2.) does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

3. Loss due to or as a consequence of:

   a. radioactive contamination;

   b. discharge of any nuclear weapon (even if accidental);

   c. war (declared or undeclared);

   d. civil war;

   e. insurrection; or

   f. rebellion or revolution.

4. Loss to non-factory or non-dealer installed equipment, parts and accessories, other than electronic equipment in **your covered auto,** in excess of $1,000 per claim.

5. Loss to:

   a. any electronic equipment designed for the reproduction of sound, including, but not limited to:

      (1) radios and stereos;

      (2) tape decks; or

      (3) compact disc players;

   b. any other electronic equipment that receives or transmits audio, visual, or data signals, including, but not limited to:

      (1) citizens band radios;

      (2) telephones;

      (3) two-way mobile radios;

      (4) scanning monitor receivers;

      (5) television monitor receivers;

      (6) video cassette recorders;

      (7) audio cassette recorders; or

      (8) personal computers;

   c. tapes, records, discs, or other media used with equipment described in a. or b.; or

   d. any other accessories used with equipment described in a. or b.

SA-2522/CAEP 2/05                    — 11 —

This exclusion (5.) does not apply to:

**a.** equipment designed solely for the re-production of sound and accessories used with such equipment, provided such equipment is permanently in-stalled in **your covered auto** or **non-owned auto.** However, we will only pay up to $1,000 for such equipment that is non-factory or non-dealer installed; or

**b.** any other electronic equipment that is necessary for the normal operation of the auto or the monitoring of the auto's operating systems.

**6.** A total loss to **your covered auto** or any **non-owned auto** due to destruction or con-fiscation by governmental or civil authori-ties because you or any **family member:**

**a.** engaged in illegal activities; or

**b.** failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion (6.) does not apply to the in-terests of Loss Payees in **your covered auto.**

**7.** Loss to a **trailer** you own which is not shown in the Declarations. This exclusion (7.) does not apply to a **trailer** you:

**a.** acquire during the policy period; and

**b.** ask us to insure within 30 days after you become the owner.

**8.** Loss to any **non-owned auto** when used by you or a **family member** without the per-mission of the owner or person in lawful possession.

**9.** Loss to equipment designed or used for the detection or location of radar.

**10.** Loss to any **non-owned auto** being main-tained or used by any person while employed or otherwise engaged in the business of:

**a.** selling;

**b.** repairing;

**c.** servicing;

**d.** storing; or

**e.** parking;

vehicles designed for use on public high-ways. This includes road testing and deliv-ery.

**11.** Loss to any **non-owned auto** being main-tained or used by any person while em-ployed or otherwise engaged in any **business** not described in exclusion 10. This exclusion (11.) does not apply to the

maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto.

**12.** Loss to your **covered auto** or **non-owned auto** when it is being:

**a.** used or competing in; or

**b.** preparing for,

any spontaneous, prearranged or orga-nized:

**a.** race;

**b.** speed contest;

**c.** performance contest;

**d.** exhibition;

**e.** stunting activity; or

**f.** demolition contest.

**13.** Loss to, or loss of use of, a **non-owned auto** rented by:

**a.** you; or

**b.** any **family member.**

If a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

**14.** Loss due to conversion, embezzlement or secretion by any person in lawful pos-session of **your covered auto** or **non-owned auto.**

**15.** Loss to any **non-owned auto** when used by a **family member,** or **family member's** spouse, who owns an auto not insured un-der this policy.

**LIMIT OF LIABILITY**

**A.** Our limit of liability for loss will be the lesser of the:

**1.** Actual cash value of the stolen or damaged property; or

**2.** Amount necessary to repair or replace the property.

**B.** An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

**PAYMENT OF LOSS**

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

**1.** You; or

**2.** The address shown in this policy.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 828 of 1402**

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the **non-owned auto;**

2. Any other applicable physical damage insurance;

3. Any other source of recovery applicable to the loss.

## APPRAISAL

A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

B. We do not waive any of our rights under this policy by agreeing to an appraisal.

---

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:

   a. to physical exams by physicians we select. We will pay for these exams.

   b. to examination under oath and subscribe the same. We may examine any **insured** separately and apart from any other **insured.**

4. Authorize us to obtain:

   a. medical reports; and

   b. other pertinent records.

5. Submit a proof of loss, under oath if requested, when required by us.

6. Must not, except at the **insured's** own cost:

   a. voluntarily make a payment;

   b. assume any obligation; or

   c. incur any expense other than for immediate medical or surgical relief to others imperative at the time of the accident.

C. A person seeking Uninsured Motorists Coverage must also:

1. Promptly notify the police or other proper authority, within 24 hours if a hit-and-run driver is involved. The **insured** must provide us within 30 days of the accident, a statement under oath:

   a. that the **insured** has a cause of action for damages arising out of an accident with a hit-and-run vehicle whose owner or operator cannot be identified; and

   b. setting forth the facts in support thereof.

   At our request, the **insured** must make **your covered auto** available for inspection.

2. Promptly send us copies of the legal papers if a suit is brought.

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 829 of 1402**

A person seeking coverage for **bodily injury** sustained in an accident involving a vehicle described in item 2. of the definition of **uninsured motor vehicle** must:

1. Provide us with a copy of the complaint by personal service or certified mail, if the **insured** brings action against the owner or operator of the **uninsured motor vehicle.**

2. Within a reasonable time, make available all pleadings and depositions for copying by us or furnish us copies at our expense.

3. Provide us with proof that the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements.

A person seeking Uninsured Motorists Coverage for **property damage** must also notify us or our agent within 10 business days of the accident.

D. A person seeking Coverage for Damage to Your Auto must also:

1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

4. Submit a proof of loss, under oath if requested, within 91 days after date of the loss, and upon the company's request, exhibit the damaged property.

---

## PART F — GENERAL PROVISIONS

### POLICY PERIOD AND TERRITORY

A. This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

B. The policy period is the period stated in the Declarations. This policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

C. The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

### BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

### CHANGES

A. Before the end of any policy period, we may offer to change the coverage provided in this policy. Your payment of the premium billed by us for the next policy period will be your acceptance of our offer.

B. This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

C. If there is a change to the information used to develop the policy premium, we may adjust your premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:

1. The number, type or use classification of insured vehicles;

2. Operators using insured vehicles;

3. The place of principal garaging of insured vehicles;

4. Coverage, deductible or limits.

If a change resulting from B. or C. requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.

D. If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 830 of 1402**

paragraph (D.) does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

1. A subsequent edition of your policy; or

2. An Amendatory Endorsement.

## FRAUD

We do not provide coverage for any **insured** who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

## LEGAL ACTION AGAINST US

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

1. We agree in writing that the **insured** has an obligation to pay; or

2. The amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring us into any action to determine the liability of an **insured.**

This provision does not apply to Uninsured Motorists Coverage.

## LEGAL ACTION AGAINST US — UNINSURED MOTORISTS COVERAGE

No legal action may be brought against us until:

1. There has been full compliance with all the terms of the policy; and

2. With respect to an accident involving a vehicle described in items 1., 3., and 4. of the definition of **uninsured motor vehicle,** one of the following actions is taken within two years from the date of the accident:

   a. agreement as to the amount due under this coverage has been concluded;

   b. the **insured** or the **insured's** legal representative has formally instituted proceedings by notifying us in writing. such notification must be sent by certified mail, return receipt requested; or

   c. suit for **bodily injury** has been filed against the uninsured motorist in a court of competent jurisdiction. Written notice of the suit must be provided to us within a reasonable time after the

**insured** knew or should have known of the uninsured status of the other motorist. In no event will such notice be required before one year from the date of the accident. Failure of the **insured** or the **insured's** representative to provide such notice will not be a basis for a denial of coverage unless such failure prejudices our rights.

## OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

However, our rights in this paragraph (A.) do not apply under Part D, against any person using **your covered auto** with a reasonable belief that that person has permission to do so.

This paragraph (A.) does not apply to coverage under item 2. of the definition of **uninsured motor vehicle** or Part B of the poli cy.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

## TERMINATION

A. **Cancellation.** This policy may be canceled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

   a. returning this policy to us; or

   b. giving us advance written notice of the date cancellation is to take effect.

2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

   a. at least 10 days notice:

      (1) if cancellation is for nonpayment of premium; or

      (2) if notice is mailed during the first 60 days this policy is in effect and this is not a renewal policy; or

   b. at least 20 days notice in all other cases.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 831 of 1402**

3. After this policy is in effect for 60 days, or if this is a renewal policy, we will cancel only:

  **a.** for nonpayment of premium; or

  **b.** if your driver's license or that of:

    (1) any driver who lives with you; or

    (2) any driver who customarily uses **your covered auto;**

  has been suspended or revoked. This must have occurred:

    (1) During the policy period; or

    (2) 60 days prior to the most recent renewal of effective date of the policy and we had no notice of such suspension or revocation.

  However, with respect to a suspended driver's license, such cancellation will not become effective if the suspension is removed prior to the time that the cancellation of the policy is to become effective; or

  **c.** If the policy was obtained through material misrepresentation of any of the following information, and the correct information is not furnished to us within 20 days of receipt of notice of cancellation:

    (1) safety record;

    (2) annual miles driven in prior years;

    (3) number of years of driving experience;

    (4) record of prior automobile insurance claims, if any; or

    (5) any other factor found by the Commissioner of Insurance to have a substantial relationship to the risk of loss.

  **d.** In the event of a substantial increase in the hazard insured against as defined by Section 2632.19 of the Regulations of the California Insurance Commissioner, as amended.

**B. Nonrenewal.** If we decide not to renew this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period.

**C. Other Termination Provisions.**

  **1.** We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

**2.** If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, we shall retain a cancellation fee if this policy is cancelled at your request or if the cancellation is for non-payment of premium. Making or offering to make the refund is not a condition of cancellation.

**3.** The effective date of cancellation stated in the notice shall become the end of the policy period.

### TRANSFER OF YOUR INTEREST IN THIS POLICY

**A.** Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided under this policy for:

  **1.** The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and

  **2.** The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

**B.** Coverage will only be provided until the end of the policy period.

### TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto.

### LOSS PAYABLE CLAUSE

As to the interest of the loss payee, this policy will remain in effect from the inception date and until ten days after cancellation notice is received by the loss payee. When we pay the loss payee we shall, to the extent of payment, have the loss payee's rights of recovery.

### WARNING

Unless you have automobile insurance written by a Mexican insurance company, you may spend many hours or days in jail. If you have an accident in Mexico. Insurance coverage should be secured from a company licensed under the laws of Mexico to write insurance in order to avoid complications and some other penalties possible under the laws of Mexico, including the possible impoundment of your automobile.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 832 of 1402**

## ADDITIONAL  COVERAGES

**WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

### TOWING AND LABOR COSTS

We will pay reasonable expenses incurred each time **your covered auto** or a **non-owned auto** is disabled, for:

**A.** Towing to the nearest place where necessary repairs can be made during regular business hours if it will not run;

**B.** Towing it out if it is stuck on or next to a public street or highway;

**C.** Mechanical labor up to one hour at the place of its breakdown;

**D.** Change of tire; or

**E.** Delivery of gasoline, oil or loaned battery. We do not pay the cost of these items.

### LOSS OF USE COVERAGE

For an additional premium, the provisions and exclusions that apply to Part D also apply to this coverage except as modified below:

**A.** When there is a loss to any vehicle shown in the Declarations for which a specific premium charge indicates that Loss of Use coverage is afforded, we will reimburse you for expenses you incur to rent a substitute auto. This coverage applies only if:

   **1.** The auto is withdrawn from use for more than 24 hours;

   **2.** The loss is caused by **collision,** or is covered by the Comprehensive Coverage of this policy; and

   **3.** The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the auto.

**B.** However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the auto.

**C.** Our payment will be limited to that period of time reasonably required to repair or replace the auto. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 833 of 1402**

REPRINTED FROM THE FORMS LIBRARY



# IDAHO PERSONAL AUTO POLICY

SAFECO INSURANCE COMPANY OF AMERICA
Home Office: 4333 Brooklyn Ave. N.E., Seattle, Washington 98185
(Each a stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

| | | Beginning On Page |
|---|---|---|
| AGREEMENT | | 1 |
| DEFINITIONS | | 1 |
| PART A | LIABILITY COVERAGE | 2 |
| | Insuring Agreement | |
| | Supplementary Payments | |
| | Exclusions | |
| | Limit of Liability | |
| | Out of State Coverage | |
| | Financial Responsibility | |
| | Other Insurance | |
| PART B | MEDICAL PAYMENTS COVERAGE | 4 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Other Insurance | |
| PART C | UNINSURED/UNDERINSURED MOTORISTS COVERAGE | 6 |
| | Insuring Agreement | |
| | Exclusions | |
| | Limit of Liability | |
| | Other Insurance | |
| PART D | COVERAGE FOR DAMAGE TO YOUR AUTO | 8 |
| | Insuring Agreement | |
| | Transportation Expenses | |
| | Exclusions | |
| | Limit of Liability | |
| | Payment of Loss | |
| | No Benefit to Bailee | |
| | Other Sources of Recovery | |
| | Appraisal | |
| PART E | DUTIES AFTER AN ACCIDENT OR LOSS | 11 |
| PART F | GENERAL PROVISIONS | 12 |
| | Policy Period and Territory | |
| | Changes | |
| | Termination | |
| | Two or More Autos Insured; Two or More Auto Policies | |
| | ADDITIONAL COVERAGES | 15 |
| | Uninsured Motorists Coverage —Property Damage | |
| | Towing and Labor Costs Coverage | |
| | Loss of Use Coverage | |

?????????????????????????????????????????????
?????????????????????????????????????????????
?????????????????????????????????????????????
?????????????????????????????????????????????
?????????????????????????????????????????????
?????????????????????????????????????????????
?????????????????????????????????????????????
?????????????????????????????????????????????
?????????????????????????????????????????????
?????????????????????????????????????????????

SA-1852/IDEP  3/05

Safeco ® and the Safeco logo are trademarks of Safeco Corporation

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 834 of 1402**

REPRINTED FROM THE FORMS LIBRARY

REPRINTED FROM THE FORMS LIBRARY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

A. Throughout this policy, "you" and "your" refer to:

    1. The "named insured" shown in the Declarations; and

    2. The spouse if a resident of the same household.

B. "We," "us" and "our" refer to the Company providing this insurance.

C. For purposes of this policy, a private passenger type auto shall be deemed to be owned by a person if leased:

    1. Under a written agreement to that person; and

    2. For a continuous period of at least six months.

Other words and phrases are defined. They are in bold type when used.

D. "Bodily injury" means bodily harm, sickness or disease, including death that results.

E. "Business" includes trade, profession or occupation.

F. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

G. "Occupying" means in; upon; or getting in, on, out or off.

H. "Property damage" means physical injury to, destruction of or loss of use of tangible property.

I. "Punitive or exemplary damages" include damages which are awarded to punish or deter wrongful conduct, to set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for **bodily injury** or **property damage.**

J. "Trailer" means a vehicle designed to be pulled by a:

    1. Private passenger auto; or

    2. Pickup, van or motor home.

It also means a recreational camping vehicle, a farm wagon or farm implement while towed by a vehicle listed in 1. or 2. above.

K. "Your covered auto" means:

    1. Any vehicle shown in the Declarations.

    2. Any of the following types of vehicles on the date you become the owner, whether operational or not:

        a. a private passenger auto;

        b. a pickup or van that:

            (1) has a Gross Vehicle Weight of less than 10,000 lbs.; and

            (2) is not used for the delivery or transportation of goods and materials unless such use is:

                (a) incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

                (b) for farming or ranching; or

        c. a motor home or **trailer.**

    If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced.

    If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.

    This provision (K.2.) applies only if you ask us to insure the newly acquired vehicle during the policy period in which it was acquired or within thirty days after you become the owner, whichever is greater.

    3. Any **trailer** you own.

    4. Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

        a. breakdown;

        b. repair;

        c. servicing;

        d. loss; or

        e. destruction.

    This provision (K.4.) does not apply to Coverage for Damage to Your Auto.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 836 of 1402**

REPRINTED FROM THE FORMS LIBRARY

## PART A — LIABILITY COVERAGE

**INSURING AGREEMENT**

**A.** We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**B.** "Insured" as used in this Part means:

**1.** You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

**2.** Any person using **your covered auto.**

**3.** For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under 1. and 2. above.

**4.** For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision (B.4.) applies only if the person or organization does not own or hire the auto or **trailer.**

**SUPPLEMENTARY PAYMENTS**

In addition to our limit of liability, we will pay on behalf of an **insured:**

**1.** Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy. We are not obligated to apply for or furnish such bonds.

**2.** Premiums on appeal bonds and bonds to release attachments in any suit we defend.

**3.** Interest on that part of the judgment we pay, accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

**4.** Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

**5.** Other reasonable expenses incurred at our request.

**EXCLUSIONS**

**A.** We do not provide Liability Coverage for any **insured:**

**1.** Who intentionally causes **bodily injury** or **property damage.**

**2.** For **property damage** to property owned or being transported by that **insured.**

**3.** For **property damage** to property:

**a.** rented to;

**b.** used by; or

**c.** in the care of;

that **insured.**

This exclusion (A.3.) does not apply to **property damage** to a residence or private garage.

**4.** For **bodily injury** to an employee of that **insured** during the course of employment. This exclusion (A.4.) does not apply to **bodily injury** to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

**5.** For that **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion (A.5.) does not apply to a share-the-expense car pool.

**6.** While employed or otherwise engaged in the **business** or occupation of:

**a.** selling;

**b.** repairing;

**c.** servicing;

**d.** storing; or

**e.** parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion (A.6.) does not apply to the ownership, maintenance or use of **your covered auto** by:

**a.** you;

**b.** any **family member;** or

**c.** any partner, agent or employee of you or any **family member.**

**7.** Maintaining or using any vehicle while that **insured** is employed or otherwise engaged

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 837 of 1402

REPRINTED FROM THE FORMS LIBRARY

in any **business** or occupation (other than farming or ranching) not described in Exclusion A.6. This exclusion (A.7.) does not apply to the maintenance or use of a:

a. private passenger auto;

b. pickup, motor home or van that:

(1) you own; or

(2) you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

(a) breakdown;

(b) repair;

(c) servicing;

(d) loss; or

(e) destruction; or

c. **trailer** used with a vehicle described in a. or b. above.

8. Using:

a. **Your covered auto** without your express or implied permission; or

b. any vehicle, other than **your covered auto,** without the express or implied permission of the owner of such vehicle.

9. For **bodily injury** or **property damage** for which that **insured:**

a. is an insured under a nuclear energy liability policy; or

b. would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

A nuclear energy liability policy is a policy issued by any of the following or their successors:

a. American Nuclear Insurers;

b. Mutual Atomic Energy Liability Underwriters; or

c. Nuclear Insurance Association of Canada.

10. For **punitive or exemplary damages** awarded against an **insured.**

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle which:

a. has fewer than four wheels; or

b. is designed mainly for use off public roads.

This exclusion does not apply:

a. while such vehicle is being used by an **insured** in a medical emergency; or

b. to any **trailer.**

2. Any vehicle, other than **your covered auto,** which is:

a. owned by you; or

b. furnished or available for your regular use.

3. Any vehicle, other than **your covered auto,** which is:

a. owned by any **family member;** or

b. furnished or available for the regular use of any **family member.**

However, this exclusion (B.3.) does not apply to you while you are maintaining or **occupying** any vehicle which is:

a. owned by a **family member;** or

b. furnished or available for the regular use of a **family member.**

4. Any vehicle, located inside a facility designed for racing, for the purpose of:

a. competing in; or

b. practicing or preparing for;

any prearranged or organized racing or speed contest.

## LIMIT OF LIABILITY

A. If the Declarations indicates **Individual Coverages** apply:

The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for "each accident" for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 838 of 1402

REPRINTED FROM THE FORMS LIBRARY

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

**B.** If the Declarations indicates **Combined Single Limit** applies:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability. However, this provision will not change our total limit of liability.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part B or Part C of this policy.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

**A.** If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

**B.** No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

## OTHER INSURANCE

If there is other applicable liability insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. Any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

However, we will provide primary insurance for a vehicle you do not own, if a duly licensed automobile dealer or seller provides the vehicle on a temporary basis without charge to you or a **family member:**

1. For use as a temporary substitute while **your covered auto** is out of normal use because of its breakdown, repair or servicing; or

2. To demonstrate the vehicle as a prospective purchaser.

---

## PART B — MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

**A.** We will pay the usual and customary charges incurred for reasonable and necessary medical and funeral expenses because of **bodily injury:**

1. Caused by accident; and

2. Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

**B.** "Insured" as used in this Part means:

1. You or any **family member:**

a. while **occupying;** or

b. as a pedestrian when struck by;

a motor vehicle designed for use mainly on public roads or a **trailer** of any type.

Also, you or any **family member** while **occupying** a bicycle when struck by a motor vehicle designed for use mainly on public roads or by a **trailer** of any type.

2. Any other person while **occupying your covered auto.**

3. Any other person while **occupying,** as a guest, an automobile not owned by you or a **family member,** while being operated by you or a **family member.**

SA-1852/IDEP  3/05                    — 4 —

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 839 of 1402**

REPRINTED FROM THE FORMS LIBRARY

## EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury:**

1. Sustained while **occupying** any motorized vehicle having fewer than four wheels.

2. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion (2.) does not apply to a share-the-expense car pool.

3. Sustained while **occupying** any vehicle located for use as a residence or premises.

4. Occurring during the course of employment if workers' compensation benefits are required or available for the **bodily injury.**

5. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:
   a. owned by you; or
   b. furnished or available for your regular use.

6. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:
   a. owned by any **family member;** or
   b. furnished or available for the regular use of any **family member.**

   However, this exclusion (6.) does not apply to you.

7. Sustained while **occupying** a vehicle without a reasonable belief that that **insured** has permission to do so.

8. Sustained while **occupying** a vehicle when it is being used in the **business** or occupation of an **insured.** This exclusion (8.) does not apply to **bodily injury** sustained while **occupying** a:
   a. private passenger auto;
   b. pickup, van or motor home that you own; or
   c. **trailer** used with a vehicle described in a. or b. above.

9. Caused by or as a consequence of:
   a. discharge of a nuclear weapon (even if accidental);

b. war (declared or undeclared);
c. civil war;
d. insurrection; or
e. rebellion or revolution.

10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:
    a. nuclear reaction;
    b. radiation; or
    c. radioactive contamination.

11. Sustained while **occupying** any vehicle located inside a facility designed for racing, for the purpose of:
    a. competing in; or
    b. practicing or preparing for;
    any prearranged or organized racing or speed contest.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:
   1. **Insureds;**
   2. Claims made;
   3. Vehicles or premiums shown in the Declarations; or
   4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part C of this policy.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 840 of 1402

REPRINTED FROM THE FORMS LIBRARY

## PART C — UNINSURED/UNDERINSURED   MOTORISTS  COVERAGE

**INSURING  AGREEMENT**

**A.** We will pay damages which an **insured** is le-
gally entitled to recover from the owner or op-
erator of an **uninsured motor vehicle** or
**underinsured motor vehicle** because of **bodily
injury:**

   **1.** Sustained by an **insured;** and

   **2.** Caused by an accident.

The owner's or operator's liability for these
damages must arise out of the ownership,
maintenance or use of the **uninsured motor ve-
hicle** or **underinsured motor vehicle.**

Any judgment for damages arising out of a suit
brought without our written consent is not
binding on us.

We will pay under this coverage only if 1. or 2.
below applies:

   **1.** The limits of liability under any applicable
   bodily injury liability bonds or policies have
   been exhausted by payment of judgment
   or settlements; or

   **2.** A tentative settlement has been made be-
   tween an **insured** and the insurer of the
   **underinsured motor vehicle** and we:

      **a.** have been given prompt written notice
      of such tentative settlement; and

      **b.** advance payment to the **insured** in an
      amount equal to the tentative settle-
      ment within 30 days after receipt of
      notification.

**B.** "**Insured**" as used in this Part means:

   **1.** You or any **family member.**

   **2.** Any other person **occupying your covered
   auto.**

   **3.** Any person for damages that person is en-
   titled to recover because of **bodily injury** to
   which this coverage applies sustained by a
   person described in 1. or 2. above.

**C.** "**Underinsured motor vehicle**" means a land
motor vehicle or **trailer** of any type to which
bodily injury liability bonds or policies apply,
but the sum of the limits of liability under all
such bonds or policies applicable at the time
of the accident is less than the applicable limits
of liability for Underinsured Motorists Coverage
under this policy.

However, "**underinsured motor vehicle**" does
not include any vehicle or equipment:

   **1.** Which is an **uninsured motor vehicle.**

   **2.** Owned by or furnished for the regular use
   of you or any **family member.**

   **3.** Owned by any governmental unit or
   agency.

   **4.** Operated on rails or crawler treads.

   **5.** Designed mainly for use off public roads,
   while not on public roads.

   **6.** While located for use as a residence or
   premises.

**D.** "Uninsured motor vehicle" means a land motor
vehicle or **trailer** of any type:

   **1.** To which no bodily injury liability bond or
   policy applies at the time of the accident.

   **2.** To which a bodily injury liability bond or
   policy applies at the time of the accident if
   its limit for bodily injury liability is less than
   the minimum limit for bodily injury liability
   specified by the financial responsibility law
   of Idaho.

   **3.** Which is a hit-and-run vehicle whose oper-
   ator or owner cannot be identified and
   which hits:

      **a.** you or any **family member;**

      **b.** a vehicle which you or any **family
      member** are **occupying;** or

      **c. your covered auto.**

   **4.** To which a bodily injury liability bond or
   policy applies at the time of the accident,
   but the bonding or insuring company:

      **a.** denies coverage; or

      **b.** is or becomes insolvent.

However, "**uninsured motor vehicle**" does not
include any vehicle or equipment:

   **1.** Owned by or furnished or available for the
   regular use of you or any **family member.**

   **2.** Owned or operated by a self-insurer under
   any applicable motor vehicle law, except a
   self-insurer which is or becomes insolvent.

   **3.** Owned by any governmental unit or
   agency.

   **4.** Operated on rails or crawler treads.

   **5.** Designed mainly for use off public roads
   while not on public roads.

   **6.** While located for use as a residence or
   premises.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 841 of 1402**

REPRINTED FROM THE FORMS LIBRARY

## EXCLUSIONS

**A.** We do not provide Uninsured/Underinsured Motorists Coverage for **bodily injury** sustained:

1. By an **insured** while **occupying**, or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

2. By any **family member** while **occupying**, or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

**B.** We do not provide Uninsured/Underinsured Motorists Coverage for **bodily injury** sustained by any **insured:**

1. If that **insured** or the legal representative settles the **bodily injury** claim without our consent. However, this exclusion (B.1) only applies if the settlement prejudices our right to recover payment.

2. While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion (B.2.) does not apply to a share-the-expense car pool.

3. Using a vehicle without a reasonable belief that that **insured** has permission to do so.

4. While **occupying** or operating an owned motorcycle or moped.

**B.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

1. Workers' compensation law; or

2. Disability benefits law.

**C.** We do not provide Uninsured/Underinsured Motorists Coverage for **punitive or exemplary damages.**

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for "each person" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

In no event shall the limit of liability for two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to injured persons.

**B.** If Combined Single Limit applies to Uninsured/Underinsured Motorists Coverage, Paragraph A. above is replaced by the following:

The Limit of Liability shown in the Declarations for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:

1. **Insured's;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

In no event shall the limit of liability for two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to injured persons.

**C.** With respect only to Underinsured Motorists Coverage, the limit of liability shall be reduced by the sum of the limits of liability under all bodily injury liability bonds or policies (other than this policy) applicable at the time of the accident.

**D.** If none of the vehicles insured in this policy is involved in the accident, Uninsured/ Underinsured Motorists Coverage is available to the extent of coverage of any one of **your covered autos.**

**E.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part B of this policy.

**F.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

SA-1852/IDEP  3/05

— 7 —

REPRINTED FROM THE FORMS LIBRARY

G. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

1. Workers' compensation law; or

2. Disability benefits law.

## OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis.

3. If the coverage under this policy is provided:

   a. on a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

   b. on an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

Underinsured Motorists Coverage shall be excess over all bodily injury bonds or policies applicable at the time of the accident.

## EXHAUSTION CLAUSE

We are not obligated to make any payment because of **bodily injury** to which this insurance applies and which arises out of the ownership, maintenance or use of an **underinsured motor vehicle** until after the limits of liability under all bodily injury liability bonds or policies applicable at the time of the accident have been exhausted by payment of judgments or settlements.

## ARBITRATION

A. If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that **insured;**

from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle**, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will pay the expenses it incurs, and bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county and state in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

## Additional Duties

A person seeking Underinsured Motorists Coverage must also promptly:

1. Send us copies of the legal papers if a suit is brought; and

2. Notify us in writing of a tentative settlement between the **insured** and the insurer of the **underinsured motor vehicle** and allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **underinsured motor vehicle.**

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

### INSURING AGREEMENT

A. We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto,** including its equipment, minus any applicable deductible shown in the Declarations. We will pay for loss to **your covered auto** caused by:

1. Other than **collision** only if the Declarations indicates that Comprehensive Coverage is provided for that auto.

2. **Collision** only if the Declarations indicates that Collision Coverage is provided for that auto.

REPRINTED FROM THE FORMS LIBRARY

If there is a loss to a **non-owned auto, we** will provide the broadest coverage applicable to any vehicle shown in the Declarations.

**B.** "**Collision**" means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object. No deductible will apply if the collision is with another auto insured by either SAFECO Insurance Company of America, SAFECO Insurance Company of Illinois, SAFECO National Insurance Company, SAFECO Lloyds Insurance Company, First National Insurance Company of America or General Insurance Company of America.

"**Comprehensive**" means loss, other than **collision,** to **your covered auto** or a **non-owned auto.** Loss caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision,** you may elect to have it considered a loss caused by **collision.**

**C.** "**Non-owned auto**" means:

1. Any private passenger auto, pickup, van or **trailer** not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member;** or

2. Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

   a. breakdown;

   b. repair;

   c. servicing;

   d. loss; or

   e. destruction.

**D.** "**Camper body**" means a body equipped as sleeping or living quarters which is designed to be mounted on a pickup.

**TRANSPORTATION EXPENSES**

In addition we will pay, without application of a deductible, either of the following, whichever is greater:

1. Up to $22 per day, to a maximum of $660; or

2. The limit for Loss of Use, if any, shown on the Declarations;

For:

1. Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto.** We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2. Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto.** We will pay for indirect loss expenses if the loss is caused by:

   a. Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

   b. **Collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

If the loss is caused by a total theft of **your covered auto** or a **non-owned auto,** we will pay only expenses incurred during the period:

1. Beginning 48 hours after the theft; and

2. Ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

If the loss is caused by other than a total theft of **your covered auto** or a **non-owned auto,** we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.

Our payment will be limited to that period of time reasonably required to repair or replace **your covered auto** or the **non-owned auto.**

**EXCLUSIONS**

We will not pay for:

1. Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This exclusion (1.) does not apply to a share-the-expense car pool.

2. Damage due and confined to:

   a. wear and tear;

   b. freezing;

   c. mechanical or electrical breakdown or failure; or

   d. road damage to tires.

   This exclusion (2.) does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

SA-1852/IDEP  3/05

— 9 —

REPRINTED FROM THE FORMS LIBRARY

3. Loss due to or as a consequence of:

   a. radioactive contamination;

   b. discharge of any nuclear weapon (even if accidental);

   c. war (declared or undeclared);

   d. civil war;

   e. insurrection; or

   f. rebellion or revolution.

4. Loss to:

   a. any electronic equipment designed for the reproduction of sound, including, but not limited to:

     (1) radios and stereos;

     (2) tape decks; or

     (3) compact disc players;

   b. any other electronic equipment that receives or transmits audio, visual or data signals, including, but not limited to:

     (1) citizens band radios;

     (2) telephones;

     (3) 2-way mobile radios;

     (4) scanning monitor receivers;

     (5) television monitor receivers;

     (6) video cassette recorders;

     (7) audio cassette recorders; or

     (8) personal computers;

   c. tapes, records, discs, or other media used with equipment described in a. or b.; or

   d. any other accessories used with equipment described in a. or b.

This exclusion (4.) does not apply to:

   a. equipment designed solely for the reproduction of sound and accessories used with such equipment, provided:

     (1) the equipment is permanently installed in **your covered auto** or any **non-owned auto;** or

     (2) the equipment is:

       (a) removable from a housing unit which is permanently installed in the auto;

       (b) designed to be solely operated by use of the power from the auto's electrical system; and

       (c) in or upon **your covered auto** or any **non-owned auto;**

at the time of loss.

   b. any other electronic equipment that is:

     (1) necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

     (2) an integral part of the same unit housing any sound reproducing equipment described in a. and permanently installed in the opening of the dash or console of **your covered auto** or any **non-owned auto** normally used by the manufacturer for installation of a radio.

5. A total loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities because you or any **family member:**

   a. engaged in illegal activities; or

   b. failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion (5.) does not apply to the interests of Loss Payees in **your covered auto.**

6. Loss to a **camper body,** motor home or **trailer** you own which is not shown in the Declarations. This exclusion (6.) does not apply to a **camper body,** motor home or **trailer** you:

   a. acquire during the policy period; and

   b. ask us to insure during the policy period or within 30 days after you become the owner, whichever is greater.

7. Loss to any **non-owned auto** when used by you or any **family member** without a reasonable belief that you or that **family member** have permission to do so.

8. Loss to equipment designed or used for the detection or location of radar or laser.

9. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing; or

   e. parking;

vehicles designed for use on public highways. This includes road testing and delivery.

10. Loss to any **non-owned auto** being maintained or used by any person while

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 845 of 1402**

REPRINTED FROM THE FORMS LIBRARY

employed or otherwise engaged in any **business** not described in exclusion 9. This exclusion (10.) does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

11. Loss to **your covered auto** or any **non-owned auto,** located inside a facility designed for racing, for the purpose of:

   **a.** competing in; or

   **b.** practicing or preparing for;

   any prearranged or organized racing or speed contest.

12. Loss to, or loss of use of, a **non-owned auto** rented by:

   **a.** you; or

   **b.** any family member;

   if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

## LIMIT OF LIABILITY

**A.** Our limit of liability for loss will be the lesser of the:

   1. Actual cash value of the stolen or damaged property;

   2. Amount necessary to repair or replace the property; or

   3. Limit of liability shown in the Declarations.

   However, the most we will pay for loss to any **non-owned auto** which is a **trailer** is $1,000.

**B.** An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

   1. You; or

2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

   1. Any coverage provided by the owner of the **non-owned auto;**

   2. Any other applicable physical damage insurance;

   3. Any other source of recovery applicable to the loss.

## APPRAISAL

**A.** If we and you do not agree on the amount of loss, either may, within 60 days after proof of loss is filed, demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

   1. Pay its chosen appraiser; and

   2. Bear the expenses of the appraisal and umpire equally.

**B.** We do not waive any of our rights under this policy by agreeing to an appraisal.

---

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**A.** We must be notified promptly of how, when and where the accident or loss happened. Notice

should also include the names and addresses of any injured persons and of any witnesses.

**B.** A person seeking any coverage must:

   1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 846 of 1402**

REPRINTED FROM THE FORMS LIBRARY

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:

   a. to physical examinations by physicians we select. We will pay for these exams.

   b. to examination under oath and subscribe the same. We may examine any **insured** separately and apart from the presence of any other **insured.**

4. Authorize us to obtain:

   a. medical reports; and

   b. other pertinent records.

5. Submit a proof of loss, under oath if requested, when required by us.

C. A person seeking Uninsured/Underinsured Motorists Coverage must also:

1. Promptly notify the police if a hit-and-run driver is involved.

2. Promptly send us copies of the legal papers if a suit is brought.

D. A person seeking Coverage for Damage to Your Auto must also:

1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

---

## PART F — GENERAL PROVISIONS

**POLICY PERIOD AND TERRITORY**

A. This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

B. The policy period is the period stated in the Declarations. The policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

C. The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

**BANKRUPTCY**

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

**CHANGES**

A. Before the end of any policy period, we may offer to change the coverage provided in this policy. Your payment of the premium billed by

us for the next policy period will be your acceptance of our offer.

B. This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

C. If there is a change to the information used to develop the policy premium, we may adjust your premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:

1. The number, type or use classification of insured vehicles;

2. Operators using insured vehicles;

3. The place of principal garaging of insured vehicles;

4. Coverage, deductible or limits.

If a change resulting from B. or C. requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.

D. If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph (D.) does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

1. A subsequent edition of your policy; or

2. An Amendatory Endorsement.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 847 of 1402**

REPRINTED FROM THE FORMS LIBRARY

E. Additional or return premium of $3.00 or less resulting from policy changes will be waived.

**FRAUD**

We do not provide coverage for any **insured** who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

**LEGAL ACTION AGAINST US**

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

1. We agree in writing that the **insured** has an obligation to pay; or

2. The amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring us into any action to determine the liability of an **insured.**

**OUR RIGHT TO RECOVER PAYMENT**

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

However, our rights in this paragraph (A.) do not apply under Part D, against any person using **your covered auto** with a reasonable belief that that person has permission to do so.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

C. Our rights do not apply under paragraph A. with respect to Underinsured Motorists Coverage if we:

1. Have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **underinsured motor vehicle;** and

2. Fail to advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification:

1. That payment will be separate from any amount the **insured** is entitled to recover under the provisions of Underinsured Motorists Coverage; and

2. We also have a right to recover the advanced payment.

**TERMINATION**

A. **Cancellation.** This policy may be canceled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

    a. returning this policy to us; or

    b. giving us advance written notice of the date cancellation is to take effect.

2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

    a. at least 10 days notice:

        (1) if cancellation is for nonpayment of premium; or

        (2) if notice is mailed during the first 60 days this policy is in effect and this is not a renewal policy; or

    b. at least 20 days notice in all other cases.

3. After this policy is in effect for 60 days, or if this is a renewal policy, we will cancel only:

    a. for nonpayment of premium; or

    b. if you failed to disclose fully your motor vehicle accidents and moving violations, or your losses covered under any auto physical damage or comprehensive coverage, for the preceding 36 months if asked for in the application; or

    c. if you or any other driver who lives with you or customarily uses **your covered auto:**

        (1) violates any of the terms and conditions of this policy;

        (2) makes a false or fraudulent claim or knowingly aided or abetted another in making such a claim;

        (3) has had his or her driver's license suspended or revoked within 36 months prior to the issuance of the notice of cancellation or nonrenewal. This does not apply to persons under 19 years of age whose driver's license has been suspended due to the use, possession, procurement, attempted procurement or dispensing of any alcoholic beverage;

SA-1852/IDEP  3/05

— 13 —

REPRINTED FROM THE FORMS LIBRARY

(4) has a history of and is subject to epilepsy or heart attacks, and such individual cannot produce a certificate from a physician testifying to his or her ability to operate a motor vehicle;

(5) has an accident record, conviction record (criminal or traffic), physical, mental, or other condition which is such that the operation of an auto might endanger the public safety;

(6) has engaged in a prearranged competitive speed contest while operating or riding in **your covered auto** during the policy period;

(7) has been addicted to the use of narcotics and other drugs within 36 months prior to the issuance of notice of cancellation or nonrenewal;

(8) uses alcoholic beverages to excess; or

(9) is or has been convicted, or forfeited bail, during the 36 months immediately preceding the issuance of the notice of cancellation or nonrenewal for:

(a) any felony;

(b) criminal negligence resulting in death, homicide, or assault arising out of the operation of a motor vehicle;

(c) operating a motor vehicle while in an intoxicated condition or while under the influence of drugs;

(d) leaving the scene of an accident without stopping to report;

(e) theft or unlawful taking of a motor vehicle;

(f) making fraudulent statements in an application for a driver's license; or

(g) 3 or more violations of (i) any law, ordinance, or regulation limiting the speed of motor vehicles; or (ii) any of the provisions of the motor vehicle laws of any state, the violation of which constitutes a misdemeanor, whether or not the violations were repetitions of the same offense or were different offenses.

d. if **your covered auto** is:

(1) so mechanically defective that its operation might endanger public safety; or

(2) used in carrying passengers for hire or compensation, except that, the use of an auto for a car pool shall not be considered use of an auto for hire or compensation; or

(3) used in the business of transportation of flammables or explosives; or

(4) an authorized emergency vehicle; or

(5) modified or changed in condition during the policy period so as to increase the risk substantially; or

(6) subject to an inspection law and has not been inspected or, if inspected, has failed to qualify.

e. if the policy was obtained through material misrepresentation.

B. **Nonrenewal.** If we decide not to renew this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period.

We will only nonrenew this policy if:

1. One or more of the reasons as listed in paragraph 3. of Cancellation exists;

2. You or any other driver who lives with you or customarily uses **your covered auto** fails to disclose fully, upon request therefor, facts relative to accidents and losses incurred, at any time during the policy period;

3. We are otherwise permitted by the laws of the State of Idaho.

C. **Automatic Termination.** If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on **your covered auto,** any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

D. **Other Termination Provisions.**

1. If the law in effect in your state at the time this policy is issued or renewed:

a. requires a longer notice period;

b. requires a special form of or procedure for giving notice; or

c. modifies any of the stated termination reasons;

we will comply with those requirements.

2. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

SA-1852/IDEP  3/05

— 14 —

REPRINTED FROM THE FORMS LIBRARY

3. If this policy is canceled, you may be enti-
tled to a premium refund. If so, we will send
you the refund. The premium refund, if any,
will be computed according to our manuals.
However, making or offering to make the
refund is not a condition of cancellation.

4. The effective date of cancellation stated in
the notice shall become the end of the pol-
icy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**A.** Your rights and duties under this policy may not
be assigned without our written consent. How-
ever, if a named insured shown in the Declara-
tions dies, coverage will be provided for:

1. The surviving spouse if resident in the
same household at the time of death. Cov-
erage applies to the spouse as if a named
insured shown in the Declarations; and

2. The legal representative of the deceased
person as if a named insured shown in the

Declarations. This applies only with respect
to the representative's legal responsibility
to maintain or use **your covered auto.**

**B.** Coverage will only be provided until the end of
the policy period.

**TWO OR MORE AUTOS INSURED; TWO OR MORE
AUTO POLICIES**

If this policy insures two or more autos or if any
other auto insurance policy issued to you by us
applies to the same accident, the maximum limit of
our liability shall not exceed the highest limit
applicable to any one auto.

**LOSS PAYABLE CLAUSE**

As to the interest of the loss payee, this policy will
remain in effect from the inception date and until ten
days after cancellation notice is received by the loss
payee. When we pay the loss payee we shall, to the
extent of payment, have the loss payee's rights of
recovery.

---

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL
COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

---

**UNINSURED MOTORISTS COVERAGE
PROPERTY DAMAGE**

**INSURING AGREEMENT**

**A.** We will pay damages which an **insured** is le-
gally entitled to recover from the owner or op-
erator of an **uninsured motor vehicle** because
of **property damage** caused by an accident if the
Declarations indicates that Uninsured Motorists
Property Damage applies.

The owner's or operator's liability for these
damages must arise out of the ownership,
maintenance or use of the **uninsured motor ve-
hicle.**

**B.** "**Insured**" as used in this coverage means:

1. You or any **family member.**

2. Any other person **occupying your covered
auto.**

**C.** "**Property damage**" as used in this coverage
means injury to, destruction of or loss of use
of:

1. **Your covered auto.**

2. Any property owned by an **insured.**

3. Any property owned by you or any **family
member** while contained in any auto not
owned, but being operated, by you or any
**family member.**

**D.** "**Uninsured motor vehicle**" means a land motor
vehicle or **trailer** of any type:

1. To which no property damage liability bond
or policy applies at the time of the accident.

2. To which a liability bond or policy applies
at the time of the accident if its limit for
property damage liability is less than the
minimum limit for property damage liability
specified by the Idaho financial responsi-
bility law.

3. To which property damage liability bonds
or policies apply at the time of the accident,
but all of the bonding or insurance compa-
nies deny coverage or are or become in-
solvent.

4. Which is a hit-and-run vehicle whose oper-
ator or owner cannot be identified and
which hits or which causes an accident re-
sulting in **property damage** without hitting:

   **a.** a vehicle which you or any **family
   member** are **occupying;** or

   **b. your covered auto.**

   If there is no physical contact with the ve-
   hicle causing the accident, the facts of the
   accident must be proved. We will only ac-
   cept competent evidence other than the
   testimony of an **insured** or any person hav-
   ing an uninsured motorists claim resulting
   from the accident.

SA-1852/IDEP  3/05

— 15 —

REPRINTED FROM THE FORMS LIBRARY

However, "**uninsured motor vehicle**" does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any **family member.**

2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

## EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for **property damage** sustained:

1. By an **insured** while **occupying,** or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

2. By any **family member** while **occupying,** or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

B. We do not provide Uninsured Motorists Coverage for **property damage** sustained by any **insured:**

1. If that **insured** or the legal representative settles the **property damage** claim without our consent. However, this exclusion (B.1.) only applies if the settlement prejudices our right to recover payment.

2. While operating or **occupying** any motor vehicle, including a **trailer** of any type, owned by, furnished or available for regular use by that **insured** which is not insured for this Liability Coverage under this policy.

3. If the accident was caused by an auto which has no physical contact with **your covered auto** or a vehicle an **insured** is occupying at the time of the accident unless:

   a. the facts of the accident are corroborated by competent evidence other than a person having an Uninsured Motorists Coverage claim resulting from the accident; and

   b. the accident is reported to the appropriate law enforcement agency within 72 hours after the accident.

4. When **your covered auto** is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

5. While operating, or **occupying,** a motorcycle or motor-driven cycle.

   6. Using a vehicle without a reasonable belief that the person has permission to do so.

B. This coverage shall not apply to the benefit of any insurer of property.

## DEDUCTIBLES

The following will be deducted from the amount of **property damage** resulting from any one accident:

1. $300 if the accident is caused by a hit-and-run vehicle or a vehicle which has no physical contact with **your covered auto.**

2. $100 in all other cases.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for Uninsured Motorists Property Damage is our maximum limit of liability for all **property damage** sustained in any one accident.

B. Any amounts otherwise payable for damages which the **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **property damage** caused by an accident shall be reduced by all sums paid because of the **property damage** by or on behalf of persons or organizations who may be legally responsible.

## OTHER INSURANCE

With respect to an auto or property contained in an auto:

1. If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

2. For any **property damage** to which the Collision Coverage of this policy (or similar coverage from another policy) and this coverage both apply, you may choose the coverage from which damages will be paid. You may recover under both coverages, but only if:

   a. neither one by itself is sufficient to cover the loss; and

   b. you will not recover more than the actual damages, less the applicable deductible.

3. With respect to all other property, this coverage shall be excess over any other collectible insurance.

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 851 of 1402

REPRINTED FROM THE FORMS LIBRARY

**ARBITRATION**

**A.** If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by the **insured;**

from the owner or operator of an **uninsured motor vehicle**, then the matter may be arbitrated. However, disputes concerning coverage under this part may not be arbitrated. Arbitration shall begin upon a written demand from either party.

1. The parties may agree to a single arbitrator. A decision by the arbitrator will be binding.

2. If the parties cannot agree on a single arbitrator, each will select an independent representative, who will then select a single arbitrator. The parties may then proceed with the single arbitrator by agreement. A decision by the arbitrator will be binding.

3. If the representatives cannot agree on a single arbitrator within 30 days or the parties do not agree on the arbitrator selected, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a court having jurisdiction. A decision by two of the three arbitrators will be binding.

**B.** Unless both parties agree otherwise, arbitration will take place within the county and state in which the **insured** lives. Local rules of law as to procedure and evidence will apply. Each party will pay the expenses it incurs, except we will bear the reasonable expenses of the arbitrator(s) and any statutory costs actually incurred by the **insured.**

**TOWING AND LABOR COSTS COVERAGE**

We will pay reasonable expenses incurred each time **your covered auto** or a **non-owned auto** is disabled, for:

1. Towing to the nearest place where necessary repairs can be made during regular business hours if it will not run;

2. Towing it out if it is stuck on or next to a public street or highway;

3. Mechanical labor up to one hour at the place of its breakdown;

4. Change of tire; or

5. Delivery of gasoline, oil or loaned battery. We do not pay the cost of these items.

**LOSS OF USE COVERAGE**

The provisions and exclusions that apply to Part D —Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use coverage is afforded, we will reimburse you for expenses you incur to rent a substitute auto.

This coverage applies only if:

1. The auto is withdrawn from use for more than 24 hours;

2. The loss is caused by **collision**, or is covered by the Comprehensive Coverage of this policy; and

3. The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the auto.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the auto.

Our payment will be limited to that period of time reasonably required to repair or replace the auto. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 852 of 1402

REPRINTED FROM THE FORMS LIBRARY



Member of Liberty Mutual Group

# IDAHO PERSONAL AUTO POLICY

SAFECO INSURANCE COMPANY OF ILLINOIS
Home Office:  2800 W. Higgins Rd., Suite 1100, Hoffman Estates, Illinois 60195
(A stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

|  | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A — LIABILITY COVERAGE** | 3 |
| Insuring Agreement | |
| Supplementary Payments | |
| Exclusions | |
| Limit of Liability | |
| Out of State Coverage | |
| Financial Responsibility | |
| Other Insurance | |
| **PART B — MEDICAL PAYMENTS COVERAGE** | 6 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART C — UNINSURED MOTORISTS COVERAGE** | 7 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO** | 10 |
| Insuring Agreement | |
| Transportation Expenses | |
| Exclusions | |
| Limit of Liability | |
| Payment of Loss | |
| No Benefit to Bailee | |
| Other Sources of Recovery | |
| Appraisal | |
| **PART E — DUTIES AFTER AN ACCIDENT OR LOSS** | 14 |
| **PART F — GENERAL PROVISIONS** | 15 |
| Policy Period and Territory | |
| Changes | |
| Termination | |
| Two or More Autos Insured; Two or More Auto Policies | |
| **ADDITIONAL COVERAGES** | 19 |
| Underinsured Motorists Coverage | |
| Uninsured Motorists Coverage — Property Damage | |
| Towing and Labor Costs Coverage | |
| Loss of Use Coverage | |
| Full Safety Glass Coverage | |

############################################
############################################
############################################
############################################
############################################
############################################
############################################
############################################
############################################

SA-1852/IDEP 2/09
G1

REPRINTED FROM THE FORMS LIBRARY

## AGREEMENT

In return for your payment of all premiums, and in reliance upon the statements in the application we agree to insure you subject to the terms, conditions and limitations of this policy. We will insure you for the coverages and limits shown on the Declarations. Your policy consists of the policy contract, Declarations and endorsements applicable to the policy.

## DEFINITIONS

A. Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations;

2. The spouse if a resident of the same household;

3. The civil partner, if a resident of the same household, by civil union licensed and certified by the state; or

4. The **domestic partner,** if a resident of the same household;

**"Domestic partner"** means a person living as a continuing partner with you and:

(a) is at least 18 years of age and competent to contract;

(b) is not a relative; and

(c) shares with you the responsibility for each other's welfare, evidence of which includes:

(1) the sharing in domestic responsibilities for the maintenance of the household; or

(2) having joint financial obligations, resources, or assets; or

(3) one with whom you have made a declaration of domestic partnership or similar declaration with an employer or government entity.

**Domestic partner** does not include more than one person, a roommate whether sharing expenses equally or not, or one who pays rent to the named insured.

B. "We," "us" and "our" refer to the Company, as shown on the Declarations, providing this insurance.

C. For purposes of this policy, a private passenger auto shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and

2. For a continuous period of at least six months.

D. Throughout the policy, **"minimum limits"** refers to the following limits of liability required by Idaho law to be provided under a policy of automobile liability insurance:

1. $25,000 for each person, subject to $50,000 for each accident, with respect to **bodily injury;**

2. $15,000 for each accident with respect to **property damage.**

Other words and phrases are defined. They are in bold type when used.

E. **"Bodily injury"** means bodily harm, sickness or disease, including death that results.

F. **"Business"** includes trade, profession or occupation.

G. **"Family member"** means a person related to you by blood, marriage, civil union, domestic partnership or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

H. **"Fungi"** means any type or form of fungus, including yeast, mold or mildew, blight or mushroom and any mycotoxins, spore, scents or other substances, products or byproducts produced, released by or arising out of **fungi,** including growth, proliferation or spread of **fungi** or the current or past presence of **fungi.** However, this definition does not include any **fungi** intended by the **insured** for consumption.

I. **"Occupying"** means in; upon; or getting in, on, out or off.

J. **"Property damage"** means physical injury or destruction of tangible property including loss of use.

K. **"Punitive or exemplary damages"** include damages which are awarded to punish or deter wrongful conduct, to set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for **bodily injury** or **property damage.**

L. **"Trailer"** means a vehicle designed to be pulled by a:

1. Private passenger auto; or

SA-1852/IDEP 2/09

— 1 —

REPRINTED FROM THE FORMS LIBRARY

   2.  Pickup, van or motorhome.

It also means a recreational camping vehicle, a farm wagon or farm implement while towed by a vehicle listed in **L.1.** or **L.2.** above.

**M.**  **"Your covered auto"** means:

   **1.**  Any vehicle shown in the Declarations.

   **2.**  **a.**  Any newly acquired vehicle, whether operational or not, on the date you become the owner, subject to conditions for **Newly Acquired Replacement Vehicle** and **Newly Acquired Additional Vehicle** under **M.2.b.** below. Any newly acquired vehicle must be of the following types:

      **(1)**  a private passenger auto;

      **(2)**  a pickup or van that:

         **(a)**  has a Gross Vehicle Weight Rating of 12,000 lbs or less; and

         **(b)**  is not used for the delivery or transportation of goods and materials unless such use is:

            **i.**  incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

            **ii.**  for farming or ranching; or

      **(3)**  a motorhome or **trailer.**

     **b.**  A newly acquired vehicle is subject to the following conditions:

      **(1)**  **Newly Acquired Replacement Vehicle.** If the vehicle you acquire replaces one shown in the Declarations, the replacement vehicle will have the same coverage as the vehicle it replaced, other than Part **D** — Coverage for Damage to Your Auto. This provision applies only if there is no other insurance policy that provides coverage for that replacement vehicle.

Part **D** — Coverage for Damage to Your Auto shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition, only to the extent Part **D** — Coverage for Damage to Your Auto applied to the vehicle being replaced. You must notify us within thirty (30) days after you acquire the replacement vehicle for Part **D** — Coverage for Damage to Your Auto to continue.

      **(2)**  **Newly Acquired Additional Vehicle.** For any newly acquired vehicle that is in addition to any shown in the Declarations coverage shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition. Coverage shall be the broadest coverage we provide for any vehicle shown in the Declarations. This coverage applies only if:

         **(a)**  you acquire the additional vehicle during the policy period shown on the Declarations; and

         **(b)**  there is no other insurance policy that provides coverage for the additional vehicle.

If you wish to add or continue coverage you must ask us to insure the additional vehicle within thirty (30) days after you acquire the additional vehicle. This thirty (30) days of coverage includes the day you acquire the vehicle.

   **3.**  Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

     **a.**  breakdown;

     **b.**  repair;

     **c.**  servicing;

     **d.**  loss; or

     **e.**  destruction.

This provision **(M.3.)** does not apply to Coverage for Damage to Your Auto.

REPRINTED FROM THE FORMS LIBRARY

---

## PART A — LIABILITY COVERAGE

---

### INSURING AGREEMENT

**A.** We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**B.** "Insured" as used in this Part means:

   1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

   2. Any person using **your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

   3. For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under **B.1.** and **B.2.** above.

   4. For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision **(B.4.)** applies only if the person or organization does not own or hire the auto or **trailer.**

### INTEREST ON JUDGMENTS

We will pay interest on judgments subject to all of the following:

   1. Any notice, demand, summons, judgment, or any process has been promptly forwarded to us as required by the policy conditions.

   2. We accept the defense or agree to the judgment.

   3. We will pay the interest on that part of the judgment that is covered and that does not exceed our applicable limit of liability.

   4. We will pay interest that accrues after entry of judgment and before we pay, tender, or deposit in court.

   5. If we appeal the judgment, we will pay interest on the entire judgment.

   6. Post-judgment interest is in addition to the applicable limit of liability.

   7. Where we are required to cover prejudgment interest, it shall be included in the limit of liability and is not an additional amount of insurance.

### SUPPLEMENTARY PAYMENTS

We will pay on behalf of an **insured:**

   1. Up to $1,000 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy. We are not obligated to apply for or furnish such bonds.

   2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.

   3. Up to $250 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

   4. Other reasonable expenses incurred at our request.

   5. Pay all expenses incurred by an **insured** for first aid to others at the time of the accident, not to exceed $10,000.

### EXCLUSIONS

**A.** We do not provide Liability Coverage for:

   1. Any **insured** who intentionally causes **bodily injury** or **property damage** even if such **bodily injury** or **property damage** is of a different kind or degree than expected or intended, or such **bodily injury** or **property damage** is sustained by a different person or persons than expected or intended.

   2. **Property damage** to property owned or being transported by any **insured.**

   3. **Property damage** to property:

      **a.**   rented to;

      **b.**   used by; or

      **c.**   in the care of;

      any **insured.**

      This exclusion **(A.3.)** does not apply to **property damage** to a residence or private garage.

   4. **Bodily injury** to an employee of any **insured** during the course of employment. This exclusion **(A.4.)** does not apply to **bodily injury** to a domestic employee unless workers compensation benefits are

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 856 of 1402**

REPRINTED FROM THE FORMS LIBRARY

required or available for that domestic employee.

5. Any **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion **(A.5.)** does not apply to a share-the-expense car pool.

6. Any **insured** using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

7. a. Any **insured** while employed or otherwise engaged in the **business** of:

   (1) selling;

   (2) repairing;

   (3) servicing;

   (4) storing; or

   (5) parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery.

   b. This exclusion **(A.7.)** does not apply to the ownership, maintenance or use of **your covered auto** by:

   (1) you;

   (2) any **family member;** or

   (3) any partner, agent or employee of you or any **family member.**

8. Any **insured** maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in exclusions **A.6.** or **A.7.** This exclusion **(A.8.)** does not apply to the maintenance or use of a:

   a. private passenger auto;

   b. pickup, motorhome or van that:

   (1) you own; or

   (2) you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

   (a) breakdown;

   (b) repair;

   (c) servicing;

   (d) loss; or

   (e) destruction; or

   c. **trailer** used with a vehicle described in **A.8.a.** or **A.8.b.** above.

9. Any **insured** using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to a **family member** using **your covered auto.**

10. a. **Bodily injury** or **property damage** for which any **insured:**

   (1) is an **insured** under a nuclear energy liability policy; or

   (2) would be an **insured** under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   b. A nuclear energy liability policy is a policy issued by any of the following or their successors:

   (1) Nuclear Energy Liability Insurance Association;

   (2) Mutual Atomic Energy Liability Underwriters; or

   (3) Nuclear Insurance Association of Canada.

11. **Punitive or exemplary damages** awarded against any **insured.**

12. **Bodily injury** or **property damage** arising out of the use of **your covered auto** while leased or rented to others. However, this exclusion does not apply to the operation of **your covered auto** by you or a **family member.**

13. **Bodily injury** or **property damage** arising out of a criminal act or omission of the **insured.** This exclusion applies regardless of whether that **insured** is actually charged with, or convicted of, a crime. However, this exclusion **(13.)** does not apply to traffic violations.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. a. Any vehicle which:

   (1) has fewer than four wheels;

   (2) is designed mainly for use off public roads; or

   (3) is a vehicle not licensed for use on public roads.

   b. This exclusion does not apply:

   (1) while such vehicle is being used by an **insured** in a medical emergency; or

   (2) to any **trailer.**

REPRINTED FROM THE FORMS LIBRARY

2. Any vehicle, other than **your covered auto,** which is:

   **a.** owned by you; or

   **b.** furnished or available for your regular use.

3. **a.** Any vehicle, other than **your covered auto,** which is:

    **(1)** owned by any **family member** or other person who resides with you; or

    **(2)** furnished or available for the regular use of any **family member** or other person who resides with you.

   **b.** However, this exclusion **(B.3.)** does not apply to you while you are maintaining or **occupying** any vehicle which is:

    **(1)** owned by a **family member** or other person who resides with you; or

    **(2)** furnished or available for the regular use of a **family member** or other person who resides with you.

4. Any vehicle while it is:

   **a.** operating on a surface designed or used for racing, except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   **b.** participating in a high performance driving or racing instruction course or school; or

   **c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

    **(1)** race activity; or

    **(2)** speed, performance, stunt, or demolition contest or exhibition.

## LIMIT OF LIABILITY

**A.** If the Declarations indicates "per person"/"per accident" coverage applies:

The limit of liability as shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

**B.** If the Declarations indicate **Combined Single Limit** applies, Paragraph **A.** above is replaced by the following:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. **Insureds;**
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate **minimum limits** required by law for **bodily injury** and **property damage** liability. However, this provision will not change our total limit of liability.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **B,** Part **C** or any Underinsured Motorists Coverage of this policy.

**D.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer.**

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

**A.** If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required **minimum limits** and types of coverage.

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 858 of 1402

REPRINTED FROM THE FORMS LIBRARY

**B.** No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required. The **insured** must reimburse us if we make a payment that we would not have made if this policy was not certified as proof of financial responsibility.

## OTHER INSURANCE

If there is other applicable liability insurance available any insurance we provide shall be excess over any other applicable liability insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible liability insurance.

However, we will provide primary insurance for a vehicle you do not own, if a duly licensed automobile dealer or seller provides the vehicle on a temporary basis without charge to you or a **family member:**

**1.** For use as a temporary substitute while **your covered auto** is out of normal use because of its breakdown, repair or servicing; or

**2.** To demonstrate the vehicle as a prospective purchaser.

---

## PART B — MEDICAL PAYMENTS COVERAGE

---

### INSURING AGREEMENT

**A.** We will pay **usual and customary charges** incurred for reasonable and necessary medical and funeral expenses because of **bodily injury:**

**1.** Caused by accident; and

**2.** Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within three (3) years from the date of the accident.

We have a right to review medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

**B.** "**Insured**" as used in this Part means:

**1.** You or any **family member:**

**a.** while **occupying;** or

**b.** as a pedestrian or bicyclist when struck by;

a motor vehicle designed for use mainly on public roads or a **trailer** of any type.

**2.** Any other person while **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

**3.** Any other person while **occupying,** as a guest, an automobile not owned by you or a **family member,** while being operated by you or a **family member.**

**C.** "**Usual and customary charges**" as used in this Part mean:

Any amount which we determine represents a customary charge for services in the geographic area in which the service is rendered. To determine whether a charge is customary, we may consider outside sources of information of our choice, including, but not limited to:

**1.** Licensed, certified or registered health care professionals;

**2.** Medical examinations;

**3.** Medical file reviews;

**4.** Medical bill review services; or

**5.** Computerized data bases.

The **insured** shall not be responsible for payment of any reduction applied by us. If a medical provider disputes an amount paid by us, we will be responsible for resolving such disputes.

### EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury:**

**1.** Sustained while **occupying** any motorized vehicle having fewer than four wheels.

**2.** Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion (**2.**) does not apply to a share-the-expense car pool.

**3.** Sustained while **occupying** any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

**4.** Sustained while **occupying** any vehicle located for use as a residence or premises.

**5.** Occurring during the course of employment if workers compensation benefits are required or available for the **bodily injury.**

**6.** Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

**a.** owned by you; or

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 859 of 1402**

····· REPRINTED FROM THE FORMS LIBRARY ·····

**b.** furnished or available for your regular use.

**7.** Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

**a.** owned by any **family member** or other person who resides with you; or

**b.** furnished or available for the regular use of any **family member** or other person who resides with you.

However, this exclusion (**7.**) does not apply to you.

**8.** Sustained while **occupying** a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However this exclusion does not apply to a **family member** using **your covered auto.**

**9.** Sustained while **occupying** a vehicle when it is being used in the **business** of an **insured.** This exclusion (**9.**) does not apply to **bodily injury** sustained while **occupying** a:

**a.** private passenger auto;

**b.** pickup, van or motorhome that you own; or

**c.** **trailer** used with a vehicle described in **a.** or **b.** above.

**10.** Caused by or as a consequence of:

**a.** discharge of a nuclear weapon (even if accidental);

**b.** war (declared or undeclared);

**c.** civil war;

**d.** insurrection; or

**e.** rebellion or revolution.

**11.** From or as a consequence of the following, whether controlled or uncontrolled or however caused:

**a.** nuclear reaction;

**b.** radiation; or

**c.** radioactive contamination.

**12.** Sustained while **occupying** any vehicle while it is:

**a.** operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

**b.** participating in a high performance driving or racing instruction course or school; or

**c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

(1) race activity; or

(2) speed, performance, stunt, or demolition contest or exhibition.

**13.** Caused by the actual, alleged or threatened presence, growth, proliferation or spread of **fungi** or bacteria.

**LIMIT OF LIABILITY**

**A.** The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

**1.** **Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the accident.

**B.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A,** Part **C** or any Underinsured Motorists Coverage of this policy.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance available any insurance we provide shall be excess over any other applicable auto medical payments insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible auto medical payments insurance.

## PART C — UNINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

**A.** We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury:**

**1.** Sustained by that **insured;** and

**2.** Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership,

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 860 of 1402

REPRINTED FROM THE FORMS LIBRARY

maintenance or use of the **uninsured motor vehicle.**

Any judgment for damages arising out of suit brought without our written consent is not binding on us.

**B.** "Insured" as used in this Part means:

1. You or any **family member.**

2. Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

3. Any person entitled to recover damages because of **bodily injury** to which this coverage applies sustained by a person described in **B.1.** or **B.2.** above.

**C.** "Uninsured motor vehicle" means a land motor vehicle or **trailer** of any type:

1. To which no bodily injury liability bond or policy applies at the time of the accident.

2. To which a bodily injury liability bond or policy applies at the time of the accident if its limit for bodily injury liability is less than the **minimum limits** for bodily injury liability specified by the financial responsibility law Idaho.

3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

   a. you or any **family member;**

   b. a vehicle which you or any **family member** are **occupying;** or

   c. **your covered auto.**

4. To which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:

   a. denies coverage; or

   b. is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any **family member.**

2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

**EXCLUSIONS**

**A.** We do not provide Uninsured Motorists Coverage for **bodily injury** sustained:

1. By an **insured** while **occupying,** or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

2. By any **family member** while **occupying,** or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

**B.** We do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any **insured:**

1. If that **insured** or the legal representative settles the **bodily injury** claim without our consent.

2. While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(B.2.)** does not apply to a share-the-expense car pool.

3. Sustained while **occupying** any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

4. While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using **your covered auto.**

5. While **occupying** or operating an owned motorcycle or moped.

6. While using any vehicle while it is:

   a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   b. participating in a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any prearranged or organized:

      (1) race activity; or

      (2) speed, performance, stunt, or demolition contest or exhibition.

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 861 of 1402**

REPRINTED FROM THE FORMS LIBRARY

**C.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

    **1.** Workers compensation law; or

    **2.** Disability benefits law.

**D.** We do not provide Uninsured Motorists Coverage for **punitive or exemplary damages.**

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

This is the most we will pay regardless of the number of:

    **1. Insureds;**

    **2.** Claims made;

    **3.** Vehicles or premiums shown in the Declarations; or

    **4.** Vehicles involved in the accident.

**B.** If the Declarations indicate Combined Single Limit Coverage applies, paragraph **(A.)** above is replaced by the following:

The limit of liability shown in the Declarations for Uninsured Motorists Coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

    **1. Insureds;**

    **2.** Claims made;

    **3.** Vehicles or premiums shown in the Declarations; or

    **4.** Vehicles involved in the auto accident.

In no event shall the limit of liability for two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to injured persons.

We will apply the limit of liability to provide any separate **minimum limits** required by law for **bodily injury** and **property damage** liability. However, this provision will not change our total limit of liability.

**C.** If none of the vehicles insured in this policy is involved in the accident, Uninsured Motorists Coverage is available to the extent of coverage of any one of **your covered autos.**

**D.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **B** of this policy.

**E.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**F.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

    **1.** Workers compensation law; or

    **2.** Disability benefits or occupational disease laws.

**G.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer.**

## OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the policy:

    **1.** Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

    **2.** Any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for **your covered auto,** shall be excess over any collectible insurance.

    **3.** If the coverage under this policy is provided:

        **a.** on a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

        **b.** on an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 862 of 1402

REPRINTED FROM THE FORMS LIBRARY

limits of liability for coverage provided on an excess basis.

**ARBITRATION**

A. If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that **insured;**

from the owner or operator of an **uninsured motor vehicle** then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**ADDITIONAL DUTIES**

A person seeking Uninsured Motorists Coverage must also promptly send us copies of the legal papers if a suit is brought.

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

**INSURING AGREEMENT**

A. We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto,** including its equipment, any child safety seat in use in **your covered auto** or **non-owned auto,** minus any applicable deductible shown in the Declarations. We will pay for loss to **your covered auto** caused by:

1. Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto,** we will provide the broadest coverage applicable to any vehicle shown in the Declarations.

**Deductible**

Unless stated otherwise, the applicable deductible shown in the Declarations shall be applied to each accidental loss covered under this Part of the policy. However,

a. if loss to more than one of **your covered autos** or a **non-owned auto** results from the same loss, only the highest applicable deductible will apply;

b. in the event of a **collision** with another vehicle insured by a Safeco insurance company, other than a vehicle described as **your covered auto** or **non-owned auto,** no deductible will apply.

c. if loss to **your covered auto** or a **non-owned auto** results from the same event as a covered loss under your Homeowners, Condominium or Rental policy issued by a Safeco company, no deductible will apply to **your covered auto** or a **non-owned auto.**

B. "Collision" means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object.

"Comprehensive" means loss, other than **collision,** to **your covered auto** or a **non-owned auto.** Losses caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision,** you may elect to have it considered a loss caused by **collision.**

C. 1. "Non-owned auto" means:

a. Any private passenger auto, pickup, van (other than cargo van) or **trailer** with a Gross Vehicle Weight rating of 12,000 pounds or less or any cargo van or moving van with a Gross Vehicle Weight Rating of 18,000 pounds or less, not owned by or furnished or available for the regular use of you or any **family member**

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 863 of 1402**

while in the custody of or being operated by you or any **family member.**

    **b.** Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

        **(1)** breakdown;

        **(2)** repair;

        **(3)** servicing;

        **(4)** loss; or

        **(5)** destruction.

  **2.** **"Non-owned auto"** does not include any vehicle which has been operated or rented by or in the possession of an **insured** for 30 or more consecutive days. This does not apply to a temporary substitute vehicle authorized by us.

**D.** **"Camper body"** means a body equipped as sleeping or living quarters which is designed to be mounted on a pickup.

**E.** **"Diminution in value"** means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

**TRANSPORTATION EXPENSES**

**A.** Subject to the limitations described in paragraphs **B.** and **C.,** below, we will pay:

  **1.** Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto** or a **non-owned auto.** We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto. We will pay only expenses incurred during the period:

    **a.** beginning 48 hours after the theft; and

    **b.** ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

  **2.** Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto.** We will pay only expenses beginning when the **non-owned auto** is withdrawn from use for more than 24 hours. We will pay for indirect loss expenses if the loss is caused by:

    **a.** a **comprehensive** loss only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

    **b.** **collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

**B.** For the expenses described in paragraphs **A.1.** and **A.2.** we will pay the greater of the following, without application of a deductible:

  **1.** Up to $25 per day, to a maximum of $750; or

  **2.** The limit for Loss of Use, if any, shown in the Declarations.

**C.** Our payment for the expenses described in paragraphs **A.1.** and **A.2.** will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto.**

**EXCLUSIONS**

We will not pay for:

  **1.** Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This exclusion (**1.**) does not apply to a share-the-expense car pool.

  **2.** Loss to **your covered auto** or any **non-owned auto** while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

  **3.** Damage or loss due and confined to:

    **a.** wear and tear;

    **b.** freezing;

    **c.** mechanical or electrical breakdown or failure; or

    **d.** road damage to tires.

    This exclusion (**3.**) does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

  **4.** Damage or loss arising out of neglect. Neglect means your failure to adequately maintain **your covered auto** or **non-owned auto** after the loss.

    With respect to water under Comprehensive Coverage, there is no coverage for:

    **a.** moisture, condensation, humidity, or vapor;

    **b.** water intrusion around or through panels, surfaces and seals; or

    **c.** water that collects in spaces or ventilation systems; or

    **d.** **fungi,** dry rot or bacteria;

    resulting from neglect.

  **5.** Loss due to or as a consequence of:

    **a.** discharge of any nuclear weapon (even if accidental);

REPRINTED FROM THE FORMS LIBRARY

b. war (declared or undeclared);

c. civil war;

d. insurrection; or

e. rebellion or revolution.

6. Loss from or as a consequence of the following, whether controlled or uncontrolled or however caused:

a. nuclear reaction;

b. radiation; or

c. radioactive contamination.

7. Loss to:

a. any electronic equipment designed for the production or reproduction of sound, pictures, audio, visual or data or that receives or transmits sound, pictures or data signals.

b. This exclusion (**7.**) does not apply to:

(1) equipment designed for the reproduction of sound or transmission of sound, pictures, audio, visual or data signals and accessories used with such equipment, provided:

(a) the electronic equipment is permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto;** or

(b) the electronic equipment is:

i. removable from a housing unit which is permanently installed by the original vehicle manufacturer or manufacturer's dealership in the auto;

ii. designed to be solely operated by use of the power from the auto's electrical system; and

iii. in or upon **your covered auto** or any **non-owned auto;**

at the time of loss.

(c) any equipment installed through our Teensurance™ program.

However, we will pay only up to a total of $1,000 or the actual cash value of **your covered auto** or any **non-owned auto,**

whichever is less, for all such equipment that is not installed by the original vehicle manufacturer or manufacturer's dealership.

(2) any other electronic equipment that is:

(a) necessary for the normal operation of the auto or the monitoring of the auto's operating systems;

(b) an integral part of the same unit housing any electronic equipment described in **7.a.** and permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto.**

8. Loss to:

a. tapes, records, discs, or other media used with such equipment described in exclusion (**7.**); or

b. any other accessories, not permanently installed used with such equipment described in exclusion (**7.**).

9. Loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities because you or any **family member:**

a. engaged in illegal activities; or

b. failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion (**9.**) does not apply to the interests of Loss Payees in **your covered auto.**

10. Loss to a **camper body,** motorhome or **trailer** you own which is not shown in the Declarations. This exclusion (**10.**) does not apply to a **camper body,** motorhome or **trailer** you:

a. acquire during the policy period; and

b. ask us to insure within 30 days after you become the owner.

11. Loss to any **non-owned auto** when used by you or any **family member** without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.

12. Loss to equipment, whether operational or not, whose design may be used for the detection or location of law enforcement equipment.

REPRINTED FROM THE FORMS LIBRARY

13. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing; or

   e. parking;

   vehicles designed for use on public highways. This includes road testing and delivery.

14. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion **2.** and **13.** This exclusion (**14.**) does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

15. Loss to **your covered auto** or any **non-owned auto** while it is:

   a. operating on a surface designed or used for racing. This does not apply to an organized and controlled event that is not a speed, performance, stunt or demolition event;

   b. participating in a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any prearranged or organized:

      (1) race activity; or

      (2) speed, performance, stunt, or demolition contest or exhibition.

16. Loss to, or loss of use of, a **non-owned auto** rented by:

   a. you; or

   b. any **family member;**

   if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

17. Loss to **your covered auto** or any **non-owned auto,** arising out of the actual, alleged or threatened presence, growth, proliferation or spread of **fungi,** dry rot or bacteria.

18. Loss to **your covered auto, non-owned auto,** or **trailer,** for diminution in value.

19. Loss in excess of $1,000 per claim or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for any furnishings or equipment that were not installed by the original vehicle manufacturer or manufacturer's dealership which mechanically or structurally changes your vehicle and results in increase in performance or change in appearance, including but not limited to:

   a. custom murals, paintings or other decals or graphics;

   b. custom wheels, tachometers, pressure and temperature gauges;

   c. modified or custom engines and fuel systems, light bars, racing slicks and/or oversized tires, roll bars and lift kits, winches, utility boxes, and tool boxes; or

   d. non-standard paint.

   This exclusion does not apply to equipment installed to make a vehicle handicap accessible.

20. Loss arising out of the use of **your covered auto** while leased or rented to others.

21. Loss to **your covered auto** or a **non-owned auto** caused by an intentional act by you or a **family member,** or at the direction of you or a **family member.**

**LIMIT OF LIABILITY**

A. At our option, our limit of liability for loss will be the lowest of:

   1. The actual cash value of the stolen or damaged property;

   2. a. The amount necessary to repair or replace the property;

      b. Determination of the cost of repair or replacement will be based upon one of the following:

         (1) the cost of repair or replacement agreed upon by you and us;

         (2) a competitive bid approved by us; or

         (3) an estimate written based upon the prevailing competitive price. You agree with us that we may include in the estimate parts furnished by the original vehicle manufacturer or parts from other sources including non-original equipment manufacturers. The prevailing competitive price means prices charged by a majority of the repair market in the area where the vehicle is to

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 866 of 1402

REPRINTED FROM THE FORMS LIBRARY

be repaired as determined by us; or

3. The limit of liability shown in the Declarations.

However, the most we will pay for loss to any **non-owned auto,** which is a **trailer,** is $1,500.

**B.** An adjustment for depreciation and physical condition may be made based upon the physical condition and wear and tear of the property or damaged part of the property at the time of the loss. This adjustment for physical condition includes but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges and paint condition. When replacing parts normally subject to repair or replacement during the useful life of the vehicle, we will not pay for the amount of any betterment.

**PAYMENT OF LOSS**

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or

2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

**NO BENEFIT TO BAILEE**

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER SOURCES OF RECOVERY**

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the **non-owned auto;**

2. Any other applicable physical damage insurance;

3. Any other source of recovery applicable to the loss.

**APPRAISAL**

**A.** If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

**B.** We do not waive any of our rights under this policy by agreeing to an appraisal.

---

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

---

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**A.** We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

**B.** A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:

   a. to physical examinations by physicians we select. We will pay for these exams.

   b. to examination under oath and subscribe the same. We may examine any **insured** separately and apart from the presence of any other **insured.**

4. Authorize us to obtain:

   a. medical reports; and

   b. other pertinent records.

5. Submit a proof of loss, under oath if requested, when required by us.

**C.** A person seeking Uninsured Motorists Coverage or Underinsured Motorists Coverage must also:

1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved.

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 867 of 1402

REPRINTED FROM THE FORMS LIBRARY

**2.** Promptly send us copies of the legal papers if a suit is brought.

**D.** A person seeking Coverage for Damage to Your Auto must also:

    **1.** Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss.

We will pay reasonable expenses incurred to do this.

**2.** Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

**3.** Permit us to inspect and appraise the damaged property before its repair or disposal.

---

## PART F — GENERAL PROVISIONS

### POLICY PERIOD AND TERRITORY

**A.** This policy applies only to accidents and losses which occur:

    **1.** During the policy period as shown in the Declarations; and

    **2.** Within the policy territory.

**B.** The policy period is the period stated in the Declarations. The policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

**C.** The policy territory is:

    **1.** The United States of America, its territories or possessions;

    **2.** Puerto Rico; or

    **3.** Canada.

    This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

### BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

### CHANGES

**A.** This policy, your Declarations page and endorsements issued by us to this policy contain all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

**B.** The premium for your policy is based on information we have received from you or other sources. You agree to cooperate with us in determining if this information is correct and complete and you will notify us if it changes during the policy term. If this information is incorrect, incomplete, or changes during the policy term, we will adjust your premium or take other appropriate action based upon the corrected, completed or changed information. Changes during the policy term that will result in a premium increase or decrease during the

policy term include, but are not limited to, changes in:

**1.** The number, type or use classification of insured vehicles.

**2.** Operators using insured vehicles including newly licensed **family member** drivers and any household members that have licenses.

**3.** The location where your vehicle is principally garaged.

**4.** Customized equipment or parts.

You also agree to disclose all licensed drivers residing in the household.

**C.** If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph **(C.)** does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

**1.** A subsequent edition of your policy; or

**2.** An Amendatory Endorsement.

**D.** Additional or return premium of $3.00 or less resulting from policy changes will be waived.

### PAYMENT OF PREMIUM

If your initial premium payment is by check, draft or any remittance other than cash, coverage under this policy is conditioned upon the check, draft or remittance being honored upon presentment to the bank or other financial institution. If the check, draft or remittance is not honored upon presentment, this policy may, at our option, be deemed void from its inception. This means that we will not be liable under this policy for any claims or damages which would otherwise be covered if the check, draft, or remittance had been honored upon presentment.

### FRAUD

This policy was issued in reliance upon the information provided on your application.

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 868 of 1402**

····· REPRINTED FROM THE FORMS LIBRARY ·····

We may deny coverage for an accident or loss if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

We may deny coverage for fraud or material misrepresentation even after the occurrence of an accident or loss. This means we will not be liable for any claims or damages which would otherwise be covered. If we make a payment, we may request that you reimburse us. If so requested, you must reimburse us for any payments we may have already made.

## LEGAL ACTION AGAINST US

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A**, no legal action may be brought against us until:

1. We agree in writing that the **insured** has a legal obligation to pay damages; and

2. The amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring us into any action to determine the legal liability of an **insured**.

## OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another person, entity or organization we shall be subrogated to that right. That person shall:

1. Do whatever is necessary to enable us to exercise our rights; and

2. Do nothing after loss to prejudice them.

However, our rights in this paragraph (**A.**) do not apply under Part **D**, against any person using **your covered auto** with your express or implied permission or other person having lawful possession and is not using a vehicle beyond the scope of the permission granted.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

C. 1. Our rights do not apply under paragraph **A.** with respect to Underinsured Motorists Coverage if:

    a. We have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **underinsured motor vehicle**; and

b. We fail to advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

2. If we advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification:

    a. That payment will be separate from any amount the **insured** is entitled to recover under the provisions of Underinsured Motorists Coverage; and

    b. We also have a right to recover the advanced payment.

## TERMINATION

A. **Cancellation.** This policy may be canceled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

    a. returning this policy to us; or

    b. giving us advance written or verbal notice of the date cancellation is to take effect. We may waive the requirement the notice be in writing by confirming the date and time of cancellation to you in writing.

2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

    a. at least 10 days notice if cancellation is for nonpayment of premium; or

    b. at least 20 days notice in all other cases.

3. After this policy is in effect for 60 days, or if this is a renewal policy, we will cancel only:

    a. for nonpayment of premium; or

    b. if you failed to disclose fully your motor vehicle accidents and moving violations, or your losses covered under any auto physical damage or comprehensive coverage, for the preceding 36 months if asked for in the application; or

    c. if you or any other driver who lives with you or customarily uses **your covered auto**:

        (1) violates any of the terms and conditions of this policy;

        (2) makes a false or fraudulent claim or knowingly aided or abetted another in making such a claim;

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 869 of 1402**

REPRINTED FROM THE FORMS LIBRARY

(3) has had his or her driver's license suspended or revoked within 36 months prior to the issuance of the notice of cancellation or nonrenewal. This does not apply to persons under 19 years of age whose driver's license has been suspended due to the use, possession, procurement, attempted procurement or dispensing of any alcoholic beverage;

(4) has a history of and is subject to epilepsy or heart attacks, and such individual cannot produce a certificate from a physician testifying to his or her ability to operate a motor vehicle;

(5) has an accident record, conviction record (criminal or traffic), physical, mental, or other condition which is such that the operation of an auto might endanger the public safety;

(6) has engaged in a prearranged competitive speed contest while operating or riding in **your covered auto** during the policy period;

(7) has been addicted to the use of narcotics and other drugs within 36 months prior to the issuance of notice of cancellation or nonrenewal;

(8) uses alcoholic beverages to excess; or

(9) is or has been convicted, or forfeited bail, during the 36 months immediately preceding the issuance of the notice of cancellation or nonrenewal for:

(a) any felony;

(b) criminal negligence resulting in death, homicide, or assault arising out of the operation of a motor vehicle;

(c) operating a motor vehicle while in an intoxicated condition or while under the influence of drugs;

(d) leaving the scene of an accident without stopping to report;

(e) theft or unlawful taking of a motor vehicle;

(f) making fraudulent statements in an application for a driver's license; or

(10) is or has been convicted of, has had a judgment entered against, or forfeited bail for 3 or more violations of **(i)** any law, ordinance, or regulation limiting the speed of motor vehicles; or **(ii)** any of the provisions of the motor vehicle laws of any state, the violation of which constitutes a misdemeanor, whether or not the violations were repetitions of the same offense or were different offenses.

d. if **your covered auto** is:

(1) so mechanically defective that its operation might endanger public safety; or

(2) used in carrying passengers for hire or compensation, except that, the use of an auto for a car pool shall not be considered use of an auto for hire or compensation; or

(3) used in the business of transportation of flammables or explosives; or

(4) an authorized emergency vehicle; or

(5) modified or changed in condition during the policy period so as to increase the risk substantially; or

(6) subject to an inspection law and has not been inspected or, if inspected, has failed to qualify.

e. if the policy was obtained through material misrepresentation.

**B. Nonrenewal.** If we decide not to renew this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period.

We will only nonrenew this policy if:

1. One or more of the reasons as listed in paragraph **3.** of Cancellation exists;

2. You or any other driver who lives with you or customarily uses **your covered auto** fails to disclose fully, upon request therefor, facts relative to accidents and losses incurred, at any time during the policy period;

3. We are otherwise permitted by the laws of the State of Idaho.

SA-1852/IDEP 2/09

— 17 —

REPRINTED FROM THE FORMS LIBRARY

**C.** **Automatic Termination.** If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

Coverage for **your covered auto** shall automatically terminate on the effective date of any other motor vehicle insurance policy covering that vehicle.

**D.** **Other Termination Provisions.**

1. If the law in effect in your state at the time this policy is issued or renewed:

    **a.** requires a longer notice period;

    **b.** requires a special form of or procedure for giving notice; or

    **c.** modifies any of the stated termination reasons;

    we will comply with those requirements.

2. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

3. If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

4. The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**A.** Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse, civil partner or **domestic partner** if resident in the same household at the time of death. Coverage applies to the spouse, civil partner or **domestic partner** as if a named insured shown in the Declarations; and

2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect

to the representative's legal responsibility to maintain or use **your covered auto.**

**B.** Coverage will only be provided until the end of the policy period.

**TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES**

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto. In no event shall the limit of liability of two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to you or any **insured.**

**LOSS PAYABLE CLAUSE**

As to the interest of the loss payee, this policy will remain in effect from the inception date and until ten days after proof of mailing that the cancellation notice has been mailed to the loss payee. When we pay the loss payee we shall, to the extent of payment, have the loss payee's rights of recovery.

Where fraud, misrepresentation, material omission, or intentional damage has been committed by or at the direction of any **insured,** or where the loss is otherwise not covered under the terms of the policy, the loss payee or lienholder's interest will not be protected.

**STORAGE COSTS**

If you give us your consent, we may move the damaged property, at our expense, to reduce storage costs during the claims process. If you do not give us your consent, we will pay only the storage costs which would have resulted if we had moved the damaged property.

**LIMITATION OF OPERATORS ENDORSEMENT**

If there is an excluded driver under this policy, then we will not provide coverage for any claim arising from an accident or loss involving a motor vehicle being operated by that excluded person. This includes any claim for damages made against you or any **family member** or any other person or organization that is vicariously liable for an accident arising out of the operation of a motor vehicle by the excluded driver.

This provision does not apply to Uninsured Motorists Bodily Injury Coverage or the legal liability of the named insured.

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 871 of 1402

REPRINTED FROM THE FORMS LIBRARY

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

### UNDERINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

**A.** We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury:**

   **1.** Sustained by that **insured; and**

   **2.** Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle.**

We will pay damages under this coverage caused by an accident with an **underinsured motor vehicle** only if **1.** or **2.** below applies:

   **1.** The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or

   **2.** A tentative settlement has been made between an **insured** and the insurer of the **underinsured motor vehicle** and we:

     **a.** have been given prompt written notice of such tentative settlement; and

     **b.** advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

Any judgment for damages arising out of suit brought without our written consent is not binding on us.

**B.** "**Insured**" as used in this Part means:

   **1.** You or any **family member.**

   **2.** Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

   **3.** Any person entitled to recover damages because of **bodily injury** to which this coverage applies sustained by a person described in **B.1.** or **B.2.** above.

**C.** "**Underinsured motor vehicle**" means a land motor vehicle or **trailer** of any type to which bodily injury liability bonds or policies apply, but the sum of the limits of liability under all such bonds or policies applicable at the time of the accident is less than the applicable limits of liability for Underinsured Motorists Coverage under this policy.

However, "**underinsured motor vehicle**" does not include any vehicle or equipment:

   **1.** Which is an **uninsured motor vehicle.**

   **2.** Owned by or furnished or available for the regular use of you or any **family member.**

   **3.** Owned by any governmental unit or agency.

   **4.** Operated on rails or crawler treads.

   **5.** Designed mainly for use off public roads while not upon public roads.

   **6.** While located for use as a residence or premises.

### EXCLUSIONS

**A.** We do not provide Underinsured Motorists Coverage for **bodily injury** sustained:

   **1.** By an **insured** while **occupying,** or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

   **2.** By any **family member** while **occupying,** or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

**B.** We do not provide Underinsured Motorists Coverage for **bodily injury** sustained by any **insured:**

   **1.** If that **insured** or the legal representative settles the **bodily injury** claim without our consent.

   **2.** While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(B.2.)** does not apply to a share-the-expense car pool.

   **3.** Sustained while **occupying** any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

   **4.** While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this

SA-1852/IDFP 2/09        — 19 —

REPRINTED FROM THE FORMS LIBRARY

exclusion does not apply to you or any **family member** using **your covered auto.**

5. While **occupying** or operating an owned motorcycle or moped.

6. While using any vehicle while it is:

   a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   b. participating in a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any prearranged or organized:

      (1) race activity; or

      (2) speed, performance, stunt, or demolition contest or exhibition.

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

   1. Workers compensation law; or

   2. Disability benefits law.

D. We do not provide Underinsured Motorists Coverage for **punitive or exemplary damages**.

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Declarations for "each person" for Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

This is the most we will pay regardless of the number of:

   1. **Insureds;**

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations; or

   4. Vehicles involved in the accident.

B. If the Declarations indicate Combined Single Limit Coverage applies, paragraph **(A.)** above is replaced by the following:

The limit of liability shown in the Declarations for Underinsured Motorists Coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

   1. **Insureds;**

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations; or

   4. Vehicles involved in the auto accident.

In no event shall the limit of liability for two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to injured persons.

We will apply the limit of liability to provide any separate **minimum limits** required by law for **bodily injury** and **property damage** liability.

However, this provision will not change our total limit of liability.

C. The limit of liability shall be reduced by the sum of the limits of liability under all bodily injury liability bonds or policies (other than this policy) applicable at the time of the accident.

D. If none of the vehicles insured in this policy is involved in the accident, Underinsured Motorists Coverage is available to the extent of coverage of any one of **your covered autos.**

E. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **B** of this policy.

F. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

G. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

   1. Workers compensation law; or

   2. Disability benefits or occupational disease laws.

H. A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer.**

**OTHER INSURANCE**

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the policy:

   1. Any recovery for damages under all such policies or provisions of coverage may

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 873 of 1402**

   Equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

2. Any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for **your covered auto,** shall be excess over any collectible insurance.

3. If the coverage under this policy is provided:

   a. on a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

   b. on an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

   Underinsured Motorists Coverage shall be excess over all bodily injury bonds or policies applicable at the time of the accident.

**EXHAUSTION CLAUSE**

We are not obligated to make any payment because of **bodily injury** to which this insurance applies and which arises out of the ownership, maintenance or use of an **underinsured motor vehicle** until after the limits of liability under all bodily injury liability bonds or policies applicable at the time of the accident have been exhausted by payment of judgments or settlements.

**ARBITRATION**

A. If we and an **insured** do not agree:

   1. Whether that **insured** is legally entitled to recover damages; or

   2. As to the amount of damages which are recoverable by that **insured;**

   from the owner or operator of an **underinsured motor vehicle** then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

   Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:

   1. Pay the expenses it incurs; and

   2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**ADDITIONAL DUTIES**

A person seeking Underinsured Motorists Coverage must also promptly:

   1. Send us copies of the legal papers if a suit is brought; and

   2. Notify us in writing of a tentative settlement between the **insured** and the insurer of the **underinsured motor vehicle** and allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **underinsured motor vehicle.**

**UNINSURED MOTORISTS COVERAGE PROPERTY DAMAGE**

**INSURING AGREEMENT**

A. We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **property damage** caused by an accident if the Declarations indicates that Uninsured Motorists Property Damage applies.

   The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

B. **"Insured"** as used in this coverage means:

   1. You or any **family member.**

   2. Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

C. **"Property damage"** as used in this coverage means injury to, destruction of or loss of use of:

   1. **Your covered auto.**

   2. Any property owned by an **insured.**

   3. Any property owned by you or any **family member** while contained in any auto not owned, but being operated, by you or any **family member.**

D. **"Uninsured motor vehicle"** means a land motor vehicle or **trailer** of any type:

   1. To which no property damage liability bond or policy applies at the time of the accident.

REPRINTED FROM THE FORMS LIBRARY

2. To which a liability bond or policy applies at the time of the accident if its limit for property damage liability is less than the minimum limit for property damage liability specified by the Idaho financial responsibility law.

3. To which property damage liability bonds or policies apply at the time of the accident, but all of the bonding or insurance companies deny coverage or are or become insolvent.

4. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **property damage** without hitting:

    a. a vehicle which you or any **family member** are **occupying**; or

    b. **your covered auto.**

    If there is no physical contact with the vehicle causing the accident, the facts of the accident must be proved. We will only accept competent evidence other than the testimony of an **insured** or any person having an uninsured motorists claim resulting from the accident.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any **family member.**

2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

## EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for **property damage** sustained:

1. By an **insured** while **occupying**, or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

2. By any **family member** while **occupying**, or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

B. We do not provide Uninsured Motorists Coverage for **property damage** sustained by any **insured**:

1. If that **insured** or the legal representative settles the **property damage** claim without our consent. However, this exclusion **(B.1.)** only applies if the settlement prejudices our right to recover payment.

2. While operating or **occupying** any motor vehicle, including a **trailer** of any type, owned by, furnished or available for regular use by that **insured** which is not insured for this Liability Coverage under this policy.

3. If the accident was caused by an auto which has no physical contact with **your covered auto** or a vehicle an insured is **occupying** at the time of the accident unless:

    a. the facts of the accident are corroborated by competent evidence other than a person having an Uninsured Motorists Coverage claim resulting from the accident; and

    b. the accident is reported to the appropriate law enforcement agency within 24 hours after the accident.

4. When **your covered auto** is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

5. While using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

6. While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using **your covered auto.**

7. While **occupying** or operating an owned motorcycle or moped.

8. While using any vehicle while it is:

    a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

    b. participating in a high performance driving or racing instruction course or school; or

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 875 of 1402**

REPRINTED FROM THE FORMS LIBRARY

c. preparing for, practicing for, used in, or competing in any prearranged or organized:

(1) race activity; or

(2) speed, performance, stunt, or demolition contest or exhibition.

C. We do not provide Uninsured Motorists Coverage for **punitive or exemplary damages.**

D. This coverage shall not apply to the benefit of any insurer of property.

### DEDUCTIBLES

The following will be deducted from the amount of **property damage** resulting from any one accident:

1. $300 if the accident is caused by a hit-and-run vehicle or a vehicle which has no physical contact with **your covered auto.**

2. $100 in all other cases.

### LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for Uninsured Motorists Property Damage is our maximum limit of liability for all **property damage** sustained in any one accident.

B. Any amounts otherwise payable for damages which the **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **property damage** caused by an accident shall by reduced by all sums paid because of the **property damage** by or on behalf of persons or organizations who may be legally responsible.

### OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to this insurance provided under this Part of the policy:

1. If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

2. For any **property damage** to which the Collision Coverage of this policy (or similar coverage from another policy) and this coverage both apply, you may choose the coverage from which damages will be paid. You may recover under both coverages, but only if:

a. neither one by itself is sufficient to cover the loss; and

b. you will not recover more than the actual damages, less the applicable deductible.

3. With respect to all other property, this coverage shall be excess over any other collectible insurance.

### TOWING AND LABOR COSTS COVERAGE

A. We will pay reasonable expenses incurred each time **your covered auto** or a **non-owned auto** is disabled, for:

1. Towing to the nearest place where necessary repairs can be made during regular **business** hours;

2. Towing to dislodge the vehicle from its place of disablement if on or next to a public street or highway;

3. Mechanical labor up to one hour at the place of its breakdown, including change of tire;

4. Delivery of gasoline, oil or loaned battery. We do not pay the cost of these items.

B. We will pay for key lock-out services and labor costs incurred at the location of **your covered auto** or **non-owned auto,** but not exceeding $50 for services provided.

No deductible applies to this coverage.

### LOSS OF USE COVERAGE

The provisions and exclusions that apply to Part **D** — Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use Coverage is afforded, we will reimburse you for expenses you incur to rent a substitute vehicle.

This coverage applies only if:

1. The vehicle is withdrawn from use for more than 24 hours;

2. The loss is caused by **collision,** or is covered by the Comprehensive Coverage of this policy; and

3. The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the vehicle.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the vehicle.

Our payment will be limited to that period of time reasonably required to repair or replace the vehicle. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

No deductible applies to this coverage.

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 876 of 1402**

REPRINTED FROM THE FORMS LIBRARY

**FULL SAFETY GLASS COVERAGE**

We will pay under Comprehensive Coverage for the cost of repairing or replacing damaged **safety equipment** on **your covered auto** without a deductible. We will pay only if:

1. The Declarations indicates that Comprehensive Coverage applies; and

2. A specific premium charge for Full Safety Glass Coverage is shown in the Declarations for **your covered auto.**

   **"Safety equipment"**, as used in this coverage means the:

1. Glass used in the windshield, doors and windows of **your covered auto;** and

2. Glass, plastic or other material used in the lights of **your covered auto.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 877 of 1402**



# MONTANA PERSONAL AUTO POLICY

SAFECO INSURANCE COMPANY OF ILLINOIS
Home Office: 2800 W. Higgins Rd., Suite 1100, Hoffman Estates, Illinois 60195

## READY REFERENCE TO YOUR AUTO POLICY

| | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A — LIABILITY COVERAGE** | 3 |
| Insuring Agreement | |
| Supplementary Payments | |
| Exclusions | |
| Limit of Liability | |
| Out of State Coverage | |
| Financial Responsibility | |
| Other Insurance | |
| **PART B — MEDICAL PAYMENTS COVERAGE** | 6 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART C — UNINSURED/UNDERINSURED MOTORISTS COVERAGE** | 8 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO** | 10 |
| Insuring Agreement | |
| Transportation Expenses | |
| Exclusions | |
| Limit of Liability | |
| Payment of Loss | |
| No Benefit to Bailee | |
| Other Sources of Recovery | |
| Appraisal | |
| **PART E — DUTIES AFTER AN ACCIDENT OR LOSS** | 14 |
| **PART F — GENERAL PROVISIONS** | 15 |
| Policy Period and Territory | |
| Changes | |
| Termination | |
| Two or More Autos Insured; Two or More Auto Policies | |
| **ADDITIONAL COVERAGES** | 18 |
| Uninsured Motorists Coverage - Property Damage | |
| Roadside Assistance Coverage | |
| Loss of Use Coverage | |
| Full Safety Glass Coverage | |

```
# # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # #
# # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # #
# # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # #
# # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # #
# # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # #
# # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # #
# # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # #
# # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # #
# # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # #
# # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # # #
```

SA-1852/MTEP 7/09

---

**NOTICE**

THE LIMITS SHOWN ON THE DECLARATIONS REFLECT THE LIMITS YOU HAVE CHOSEN FOR
EACH COVERAGE LISTED. IN NO EVENT SHALL THE LIMIT OF LIABILITY FOR TWO OR MORE
VEHICLES OR TWO OR MORE POLICIES BE ADDED TOGETHER, COMBINED OR STACKED TO
DETERMINE THE LIMIT OF LIABILITY AVAILABLE TO INJURED PERSONS.

---

SA-1852/MTEP 7/09

## AGREEMENT

In return for your payment of all premiums, and in reliance upon the statements in the application we agree to insure you subject to the terms, conditions and limitations of this policy. We will insure you for the coverages and limits shown on the Declarations. Your policy consists of the policy contract, Declarations and endorsements applicable to the policy.

## DEFINITIONS

**A.** Throughout this policy, "you" and "your" refer to:

    **1.** The "named insured" shown in the Declarations;

    **2.** The spouse if a resident of the same household;

    **3.** The civil partner, if a resident of the same household, by civil union licensed and certified by the state; or

    **4.** The **domestic partner**, if a resident of the same household;

    **"Domestic partner"** means a person living as a continuing partner with you and:

        **(a)** is at least 18 years of age and competent to contract;

        **(b)** is not a relative; and

        **(c)** shares with you the responsibility for each other's welfare, evidence of which includes:

            **(1)** the sharing in domestic responsibilities for the maintenance of the household; or

            **(2)** having joint financial obligations, resources, or assets; or

            **(3)** one with whom you have made a declaration of domestic partnership or similar declaration with an employer or government entity.

    **Domestic partner** does not include more than one person, a roommate whether sharing expenses equally or not, or one who pays rent to the named insured.

**B.** "We," "us" and "our" refer to the Company, as shown on the Declarations providing this insurance.

**C.** For purposes of this policy, a private passenger auto shall be deemed to be owned by a person if leased:

    **1.** Under a written agreement to that person; and

    **2.** For a continuous period of at least six months.

**D.** Throughout the policy, **"minimum limits"** refers to the following limits of liability required by Montana law to be provided under a policy of automobile liability insurance:

    **1.** $25,000 for each person, subject to $50,000 for each accident, with respect to **bodily injury;**

    **2.** $10,000 for each accident with respect to **property damage.**

Other words and phrases are defined. They are in bold type when used.

**E.** **"Bodily injury"** means bodily harm, sickness or disease, including death that results.

**F.** **"Business"** includes trade, profession or occupation.

**G.** **"Family member"** means a person related to you by blood, marriage, civil union, domestic partnership or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

**H.** **"Fungi"** means any type or form of fungus, including yeast, mold or mildew, blight or mushroom and any mycotoxins, spore, scents or other substances, products or byproducts produced, released by or arising out of **fungi**, including growth, proliferation or spread of **fungi** or the current or past presence of **fungi**. However, this definition does not include any **fungi** intended by the **insured** for consumption.

**I.** **"Occupying"** means in; upon; or getting in, on, out or off.

**J.** **"Property damage"** means physical injury or destruction of tangible property including loss of use.

**K.** **"Punitive or exemplary damages"** include damages which are awarded to punish or deter wrongful conduct, to set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for **bodily injury** or **property damage.**

**L.** **"Trailer"** means a vehicle designed to be pulled by a:

    **1.** Private passenger auto; or

    **2.** Pickup, van or motorhome.

It also means a recreational camping vehicle, a farm wagon or farm implement while towed by a vehicle listed in **L.1.** or **L.2.** above.

**M.** **"Your covered auto"** means:

    **1.** Any vehicle shown in the Declarations.

    **2.** **a.** Any newly acquired vehicle, whether operational or not, on the date you become the owner, subject to conditions for **Newly Acquired Replacement Vehicle** and **Newly Acquired Additional Vehicle** under **M.2.b.** below. Any newly acquired vehicle must be of the following types:

        **(1)** a private passenger auto;

        **(2)** a pickup or van that:

            **(a)** has a Gross Vehicle Weight Rating of 12,000 lbs or less; and

            **(b)** is not used for the delivery or transportation of goods and materials unless such use is:

                **i.** incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

                **ii.** for farming or ranching; or

        **(3)** a motorhome or **trailer.**

        **b.** A newly acquired vehicle is subject to the following conditions:

            **(1)** **Newly Acquired Replacement Vehicle.** If the vehicle you acquire replaces one shown in the Declarations, the replacement vehicle will have the same coverage as the vehicle it replaced, other than Part **D** — Coverage for Damage to Your Auto. This provision applies only if there is no other insurance policy that provides coverage for that replacement vehicle.

                Part **D** — Coverage for Damage to Your Auto shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition, only to the extent Part **D** — Coverage for Damage to Your Auto applied to the vehicle being replaced. You must notify us within thirty (30) days after you acquire the replacement vehicle for Part **D**

                — Coverage for Damage to Your Auto to continue.

            **(2)** **Newly Acquired Additional Vehicle.** For any newly acquired vehicle that is in addition to any shown in the Declarations coverage shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition. Coverage shall be the broadest coverage we provide for any vehicle shown in the Declarations. This coverage applies only if:

                **(a)** you acquire the additional vehicle during the policy period shown on the Declarations; and

                **(b)** there is no other insurance policy that provides coverage for the additional vehicle.

                If you wish to add or continue coverage you must ask us to insure the additional vehicle within thirty (30) days after you acquire the additional vehicle. This thirty (30) days of coverage includes the day you acquire the vehicle.

            **(3)** Collision Coverage for a newly acquired vehicle begins on the date that you acquire the vehicle. However, if the Declarations does not indicate that Collision Coverage applies to at least one vehicle, you must ask us to insure the newly acquired vehicle within four (4) days after you acquire it. If a loss occurs during the four (4) days after you acquire the vehicle but before you asked us to insure the newly acquired vehicle, a $500 collision deductible will apply.

            **(4)** Comprehensive Coverage for a newly acquired vehicle begins on the date that you acquire the vehicle. However, if the Declarations does not indicate that Comprehensive Coverage applies to at least one vehicle, you must ask us to insure the newly acquired vehicle within four (4) days after you acquire it. If a loss occurs during the four (4) days after you acquire the vehicle but before you asked us to insure the newly acquired

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 881 of 1402**

vehicle, a $500 comprehensive deductible will apply.

**3.** Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

    **a.** breakdown;

**b.** repair;

**c.** servicing;

**d.** loss; or

**e.** destruction.

This provision **(M.3.)** does not apply to Coverage for Damage to Your Auto.

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

**A.** We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**B.** "Insured" as used in this Part means:

    **1.** You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

    **2.** Any person using **your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

    **3.** For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under **B.1.** and **B.2.** above.

    **4.** For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision **(B.4.)** applies only if the person or organization does not own or hire the auto or **trailer.**

### INTEREST ON JUDGMENTS

We will pay interest on judgments subject to all of the following:

    **1.** Any notice, demand, summons, judgment, or any process has been promptly forwarded to us as required by the policy conditions.

    **2.** We accept the defense or agree to the judgment.

    **3.** We will pay the interest on that part of the judgment that is covered and that does not exceed our applicable limit of liability.

    **4.** We will pay interest that accrues after entry of judgment and before we pay, tender, or deposit in court.

    **5.** If we appeal the judgment, we will pay interest on the entire judgment.

    **6.** Post-judgment interest is in addition to the applicable limit of liability.

    **7.** Where we are required to cover prejudgment interest, it shall be included in the limit of liability and is not an additional amount of insurance.

### SUPPLEMENTARY PAYMENTS

We will pay on behalf of an **insured:**

    **1.** Up to $1,000 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy. We are not obligated to apply for or furnish such bonds.

    **2.** Premiums on appeal bonds and bonds to release attachments in any suit we defend.

    **3.** Up to $250 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

    **4.** Other reasonable expenses incurred at our request.

    **5.** Pay all expenses incurred by an **insured** for first aid to others at the time of the auto accident, not to exceed $10,000.

### EXCLUSIONS

**A.** We do not provide Liability Coverage for:

    **1.** Any **insured** who intentionally causes **bodily injury** or **property damage** even if such **bodily injury** or **property damage** is of a different kind or degree than expected or intended, or such **bodily injury** or **property damage** is sustained by a different person or persons than expected or intended.

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 882 of 1402**

2. **Property damage** to property owned or being transported by any **insured.**

3. **Property damage** to property:

   a. rented to;

   b. used by; or

   c. in the care of;

   any **insured.**

   This exclusion (**A.3.**) does not apply to **property damage** to a residence or private garage.

4. **Bodily injury** to an employee of any **insured** during the course of employment. This exclusion (**A.4.**) does not apply to **bodily injury** to a domestic employee unless workers compensation benefits are required or available for that domestic employee.

5. Any **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion (**A.5.**) does not apply to a share-the-expense car pool.

6. a. Any **insured** while employed or otherwise engaged in the **business** of:

      (1) selling;

      (2) repairing;

      (3) servicing;

      (4) storing; or

      (5) parking;

      vehicles designed for use mainly on public highways. This includes road testing and delivery.

   b. This exclusion (**A.6.**) does not apply to the ownership, maintenance or use of **your covered auto** by:

      (1) you;

      (2) any **family member**; or

      (3) any partner, agent or employee of you or any **family member.**

7. Any **insured** maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusion **A.7.** This exclusion (**A.7.**) does not apply to the maintenance or use of a:

   a. private passenger auto;

   b. pickup, motorhome or van that:

      (1) you own; or

      (2) you do not own while used as a temporary substitute for your **covered auto** which is out of normal use because of its:

      (a) breakdown;

      (b) repair;

      (c) servicing;

      (d) loss; or

      (e) destruction; or

   c. **trailer** used with a vehicle described in **A.7.a.** or **A.7.b.** above.

8. Any **insured** using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to a **family member** using **your covered auto.**

9. a. **Bodily injury** or **property damage** for which any **insured:**

      (1) is an insured under a nuclear energy liability policy; or

      (2) would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   b. A nuclear energy liability policy is a policy issued by any of the following or their successors:

      (1) Nuclear Energy Liability Insurance Association;

      (2) Mutual Atomic Energy Liability Underwriters; or

      (3) Nuclear Insurance Association of Canada.

10. **Punitive or exemplary damages** awarded against any **insured.**

11. **Bodily injury** or **property damage** arising out of the use of **your covered auto** while leased or rented to others. However, this exclusion does not apply to the operation of **your covered auto** by you or a **family member.**

12. **Bodily injury** or **property damage** arising out of a criminal act or omission of the **insured.** This exclusion applies regardless of whether that **insured** is actually charged with, or convicted of, a crime. However, this exclusion (**12.**) does not apply to traffic violations.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. a. Any vehicle which:

      (1) has fewer than four wheels;

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 883 of 1402**

(2) is designed mainly for use off public roads; or

(3) is a vehicle not licensed for use on public roads.

**b.** This exclusion does not apply:

(1) while such vehicle is being used by an **insured** in a medical emergency; or

(2) to any **trailer.**

**2.** Any vehicle, other than **your covered auto,** which is:

**a.** owned by you; or

**b.** furnished or available for your regular use.

**3. a.** Any vehicle, other than **your covered auto,** which is:

(1) owned by any **family member** or other person who resides with you; or

(2) furnished or available for the regular use of any **family member** or other person who resides with you.

**b.** However, this exclusion (**B.3.**) does not apply to you while you are maintaining or **occupying** any vehicle which is:

(1) owned by a **family member** or other person who resides with you; or

(2) furnished or available for the regular use of a **family member** or other person who resides with you.

**4.** Any vehicle while it is:

**a.** operating on a surface designed or used for racing, except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

**b.** participating in a high performance driving or racing instruction course or school; or

**c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

(1) race activity; or

(2) speed, performance, stunt, or demolition contest or exhibition.

**LIMIT OF LIABILITY**

**A.** If the Declarations indicates "per person"/"per accident" coverage applies:

The limit of liability as shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

**1.** **Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the auto accident.

**B.** If the Declarations indicate **Combined Single Limit** applies, Paragraph **A.** above is replaced by the following:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

**1.** **Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate **minimum limits** required by law for **bodily injury** and **property damage** liability. However, this provision will not change our total limit of liability.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **B** or Part **C** of this policy.

**D.** A vehicle and attached trailer are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached trailer.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

**A.**  If the state or province has:

    **1.**  A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

    **2.**  A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required **minimum limits** and types of coverage.

**B.**  No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required. The **insured** must reimburse us if we make a payment that we would not have made if this policy was not certified as proof of financial responsibility.

## OTHER INSURANCE

If there is other applicable liability insurance available any insurance we provide shall be excess over any other applicable liability insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible liability insurance.

---

# PART B — MEDICAL PAYMENTS COVERAGE

---

## INSURING AGREEMENT

**THIS POLICY PROVIDES MEDICAL PAYMENTS COVERAGE ONLY FOR CERTAIN MEDICAL EXPENSES.**

**SOME MEDICAL EXPENSES MAY EXCEED THE COVERAGE LIMITATIONS DESCRIBED IN THIS POLICY. IF SO, THEY MAY NOT BE COVERED BY THIS POLICY.**

**A.**  We will pay **usual and customary charges** incurred for reasonable and necessary medical and funeral expenses because of **bodily injury:**

    **1.**  Caused by accident; and

    **2.**  Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within three (3) years from the date of the accident.

We have a right to review medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

**B.**  "Insured" as used in this Part means:

    **1.**  You or any **family member:**

        **a.**  while **occupying;** or

        **b.**  as a pedestrian or bicyclist when struck by;

        a motor vehicle designed for use mainly on public roads or a **trailer** of any type.

    **2.**  Any other person while **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

    **3.**  Any other person while **occupying,** as a guest, an automobile not owned by you or

a **family member,** while being operated by you or a **family member.**

**C.**  "Usual and customary charges" as used in this Part mean:

Any amount which we determine represents a customary charge for services in the geographic area in which the service is rendered. To determine whether a charge is customary, we may consider outside sources of information of our choice, including, but not limited to:

    **1.**  Licensed, certified or registered health care professionals;

    **2.**  Medical examinations;

    **3.**  Medical file reviews;

    **4.**  Medical bill review services; or

    **5.**  Computerized data bases.

The **insured** shall not be responsible for payment of any reduction applied by us. If a medical provider disputes an amount paid by us, we will be responsible for resolving such disputes.

## EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury:**

    **1.**  Sustained while **occupying** any motorized vehicle having fewer than four wheels.

    **2.**  Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion (**2.**) does not apply to a share-the-expense car pool.

    **3.**  Sustained while occupying any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 885 of 1402**

products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

**4.** Sustained while **occupying** any vehicle located for use as a residence or premises.

**5.** Occurring during the course of employment if workers compensation benefits are required or available for the **bodily injury.**

**6.** Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

  **a.** owned by you; or

  **b.** furnished or available for your regular use.

**7.** Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

  **a.** owned by any **family member** or other person who resides with you; or

  **b.** furnished or available for the regular use of any **family member** or other person who resides with you.

  However, this exclusion **(7.)** does not apply to you.

**8.** Sustained while **occupying** a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However this exclusion does not apply to a **family member** using **your covered auto.**

**9.** Sustained while **occupying** a vehicle when it is being used in the **business** of an **insured.** This exclusion **(9.)** does not apply to **bodily injury** sustained while **occupying** a:

  **a.** private passenger auto;

  **b.** pickup, van or motorhome that you own; or

  **c.** **trailer** used with a vehicle described in **a.** or **b.** above.

**10.** Caused by or as a consequence of:

  **a.** discharge of a nuclear weapon (even if accidental);

  **b.** war (declared or undeclared);

  **c.** civil war;

  **d.** insurrection; or

  **e.** rebellion or revolution.

**11.** From or as a consequence of the following, whether controlled or uncontrolled or however caused:

  **a.** nuclear reaction;

  **b.** radiation; or

  **c.** radioactive contamination.

**12.** Sustained while **occupying** any vehicle while it is:

  **a.** operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

  **b.** participating in a high performance driving or racing instruction course or school; or

  **c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

    **(1)** race activity; or

    **(2)** speed, performance, stunt, or demolition contest or exhibition.

**13.** Caused by the actual, alleged or threatened presence, growth, proliferation or spread of **fungi** or bacteria.

**LIMIT OF LIABILITY**

**A.** The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

**1.** **Insureds;**

**2.** Claims made;

**3.** Vehicles shown in the Declarations; or

**4.** Vehicles involved in the accident.

**B.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **C** of this policy.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance available any insurance we provide shall be excess over any other applicable auto medical payments insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible auto medical payments insurance.

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 886 of 1402

## PART C — UNINSURED/UNDERINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

**A.** We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** because of **bodily injury:**

  **1.** Sustained by that **insured;** and

  **2.** Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or **underinsured motor vehicle.**

Any judgment for damages arising out of suit brought without our written consent is not binding on us.

**B.** "**Insured**" as used in this Part means:

  **1.** You or any **family member.**

  **2.** Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

  **3.** Any person entitled to recover damages because of **bodily injury** to which this coverage applies sustained by a person described in **B.1.** or **B.2.** above.

**C.** "**Underinsured motor vehicle**" means a land motor vehicle or **trailer** of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for **bodily injury** under that bond or policy to an **insured** is not enough to pay the full amount the **insured** is legally entitled to recover as damages.

However, "**underinsured motor vehicle**" does not include any vehicle or equipment:

  **1.** Which is an **uninsured motor vehicle.**

  **2.** Owned by or furnished or available for the regular use of you or any **family member.**

  **3.** Owned by any governmental unit or agency.

  **4.** Operated on rails or crawler treads.

  **5.** Designed mainly for use off public roads while not upon public roads.

  **6.** While located for use as a residence or premises.

**D.** "**Uninsured motor vehicle**" means a land motor vehicle or **trailer** of any type:

  **1.** To which no bodily injury liability bond or policy applies at the time of the accident.

  **2.** To which a bodily injury liability bond or policy applies at the time of the accident if its limit for bodily injury liability is less than the **minimum limits** for bodily injury liability.

  **3.** Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or causes an accident resulting in **bodily injury** without hitting:

  **a.** you or any **family member;**

  **b.** a vehicle which you or any **family member** are **occupying;** or

  **c.** **your covered auto.**

If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved. We will only accept competent evidence other than the testimony of a person making a claim under this or any similar coverage.

  **4.** To which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:

  **a.** denies coverage; or

  **b.** is or becomes insolvent.

However, "**uninsured motor vehicle**" does not include any vehicle or equipment:

  **1.** Owned by or furnished or available for the regular use of you or any **family member.**

  **2.** Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

  **3.** Owned by any governmental unit or agency.

  **4.** Operated on rails or crawler treads.

  **5.** Designed mainly for use off public roads while not on public roads.

  **6.** While located for use as a residence or premises.

**EXCLUSIONS**

**A.** We do not provide Uninsured/Underinsured Motorists Coverage for **bodily injury** sustained by any **insured:**

  **1.** While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(A.1.)** does not apply to a share-the-expense car pool.

  **2.** While using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 887 of 1402

purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

3. While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using **your covered auto.**

4. While **occupying** or operating an owned motorcycle or moped.

5. While using any vehicle while it is:

    a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

    b. participating in a high performance driving or racing instruction course or school; or

    c. preparing for, practicing for, used in, or competing in any prearranged or organized:

        (1) race activity; or

        (2) speed, performance, stunt, or demolition contest or exhibition.

B. We do not provide Underinsured Motorists Coverage for **bodily injury** sustained.

1. By you while **occupying** or when struck by, any motor vehicle you own which is not insured for this coverage under a policy issued by one of the Safeco companies. This includes a trailer of any type used with that vehicle.

2. By a **family member:**

    a. who owns an auto, while **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

    b. who does not own an auto, while **occupying,** or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

1. Workers compensation law; or

2. Disability benefits law.

D. We do not provide Uninsured/Underinsured Motorists Coverage for **punitive or exemplary damages.**

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Declarations for "each person" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person", the sum of the limits of liability shown in the Declarations for "each accident" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles shown in the Declarations; or

4. Vehicles involved in the accident.

B. If the Declarations indicate Combined Single Limit Coverage applies, paragraph **(A.)** above is replaced by the following:

The limit of liability shown in the Declarations for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles shown in the Declarations; or

4. Vehicles involved in the auto accident.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **B** of this policy.

D. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

E. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

1. Workers compensation law; or

2. Disability benefits or occupational disease laws.

SA-1852/MTEP 7/09                                    — 9 —

F.   A vehicle and attached trailer are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached trailer.

**OTHER INSURANCE**

If there is other applicable insurance similar to the insurance provided under this Part of this policy, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle:

1.   You do not own, including any vehicle while used as temporary substitute for **your covered auto;** or

2.   Owned by you or any **family member** which is not insured for this coverage under this policy;

Shall be excess over any other collectible insurance similar to the insurance provided under this Part of the policy.

**ARBITRATION**

A.   If we and an **insured** do not agree:

1.   Whether that **insured** is legally entitled to recover damages; or

2.   As to the amount of damages which are recoverable by that **insured;**

from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** then the matter may be arbitrated. However,

disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B.   Each party will:

1.   Pay the expenses it incurs; and

2.   Bear the expenses of the third arbitrator equally.

C.   Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**ADDITIONAL DUTIES**

A person seeking Uninsured/Underinsured Motorists Coverage must also promptly:

1.   Send us copies of the legal papers if a suit is brought; and

2.   Notify us in writing of a tentative settlement between the **insured** and the insurer of the **underinsured motor vehicle** and allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **underinsured motor vehicle.**

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

---

**INSURING AGREEMENT**

A.   We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto,** including its equipment, any child safety seat in use in **your covered auto** or **non-owned auto,** minus any applicable deductible shown in the Declarations. We will pay for loss to **your covered auto** caused by:

1.   Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2.   **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto,** we will provide the broadest coverage applicable to any vehicle shown in the Declarations.

**Deductible**

Unless stated otherwise, the applicable deductible shown in the Declarations shall be

applied to each accidental loss covered under this Part of the policy. However,

a.   if loss to more than one of **your covered autos** or a **non-owned auto** results from the same loss, only the highest applicable deductible will apply;

b.   in the event of a **collision** with another vehicle insured by a Safeco insurance company, other than a vehicle described as **your covered auto** or **non-owned auto,** no deductible will apply.

c.   if loss to **your covered auto** or a **non-owned auto** results from the same event as a covered loss under your Homeowners, Condominium or Rental policy issued by a Safeco company, no deductible will apply to **your covered auto** or a **non-owned auto.**

**B.** "Collision" means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object.

"Comprehensive" means loss, other than **collision,** to **your covered auto** or a **non-owned auto.** Losses caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision,** you may elect to have it considered a loss caused by **collision.**

**C. 1.** "Non-owned auto" means:

    **a.** Any private passenger auto, pickup, van (other than cargo van) or **trailer** with a Gross Vehicle Weight rating of 12,000 pounds or less or any cargo van or moving van with a Gross Vehicle Weight Rating of 18,000 pounds or less, not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member.**

    **b.** Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

        **(1)** breakdown;

        **(2)** repair;

        **(3)** servicing;

        **(4)** loss; or

        **(5)** destruction.

    **2.** "Non-owned auto" does not include any vehicle which has been operated or rented by or in the possession of an **insured** for 30 or more consecutive days.

**D.** "Camper body" means a body equipped as sleeping or living quarters which is designed to be mounted on a pickup. This does not apply to a temporary substitute vehicle authorized by us.

**E.** "Diminution in value" means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

**TRANSPORTATION EXPENSES**

**A.** Subject to the limitations described in paragraphs **B.** and **C.,** below, we will pay:

    **1.** Temporary transportation expenses incurred by you in the event of the total theft

of **your covered auto** or a **non-owned auto.** We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto. We will pay only expenses incurred during the period:

    **a.** beginning 48 hours after the theft; and

    **b.** ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

**2.** Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto.** We will pay only expenses beginning when the **non-owned auto** is withdrawn from use for more than 24 hours. We will pay for indirect loss expenses if the loss is caused by:

    **a.** a **comprehensive** loss only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

    **b.** **collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

**B.** For the expenses described in paragraphs **A.1.** and **A.2.** we will pay the greater of the following, without application of a deductible:

    **1.** Up to $25 per day, to a maximum of $750; or

    **2.** The limit for Loss of Use, if any, shown in the Declarations.

**C.** Our payment for the expenses described in paragraphs **A.1.** and **A.2.** will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto.**

**EXCLUSIONS**

We will not pay for:

    **1.** Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This exclusion **(1.)** does not apply to a share-the-expense car pool.

    **2.** Loss to **your covered auto** or any **non-owned auto** while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

    **3.** Damage or loss due and confined to:

        **a.** wear and tear;

        **b.** freezing;

   c.   mechanical or electrical breakdown or failure; or

   d.   road damage to tires.

This exclusion (**3.**) does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

**4.**   Damage or loss arising out of neglect. Neglect means your failure to adequately maintain **your covered auto** or **non-owned auto** after the loss.

With respect to water under Comprehensive Coverage, there is no coverage for:

   **a.**   moisture, condensation, humidity, or vapor;

   **b.**   water intrusion around or through panels, surfaces and seals; or

   **c.**   water that collects in spaces or ventilation systems; or

   **d.**   **fungi,** dry rot or bacteria;

resulting from neglect.

**5.**   Loss due to or as a consequence of:

   **a.**   discharge of any nuclear weapon (even if accidental);

   **b.**   war (declared or undeclared);

   **c.**   civil war;

   **d.**   insurrection; or

   **e.**   rebellion or revolution.

**6.**   Loss from or as a consequence of the following, whether controlled or uncontrolled or however caused:

   **a.**   nuclear reaction;

   **b.**   radiation; or

   **c.**   radioactive contamination.

**7.**   Loss to:

   **a.**   any electronic equipment designed for the production or reproduction of sound, pictures, audio, visual or data or that receives or transmits sound, pictures or data signals.

   **b.**   This exclusion (**7.**) does not apply to:

      **(1)**   equipment designed for the reproduction of sound or transmission of sound, pictures, audio, visual or data signals and accessories used with such equipment, provided:

         **(a)**   the electronic equipment is permanently installed by the original vehicle manufacturer or manufacturer's

dealership in **your covered auto** or any **non-owned auto;** or

         **(b)**   the electronic equipment is:

            **i.**   removable from a housing unit which is permanently installed by the original vehicle manufacturer or manufacturer's dealership in the auto;

            **ii.**   designed to be solely operated by use of the power from the auto's electrical system; and

            **iii.**   in or upon **your covered auto** or any **non-owned auto;**

         at the time of loss.

         **(c)**   any equipment installed through our Teensurance™ program.

      However, we will pay only up to a total of $1,000 or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for all such equipment that is not installed by the original vehicle manufacturer or manufacturer's dealership.

      **(2)**   any other electronic equipment that is:

         **(a)**   necessary for the normal operation of the auto or the monitoring of the auto's operating systems;

         **(b)**   an integral part of the same unit housing any electronic equipment described in **7.a.** and permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto.**

**8.**   Loss to:

   **a.**   tapes, records, discs, or other media used with such equipment described in exclusion (**7.**); or

   **b.**   any other accessories, not permanently installed used with such equipment described in exclusion (**7.**).

**9.**   Loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil

authorities because you or any **family member:**

a.   engaged in illegal activities; or

b.   failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion **(9.)** does not apply to the interests of Loss Payees in **your covered auto.**

10.   Loss to a **camper body,** motorhome or **trailer** you own which is not shown in the Declarations. This exclusion **(10.)** does not apply to a **camper body,** motorhome or **trailer** you:

a.   acquire during the policy period; and

b.   ask us to insure within 30 days after you become the owner.

11.   Loss to any **non-owned auto** when used by you or any **family member** without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.

12.   Loss to equipment, whether operational or not, whose design may be used for the detection or location of law enforcement equipment.

13.   Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

a.   selling;

b.   repairing;

c.   servicing;

d.   storing; or

e.   parking;

vehicles designed for use on public highways. This includes road testing and delivery.

14.   Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion **2.** and **13.** This exclusion **(14.)** does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

15.   Loss to **your covered auto** or any **non-owned auto** while it is:

a.   operating on a surface designed or used for racing. This does not apply to an organized and controlled event

that is not a speed, performance, stunt or demolition event;

b.   participating in a high performance driving or racing instruction course or school; or

c.   preparing for, practicing for, used in, or competing in any prearranged or organized:

(1)   race activity; or

(2)   speed, performance, stunt, or demolition contest or exhibition.

16.   Loss to, or loss of use of, a **non-owned auto** rented by:

a.   you; or

b.   any **family member;**

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

17.   Loss to **your covered auto** or any **non-owned auto,** arising out of the actual, alleged or threatened presence, growth, proliferation or spread of **fungi,** dry rot or bacteria.

18.   Loss to **your covered auto, non-owned auto,** or **trailer,** for **diminution in value.**

19.   Loss in excess of $1,000 per claim or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for any furnishings or equipment that were not installed by the original vehicle manufacturer or manufacturer's dealership which mechanically or structurally changes your vehicle and results in increase in performance or change in appearance, including but not limited to:

a.   custom murals, paintings or other decals or graphics;

b.   custom wheels, tachometers, pressure and temperature gauges;

c.   modified or custom engines and fuel systems, light bars, racing slicks and/or oversized tires, roll bars and lift kits, winches, utility boxes, and tool boxes; or

d.   non-standard paint.

This exclusion does not apply to equipment installed to make a vehicle handicap accessible.

20.   Loss arising out of the use of **your covered auto** while leased or rented to others.

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 892 of 1402**

21. Loss to **your covered auto** or a **non-owned auto** caused by an intentional act by you or a **family member,** or at the direction of you or a **family member.**

**LIMIT OF LIABILITY**

**A.** At our option, our limit of liability for loss will be the lowest of:

1. The actual cash value of the stolen or damaged property;

2. **a.** The amount necessary to repair or replace the property;

   **b.** Determination of the cost of repair or replacement will be based upon one of the following:

      **(1)** the cost of repair or replacement agreed upon by you and us;

      **(2)** a competitive bid approved by us; or

      **(3)** an estimate written based upon the prevailing competitive price. You agree with us that we may include in the estimate parts furnished by the original vehicle manufacturer or parts from other sources including non-original equipment manufacturers. The prevailing competitive price means prices charged by a majority of the repair market in the area where the vehicle is to be repaired as determined by us; or

3. The limit of liability shown in the Declarations.

   However, the most we will pay for loss to any **non-owned auto,** which is a **trailer,** is $1,500.

**B.** An adjustment for depreciation and physical condition may be made based upon the physical condition and wear and tear of the property or damaged part of the property at the time of the loss. This adjustment for physical condition includes but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges and paint condition. When replacing parts normally subject to repair or replacement during the useful life of the vehicle, we will not pay for the amount of any betterment.

**PAYMENT OF LOSS**

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or

2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

**NO BENEFIT TO BAILEE**

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER SOURCES OF RECOVERY**

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the **non-owned auto;**

2. Any other applicable physical damage insurance;

3. Any other source of recovery applicable to the loss.

**APPRAISAL**

**A.** If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

**B.** We do not waive any of our rights under this policy by agreeing to an appraisal.

---

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

---

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**A.** We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 893 of 1402**

B. A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:

   a. to physical examinations by physicians we select. We will pay for these exams.

   b. to examination under oath and subscribe the same. We may examine any **insured** separately and apart from the presence of any other **insured**.

4. Authorize us to obtain:

   a. medical reports; and

   b. other pertinent records.

5. Submit a proof of loss, under oath if requested, when required by us.

C. A person seeking Uninsured/Underinsured Motorists Coverage must also:

1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved.

2. Promptly send us copies of the legal papers if a suit is brought.

3. Provide us with reasonable notice before a proposed settlement with the uninsured motorists in order that we may have an opportunity to protect our interests.

D. A person seeking Coverage for Damage to Your Auto must also:

1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

---

## PART F — GENERAL PROVISIONS

---

### POLICY PERIOD AND TERRITORY

A. This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

B. The policy period is the period stated in the Declarations. The policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

C. The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

### BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

### CHANGES

A. This policy, your Declarations page and endorsements issued by us to this policy contain all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

B. The premium for your policy is based on information we have received from you or other sources. You agree to cooperate with us in determining if this information is correct and complete and you will notify us if it changes. If this information is incorrect, incomplete, or changes, we will adjust your premium during the policy term or take other appropriate action based upon the corrected, completed or changed information. Changes during the policy term that will result in a premium increase or decrease during the policy term include, but are not limited to, changes in:

1. The number, type or use classification of insured vehicles.

2. Operators using insured vehicles including newly licensed **family member** drivers and any household members that have licenses.

3. The location where your vehicle is principally garaged.

4. Customized equipment or parts.

You also agree to disclose all licensed drivers residing in your household.

**C.** If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph **(C.)** does not apply to changes implemented with a general program revision that includes broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

1. A subsequent edition of your policy; or

2. An Amendatory Endorsement.

**D.** Additional or return premium of $3.00 or less resulting from policy changes will be waived.

## PAYMENT OF PREMIUM

If your initial premium payment is by check, draft or any remittance other than cash, coverage under this policy is conditioned upon the check, draft or remittance being honored upon presentment to the bank or other financial institution. If the check, draft or remittance is not honored upon presentment, this policy may, at our option, be deemed void from its inception. This means that we will not be liable under this policy for any claims or damages which would otherwise be covered if the check, draft, or remittance had been honored upon presentment.

## FRAUD

This policy was issued in reliance upon the information provided on your application. We may void this policy if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, at the time application was made or any time during the policy period.

We may void this policy or deny coverage for an accident or loss if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

We may void this policy or deny coverage for fraud or material misrepresentation even after the occurrence of an accident or loss. This means we will not be liable for any claims or damages which would otherwise be covered. If we make a payment, even a payment within the limits required under the Montana Motor Vehicle Financial Responsibility law, we may request that you reimburse us. If so requested, you must reimburse us for any payments we may have already made.

This provision only applies in excess of the minimum limits required under the Montana Motor Vehicle Financial Responsibility law for third parties legally entitled to recover damages under Part **A** — Liability Coverage of this policy.

## LEGAL ACTION AGAINST US

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A**, no legal action may be brought against us until:

1. We agree in writing that the **insured** has a legal obligation to pay damages; or

2. The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring us into any action to determine the legal liability of an **insured**.

## OUR RIGHT TO RECOVER PAYMENT

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another person, entity or organization we shall be subrogated to that right. That person shall:

1. Do whatever is necessary to enable us to exercise our rights; and

2. Do nothing after loss to prejudice them.

However, our rights in this paragraph **(A.)** do not apply under Part **D**, against any person using **your covered auto** with your express or implied permission or other person having lawful possession and is not using a vehicle beyond the scope of the permission granted.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

**C.** 1. Our rights do not apply under paragraph **A.** with respect to Underinsured Motorists Coverage if:

   **a.** We have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **underinsured motor vehicle;** and

   **b.** We fail to advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

  2. If we advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification:

   **a.** That payment will be separate from any amount the **insured** is entitled to recover under the provisions of Underinsured Motorists Coverage; and

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 895 of 1402**

**b.** We also have a right to recover the advanced payment.

## TERMINATION

**A. Cancellation.** This policy may be canceled during the policy period as follows:

**1.** The named insured shown in the Declarations may cancel by:

    **a.** returning this policy to us; or

    **b.** giving us advance written or verbal notice of the date cancellation is to take effect. We may waive the requirement the notice be in writing by confirming the date and time of cancellation to you in writing.

**2.** We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

    **a.** at least 10 days notice if cancellation is for nonpayment of premium; or

    **b.** at least 45 days notice in all other cases.

**3.** After this policy is in effect for 60 days, or if this is a renewal policy, we will cancel only:

    **a.** for nonpayment of premium; or

    **b.** for fraud or material misrepresentation concerning the policy or **insureds;** or

    **c.** if your driver's license or that of:

        **(1)** any driver who lives with you; or

        **(2)** any driver who customarily uses **your covered auto;**

    has been suspended or revoked during the policy period.

**B. Nonrenewal.** If we decide not to renew this policy and to such named insured's authorized agent we will mail notice to the named insured shown in the Declarations at the address shown in this policy and to such named insured's authorized agent. Notice will be mailed at least 45 days before the end of the policy period.

**C. Automatic Termination.** If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

Coverage for **your covered auto** shall automatically terminate on the effective date of any other motor vehicle insurance policy covering that vehicle.

**D. Other Termination Provisions.**

**1.** If the law in effect in your state at the time this policy is issued or renewed:

    **a.** requires a longer notice period;

    **b.** requires a special form of or procedure for giving notice; or

    **c.** modifies any of the stated termination reasons;

    we will comply with those requirements.

**2.** We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

**3.** If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

**4.** The effective date of cancellation stated in the notice shall become the end of the policy period.

## TRANSFER OF YOUR INTEREST IN THIS POLICY

**A.** Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

**1.** The surviving spouse, civil partner or **domestic partner** if resident in the same household at the time of death. Coverage applies to the spouse, civil partner or **domestic partner** as if a named insured shown in the Declarations; and

**2.** The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

**B.** Coverage will only be provided until the end of the policy period.

## TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto.

**1.** This provision does not apply to Uninsured/Underinsured Motorists Coverage or Medical Payments Coverage.

**2.** No one will be entitled to received duplicate payments for the same elements of loss under Uninsured/Underinsured Motorists Coverage and Medical Payments Coverage.

## LOSS PAYABLE CLAUSE

As to the interest of the loss payee, this policy will remain in effect from the inception date and until ten

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 896 of 1402**

days after proof of mailing that the cancellation notice has been mailed to the loss payee. When we pay the loss payee we shall, to the extent of payment, have the loss payee's rights of recovery.

Where fraud, misrepresentation, material omission, or intentional damage has been committed by or at the direction of any **insured,** or where the loss is otherwise not covered under the terms of the policy, the loss payee or lienholder's interest will not be protected.

## STORAGE COSTS

If you give us your consent, we may move the damaged property, at our expense, to reduce storage costs during the claims process. If you do not give us your consent, we will pay only the storage costs which would have resulted if we had moved the damaged property.

## NAMED DRIVER EXCLUSION

If there is an excluded driver under this policy, then we will not provide coverage for any claim arising from an accident or loss involving a motor vehicle being operated by that excluded person. This includes any claim for damages made against you or any **family member** or any other person or organization that is vicariously liable for an accident arising out of the operation of a motor vehicle by the excluded driver.

## CONFORMITY WITH MONTANA STATUTES

The provisions of this policy conform to the minimum requirements of Montana law and control over any conflicting statutes of any state in which an **insured** resides on or after the effective date of this policy.

However, if an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged and the state or province has:

1.  A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2.  A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

No one will be entitled to duplicate payments for the same elements of loss.

Any provision of this policy, including endorsements which modify the policy, that does not conform to the minimum requirements of a Montana statute is amended to conform to that statute.

---

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

---

### UNINSURED MOTORISTS COVERAGE — PROPERTY DAMAGE

### INSURING AGREEMENT

A.  We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **property damage** caused by an accident if the Declarations indicates that Uninsured Motorists Property Damage applies.

    The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

B.  "**Insured**" as used in this coverage means:

    1.  You or any **family member.**

    2.  Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

C.  "**Property damage**" as used in this coverage means injury to, destruction of or loss of use of:

1.  **Your covered auto.**

2.  Any property owned by an **insured.**

3.  Any property owned by you or any **family member** while contained in any auto not owned, but being operated, by you or any **family member.**

D.  "**Uninsured motor vehicle**" means a land motor vehicle or **trailer** of any type:

    1.  To which no property damage liability bond or policy applies at the time of the accident.

    2.  To which a liability bond or policy applies at the time of the accident if its limit for property damage liability is less than the **minimum limit** for property damage liability specified by the Montana financial responsibility law.

    3.  To which property damage liability bonds or policies apply at the time of the accident, but all of the bonding or insurance companies deny coverage or are or become insolvent.

SA-1852/MTEP 7/09                                    — 18 —

4.  Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **property damage** without hitting:

    **a.**  a vehicle which you or any **family member** are **occupying;** or

    **b.**  **your covered auto.**

    If there is no physical contact with the hit-and-run vehicle, the facts of the accident must be proved. We will only accept competent evidence other than the testimony of an insured or any person having a uninsured motorists claim resulting from the accident.

    However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

    **a.**  Owned by or furnished or available for the regular use of you or any **family member.**

    **b.**  Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

    **c.**  Owned by any governmental unit or agency.

    **d.**  Operated on rails or crawler treads.

    **e.**  Designed mainly for use off public roads while not on public roads.

    **f.**  While located for use as a residence or premises.

**EXCLUSIONS**

**A.**  We do not provide Uninsured Motorists Coverage for **property damage** sustained:

1.  By an **insured** while **occupying,** or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

2.  By any **family member** while **occupying,** or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

**B.**  We do not provide Uninsured Motorists Coverage for **property damage** sustained by any **insured:**

1.  If that **insured** or the legal representative settles the **property damage** claim without our consent. However, this exclusion **(B.1.)** only applies if the settlement prejudices our right to recover payment.

2.  While operating or **occupying** any motor vehicle, including a **trailer** of any type,

owned by, furnished or available for regular use by that **insured** which is not insured for this Liability Coverage under this policy.

3.  If the accident was caused by an auto which has no physical contact with **your covered auto** or a vehicle an **insured** is **occupying** at the time of the accident unless:

    **a.**  the facts of the accident are corroborated by competent evidence other than a person having an Uninsured Motorists Coverage claim resulting from the accident; and

    **b.**  the accident is reported to the appropriate law enforcement agency within 24 hours after the accident.

4.  When **your covered auto** is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

5.  While using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

6.  While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using **your covered auto.**

7.  While operating, or **occupying,** a motorcycle or motor-driven cycle.

8.  While using any vehicle while it is:

    **a.**  operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

    **b.**  participating in a high performance driving or racing instruction course or school; or

    **c.**  preparing for, practicing for, used in, or competing in any prearranged or organized:

        **(1)**  race activity; or

        **(2)**  speed, performance, stunt, or demolition contest or exhibition.

**B.**  This coverage shall not apply to the benefit of any insurer of property.

**DEDUCTIBLES**

The following will be deducted from the amount of **property damage** resulting from any one accident:

1. $300 if the accident is caused by a hit-and-run vehicle or a vehicle which has no physical contact with **your covered auto.**

2. $100 in all other cases.

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Declarations for Uninsured Motorists Property Damage is our maximum limit of liability for all **property damage** sustained in any one accident.

B. Any amounts otherwise payable for damages which the **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **property damage** caused by an accident shall be reduced by all sums paid because of the **property damage** by or on behalf of persons or organizations who may be legally responsible.

**OTHER INSURANCE**

With respect to an auto or property contained in an auto:

1. If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

2. For any **property damage** to which the Collision Coverage of this policy (or similar coverage from another policy) and this coverage both apply, you may choose the coverage from which damages will be paid. You may recover under both coverages, but only if:

   a. neither one by itself is sufficient to cover the loss; and

   b. you will not recover more than the actual damages, less the applicable deductible.

3. With respect to all other property, this coverage shall be excess over any other collectible insurance.

**ARBITRATION**

A. If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by the **insured;**

from the owner or operator of an **uninsured motor vehicle,** then the matter may be arbitrated. However, disputes concerning coverage under this part may not be arbitrated. Both parties must agree to arbitration. If so agreed:

1. The parties may agree to a single arbitrator. A decision by the arbitrator will be binding.

2. If the parties cannot agree on a single arbitrator, each will select an independent representative, who will then select a single arbitrator. The parties may then proceed with the single arbitrator by agreement. A decision by the arbitrator will be binding.

3. If the representatives cannot agree on a single arbitrator within 30 days or the parties do not agree on the arbitrator selected, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a court having jurisdiction. A decision by two of the three arbitrators will be binding.

B. Unless both parties agree otherwise, arbitration will take place within the county and state in which the **insured** lives. Local rules of law as to procedure and evidence will apply. Each party will pay the expenses it incurs, except we will bear the reasonable expenses of the arbitrator(s) and any statutory costs actually incurred by the **insured.**

---

**ROADSIDE ASSISTANCE COVERAGE**
**CALL 1-877-ROAD 101** (1-877-762-3101)

**"Your covered auto"** as used in this endorsement means a private passenger vehicle, motor home or trailer owned by you and for which a specific premium is shown on the Declarations for this coverage.

The following coverages apply to each vehicle for which this coverage is shown on the Policy Declarations:

1. Each time **your covered auto** or any **non-owned auto** is disabled due to mechanical or electrical breakdown we will pay reasonable and necessary expenses for the use of an **authorized service provider** to tow or flatbed **your covered auto** or **non-owned auto** up to 10 miles or to the nearest qualified place where necessary repairs can be made during regular **business** hours.

2. Each time **your covered auto** or any **non-owned auto** is disabled requiring:

   a. Towing to dislodge the vehicle from its place of disablement within 100 feet of a public street or highway; or

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 899 of 1402**

**b.** Labor, including change of tire, at the place of its breakdown; or

**c.** Delivery of fuel, oil, water or other fluids (we do not pay the costs of these items); or

**d.** Key lock-out services;

we will cover up to one (1) hour of labor for the use of an **authorized service provider** for service at the place of disablement.

**3.** For policies with a 6 month policy term, coverage is limited to no more than two occurrences per vehicle plus an additional two occurrences per policy in a 6 month policy period for both coverages **1.** and **2.**, above.

**4.** For policies with an annual policy term, coverage is limited to no more than four occurrences per vehicle plus an additional four occurrences per policy in a 12 month policy period for both coverages **1.** and **2.** above.

**Authorized service provider** means a service provider contracted by us providing, at no charge to you, roadside assistance as described and limited above.

When service is provided by other than an **authorized service provider,** we will reimburse you only for reasonable charges as determined by us.

No deductible applies to this coverage.

---

## LOSS OF USE COVERAGE

The provisions and exclusions that apply to Part **D** — Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use Coverage is afforded, we will reimburse you for expenses you incur to rent a substitute vehicle.

This coverage applies only if:

**1.** The vehicle is withdrawn from use for more than 24 hours;

**2.** The loss is caused by **collision,** or is covered by the Comprehensive Coverage of this policy; and

**3.** The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the vehicle.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the vehicle.

Our payment will be limited to that period of time reasonably required to repair or replace the vehicle. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

No deductible applies to this coverage.

---

## FULL SAFETY GLASS COVERAGE

We will pay under Comprehensive Coverage for the cost of repairing or replacing damaged **safety equipment** on **your covered auto** without a deductible. We will pay only if:

**1.** The Declarations indicates that Comprehensive Coverage applies; and

**2.** A specific premium charge for Full Safety Glass Coverage is shown in the Declarations for **your covered auto.**

**"Safety equipment",** as used in this coverage means the:

**1.** Glass used in the windshield, doors and windows of **your covered auto;** and

**2.** Glass, plastic or other material used in the lights of **your covered auto.**

SA-1852/MTEP 7/09                           — 21 —



Member of Liberty Mutual Group

# NORTH DAKOTA PERSONAL AUTO POLICY

SAFECO INSURANCE COMPANY OF AMERICA
Home Office: Safeco Plaza, Seattle, Washington 98105-0001
(A stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

| | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A — LIABILITY COVERAGE** | 3 |
| Insuring Agreement | |
| Supplementary Payments | |
| Exclusions | |
| Limit of Liability | |
| Out of State Coverage | |
| Financial Responsibility | |
| Other Insurance | |
| **PERSONAL INJURY PROTECTION** | 6 |
| Definitions | |
| Insuring Agreement | |
| Exclusions | |
| Coordination of Medical Expenses | |
| Limit of Liability | |
| Other Insurance | |
| Duties After An Accident or Loss | |
| General Provisions | |
| **PART C — UNINSURED MOTORISTS COVERAGE** | 11 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO** | 14 |
| Insuring Agreement | |
| Transportation Expenses | |
| Exclusions | |
| Limit of Liability | |
| Payment of Loss | |
| No Benefit to Bailee | |
| Other Sources of Recovery | |
| Appraisal | |
| **PART E — DUTIES AFTER AN ACCIDENT OR LOSS** | 18 |
| **PART F — GENERAL PROVISIONS** | 19 |
| Policy Period and Territory | |
| Changes | |
| Termination | |
| Two or More Autos Insured; Two or More Auto Policies | |

SA-1852/NDEP 7/09

**Beginning On Page**

**ADDITIONAL COVERAGES**                                                 **22**
    Added Personal Injury Protection
    Uninsured Motorists Property Damage
    Underinsured Motorists Coverage
    Roadside Assistance Coverage
    Loss of Use Coverage
    Full Safety Glass Coverage

    ###########################################
    ###########################################
    ###########################################
    ###########################################
    ###########################################
    ###########################################
    ###########################################
    ###########################################
    ###########################################
    ###########################################

---

**RENTAL VEHICLES**

SUBJECT TO THE PROVISIONS OF THIS POLICY, CONTRACTUAL LIABILITY COVERAGE IS PROVIDED FOR PROPERTY DAMAGE TO VEHICLES RENTED UNDER WRITTEN CONTRACT FOR 30 CONTINUOUS DAYS OR LESS, PURSUANT TO THE PROVISIONS OF THE NORTH DAKOTA STATUTES. THEREFORE, DEPENDING ON THE PROVISIONS CONTAINED IN THE RENTAL CONTRACT, IT MAY NOT BE NECESSARY TO PURCHASE COVERAGE FOR PROPERTY DAMAGE TO VEHICLES RENTED FOR 30 CONTINUOUS DAYS OR LESS.

---

## AGREEMENT

In return for your payment of all premiums, and in reliance upon the statements in the application we agree to insure you subject to the terms, conditions and limitations of this policy. We will insure you for the coverages and limits shown on the Declarations. Your policy consists of the policy contract, Declarations and endorsements applicable to the policy.

## DEFINITIONS

A.   Throughout this policy, "you" and "your" refer to:

    **1.**   The "named insured" shown in the Declarations;

    **2.**   The spouse if a resident of the same household;

    **3.**   The civil partner, if a resident of the same household, by civil union licensed and certified by the state; or

    **4.**   The **domestic partner,** if a resident of the same household;

        **"Domestic partner"** means a person living as a continuing partner with you and:

        **(a)**   is at least 18 years of age and competent to contract;

        **(b)**   is not a relative; and

        **(c)**   shares with you the responsibility for each other's welfare, evidence of which includes:

            **(1)**   the sharing in domestic responsibilities for the maintenance of the household; or

            **(2)**   having joint financial obligations, resources, or assets; or

            **(3)**   one with whom you have made a declaration of domestic partnership or similar declaration with an employer or government entity.

        **Domestic partner** does not include more than one person, a roommate whether sharing expenses equally or not, or one who pays rent to the named insured.

B.   "We," "us" and "our" refer to the Company as shown on the Declarations, providing this insurance.

C.   For purposes of this policy, a private passenger auto shall be deemed to be owned by a person if leased:

    **1.**   Under a written agreement to that person; and

    **2.**   For a continuous period of at least six months.

D.   Throughout the policy, **"minimum limits"** refers to the following limits of liability required by North Dakota law to be provided under a policy of automobile liability insurance:

    **1.**   $25,000 for each person, subject to $50,000 for each accident, with respect to **bodily injury;**

    **2.**   $25,000 for each accident with respect to **property damage.**

Other words and phrases are defined. They are in bold type when used.

E.   **"Bodily injury"** means bodily harm, sickness or disease, including death that results.

F.   **"Business"** includes trade, profession or occupation.

G.   **"Family member"** means a person related to you by blood, marriage, civil union, domestic partnership or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

H.   **"Fungi"** means any type or form of fungus, including yeast, mold or mildew, blight or mushroom and any mycotoxins, spore, scents or other substances, products or byproducts produced, released by or arising out of **fungi,** including growth, proliferation or spread of **fungi** or the current or past presence of **fungi.** However, this definition does not include any **fungi** intended by the **insured** for consumption.

I.   **"Occupying"** means in; upon; or getting in on, out or off.

J.   **"Property damage"** means physical injury or destruction of tangible property including loss of use.

K.   **"Punitive or exemplary damages"** include damages which are awarded to punish or deter wrongful conduct, to set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for **bodily injury** or **property damage.**

L.   **"Trailer"** means a vehicle designed to be pulled by a:

    **1.**   Private passenger auto; or

    **2.**   Pickup, van or motorhome.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 903 of 1402**

It also means a recreational camping vehicle, a farm wagon or farm implement while towed by a vehicle listed in **L.1.** or **L.2.** above.

**M.   "Your covered auto"** means:

    **1.**   Any vehicle shown in the Declarations.

    **2.**   **a.**  Any newly acquired vehicle, whether operational or not, on the date you become the owner, subject to conditions for **Newly Acquired Replacement Vehicle** and **Newly Acquired Additional Vehicle** under **M.2.b.** below. Any newly acquired vehicle must be of the following types:

          **(1)**  a private passenger auto;

          **(2)**  a pickup or van that:

               **(a)**  has a Gross Vehicle Weight Rating of 12,000 lbs or less; and

               **(b)**  is not used for the delivery or transportation of goods and materials unless such use is:

                    **i.**  incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

                    **ii.**  for farming or ranching; or

          **(3)**  a motorhome or **trailer.**

      **b.**  A newly acquired vehicle is subject to the following conditions:

          **(1)**  **Newly Acquired Replacement Vehicle.** If the vehicle you acquire replaces one shown in the Declarations, the replacement vehicle will have the same coverage as the vehicle it replaced, other than Part **D** — Coverage for Damage to Your Auto. This provision applies only if there is no other insurance policy that provides coverage for that replacement vehicle.

              Part **D** — Coverage for Damage to Your Auto shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition, only to the extent Part **D** — Coverage for Damage to Your Auto applied to the vehicle being replaced. You must notify us within thirty (30) days after you acquire the replacement vehicle for Part **D**

— Coverage for Damage to Your Auto to continue.

          **(2)**  **Newly Acquired Additional Vehicle.** For any newly acquired vehicle that is in addition to any shown in the Declarations coverage shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition. Coverage shall be the broadest coverage we provide for any vehicle shown in the Declarations. This coverage applies only if:

               **(a)**  you acquire the additional vehicle during the policy period shown on the Declarations; and

               **(b)**  there is no other insurance policy that provides coverage for the additional vehicle.

              If you wish to add or continue coverage you must ask us to insure the additional vehicle within thirty (30) days after you acquire the additional vehicle. This thirty (30) days of coverage includes the day you acquire the vehicle.

          **(3)**  Collision Coverage for a newly acquired vehicle begins on the date that you acquire the vehicle. However, if the Declarations does not indicate that Collision Coverage applies to at least one vehicle, you must ask us to insure the newly acquired vehicle within four (4) days after you acquire it. If a loss occurs during the four (4) days after you acquire the vehicle but before you asked us to insure the newly acquired vehicle, a $500 collision deductible will apply.

          **(4)**  Comprehensive Coverage for a newly acquired vehicle begins on the date that you acquire the vehicle. However, if the Declarations does not indicate that Comprehensive Coverage applies to at least one vehicle, you must ask us to insure the newly acquired vehicle within four (4) days after you acquire it. If a loss occurs during the four (4) days after you acquire the vehicle but before you asked us to insure the newly acquired

vehicle, a $500 comprehensive deductible will apply.

3. Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

   a. breakdown;

b. repair;

c. servicing;

d. loss; or

e. destruction.

This provision **(M.3.)** does not apply to Coverage for Damage to Your Auto.

---

## PART A — LIABILITY COVERAGE

---

### INSURING AGREEMENT

A. We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

B. "Insured" as used in this Part means:

   1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

   2. Any person using **your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

   3. For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under **B.1.** and **B.2.** above.

   4. For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision **(B.4.)** applies only if the person or organization does not own or hire the auto or **trailer.**

### INTEREST ON JUDGMENTS

We will pay interest on judgments subject to all of the following:

   1. Any notice, demand, summons, judgment, or any process has been promptly forwarded to us as required by the policy conditions.

   2. We accept the defense or agree to the judgment.

3. We will pay the interest on that part of the judgment that is covered and that does not exceed our applicable limit of liability.

4. We will pay interest that accrues after entry of judgment and before we pay, tender, or deposit in court.

5. If we appeal the judgment, we will pay interest on the entire judgment.

6. Post-judgment interest is in addition to the applicable limit of liability.

7. Prejudgment interest awarded against the **insured** on that part of the judgment we pay. If we make an offer to pay our limit of liability, we will not pay any prejudgment interest based on that period of time after the offer. This is in addition to the applicable limit of liability.

### SUPPLEMENTARY PAYMENTS

We will pay on behalf of an **insured:**

   1. Up to $1,000 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy. We are not obligated to apply for or furnish such bonds.

   2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.

   3. Up to $250 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

   4. Other reasonable expenses incurred at our request.

   5. Pay all expenses incurred by an **insured** for first aid to others at the time of the auto accident, not to exceed $10,000.

### EXCLUSIONS

A. We do not provide Liability Coverage for:

   1. Any **insured** who intentionally causes **bodily injury** or **property damage** even if such **bodily injury** or **property damage** is of a different kind or degree than expected or intended, or such **bodily injury**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 905 of 1402**

or **property damage** is sustained by a different person or persons than expected or intended.

2. **Property damage** to property owned or being transported by any **insured.**

3. **Property damage** to property:

   a. rented to;

   b. used by; or

   c. in the care of;

   any **insured.** This exclusion **(A.3.)** does not apply to:

   a. **property damage** to a residence or private garage; or

   b. liability assumed under written contract for **property damage** to a vehicle rented by you or any **family member** for 30 continuous days or less.

4. **Bodily injury** to an employee of any **insured** during the course of employment. This exclusion **(A.4.)** does not apply to **bodily injury** to a domestic employee unless workers compensation benefits are required or available for that domestic employee.

5. Any **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion **(A.5.)** does not apply to a share-the-expense car pool.

6. Any **insured** using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

7. a. Any **insured** while employed or otherwise engaged in the **business** of:

      (1) selling;

      (2) repairing;

      (3) servicing;

      (4) storing; or

      (5) parking;

      vehicles designed for use mainly on public highways. This includes road testing and delivery.

   b. This exclusion **(A.7.)** does not apply to the ownership, maintenance or use of **your covered auto** by:

      (1) you;

      (2) any **family member;** or

      (3) any partner, agent or employee of you or any **family member.**

8. Any **insured** maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in exclusions **A.6.** or **A.7.** This exclusion **(A.8.)** does not apply to the maintenance or use of a:

   a. private passenger auto;

   b. pickup, motorhome or van that:

      (1) you own; or

      (2) you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

         (a) breakdown;

         (b) repair;

         (c) servicing;

         (d) loss; or

         (e) destruction; or

   c. **trailer** used with a vehicle described in **A.8.a.** or **A.8.b.** above.

9. Any **insured** using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to a **family member** using **your covered auto.**

10. a. **Bodily injury** or **property damage** for which any **insured:**

       (1) is an **insured** under a nuclear energy liability policy; or

       (2) would be an **insured** under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

    b. A nuclear energy liability policy is a policy issued by any of the following or their successors:

       (1) Nuclear Energy Liability Insurance Association;

       (2) Mutual Atomic Energy Liability Underwriters; or

       (3) Nuclear Insurance Association of Canada.

11. **Punitive or exemplary damages** awarded against any **insured.**

12. **Bodily injury** or **property damage** arising out of the use of **your covered auto** while leased or rented to others. However, this

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 906 of 1402

exclusion does not apply to the operation of **your covered auto** by you or a **family member.**

13. **Bodily injury** or **property damage** arising out of a criminal act or omission of the insured. This exclusion applies regardless of whether that insured is actually charged with, or convicted of, a crime. However, this exclusion **(13.)** does not apply to traffic violations.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. a. Any vehicle which:

   (1) has fewer than four wheels;

   (2) is designed mainly for use off public roads; or

   (3) is a vehicle not licensed for use on public roads.

   b. This exclusion does not apply:

   (1) while such vehicle is being used by an **insured** in a medical emergency; or

   (2) to any **trailer.**

2. Any vehicle, other than **your covered auto,** which is:

   a. owned by you; or

   b. furnished or available for your regular use.

3. a. Any vehicle, other than **your covered auto,** which is:

   (1) owned by any **family member** or other person who resides with you; or

   (2) furnished or available for the regular use of any **family member** or other person who resides with you.

   b. However, this exclusion **(B.3.)** does not apply to you while you are maintaining or **occupying** any vehicle which is:

   (1) owned by a **family member** or other person who resides with you; or

   (2) furnished or available for the regular use of a **family member** or other person who resides with you.

4. Any vehicle while it is:

   a. operating on a surface designed or used for racing, except for an organized and controlled event that is

not a speed, performance, stunt or demolition event;

b. participating in a high performance driving or racing instruction course or school; or

c. preparing for, practicing for, used in, or competing in any prearranged or organized:

   (1) race activity; or

   (2) speed, performance, stunt, or demolition contest or exhibition.

**LIMIT OF LIABILITY**

A. If the Declarations indicates "per person"/"per accident" coverage applies:

The limit of liability as shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

B. If the Declarations indicate **Combined Single Limit** applies, Paragraph **A.** above is replaced by the following:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate **minimum limits** required by law for

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 907 of 1402**

**bodily injury** and **property damage** liability. However, this provision will not change our total limit of liability.

C.  No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **C** or any Underinsured Motorists Coverage provided by this policy.

D.  A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer**.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

A.  If the state or province has:

1.  A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2.  A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required **minimum limits** and types of coverage.

B.  No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required. The **insured** must reimburse us if we make a payment that we would not have made if this policy was not certified as proof of financial responsibility.

## OTHER INSURANCE

If there is other applicable liability insurance available any insurance we provide shall be excess over any other applicable liability insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible liability insurance.

However, any insurance we provide for a vehicle you do not own will be primary insurance if the vehicle is insured under a policy affording coverage to a named insured engaged in the **business** of:

1.  selling;

2.  repairing;

3.  servicing;

4.  storing;

5.  leasing; or

6.  parking;

motor vehicles. This applies only if an **insured**:

1.  is operating the vehicle; and

2.  is neither the person engaged in such business nor that person's employee or agent.

---

## PERSONAL INJURY PROTECTION COVERAGE

---

## DEFINITIONS

As used in this coverage:

A.  **"Family member,"** means:

1.  A spouse including civil partner or **domestic partner.**

2.  Any other person related to the **named insured** by blood, marriage, civil union or domestic partnership or adoption; or

3.  A ward or foster child;

who is a resident of the **named insured's** household or who usually makes his or her home in the same household but temporarily lives elsewhere.

B.  **"Insured"** means:

1.  The **named insured** or any **family member** who sustains **bodily injury** while:

a.  **occupying** any **motor vehicle;** or

b.  a **pedestrian,** struck by any **motor vehicle** or motorcycle.

2.  Any other person who sustains **bodily injury** while:

a.  **occupying** or while a **pedestrian** struck by **your covered auto** with your express or implied permission. The actual use must be within the scope of that permission; or

b.  **occupying** a **motor vehicle** not owned by the **named insured** or any **family member,** if the **bodily injury** results from the operation of such **motor vehicle** by that **named insured** or **family member.**

C.  **"Motor vehicle"** means a vehicle which:

1.  Has more than 3 load-bearing wheels;

2.  Is required to be registered under North Dakota law;

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 908 of 1402**

3. Is designed primarily for operation upon the public streets, roads and highways; and

4. Is driven by power other than muscular power.

This includes a trailer designed for use with such vehicle.

D. **"Named insured"** means the person named in the Declarations.

E. **"Occupying,"** as used in this coverage, means to be in or upon.

F. **"Pedestrian"** means any person not **occupying:**

1. A **motor vehicle;** or

2. Any other vehicle designed to be driven or drawn by power other than muscular power.

G. **"Ride-sharing arrangement"** means the transportation of persons in a **motor vehicle** if the transportation:

1. Is incidental to another purpose of the driver or owner; and

2. Is not provided for a fee.

This includes such arrangements known as carpools and vanpools as defined under North Dakota law.

H. **"Survivor"** means a dependent survivor of a deceased **insured** and includes only:

1. The surviving spouse, civil partner or domestic partner if residing in the deceased's household at the time of death. Such spouse's, civil partner's or domestic partner's dependency shall end upon remarriage.

2. Other persons receiving support from the deceased at the time of death which would qualify them as dependents of the deceased for federal income tax purposes under the Federal Internal Revenue Code.

I. **"Usual and customary charges"** as used in this Part mean:

Any amount which we determine represents a customary charge for services in the geographic area in which the service is rendered. To determine whether a charge is customary, we may consider outside sources of information of our choice, including, but not limited to:

1. Licensed, certified or registered health care professionals;

2. Medical examinations;

3. Medical file reviews;

4. Medical bill review services; or

5. Computerized data bases.

The **insured** shall not be responsible for payment of any reduction applied by us. If a medical provider disputes an amount paid by us, we will be responsible for resolving such disputes.

J. **"Your covered auto"** means a **motor vehicle** with respect to which:

1. Security is required under the provisions of the North Dakota Auto Accident Reparations Act; and

2. The bodily injury liability coverage of this policy applies and for which a specific premium is charged.

**INSURING AGREEMENT**

A. We will pay, in accordance with the North Dakota Auto Accident Reparations Act, personal injury protection benefits to or for an **insured** who sustains **bodily injury.** The **bodily injury** must:

1. Be caused by an accident; and

2. Arise out of the operation, maintenance or use of a **motor vehicle** as a vehicle.

We have a right to review medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

B. Subject to the limits shown in the Limits of Liability provision, these benefits consist of the following:

1. Medical expenses. **Usual and customary charges** incurred for reasonable and necessary:

   a. medical, surgical, diagnostic, x-ray, dental, prosthetic, ambulance, hospital or professional nursing services; or

   b. services for remedial treatment and care.

   **Usual and customary charges** do not include:

   a. the portion of the charge for a room in any:

      (1) hospital, clinic, convalescent or nursing home; or

      (2) extended care facility or any other similar facility;

   in excess of the **usual and customary charge** for semiprivate accommodations unless intensive care is medically needed.

   b. charges for drugs sold without a prescription;

   c. charges for experimental treatments; or

    d.   charges for medically unproven treatments.

2.   Rehabilitation expenses. The cost of a procedure or treatment for rehabilitation or a course of rehabilitative occupational training if:

    a.   the procedure, treatment or training is:

        (1)   reasonable and appropriate for the particular case;

        (2)   likely to contribute substantially to medical or occupational rehabilitation; and

    b.   the cost is reasonable in relation to its probable rehabilitative effects.

3.   Work loss. 85% of loss of income from work an **insured**, who would normally be employed in gainful activity during the disability period, would have performed had such **insured** not been injured. Work loss shall be reduced by income:

    a.   From substitute work actually performed by the **insured**; or

    b.   The **insured** would have earned from available, appropriate substitute work which such **insured** was capable of performing but unreasonably failed to undertake.

4.   Replacement services loss. Expenses incurred in obtaining ordinary and necessary services instead of those that an **insured** would have performed for the benefit of the **insured** or the **insured's** household had such **insured** not been injured. Replacement services loss does not include:

    a.   Expenses for services the **insured** would have performed for income;

    b.   Expenses for services obtained from any **family member**; or

    c.   Any loss after the death of the **insured**.

5.   Survivors' income loss. Loss sustained after an **insured's** death by the **insured's survivors** during their dependency. Such loss consists of the loss of contributions the **survivors** would have received for their support from such **insured**, out of income from work the **insured** would normally have performed, had such **insured** not died.

6.   Survivors' replacement loss. Expenses incurred after an **insured's** death by the insured's **survivors**, in obtaining ordinary and necessary services instead of those

such insured would have performed for the benefit of the **insured's** household. Survivors' replacement services loss does not include expenses for services:

    a.   The **insured** would have performed for income; or

    b.   Obtained from any **family member**.

7.   Funeral expenses. Reasonable expenses incurred for a professional funeral, cremation and burial.

## EXCLUSIONS

A.   We do not provide Personal Injury Protection Coverage for **bodily injury** sustained by any **insured**:

1.   If such injury arises out of conduct within the course of a business of:

    a.   repairing;

    b.   servicing; or

    c.   otherwise maintaining;

    a **motor vehicle.** This exclusion **(A.1.)** does not apply to such conduct which:

    a.   involves the actual operation of a **motor vehicle** as a vehicle on the business premises; or

    b.   occurs off the business premises.

2.   Arising out of conduct in the course of loading or unloading any **motor vehicle** unless such injury occurs while **occupying** such **motor vehicle.**

3.   While **occupying** any **motor vehicle** without the express or implied consent of the owner or while not in lawful possession of any **motor vehicle.**

4.   If such injury was intentionally caused by that **insured** or resulted from that **insured** intentionally attempting to cause **bodily injury** to himself or herself or another person. If any **insured** dies as a result of intentionally causing or attempting to cause **bodily injury** to oneself, we will not provide coverage for survivors' income loss or survivors' replacement services loss.

5.   Sustained while **occupying** any vehicle while it is:

    a.   operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

    b.   participating in a high performance driving or racing instruction course or school; or

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 910 of 1402**

c. preparing for, practicing for, used in, or competing in any prearranged or organized:

   (1) race activity; or

   (2) speed, performance, stunt, or demolition contest or exhibition.

6. Arising out of the operation, maintenance or use of any **motor vehicle** while located for use as a residence or premises.

7. If such injury arises out of the **insured's** entering or alighting from a stopped **motor vehicle** and such injury was not caused by another **motor vehicle.**

B. We do not provide Personal Injury Protection Coverage for **bodily injury** sustained by:

1. The **named insured** while **occupying** any **motor vehicle,** other than **your covered auto,** which is owned by the **named insured.**

2. Any **family member** while **occupying** any **motor vehicle** which is owned by that **family member** and for which the security required by the North Dakota Auto Accident Reparations Act is not in effect.

3. The **named insured** or any **family member** while **occupying,** or while a **pedestrian** struck by, any **motor vehicle** other than:

   a. **Your covered auto;** or

   b. A **motor vehicle** being used in a **ride-sharing arrangement;**

   for which the security required by the North Dakota Auto Accident Reparations Act is in effect.

4. Any **pedestrian,** other than the **named insured** or any **family member,** if the accident occurs outside of North Dakota.

C. We do not provide Personal Injury Protection Coverage for **bodily injury:**

1. Due to:

   a. war (declared or undeclared);

   b. civil war;

   c. insurrection;

   d. rebellion or revolution; or

   e. any act or condition incident to any of the above.

2. Resulting from the radioactive, toxic, explosive or other hazardous properties of nuclear material.

3. Caused by the actual, alleged or threatened presence, growth, proliferation or spread of **fungi** or bacteria.

## COORDINATION OF MEDICAL EXPENSES

If the Declarations indicates that Coordination of Medical Expenses applies, we will not provide Personal Injury Protection Coverage for medical expenses exceeding $10,000, to the extent that such expenses are paid or payable under any other insurance, service, benefit or reimbursement plan.

This provision does not apply to medical expenses which are paid or payable under:

1. Medicare benefits provided by the federal government; or

2. Other personal injury protection benefits.

## LIMIT OF LIABILITY

A. Regardless of the number of:

1. **Insureds;**

2. Policies or approved plans of self-insurance applicable;

3. **Your covered autos;** or

4. Claims made;

our limit of liability for Personal Injury Protection Coverage with respect to **bodily injury** sustained by any one **insured** in any one **motor vehicle** accident will not exceed $30,000 in the aggregate, and subject to such aggregate limit, the maximum amount payable for:

1. Work loss or survivors' income loss will not exceed $150 per week prorated for any lesser period;

2. Replacement services or survivors' replacement services loss will not exceed $15 per day.

3. Funeral expenses will not exceed $3,500.

B. Any amount payable for Personal Injury Protection Coverage shall be reduced by all sums paid or payable to an **insured** for the same elements of loss under any workers compensation law.

## OTHER INSURANCE

A. If there is other applicable personal injury protection coverage, any coverage we provide under this coverage with respect to **bodily injury** sustained by an **insured:**

1. Will apply on a primary basis, if the accident arises out of the use or operation of **your covered auto.**

2. Will apply on an excess basis, if:

   a. The accident involves the operation of **your covered auto** in a **ride-sharing arrangement;** and

   b. The **insured** is a **named insured** or **family member** under another policy affording personal injury protection

SA-1852/NDEP 7/09                           — 9 —

coverage required by the North Dakota Auto Accident Reparations Act.

3. As defined in Section **b.2**. of the definition of **insured,** will apply on a primary basis, if the accident arises out of the use or operation of a **motor vehicle** which is insured under a policy affording coverage to someone engaged in the business of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing;

   e. leasing; or

   f. parking;

   **motor vehicles.** This provision **(A.3.)** applies only if the **named insured** or any **family member** is neither the person engaged in such business nor that person's employee or agent.

B. If there is other applicable personal injury protection coverage, including approved plans of self-insurance:

   1. The maximum recovery for the total of all personal injury protection benefits under all such insurance shall not exceed the amount which would have been payable under the coverage providing the highest limit of liability.

   2. We will pay only our share. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability.

C. No one will be entitled to duplicate payments for the same elements of loss under this or any other similar insurance, including approved plans of self-insurance.

D. In consideration of coverage provided and the adjustment of applicable premiums:

   1. Any amount payable under Uninsured Motorists Coverage shall be reduced by any amount paid or payable for personal injury protection benefits under this or any other automobile insurance policy.

   2. Any Medical Payments Coverage afforded under this policy shall be excess over any personal injury protection benefits paid or payable under this or any other automobile insurance policy.

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

Part **E** of the policy is amended as follows:

A. Duty **B.5.** is replaced by the following:

An **insured** or someone on the **insured's** behalf must promptly give us written proof of claim, under oath if required. Such proof of claim shall include:

   1. Full details of the nature and extent of the **bodily injury;**

   2. Treatment and rehabilitation received and contemplated; and

   3. Any other information which may assist us in determining the amount due and payable.

B. Duty **B.3.** is replaced by the following:

An **insured** seeking Personal Injury Protection Coverage must:

   3. Submit, a soften as we reasonably require:

      a. to mental or physical exams by physicians we select. We will pay for these exams.

      b. to examination under oath and subscribe the same.

C. The following duty is added:

If an **insured,** the **insured's** legal representative or the **insured's survivors** take legal action, against a person or organization who may be legally responsible, to recover damages for **bodily injury,** that person must promptly forward to us a copy of the summons and complaint or other process served in connection with such action.

## GENERAL PROVISIONS

### SUBROGATION

Subject to any applicable limitation set forth in the North Dakota Auto Accident Reparations Act, if we make a payment under this coverage we shall be subrogated, to the extent of such payment, to the rights of the person to or for whom the payment was made. That person shall:

   1. Execute and deliver the instruments and papers and do whatever else is necessary to secure such rights; and

   2. Do nothing after loss to prejudice such rights.

### REIMBURSEMENT AND TRUST

If we make a payment under this coverage to any person:

   1. And the person to or for whom payment is made recovers damages from any person or organization legally responsible for the **bodily injury,** we shall be entitled to the proceeds of the recovery, to the extent of our payment.

SA-1852/NDEP 7/09                    — 10 —

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 912 of 1402**

**2.** We shall have a lien to the extent of our payment. Notice of the lien may be given to:

    **a.** the person or organization causing such **bodily injury;**

    **b.** the person's or organization's agent or insurer; or

    **c.** a court having jurisdiction.

**3.** That person shall:

    **a.** hold in trust for us, all rights of recovery that person has against another person or organization because of the **bodily injury;**

    **b.** do whatever is proper to secure such rights;

    **c.** do nothing after loss to prejudice them; and

    **d.** execute and deliver to us, instruments and papers as may be appropriate to secure that person's and our rights and obligations.

**POLICY PERIOD AND TERRITORY**

The policy territory is:

**1.** The United States of America, its territories or possessions; or

**2.** Canada.

**CONSTITUTIONALITY CLAUSE**

The premium for and coverages of the policy have been established in reliance upon the North Dakota Auto Accident Reparations Act. If a court of competent jurisdiction:

**1.** Declares; or

**2.** Enters a judgment which renders;

the provisions of the North Dakota Auto Accident Reparations Act invalid or unenforceable in whole or in part, we shall have the right to:

**1.** Recompute the premium payable for the policy; and

**2.** At our option, void or amend the provisions of this coverage..

---

## PART C — UNINSURED MOTORISTS COVERAGE

---

**INSURING AGREEMENT**

**A.** We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury:**

**1.** Sustained by that **insured;** and

**2.** Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

No judgment for damages arising out of a suit brought against the owner or operator of an **uninsured motor vehicle** is binding on us unless we:

**1.** Received reasonable notice of the pendency of the suit resulting judgement; and

**2.** Had a reasonable opportunity to protect our interests in the suit.

**B.** "**Insured**" as used in this Part means:

**1.** You or any **family member.**

**2.** Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

**3.** Any person entitled to recover damages because of **bodily injury** to which this coverage applies sustained by a person described in **B.1.** or **B.2.** above.

**C.** "**Uninsured motor vehicle**" means a land motor vehicle or **trailer** of any type:

**1.** To which no bodily injury liability bond or policy applies at the time of the accident.

**2.** Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **bodily injury** without hitting:

    **a.** you or any **family member;**

    **b.** a vehicle which you or any **family member** are **occupying;** or

    **c.** **your covered auto.**

    If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved. We will only accept competent evidence other than the testimony of a person making a claim under this or any similar coverage.

**3.** To which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:

    **a.** denies coverage; or

    **b.** is or becomes insolvent.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 913 of 1402**

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. For which Liability Coverage is provided under Part **A** of this policy.

2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

3. Owned by any governmental unit or agency.

4. While located for use as a residence or premises.

5. Operated by any person who is specifically excluded from coverage under this policy.

**EXCLUSIONS**

A. We do not provide Uninsured Motorists Coverage for **bodily injury** sustained:

1. By an **insured** while **occupying**, or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

2. By any **family member** while **occupying**, or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

B. We do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any **insured**:

1. If that **insured** or the legal representative settles the **bodily injury** claim without our consent. However, this exclusion **(B.1)** does not apply if such settlement does not adversely affect our rights.

2. While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using **your covered auto.**

3. While **occupying** or operating an owned motorcycle or moped.

4. While using any vehicle while it is:

   a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   b. participating in a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any prearranged or organized:

      (1) race activity; or

      (2) speed, performance, stunt, or demolition contest or exhibition.

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

1. Workers compensation law; or

2. Disability benefits law.

D. We do not provide Uninsured Motorists Coverage for **punitive or exemplary damages.**

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for all damages for **bodily injury** resulting from any one auto accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

B. If the Declarations indicate Combined Single Limit Coverage applies, paragraph **(A.)** above is replaced by the following:

The limit of liability shown in the Declarations for Uninsured Motorists Coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate **minimum limits** required by law for **bodily injury** and **property damage** liability. However, this provision will not change our total limit of liability.

SA-1852/NDEP 7/09                          — 12 —

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

    **1.** Part **A** of this policy; or

    **2.** Any Underinsured Motorists Coverage provided by this policy.

    **3.** Any No-Fault Coverage.

**D.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**E.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

    **1.** Workers compensation law; or

    **2.** Disability benefits or occupational disease laws, except non-occupational disability benefits.

**F.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer.**

**OTHER INSURANCE**

**A.** If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the policy:

    **1.** Any recovery for damages for **bodily injury** sustained by an **insured** may equal but not exceed the higher of the applicable limit for any one vehicle under this insurance or any other insurance.

    **2.** The following priorities of recovery apply if a vehicle the **insured** is operating at the time of the accident is not owned by the insured and is **insured** under a policy affording Uninsured Motorists Coverage to a named insured engaged in the **business** of:

        **a.** selling;

        **b.** repairing;

        **c.** servicing;

        **d.** storing;

        **e.** leasing; or

        **f.** parking;

    motor vehicles:

    FIRST    Any policy affording Uninsured Motorists Coverage to the **insured** as a named insured on a vehicle not involved in the accident.

    SECOND    Any policy affording Uninsured Motorists Coverage to the **insured** as a family member on a vehicle not involved in the accident.

    THIRD    The policy affording Uninsured Motorists Coverage to the vehicle the **insured** was occupying at the time of the accident.

    This paragraph (**2.**) Applies only if an **insured:**

        **a.** Is operating the vehicle; and

        **b.** Is neither the person engaged in such **business** nor that person's employee or agent.

    **3.** The following priorities of recovery apply to vehicles not described in paragraph **B.** above.

    FIRST:    The policy affording Uninsured Motorists Coverage to the vehicle the **insured** was occupying at the time of the accident.

    SECOND:    Any policy affording Uninsured Motorists Coverage to the **insured** as a named insured on a vehicle not involved in the accident.

    THIRD    Any policy affording Uninsured Motorists Coverage to the **insured** as a family member on a vehicle not involved in the accident.

**B.** We will pay only or our share of the loss. Our share is the proportion that our limit of liability bears to the total of all limits applicable on the same level of priority.

**ARBITRATION**

**A.** If we and an **insured** do not agree:

    **1.** Whether that **insured** is legally entitled to recover damages; or

    **2.** As to the amount of damages which are recoverable by that **insured;**

    from the owner or operator of an **uninsured motor vehicle** then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

    Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 915 of 1402**

selection be made by a judge of a court having jurisdiction.

**B.** Each party will:

    **1.** Pay the expenses it incurs; and

**2.** Bear the expenses of the third arbitrator equally.

**C.** Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

---

### INSURING AGREEMENT

**A.** We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto,** including its equipment, any child safety seat in use in **your covered auto** or **non-owned auto,** minus any applicable deductible shown in the Declarations. We will pay for loss to **your covered auto** caused by:

    **1.** Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

    **2.** **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto,** we will provide the broadest coverage applicable to any vehicle shown in the Declarations.

**Deductible**

Unless stated otherwise, the applicable deductible shown in the Declarations shall be applied to each accidental loss covered under this Part of the policy. If loss to more than one of **your covered autos** or a **non-owned auto** results from the same loss, only the highest applicable deductible will apply.

In the event of a **collision** with another vehicle insured by a Safeco insurance company, other than a vehicle described as **your covered auto** or **non-owned auto,** no deductible will apply.

**B.** "**Collision**" means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object.

"**Comprehensive**" means loss, other than **collision,** to **your covered auto** or a **non-owned auto.** Losses caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision,** you may elect to have it considered a loss caused by **collision.**

**C.**   **1.** "**Non-owned auto**" means:

    **a.** Any private passenger auto, pickup, van (other than cargo van) or **trailer** with a Gross Vehicle Weight rating of 12,000 pounds or less or any cargo van or moving van with a Gross Vehicle Weight Rating of 18,000 pounds or less, not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member.**

    **b.** Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

      **(1)** breakdown;

      **(2)** repair;

      **(3)** servicing;

      **(4)** loss; or

      **(5)** destruction.

  **2.** "**Non-owned auto**" does not include any vehicle which has been operated or rented by or in the possession of an **insured** for 30 or more consecutive days. This does not apply to a temporary substitute vehicle authorized by us.

**D.** "**Camper body**" means a body equipped as sleeping or living quarters which is designed to be mounted on a pickup.

**E.** "**Diminution in value**" means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

### TRANSPORTATION EXPENSES

**A.** Subject to the limitations described in paragraphs **B.** and **C.,** below, we will pay:

    **1.** Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto** or a **non-owned auto.** We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

SA-1852/NDEP 7/09

— 14 —

We will pay only expenses incurred during the period:

    **a.** beginning 48 hours after the theft; and

    **b.** ending when your covered auto or the non-owned auto is returned to use or we pay for its loss.

**2.** Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto.** We will pay only expenses beginning when the **non-owned auto** is withdrawn from use for more than 24 hours. We will pay for indirect loss expenses if the loss is caused by:

    **a.** a **comprehensive** loss only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

    **b.** **collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

**B.** For the expenses described in paragraphs **A.1.** and **A.2.** we will pay the greater of the following, without application of a deductible:

    **1.** Up to $25 per day, to a maximum of $750; or

    **2.** The limit for Loss of Use, if any, shown in the Declarations.

**C.** Our payment for the expenses described in paragraphs **A.1.** and **A.2.** will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto.**

## EXCLUSIONS

We will not pay for:

    **1.** Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This exclusion **(1.)** does not apply to a share-the-expense car pool.

    **2.** Loss to **your covered auto** or any **non-owned auto** while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

    **3.** Damage or loss due and confined to:

        **a.** wear and tear;

        **b.** freezing;

        **c.** mechanical or electrical breakdown or failure; or

        **d.** road damage to tires.

This exclusion **(3.)** does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

**4.** Damage or loss arising out of neglect. Neglect means your failure to adequately maintain **your covered auto** or **non-owned auto** after the loss.

With respect to water under Comprehensive Coverage, there is no coverage for:

    **a.** moisture, condensation, humidity, or vapor;

    **b.** water intrusion around or through panels, surfaces and seals; or

    **c.** water that collects in spaces or ventilation systems; or

    **d.** **fungi,** dry rot or bacteria;

resulting from neglect.

**5.** Loss due to or as a consequence of:

    **a.** discharge of any nuclear weapon (even if accidental);

    **b.** war (declared or undeclared);

    **c.** civil war;

    **d.** insurrection; or

    **e.** rebellion or revolution.

**6.** Loss from or as a consequence of the following, whether controlled or uncontrolled or however caused:

    **a.** nuclear reaction;

    **b.** radiation; or

    **c.** radioactive contamination.

**7.** Loss to:

    **a.** any electronic equipment designed for the production or reproduction of sound, pictures, audio, visual or data or that receives or transmits sound, pictures or data signals.

    **b.** This exclusion **(7.)** does not apply to:

        **(1)** equipment designed for the reproduction of sound or transmission of sound, pictures, audio, visual or data signals and accessories used with such equipment, provided:

            **(a)** the electronic equipment is permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto;** or

    **(b)** the electronic equipment is:

        **i.** removable from a housing unit which is permanently installed by the original vehicle manufacturer or manufacturer's dealership in the auto;

        **ii.** designed to be solely operated by use of the power from the auto's electrical system; and

        **iii.** in or upon **your covered auto** or any **non-owned auto;**

        at the time of loss.

    **(c)** any equipment installed through our Teensurance™ program.

    However, we will pay only up to a total of $1,000 or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for all such equipment that is not installed by the original vehicle manufacturer or manufacturer's dealership.

  **(2)** any other electronic equipment that is:

    **(a)** necessary for the normal operation of the auto or the monitoring of the auto's operating systems;

    **(b)** an integral part of the same unit housing any electronic equipment described in **7.a.** and permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto.**

**8.** Loss to:

  **a.** tapes, records, discs, or other media used with such equipment described in exclusion **(7.)**; or

  **b.** any other accessories, not permanently installed used with such equipment described in exclusion **(7.).**

**9.** Loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities because you or any **family member:**

  **a.** engaged in illegal activities; or

  **b.** failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion **(9.)** does not apply to the interests of Loss Payees in **your covered auto.**

**10.** Loss to a **camper body,** motorhome or **trailer** you own which is not shown in the Declarations. This exclusion **(10.)** does not apply to a **camper body,** motorhome or **trailer** you:

  **a.** acquire during the policy period; and

  **b.** ask us to insure within 30 days after you become the owner.

**11.** Loss to any **non-owned auto** when used by you or any **family member** without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.

**12.** Loss to equipment, whether operational or not, whose design may be used for the detection or location of law enforcement equipment.

**13.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

  **a.** selling;

  **b.** repairing;

  **c.** servicing;

  **d.** storing; or

  **e.** parking;

    vehicles designed for use on public highways. This includes road testing and delivery.

**14.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion **2.** and **13.** This exclusion **(14.)** does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

**15.** Loss to **your covered auto** or any **non-owned auto** while it is:

  **a.** operating on a surface designed or used for racing. This does not apply to an organized and controlled event that is not a speed, performance, stunt or demolition event;

  **b.** participating in a high performance driving or racing instruction course or school; or

c. preparing for, practicing for, used in, or competing in any prearranged or organized:

   **(1)** race activity; or

   **(2)** speed, performance, stunt, or demolition contest or exhibition.

**16.** Loss to, or loss of use of, a **non-owned auto** rented by:

**a.** you; or

**b.** any **family member;**

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

**17.** Loss to **your covered auto** or any **non-owned auto,** arising out of the actual, alleged or threatened presence, growth, proliferation or spread of **fungi,** dry rot or bacteria.

**18.** Loss to **your covered auto, non-owned auto,** or **trailer,** for diminution in value.

**19.** Loss in excess of $1,000 per claim or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for any furnishings or equipment that were not installed by the original vehicle manufacturer or manufacturer's dealership which mechanically or structurally changes your vehicle and results in increase in performance or change in appearance, including but not limited to:

**a.** custom murals, paintings or other decals or graphics;

**b.** custom wheels, tachometers, pressure and temperature gauges;

**c.** modified or custom engines and fuel systems, light bars, racing slicks and/or oversized tires, roll bars and lift kits, winches, utility boxes, and tool boxes; or

**d.** non-standard paint.

This exclusion does not apply to equipment installed to make a vehicle handicap accessible.

**20.** Loss arising out of the use of **your covered auto** while leased or rented to others.

**21.** Loss to **your covered auto** or a **non-owned auto** caused by an intentional act by you or a **family member,** or at the direction of you or a **family member.**

## LIMIT OF LIABILITY

**A.** At our option, our limit of liability for loss will be the lowest of:

**1.** The actual cash value of the stolen or damaged property;

**2.** **a.** The amount necessary to repair or replace the property;

   **b.** Determination of the cost of repair or replacement will be based upon one of the following:

     **(1)** the cost of repair or replacement agreed upon by you and us;

     **(2)** a competitive bid approved by us; or

     **(3)** an estimate written based upon the prevailing competitive price. You agree with us that we may include in the estimate parts furnished by the original vehicle manufacturer or parts from other sources including non-original equipment manufacturers. The prevailing competitive price means prices charged by a majority of the repair market in the area where the vehicle is to be repaired as determined by us; or

**3.** The limit of liability shown in the Declarations.

However, the most we will pay for loss to any **non-owned auto,** which is a **trailer,** is $1,500.

**B.** An adjustment for depreciation and physical condition may be made based upon the physical condition and wear and tear of the property or damaged part of the property at the time of the loss. This adjustment for physical condition includes but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges and paint condition. When replacing parts normally subject to repair or replacement during the useful life of the vehicle, we will not pay for the amount of any betterment.

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

**1.** You; or

**2.** The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

**NO BENEFIT TO BAILEE**

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER SOURCES OF RECOVERY**

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the **non-owned auto;**

2. Any other applicable physical damage insurance;

3. Any contractual liability coverage provided for rented vehicles under Part **A** of the policy;

4. Any other source of recovery applicable to the loss.

**APPRAISAL**

A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

B. We do not waive any of our rights under this policy by agreeing to an appraisal.

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:

    a. to physical examinations by physicians we select. We will pay for these exams.

    b. to examination under oath and subscribe the same. We may examine any **insured** separately and apart from the presence of any other **insured.**

4. Authorize us to obtain:

    a. medical reports; and

    b. other pertinent records.

5. Submit a proof of loss, under oath if requested, when required by us.

C. A person seeking Uninsured Motorists Coverage or Underinsured Motorists Coverage must also:

1. Notify the proper law enforcement authorities as soon as practicable.

2. Promptly send us copies of the legal papers if a suit is brought.

D. A person seeking Coverage for Damage to Your Auto must also:

1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

SA-1852/NDEP 7/09                    — 18 —

# PART F — GENERAL PROVISIONS

## POLICY PERIOD AND TERRITORY

**A.** This policy applies only to accidents and losses which occur:

   **1.** During the policy period as shown in the Declarations; and

   **2.** Within the policy territory.

**B.** The policy period is the period stated in the Declarations. The policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

**C.** The policy territory is:

   **1.** The United States of America, its territories or possessions;

   **2.** Puerto Rico; or

   **3.** Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

## BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

## CHANGES

**A.** This policy, your Declarations page and endorsements issued by us to this policy contain all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

**B.** The premium for your policy is based on information we have received from you or other sources. You agree to cooperate with us in determining if this information is correct and complete and you will notify us if it changes. If this information is incorrect, incomplete, or changes during the policy term, we may adjust your premium or take other appropriate action based upon the corrected, completed or changed information. Changes during the policy term that may result in a premium increase or decrease during the policy term include, but are not limited to, changes in:

   **1.** The number, type or use classification of insured vehicles.

   **2.** Operators using insured vehicles including newly licensed **family member** drivers and any household members that have licenses.

   **3.** The location where your vehicle is principally garaged.

   **4.** Customized equipment or parts.

You also agree to disclose all licensed drivers residing in your household.

**C.** If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph **(C.)** does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

   **1.** A subsequent edition of your policy; or

   **2.** An Amendatory Endorsement.

**D.** Additional or return premium of $3.00 or less resulting from policy changes will be waived.

## PAYMENT OF PREMIUM

If your initial premium payment is by check, draft or any remittance other than cash, coverage under this policy is conditioned upon the check, draft or remittance being honored upon presentment to the bank or other financial institution. If the check, draft or remittance is not honored upon presentment, this policy may, at our option, be deemed void from its inception. This means that we will not be liable under this policy for any claims or damages which would otherwise be covered if the check, draft, or remittance had been honored upon presentment.

## FRAUD

This policy was issued in reliance upon the information provided on your application. We may void coverage under this policy if you or an insured have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, at the time application was made or any time during the policy period.

We may void this policy or deny coverage for an accident or loss if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

We may void this policy or deny coverage for fraud or material misrepresentation even after the occurrence of an accident or loss. This means we will not be liable for any claims or damages which would otherwise be covered. If we make a payment, we may request that you reimburse us. If so requested, you must reimburse us for any payments we may have already made.

## LEGAL ACTION AGAINST US

**A.** No legal action may be brought against us until there has been full compliance with all the terms

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 921 of 1402

of this policy. In addition, under Part **A**, no legal action may be brought against us until:

1. We agree in writing that the **insured** has a legal obligation to pay damages; or

2. The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring us into any action to determine the legal liability of an **insured.**

**OUR RIGHT TO RECOVER PAYMENT**

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another person, entity or organization we shall be subrogated to that right. That person shall:

1. Do whatever is necessary to enable us to exercise our rights; and

2. Do nothing after loss to prejudice them.

However, our rights in this paragraph (**A.**) do not apply under Part **D**, against any person using **your covered auto** with your express or implied permission or other person having lawful possession or not using a vehicle beyond the scope of the permission granted.

**B.** If we make a payment because the insurer of the **uninsured motor vehicle** is or becomes insolvent, our rights under paragraph **A.** apply under Uninsured Motorists Coverage against:

    **a.** The owner or operator of an **uninsured motor vehicle;** or

    **b.** The North Dakota Guaranty Fund;

only for amounts paid by us in excess of the limits of liability of the insolvent insurer's policy.

**C.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

**D.** 1. Our rights do not apply under paragraph **A.** with respect to Underinsured Motorists Coverage if:

    **a.** We have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **underinsured motor vehicle;** and

    **b.** We fail to advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

2. If we advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification:

    **a.** That payment will be separate from any amount the **insured** is entitled to recover under the provisions of Underinsured Motorists Coverage; and

    **b.** We also have a right to recover the advanced payment.

**E.** This provision does not apply to Personal Injury Protection Coverage.

**TERMINATION**

**A.** **Cancellation.** This policy may be canceled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

    **a.** returning this policy to us; or

    **b.** giving us advance written or verbal notice of the date cancellation is to take effect. We may waive the requirement the notice be in writing by confirming the date and time of cancellation to you in writing.

2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

    **a.** at least 10 days notice:

        **(1)** if cancellation is for nonpayment of premium; or

        **(2)** if notice is mailed during the first 60 days this policy is in effect and this is not a renewal policy; or

    **b.** at least 20 days notice in all other cases.

3. After this policy is in effect for 60 days, or if this is a renewal policy, we will cancel only:

    **a.** for nonpayment of premium; or

    **b.** for fraud or material misrepresentation concerning the policy or **insureds;** or

    **c.** if your driver's license or that of:

        **(1)** any driver who lives with you; or

        **(2)** any driver who customarily uses **your covered auto;**

    has been suspended or revoked. This must have occurred:

        **(1)** During the policy period if this is not a renewal or continuation policy; or

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 922 of 1402**

    (2)   If this is a renewal or continuation policy, during the policy period or the 180 days immediately preceding this policy's effective date.

However, in the event an operator has had his driver's license suspended or revoked, before canceling this policy we will offer to continue the policy with a provision excluding coverage when that person who has had his driver's license suspended or revoked is operating a motor vehicle. If such offer is accepted, we will issue an endorsement to that effect.

**B.**   **Nonrenewal.** If we decide not to renew this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period.

**C.**   **Automatic Termination.** If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

Coverage for **your covered auto** shall automatically terminate on the effective date of any other motor vehicle insurance policy covering that vehicle.

**D.**   **Other Termination Provisions.**

    **1.**   If the law in effect in your state at the time this policy is issued or renewed:

        **a.**   requires a longer notice period;

        **b.**   requires a special form of or procedure for giving notice; or

        **c.**   modifies any of the stated termination reasons;

    we will comply with those requirements.

    **2.**   We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

    **3.**   If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

    **4.**   The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**A.**   Your rights and duties under this policy may not be assigned without our written consent.

However, if a named insured shown in the Declarations dies, coverage will be provided for:

**1.**   The surviving spouse, civil partner or **domestic partner** if resident in the same household at the time of death. Coverage applies to the spouse, civil partner or **domestic partner** as if a named insured shown in the Declarations; and

**2.**   The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

**B.**   Coverage will only be provided until the end of the policy period.

**TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES**

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto. In no event shall the limit of liability of two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to you or any **insured.**

**LOSS PAYABLE CLAUSE**

As to the interest of the loss payee, this policy will remain in effect from the inception date and until ten days after proof of mailing that the cancellation notice has been mailed to the loss payee. When we pay the loss payee we shall, to the extent of payment, have the loss payee's rights of recovery.

Where fraud, misrepresentation, material omission, or intentional damage has been committed by or at the direction of any **insured,** or where the loss is otherwise not covered under the terms of the policy, the loss payee or lienholder's interest will not be protected.

**STORAGE COSTS**

If you give us your consent, we may move the damaged property, at our expense, to reduce storage costs during the claims process. If you do not give us your consent, we will pay only the storage costs which would have resulted if we had moved the damaged property.

**NAMED DRIVER EXCLUSION**

If there is an excluded driver under this policy, then we will not provide coverage for any claim arising from an accident or loss involving a motor vehicle being operated by that excluded person. This includes any claim for damages made against you or any **family member** or any other person or organization that is vicariously liable for an accident arising out of the operation of a motor vehicle by the excluded driver.

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 923 of 1402**

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

### SCHEDULE

| Option | Additional Limits | Total Work Loss or Survivors' Income Loss | Total Replacement Services or Survivors' Replacement Loss | Total Funeral Expenses |
|--------|-------------------|-------------------------------------------|-----------------------------------------------------------|------------------------|
| 1 | $ 80,000 | $400 per week | $15 per day | $3,500 |
| 2 | $105,000 | $500 per week | $15 per day | $3,500 |
| 3 | $130,000 | $500 per week | $15 per day | $3,500 |

### ADDITIONAL PERSONAL INJURY PROTECTION COVERAGE

With respect to coverage provided below, the provisions of the Personal Injury Protection Coverage apply unless modified below:

**INSURING AGREEMENT**

A. We will pay added personal injury protection benefits to or for the **named insured** or any **family member** who sustains **bodily injury**. The **bodily injury** must:

1. Be caused by an accident; and

2. Arise out of the operation, maintenance or use of a **motor vehicle** as a vehicle.

We have a right to review medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

B. Subject to the limits shown in the Schedule, we will pay added personal injury protection benefits for:

1. Medical expenses;

2. Rehabilitation expenses;

3. Work loss;

4. Survivors' income loss;

5. Survivors' replacement services loss; and

6. Funeral expenses.

**EXCLUSIONS**

A. Personal Injury Protection Coverage exclusion **B.3.** does not apply.

B. We do not provide Additional Personal Injury Protection Coverage for **bodily injury** sustained by any **insured** while:

1. **Occupying**; or

2. A **pedestrian** struck by;

a **motor vehicle** which is owned by that **insured** and which is not insured for this coverage under this policy.

**LIMIT OF LIABILITY**

A. The limits of liability shown in the Schedule for Additional Personal Injury Protection Coverage are the most we will pay to or for the **named insured** or any one **family member** as the result of any one **motor vehicle** accident, regardless of the number of:

1. **Insureds**;

2. Policies or approved plans of self-insurance applicable;

3. **Your covered autos**; or

4. Claims made.

B. Any amount payable under this coverage shall be reduced by all sums paid or payable to the **named insured** or any **family member** for the same elements of loss under any workers compensation law.

**OTHER INSURANCE**

Any coverage provided hereunder shall be excess over any applicable personal injury protection coverage provided in accordance with the North Dakota Auto Accident Reparations Act.

### UNINSURED MOTORISTS COVERAGE — PROPERTY DAMAGE

**INSURING AGREEMENT**

A. We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **property damage** caused by an accident if the Declarations indicates that Uninsured Motorists Property Damage applies.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

SA-1852/NDEP 7/09

B. **"Insured"** as used in this coverage means:

   1. You or any **family member.**

   2. Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

C. **"Property damage"** as used in this coverage means injury to, destruction of or loss of use of:

   1. **Your covered auto.**

   2. Any property owned by an **insured.**

   3. Any property owned by you or any **family member** while contained in any auto not owned, but being operated, by you or any **family member.**

D. **"Uninsured motor vehicle"** means a land motor vehicle or **trailer** of any type:

   1. To which no property damage liability bond or policy applies at the time of the accident.

   2. To which a property damage liability bond or policy applies at the time of the accident if its limit for property damage liability is less than the **minimum limit** for property damage liability specified by the North Dakota financial responsibility law.

   3. To which property damage liability bonds or policies apply at the time of the accident, but all of the bonding or insurance companies deny coverage or are or become insolvent.

   4. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **property damage** without hitting:

     a. a vehicle which you or any **family member** are **occupying;** or

     b. **your covered auto.**

   If there is no physical contact with the vehicle causing the accident, the facts of the accident must be proved. We will only accept competent evidence other than the testimony of an **insured** or any person having an uninsured motorists claim resulting from the accident.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. For which Liability Coverage is provided under Part **A** of this policy.

2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

3. Owned by any governmental unit or agency.

4. While located for use as a residence or premises.

5. Operated by a person who is specifically excluded from coverage under the policy.

## EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for **property damage** sustained:

   1. By an **insured** while **occupying,** any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

   2. By any **family member** while **occupying,** any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

B. We do not provide Uninsured Motorists Coverage for **property damage** sustained by any **insured:**

   1. If that **insured** or the legal representative settles the **property damage** claim without our consent. However, this exclusion **(B.1.)** only applies if the settlement does not adversely affect our rights.

   2. While operating or occupying any motor vehicle, including a **trailer** of any type, owned by, furnished or available for regular use by that **insured** which is not insured for this Liability Coverage under this policy.

   3. If the accident was caused by an auto which has no physical contact with **your covered auto** or a vehicle an **insured** is **occupying** at the time of the accident unless:

     a. the facts of the accident are corroborated by competent evidence other than a person having an Uninsured Motorists Coverage claim resulting from the accident; and

     b. the accident is reported to the appropriate law enforcement agency within 24 hours after the accident.

   4. When **your covered auto** is being used as a public or livery conveyance. This exclusion does not apply to a share-the expense car pool.

   5. While using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 925 of 1402**

6. While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using **your covered auto.**

7. While operating, or **occupying,** a motorcycle or motor-driven cycle.

8. While using any vehicle while it is:

   a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   b. participating a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any prearranged or organized:

      (1) race activity; or

      (2) speed, performance, stunt, or demolition contest or exhibition.

B. This coverage shall not apply to the benefit of any insurer of property.

## DEDUCTIBLES

The following will be deducted from the amount of **property damage** resulting from any one accident:

1. $300 if the accident is caused by a hit-and run vehicle or a vehicle which has no physical contact with **your covered auto.**

2. $100 in all other cases.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for Uninsured Motorists Property Damage is our maximum limit of liability for all **property damage** sustained in any one accident.

B. Any amounts otherwise payable for damages which the **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **property damage** caused by an accident shall by reduced by all sums paid because of the **property damage** by or on behalf of persons or organizations who may be legally responsible.

## OTHER INSURANCE

With respect to an auto or property contained in an auto:

1. If there is other applicable similar insurance we will pay only our share of the loss. Our

share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

2. For any **property damage** to which the Collision Coverage of this policy (or similar coverage from another policy) and this coverage both apply, you may choose the coverage from which damages will be paid. You may recover under both coverages, but only if:

   a. neither one by itself is sufficient to cover the loss; and

   b. you will not recover more than the actual damages, less the applicable deductible.

3. With respect to all other property, this coverage shall be excess over any other collectible insurance.

---

## UNDERINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

A. We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury:**

1. Sustained by that **insured; and**

2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle.**

No judgment for damages arising out of a suit brought against the owner or operator of an **underinsured motor vehicle** is binding on us unless we:

1. Received reasonable notice of the pendency of the suit resulting in judgment; and

2. Had a reasonable opportunity to protect our interests in the suit.

We will pay under this coverage only if **1.** or **2.** below applies:

1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or

2. A tentative settlement has been made between an **insured** and the insurer of the

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 926 of 1402**

**underinsured motor vehicle** which would exhaust the limits of liability under any applicable bodily injury liability bonds or policies and we:

    **a.**    have been given prompt written notice of such tentative settlement; and

    **b.**    advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

**B.**    **"Insured"** as used in this coverage means:

    **1.**    You or any **family member.**

    **2.**    Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

    **3.**    Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in **1.** or **2.** above.

**C.**    **"Underinsured motor vehicle"** means a land motor vehicle or **trailer** of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is:

    **1.**    Less than the limit of liability for this coverage; or

    **2.**    Reduced by payments to others injured in the accident to less than the limit of liability for this coverage.

However, **"underinsured motor vehicle"** does not include any vehicle or equipment:

    **1.**    For which liability coverage is provided under Part **A** of this policy.

    **2.**    Owned by any governmental unit or agency.

    **3.**    While located for use as a residence or premises.

    **4.**    To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

        **a.**    Denies coverage; or

        **b.**    Is or becomes insolvent.

    **5.**    Operated by any person who is specifically excluded from coverage under this policy.

**EXCLUSIONS**

**A.**    We do not provide Underinsured Motorists Coverage for **bodily injury** sustained:

    **1.**    By an **insured** while **occupying** any motor vehicle owned by that **insured** which is not insured for this coverage under this policy.

This includes a **trailer** of any type used with that vehicle.

    **2.**    By any **family member** while **occupying** any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

**B.**    We do not provide Underinsured Motorists Coverage for **bodily injury** sustained by any **insured** using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission. However, this exclusion does not apply to a **family member** using your **covered auto.**

**C.**    This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

    **1.**    Workers compensation law; or

    **2.**    Disability benefits law.

**D.**    We do not provide Underinsured Motorists Coverage for **punitive or exemplary damages.**

**LIMIT OF LIABILITY**

**A.**    The limit of liability shown in the Declarations for "each person" for Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

This is the most we will pay regardless of the number of:

    **1.**    **Insureds;**

    **2.**    Claims made;

    **3.**    Vehicles or premiums shown in the Declarations; or

    **4.**    Vehicles involved in the accident.

In no event shall the limit of liability for two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to injured persons.

**B.**    If Combined single Limit Underinsured Motorists Coverage applies Paragraph **A.** is replaced by the following:

The limit of liability shown in the Declarations for Underinsured Motorists Coverage is our maximum limit of liability for all damages

because of **bodily injury** resulting from any one accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

In no event shall the limit of liability for two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to injured persons.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part **A** or Part **C** of this policy; or

2. Any No-Fault Coverage.

D. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

E. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

1. Workers compensation law; or

2. Disability benefits law, except non-occupational disability benefits.

F. A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer**.

**OTHER INSURANCE**

If there is other applicable insurance available under more than one policy or provision of coverage that is similar to the insurance provided under this endorsement:

A. Any recovery for damages for **bodily injury** sustained by an **insured** may equal but not exceed the higher of the applicable limit for any one vehicle under this insurance or any other insurance.

B. The following priorities of recovery apply if a vehicle the **insured** is operating at the time of the accident is not owned by the **insured** and is insured under a policy affording Underinsured Motorists Coverage to a named insured engaged in the **business** of:

1. selling;

2. repairing;

3. servicing;

4. storing;

5. leasing; or

6. parking;

motor vehicles:

| FIRST | Any policy affording Underinsured Motorists Coverage to the **insured** as a named insured on a vehicle not involved in the accident. |
|---|---|
| SECOND | Any policy affording Underinsured Motorists Coverage to the **insured** as a family member on a vehicle not involved in the accident. |
| THIRD | The policy affording Underinsured Motorists Coverage to the vehicle the **insured** was occupying at the time of the accident. |

This paragraph (**B.**) applies only if an **insured:**

1. Is operating the vehicle; and

2. Is neither the person engaged in such **business** nor that person's employee or agent.

C. The following priorities of recovery apply to vehicles not described in paragraph **B.** above:

| FIRST | The policy affording Underinsured Motorists Coverage to the Vehicle the **insured** was occupying at the time of the accident. |
|---|---|
| SECOND | Any policy affording Underinsured Motorists Coverage to the **insured** as a named insured on a vehicle not involved in the accident. |
| THIRD | Any policy affording Underinsured Motorists Coverage to the **insured** as a family member on a vehicle not involved in the accident. |

D. We will pay only for our share of the loss. Our share is the proportion that our limit of liability bears to the total of all limits applicable on the same level of priority.

**ARBITRATION**

A. If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that **insured;**

from the owner or operator of an **underinsured motor vehicle**, then the matter may be arbitrated. However, disputes concerning coverage may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 928 of 1402**

two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the **insured** is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of North Dakota. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

**ADDITIONAL DUTIES**

A person seeking Underinsured Motorists Coverage under this policy must also promptly:

1. Send us copies of the legal papers if a suit is brought; and

2. Notify us in writing of a tentative settlement between the **insured** and the insurer of the **underinsured motor vehicle** and allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **underinsured motor vehicle.**

3. Notify the proper law enforcement authorities as soon as practicable.

---

**ROADSIDE ASSISTANCE COVERAGE CALL 1-877-ROAD-101** (1-877-762-3101)

**"Your covered auto"** as used in this endorsement means a private passenger vehicle, motor home or **trailer** owned by you and for which a specific premium is shown on the Declarations for this coverage.

The following coverages apply to each vehicle for which this coverage is shown on the Policy Declarations:

1. Each time **your covered auto** or any **non-owned auto** is disabled due to mechanical or electrical breakdown we will pay reasonable and necessary expenses for the use of an **authorized service**

**provider** to tow or flatbed **your covered auto** or **non-owned auto** up to 10 miles or to the nearest qualified place where necessary repairs can be made during regular **business** hours.

2. Each time **your covered auto** or any **non-owned auto** is disabled requiring:

a. Towing to dislodge the vehicle from its place of disablement within 100 feet of a public street or highway; or

b. Labor, including change of tire, at the place of its breakdown; or

c. Delivery of fuel, oil, water or other fluids (we do not pay the costs of these items); or

d. Key lock-out services;

we will cover up to one (1) hour of labor for the use of an **authorized service provider** for service at the place of disablement.

3. For policies with a 6 month policy term, coverage is limited to no more than two occurrences per vehicle plus an additional two occurrences per policy in a 6 month policy period for both coverages **1.** and **2.**, above.

4. For policies with an annual policy term, coverage is limited to no more than four occurrences per vehicle plus an additional four occurrences per policy in a 12 month policy period for both coverages **1.** and **2.** above.

**Authorized service provider** means a service provider contracted by us providing, at no charge to you, roadside assistance as described and limited above.

When service is provided by other than an **authorized service provider,** we will reimburse you only for reasonable charges as determined by us.

No deductible applies to this coverage.

---

**LOSS OF USE COVERAGE**

The provisions and exclusions that apply to Part **D** — Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use Coverage is afforded, we will reimburse you for expenses you incur to rent a substitute vehicle.

This coverage applies only if:

1. The vehicle is withdrawn from use for more than 24 hours;

SA-1852/NDEP 7/09

— 27 —

**2.** The loss is caused by **collision,** or is covered by the Comprehensive Coverage of this policy; and

**3.** The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the vehicle.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the vehicle.

Our payment will be limited to that period of time reasonably required to repair or replace the vehicle. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

No deductible applies to this coverage.

**FULL SAFETY GLASS COVERAGE**

We will pay under Comprehensive Coverage for the cost of repairing or replacing damaged **safety equipment** on **your covered auto** without a deductible. We will pay only if:

**1.** The Declarations indicates that Comprehensive Coverage applies; and

**2.** A specific premium charge for Full Safety Glass Coverage is shown in the Declarations for **your covered auto.**

**"Safety equipment",** as used in this coverage means the:

**1.** Glass used in the windshield, doors and windows of **your covered auto;** and

**2.** Glass, plastic or other material used in the lights of **your covered auto.**

SA-1852/NDEP 7/09

— 28 —


Member of Liberty Mutual Group

# SOUTH DAKOTA PERSONAL AUTO POLICY

SAFECO INSURANCE COMPANY OF AMERICA
Home Office: Safeco Plaza, Seattle, Washington 98185-0001

(A stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

|  | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A — LIABILITY COVERAGE** | 3 |
| Insuring Agreement | |
| Supplementary Payments | |
| Exclusions | |
| Limit of Liability | |
| Out of State Coverage | |
| Financial Responsibility | |
| Other Insurance | |
| **PART B — MEDICAL PAYMENTS COVERAGE** | 6 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART C — UNINSURED MOTORISTS COVERAGE** | 8 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO** | 10 |
| Insuring Agreement | |
| Transportation Expenses | |
| Exclusions | |
| Limit of Liability | |
| Payment of Loss | |
| No Benefit to Bailee | |
| Other Sources of Recovery | |
| Appraisal | |
| **PART E — DUTIES AFTER AN ACCIDENT OR LOSS** | 15 |
| **PART F — GENERAL PROVISIONS** | 15 |
| Policy Period and Territory | |
| Changes | |
| Termination | |
| Two or More Autos Insured; Two or More Auto Policies | |
| **ADDITIONAL COVERAGES** | 18 |
| Underinsured Motorists Coverage | |
| Uninsured Motorists Coverage — Property Damage | |
| Roadside Assistance Coverage | |
| Loss of Use Coverage | |
| Full Safety Glass Coverage | |

##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################

SA-1852/SDEP 7/09