## AGREEMENT

In return for your payment of all premiums, and in reliance upon the statements in the application we agree to insure you subject to the terms, conditions and limitations of this policy. We will insure you for the coverages and limits shown on the Declarations. Your policy consists of the policy contract, Declarations and endorsements applicable to the policy.

## DEFINITIONS

A. Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations;

2. The spouse if a resident of the same household;

3. The civil partner, if a resident of the same household, by civil union licensed and certified by the state; or

4. The **domestic partner,** if a resident of the same household;

   **"Domestic partner"** means a person living as a continuing partner with you and:

   (a) is at least 18 years of age and competent to contract;

   (b) is not a relative; and

   (c) shares with you the responsibility for each other's welfare, evidence of which includes:

   (1) the sharing in domestic responsibilities for the maintenance of the household; or

   (2) having joint financial obligations, resources, or assets; or

   (3) one with whom you have made a declaration of domestic partnership or similar declaration with an employer or government entity.

   **Domestic partner** does not include more than one person, a roommate whether sharing expenses equally or not, or one who pays rent to the named insured.

B. "We," "us" and "our" refer to the Company as shown in the Declarations providing this insurance.

C. For purposes of this policy, a private passenger auto shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and

2. For a continuous period of at least six months.

D. Throughout the policy, **"minimum limits"** refers to the following limits of liability required by South Dakota law to be provided under a policy of automobile liability insurance:

1. $25,000 for each person, subject to $50,000 for each accident, with respect to **bodily injury;**

2. $25,000 for each accident with respect to **property damage.**

Other words and phrases are defined. They are in bold type when used.

E. **"Bodily injury"** means bodily harm, sickness or disease, including death that results.

F. **"Business"** includes trade, profession or occupation.

G. **"Family member"** means a person related to you by blood, marriage, civil union, domestic partnership or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

H. **"Fungi"** means any type or form of fungus, including yeast, mold or mildew, blight or mushroom and any mycotoxins, spore, scents or other substances, products or byproducts produced, released by or arising out of **fungi,** including growth, proliferation or spread of **fungi** or the current or past presence of **fungi.** However, this definition does not include any **fungi** intended by the **insured** for consumption.

I. **"Occupying"** means in; upon; or getting in, on, out or off.

J. **"Property damage"** means physical injury or destruction of tangible property including loss of use.

K. **"Punitive or exemplary damages"** include damages which are awarded to punish or deter wrongful conduct, to set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for **bodily injury** or **property damage.**

L. **"Trailer"** means a vehicle designed to be pulled by a:

1. Private passenger auto; or

2. Pickup, van or motorhome.

   It also means a recreational camping vehicle, a farm wagon or farm implement while towed by a vehicle listed in **L.1.** or **L.2.** above.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 932 of 1402**

**M.** **"Your covered auto"** means:

1. Any vehicle shown in the Declarations.

2. **a.** Any newly acquired vehicle, whether operational or not, on the date you become the owner, subject to conditions for **Newly Acquired Replacement Vehicle** and **Newly Acquired Additional Vehicle** under **M.2.b.** below. Any newly acquired vehicle must be of the following types:

   (1) a private passenger auto;

   (2) a pickup or van that:

      (a) has a Gross Vehicle Weight Rating of 12,000 lbs or less; and

      (b) is not used for the delivery or transportation of goods and materials unless such use is:

         i. incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

         ii. for farming or ranching; or

   (3) a motorhome or **trailer**.

   **b.** A newly acquired vehicle is subject to the following conditions:

      (1) **Newly Acquired Replacement Vehicle.** If the vehicle you acquire replaces one shown in the Declarations, the replacement vehicle will have the same coverage as the vehicle it replaced, other than Part **D** — Coverage for Damage to Your Auto. This provision applies only if there is no other insurance policy that provides coverage for that replacement vehicle.

      Part **D** — Coverage for Damage to Your Auto shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition, only to the extent Part **D** — Coverage for Damage to Your Auto applied to the vehicle being replaced. You must notify us within thirty (30) days after you acquire the replacement vehicle for Part **D** — Coverage for Damage to Your Auto to continue.

      (2) **Newly Acquired Additional Vehicle.** For any newly acquired

vehicle that is in addition to any shown in the Declarations coverage shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition. Coverage shall be the broadest coverage we provide for any vehicle shown in the Declarations. This coverage applies only if:

   (a) you acquire the additional vehicle during the policy period shown on the Declarations; and

   (b) there is no other insurance policy that provides coverage for the additional vehicle.

   If you wish to add or continue coverage you must ask us to insure the additional vehicle within thirty (30) days after you acquire the additional vehicle. This thirty (30) days of coverage includes the day you acquire the vehicle.

      (3) Collision Coverage for a newly acquired vehicle begins on the date that you acquire the vehicle. However, if the Declarations does not indicate that Collision Coverage applies to at least one vehicle, you must ask us to insure the newly acquired vehicle within four (4) days after you acquire it. If a loss occurs during the four (4) days after you acquire the vehicle but before you asked us to insure the newly acquired vehicle, a $500 collision deductible will apply.

      (4) Comprehensive Coverage for a newly acquired vehicle begins on the date that you acquire the vehicle. However, if the Declarations does not indicate that Comprehensive Coverage applies to at least one vehicle, you must ask us to insure the newly acquired vehicle within four (4) days after you acquire it. If a loss occurs during the four (4) days after you acquire the vehicle but before you asked us to insure the newly acquired vehicle, a $500 comprehensive deductible will apply.

3. Any auto or **trailer** you do not own while used as a temporary substitute for any

other vehicle described in this definition which is out of normal use because of its:

**a.** breakdown;

**b.** repair;

**c.** servicing;

**d.** loss; or

**e.** destruction.

This provision **(M.3.)** does not apply to Coverage for Damage to Your Auto.

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

**A.** We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**B.** "**Insured**" as used in this Part means:

1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

2. Any person using **your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

3. For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under **B.1.** and **B.2.** above.

4. For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision **(B.4.)** applies only if the person or organization does not own or hire the auto or **trailer.**

### INTEREST ON JUDGMENTS

We will pay interest on judgments subject to all of the following:

1. Any notice, demand, summons, judgment, or any process has been promptly forwarded to us as required by the policy conditions.

2. We accept the defense or agree to the judgment.

3. We will pay the interest on that part of the judgment that is covered and that does not exceed our applicable limit of liability.

4. We will pay interest that accrues after entry of judgment and before we pay, tender, or deposit in court.

5. If we appeal the judgment, we will pay interest on the entire judgment.

6. Post-judgment interest is in addition to the applicable limit of liability.

7. Where we are required to cover prejudgment interest, it shall be included in the limit of liability and is not an additional amount of insurance.

### SUPPLEMENTARY PAYMENTS

We will pay on behalf of an **insured:**

1. Up to $1,000 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy. We are not obligated to apply for or furnish such bonds.

2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.

3. Up to $250 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

4. Other reasonable expenses incurred at our request.

5. Pay all expenses incurred by an **insured** for first aid to others at the time of the auto accident, not to exceed $10,000.

### EXCLUSIONS

**A.** We do not provide Liability Coverage for:

1. Any **insured** who intentionally causes **bodily injury** or **property damage** even if such **bodily injury** or **property damage** is of a different kind or degree than expected or intended, or such **bodily injury** or **property damage** is sustained by a different person or persons than expected or intended.

2. **Property damage** to property owned or being transported by any **insured.**

SA-1852/SDEP 7/09

— 3 —

3. **Property damage** to property:

   **a.** rented to;

   **b.** used by; or

   **c.** in the care of;

   any **insured**.

   This exclusion **(A.3.)** does not apply to **property damage** to a residence or private garage.

4. **Bodily injury** to an employee of any **insured** during the course of employment. This exclusion **(A.4.)** does not apply to **bodily injury** to a domestic employee unless workers compensation benefits are required or available for that domestic employee.

5. Any **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion **(A.5.)** does not apply to a share-the-expense car pool.

6. Any **insured** using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business**.

7. **a.** Any **insured** while employed or otherwise engaged in the **business** of:

   **(1)** selling;

   **(2)** repairing;

   **(3)** servicing;

   **(4)** storing; or

   **(5)** parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery.

   **b.** This exclusion **(A.7.)** does not apply to the ownership, maintenance or use of **your covered auto** by:

   **(1)** you;

   **(2)** any **family member**; or

   **(3)** any partner, agent or employee of you or any **family member**.

8. Any **insured** maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusions **A.6.** or **A.7.** This exclusion **(A.8.)** does not apply to the maintenance or use of a:

   **a.** private passenger auto;

   **b.** pickup, motorhome or van that:

   **(1)** you own; or

   **(2)** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

   **(a)** breakdown;

   **(b)** repair;

   **(c)** servicing;

   **(d)** loss; or

   **(e)** destruction; or

   **c.** **trailer** used with a vehicle described in **A.8.a.** or **A.8.b.** above.

9. Any **insured** using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to a **family member** using **your covered auto**.

10. **a.** **Bodily injury** or **property damage** for which any **insured**:

    **(1)** is an insured under a nuclear energy liability policy; or

    **(2)** would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

    **b.** A nuclear energy liability policy is a policy issued by any of the following or their successors:

    **(1)** Nuclear Energy Liability Insurance Association;

    **(2)** Mutual Atomic Energy Liability Underwriters; or

    **(3)** Nuclear Insurance Association of Canada.

11. **Punitive or exemplary damages** awarded against any **insured**.

12. **Bodily injury** to you or any **family member**. However, this exclusion does not apply for **bodily injury** to you to the extent that this coverage provides the **minimum limits** required by the Financial Responsibility Law of the State of South Dakota.

13. **Bodily injury** or **property damage** arising out of the use of **your covered auto** while leased or rented to others. However, this exclusion does not apply to the operation of **your covered auto** by you or a **family member**.

SA-1852/SDEP 7/09

— 4 —

14. **Bodily injury** or **property damage** arising out of the commission of a felony by the **insured**. This exclusion applies regardless of whether that **insured** is actually charged with, or convicted of, a crime. However, this exclusion (**14.**) does not apply to traffic violations.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. a. Any vehicle which:

   (1) has fewer than four wheels;

   (2) is designed mainly for use off public roads; or

   (3) is a vehicle not licensed for use on public roads.

   b. This exclusion does not apply:

   (1) while such vehicle is being used by an **insured** in a medical emergency; or

   (2) to any **trailer.**

2. Any vehicle, other than **your covered auto,** which is:

   a. owned by you; or

   b. furnished or available for your regular use.

3. a. Any vehicle, other than **your covered auto,** which is:

   (1) owned by any **family member** or other person who resides with you; or

   (2) furnished or available for the regular use of any **family member** or other person who resides with you.

   b. However, this exclusion (**B.3.**) does not apply to you while you are maintaining or **occupying** any vehicle which is:

   (1) owned by a **family member** or other person who resides with you; or

   (2) furnished or available for the regular use of a **family member** or other person who resides with you.

4. Any vehicle while it is:

   a. operating on a surface designed or used for racing, except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   b. participating in a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any prearranged or organized:

   (1) race activity; or

   (2) speed, performance, stunt, or demolition contest or exhibition.

## LIMIT OF LIABILITY

A. If the Declarations indicates "per person/per accident" coverage applies:

The limit of liability as shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one auto accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

B. If the Declarations indicate **Combined Single Limit** applies, Paragraph **A.** above is replaced by the following:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate limits required by law for **bodily injury** and **property damage** liability. However, this provision will not change our total limit of liability.

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 936 of 1402**

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

    **1.** Part **B** or Part **C** of this policy; or

    **2.** Any Underinsured Motorists Coverage provided by this policy.

**D.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer.**

### OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for coverage as follows:

**A.** If the state or province has:

    **1.** A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

    **2.** A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required **minimum limits** and types of coverage.

**B.** No one will be entitled to duplicate payments for the same elements of loss.

### FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required. The **insured** must reimburse us if we make a payment that we would not have made if this policy was not certified as proof of financial responsibility.

### OTHER INSURANCE

If there is other applicable liability insurance available any insurance we provide shall be excess over any other applicable liability insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible liability insurance.

However, any insurance we provide for a vehicle you do not own will be primary insurance if the vehicle is insured under a policy affording coverage to a named insured engaged in the **business** of:

**1.** selling;

**2.** repairing;

**3.** servicing;

**4.** storing; or

**5.** parking;

motor vehicles. This applies only if an **insured:**

**1.** is operating the vehicle; and

**2.** is neither the person engaged in such **business** nor that person's employee or agent.

---

## PART B — MEDICAL PAYMENTS COVERAGE

---

### INSURING AGREEMENT

**A.** We will pay **reasonable and customary charges** incurred for reasonable and necessary medical and funeral expenses because of **bodily injury:**

    **1.** Caused by accident; and

    **2.** Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within three (3) years from the date of the accident.

We have a right to review medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

**B.** "**Insured**" as used in this Part means:

    **1.** You or any **family member** or any other resident of your household:

        **a.** while **occupying;** or

        **b.** as a pedestrian colliding with or when struck by;

    a motor vehicle designed for use mainly on public roads or a **trailer** of any type.

Also, you or any **family member** while **occupying** a bicycle when struck by a motor vehicle designed for use mainly on public roads or by a **trailer** of any type.

    **2.** Any other person while **occupying** or as a pedestrian when struck by, **your covered auto.**

    **3.** Any other person while **occupying,** as a guest, an automobile not owned by you or a **family member,** while being operated by you or a **family member.**

**C.** "**Reasonable and customary charges**" as used in this Part mean:

Any amount which we determine represents a customary charge for services in the geographic area in which the service is rendered. To determine whether a charge is customary, we may consider outside sources of information of our choice, including, but not limited to:

    **1.** Licensed, certified or registered health care professionals;

    **2.** Medical examinations;

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 937 of 1402**

3. Medical file reviews;

4. Medical bill review services; or

5. Computerized data bases.

The **insured** shall not be responsible for payment of any reduction applied by us. If a medical provider disputes an amount paid by us, we will be responsible for resolving such disputes.

## EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury**:

1. Sustained while **occupying** any motorized vehicle having fewer than four wheels.

2. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(2.)** does not apply to a share-the-expense car pool.

3. Sustained while occupying any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business**.

4. Sustained while **occupying** any vehicle located for use as a residence or premises.

5. Occurring during the course of employment if workers compensation benefits are required or available for the **bodily injury**.

6. Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:

   a. owned by you; or

   b. furnished or available for your regular use.

7. Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:

   a. owned by any **family member** or other person who resides with you; or

   b. furnished or available for the regular use of any **family member** or other person who resides with you.

   However, this exclusion **(7.)** does not apply to you.

8. Sustained while **occupying** a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However this exclusion does not apply to a **family member** using **your covered auto**.

9. Sustained while **occupying** a vehicle when it is being used in the **business**

of an **insured**. This exclusion **(9.)** does not apply to **bodily injury** sustained while **occupying** a:

a. private passenger auto;

b. pickup, van or motorhome that you own; or

c. **trailer** used with a vehicle described in **a.** or **b.** above.

10. Caused by or as a consequence of:

   a. discharge of a nuclear weapon (even if accidental);

   b. war (declared or undeclared);

   c. civil war;

   d. insurrection; or

   e. rebellion or revolution.

11. From or as a consequence of the following, whether controlled or uncontrolled or however caused:

   a. nuclear reaction;

   b. radiation; or

   c. radioactive contamination.

12. Sustained while **occupying** any vehicle while it is:

   a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   b. participating in a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any prearranged or organized:

      (1) race activity; or

      (2) speed, performance, stunt, or demolition contest or exhibition.

13. Caused by the actual, alleged or threatened presence, growth, proliferation or spread of **fungi** or bacteria.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 938 of 1402**

4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part **A** or Part **C** of this policy; or

2. Any Underinsured Motorists Coverage provided by this policy.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance available any insurance we provide shall be excess over any other applicable auto medical payments insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible auto medical payments insurance.

However, any insurance we provide for a vehicle you do not own will be primary insurance if the vehicle is insured under a policy affording coverage to a named insured engaged in the **business** of:

1. Selling;

2. Repairing;

3. Servicing;

4. Storing; or

5. Parking;

motor vehicles. This applies only if an **insured:**

1. Is operating the vehicle; and

2. Is neither the person engaged in such **business** nor that person's employee or agent.

---

## PART C — UNINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

A. We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **under-insured motor vehicle** because of **bodily injury:**

1. Sustained by that **insured;** and

2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

No judgment for damages arising out of a suit brought against, or settlement entered into with, the owner or operator of an **uninsured motor vehicle** is binding on us unless we:

1. Received reasonable notice of the pendency of the suit resulting in judgment or the negotiations resulting in settlement; and

2. Had a reasonable opportunity to protect our interests in the suit or settlement.

B. "Insured" as used in this Part means:

1. You or any **family member.**

2. Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

3. Any person entitled to recover damages because of **bodily injury** to which this coverage applies sustained by a person described in **B.1.** or **B.2.** above.

C. "Uninsured motor vehicle" means a land motor vehicle or **trailer** of any type:

1. To which no bodily injury liability bond or policy applies at the time of the accident.

2. To which a bodily injury liability bond or policy applies at the time of the accident if its limit for bodily injury liability is less than the **minimum limits** for bodily injury liability specified by the financial responsibility law of the state in which **your covered auto** is principally garaged.

3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **bodily injury** without hitting:

a. you or any **family member;**

b. a vehicle which you or any **family member** are **occupying;** or

c. **your covered auto.**

If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved. We will only accept competent evidence other than the testimony of a person making claim under this or any similar coverage.

4. To which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:

a. denies coverage; or

b. is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any **family member.**

2. Owned or operated by a self-insurer under any applicable motor vehicle law, except

SA-1852/SDEP 7/09                                         — 8 —

a self-insurer which is or becomes insolvent.

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

**EXCLUSIONS**

A. We do not provide Uninsured Motorists Coverage for **bodily injury** sustained:

1. By you while **occupying,** or when struck by, any motor vehicle you own which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

2. By a **family member**:

   a. Who owns an auto, while **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

   b. Who does not own an auto, while **occupying,** or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

B. We do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any **insured**:

1. While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(B.2.)** does not apply to a share-the-expense car pool.

2. While using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

3. While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using **your covered auto.**

4. While **occupying** or operating an owned motorcycle or moped.

5. While using any vehicle while it is:

   a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   b. participating in a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any prearranged or organized:

      (1) race activity; or

      (2) speed, performance, stunt, or demolition contest or exhibition.

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

1. Workers compensation law; or

2. Disability benefits law.

D. We do not provide Uninsured Motorists Coverage for **punitive or exemplary damages.**

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

B. If the Declarations indicate Combined Single Limit Uninsured Motorists Coverage applies, paragraph **(A.)** above is replaced by the following:

The limit of liability shown in the Declarations for Uninsured Motorists Coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

SA-1852/SDEP 7/09

— 9 —

4. Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate limits required by law for **bodily injury** and **property damage** liability. However, this provision will not change our total limit of liability.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **B** or any Underinsured Motorists Coverage provided by this policy.

**D.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**E.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

1. Workers compensation law; or

2. Disability benefits or occupational disease laws.

**F.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer.**

**OTHER INSURANCE**

If there is other applicable similar insurance:

1. We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

2. Any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance. However, any insurance we provide for a vehicle you do not own will be primary insurance if the vehicle is insured under a policy affording coverage to a named insured engaged in the **business** of:

   **a.** selling;

   **b.** repairing;

   **c.** servicing;

   **d.** storing; or

   **e.** parking;

   motor vehicles. This applies only if an **insured:**

   **a.** is operating the vehicle; and

   **b.** is neither the person engaged in such **business** nor that person's employee or agent.

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

---

**INSURING AGREEMENT**

**A.** We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto,** including its equipment, any child safety seat in use in **your covered auto** or **non-owned auto,** minus any applicable deductible shown in the Declarations. We will pay for loss to **your covered auto** caused by:

1. Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto,** we will provide the broadest coverage applicable to any vehicle shown in the Declarations.

**Deductible**

Unless stated otherwise, the applicable deductible shown in the Declarations shall be applied to each accidental loss covered under this Part of the policy. However,

**a.** if loss to more than one of **your covered autos** or a **non-owned auto** results from

the same loss, only the highest applicable deductible will apply;

**b.** in the event of a **collision** with another vehicle insured by a Safeco insurance company, other than a vehicle described as **your covered auto** or **non-owned auto,** no deductible will apply.

**c.** if loss to **your covered auto** or a **non-owned auto** results from the same event as a covered loss under your Homeowners, Condominium or Rental policy issued by a Safeco company, no deductible will apply to **your covered auto** or a **non-owned auto.**

**B.** "Collision" means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object.

"Comprehensive" means loss, other than **collision,** to **your covered auto** or a **non-owned auto.** Losses caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion;

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 941 of 1402**

contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision,** you may elect to have it considered a loss caused by **collision.**

**C.** **1.** **"Non-owned auto"** means:

   **a.** Any private passenger auto, pickup, van (other than a cargo van) or **trailer** with a Gross Vehicle Weight Rating of 12,000 pounds or less or any cargo van or moving van with a Gross Vehicle Weight Rating of 18,000 lbs. or less not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member;** or

   **b.** Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

      **(1)** breakdown;

      **(2)** repair;

      **(3)** servicing;

      **(4)** loss; or

      **(5)** destruction.

   **2.** **"Non-owned auto"** does not include any vehicle which has been operated or rented by or in the possession of an **insured** for 30 or more consecutive days. This does not apply to a temporary substitute vehicle authorized by us.

**D.** **"Camper body"** means a body equipped as sleeping or living quarters which is designed to be mounted on a pickup.

**E.** **"Diminution in value"** means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

**TRANSPORTATION EXPENSES**

**A.** Subject to the limitations described in paragraphs **B.** and **C.,** below, we will pay:

   **1.** Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto** or a **non-owned auto.** We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto. We will pay only expenses incurred during the period:

      **a.** beginning 48 hours after the theft; and

      **b.** ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

   **2.** Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto.** We will pay only expenses beginning when the **non-owned auto** is withdrawn from use for more than 24 hours. We will pay for indirect loss expenses if the loss is caused by:

      **a.** a **comprehensive** loss only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

      **b.** **collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

**B.** For the expenses described in paragraphs **A.1.** and **A.2.** we will pay the greater of the following, without application of a deductible:

   **1.** Up to $25 per day, to a maximum of $750; or

   **2.** The limit for Loss of Use, if any, shown in the Declarations.

**C.** Our payment for the expenses described in paragraphs **A.1.** and **A.2.** will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto.**

**EXCLUSIONS**

We will not pay for:

   **1.** Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This exclusion **(1.)** does not apply to a share-the-expense car pool.

   **2.** Loss to **your covered auto** or any **non-owned auto** while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

   **3.** Damage or loss due and confined to:

      **a.** wear and tear;

      **b.** freezing;

      **c.** mechanical or electrical breakdown or failure; or

      **d.** road damage to tires.

      This exclusion **(3.)** does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

   **4.** Damage or loss arising out of neglect. Neglect means your failure to adequately maintain **your covered auto** or **non-owned auto** after the loss.

With respect to water under Comprehensive Coverage, there is no coverage for:

a. moisture, condensation, humidity, or vapor;

b. water intrusion around or through panels, surfaces and seals; or

c. water that collects in spaces or ventilation systems; or

d. **fungi**, dry rot or bacteria;

resulting from neglect.

5. Loss due to or as a consequence of:

a. discharge of any nuclear weapon (even if accidental);

b. war (declared or undeclared);

c. civil war;

d. insurrection; or

e. rebellion or revolution.

6. Loss from or as a consequence of the following, whether controlled or uncontrolled or however caused:

a. nuclear reaction;

b. radiation; or

c. radioactive contamination.

7. Loss to:

a. any electronic equipment designed for the production or reproduction of sound, pictures, audio, visual or data or that receives or transmits sound, pictures or data signals.

b. This exclusion (**7.**) does not apply to:

(1) equipment designed for the reproduction of sound or transmission of sound, pictures, audio, visual or data signals and accessories used with such equipment, provided:

(a) the electronic equipment is permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto;** or

(b) the electronic equipment is:

i. removable from a housing unit which is permanently installed by the original vehicle manufacturer or manufacturer's dealership in the auto;

ii. designed to be solely operated by use of the power from the auto's electrical system; and

iii. in or upon **your covered auto** or any **non-owned auto;**

at the time of loss.

(c) any equipment installed through our Teensurance program.

However, we will pay only up to a total of $1,000 or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for all such equipment that is not installed by the original vehicle manufacturer or manufacturer's dealership.

(2) any other electronic equipment that is:

(a) necessary for the normal operation of the auto or the monitoring of the auto's operating systems;

(b) an integral part of the same unit housing any electronic equipment described in **7.a.** and permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto.**

8. Loss to:

a. tapes, records, discs, or other media used with such equipment described in exclusion (**7.**); or

b. any other accessories, not permanently installed used with such equipment described in exclusion (**7.**).

9. Loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities because you or any **family member:**

a. engaged in illegal activities; or

b. failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion (**9.**) does not apply to the interests of Loss Payees in **your covered auto.**

10. Loss to a **camper body,** motorhome or **trailer** you own which is not shown in the

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 943 of 1402**

Declarations. This exclusion **(10.)** does not apply to a **camper body,** motorhome or **trailer** you:

**a.** acquire during the policy period; and

**b.** ask us to insure within 30 days after you become the owner.

**11.** Loss to any **non-owned auto** when used by you or any **family member** without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.

**12.** Loss to equipment, whether operational or not, whose design may be used for the detection or location of law enforcement equipment.

**13.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

**a.** selling;

**b.** repairing;

**c.** servicing;

**d.** storing; or

**e.** parking;

vehicles designed for use on public highways. This includes road testing and delivery.

**14.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion **2.** and **13.** This exclusion **(14.)** does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

**15.** Loss to **your covered auto** or any **non-owned auto** while it is:

**a.** operating on a surface designed or used for racing. This does not apply to an organized and controlled event that is not a speed, performance, stunt or demolition event;

**b.** participating in a high performance driving or racing instruction course or school; or

**c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

**(1)** race activity; or

**(2)** speed, performance, stunt, or demolition contest or exhibition.

**16.** Loss to, or loss of use of, a **non-owned auto** rented by:

**a.** you; or

**b.** any **family member;**

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

**17.** Loss to **your covered auto** or any **non-owned auto,** arising out of the actual, alleged or threatened presence, growth, proliferation or spread of **fungi,** dry rot or bacteria.

**18.** Loss to **your covered auto, non-owned auto,** or **trailer,** for **diminution in value.**

**19.** Loss in excess of $1,000 per claim or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for any furnishings or equipment that were not installed by the original vehicle manufacturer or manufacturer's dealership which mechanically or structurally changes your vehicle and results in increase in performance or change in appearance, including but not limited to:

**a.** custom murals, paintings or other decals or graphics;

**b.** custom wheels, tachometers, pressure and temperature gauges;

**c.** modified or custom engines and fuel systems, light bars, racing slicks and/or oversized tires, roll bars and lift kits, winches, utility boxes, and tool boxes; or

**d.** non-standard paint.

This exclusion does not apply to equipment installed to make a vehicle handicap accessible.

**20.** Loss arising out of the use of **your covered auto** while leased or rented to others.

**21.** Loss to **your covered auto** or a **non-owned auto** caused by an intentional act by you or a **family member,** or at the direction of you or a **family member.**

**LIMIT OF LIABILITY**

**A.** At our option, our limit of liability for loss will be the lowest of:

**1.** The actual cash value of the stolen or damaged property;

**2. a.** The amount necessary to repair or replace the property;

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 944 of 1402**

**b.** Determination of the cost of repair or replacement will be based upon one of the following:

**(1)** the cost of repair or replacement agreed upon by you and us;

**(2)** a competitive bid approved by us; or

**(3)** an estimate written based upon the prevailing competitive price. You agree with us that we may include in the estimate parts furnished by the original vehicle manufacturer or parts from other sources including non-original equipment manufacturers. The prevailing competitive price means prices charged by a majority of the repair market in the area where the vehicle is to be repaired as determined by us; or

**3.** The limit of liability shown in the Declarations.

However, the most we will pay for loss to any **non-owned auto**, which is a **trailer**, is $1,500.

**B.** An adjustment for depreciation and physical condition may be made based upon the physical condition and wear and tear of the property or damaged part of the property at the time of the loss. This adjustment for physical condition includes but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges and paint condition. When replacing parts normally subject to repair or replacement during the useful life of the vehicle, we will not pay for the amount of any betterment.

We may deduct for betterment from the amount we pay for the loss only if the repair or replacement results in an increase in the fair market value of the vehicle.

Betterment as used in this provision means the difference between:

**1.** The fair market value of the vehicle before the loss; and

**2.** The fair market value of the vehicle after repair or replacement.

**PAYMENT OF LOSS**

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

**1.** You; or

**2.** The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

**NO BENEFIT TO BAILEE**

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER SOURCES OF RECOVERY**

If other sources of recovery also cover the loss:

**1.** We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

**2.** Any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

**a.** any coverage provided by the owner of the **non-owned auto**;

**b.** any other applicable physical damage insurance;

**c.** any other source of recovery applicable to the loss.

However, any insurance we provide for a **non-owned auto** will be primary insurance if the vehicle is insured under a policy affording coverage to a named insured engaged in the **business** of:

**a.** selling;

**b.** repairing;

**c.** servicing;

**d.** storing; or

**e.** parking;

motor vehicles. This applies only if an **insured**:

**a.** is operating the vehicle; and

**b.** is neither the person engaged in such **business** nor that person's employee or agent.

**APPRAISAL**

**A.** If we and you do not agree on the amount of loss, then an appraisal of the loss may be made. However, both parties must agree to the appraisal. If so agreed, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will not be binding. Each party will:

**1.** Pay its chosen appraiser; and

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 945 of 1402**

2. Bear the expenses of the appraisal and umpire equally.

**B.** We do not waive any of our rights under this policy by agreeing to an appraisal.

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**A.** We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

**B.** A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:

   a. to physical examinations by physicians we select. We will pay for these exams.

   b. to examination under oath and subscribe the same. We may examine any **insured** separately and apart from the presence of any other **insured.**

4. Authorize us to obtain:

   a. medical reports; and

   b. other pertinent records.

5. Submit a proof of loss, under oath if requested, when required by us.

6. Submit to examinations under oath and subscribe the same. We may examine any **insured** separately and apart from the presence of any other **insured.**

**C.** A person seeking Uninsured Motorists Coverage or Underinsured Motorists Coverage must also:

1. Report the accident to the police or other civil authority within seventy-two (72) hours or as soon as practicable if a hit-and-run driver is involved.

2. Promptly send us copies of the legal papers if a suit is brought.

**D.** A person seeking Coverage for Damage to Your Auto must also:

1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

## PART F — GENERAL PROVISIONS

### POLICY PERIOD AND TERRITORY

**A.** This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

**B.** The policy period is the period stated in the Declarations. The policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

**C.** The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

### BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

### CHANGES

**A.** This policy, your Declarations page and endorsements issued by us to this policy contain all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

**B.** The premium for your policy is based on information we have received from you or other sources. You agree to cooperate with us in determining if this information is correct and complete and you will notify us if it changes. If this information is incorrect, incomplete, or changes, during the policy term we will adjust

SA-1852/SDEP 7/09

— 15 —

your premium or take other appropriate action based upon the corrected, completed or changed information. Changes during the policy term that will result in a premium increase or decrease during the policy term include, but are not limited to, changes in:

1. The number, type or use classification of insured vehicles.

2. Operators using insured vehicles including newly licensed **family member** drivers and any household members that have licenses.

3. The location where your vehicle is principally garaged.

4. Customized equipment or parts.

You also agree to disclose all licensed drivers residing in your household.

C. If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph **(C.)** does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

1. A subsequent edition of your policy; or

2. An Amendatory Endorsement.

D. Additional or return premium of $3.00 or less resulting from policy changes will be waived.

**PAYMENT OF PREMIUM**

If your initial premium payment is by check, draft or any remittance other than cash, coverage under this policy is conditioned upon the check, draft or remittance being honored upon presentment to the bank or other financial institution. If the check, draft or remittance is not honored upon presentment, this policy may, at our option, be deemed void from its inception. This means that we will not be liable under this policy for any claims or damages which would otherwise be covered if the check, draft, or remittance had been honored upon presentment.

**FRAUD**

This policy was issued in reliance upon the information provided on your application. We may void this policy if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, at the time application was made or any time during the policy period.

We may void this policy or deny coverage for an accident or loss if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

We may void this policy or deny coverage for fraud or material misrepresentation even after the occurrence of an accident or loss. This means we will not be liable for any claims or damages which would otherwise be covered. If we make a payment, we may request that you reimburse us. If so requested, you must reimburse us for any payments we may have already made.

**LEGAL ACTION AGAINST US**

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A**, no legal action may be brought against us until:

1. We agree in writing that the **insured** has a legal obligation to pay damages; or

2. The amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring us into any action to determine the legal liability of an **insured**.

**OUR RIGHT TO RECOVER PAYMENT**

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another person, entity or organization we shall be subrogated to that right. That person shall:

1. Do whatever is necessary to enable us to exercise our rights; and

2. Do nothing after loss to prejudice them.

However, our rights in this paragraph **(A.)** do not apply under Part **D**, against any person using **your covered auto** with your express or implied permission or other person having lawful possession and is not using a vehicle beyond the scope of the permission granted.

This paragraph **A.** does not apply to Part **C.** of the policy.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

This paragraph **B.** does not apply to Underinsured Motorists Coverage if afforded under this policy.

C. 1. Our rights do not apply under paragraph **A.** with respect to Underinsured Motorists Coverage if:

    a. We have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **underinsured motor vehicle**; and

SA-1852/SDEP 7/09

— 16 —

**b.** We fail to advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

**2.** If we advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification:

**a.** That payment will be separate from any amount the **insured** is entitled to recover under the provisions of Underinsured Motorists Coverage; and

**b.** We also have a right to recover the advanced payment.

**TERMINATION**

**A. Cancellation.** This policy may be canceled during the policy period as follows:

**1.** The named insured shown in the Declarations may cancel by:

**a.** returning this policy to us; or

**b.** giving us advance written or verbal notice of the date cancellation is to take effect. We may waive the requirement the notice be in writing by confirming the date and time of cancellation in writing to you.

**2.** We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy at least 20 days notice in all cases.

**3.** After this policy is in effect for 60 days or more, or if this is a renewal policy, we will cancel only:

**a.** for nonpayment of premium; or

**b.** if your driver's license or that of:

**(1)** any driver who lives with you: or

**(2)** any driver who customarily uses **your covered auto;**

has been suspended or revoked during the policy period; or

**c.** if the policy was obtained through material misrepresentation.

**B. Nonrenewal.**

If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 60 days before the end of the policy period. Subject to this notice requirement, if the policy period is:

**1.** Less than 6 months, we will have the right not to renew or continue this policy every 6 months, beginning 6 months after its original effective date.

**2.** 6 months or longer, but less than one year, we will have the right not to renew or continue this policy at the end of he policy period.

**3.** 1 year or longer, we will have the right not to renew or continue this policy at each anniversary of its original effective date.

**Automatic Termination**

If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

Coverage for **your covered auto** shall automatically terminate on the effective date of any other motor vehicle insurance policy covering that vehicle.

**Other Termination Provisions**

**1.** We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

**2.** If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

**3.** The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**A.** Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

**1.** The surviving spouse, civil partner or **domestic partner** if resident in the same household at the time of death. Coverage applies to the spouse, civil partner or **domestic partner** as if a named insured shown in the Declarations; and

**2.** The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

**B.** Coverage will only be provided until the end of the policy period.

**TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES**

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 948 of 1402**

shall not exceed the highest limit applicable to any one auto. In no event shall the limit of liability of two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to you or any **insured.**

### LOSS PAYABLE CLAUSE

As to the interest of the loss payee, this policy will remain in effect from the inception date and until ten days after proof of mailing that the cancellation notice has been mailed to the loss payee. When we pay the loss payee we shall, to the extent of payment, have the loss payee's rights of recovery.

Where fraud, misrepresentation, material omission, or intentional damage has been committed by or at the direction of any **insured,** or where the loss is otherwise not covered under the terms of the policy,

the loss payee or lienholder's interest will not be protected.

### STORAGE COSTS

If you give us your consent, we may move the damaged property, at our expense, to reduce storage costs during the claims process. If you do not give us your consent, we will pay only the storage costs which would have resulted if we had moved the damaged property.

### NAMED DRIVER EXCLUSION

If there is an excluded driver under this policy, then we will not provide coverage for any claim arising from an accident or loss involving a motor vehicle being operated by that excluded person. This includes any claim for damages made against you or any **family member** or any other person or organization that is vicariously liable for an accident arising out of the operation of a motor vehicle by the excluded driver.

---

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

---

### UNDERINSURED MOTORISTS COVERAGE INSURING AGREEMENT

**A.** We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury:**

  **1.** Sustained by that **insured;** and

  **2.** Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle.**

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

We will pay under this coverage only if **1.** or **2.** below applies:

  **1.** The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or

  **2.** A tentative settlement has been made between an **insured** and the insurer of the **underinsured motor vehicle** and we:

   **a.** have been given prompt written notice of such tentative settlement; and

   **b.** advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

**B.** "**Insured**" as used in this coverage means:

  **1.** You or any **family member.**

  **2.** Any other person **occupying your covered auto.**

  **3.** Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in **1.** or **2.** above.

**C.** "**Underinsured motor vehicle**" means a land motor vehicle or **trailer** of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for **bodily injury** under that bond or policy to an **insured** is not enough to pay the full amount the **insured** is legally entitled to recover as damages.

However, "**underinsured motor vehicle**" does not include any vehicle or equipment:

  **1.** To which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which **your covered auto** is principally garaged.

  **2.** Owned by or furnished or available for the regular use of you or any **family member.**

  **3.** Owned by any governmental unit or agency.

  **4.** Operated on rails or crawler treads.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 949 of 1402**

5. Designed mainly for use off public roads while not upon public roads.

6. While located for use as a residence or premises.

## EXCLUSIONS

**A.** We do not provide Underinsured Motorists Coverage for **bodily injury** sustained:

1. By **you** while **occupying,** or when struck by, any motor vehicle **you** own which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

2. By a **family member:**

   a. Who owns an auto, while **occupying,** or when struck by, any motor vehicle owned by **you** or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with the vehicle.

   b. Who does not own an auto, while **occupying,** or when struck by, any motor vehicle **you** own which is insured for this coverage on a primary basis under any other policy.

**B.** We do not provide Underinsured Motorists Coverage for **bodily injury** sustained by any **insured:**

1. While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(B.1.)** does not apply to a share-the-expense car pool.

2. While using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

3. While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to **you** or any **family member** using **your covered auto.**

4. While using any vehicle while it is:

   a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   b. participating in a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any prearranged or organized:

      **(1)** race activity; or

      **(2)** speed, performance, stunt, or demolition contest or exhibition.

**C.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

1. Workers compensation law; or

2. Disability benefits law.

**D.** We do not provide Underinsured Motorists Coverage for **punitive or exemplary damages.**

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for "each person" for Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

In no event shall the limit of liability for two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to injured persons.

**B.** If Combined Single Limit Underinsured Motorists Coverage applies Paragraph **A.** is replaced by the following:

The limit of liability shown in the Declarations for Underinsured Motorists Coverage is our maximum limit of liability for all damages because of **bodily injury** resulting from any one accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 950 of 1402

**3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the accident.

In no event shall the limit of liability for two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to injured persons.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A**, Part **B** or Part **C** of this policy.

**D.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**E.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

**1.** Workers compensation law; or

**2.** Disability benefits law.

**F.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer**.

## OTHER INSURANCE

If there is other applicable similar insurance:

**1.** We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

**2.** Any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance. However, any insurance we provide for a vehicle you do not own will be primary insurance if the vehicle is insured under a policy affording coverage to a named insured engaged in the **business** of:

**a.** selling;

**b.** repairing;

**c.** servicing;

**d.** storing; or

**e.** parking;

motor vehicles. This applies only if an **insured**:

**a.** is operating the vehicle; and

**b.** is neither the person engaged in such **business** nor that person's employee or agent.

## ADDITIONAL DUTIES

A person seeking Underinsured Motorists Coverage under this policy must also promptly:

**1.** Send us copies of the legal papers if a suit is brought; and

**2.** Notify us in writing of a tentative settlement between the **insured** and the insurer of the **underinsured motor vehicle** and allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **underinsured motor vehicle**.

---

## UNINSURED MOTORISTS COVERAGE — PROPERTY DAMAGE

### INSURING AGREEMENT

**A.** We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **property damage** caused by an accident if the Declarations indicates that Uninsured Motorists Property Damage applies.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

**B.** "**Insured**" as used in this coverage means:

**1.** You or any **family member**.

**2.** Any other person **occupying your covered auto**.

**C.** "**Property damage**" as used in this coverage means injury to, destruction of or loss of use of:

**1.** **Your covered auto**.

**2.** Any property owned by an **insured**.

**3.** Any property owned by you or any **family member** while contained in any auto not owned, but being operated, by you or any **family member**.

**D.** "**Uninsured motor vehicle**" means a land motor vehicle or **trailer** of any type:

**1.** To which no property damage liability bond or policy applies at the time of the accident.

**2.** To which a liability bond or policy applies at the time of the accident if its limit for property damage liability is less than the minimum limit for property damage liability specified by the financial responsibility law of the state in which **your covered auto** is principally garaged.

**3.** To which property damage liability bonds or policies apply at the time of the accident,

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 951 of 1402**

but all of the bonding or insurance companies deny coverage or are or become insolvent.

**4.** Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **property damage** without hitting:

**a.** a vehicle which you or any **family member** are occupying; or

**b.** **your covered auto.**

If there is no physical contact with the vehicle causing the accident, the facts of the accident must be proved. We will only accept competent evidence other than the testimony of an **insured** or any person having an uninsured motorists claim resulting from the accident.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

**1.** Owned by or furnished or available for the regular use of you or any **family member.**

**2.** Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

**3.** Owned by any governmental unit or agency.

**4.** Operated on rails or crawler treads.

**5.** Designed mainly for use off public roads while not on public roads.

**6.** While located for use as a residence or premises.

## EXCLUSIONS

**A.** We do not provide Uninsured Motorists Coverage for **property damage** sustained:

**1.** By you while **occupying,** or when struck by, any motor vehicle you own which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

**2.** By a **family member:**

**a.** Who owns an auto, while **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

**b.** Who does not own an auto, while **occupying,** or when struck by, any motor vehicle you own which is

insured for this coverage on a primary basis under any other policy.

**B.** We do not provide Uninsured Motorists Coverage for **property damage** sustained by any **insured:**

**1.** If that **insured** or the legal representative settles the **property damage** claim without our consent. However, this exclusion **(B.1.)** only applies if the settlement prejudices our right to recover payment.

**2.** While operating or **occupying** any motor vehicle, including a **trailer** of any type, owned by, furnished or available for regular use by that **insured** which is not insured for Liability Coverage under this policy.

**3.** If the accident was caused by an auto which has no physical contact with **your covered auto** or a vehicle an **insured** is **occupying** at the time of the accident unless:

**a.** the facts of the accident are corroborated by competent evidence other than a person having an Uninsured Motorists Coverage claim resulting from the accident; and

**b.** the accident is reported to the appropriate law enforcement agency within 24 hours after the accident.

**4.** When **your covered auto** is being used as a public or livery conveyance. This exclusion does not apply to a share-the expense car pool.

**5.** While using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

**6.** While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using **your covered auto.**

**7.** While operating, or **occupying,** a motorcycle or motor-driven cycle.

**8.** While using any vehicle while it is:

**a.** operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

**b.** participating in a high performance driving or racing instruction course or school; or

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 952 of 1402**

   c.   preparing for, practicing for, used in or competing in any prearranged or organized;

      **(1)**  race activity; or

      **(2)**  speed, performance, stunt, or demolition contest or exhibition

**B.**  This coverage shall not apply to the benefit of any insurer of property.

### DEDUCTIBLES

The following will be deducted from the amount of **property damage** resulting from any one accident:

   **1.**  $300 if the accident is caused by a hit-and-run vehicle or a vehicle which has no physical contact with **your covered auto.**

   **2.**  $100 in all other cases.

### LIMIT OF LIABILITY

**A.**  The limit of liability shown in the Declarations for Uninsured Motorists Property Damage is our maximum limit of liability for all **property damage** sustained in any one accident.

**B.**  Any amounts otherwise payable for damages which the **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **property damage** caused by an accident shall by reduced by all sums paid because of the **property damage** by or on behalf of persons or organizations who may be legally responsible.

### OTHER INSURANCE

With respect to an auto or property contained in an auto:

   **1.**  If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

   **2.**  For any **property damage** to which the Collision Coverage of this policy (or similar coverage from another policy) and this coverage both apply, you may choose the coverage from which damages will be paid.

      You may recover under both coverages, but only if:

      **a.**  neither one by itself is sufficient to cover the loss; and

      **b.**  you will not recover more than the actual damages, less the applicable deductible.

   **3.**  With respect to all other property, this coverage shall be excess over any other collectible insurance.

---

### ROADSIDE ASSISTANCE COVERAGE CALL 1-877-ROAD-101 (1-877-762-3101)

**"Your covered auto"** as used in this endorsement means a private passenger vehicle, motor home or **trailer** owned by you and for which a specific premium is shown on the Declarations for this coverage.

The following coverages apply to each vehicle for which this coverage is shown on the Policy Declarations:

   **1.**  Each time **your covered auto** or any **non-owned auto** is disabled due to mechanical or electrical breakdown we will pay reasonable and necessary expenses for the use of an **authorized service provider** to tow or flatbed **your covered auto** or **non-owned auto** up to 10 miles or to the nearest qualified place where necessary repairs can be made during regular **business** hours.

   **2.**  Each time **your covered auto** or any **non-owned auto** is disabled requiring:

      **a.**  Towing to dislodge the vehicle from its place of disablement within 100 feet of a public street or highway; or

      **b.**  Labor, including change of tire, at the place of its breakdown; or

      **c.**  Delivery of fuel, oil, water or other fluids (we do not pay the costs of these items); or

      **d.**  Key lock-out services;

      we will cover up to one (1) hour of labor for the use of an **authorized service provider** for service at the place of disablement.

   **3.**  For policies with a 6 month policy term, coverage is limited to no more than two occurrences per vehicle plus an additional two occurrences per policy in a 6 month policy period for both coverages **1.** and **2.,** above.

   **4.**  For policies with an annual policy term, coverage is limited to no more than four occurrences per vehicle plus an additional four occurrences per policy in a 12 month policy period for both coverages **1.** and **2.** above.

**Authorized service provider** means a service provider contracted by us providing, at no charge to you, roadside assistance as described and limited above.

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 953 of 1402**

When service is provided by other than an **authorized service provider,** we will reimburse you only for reasonable charges as determined by us.

No deductible applies to this coverage.

---

**LOSS OF USE COVERAGE**

The provisions and exclusions that apply to Part **D** — Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use Coverage is afforded, we will reimburse you for expenses you incur to rent a substitute vehicle.

This coverage applies only if:

1. The vehicle is withdrawn from use for more than 24 hours;

2. The loss is caused by **collision,** or is covered by the Comprehensive Coverage of this policy; and

3. The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the vehicle.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the vehicle.

Our payment will be limited to that period of time reasonably required to repair or replace the vehicle. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

No deductible applies to this coverage.

---

**FULL SAFETY GLASS COVERAGE**

We will pay under Comprehensive Coverage for the cost of repairing or replacing damaged **safety equipment** on **your covered auto** without a deductible. We will pay only if:

1. The Declarations indicates that Comprehensive Coverage applies; and

2. A specific premium charge for Full Safety Glass Coverage is shown in the Declarations for **your covered auto.**

**"Safety equipment",** as used in this coverage means the:

1. Glass used in the windshield, doors and windows of **your covered auto;** and

2. Glass, plastic or other material used in the lights of **your covered auto.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 954 of 1402**

 Safeco Insurance ®

## WASHINGTON PERSONAL AUTO POLICY

SAFECO INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
Home Office: Safeco Plaza, Seattle, Washington 98185
SAFECO INSURANCE COMPANY OF ILLINOIS
Home Office: 2800 W. Higgins Rd., Suite 1100, Hoffman Estates, Illinois 60195

(Each a stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

|  | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A — LIABILITY COVERAGE** | 3 |
| Insuring Agreement | |
| Supplementary Payments | |
| Exclusions | |
| Limit of Liability | |
| Out of State Coverage | |
| Financial Responsibility | |
| Other Insurance | |
| **PERSONAL INJURY PROTECTION COVERAGE** | 6 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| Policy Period; Territory | |
| Arbitration | |
| Coordination of Coverage | |
| **PART C — UNDERINSURED MOTORISTS COVERAGE — BODILY INJURY** | 9 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO** | 11 |
| Insuring Agreement | |
| Transportation Expenses | |
| Exclusions | |
| Limit of Liability | |
| Payment of Loss | |
| No Benefit to Bailee | |
| Other Sources of Recovery | |
| Appraisal | |
| **PART E — DUTIES AFTER AN ACCIDENT OR LOSS** | 16 |
| **PART F — GENERAL PROVISIONS** | 17 |
| Policy Period and Territory | |
| Changes | |
| Termination | |
| Two or More Autos Insured; Two or More Auto Policies | |

SA-1852/WAEP 4/09
Safeco and the Safeco logo are registered trademarks of Safeco Corporation

## ADDITIONAL COVERAGES

Additional Personal Injury Protection Coverage
Underinsured Motorists Coverage — Property Damage
Roadside Assistance Coverage
Loss of Use Coverage
Full Safety Glass Coverage
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################

SA-1852/WAEP 4/09

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 956 of 1402**

# AGREEMENT

In return for your payment of all premiums, and in reliance upon the statements in the application, we agree to insure you subject to the terms, conditions and limitations of this policy. We will insure you for the coverages and limits shown on the Declarations. Your policy consists of the policy contract, Declarations and endorsements applicable to the policy.

# DEFINITIONS

**A.** Throughout this policy, "you" and "your" refer to:

    **1.** The "named insured" shown in the Declarations;

    **2.** The spouse if a resident of the same household;

    **3.** The civil partner, if a resident of the same household, by civil union licensed and certified by the state; or

    **4.** The **domestic partner,** if a resident of the same household.

      **"Domestic partner"** means a person living as a continuing partner with you and:

      **(a)** is at least 18 years of age and competent to contract;

      **(b)** is not a relative; and

      **(c)** shares with you the responsibility for each other's welfare, evidence of which includes:

        **(1)** the sharing in domestic responsibilities for the maintenance of the household; or

        **(2)** having joint financial obligations, resources, or assets; or

        **(3)** one with whom you have made a declaration of domestic partnership or similar declaration with an employer or government entity.

      **Domestic partner** does not include more than one person, a roommate whether sharing expenses equally or not, or one who pays rent to the named insured.

**B.** "We," "us" and "our" refer to the Company, as shown in the Declarations providing this insurance.

**C.** For purposes of this policy, a private passenger auto shall be deemed to be owned by a person if leased:

    **1.** Under a written agreement to that person; and

    **2.** For a continuous period of at least six months.

**D.** Throughout the policy, **"minimum limits"** refers to the following limits of liability required by Washington law to be provided under a policy of automobile liability insurance:

    **1.** $25,000 for each person, subject to $50,000 for each accident, with respect to **bodily injury;**

    **2.** $10,000 for each accident with respect to **property damage.**

Other words and phrases are defined. They are in bold type when used.

**E.** **"Bodily injury"** means bodily harm, sickness or disease, including death that results.

**F.** **"Business"** includes trade, profession or occupation.

**G.** **"Family member"** means a person related to you by blood, marriage, civil union, domestic partnership or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

**H.** **"Occupying"** means in; upon; or getting in, on, out or off.

**I.** **"Property damage"** means physical injury or destruction of tangible property including loss of use.

**J.** **"Punitive or exemplary damages"** include damages which are awarded to punish or deter wrongful conduct, to set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for **bodily injury** or **property damage.**

**K.** **"Trailer"** means a vehicle designed to be pulled by a:

    **1.** Private passenger auto; or

    **2.** Pickup, van or motorhome.

    It also means a recreational camping vehicle, a farm wagon or farm implement while towed by a vehicle listed in **K.1.** or **K.2.** above.

**L.** **"Your covered auto"** means:

    **1.** Any vehicle shown in the Declarations.

    **2.** **a.** Any newly acquired vehicle, whether operational or not, on the date you

SA-1852/WAEP 4/09 — 1 —

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 957 of 1402**

become the owner, subject to conditions for **Newly Acquired Replacement Vehicle** and **Newly Acquired Additional Vehicle** under **L.2.b.** below. Any newly acquired vehicle must be of the following types:

(1) a private passenger auto;

(2) a pickup or van that:

    (a) has a Gross Vehicle Weight Rating of 12,000 lbs or less; and

    (b) is not used for the delivery or transportation of goods and materials unless such use is:

        i. incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

        ii. for farming or ranching; or

(3) a motorhome or **trailer**.

**b.** A newly acquired vehicle is subject to the following conditions:

(1) **Newly Acquired Replacement Vehicle.** If the vehicle you acquire replaces one shown in the Declarations, the replacement vehicle will have the same coverage as the vehicle it replaced, other than Part **D** — Coverage for Damage to Your Auto. This provision applies only if there is no other insurance policy that provides coverage for that replacement vehicle.

Part **D** — Coverage for Damage to Your Auto shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition, only to the extent Part **D** — Coverage for Damage to Your Auto applied to the vehicle being replaced. You must notify us within thirty (30) days after you acquire the replacement vehicle, including the date of acquisition, only to the extent that Part **D** —

Coverage for Damage to Your Auto applied to the vehicle being replaced. You must notify us within thirty (30) days after you acquire the replacement vehicle for Part **D** — Coverage for Damage to Your Auto to continue.

(2) **Newly Acquired Additional Vehicle.** For any newly acquired vehicle that is in addition to any shown In the Declarations coverage shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition. Coverage shall be the broadest coverage we provide for any vehicle shown in the Declarations. This coverage applies only if:

    (a) you acquire the additional vehicle during the policy period shown on the Declarations; and

    (b) there is no other insurance policy that provides coverage for the additional vehicle.

    If you wish to add or continue coverage you must ask us to insure the additional vehicle within thirty (30) days after you acquire the additional vehicle. This thirty (30) days of coverage includes the day you acquire the vehicle.

**3.** Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

**a.** breakdown;

**b.** repair;

**c.** servicing;

**d.** loss; or

**e.** destruction.

This provision **(L.3.)** does not apply to Coverage for Damage to Your Auto.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 958 of 1402**

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

**A.** We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements, by permission of the **insured**, or as otherwise approved by a court of law. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**B.** "**Insured**" as used in this Part means:

    **1.** You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

    **2.** Any person using **your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

    **3.** For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under **B.1.** and **B.2.** above.

    **4.** For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision **(B.4.)** applies only if the person or organization does not own or hire the auto or **trailer.**

### INTEREST ON JUDGMENTS

We will pay interest on judgments subject to all of the following:

    **1.** Any notice, demand, summons, judgment, or any process has been promptly forwarded to us as required by the policy conditions.

    **2.** We accept the defense or agree to the judgment.

    **3.** We will pay the interest on that part of the judgment that is covered and that does not exceed our applicable limit of liability.

    **4.** We will pay interest that accrues after entry of judgment and before we pay, tender, or deposit in court.

    **5.** If we appeal the judgment, we will pay interest on the entire judgment.

    **6.** Post-judgment interest is in addition to the applicable limit of liability.

    **7.** Where we are required to cover prejudgment interest, it shall be included in the limit of liability and is not an additional amount of insurance.

### SUPPLEMENTARY PAYMENTS

We will pay on behalf of an **insured:**

    **1.** Up to $1,000 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy. We are not obligated to apply for or furnish such bonds.

    **2.** Premiums on appeal bonds and bonds to release attachments in any suit we defend.

    **3.** Up to $250 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

    **4.** Other reasonable expenses incurred at our request.

    **5.** Pay all expenses incurred by an **insured** for first aid to others at the time of the accident, not to exceed $10,000.

### EXCLUSIONS

**A.** We do not provide Liability Coverage for:

    **1.** Any **insured** who intentionally causes **bodily injury** or **property damage.**

    **2.** **Property damage** to property owned or being transported by any **insured.**

    **3.** **Property damage** to property:

        **a.** rented to;

        **b.** used by; or

        **c.** in the care of;

    any **insured.**

    This exclusion **(A.3.)** does not apply to **property damage** to a residence or private garage.

    **4.** **Bodily injury** to an employee of any **insured** during the course of employment. This exclusion **(A.4.)** does not apply to **bodily injury** to a domestic employee unless workers compensation benefits are required or available for that domestic employee.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 959 of 1402**

5. Any **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion (**A.5.**) does not apply to a share-the-expense car pool.

6. Any **insured** using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business**.

7. **a.** Any **insured** while employed or otherwise engaged in the **business** of:

    **(1)** selling;

    **(2)** repairing;

    **(3)** servicing;

    **(4)** storing; or

    **(5)** parking;

    vehicles designed for use mainly on public highways. This includes road testing and delivery.

  **b.** This exclusion (**A.7.**) does not apply to the ownership, maintenance or use of **your covered auto** by:

    **(1)** you;

    **(2)** any **family member;** or

    **(3)** any partner, agent or employee of you or any **family member.**

8. Any **insured** maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusions **A.6.** or **A.7.** This exclusion (**A.8.**) does not apply to the maintenance or use of a:

  **a.** private passenger auto;

  **b.** pickup, motorhome or van that:

    **(1)** you own; or

    **(2)** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

      **(a)** breakdown;

      **(b)** repair;

      **(c)** servicing;

      **(d)** loss; or

      **(e)** destruction; or

  **c.** **trailer** used with a vehicle described in **A.8.a.** or **A.8.b.** above.

9. Any **insured** using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to a **family member** using **your covered auto.**

10. **a.** **Bodily injury** or **property damage** for which any **insured:**

    **(1)** is an insured under a nuclear energy liability policy; or

    **(2)** would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

  **b.** A nuclear energy liability policy is a policy issued by any of the following or their successors:

    **(1)** Nuclear Energy Liability Insurance Association;

    **(2)** Mutual Atomic Energy Liability Underwriters; or

    **(3)** Nuclear Insurance Association of Canada.

11. **Punitive or exemplary damages** awarded against any **insured.**

12. **Bodily injury** or **property damage** arising out of the use of **your covered auto** while leased or rented to others. However, this exclusion does not apply to the operation of **your covered auto** by you or a **family member.**

13. **Bodily injury** or **property damage** arising out of a criminal act or omission of the **insured.** This exclusion applies regardless of whether that **insured** is actually charged with, or convicted of, a crime. However, this exclusion (**13.**) does not apply to traffic violations.

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

1. **a.** Any vehicle which:

    **(1)** has fewer than four wheels;

    **(2)** is designed mainly for use off public roads; or

    **(3)** is a vehicle not licensed for use on public roads.

  **b.** This exclusion does not apply:

    **(1)** while such vehicle is being used by an **insured** in a medical emergency; or

    **(2)** to any **trailer.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 960 of 1402**

2. Any vehicle, other than **your covered auto,** which is:

   a. owned by you; or

   b. furnished or available for your regular use.

3. a. Any vehicle, other than **your covered auto,** which is:

   (1) owned by any **family member** or other person who resides with you; or

   (2) furnished or available for the regular use of any **family member** or other person who resides with you.

   b. However, this exclusion **(B.3.)** does not apply to you while you are maintaining or **occupying** any vehicle which is:

   (1) owned by a **family member** or other person who resides with you; or

   (2) furnished or available for the regular use of a **family member** or other person who resides with you.

4. Any vehicle while it is:

   a. operating on a surface designed or used for racing, except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   b. participating in a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any prearranged or organized:

   (1) race activity; or

   (2) speed, performance, stunt, or demolition contest or exhibition.

## LIMIT OF LIABILITY

A. If the Declarations indicates "per person"/"per accident" coverage applies:

   The limit of liability as shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

   Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our

maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

B. If the Declarations indicate **Combined Single Limit** applies, Paragraph **A.** above is replaced by the following:

   The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

   We will apply the limit of liability to provide any separate **minimum limits** required by law for **bodily injury** and **property damage** liability. However, this provision will not change our total limit of liability.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **C** of this policy.

D. A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer.**

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

A. If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain

insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required **minimum limits** and types of coverage.

**B.** No one will be entitled to duplicate payments for the same elements of loss.

**FINANCIAL RESPONSIBILITY**

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required. The **insured** must reimburse us if we make a payment that we would not have made if this policy was not certified as proof of financial responsibility.

**OTHER INSURANCE**

If there is other applicable liability insurance available any insurance we provide shall be excess over any other applicable liability insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible liability insurance.

---

## PERSONAL INJURY PROTECTION COVERAGE

**INSURING AGREEMENT**

**A.** We will pay personal injury protection benefits to or on behalf of an **insured** for losses or expenses incurred because of **bodily injury** sustained by that **insured** and caused by an auto accident while **occupying** or using a **private passenger motor vehicle** as a **motor vehicle**. Personal injury protection benefits consist of the following:

  1. **Medical and hospital benefits;**

  2. **Income continuation benefits;**

  3. **Loss of services benefits;**

  4. **Funeral expenses.**

**B.** "**Family member** means a person related to the **named insured** by:

  1. blood;

  2. marriage; or

  3. adoption;

including a ward or foster child, who is a resident of the **named insured's** household. However, the **named insured's** spouse, civil partner or **domestic partner** shall be considered **a named insured.**

**C.** "**Funeral expenses**" means payment for reasonable expenses incurred because of **bodily injury** sustained by an **insured** in the accident.

**D.** "**Income continuation benefits**" means payment for an **insured's** loss of income from work, during a period of disability due to **bodily injury** sustained in an auto accident less income earned during the benefit payment period. This benefit payment period begins 14 days after the date of the auto accident and ends at the earliest of the following:

  1. The date the **insured** is reasonably able to perform the duties of that **insured's** usual occupation; or

  2. After 54 weeks from the date of the auto accident; or

  3. The date of the **insured's** death.

**E.** "**Insured**" as used in this section means:

  1. The **named insured** or any **family member** while:

     a. **occupying** or using; or

     b. a **pedestrian** struck by;

     **a motor vehicle.**

  2. Any other person while:

     a. **occupying** or using; or

     b. a **pedestrian** struck by;

     **your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

  3. Any other person while **occupying**, as a guest, an automobile not owned by you or a **family member**, while being operated by you or a **family member.**

**F.** "**Loss of services benefits**" means reimbursement for payments to others for expenses reasonably incurred during a period of disability for essential services the **insured** would usually have performed for the **insured's** household without compensation, provided the services are actually rendered and by persons who are not members of the household. This benefit ends:

  1. The date the **insured** is reasonably able to resume essential services;

  2. The expiration of 52 weeks since the date of the accident; or

  3. The date of the **insured's** death.

**G.** "**Medical and hospital benefits**" mean payment for the **reasonable and necessary** expenses **incurred** by or on behalf of the **insured** for **bodily injury** sustained as a result of an automobile accident. Medical and hospital benefits are payable for expenses incurred within 3 years from the date of the accident for:

  1. Medical, surgical, X-ray and dental services;

**2.** Pharmaceuticals, prosthetic devices and eyeglasses; and

**3.** Necessary ambulance, hospital and professional nursing services.

We have a right to review medical expenses and services to determine if they are **reasonable and necessary** for the **bodily injury** sustained.

**"Reasonable and necessary charges"** as used in this Part mean:

Any amount which we determine represents a customary charge for services in the geographic area in which the service is rendered. To determine whether a charge is customary, we may consider outside sources of information of our choice, including, but not limited to:

**1.** Licensed, certified or registered health care professionals;

**2.** Medical examinations;

**3.** Medical file reviews;

**4.** Medical bill review services; or

**5.** Computerized data bases.

The **insured** shall not be responsible for payment of any reduction applied by us. If a medical provider disputes an amount paid by us, we will be responsible for resolving such disputes.

**H.** **"Motor vehicle"** means a self-propelled land motor vehicle or **trailer.** However, **"motor vehicle"** does not include a:

**1.** Farm-type tractor or other self-propelled equipment designed for use principally off public roads, while not upon public roads.

**2.** Vehicle operated on rails or crawler treads.

**3.** Vehicle located for use as a residence or premises.

**4.** Motorcycle or moped.

**I.** **"Named insured"** means:

**1.** The person named in the Declarations; and

**2.** That person's resident spouse, civil union partner or domestic partner.

**J.** **"Occupying"** means in or upon or entering into or alighting from.

**K.** **"Pedestrian"** means any person not **occupying a motor vehicle.**

**L.** **"Private passenger motor vehicle"** means a 4-wheel passenger or station wagon type **motor vehicle** which is not:

**1.** Used as a public or livery conveyance. This does not apply to a share-the-expense car pool; or

**2.** Rented to others.

This includes any other 4-wheel **motor vehicle** of the:

**1.** Utility;

**2.** Pickup body;

**3.** Sedan delivery; or

**4.** Panel truck;

type not used for wholesale or retail delivery other than farming or ranching.

**M.** **"Your covered auto"** as used in this coverage means a **private passenger motor vehicle** owned by you:

**1.** To which the Bodily Injury Liability Coverage of this policy applies; and

**2.** For which a specific premium is charged.

**EXCLUSIONS**

We do not provide Personal Injury Protection Coverage for:

**1.** Any **insured** who intentionally injures himself or herself.

**2.** Any **insured** while participating in or practicing for any prearranged or organized racing or speed contest.

**3.** The **named insured** or any **family member** while **occupying** any **motor vehicle,** other than **your covered auto,** which is:

**a.** owned by; or

**b.** furnished for the regular use of:

the **named insured.**

**4.** Any **family member** while **occupying** any **motor vehicle** which is:

**a.** owned by; or

**b.** furnished for the regular use of:

that **family member.**

**5.** Any **insured** while **occupying** a motorcycle or moped.

**6.** Any **insured** for **bodily injury** resulting from radioactive, toxic, explosive or other hazardous properties of nuclear material.

**7.** Any **insured** due to war, whether or not declared, or to an act or condition incident to such circumstances.

**8.** Any person whose **bodily injury** results or arises from the **insured's** use of a **motor vehicle** in the commission of a felony.

**LIMIT OF LIABILITY**

Regardless of the number of **insureds,** policies or bonds applicable, claims made or vehicles to which

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 963 of 1402**

this coverage applies, our liability for Personal Injury Protection Coverage is limited as follows:

1. The total amount payable by us to any one **insured** because of **bodily injury** sustained in any one **motor vehicle** accident shall not exceed the sum of:

   a. $10,000 for **medical and hospital benefits;**

   b. $2,000 for **funeral expenses;**

   c. $10,000 for **income continuation benefits,** subject to a limit of the lesser of:

      (1) $200 per week; or

      (2) 85% of the **insured's** weekly income from work.

      The combined weekly payment under this benefit or any workers compensation, any other disability or loss of income benefit and this coverage shall not exceed 85% of the **insured's** weekly income from work at the time of the accident. The **insured's** sick leave benefit or vacation pay will not be considered in determining payment of this benefit.

   d. $5,000, subject to a limit of $40 per day, not to exceed $200 per week for **loss of services benefits**.

2. Any amount payable under this coverage shall be reduced by any amount paid or payable under any:

   a. workers compensation law; or

   b. other similar medical or disability benefits law, excluding Medicare.

Payments made under Personal Injury Protection Coverage are limited to the actual amount of loss or expense incurred.

**OTHER INSURANCE**

A. If there is other applicable auto medical payments or personal injury protection insurance we will pay only our share. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

B. Any insurance we provide with respect to an **insured** while:

1. **Occupying;** or

2. A **pedestrian** struck by;

a temporary substitute or a **non-owned auto** shall be excess over any other valid and collectible auto medical payments coverage or personal injury protection coverage.

**POLICY PERIOD; TERRITORY**

This coverage applies only to accidents which occur during the policy period, within the United States of America, its territories or possessions, or Canada.

**ARBITRATION**

A. If we and an **insured** do not agree on the amounts payable under this coverage, the matter shall, upon mutual agreement, be decided by arbitration.

1. The parties may agree to a single arbitrator. A decision by the arbitrator will be binding.

2. If the parties cannot agree on a single arbitrator, each will select an independent representative, who will then select a single arbitrator. The parties may then proceed with the single arbitrator by agreement. A decision by the arbitrator will be binding.

3. If the representatives cannot agree on a single arbitrator within 30 days or the parties do not agree on the arbitrator selected, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a court having jurisdiction. A decision by two of the three arbitrators will be binding.

B. Unless both parties agree otherwise, arbitration will take place within the county and state in which the **insured** lives. Local rules of law as to procedure and evidence will apply. Each party will pay the expenses it incurs, except we will bear the reasonable expenses of the arbitrator(s) and any statutory costs actually incurred by the **insured**.

**COORDINATION OF COVERAGE**

Any payments under Underinsured Motorists Coverage under this policy shall be excess over any payment made under Personal Injury Protection Coverage provided by this policy.

## PART C — UNDERINSURED MOTORISTS COVERAGE — BODILY INJURY

**INSURING AGREEMENT**

**A.** We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury:**

  **1.** Sustained by that **insured;** and

  **2.** Caused by an accident;

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle.**

**B.** "**Insured**" as used in this Part means:

  **1.** You or any **family member.**

  **2.** Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

  **3.** Any person entitled to recover damages because of **bodily injury** to which this coverage applies sustained by a person described in **B.1.** or **B.2.** above.

**C.** "**Underinsured motor vehicle**" means a land motor vehicle or **trailer** of any type:

  **1.** To which no bodily injury liability bond or policy applies at the time of the accident.

  **2.** To which a bodily injury liability bond or policy applies at the time of the accident but the amount payable under all of the bonds or policies to an **insured** is not enough to pay the full amount the **insured** is legally entitled to recover as damages.

  **3.** Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **bodily injury** without hitting:

    **a.** you or any **family member;**

    **b.** a vehicle which you or any **family member** are **occupying;** or

    **c.** **your covered auto.**

    If there is no physical contact with the vehicle causing the accident, the facts of the accident must be proved. We will only accept competent evidence other than the testimony of an **insured** or any person having an underinsured motorist claim resulting from the accident.

  **4.** To which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:

    **a.** denies coverage; or

    **b.** is or becomes insolvent.

However "**underinsured motor vehicle**" does not include any vehicle or equipment:

  **1.** Operated on rails or crawler treads.

  **2.** While located for use as a residence or premises.

  **3.** To which the Liability Coverage of this policy applies. However, this exception to the definition of **underinsured motor vehicle** does not apply to you or any **family member** if you or any **family member** sustain damages while **occupying,** or when struck by, a vehicle for which coverage under Part **A** of this policy applies.

  **4.** Owned by any governmental entity, including its subdivisions or agencies; or operated by an employee or agent of any governmental entity, including its subdivisions or agencies, while in the course of employment. However, exception **4.** does not apply if the governmental entity is unable to satisfy a claim because of financial inability or insolvency.

**EXCLUSIONS**

**A.** We do not provide Underinsured Motorists Coverage for **bodily injury** sustained:

  **1.** By an **insured** while operating or **occupying** any motor vehicle owned by that **insured** which is not insured for Liability Coverage under this policy. This includes a **trailer** of any type used with that vehicle.

  **2.** By any **family member** while **occupying,** or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

**B.** We do not provide Underinsured Motorists Coverage for **bodily injury** sustained by any **insured:**

  **1.** While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(B.1.)** does not apply to a share-the-expense car pool.

  **2.** While using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

  **3.** While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 965 of 1402**

a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using **your covered auto.**

**4.** While **occupying** or operating an owned motorcycle or moped.

**5.** While using any vehicle while it is:

    **a.** operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

    **b.** participating in a high performance driving or racing instruction course or school; or

    **c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

        **(1)** race activity; or

        **(2)** speed, performance, stunt, or demolition contest or exhibition.

**C.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

**1.** Workers compensation law; or

**2.** Disability benefits law.

**D.** We do not provide Underinsured Motorists Coverage for **punitive or exemplary damages.**

**LIMIT OF LIABILITY**

**A.** The limit of liability shown in the Declarations for "each person" for Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

This is the most we will pay regardless of the number of:

**1.** **Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations;

**4.** Premiums paid; or

**5.** Vehicles involved in the accident.

**B.** If the Declarations indicate Combined Single Limit Coverage applies, paragraph (**A.**) above is replaced by the following:

The limit of liability shown in the Declarations for Underinsured Motorists Coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

**1.** **Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations;

**4.** Premiums paid; or

**5.** Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate **minimum limits** required by law for **bodily injury** and **property damage** liability. However, this provision will not change our total limit of liability.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** of this policy.

**D.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**E.** With respect to coverage under Paragraph **2.** of the definition of **"underinsured motor vehicle"**, we will reduce the **insured's** total damages by any amount available to that **insured** under any bodily injury liability bonds or policies applicable to the **underinsured motor vehicle**, that such **insured** did not recover as a result of a settlement between that **insured** and the insurer of an **underinsured motor vehicle**. However, any reduction of the **insured's** total damages will not reduce the limit of liability for this coverage.

This Paragraph (**E.**) shall not apply if we advance payment to the **insured** in an amount equal to the tentative settlement with the insurer of the **underinsured motor vehicle.**

**F.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer.**

**OTHER INSURANCE**

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the policy:

    **1.** Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 966 of 1402**

limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

2.  Any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for **your covered auto,** shall be excess over any collectible insurance.

3.  If the coverage under this policy is provided:

    a.  on a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

    b.  on an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**ARBITRATION**

A.  If we and an **insured** do not agree:

    1.  Whether that **insured** is legally entitled to recover damages; or

    2.  As to the amount of damages which are recoverable by that **insured;**

    from the owner or operator of an **underinsured motor vehicle** then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated. Both parties must agree to arbitration.

    1.  The parties may agree to a single arbitrator. A decision by the arbitrator will be binding.

2.  If the parties cannot agree on a single arbitrator, each will select an independent representative, who will then select a single arbitrator. The parties may then proceed with the single arbitrator by agreement. A decision by the arbitrator will be binding.

3.  If the representatives cannot agree on a single arbitrator within 30 days or the parties do not agree on the arbitrator selected, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a court having jurisdiction. A decision by two of the three arbitrators will be binding.

B.  Unless both parties agree otherwise, arbitration will take place within the county and state in which the **insured** lives. Local rules of law as to procedure and evidence will apply. Each party will pay the expenses it incurs, except we will bear the reasonable expenses of the arbitrator(s) and any statutory costs actually incurred by the **insured.**

**ADDITIONAL DUTIES**

1.  A person seeking Underinsured Motorists Coverage must also promptly notify us of a tentative settlement between the **insured** and the insurer of the **underinsured motor vehicle** and allow us a reasonable time to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **underinsured motor vehicle.** If you fail to promptly notify us of such tentative settlement, we will not provide this coverage to the extent your failure to provide such notice prejudices our rights against any third party.

2.  If there is no physical contact with the vehicle causing the accident, someone must report the accident to the appropriate law enforcement agency within 72 hours of the accident.

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

---

**INSURING AGREEMENT**

A.  We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto,** including its equipment, any child safety seat in use in **your covered auto** or **non-owned auto,** minus any applicable deductible shown in the Declarations. We will pay for loss to **your covered auto** caused by:

    1.  Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2.  **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto,** we will provide the broadest coverage applicable to any vehicle shown in the Declarations.

**Deductible**

Unless stated otherwise, the applicable deductible shown in the Declarations shall be

SA-1852/WAEP 4/09

— 11 —

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 967 of 1402**

applied to each accidental loss covered under this Part of the policy. However,

**a.** if loss to more than one of **your covered autos** or a **non-owned auto** results from the same loss, only the highest applicable deductible will apply.

**b.** in the event of a **collision** with another vehicle insured by a Safeco insurance company, other than a vehicle described as **your covered auto** or **non-owned auto**, no deductible will apply.

**c.** if loss to **your covered auto** or a **non-owned auto** results from the same event as a covered loss under your Homeowners, Condominium or Rental policy issued by a Safeco company, no deductible will apply to **your covered auto** or a **non-owned auto**.

**B.** **"Collision"** means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object.

**"Comprehensive"** means loss, other than **collision**, to **your covered auto** or a **non-owned auto**. Losses caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision**, you may elect to have it considered a loss caused by **collision**.

**C.** **1.** **"Non-owned auto"** means:

**a.** Any private passenger auto, pickup, van (other than cargo van) or **trailer** with a Gross Vehicle Weight rating of 12,000 pounds or less or any cargo van or moving van with a Gross Vehicle Weight Rating of 18,000 pounds or less, not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member**.

**b.** Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

**(1)** breakdown;

**(2)** repair;

**(3)** servicing;

**(4)** loss; or

**(5)** destruction.

**2.** **"Non-owned auto"** does not include any vehicle which has been operated or rented by or in the possession of an **insured** for 30 or more consecutive days. This does not apply to a temporary substitute vehicle by us.

**D.** **"Camper body"** means a body equipped as sleeping or living quarters which is designed to be mounted on a pickup.

**E.** **"Diminution in value"** means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

**TRANSPORTATION EXPENSES**

**A.** Subject to the limitations described in paragraphs **B.** and **C,** below, we will pay:

**1.** Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto** or a **non-owned auto**. We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

We will pay only expenses incurred during the period:

**a.** beginning 48 hours after the theft; and

**b.** ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

**2.** Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto**.

We will pay only expenses beginning when the **non-owned auto** is withdrawn from use for more than 24 hours.

We will pay for indirect loss expenses if the loss is caused by:

**a.** a **comprehensive** loss only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

**b.** **collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

**B.** For the expenses described in paragraphs **A.1.** and **A.2.** we will pay the greater of the following, without application of a deductible,

**1.** Up to $25 per day, to a maximum of $750; or

**2.** The **limit** for Loss of Use, if any, shown in the Declarations.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 968 of 1402**

**C.** Our payment for the expenses described in paragraphs **A.1.** and **A.2.** will be limited to that period of time reasonably required to repair or replace **your covered auto** or the **non-owned auto.**

## EXCLUSIONS

We will not pay for:

1. Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This exclusion (**1.**) does not apply to a share-the-expense car pool.

2. Loss to **your covered auto** or any **non-owned auto** while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

3. Damage or loss due and confined to:

   **a.** wear and tear;

   **b.** freezing;

   **c.** mechanical or electrical breakdown or failure; or

   **d.** road damage to tires.

   This exclusion (**3.**) does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

4. Damage or loss arising out of neglect. Neglect means your failure to adequately maintain **your covered auto** or **non-owned auto** after the loss.

   With respect to water under Comprehensive Coverage, there is no coverage for:

   **a.** moisture, condensation, humidity, or vapor;

   **b.** water intrusion around or through panels, surfaces and seals; or

   **c.** water that collects in spaces or ventilation systems; or

   **d.** fungi, dry rot or bacteria;

   resulting from neglect.

5. Loss due to or as a consequence of:

   **a.** discharge of any nuclear weapon (even if accidental);

   **b.** war (declared or undeclared);

   **c.** civil war;

   **d.** insurrection; or

   **e.** rebellion or revolution.

6. Loss from or as a consequence of the following, whether controlled or uncontrolled or however caused:

   **a.** nuclear reaction;

   **b.** radiation; or

   **c.** radioactive contamination.

7. Loss to:

   **a.** any electronic equipment designed for the production or reproduction of sound, pictures, audio, visual or data or that receives or transmits sound, pictures or data signals.

   **b.** This exclusion (**7.**) does not apply to:

      **(1)** equipment designed for the reproduction of sound or transmission of sound, pictures, audio, visual or data signals and accessories used with such equipment, provided:

         **(a)** the electronic equipment is permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto;** or

         **(b)** the electronic equipment is:

            **i.** removable from a housing unit which is permanently installed by the original vehicle manufacturer or manufacturer's dealership in the auto;

            **ii.** designed to be solely operated by use of the power from the auto's electrical system; and

            **iii.** in or upon **your covered auto** or any **non-owned auto;**

         at the time of loss.

         **(c)** any equipment installed through our Teensurance™ program.

      However, we will pay only up to a total of $1,000 or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for all such equipment that is not installed by the original vehicle manufacturer or manufacturer's dealership.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 969 of 1402**

(2) any other electronic equipment that is:

    (a) necessary for the normal operation of the auto or the monitoring of the auto's operating systems;

    (b) an integral part of the same unit housing any electronic equipment described in **7.a.** and permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto.**

**8.** Loss to:

    **a.** tapes, records, discs, or other media used with such equipment described in exclusion **(7.);** or

    **b.** any other accessories, not permanently installed used with such equipment described in exclusion **(7.).**

**9.** Loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities because you or any **family member:**

    **a.** engaged in illegal activities; or

    **b.** failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion **(9.)** does not apply to the interests of Loss Payees in **your covered auto.**

**10.** Loss to a **camper body,** motorhome or **trailer** you own which is not shown in the Declarations. This exclusion **(10.)** does not apply to a **camper body,** motorhome or **trailer** you:

    **a.** acquire during the policy period; and

    **b.** ask us to insure within 30 days after you become the owner.

**11.** Loss to any **non-owned auto** when used by you or any **family member** without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.

**12.** Loss to equipment, whether operational or not, whose design may be used for the detection or location of law enforcement equipment.

**13.** Loss to any **non-owned auto** being maintained or used by any person while

employed or otherwise engaged in the **business** of:

**a.** selling;

**b.** repairing;

**c.** servicing;

**d.** storing; or

**e.** parking;

vehicles designed for use on public highways. This includes road testing and delivery.

**14.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion **2.** and **13.** This exclusion **(14.)** does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

**15.** Loss to **your covered auto** or any **non-owned auto** while it is:

    **a.** operating on a surface designed or used for racing. This does not apply to an organized and controlled event that is not a speed, performance, stunt or demolition event;

    **b.** participating in a high performance driving or racing instruction course or school; or

    **c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

        (1) race activity; or

        (2) speed, performance, stunt, or demolition contest or exhibition.

**16.** Loss to, or loss of use of, a **non-owned auto** rented by:

    **a.** you; or

    **b.** any **family member;**

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

**17.** Loss to **your covered auto, non-owned auto,** or **trailer, for diminution in value.**

**18.** Loss in excess of $1,000 per claim or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for any furnishings or equipment that were not installed by the original vehicle manufacturer or manufacturer's dealership which mechanically or structurally changes your vehicle and results in increase in

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 970 of 1402**

performance or change in appearance, including but not limited to:

   **a.** custom murals, paintings or other decals or graphics;

   **b.** custom wheels, tachometers, pressure and temperature gauges;

   **c.** modified or custom engines and fuel systems, light bars, racing slicks and/or oversized tires, roll bars and lift kits, winches, utility boxes, and tool boxes; or

   **d.** non-standard paint.

This exclusion does not apply to:

   **a.** equipment installed to make a vehicle handicap accessible.

   **b.** a cap, cover or bedliner in or upon **your covered auto** which is a pickup.

**19.** Loss arising out of the use of **your covered auto** while leased or rented to others.

**20.** Loss to **your covered auto** or a **non-owned auto** caused by an intentional act by you, a **family member** or at the direction of you or a **family member**.

## LIMIT OF LIABILITY

**A.** At our option, our limit of liability for loss will be the lowest of:

   **1.** The actual cash value of the stolen or damaged property;

   **2.** **a.** The amount necessary to repair or replace the property;

      **b.** Determination of the cost of repair or replacement will be based upon one of the following:

         **(1)** the cost of repair or replacement agreed upon by you and us;

         **(2)** a competitive bid approved by us; or

         **(3)** an estimate written based upon the prevailing competitive price. You agree with us that we may include in the estimate parts furnished by the original vehicle manufacturer or parts from other sources including non-original equipment manufacturers. The prevailing competitive price means prices charged by a majority of the repair market in the area where the vehicle is to be repaired as determined by us; or

   **3.** The limit of liability shown in the Declarations.

However, the most we will pay for loss to any **non-owned auto**, which is a **trailer**, is $1,500.

**B.** An adjustment for depreciation and physical condition may be made based upon the physical condition and wear and tear of the property or damaged part of the property at the time of the loss. This adjustment for physical condition includes but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges and paint condition. When replacing parts normally subject to repair or replacement during the useful life of the vehicle, we will not pay for the amount of any betterment.

We may deduct for betterment for parts normally subject to repair and replacement during the useful life of the auto. In this event, deductions shall be limited to the lesser of:

   **1.** An amount equal to the proportion that the expired life of the part to be repaired or replaced bears to the normal useful life of that part; or

   **2.** The amount which the actual cash value of the auto is increased from the replacement of the part.

**C.** No payment will be made for loss paid under Underinsured Motorists Coverage.

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

   **1.** You; or

   **2.** The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER INSURANCE

If other insurance also covers the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any:

   **1.** Other collectible insurance; or

   **2.** Coverage provided under a collision or loss damage waiver for loss to a rental vehicle.

SA-1852/WAEP 4/09       — 15 —

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 971 of 1402**

**APPRAISAL**

**A.** If we and you do not agree on the amount of loss, either may make a written demand for appraisal of the loss.

    **1.** We and you may agree to a single appraiser. A decision by the appraiser will be binding.

    **2.** If we and you cannot agree on a single appraiser, each will select an independent representative, who will then select a single appraiser. We and you may then proceed with the single appraiser by agreement. A decision by the appraiser will be binding.

    **3.** If the representatives cannot agree on a single appraiser within 30 days or we or you do not agree on the appraiser selected, each party will select an appraiser. The two appraisers will select an umpire. If they cannot agree within 30 days, either may request that selection be made by a court having jurisdiction. A decision by two will be binding.

**B.** Each party will pay the expenses it incurs, except we will bear the reasonable expenses of the appraiser(s).

**C.** Neither we nor you waive any of our rights under this policy by agreeing to an appraisal.

---

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

---

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**A.** We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

**B.** A person seeking any coverage must:

    **1.** Cooperate with us in the investigation, settlement or defense of any claim or suit.

    **2.** Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

    **3.** Submit, as often as we reasonably require:

        **a.** to physical examinations by physicians we select. We will pay for these exams.

        **b.** to examination under oath and subscribe the same. We may examine any **insured** separately and apart from the presence of any other **insured.**

    **4.** Authorize us to obtain:

        **a.** medical reports; and

        **b.** other pertinent records.

    **5.** Submit a proof of loss, under oath if requested, when required by us.

**C.** A person seeking Personal Injury Protection Coverage must:

    **1.** In the event of an accident, give us or our authorized agent prompt written notice of the accident. The notice should identify the **insured** and contain reasonably obtainable information regarding how, when and where the accident happened.

    **2.** Submit to, when and as often as we reasonably require, physical exams by physicians we select. We will pay for these exams.

    **3.** Give us:

        **a.** prompt written proof of claim, under oath if required; and

        **b.** any other information which may assist us in determining the amount due and payable.

    **4.** Give us authorization to enable us to obtain:

        **a.** medical reports;

        **b.** copies of records; and

        **c.** information regarding loss of income as a condition for receiving income continuation.

    **5.** Furnish us with reasonable medical proof of that person's inability to work.

    **6.** If a person takes legal action to recover damages for **bodily injury,** against a person or organization who may be legally liable, a copy of the summons and complaint or other process served in connection with such action shall be promptly forwarded to us.

**D.** A person seeking Underinsured Motorists Coverage must also:

    **1.** Promptly notify the police if a hit-and-run driver is involved and there is **bodily injury** or death of any person or damage to the property of any one person to an apparent extent equal to or greater than the reporting threshold described in WAC 446-85-010. However if there is no physical contact with a hit-and-run vehicle, someone must report the accident to the appropriate law

SA-1852/WAEP 4/09        — 16 —

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 972 of 1402**

enforcement agency within 72 hours of the accident.

2. Promptly send us copies of the legal papers if a suit is brought.

3. Promptly notify us of a tentative settlement between the **insured** and the insurer of the **underinsured motor vehicle** and allow us a reasonable time to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **underinsured motor vehicle**. If you fail to promptly notify us of such tentative settlement, we will not provide this coverage to the extent your failure to provide such notice prejudices our rights against any third party.

E. A person seeking Coverage for Damage to Your Auto must also:

1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

## PART F — GENERAL PROVISIONS

### POLICY PERIOD AND TERRITORY

A. This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

B. The policy period is the period stated in the Declarations. The policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

C. The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

### BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

### CHANGES

A. This policy, your Declarations page and endorsements issued by us to this policy contain all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

B. The premium for your policy is based on information we have received from you or other sources. You agree to cooperate with us in determining if this information is correct and complete and you will notify us if it changes. If this information is incorrect, incomplete, or changes, we will adjust your premium during the policy term or take other appropriate action based upon the corrected, completed or changed information. Changes during the policy term that will result in a premium increase or decrease during the policy term include, but are not limited to, changes in:

1. The number, type or use classification of insured vehicles.

2. Operators using insured vehicles including newly licensed **family member** drivers and any household members that have licenses.

3. The location where your vehicle is principally garaged.

4. Customized equipment or parts.

You must disclose to us all licensed drivers residing in the household.

C. If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph (C.) does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

1. A subsequent edition of your policy; or

2. An Amendatory Endorsement.

D. Additional or return premium of $3.00 or less resulting from policy changes will be waived.

## PAYMENT OF PREMIUM

If your initial premium payment is by check, draft or any remittance other than cash, coverage under this policy is conditioned upon the check, draft or remittance being honored upon presentment to the bank or other financial institution. If the check, draft or remittance is not honored upon presentment, this policy may, at our option, be deemed void from its inception. This means that we will not be liable under this policy for any claims or damages which would otherwise be covered if the check, draft, or remittance had been honored upon presentment.

## FRAUD

This policy was issued in reliance upon the information provided on your application. We may void this policy if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, with the intent to deceive at the time application was made or any time during the policy period.

We may void this policy or deny coverage for an accident or loss if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, with the intent to deceive in connection with the presentation or settlement of a claim.

We may void this policy or deny coverage for fraud or material misrepresentation even after the occurrence of an accident or loss. The material misrepresentation must have existed at the time of loss. This means we will not be liable for any claims or damages which would otherwise be covered. If we make a payment, we may request that you reimburse us. If so requested, you must reimburse us for any payments we may have already made.

## LEGAL ACTION AGAINST US

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

    **1.** We agree in writing that the **insured** has a legal obligation to pay damages; or

    **2.** The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring us into any action to determine the legal liability of an **insured**.

## OUR RIGHT TO RECOVER PAYMENT

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another person, entity or organization we shall then have that right. That person shall:

    **1.** Do whatever is necessary to enable us to exercise our rights; and

    **2.** Do nothing after loss to prejudice them.

We shall not use that right if the person against whom it may be asserted is an **insured** under Part **A** of this policy.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall hold in trust for us the proceeds of the recovery.

**C.** We shall be entitled to a recovery under paragraph **A.** or **B.** only after the person has been fully compensated for damages.

**D.** Our rights do not apply under paragraph **A.** with respect to Underinsured Motorists Coverage if:

    **1.** We have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **underinsured motor vehicle;** and

    **2.** We fail to advance payment to the **insured** in an amount equal to the tentative settlement within a reasonable time after receipt of notification.

If we advance payment to the **insured** in an amount equal to the tentative settlement within a reasonable time after receipt of notification:

    **1.** That payment will be separate from any amount the **insured** is entitled to recover under the provisions of Underinsured Motorists Coverage.

    **2.** We also have a right to recover the advanced payment.

**E.** With respect to Personal Injury Protection Coverage, any legal expenses incurred by us or that person, in recovering payments which benefit both parties, shall be shared equally by the parties. This provision **(E.)** applies to legal expenses incurred in a legal action for damages or otherwise.

## TERMINATION

**A.** **Cancellation.** This policy may be canceled during the policy period as follows:

    **1.** The named insured shown in the Declarations may cancel by:

        **a.** returning this policy to us; or

        **b.** giving us advance written or verbal notice of the date cancellation is to take effect. We may waive the requirement the notice be in writing by confirming the date and time of cancellation to you in writing.

    **2.** We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

        **a.** at least 10 days notice if cancellation is for nonpayment of premium; or

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 974 of 1402**

**b.** at least 20 days notice in all other cases.

The notice will include the reason for cancellation.

**3.** After this policy is in effect for 60 days, or if this is a renewal policy, we will cancel only:

**a.** for nonpayment of premium; or

**b.** for fraud or material misrepresentation concerning the policy or **insureds;** or

**c.** if your driver's license or that of:

**(1)** any driver who lives with you; or

**(2)** any driver who customarily uses **your covered auto;**

has been suspended or revoked. This must have occurred:

**(1)** During the policy period; or

**(2)** If this is a renewal or continuation policy, during the policy period or the 180 days immediately preceding the effective date of the renewal or continuation policy.

**d.** if the policy was obtained through material misrepresentation with intent to deceive.

**4.** We will mail the same written notice of cancellation to your agent or broker, if applicable.

**B. Nonrenewal.** If we decide not to renew this policy we will mail notice to you at the address shown in this policy at least 20 days before the end of the policy period. We may not refuse to renew the Liability or Collision Coverage of this policy on the basis that you have made one or more claims under the:

**1.** Comprehensive Coverage; or

**2.** Towing and Labor Costs Coverage;

of this policy.

Notice will include the reason for the nonrenewal.

We will mail the same advance written notice of Nonrenewal to your agent or broker, if applicable.

**C. Automatic Termination.** If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

We are not required to renew this policy if other coverage acceptable to you is obtained before the end of the policy period.

**D. Other Termination Provisions.**

**1.** If the law in effect in your state at the time this policy is issued or renewed:

**a.** requires a longer notice period;

**b.** requires a special form of or procedure for giving notice; or

**c.** modifies any of the stated termination reasons;

we will comply with those requirements.

**2.** We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

**3.** If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund as soon as possible but no later than 45 days after the date we send notice of cancellation if we cancel the policy, or no later than 30 days after the date we receive notice of cancellation if you cancel the policy. The premium refund, if any, will be computed pro rata. However, making or offering to make the refund is not a condition of cancellation.

**4.** The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**A.** Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

**1.** The surviving spouse, civil partner or **domestic partner** if resident in the same household at the time of death. Coverage applies to the spouse, civil partner or **domestic partner** as if a named insured shown in the Declarations; and

**2.** The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

**B.** Coverage will only be provided until the end of the policy period.

**TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES**

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto under any one auto policy. In no event shall the limit of liability of two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to you or any **insured.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 975 of 1402**

**LOSS PAYABLE CLAUSE (REG-335)**

This clause is identical to that promulgated in Washington State Insurance Commissioner's Regulation No. 335, pursuant to §1, Chapter 12, Laws of 1967, Extraordinary Session, State of Washington.

**A.** Loss or damage, if any, under this policy shall be payable first to the loss payee or mortgagee (hereinafter called secured party), and, second, to the insured, as their interests may appear; PROVIDED, That, upon demand for separate settlement by the secured party, the amount of said loss shall be paid directly to the secured party to the extent of its interest.

**B.** This insurance as to the interest of the secured party shall not be invalidated by any act or neglect of the insured named in said policy or his agents, employees or representatives, nor by any change in the title or ownership of the insured property; PROVIDED, HOWEVER, That, the conversion, embezzlement or secretion by the named insured or his agents, employees or representatives is not covered under said policy unless specifically insured against and premiums paid therefor.

**C.** In applying the pro rata provisions of the policy, the amount payable to the secured party shall be reduced only to the extent of pro rata payments receivable by the secured party under other policies.

**D.** The company reserves the right to cancel the policy at any time as provided by its terms, but in such case the company shall mail to the secured party a notice stating when such cancellation shall become effective as to the interest of said secured party. The amount and form of such notice shall be not less than that required to be given the named insured, by law or by the policy provisions, whichever is more favorable to the secured party.

**E.** If the insured fails to render proof of loss within the time granted in the policy conditions, such secured party shall do so within sixty (60) days after having knowledge of a loss, in form and manner as provided by the policy, and, further, shall be subject to the provisions of the policy relating to appraisal and the time of payment and bringing suit.

**F.** Whenever the company shall pay the secured party any sum for loss or damage under such policy and shall claim that, as to the insured, no liability exists, the company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all collateral held to secure the debt, or may, at its option, pay to the secured party the whole principal due or to grow due on the mortgage or other security agreement, with interest, and shall thereupon receive a full assignment and transfer of the mortgage or other security agreement and of all collateral held to secure it; but no subrogation shall impair the right of the secured party to recover the full amount due it.

**G.** All terms and conditions of the policy remain unchanged except as herein specifically provided.

**H.** All notices sent to the secured party shall be sent to its last reported address, which must be stated in the policy.

**STORAGE COSTS**

If you give us your consent, we may move the damaged property, at our expense, to reduce storage costs during the claims process. If you do not give us your consent, we will pay only the storage costs which would have resulted if we had moved the damaged property.

**NAMED DRIVER EXCLUSION**

If there is an excluded driver under this policy, then we will not provide coverage for any claim arising from an accident or loss involving a motor vehicle operated by that excluded person. This includes any claim for damages made against you or any **family member** or any other person or organization that is vicariously liable for an accident arising out of the operation of a motor vehicle by the excluded driver.

This provision does not apply to:

1. Any **insured** covered under the Personal Injury Protection Coverage of this policy.

2. Underinsured Motorists Coverage when an **insured** is covered under the Liability Coverage of this policy.

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

### ADDITIONAL PERSONAL INJURY PROTECTION COVERAGE

For an additional premium, the Limit of Liability under the Personal Injury Protection Coverage is deleted and replaced by the following:

### LIMIT OF LIABILITY

Regardless of the number of claims made or vehicles to which this coverage applies, our liability for Personal Injury Protection Coverage is limited as follows:

1. The total amount payable by us to each **insured** arising out of **bodily injury** sustained in any one accident shall not exceed the sum of:

   a. $35,000 for **medical and hospital benefits;**

   b. $2,000 for **funeral expenses;**

   c. $35,000 for **income continuation benefits,** subject to a limit of the lesser of:

      (1) $700 per week; or

      (2) 85% of the **insured's** weekly income from work.

      The combined weekly payment under this benefit or any workers compensation, any other disability or loss of income benefit and this coverage shall not exceed 85% of the **insured's** weekly income from work at the time of the accident. The **insured's** sick leave benefit or vacation pay will not be considered in determining payment of this benefit.

   d. $40 per day for **loss of services benefits** for up to one year from the date of the accident.

### UNDERINSURED MOTORISTS COVERAGE — PROPERTY DAMAGE

### INSURING AGREEMENT

A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **property damage** caused by an accident if the Declarations indicates that Underinsured Motorists Property Damage applies.

   The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle.**

B. **"Insured"** as used in this coverage means:

   1. You or any **family member.**

   2. Any other person **occupying your covered auto,** with your express or implied permission. The actual use must be within the scope of that permission.

C. **"Property damage"** as used in this coverage means injury to or destruction of the property of an **insured.**

D. **"Underinsured motor vehicle"** means a land motor vehicle or **trailer** of any type:

   1. To which no property damage liability bond or policy applies at the time of the accident.

   2. To which property damage liability bonds or policies apply at the time of the accident but the amount payable under all of the bonds or policies to an **insured** is not enough to pay the full amount the **insured** is entitled to recover as damages.

   3. To which property damage liability bonds or policies apply at the time of the accident, but the bonding or insurance companies deny coverage or are or become insolvent.

   4. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **property damage** without hitting:

      a. a vehicle which you or any **family member** are **occupying;** or

      b. **your covered auto.**

      If there is no physical contact with the vehicle causing the accident, the facts of the accident must be proved. We will only accept competent evidence other than the testimony of an **insured** or any person having an underinsured motorists claim resulting from the accident.

However, **"underinsured motor vehicle"** does not include any vehicle or equipment:

1. Operated on rails or tracks.

2. While located for use as a residence or premises.

3. To which the Liability Coverage of this policy applies. However, this exception to the definition of **underinsured motor**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 977 of 1402**

**vehicle** does not apply to you or any family member if you or any **family member** sustain damages while **occupying,** or when struck by, a vehicle for which coverage under Part **A** of this policy applies.

4. Owned by any governmental entity, including its subdivisions or agencies; or operated by an employee or agent of any governmental entity, including its subdivisions or agencies, while in the course of employment. However, exception **4.** does not apply if the governmental entity is unable to satisfy a claim because of financial inability or insolvency.

## EXCLUSIONS

**A.** We do not provide Underinsured Motorists Coverage for **property damage** sustained by any **insured:**

1. While operating or **occupying** any motor vehicle owned by, furnished or available for regular use by that **insured** which is not insured for Liability Coverage under this policy. This includes a **trailer** of any type used with that vehicle.

2. If the accident was caused by an auto which has no physical contact with **your covered auto** or a vehicle an **insured** was **occupying** at the time of the accident unless:

   a. the facts of the accident are corroborated by competent evidence other than a person having an Underinsured Motorists Coverage claim resulting from the accident; and

   b. the accident is reported to the appropriate law enforcement agency within 72 hours after the accident.

3. When **your covered auto** is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

4. While using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

5. While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using **your covered auto.**

6. While operating or **occupying** a motorcycle, motor-driven cycle or moped.

7. While using any vehicle while it is:

   a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   b. participating in a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any prearranged or organized:

      (1) race activity; or

      (2) speed, performance, stunt, or demolition contest or exhibition.

**B.** This coverage shall not apply to the benefit of any insurer of property.

## DEDUCTIBLES

The following will be deducted from the amount of **property damage** resulting from any one accident:

1. $300 if the accident is caused by a hit-and-run vehicle or a vehicle which has no physical contact with **your covered auto.**

2. $100 in all other cases.

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for Underinsured Motorists Property Damage is our maximum limit of liability for all **property damage** sustained in any one accident.

**B.** Any amounts otherwise payable for damages which the **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **property damage** caused by an accident shall be reduced by all sums payable because of the **property damage** by or on behalf of persons or organizations who may be legally responsible.

## OTHER INSURANCE

With respect to an auto or property contained in an auto:

1. If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

2. For any **property damage** to which the Collision Coverage of this policy (or similar coverage from another policy) and this coverage both apply, you may choose the coverage from which damages will be paid.

SA-1852/WAEP 4/09

— 22 —

You may recover under both coverages, but only if:

a. neither one by itself is sufficient to cover the loss; and

b. you will not recover more than the actual damages, less the applicable deductible.

3. With respect to all other property, this coverage shall be excess over any other collectible insurance.

## ARBITRATION

A. If we and an **insured** disagree whether that person is legally entitled to recover damages from the owner or operator of an **underinsured motor vehicle** or do not agree as to the amount of damages, the dispute shall be resolved by arbitration. Both parties must agree to arbitration.

1. The parties may agree to a single arbitrator. A decision by the arbitrator will be binding.

2. If the parties cannot agree on a single arbitrator, each will select an independent representative, who will then select a single arbitrator. The parties may then proceed with the single arbitrator by agreement. A decision by the arbitrator will be binding.

3. If the representatives cannot agree on a single arbitrator within 30 days or the parties do not agree on the arbitrator selected, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a court having jurisdiction. A decision by two of the three arbitrators will be binding.

B. Unless both parties agree otherwise, arbitration will take place within the county and state in which the **insured** lives. Local rules of law as to procedure and evidence will apply. Each party will pay the expenses it incurs, except we will bear the reasonable expenses of the arbitrator(s) and any statutory costs actually incurred by the **insured.**

---

## ROADSIDE ASSISTANCE COVERAGE CALL 1-877-ROAD 101 (1-877-762-3101)

**"Your covered auto"** as used in this endorsement means a private passenger vehicle, motor home or trailer owned by you and for which a specific premium is shown on the Declarations for this coverage.

The following coverages apply to each vehicle for which this coverage is shown on the Policy Declarations:

1. Each time **your covered auto** or any **non-owned auto** is disabled due to mechanical or electrical breakdown we will

pay reasonable and necessary expenses for the use of an **authorized service provider** to tow or flatbed **your covered auto** or **non-owned auto** up to 10 miles or to the nearest qualified place where necessary repairs can be made during regular **business** hours.

2. Each time **your covered auto** or any **non-owned auto** is disabled requiring:

a. Towing to dislodge the vehicle from its place of disablement within 100 feet of a public street or highway; or

b. Labor, including change of tire, at the place of its breakdown; or

c. Delivery of fuel, oil, water or other fluids (we do not pay the costs of these items); or

d. Key lock-out services;

we will cover up to one (1) hour of labor for the use of an **authorized service provider** for service at the place of disablement.

3. Coverage is limited to no more than two occurrences per vehicle plus an additional two occurrences per policy in a 6 month policy period for both coverages **1.** and **2.,** above.

**Authorized service provider** means a service provider contracted by us providing, at no charge to you, roadside assistance as described and limited above.

When service is provided by other than an **authorized service provider,** we will reimburse you only for reasonable charges as determined by us.

No deductible applies to this coverage.

---

## LOSS OF USE COVERAGE

The provisions and exclusions that apply to Part **D** — Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use Coverage is afforded, we will reimburse you for expenses you incur to rent a substitute vehicle.

This coverage applies only if:

1. The vehicle is withdrawn from use for more than 24 hours;

2. The loss is caused by **collision,** or is covered by the Comprehensive Coverage of this policy; and

3. The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the vehicle.

SA-1852/WAEP 4/09      — 23 —

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the vehicle.

Our payment will be limited to that period of time reasonably required to repair or replace the vehicle. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

No deductible applies to this coverage.

---

## FULL SAFETY GLASS COVERAGE

We will pay under Comprehensive Coverage for the cost of repairing or replacing damaged **safety equipment** on **your covered auto** without a deductible. We will pay only if:

1. The Declarations indicates that Comprehensive Coverage applies; and

2. A specific premium charge for Full Safety Glass Coverage is shown in the Declarations for **your covered auto.**

**"Safety equipment",** as used in this coverage means the:

1. Glass used in the windshield, doors and windows of **your covered auto;** and

2. Glass, plastic or other material used in the lights of **your covered auto.**

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 980 of 1402**


Member of Liberty Mutual Group

## WYOMING PERSONAL AUTO POLICY

SAFECO INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
Home Office: Safeco Plaza, Seattle, Washington 98185
SAFECO INSURANCE COMPANY OF ILLINOIS
Home Office: 2800 W. Higgins Rd., Suite 1100, Hoffman Estates, Illinois 60195

(Each a stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

| | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A — LIABILITY COVERAGE** | 3 |
|    Insuring Agreement | |
|    Supplementary Payments | |
|    Exclusions | |
|    Limit of Liability | |
|    Out of State Coverage | |
|    Financial Responsibility | |
|    Other Insurance | |
| **PART B — MEDICAL PAYMENTS COVERAGE** | 6 |
|    Insuring Agreement | |
|    Exclusions | |
|    Limit of Liability | |
|    Other Insurance | |
| **PART C — UNINSURED/UNDERINSURED MOTORISTS COVERAGE** | 8 |
|    Insuring Agreement | |
|    Exclusions | |
|    Limit of Liability | |
|    Other Insurance | |
| **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO** | 11 |
|    Insuring Agreement | |
|    Transportation Expenses | |
|    Exclusions | |
|    Limit of Liability | |
|    Payment of Loss | |
|    No Benefit to Bailee | |
|    Other Sources of Recovery | |
|    Appraisal | |
| **PART E — DUTIES AFTER AN ACCIDENT OR LOSS** | 15 |
| **PART F — GENERAL PROVISIONS** | 16 |
|    Policy Period and Territory | |
|    Changes | |
|    Termination | |
|    Two or More Autos Insured; Two or More Auto Policies | |
| **ADDITIONAL COVERAGES** | 18 |
|    Uninsured Motorists Coverage - Property Damage | |
|    Roadside Assistance Coverage | |
|    Loss of Use Coverage | |
|    Full Safety Glass Coverage | |

```
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
```

SA-1852/WYEP R1 2/09

## AGREEMENT

In return for your payment of all premiums, and in reliance upon the statements in the application we agree to insure you subject to the terms, conditions and limitations of this policy. We will insure you for the coverages and limits shown on the Declarations. Your policy consists of the policy contract, Declarations and endorsements applicable to the policy.

## DEFINITIONS

A.  Throughout this policy, "you" and "your" refer to:

1.  The "named insured" shown in the Declarations;

2.  The spouse if a resident of the same household;

3.  The civil partner, if a resident of the same household, by civil union licensed and certified by the state; or

4.  The **domestic partner,** if a resident of the same household;

    **"Domestic partner"** means a person living as a continuing partner with you and:

    (a)  is at least 18 years of age and competent to contract;

    (b)  is not a relative; and

    (c)  shares with you the responsibility for each other's welfare, evidence of which includes:

        (1)  the sharing in domestic responsibilities for the maintenance of the household; or

        (2)  having joint financial obligations, resources, or assets; or

        (3)  one with whom you have made a declaration of domestic partnership or similar declaration with an employer or government entity.

    **Domestic partner** does not include more than one person, a roommate whether sharing expenses equally or not, or one who pays rent to the named insured.

B.  "We," "us" and "our" refer to the Company as shown in the Declarations, providing this insurance.

C.  For purposes of this policy, a private passenger auto shall be deemed to be owned by a person if leased:

1.  Under a written agreement to that person; and

2.  For a continuous period of at least six months.

D.  Throughout the policy, **"minimum limits"** refers to the following limits of liability required by Wyoming law to be provided under a policy of automobile liability insurance:

1.  $25,000 for each person, subject to $50,000 for each accident, with respect to **bodily injury;**

2.  $20,000 for each accident with respect to **property damage.**

Other words and phrases are defined. They are in bold type when used.

E.  **"Bodily injury"** means bodily harm, sickness or disease, including death that results.

F.  **"Business"** includes trade, profession or occupation.

G.  **"Family member"** means a person related to you by blood, marriage, civil union, domestic partnership or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

H.  **"Fungi"** means any type or form of fungus, including yeast, mold or mildew, blight or mushroom and any mycotoxins, spore, scents or other substances, products or byproducts produced, released by or arising out of **fungi,** including growth, proliferation or spread of **fungi** or the current or past presence of **fungi.** However, this definition does not include any **fungi** intended by the **insured** for consumption.

I.  **"Occupying"** means in; upon; or getting in, on, out or off.

J.  **"Property damage"** means physical injury or destruction of tangible property including loss of use.

K.  **"Punitive or exemplary damages"** include damages which are awarded to punish or deter wrongful conduct, to set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for **bodily injury** or **property damage.**

L.  **"Trailer"** means a vehicle designed to be pulled by a:

1.  Private passenger auto; or

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 982 of 1402**

**2.** Pickup, van or motorhome.

It also means a recreational camping vehicle, a farm wagon or farm implement while towed by a vehicle listed in **L.1.** or **L.2.** above.

**M.** **"Your covered auto"** means:

**1.** Any vehicle shown in the Declarations.

**2.** **a.** Any newly acquired vehicle, whether operational or not, on the date you become the owner, subject to conditions for **Newly Acquired Replacement Vehicle** and **Newly Acquired Additional Vehicle** under **M.2.b.** below. Any newly acquired vehicle must be of the following types:

    **(1)** a private passenger auto;

    **(2)** a pickup or van that:

      **(a)** has a Gross Vehicle Weight Rating of 12,000 lbs or less; and

      **(b)** is not used for the delivery or transportation of goods and materials unless such use is:

        **i.** incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

        **ii.** for farming or ranching; or

    **(3)** a motorhome or **trailer.**

**b.** A newly acquired vehicle is subject to the following conditions:

    **(1)** **Newly Acquired Replacement Vehicle.** If the vehicle you acquire replaces one shown in the Declarations, the replacement vehicle will have the same coverage as the vehicle it replaced, other than Part **D** — Coverage for Damage to Your Auto. This provision applies only if there is no other insurance policy that provides coverage for that replacement vehicle.

      Part **D** — Coverage for Damage to Your Auto shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition, only to the extent Part **D** — Coverage for Damage to Your Auto applied to the vehicle being replaced. You must notify us within thirty (30) days after you acquire the replacement vehicle for Part **D** — Coverage for Damage to Your Auto to continue.

    **(2)** **Newly Acquired Additional Vehicle.** For any newly acquired vehicle that is in addition to any shown in the Declarations coverage shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition. Coverage shall be the broadest coverage we provide for any vehicle shown in the Declarations. This coverage applies only if:

      **(a)** you acquire the additional vehicle during the policy period shown on the Declarations; and

      **(b)** there is no other insurance policy that provides coverage for the additional vehicle.

      If you wish to add or continue coverage you must ask us to insure the additional vehicle within thirty (30) days after you acquire the additional vehicle. This thirty (30) days of coverage includes the day you acquire the vehicle.

**3.** Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

**a.** breakdown;

**b.** repair;

**c.** servicing;

**d.** loss; or

**e.** destruction.

This provision **(M.3.)** does not apply to Coverage for Damage to Your Auto.

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

A. We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. The tender of policy limits before judgment or settlement does not relieve us of our duty to defend. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

B. "**Insured**" as used in this Part means:

1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

2. Any person using **your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

3. For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under **B.1.** and **B.2.** above.

4. For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision **(B.4.)** applies only if the person or organization does not own or hire the auto or **trailer.**

### INTEREST ON JUDGMENTS

We will pay interest on judgments subject to all of the following:

1. Any notice, demand, summons, judgment, or any process has been promptly forwarded to us as required by the policy conditions.

2. We accept the defense or agree to the judgment.

3. We will pay the interest on that part of the judgment that is covered and that does not exceed our applicable limit of liability.

4. We will pay interest that accrues after entry of judgment and before we pay, tender, or deposit in court.

5. If we appeal the judgment, we will pay interest on the entire judgment.

6. Post-judgment interest is in addition to the applicable limit of liability.

7. Where we are required to cover prejudgment interest, it shall be included in the limit of liability and is not an additional amount of insurance.

### SUPPLEMENTARY PAYMENTS

We will pay on behalf of an **insured:**

1. Up to $1,000 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy. We are not obligated to apply for or furnish such bonds.

2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.

3. Up to $250 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

4. Other reasonable expenses incurred at our request.

5. Pay all expenses incurred by an **insured** for first aid to others at the time of the accident, not to exceed $10,000.

### EXCLUSIONS

A. We do not provide Liability Coverage for:

1. Any **insured** who intentionally causes **bodily injury** or **property damage** even if such **bodily injury** or **property damage** is of a different kind or degree than expected or intended, or such **bodily injury** or **property damage** is sustained by a different person or persons than expected or intended.

2. **Property damage** to property owned or being transported by any **insured.**

3. **Property damage** to property:

   a. rented to;

   b. used by; or

   c. in the care of;

   any **insured.**

   This exclusion **(A.3.)** does not apply to **property damage** to a residence or private garage.

4. **Bodily injury** to an employee of any **insured** during the course of employment. This exclusion **(A.4.)** does not apply to

SA-1852/WYEP R1 2/09

— 3 —

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 984 of 1402**

**bodily injury** to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. Any **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion **(A.5.)** does not apply to a share-the-expense car pool.

6. Any **insured** using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

7. a. Any **insured** while employed or otherwise engaged in the **business** of:

   (1) selling;

   (2) repairing;

   (3) servicing;

   (4) storing; or

   (5) parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery.

   b. This exclusion **(A.7.)** does not apply to the ownership, maintenance or use of **your covered auto** by:

   (1) you;

   (2) any **family member;** or

   (3) any partner, agent or employee of you or any **family member.**

8. Any **insured** maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusions **A.6.** or **A.7.** This exclusion **(A.8.)** does not apply to the maintenance or use of a:

   a. private passenger auto;

   b. pickup, motorhome or van that:

   (1) you own; or

   (2) you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

   (a) breakdown;

   (b) repair;

   (c) servicing;

   (d) loss; or

   (e) destruction; or

   c. **trailer** used with a vehicle described in **A.8.a.** or **A.8.b.** above.

   d. **bodily injury** to a fellow employee injured during employment if:

   (1) the injury arises out of your use of a pickup, motorhome or van you do not own; and

   (2) workers' compensation benefits are not required to be provided.

9. Any **insured** using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to a **family member** using **your covered auto.**

10. a. **Bodily injury** or **property damage** for which any **insured:**

    (1) is an **insured** under a nuclear energy liability policy; or

    (2) would be an **insured** under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

    b. A nuclear energy liability policy is a policy issued by any of the following or their successors:

    (1) Nuclear Energy Liability Insurance Association;

    (2) Mutual Atomic Energy Liability Underwriters; or

    (3) Nuclear Insurance Association of Canada.

11. **Punitive or exemplary damages** awarded against any **insured.**

12. **Bodily injury** to you or any **family member** to the extent that the limits of liability for this coverage exceed the **minimum limits** of liability required by the Wyoming Safety Responsibility Law.

13. **Bodily injury** or **property damage** arising out of the use of **your covered auto** while leased or rented to others. However, this exclusion does not apply to the operation of **your covered auto** by you or a **family member.**

14. **Bodily injury** or **property damage** arising out of a criminal act or omission of the insured. This exclusion applies regardless of whether that **insured** is actually charged with, or convicted of, a crime. However, this

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 985 of 1402

exclusion **(14.)** does not apply to traffic violations.

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

**1.** **a.** Any vehicle which:

**(1)** has fewer than four wheels;

**(2)** is designed mainly for use off public roads; or

**(3)** is a vehicle not licensed for use on public roads.

**b.** This exclusion does not apply:

**(1)** while such vehicle is being used by an **insured** in a medical emergency; or

**(2)** to any **trailer.**

**2.** Any vehicle, other than **your covered auto,** which is:

**a.** owned by you; or

**b.** furnished or available for your regular use.

**3.** **a.** Any vehicle, other than **your covered auto,** which is:

**(1)** owned by any **family member** or other person who resides with you; or

**(2)** furnished or available for the regular use of any **family member** or other person who resides with you.

**b.** However, this exclusion **(B.3.)** does not apply to you while you are maintaining or **occupying** any vehicle which is:

**(1)** owned by a **family member** or other person who resides with you; or

**(2)** furnished or available for the regular use of a **family member** or other person who resides with you.

**4.** Any vehicle while it is:

**a.** operating on a surface designed or used for racing, except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

**b.** participating in a high performance driving or racing instruction course or school; or

**c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

**(1)** race activity; or

**(2)** speed, performance, stunt, or demolition contest or exhibition.

**LIMIT OF LIABILITY**

**A.** If the Declarations indicates "per person"/"per accident" coverage applies:

The limit of liability as shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

**1.** **Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the auto accident.

**B.** If the Declarations indicate **Combined Single Limit** applies, Paragraph **A.** above is replaced by the following:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

**1.** **Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate **minimum limits** required by law for **bodily injury** and **property damage** liability. However, this provision will not change our total limit of liability.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **B** or Part **C** of this policy.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 986 of 1402**

**D.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer**.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

**A.** If the state or province has:

    **1.** A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

    **2.** A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required **minimum limits** and types of coverage.

**B.** No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required. The **insured** must reimburse us if we make a payment that we would not have made if this policy was not certified as proof of financial responsibility.

## OTHER INSURANCE

Any insurance we provide with respect to a vehicle you own shall be primary over any other collectible auto insurance up to the **minimum limits** required by the Wyoming Financial Responsibility law. If there is other applicable liability insurance available in excess of the **minimum limits,** any insurance we provide in excess of the **minimum limits** shall be excess over any other applicable liability insurance.

Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance.

---

## PART B — MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

**A.** We will pay **usual and customary charges** incurred for reasonable and necessary medical and funeral expenses because of **bodily injury:**

    **1.** Caused by accident; and

    **2.** Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within three (3) years from the date of the accident.

We have a right to review medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

**B.** "Insured" as used in this Part means:

    **1.** You or any **family member:**

        **a.** while **occupying;** or

        **b.** as a pedestrian or bicyclist when struck by;

        a motor vehicle designed for use mainly on public roads or a **trailer** of any type.

    **2.** Any other person while **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

    **3.** Any other person while **occupying,** as a guest, an automobile not owned by you or

a **family member,** while being operated by you or a **family member.**

**C.** "Usual and customary charges" as used in this Part mean:

Any amount which we determine represents a customary charge for services in the geographic area in which the service is rendered. To determine whether a charge is customary, we may consider outside sources of information of our choice, including, but not limited to:

    **1.** Licensed, certified or registered health care professionals;

    **2.** Medical examinations;

    **3.** Medical file reviews;

    **4.** Medical bill review services; or

    **5.** Computerized data bases.

The **insured** shall not be responsible for payment of any reduction applied by us. If a medical provider disputes an amount paid by us, we will be responsible for resolving such disputes.

### EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury:**

    **1.** Sustained while **occupying** any motorized vehicle having fewer than four wheels.

---

SA-1852/WYEP R1 2/09                              — 6 —

2. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(2.)** does not apply to a share-the-expense car pool.

3. Sustained while **occupying** any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

4. Sustained while **occupying** any vehicle located for use as a residence or premises.

5. Occurring during the course of employment if workers' compensation benefits are required or available for the **bodily injury.**

6. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

   **a.** owned by you; or

   **b.** furnished or available for your regular use.

7. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

   **a.** owned by any **family member** or other person who resides with you; or

   **b.** furnished or available for the regular use of any **family member** or other person who resides with you.

   However, this exclusion **(7.)** does not apply to you.

8. Sustained while **occupying** a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However this exclusion does not apply to a **family member** using **your covered auto.**

9. Sustained while **occupying** a vehicle when it is being used in the **business** of an **insured.** This exclusion **(9.)** does not apply to **bodily injury** sustained while **occupying** a:

   **a.** private passenger auto;

   **b.** pickup, van or motorhome that you own; or

   **c.** **trailer** used with a vehicle described in **a.** or **b.** above.

10. Caused by or as a consequence of:

   **a.** discharge of a nuclear weapon (even if accidental);

   **b.** war (declared or undeclared);

   **c.** civil war;

   **d.** insurrection; or

   **e.** rebellion or revolution.

11. From or as a consequence of the following, whether controlled or uncontrolled or however caused:

   **a.** nuclear reaction;

   **b.** radiation; or

   **c.** radioactive contamination.

12. Sustained while **occupying** any vehicle while it is:

   **a.** operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   **b.** participating in a high performance driving or racing instruction course or school; or

   **c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

      **(1)** race activity; or

      **(2)** speed, performance, stunt, or demolition contest or exhibition.

13. Caused by the actual, alleged or threatened presence, growth, proliferation or spread of **fungi** or bacteria.

### LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

   **1.** **Insureds;**

   **2.** Claims made;

   **3.** Vehicles or premiums shown in the Declarations; or

   **4.** Vehicles involved in the accident.

**B.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **C** of this policy.

### OTHER INSURANCE

If there is other applicable auto medical payments insurance available any insurance we provide shall be excess over any other applicable auto medical payments insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible auto medical payments insurance.

## PART C — UNINSURED/UNDERINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

**A.** We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** because of **bodily injury:**

    **1.** Sustained by that **insured;** and

    **2.** Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or **underinsured motor vehicle**.

We will pay under this Underinsured Motorists Coverage only if **1.** or **2.** below applies:

    **1.** The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or

    **2.** A tentative settlement has been made between an **insured** and the insurer of the **underinsured motor vehicle** and we:

        **a.** have been given prompt written notice of such tentative settlement; and

        **b.** advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

**B.** "Insured" as used in this Part means:

    **1.** You or any **family member.**

    **2.** Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

    **3.** Any person entitled to recover damages because of **bodily injury** to which this coverage applies sustained by a person described in **B.1.** or **B.2.** above.

**C.** "Underinsured motor vehicle" means a motor vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all other bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability for underinsured motorists coverage under this insurance.

**D.** "Uninsured motor vehicle" means a land motor vehicle or **trailer** of any type:

    **1.** To which no bodily injury liability bond or policy applies at the time of the accident.

    **2.** To which a bodily injury liability bond or policy applies at the time of the accident if its limit for bodily injury liability is less than the **minimum limits** for bodily injury liability specified by the Wyoming Safety Responsibility Act.

    **3.** Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or causes an accident resulting in **bodily injury** without hitting:

        **a.** you or any **family member;**

        **b.** a vehicle which you or any **family member** are **occupying;** or

        **c.** **your covered auto.**

    If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved. We will only accept corroborating evidence other than the testimony of a person making claim under this or any similar coverage.

    **4.** To which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:

        **a.** denies coverage; or

        **b.** is or becomes insolvent.

However, "**uninsured motor vehicle**" does not include any vehicle or equipment:

    **1.** Owned by or furnished or available for the regular use of you or any **family member** to the extent that the limits of liability for this coverage exceed the **minimum limits** for bodily injury liability specified in the Wyoming Safety Responsibility Act.

    **2.** Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

    **3.** Operated on rails or crawler treads.

    **4.** Designed mainly for use off public roads while not on public roads.

    **5.** While located for use as a residence or premises except a mobile recreational vehicle while being used for normal and ordinary purposes.

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 989 of 1402**

## EXCLUSIONS

**A.** We do not provide Uninsured/Underinsured Motorists Coverage for **bodily injury** sustained by any **insured:**

    **1.** If that **insured** or the legal representative settles the **bodily injury** claim without our consent.

    **2.** While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(A.2.)** does not apply to a share-the-expense car pool.

    **3.** While using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

    **4.** While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using **your covered auto.**

    **5.** While **occupying** or operating an owned motorcycle or moped.

    **6.** While using any vehicle while it is:

        **a.** operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

        **b.** participating in a high performance driving or racing instruction course or school; or

        **c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

            **(1)** race activity; or

            **(2)** speed, performance, stunt, or demolition contest or exhibition.

**B.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

    **1.** Workers' compensation law; or

    **2.** Disability benefits law.

This exclusion **(B.)** does not apply to the Workers' Compensation Division of the Wyoming State Treasurer's Office.

**C.** We do not provide Uninsured/Underinsured Motorists Coverage for **punitive or exemplary damages.**

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for "each person" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

This is the most we will pay regardless of the number of:

    **1.** **Insureds;**

    **2.** Claims made;

    **3.** Vehicles or premiums shown in the Declarations; or

    **4.** Vehicles involved in the accident.

Any payment made by or on behalf of the owner or operator of the **uninsured motor vehicle** or **underinsured motor vehicle** shall not reduce or be a credit against the total Uninsured Motorists Coverage liability limits afforded an **insured** under this policy.

**B.** If the Declarations indicate Combined Single Limit Coverage applies, paragraph **(A.)** above is replaced by the following:

The limit of liability shown in the Declarations for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

    **1.** **Insureds;**

    **2.** Claims made;

    **3.** Vehicles or premiums shown in the Declarations; or

    **4.** Vehicles involved in the auto accident.

Any payment made by or on behalf of the owner or operator of the **uninsured motor vehicle** or **underinsured motor vehicle** shall not reduce or be a credit against the total Uninsured Motorists Coverage liability limits afforded an **insured** under this policy.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **B** of this policy.

**D.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 990 of 1402**

persons or organizations who may be legally responsible.

**E.** No **insured** shall be entitled to recover payment in excess of damages sustained.

**F.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer.**

**OTHER INSURANCE — UNINSURED MOTORISTS COVERAGE**

If there is other applicable insurance available under more than one policy or provision of coverage, that is similar to the insurance provided under this Part of the policy, the following priorities of recovery apply:

FIRST   The policy affording Uninsured Motorists Coverage to the vehicle the **insured** was **occupying** at the time of the accident.

SECOND   The policy affording Uninsured Motorists Coverage to the **insured** as a named insured or **family member.**

Where there is no applicable insurance available under the first priority:

**A.** The maximum recovery under all policies in the second priority shall not exceed the highest limit of any one applicable policy plus the **minimum limits** required by the Wyoming Safety Responsibility Act for each of the other applicable policies; and

**B.** We will pay only our share of the loss, not to exceed our share of the maximum recovery. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

Where there is applicable insurance available under the first priority:

**A.** The limit of liability under the policy with the first priority shall first be exhausted.

**B.** Recovery under each policy in the second priority shall not exceed the **minimum limits** required by the Wyoming Safety Responsibility Act; and

**C.** An insurer providing Uninsured Motorists Coverage under the second priority shall pay a pro rata share of the loss in excess of the amount recoverable under the first priority. This pro rata share shall be the proportion that such insurer's limit of liability bears to the total of all limits applicable under the second priority.

**OTHER INSURANCE — UNDERINSURED MOTORISTS COVERAGE**

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided by this coverage:

**1.** Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing such coverage on a primary basis.

**2.** If the coverage under this policy is provided:

   **a.** on a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

   **b.** on an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**EXHAUSTION CLAUSE**

We shall not be obligated to make any payment because of **bodily injury** to which this insurance applies and which arises out of the ownership, maintenance or use of an **underinsured motor vehicle** until after the limits of liability under all bodily injury liability bonds or policies applicable at the time of the accident have been exhausted by payment of judgments or settlements.

**ARBITRATION**

**A.** If we and an **insured** do not agree:

   **1.** Whether that **insured** is legally entitled to recover damages; or

   **2.** As to the amount of damages which are recoverable by that **insured;**

   from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

   Both parties must agree to arbitration by separate written agreement. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**B.** Each party will:

   **1.** Pay the expenses it incurs; and

   **2.** Bear the expenses of the third arbitrator equally.

**C.** Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

## ADDITIONAL DUTIES

A person seeking Underinsured Motorists Coverage must also promptly:

1. Send us copies of the legal papers if a suit is brought; and

2. Notify us in writing of a tentative settlement between the **insured** and the insurer of the **underinsured motor vehicle** and allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **underinsured motor vehicle.**

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

---

### INSURING AGREEMENT

**A.** We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto**, including its equipment, any child safety seat in use in **your covered auto** or **non-owned auto**, minus any applicable deductible shown in the Declarations. We will pay for loss to **your covered auto** caused by:

1. Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto**, we will provide the broadest coverage applicable to any vehicle shown in the Declarations.

### Deductible

Unless stated otherwise, the applicable deductible shown in the Declarations shall be applied to each accidental loss covered under this Part of the policy. However,

**a.** if loss to more than one of **your covered autos** or a **non-owned auto** results from the same loss, only the highest applicable deductible will apply;

**b.** in the event of a **collision** with another vehicle insured by a Safeco insurance company, other than a vehicle described as **your covered auto** or **non-owned auto**, no deductible will apply.

**c.** if loss to **your covered auto** or a **non-owned auto** results from the same event as a covered loss under your Homeowners, Condominium or Rental policy issued by a Safeco company, no deductible will apply to **your covered auto** or a **non-owned auto.**

**B.** "**Collision**" means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object.

"**Comprehensive**" means loss, other than **collision**, to **your covered auto** or a **non-owned auto**. Losses caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision**, you may elect to have it considered a loss caused by **collision**.

**C.**  1.  "**Non-owned auto**" means:

**a.** Any private passenger auto, pickup, van (other than cargo van) or **trailer** with a Gross Vehicle Weight rating of 12,000 pounds or less or any cargo van or moving van with a Gross Vehicle Weight Rating of 18,000 pounds or less, not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member.**

**b.** Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

(1) breakdown;

(2) repair;

(3) servicing;

(4) loss; or

(5) destruction.

2.  "**Non-owned auto**" does not include any vehicle which has been operated or rented by or in the possession of an **insured** for 30 or more consecutive days. This does not apply to a temporary substitute vehicle authorized by us.

SA-1852/WYEP R1 2/09                     — 11 —

**D.** "**Camper body**" means a body equipped as sleeping or living quarters which is designed to be mounted on a pickup.

**E.** "**Diminution in value**" means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

## TRANSPORTATION EXPENSES

**A.** Subject to the limitations described in paragraphs **B.** and **C.**, below, we will pay:

    **1.** Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto** or a **non-owned auto.** We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto. We will pay only expenses incurred during the period:

        **a.** beginning 48 hours after the theft; and

        **b.** ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

    **2.** Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto.** We will pay only expenses beginning when the **non-owned auto** is withdrawn from use for more than 24 hours. We will pay for indirect loss expenses if the loss is caused by:

        **a.** a **comprehensive** loss only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

        **b.** **collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

**B.** For the expenses described in paragraphs **A.1.** and **A.2.** we will pay the greater of the following, without application of a deductible:

    **1.** Up to $25 per day, to a maximum of $750; or

    **2.** The limit for Loss of Use, if any, shown in the Declarations.

**C.** Our payment for the expenses described in paragraphs **A.1.** and **A.2.** will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto.**

## EXCLUSIONS

We will not pay for:

    **1.** Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This exclusion (**1.**) does not apply to a share-the-expense car pool.

    **2.** Loss to **your covered auto** or any **non-owned auto** while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

    **3.** Damage or loss due and confined to:

        **a.** wear and tear;

        **b.** freezing;

        **c.** mechanical or electrical breakdown or failure; or

        **d.** road damage to tires.

    This exclusion (**3.**) does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

    **4.** Damage or loss arising out of neglect. Neglect means your failure to adequately maintain **your covered auto** or **non-owned auto** after the loss.

    With respect to water under Comprehensive Coverage, there is no coverage for:

        **a.** moisture, condensation, humidity, or vapor;

        **b.** water intrusion around or through panels, surfaces and seals; or

        **c.** water that collects in spaces or ventilation systems; or

        **d.** **fungi,** dry rot or bacteria;

    resulting from neglect.

    **5.** Loss due to or as a consequence of:

        **a.** discharge of any nuclear weapon (even if accidental);

        **b.** war (declared or undeclared);

        **c.** civil war;

        **d.** insurrection; or

        **e.** rebellion or revolution.

    **6.** Loss from or as a consequence of the following, whether controlled or uncontrolled or however caused:

        **a.** nuclear reaction;

        **b.** radiation; or

        **c.** radioactive contamination.

    **7.** Loss to:

        **a.** any electronic equipment designed for the production or reproduction of sound, pictures, audio, visual or data or that receives or transmits sound, pictures or data signals.

**b.** This exclusion **(7.)** does not apply to:

**(1)** equipment designed for the reproduction of sound or transmission of sound, pictures, audio, visual or data signals and accessories used with such equipment, provided:

**(a)** the electronic equipment is permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto;** or

**(b)** the electronic equipment is:

**i.** removable from a housing unit which is permanently installed by the original vehicle manufacturer or manufacturer's dealership in the auto;

**ii.** designed to be solely operated by use of the power from the auto's electrical system; and

**iii.** in or upon **your covered auto** or any **non-owned auto;**

at the time of loss.

**(c)** any equipment installed through our Teensurance™ program.

However, we will pay only up to a total of $1,000 or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for all such equipment that is not installed by the original vehicle manufacturer or manufacturer's dealership.

**(2)** any other electronic equipment that is:

**(a)** necessary for the normal operation of the auto or the monitoring of the auto's operating systems;

**(b)** an integral part of the same unit housing any electronic equipment described in **7.a.** and permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your**

**covered auto** or any **non-owned auto.**

**8.** Loss to:

**a.** tapes, records, discs, or other media used with such equipment described in exclusion **(7.); or**

**b.** any other accessories, not permanently installed used with such equipment described in exclusion **(7.).**

**9.** Loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities because you or any **family member:**

**a.** engaged in illegal activities; or

**b.** failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion **(9.)** does not apply to the interests of Loss Payees in **your covered auto.**

**10.** Loss to a **camper body,** motorhome or **trailer** you own which is not shown in the Declarations. This exclusion **(10.)** does not apply to a **camper body,** motorhome or **trailer** you:

**a.** acquire during the policy period; and

**b.** ask us to insure within 30 days after you become the owner.

**11.** Loss to any **non-owned auto** when used by you or any **family member** without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.

**12.** Loss to equipment, whether operational or not, whose design may be used for the detection or location of law enforcement equipment.

**13.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

**a.** selling;

**b.** repairing;

**c.** servicing;

**d.** storing; or

**e.** parking;

vehicles designed for use on public highways. This includes road testing and delivery.

**14.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 994 of 1402**

**business** not described in exclusion **2.** and **13.** This exclusion **(14.)** does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

15. Loss to **your covered auto** or any **non-owned auto** while it is:

   **a.** operating on a surface designed or used for racing. This does not apply to an organized and controlled event that is not a speed, performance, stunt or demolition event;

   **b.** participating in a high performance driving or racing instruction course or school; or

   **c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

     **(1)** race activity; or

     **(2)** speed, performance, stunt, or demolition contest or exhibition.

16. Loss to, or loss of use of, a **non-owned auto** rented by:

   **a.** you; or

   **b.** any **family member;**

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

17. Loss to **your covered auto** or any **non-owned auto,** arising out of the actual, alleged or threatened presence, growth, proliferation or spread of **fungi,** dry rot or bacteria.

18. Loss to **your covered auto, non-owned auto,** or **trailer,** for **diminution in value.**

19. Loss in excess of $1,000 per claim or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for any furnishings or equipment that were not installed by the original vehicle manufacturer or manufacturer's dealership which mechanically or structurally changes your vehicle and results in increase in performance or change in appearance, including but not limited to:

   **a.** custom murals, paintings or other decals or graphics;

   **b.** custom wheels, tachometers, pressure and temperature gauges;

   **c.** modified or custom engines and fuel systems, light bars, racing slicks and/or oversized tires, roll bars and lift kits, winches, utility boxes, and tool boxes; or

   **d.** non-standard paint.

This exclusion does not apply to equipment installed to make a vehicle handicap accessible.

20. Loss arising out of the use of **your covered auto** while leased or rented to others.

21. Loss to **your covered auto** or a **non-owned auto** caused by an intentional act by you or a **family member,** or at the direction of you or a **family member.**

## LIMIT OF LIABILITY

**A.** At our option, our limit of liability for loss will be the lowest of:

1. The actual cash value of the stolen or damaged property;

2. **a.** The amount necessary to repair or replace the property;

   **b.** Determination of the cost of repair or replacement will be based upon one of the following:

     **(1)** the cost of repair or replacement agreed upon by you and us;

     **(2)** a competitive bid approved by us; or

     **(3)** an estimate written based upon the prevailing competitive price. You agree with us that we may include in the estimate parts furnished by the original vehicle manufacturer or parts from other sources including non-original equipment manufacturers. The prevailing competitive price means prices charged by a majority of the repair market in the area where the vehicle is to be repaired as determined by us; or

3. The limit of liability shown in the Declarations.

However, the most we will pay for loss to any **non-owned auto,** which is a **trailer,** is $1,500.

**B.** An adjustment for depreciation and physical condition may be made based upon the physical condition and wear and tear of the property or damaged part of the property at the time of the loss. This adjustment for physical condition includes but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges and paint condition. When replacing parts normally subject to repair or replacement during the useful life of the vehicle, we will not pay for the amount of any betterment.

SA-1852/WYEP R1 2/09

— 14 —

**PAYMENT OF LOSS**

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or

2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

IF YOUR DAMAGED PROPERTY WAS PREVIOUSLY DAMAGED AND PAYMENT WAS MADE FOR THE PREVIOUSLY DAMAGED PROPERTY BUT YOU DID NOT HAVE IT REPAIRED OR REPLACED, THE COMPANY WILL REDUCE THE AMOUNT PAYABLE FOR LOSS BY THE AMOUNT PAID FOR THE PREVIOUS DAMAGE.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

**NO BENEFIT TO BAILEE**

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER SOURCES OF RECOVERY**

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the **non-owned auto**;

2. Any other applicable physical damage insurance;

3. Any other source of recovery applicable to the loss.

**APPRAISAL**

A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

B. We do not waive any of our rights under this policy by agreeing to an appraisal.

---

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:

    a. to physical examinations by physicians we select. We will pay for these exams.

    b. to examination under oath and sub-scribe the same. We may examine any **insured** separately and apart from the presence of any other **insured**.

4. Authorize us to obtain:

    a. medical reports; and

    b. other pertinent records.

5. Submit a proof of loss, under oath if requested, when required by us.

C. A person seeking Uninsured/Underinsured Motorists Coverage must also:

1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved.

2. Promptly send us copies of the legal papers if a suit is brought.

D. A person seeking Coverage for Damage to Your Auto must also:

1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 996 of 1402**

## PART F — GENERAL PROVISIONS

### POLICY PERIOD AND TERRITORY

**A.** This policy applies only to accidents and losses which occur:

    **1.** During the policy period as shown in the Declarations; and

    **2.** Within the policy territory.

**B.** The policy period is the period stated in the Declarations. The policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

**C.** The policy territory is:

    **1.** The United States of America, its territories or possessions;

    **2.** Puerto Rico; or

    **3.** Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

### BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

### CHANGES

**A.** This policy, your Declarations page and endorsements issued by us to this policy contain all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

**B.** The premium for your policy is based on information we have received from you or other sources. You agree to cooperate with us in determining if this information is correct and complete and you will notify us if it changes. If this information is incorrect, incomplete, or changes, we will adjust your premium during the policy term or take other appropriate action based upon the corrected, completed or changed information. Changes during the policy term that will result in a premium increase or decrease during the policy term include, but are not limited to, changes in:

    **1.** The number, type or use classification of insured vehicles.

    **2.** Operators using insured vehicles including newly licensed **family member** drivers and any household members that have licenses.

    **3.** The location where your vehicle is principally garaged.

    **4.** Customized equipment or parts.

You also agree to disclose all licensed drivers residing in the household.

**C.** If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph **(C.)** does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

    **1.** A subsequent edition of your policy; or

    **2.** An Amendatory Endorsement.

**D.** Additional or return premium of $3.00 or less resulting from policy changes will be waived.

### PAYMENT OF PREMIUM

If your initial premium payment is by check, draft or any remittance other than cash, coverage under this policy is conditioned upon the check, draft or remittance being honored upon presentment to the bank or other financial institution. If the check, draft or remittance is not honored upon presentment, this policy may, at our option, be deemed void from its inception. This means that we will not be liable under this policy for any claims or damages which would otherwise be covered if the check, draft, or remittance had been honored upon presentment.

### FRAUD

This policy was issued in reliance upon the information provided on your application. We may void coverage under this policy if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, at the time application was made or any time during the policy period.

We may void this policy or deny coverage for an accident or loss if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

We may void this policy or deny coverage for fraud or material misrepresentation even after the occurrence of an accident or loss. This means we will not be liable for any claims or damages which would otherwise be covered. If we make a payment, we may request that you reimburse us. If so requested, you must reimburse us for any payments we may have already made.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 997 of 1402**

**LEGAL ACTION AGAINST US**

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A**, no legal action may be brought against us until:

  **1.** We agree in writing that the **insured** has a legal obligation to pay damages; or

  **2.** The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring us into any action to determine the legal liability of an **insured**.

**OUR RIGHT TO RECOVER PAYMENT**

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another person, entity or organization we shall be subrogated to that right. That person shall:

  **1.** Do whatever is necessary to enable us to exercise our rights; and

  **2.** Do nothing after loss to prejudice them.

However, our rights in this paragraph **(A.)** do not apply under Part **D**, against any person using **your covered auto** with your express or implied permission or other person having lawful possession and is not using a vehicle beyond the scope of the permission granted.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

  **1.** Hold in trust for us the proceeds of the recovery; and

  **2.** Reimburse us to the extent of our payment.

**C.** **1.** Our rights do not apply under paragraph **A.** with respect to Underinsured Motorists Coverage if:

    **a.** We have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **underinsured motor vehicle;** and

    **b.** We fail to advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

  **2.** If we advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification:

    **a.** That payment will be separate from any amount the **insured** is entitled to recover under the provisions of Underinsured Motorists Coverage; and

    **b.** We also have a right to recover the advanced payment.

**TERMINATION**

**A.** **Cancellation.** This policy may be canceled during the policy period as follows:

  **1.** The named insured shown in the Declarations may cancel by:

    **a.** returning this policy to us; or

    **b.** giving us advance written or verbal notice of the date cancellation is to take effect. We may waive the requirement the notice be in writing by confirming the date and time of cancellation to you in writing.

  **2.** We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

    **a.** at least 10 days notice:

      **(1)** if cancellation is for nonpayment of premium; or

      **(2)** if notice is mailed during the first 60 days this policy is in effect and this is not a renewal or continuation policy; or

    **b.** at least 20 days notice in all other cases.

  **3.** After this policy is in effect for 60 days, or if this is a renewal or continuation policy, we will cancel only:

    **a.** for nonpayment of premium; or

    **b.** fraud on the part of the applicant in filling out the application.

However, in the event that your driver's license or the driver's license of:

    **(1)** any driver who lives with you; or

    **(2)** any driver who customarily uses **your covered auto;**

has been suspended or revoked, we may issue an endorsement providing that coverage will not be afforded to that named person. Refusal of such restrictive endorsement by you shall constitute grounds for cancellation of the policy.

**B.** **Nonrenewal.** If we decide not to renew this policy, we will mail notice to the named insured shown in the Declarations at the last known address. Notice will be mailed at least 30 days before the end of the policy period.

**C.** **Automatic Termination.** If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 998 of 1402**

of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

Coverage for **your covered auto** shall automatically terminate on the effective date of any other motor vehicle insurance policy covering that vehicle.

**D.   Other Termination Provisions.**

1.   We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

2.   If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed on a pro rata basis. However, making or offering to make the refund is not a condition of cancellation.

3.   The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**A.**   Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1.   The surviving spouse, civil partner or **domestic partner** if resident in the same household at the time of death. Coverage applies to the spouse, civil partner or **domestic partner** as if a named insured shown in the Declarations; and

2.   The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

**B.**   Coverage will only be provided until the end of the policy period.

**TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES**

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto.

1.   This provision does not apply to Uninsured/Underinsured Motorists Coverage.

2.   No one will be entitled to receive duplicate payments for the same elements of loss under Uninsured/Underinsured Motorists Coverage.

**LOSS PAYABLE CLAUSE**

As to the interest of the loss payee, this policy will remain in effect from the inception date and until ten days after proof of mailing that the cancellation notice has been mailed to the loss payee. When we pay the loss payee we shall, to the extent of payment, have the loss payee's rights of recovery.

Where fraud, misrepresentation, material omission, or intentional damage has been committed by or at the direction of any **insured,** or where the loss is otherwise not covered under the terms of the policy, the loss payee or lienholder's interest will not be protected.

**STORAGE COSTS**

If you give us your consent, we may move the damaged property, at our expense, to reduce storage costs during the claims process. If you do not give us your consent, we will pay only the storage costs which would have resulted if we had moved the damaged property.

**NAMED DRIVER EXCLUSION**

If there is an excluded driver under this policy, then we will not provide coverage for any claim arising from an accident or loss involving a motor vehicle being operated by that excluded person. This includes any claim for damages made against you or any **family member** or any other person or organization that is vicariously liable for an accident arising out of the operation of a motor vehicle by the excluded driver.

---

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

---

**UNINSURED MOTORISTS COVERAGE — PROPERTY DAMAGE**

**INSURING AGREEMENT**

**A.**   We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of

**property damage** caused by an accident if the Declarations indicates that Uninsured Motorists Property Damage applies.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

SA-1852/WYEP R1 2/09                                    — 18 —

B. **"Insured"** as used in this coverage means:

1. You or any **family member.**

2. Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

C. **"Property damage"** as used in this coverage means injury to, destruction of:

1. **Your covered auto.**

2. Any property owned by an **insured.**

3. Any property owned by you or any **family member** while contained in any auto not owned, but being operated, by you or any **family member.**

D. **"Uninsured motor vehicle"** means a land motor vehicle or **trailer** of any type:

1. To which no property damage liability bond or policy applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident if its limit for property damage liability is less than the **minimum limit** for property damage liability specified by the Wyoming financial responsibility law.

3. To which property damage liability bonds or policies apply at the time of the accident, but all of the bonding or insurance companies deny coverage or are or become insolvent.

4. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **property damage** without hitting:

    a. a vehicle which you or any **family member** are **occupying;** or

    b. **your covered auto.**

    If there is no physical contact with the hit-and-run vehicle causing the accident, the facts of the accident must be proved. We will only accept corroborating evidence other than the testimony of a person making claim under this or any similar coverage.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any **family member.**

2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

3. Operated on rails or crawler treads.

4. Designed mainly for use off public roads while not on public roads.

5. While located for use as a residence or premises.

## EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for **property damage** sustained by any **insured:**

1. If that **insured** or the legal representative settles the **property damage** claim without our consent.

2. While using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

3. While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using **your covered auto.**

4. While operating, or **occupying,** a motorcycle or motor-driven cycle.

5. While using any vehicle while it is:

    a. operating on a surface designated or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

    b. participating in a high performance driving or racing instruction course or school; or

    c. preparing for, practicing for, used in, or competing in any prearranged or organized:

        (1) race activity; or

        (2) speed, performance, stunt, or demolition contest or exhibition.

B. This coverage shall not apply to the benefit of any insurer of property.

## DEDUCTIBLES

The following will be deducted from the amount of **property damage** resulting from any one accident:

1. $300 if the accident is caused by a hit-and-run vehicle or a vehicle which has no physical contact with **your covered auto.**

2. $100 in all other cases.

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for Uninsured Motorists Property Damage is our maximum limit of liability for all **property damage** sustained in any one accident.

**B.** Any amounts otherwise payable for damages which the **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **property damage** caused by an accident shall be reduced by all sums paid because of the **property damage** by or on behalf of persons or organizations who may be legally responsible.

## OTHER INSURANCE

With respect to an auto or property contained in an auto:

1. If there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

2. or any **property damage** to which the Collision Coverage of this policy (or similar coverage from another policy) and this coverage both apply, you may choose the coverage from which damages will be paid. You may recover under both coverages, but only if:

   a. neither one by itself is sufficient to cover the loss; and

   b. you will not recover more than the actual damages, less the applicable deductible.

3. With respect to all other property, this coverage shall be excess over any other collectible insurance.

## ARBITRATION

**A.** If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that **insured**;

from the owner or operator of an **uninsured motor vehicle**, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration by separate written agreement. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30

days, either may request that selection be made by a judge of a court having jurisdiction.

**B.** Each party will pay the expenses it incurs, and bear the expenses of the third arbitrator equally.

**C.** Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

---

## ROADSIDE ASSISTANCE COVERAGE CALL 1-877-ROAD-101 (1-877-762-3101)

**"Your covered auto"** as used in this endorsement means a private passenger vehicle, motor home or **trailer** owned by you and for which a specific premium is shown on the Declarations for this coverage.

The following coverages apply to each vehicle for which this coverage is shown on the Policy Declarations:

1. Each time **your covered auto** or any **non-owned auto** is disabled due to mechanical or electrical breakdown we will pay reasonable and necessary expenses for the use of an **authorized service provider** to tow or flatbed **your covered auto** or **non-owned auto** up to 10 miles or to the nearest qualified place where necessary repairs can be made during regular **business** hours.

2. Each time **your covered auto** or any **non-owned auto** is disabled requiring:

   a. Towing to dislodge the vehicle from its place of disablement within 100 feet of a public street or highway; or

   b. Labor, including change of tire, at the place of its breakdown; or

   c. Delivery of fuel, oil, water or other fluids (we do not pay the costs of these items); or

   d. Key lock-out services;

   we will cover up to one (1) hour of labor for the use of an **authorized service provider** for service at the place of disablement.

3. Coverage is limited to no more than two occurrences per vehicle plus an additional two occurrences per policy in a 6 month policy period for both coverages **1.** and **2.**, above.

**Authorized service provider** means a service provider contracted by us providing, at no charge to you, roadside assistance as described and limited above.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1001 of 1402**

When service is provided by other than an **authorized service provider,** we will reimburse you only for reasonable charges as determined by us.

No deductible applies to this coverage.

---

**LOSS OF USE COVERAGE**

The provisions and exclusions that apply to Part **D** — Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use Coverage is afforded, we will reimburse you for expenses you incur to rent a substitute vehicle.

This coverage applies only if:

1. The vehicle is withdrawn from use for more than 24 hours;

2. The loss is caused by **collision,** or is covered by the Comprehensive Coverage of this policy; and

3. The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the vehicle.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the vehicle.

Our payment will be limited to that period of time reasonably required to repair or replace the vehicle. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

No deductible applies to this coverage.

---

**FULL SAFETY GLASS COVERAGE**

We will pay under Comprehensive Coverage for the cost of repairing or replacing damaged **safety equipment** on **your covered auto** without a deductible. We will pay only if:

1. The Declarations indicates that Comprehensive Coverage applies; and

2. A specific premium charge for Full Safety Glass Coverage is shown in the Declarations for **your covered auto**

**"Safety equipment",** as used in this coverage means the:

1. Glass used in the windshield, doors and windows of **your covered auto;** and

2. Glass, plastic or other material used in the lights of **your covered auto.**

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 1002 of 1402**



## TENNESSEE SPECIALTY AUTOMOBILE POLICY

GENERAL INSURANCE COMPANY OF AMERICA
Home Office: 4333 Brooklyn Ave. N.E., Seattle, Washington 98185
Regional Office: 2055 Sugarloaf Circle, Duluth, Georgia 30097-4932
Telephone Number: (678) 417-3000

### READY REFERENCE TO YOUR AUTO POLICY

| | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A — LIABILITY COVERAGE** | 2 |
| Insuring Agreement | |
| Supplementary Payments | |
| Exclusions | |
| Limit of Liability | |
| Out of State Coverage | |
| Financial Responsibility | |
| Other Insurance | |
| **PART B — MEDICAL PAYMENTS COVERAGE** | 4 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART C — UNINSURED MOTORISTS COVERAGE** | 6 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| Arbitration | |
| **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO** | 9 |
| Insuring Agreement | |
| Transportation Expenses | |
| Exclusions | |
| Limit of Liability | |
| Payment of Loss | |
| No Benefit to Bailee | |
| Other Insurance | |
| Appraisal | |
| **PART E — DUTIES AFTER AN ACCIDENT OR LOSS** | 12 |
| **PART F — GENERAL PROVISIONS** | 12 |
| Bankruptcy | |
| Changes | |
| Fraud | |
| Legal Action Against Us | |
| Our Right to Recover Payment | |
| Policy Period and Territory | |
| Termination | |
| Transfer of Your Interest in This Policy | |
| Two or More Auto Policies | |
| **ADDITIONAL COVERAGES** | 15 |
| Towing and Labor Costs Coverage | |
| Loss of Use Coverage | |
| Full Safety Glass Coverage | |

??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????
??????????????????????????????????????????????

SA-1768/TNEP  3/01

® A registered trademark of SAFECO Corporation

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

**A.** Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

**B.** "We," "us" and "our" refer to the Company providing this insurance.

**C.** For purposes of this policy, a private passenger type auto shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and

2. For a continuous period of at least 6 months.

Other words and phrases are defined. They are in bold type when used.

**D.** "**Bodily injury**" means bodily harm, sickness or disease, including death that results.

**E.** "**Business**" includes trade, profession or occupation.

**F.** "**Family member**" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

**G.** "**Occupying**" means in, upon, getting in, on, out or off.

**H.** "**Property damage**" means physical injury to, destruction of or loss of use of tangible property.

**I.** "**Trailer**" means a vehicle designed to be pulled by a:

1. Private passenger auto; or

2. Pickup or van.

It also means a farm wagon or farm implement while towed by a vehicle listed in 1. or 2. above.

**J.** "**Your covered auto**" means:

1. Any vehicle shown in the Declarations.

2. Any of the following types of vehicles on the date you become the owner:

   **a.** a private passenger auto; or

   **b.** a pickup or van, not used in any **business** other than farming or ranching.

   This provision applies only if you:

   **a.** acquire the vehicle during the policy period; and

   **b.** ask us to insure it within 30 days after you become the owner.

   If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced. You must ask us to insure a replacement vehicle within 30 days only if you wish to add or continue Coverage for Damage to Your Auto.

   If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.

3. Any **trailer** you own.

4. Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

   **a.** breakdown;

   **b.** repair;

   **c.** servicing;

   **d.** loss; or

   **e.** destruction.

   This provision (J.4.) does not apply to Coverage for Damage to Your Auto.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1005 of 1402**

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

**A.** We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the **insured**. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy. We do not provide Liability Coverage for any person for **bodily injury** to you or any **family member.**

**B.** "**Insured**" as used in this Part means:

1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

2. Any person using **your covered auto.**

3. For **your covered auto**, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision (B.4.) applies only if the person or organization does not own or hire the auto or **trailer.**

### SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of an **insured:**

1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy.

2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.

3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

4. Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

5. Other reasonable expenses incurred at our request.

### EXCLUSIONS

**A.** We do not provide Liability Coverage for any person:

1. Who intentionally causes **bodily injury** or **property damage.**

2. For **property damage** to property owned or being transported by that person.

3. For **property damage** to property:

   a. rented to;

   b. used by; or

   c. in the care of;

   that person.

   This exclusion (A.3.) does not apply to **property damage** to a residence or private garage.

4. For **bodily injury** to an employee of that person during the course of employment. This exclusion (A.4.) does not apply to **bodily injury** to a domestic employee unless workers compensation benefits are required or available for that domestic employee.

5. For that person's liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion (A.5.) does not apply to a share-the-expense car pool.

6. While employed or otherwise engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing; or

   e. parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion (A.6.) does not apply to the ownership, maintenance or use of **your covered auto** by:

   a. you;

   b. any **family member;** or

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 1006 of 1402**

**c.** any partner, agent or employee of you or any **family member.**

7. Maintaining or using any vehicle while that person is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusion A.6. This exclusion (A.7.) does not apply to the maintenance or use of a:

   **a.** private passenger auto;

   **b.** pickup or van that you own; or

   **c. trailer** used with a vehicle described in a. or b. above.

8. Using a vehicle without a reasonable belief that that person is entitled to do so.

9. For **bodily injury** or **property damage** for which that person:

   **a.** is an insured under a nuclear energy liability policy; or

   **b.** would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

   A nuclear energy liability policy is a policy issued by any of the following or their successors:

   **a.** American Nuclear Insurers;

   **b.** Mutual Atomic Energy Liability Underwriters; or

   **c.** Nuclear Insurance Association of Canada.

10. For **bodily injury** to you or any **family member.**

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any motorized vehicle having fewer than four wheels.

2. Any vehicle, other than **your covered auto,** which is:

   **a.** owned by you; or

   **b.** furnished or available for your regular use.

3. Any vehicle, other than **your covered auto,** which is:

   **a.** owned by any **family member;** or

   **b.** furnished or available for the regular use of any **family member.**

   However, this exclusion (B.3.) does not apply to you while you are maintaining or **oc-cupying** any vehicle which is:

   **a.** owned by a **family member;** or

**b.** furnished or available for the regular use of a **family member.**

## LIMIT OF LIABILITY

**A.** If the Declarations indicate **Individual Cover-ages** apply:

The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person, in any one auto accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for "each accident" for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

**B.** If the Declarations indicate **Combined Single Limit** applies:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability. However, this provision will not change our total limit of liability.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part B or Part C of this policy.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1007 of 1402**

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

**A.** If the state or province has:

    **1.** A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

    **2.** A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

**B.** No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

You agree to reimburse us for any payment made by us which we would not have been obligated to make under the terms of this policy except for the agreement contained in this provision.

## OTHER INSURANCE

If there is other applicable liability insurance:

**1.** Any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance. However, any insurance we provide for a vehicle you do not own will be primary insurance if:

    **a.** the vehicle is insured under a policy affording coverage to a named insured engaged in the business of:

        **(1)** selling;

        **(2)** repairing;

        **(3)** servicing;

        **(4)** delivering;

        **(5)** testing;

        **(6)** road testing;

        **(7)** parking; or

        **(8)** storing;

    motor vehicles. This applies only if the person using the vehicle:

        **(1)** is operating the vehicle with the permission of the owner; and

        **(2)** is neither the person engaged in such **business** or that person's employee or agent; or

    **b.** the vehicle is leased by you under a written lease agreement and you have agreed to provide coverage for the operation of the vehicle.

**2.** Any insurance we provide for a vehicle you own shall be excess to that of a person engaged in the **business** of:

    **a.** storing;

    **b.** parking;

    **c.** servicing; or

    **d.** repairing;

    motor vehicles, if the accident occurs while the vehicle is in that person's possession, custody or control.

**3.** We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

---

## PART B — MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

**A.** We will pay usual and customary charges incurred for reasonable and necessary medical and funeral expenses because of **bodily injury**:

    **1.** Caused by accident; and

    **2.** Sustained by an **insured**.

    We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

**B.** "**Insured**" as used in this Part means:

    **1.** You or any **family member**:

        **a.** while **occupying;** or

        **b.** as a pedestrian when struck by;

    a motor vehicle designed for use mainly on public roads or a trailer of any type.

    **2.** Any other person while **occupying your covered auto**.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1008 of 1402**

## EXCLUSIONS

We do not provide Medical Payments Coverage for any person for **bodily injury:**

1. Sustained while **occupying** any motorized vehicle having fewer than four wheels.

2. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion (2.) does not apply to a share-the-expense car pool.

3. Sustained while **occupying** any vehicle located for use as a residence or premises.

4. Occurring during the course of employment if workers compensation benefits are required or available for the **bodily injury.**

5. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

   **a.** owned by you; or

   **b.** furnished or available for your regular use.

6. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

   **a.** owned by any **family member;** or

   **b.** furnished or available for the regular use of any **family member.**

   However, this exclusion (6.) does not apply to you.

7. Sustained while **occupying** a vehicle without a reasonable belief that that person is entitled to do so.

8. Sustained while **occupying** a vehicle when it is being used in the **business** of an **insured.** This exclusion (8.) does not apply to **bodily injury** sustained while **occupying** a:

   **a.** private passenger auto;

   **b.** pickup or van that you own; or

   **c.** **trailer** used with a vehicle described in a. or b. above.

9. Caused by or as a consequence of:

   **a.** discharge of a nuclear weapon (even if accidental);

**b.** war (declared or undeclared);

**c.** civil war;

**d.** insurrection; or

**e.** rebellion or revolution.

10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:

   **a.** nuclear reaction;

   **b.** radiation; or

   **c.** radioactive contamination.

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

   1. **Insureds;**

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations; or

   4. Vehicles involved in the accident.

**B.** Any amounts otherwise payable for expenses under this coverage shall be reduced by any amounts paid or payable for the same expenses under Part A or Part C.

**C.** No payment will be made unless the injured person or that person's legal representative agrees in writing that any payment shall be applied toward any settlement or judgment that person receives under Part A or Part C.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1009 of 1402**

## PART C — UNINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

**A.** We will pay compensatory damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

    **1. Bodily injury** sustained by an **insured** and caused by an accident; and

    **2. Property damage** caused by an accident if the Declarations indicates that both bodily injury and property damage Uninsured Motorists Coverage applies.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.** We will pay under this coverage only after the limits of liability under any applicable liability bonds or policies have been exhausted by payment of judgments or settlements.

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

**B.** "Insured" as used in this part means:

    **1.** You or any **family member.**

    **2.** Any other person **occupying your covered auto.**

    **3.** Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in 1. or 2. above.

**C.** "Property damage" as used in this part means injury to or destruction of:

    **1. Your covered auto.**

    **2.** Any property owned by a person listed in 1. or 2. of an **insured** while contained in **your covered auto.**

**D.** "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:

    **1.** To which no liability bond or policy applies at the time of the accident.

    **2.** For which the sum of the limits of liability available for payment to an **insured** under all policies, bonds and securities applicable at the time of the accident, is less than the limit of liability for this coverage.

    **3.** Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits, or causes an accident resulting in **bodily injury** or **property damage** without hitting:

        **a.** you or any **family member;**

        **b.** a vehicle which you or any **family member** are **occupying;** or

        **c. your covered auto.**

    If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proven by clear and convincing evidence. We will only accept competent evidence other than evidence provided by an occupant of:

        **a. your covered auto,** if **your covered auto** is involved in the accident;

        **b.** the vehicle you or any **family member** are **occupying,** if you or any **family member** are **occupying** a vehicle other than **your covered auto** at the time of the accident.

    **4.** To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

        **a.** legally denies coverage; or

        **b.** is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

    **1.** Owned by, furnished or available for the regular use of you or any **family member.**

    **2.** Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

    **3.** Designed mainly for use off public roads while not on public roads.

    **4.** While located for use as a residence or premises.

**EXCLUSIONS**

**A.** We do not provide Uninsured Motorists Coverage for **property damage** or **bodily injury** sustained by any person.

    **1.** While **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

    **2.** If that person or the legal representative settles the **bodily injury** or **property damage** claim without our consent.

    **3.** When **your covered auto** is being used as a public or livery conveyance. This exclusion (A.3.) does not apply to a share-the-expense car pool.

    **4.** Using a vehicle without a reasonable belief that that person is entitled to do so.

    **5.** For the first $200 of the amount of **property damage** to the property of each **insured** as

SA-1768/TNEP  3/01

—6—

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1010 of 1402**

the result of any one accident. This exclusion (A.5.) does not apply if:

    **a.** we insure **your covered auto** for both collision and uninsured motorists property damage coverage; and

    **b.** the operator of the **uninsured motor vehicle** is positively identified and is solely at fault.

**6.** If the property is contained in or struck by a motor vehicle (other than **your covered auto**) owned by you or any **family member.**

**B.** This coverage shall not apply directly or indirectly to benefit:

  **1.** Any insurer or self-insurer under any of the following or similar law:

    **a.** workers' compensation law; or

    **b.** disability benefits law.

  **2.** Any insurer of property.

**C.** We do not provide Uninsured Motorists Coverage for punitive or exemplary damages.

**LIMIT OF LIABILITY**

**A.** The limit of bodily injury liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for care, loss of services or death, arising out of **bodily injury** sustained by any one person in any one accident.

Subject to this limit for "each person," the limit of bodily injury liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

The limit of Property Damage Liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all **property damage** resulting from any one accident. This is the most we will pay regardless of the number of:

  **1.** **Insureds;**

  **2.** Claims made;

  **3.** Vehicles or premiums shown in the Declarations; or

  **4.** Vehicles involved in the accident.

**B.** The limit of liability shall be reduced by all sums:

  **1.** Paid because of the **bodily injury** or **property damage** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A of the policy; and

  **2.** Paid or payable because of the **bodily injury** under any of the following or similar law:

    **a.** workers' compensation law; or

    **b.** disability benefits law.

**C.** No payment will be made for loss paid or payable to the **insured** under Part D of the policy.

**D.** Any payment under this coverage will reduce any amount that person is entitled to recover for the same damages under Part A of the policy.

**OTHER INSURANCE**

**A.** If there is other applicable insurance available under one or more policies or provisions of coverage, any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any one policy or provision of coverage.

**B.** Subject to Paragraph A., with respect to **bodily injury** to an **insured:**

  **1.** While not **occupying** a vehicle, only the policy or provision, under which the injured person is an **insured**, that provides the highest limit of liability of uninsured motorists coverage, will apply. No other policies or provisions of coverage with lesser limits of liability will apply. If two or more policies or provisions of coverage provide the highest limit of liability, they will share the loss equally.

  **2.** While **occupying** a vehicle owned by that **insured**, only the uninsured motorists coverage applicable to that vehicle will apply, and no other policies or provisions of coverage will apply.

  **3.** While **occupying** a vehicle not owned by that **insured**, the following will be the priorities of recovery:

| | |
|---|---|
| FIRST PRIORITY | The uninsured motorists coverage applicable to the vehicle the **insured** was occupying at the time of the accident. |
| SECOND PRIORITY | If the first priority is exhausted, only the policy or provision, applicable to a vehicle under which the **insured** is a named insured, that provides the highest limit of liability of uninsured motorists coverage. |
| THIRD PRIORITY | If the first and second priorities are exhausted, only the policy or provision, applicable to a vehicle under which the **insured** is other than a named insured, that provides the highest limit of liability of uninsured motorists coverage. |

If two or more policies or provisions of coverage in the second or third priority provide the highest limit of liability, they will equally share the loss applicable to that priority. No policies or provisions of coverage with lesser limits of liability will apply to the second or third priority.

**ARBITRATION IN THE EVENT OF OUR CONSENT TO A FULL LIMITS SETTLEMENT OFFER FROM A LIABLE PARTY**

The following provision applies with respect to arbitration proceedings that are subject to the requirements of the Tennessee Uninsured Motorists Coverage statute regarding a full limits settlement offer from a liable party:

**A.** If a tentative settlement is made between an **insured** and the insurer, owner or operator of the **uninsured motor vehicle** for the full limits of all liability policies or bonds available to the party on whose behalf the tentative settlement is made, and:

    **1.** We receive written notice from the **insured,** sent certified mail return receipt requested or by some other method with written verification, of the **insured's:**

        **a.** Intent to accept the offer thereby releasing the party on whose behalf the offer is made; and

        **b.** Agreement to submit the uninsured motorists claim to binding arbitration;

    **2.** We receive written notice from the insurer of the **uninsured motor vehicle,** sent certified mail return receipt requested or by some other method with written verification, of the offer, and such insurer:

        **a.** Provides verification of coverage upon request; and

        **b.** Confirms to us that the owner or operator of the **uninsured motor vehicle** agrees to cooperate in connection with the arbitration of the uninsured motorists claim; and

    **3.** We consent to the tentative settlement in writing, sent certified mail return receipt requested or by some other method with written verification; within 30 days from receipt of both notices described in Paragraphs **1.** and **2.** above, thereby waiving our right to recover payment from the owner or operator of an **uninsured motor vehicle** in exchange for their written agreement to cooperate in connection with the arbitration;

then all issues of tort liability and damages arising out of the ownership, maintenance or use of the **uninsured motor vehicle** shall be arbitrated. However, if the settlement does not release all parties alleged to be liable to the **insured,** arbitration of the uninsured motorist claim shall not be conducted until all such parties have been fully and finally disposed by settlement, final judgment or otherwise.

Disputes concerning coverage under this Part may not be arbitrated and shall be decided by a court of competent jurisdiction.

**B.** An arbitrator shall be selected by agreement of the parties. If they cannot agree on an arbitrator, either party may request a judge of a court of record in the county in which the arbitration is pending to designate three potential arbitrators. The parties shall then agree upon one of the three arbitrators so designated.

**C.** Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Rules of law as to procedure and evidence applicable to the state courts where the arbitration is being conducted will apply.

**D.** Expenses will be paid as follows:

    **1.** Except for the arbitrator's fee, each party will pay for the expenses it incurs.

    **2.** If the arbitrator's award is:

        **a.** Less than or equal to the total amount collected by the **insured** by way of settlements or judgments plus the amount of any settlement offer made by us at least 15 days prior to the arbitration, the **insured** will pay the arbitrator's fee.

        **b.** Greater than the total amount collected by the **insured** by way of settlements or judgments plus the amount of any settlement offer made by us at least 15 days prior to the arbitration, we will pay the arbitrator's fee.

**E.** Any decision made by the arbitrator will be binding.

**ARBITRATION OF OTHER DISPUTES BETWEEN AN "INSURED" AND US**

The following provisions apply with respect to arbitration proceedings that are NOT subject to the requirements of the Tennessee Uninsured Motorists Coverage statute regarding a full limits settlement offer from a liable party:

**A.** If we and an **insured** do not agree:

    **1.** Whether that **insured** is legally entitled to recover damages; or

    **2.** As to the amount of damages which are recoverable by that **insured;**

from the owner or operator of an **uninsured motor vehicle,** then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**B.** Each party will:

    **1.** Pay the expenses it incurs; and

    **2.** Bear the expenses of the third arbitrator equally.

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 1012 of 1402**

C. Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the **insured** is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Tennessee. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

---

### INSURING AGREEMENT

A. We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto**, including their equipment, minus any applicable deductible shown in the Declarations. We will pay for loss to **your covered auto** caused by:

1. Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto,** we will provide the broadest coverage applicable to any **your covered auto** shown in the Declarations.

B. "Collision" means the upset of **your covered auto** or a **non-owned auto** or their impact with another vehicle or object.

Loss caused by the following is considered other than **collision:**

1. Missiles or falling objects;

2. Fire;

3. Theft or larceny;

4. Explosion or earthquake;

5. Windstorm;

6. Hail, water or flood;

7. Malicious mischief or vandalism;

8. Riot or civil commotion;

9. Contact with bird or animal; or

10. Breakage of glass.

If breakage of glass is caused by a **collision,** you may elect to have it considered a loss caused by **collision.**

C. "Non-owned auto" means:

1. Any private passenger auto, pickup, van or **trailer** not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member;** or

2. Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

   a. breakdown;

   b. repair;

   c. servicing;

   d. loss; or

   e. destruction.

### TRANSPORTATION EXPENSES

In addition we will pay, without application of a deductible, either of the following, whichever is greater:

1. Up to $22 per day, to a maximum of $660; or

2. The limit for Loss of Use, if any, shown on the Declarations;

For:

1. Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto.** We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2. Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto.** We will pay for indirect loss expenses if the loss is caused by:

   a. other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

   b. **collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

If the loss is caused by a total theft of **your covered auto** or a **non-owned auto,** we will pay only expenses incurred during the period:

1. Beginning 48 hours after the theft; and

2. Ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1013 of 1402**

If the loss is caused by other than a total theft of **your covered auto** or a **non-owned auto**, we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.

Our payment will be limited to that period of time reasonably required to repair or replace **your covered auto** or the **non-owned auto**.

## EXCLUSIONS

We will not pay for:

1. Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This exclusion (1.) does not apply to a share-the-expense car pool.

2. Damage due and confined to:

   a. wear and tear;

   b. freezing;

   c. mechanical or electrical breakdown or failure; or

   d. road damage to tires.

   This exclusion (2.) does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto**.

3. Loss due to or as a consequence of:

   a. radioactive contamination;

   b. discharge of any nuclear weapon (even if accidental);

   c. war (declared or undeclared);

   d. civil war;

   e. insurrection; or

   f. rebellion or revolution.

4. Loss to:

   a. any electronic equipment designed for the reproduction of sound, including, but not limited to:

      (1) radios and stereos;

      (2) tape decks; or

      (3) compact disc players;

   b. any other electronic equipment that receives or transmits audio, visual or data signals, including, but not limited to:

      (1) citizens band radios;

      (2) telephones;

      (3) two-way mobile radios;

      (4) scanning monitor receivers;

      (5) television monitor receivers;

      (6) video cassette recorders;

      (7) audio cassette recorders; or

      (8) personal computers;

   c. tapes, records, discs, or other media used with equipment described in a. or b.; or

   d. any other accessories used with equipment described in a. or b.

   This exclusion (4.) does not apply to:

   a. equipment designed solely for the reproduction of sound and accessories used with such equipment, provided such equipment is permanently installed in **your covered auto** or any **non-owned auto**; or

   b. any other electronic equipment that is:

      (1) necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

      (2) an integral part of the same unit housing any sound reproducing equipment described in a. and permanently installed in the opening of the dash or console of **your covered auto** or any **non-owned auto** normally used by the manufacturer for installation of a radio.

5. Loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities because you or any **family member**:

   a. engaged in illegal activities; or

   b. failed to comply with Environmental Protection Agency or Department of Transportation standards.

   This exclusion (5.) does not apply to the interests of Loss Payees in **your covered auto**.

6. Loss to a camper body or **trailer** you own which is not shown in the Declarations. This exclusion (6.) does not apply to a camper body or **trailer** you:

   a. acquire during the policy period; and

   b. ask us to insure within 30 days after you become the owner.

7. Loss to any **non-owned auto** when used by you or any **family member** without a reasonable belief that you or that **family member** are entitled to do so.

8. Loss to:

   a. awnings or cabanas; or

   b. equipment designed to create additional living facilities.

9. Loss to equipment designed or used for the detection or location of radar.

10. Loss to any custom furnishings or equipment in or upon any pickup or van. Custom furnishings or equipment include but are not limited to:

    a. special carpeting and insulation, furniture or bars;

    b. facilities for cooking and sleeping;

SA-1768/TNEP 3/01

— 10 —

**c.** height-extending roofs; or

**d.** custom murals, paintings or other decals or graphics.

**11.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

**a.** selling;

**b.** repairing;

**c.** servicing;

**d.** storing; or

**e.** parking;

vehicles designed for use on public highways. This includes road testing and delivery.

**12.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion 11. This exclusion (12.) does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

**13.** Loss to **your covered auto** while being operated in any prearranged or organized racing or speed contest or in practice or preparation for any such contest.

**14.** Any loss to **your covered auto** arising out of or during its use for the transportation of any:

**a.** explosive substance;

**b.** flammable liquid; or

**c.** similar hazardous materials;

except transportation incidental to your ordinary household or farm activities.

## LIMIT OF LIABILITY

**A.** Our limit of liability for loss will be the lesser of the:

**1.** Actual cash value of the stolen or damaged property; or

**2.** Amount necessary to repair or replace the property.

However, the most we will pay for loss to any **non-owned auto** which is a **trailer** is $500.

**B.** An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

**1.** You; or

**2.** The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER INSURANCE

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

**1.** Any coverage provided by the owner of the **non-owned auto;**

**2.** Any other applicable physical damage insurance;

**3.** Any other source of recovery applicable to the loss.

## APPRAISAL

**A.** If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**1.** Pay its chosen appraiser; and

**2.** Bear the expenses of the appraisal and umpire equally.

**B.** We do not waive any of our rights under this policy by agreeing to an appraisal.

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us.

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:

   a. to physical exams by physicians we select. We will pay for these exams;

   b. to examination under oath and subscribe the same.

4. Authorize us to obtain:

   a. medical reports; and

   b. other pertinent records.

5. Submit a proof of loss when required by us.

C. A person seeking Uninsured Motorists Coverage must also:

1. Promptly notify the police if a hit-and-run driver is involved.

2. Promptly send us copies of the legal papers if a suit is brought.

D. A person seeking Coverage for Damage to Your Auto must also:

1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and their equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

## PART F — GENERAL PROVISIONS

**BANKRUPTCY**

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

**CHANGES**

A. The Changes provision is replaced by the following:

CHANGES

A. Premium Changes

The premium for this policy is based on information we have received from you or other sources. You agree:

1. That if any of this information material to the development of the policy premium is incorrect, incomplete or changed, we may adjust the premium accordingly during the policy period.

2. To cooperate with us in determining if this information is correct and complete, and to advise us of changes in this information.

Any adjustment of your premium will be made using the rules in effect at the time of the change.

Premium adjustment may be made as the result of a change in:

1. Autos insured by the policy, including changes in use.

2. Drivers, driver´s age or driver´s marital status.

3. Coverages or coverage limits.

4. Rating territory.

5. Eligibility for discounts or other premium credits.

B. Coverage Changes

We may revise your policy coverages to provide more protection without additional premium charge. If we do this and you have the coverage which is changed, your policy will automatically provide the additional coverage as of the date the revision is effective in your state. Otherwise, this policy contains all of the coverage agreements between you and us. Its terms may not be changed or waived except by an endorsement issued by us.

**FRAUD**

We do not provide coverage for any **insured** who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1016 of 1402

or loss for which coverage is sought under this policy.

## LEGAL ACTION AGAINST US

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

    **1.** We agree in writing that the **insured** has an obligation to pay; or

    **2.** The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring us into any action to determine the liability of an **insured.**

## OUR RIGHT TO RECOVER PAYMENT

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. That person shall do:

    **1.** Whatever is necessary to enable us to exercise our rights; and

    **2.** Nothing after loss to prejudice them.

However, our rights in this paragraph (A.) do not apply under Part D, against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

    **1.** Hold in trust for us the proceeds of the recovery; and

    **2.** Reimburse us to the extent of our payment.

We shall be entitled to recovery under paragraph A. or B. only after the person has been fully compensated for damages.

**C.** Our rights do not apply under paragraph A. with respect to coverage under section 2. of the definition of **uninsured motor vehicle** for Uninsured Motorists Coverage if we:

    **1.** Have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **uninsured motor vehicle;** and

    **2.** Fail to advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification:

    **1.** That payment will be separate from any amount the **insured** is entitled to recover

under the provisions of Uninsured Motorists Coverage; and

    **2.** We also have a right to recover the advanced payment.

## POLICY PERIOD AND TERRITORY

**A.** This policy applies only to accidents and losses which occur:

    **1.** During the policy period as shown in the Declarations; and

    **2.** Within the policy territory.

**B.** The policy territory is:

    **1.** The United States of America, its territories or possessions;

    **2.** Puerto Rico; or

    **3.** Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

## TERMINATION

**A.** **Cancellation.** This policy may be canceled during the policy periods as follows:

    **1.** The named insured shown in the Declarations may cancel by:

        **a.** returning this policy to us; or

        **b.** giving us advance written notice of the date cancellation is to take effect.

    **2.** We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

        **a.** at least 10 days notice if cancellation is for nonpayment of premium; or

        **b.** at least 20 days notice if the named insured:

            **(1)** is not, or ceases to be, eligible or in good faith entitled to insurance, or

            **(2)** has failed to comply with reasonable safety requirements, or

            **(3)** has violated any of the terms or conditions upon the basis of which the insurance was issued, including the failure to properly supply information requested to complete an application, or

            **(4)** has obtained the insurance through fraud or misrepresentation, or

            **(5)** with respect to Coverage For Damage To Your Auto only, has

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1017 of 1402**

failed to make his vehicle available for inspection, within 30 days of a request from the company to do so, at a time and place convenient for the named insured and the company.

3. After this policy is in effect for 60 days, or if this is a renewal or continuation policy, we will cancel only:

   a. for nonpayment of premium; or

   b. if your driver's license or that of:

      (1) any driver who lives with you; or

      (2) any driver who customarily uses **your covered auto;**

   has been suspended or revoked. This must have occurred:

      (1) during the policy period; or

      (2) since the last anniversary of the original effective date if the policy period is other than 1 year; or

   c. if the policy was obtained through material misrepresentation.

B. **Nonrenewal.** If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 20 days before the end of the policy period.

C. **Automatic Termination.** If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

   If you obtain other insurance on **your covered auto,** any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

D. **Other Termination Provisions.**

   1. If the law in effect in your state at the time this policy is issued, renewed or continued:

      a. requires a longer notice period;

      b. requires a special form of or procedure for giving notice; or

      c. modifies any of the stated termination reasons; we will comply with those requirements.

   2. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

3. If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund, subject to a minimum charge of $25.00 per car or policy, whichever is greater.   However, making or offering the refund is not a condition of cancellation.

4. The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

A. Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

   1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and

   2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

B. Coverage will only be provided until the end of the policy period.

**TWO OR MORE AUTO POLICIES**

If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

**LOSS PAYABLE CLAUSE**

Loss or damage under this policy shall be paid, as interest may appear, to you and the loss payee shown in the Declarations. This insurance with respect to the interest of the loss payee shall not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion or embezzlement of **your covered auto.** However, we reserve the right to cancel the policy as permitted by policy terms and the cancellation shall terminate this agreement as to the loss payee's interest. We will give the same advance notice of cancellation to the loss payee as we give to the named insured shown in the Declarations.

When we pay the loss payee we shall, to the extent of payment, be subrogated to the loss payee's rights of recovery.

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

### TOWING AND LABOR COSTS COVERAGE

We will pay reasonable expenses incurred each time **your covered auto** or a **non-owned auto** is disabled, for:

1. Towing to the nearest place where necessary repairs can be made during regular business hours if it will not run;

2. Towing it out if it is stuck on or next to a public street or highway;

3. Mechanical labor up to one hour at the place of its breakdown;

4. Change of tire; or

5. Delivery of gasoline, oil or loaned battery. We do not pay the cost of these items.

### LOSS OF USE COVERAGE

The provisions and exclusions that apply to Part D —Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use is afforded, we will reimburse you for expenses you incur to rent a substitute auto.

This coverage applies only if:

1. The auto is withdrawn from use for more than 24 hours;

2. The loss is caused by **collision,** or is covered by the Comprehensive Coverage of this policy; and

3. The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the auto.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the auto.

Our payment will be limited to that period of time reasonably required to repair or replace the auto. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

### FULL SAFETY GLASS COVERAGE

The provision and exclusions that apply to Part D — Coverage for Damage to Your Auto also apply to this endorsement except as modified by this endorsement.

The following is added to the first paragraph of Part D.

We will pay under Comprehensive coverage for the cost of repairing or replacing damaged **safety equipment** on **your covered auto** without a deductible. We will pay only if:

1. The Declarations indicate that Comprehensive coverage applies; and

2. A specific premium charge for Full Safety Glass Coverage is shown in the Declarations for **your covered auto.**

**Additional Definition**

**Safety equipment,** as used in this endorsement means the:

1. Glass used in the windshield, doors and windows of **your covered auto;** and

2. Glass, plastic or other material used in the lights of **your covered auto.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1019 of 1402**



## TENNESSEE PERSONAL AUTO POLICY

SAFECO INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
Home Office: 4333 Brooklyn Ave. N.E., Seattle, Washington 98185
SAFECO INSURANCE COMPANY OF ILLINOIS
Home Office: 2800 W. Higgins Rd., Suite 1100, Hoffman Estates, Illinois 60195
Regional Office: 2055 Sugarloaf Circle, Duluth, Georgia 30097-4932
Telephone Number: (678) 417-3000

(Each a stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

|  | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A — LIABILITY COVERAGE** | 2 |
| Insuring Agreement | |
| Supplementary Payments | |
| Exclusions | |
| Limit of Liability | |
| Out of State Coverage | |
| Financial Responsibility | |
| Other Insurance | |
| **PART B — MEDICAL PAYMENTS COVERAGE** | 6 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART C — UNINSURED MOTORISTS COVERAGE** | 7 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO** | 12 |
| Insuring Agreement | |
| Transportation Expenses | |
| Exclusions | |
| Limit of Liability | |
| Payment of Loss | |
| No Benefit to Bailee | |
| Other Sources of Recovery | |
| Appraisal | |
| **PART E — DUTIES AFTER AN ACCIDENT OR LOSS** | 16 |
| **PART F — GENERAL PROVISIONS** | 16 |
| Policy Period and Territory | |
| Changes | |
| Termination | |
| Two or More Autos Insured; Two or More Auto Policies | |

SA-1852/TNEP 10/06                    Safeco and the Safeco logo are registered trademarks of Safeco Corporation

**ADDITIONAL COVERAGES**                                                     19
Towing and Labor Costs Coverage
Loss of Use Coverage
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################

SA-1852/TNEP 8/06

## AGREEMENT

Subject to the payment of all premiums, when due, and in reliance upon the statements in the application, and subject to the terms of this policy, we make the following agreements with you.

## DEFINITIONS

**A.** Throughout this policy, "you" and "your" refer to:

    **1.** The "named insured" shown in the Declarations;

    **2.** The spouse if a resident of the same household;

    **3.** The civil partner, if a resident of the same household, by civil union licensed and certified by the state; or

    **4.** The domestic partner, if a resident of the same household;

    **"Domestic partner"** means a person living as a continuing partner with you and:

        **(a)** is at least 18 years of age and competent to contract;

        **(b)** is not a relative; and

        **(c)** shares with you the responsibility for each other's welfare, evidence of which includes:

            **(1)** the sharing in domestic responsibilities for the maintenance of the household; or

            **(2)** having joint financial obligations, resources, or assets; or

            **(3)** one with whom you have made a declaration of domestic partnership or similar declaration with an employer or government entity.

    **Domestic partner** does not include more than one person, a roommate whether sharing expenses equally or not, or one who pays rent to the named insured.

**B.** "We," "us" and "our" refer to the Company providing this insurance.

**C.** For purposes of this policy, a private passenger auto shall be deemed to be owned by a person if leased:

    **1.** Under a written agreement to that person; and

    **2.** For a continuous period of at least six months.

**D.** Throughout the policy, **"minimum limits"** refers to the following limits of liability required by Tennessee law to be provided under a policy of automobile liability insurance:

    **1.** $25,000 for each person, subject to $50,000 for each accident, with respect to **bodily injury;**

    **2.** $10,000 for each accident with respect to **property damage;** or

    **3.** If Combined Single Limit applies to the policy, $60,000 per accident.

Other words and phrases are defined. They are in bold type when used.

**E.** **"Bodily injury"** means bodily harm, sickness or disease, including death that results.

**F.** **"Business"** includes trade, profession or occupation.

**G.** **"Family member"** means a person related to you by blood, marriage, civil union, domestic partnership or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

**H.** **"Fungi"** means any type or form of fungus, including yeast, mold or mildew, blight or mushroom and any mycotoxins, spore, scents or other substances, products or byproducts produced, released by or arising out of **fungi,** including growth, proliferation or spread of **fungi** or the current or past presence of **fungi.** However, this definition does not include any **fungi** intended by the **insured** for consumption.

**I.** **"Occupying"** means in; upon; or getting in, on, out or off.

**J.** **"Property damage"** means physical injury or destruction of tangible property including loss of use.

**K.** **"Punitive or exemplary damages"** include damages which are awarded to punish or deter wrongful conduct, to set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for **bodily injury** or **property damage.**

**L.** **"Trailer"** means a vehicle designed to be pulled by a:

    **1.** Private passenger auto; or

    **2.** Pickup, van or motorhome.

It also means a recreational camping vehicle, a farm wagon or farm implement while towed by a vehicle listed in **L.1.** or **L.2.** above.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1022 of 1402**

**M.** **"Your covered auto"** means:

1. Any vehicle shown in the Declarations.

2. **a.** Any of the following types of vehicles on the date you become the owner, subject to the conditions under **M.2.b.** below, whether operational or not:

   (1) a private passenger auto;

   (2) a pickup or van that:

      (a) has a Gross Vehicle Weight Rating of 12,000 lbs. or less; and

      (b) is not used for the delivery or transportation of goods and materials unless such use is:

         i. incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

         ii. for farming or ranching; or

   (3) a motorhome or **trailer.**

   **b.** The vehicles listed in **M.2.a.** above are subject to the following conditions:

   (1) **Newly Acquired Replacement Vehicle.** If the vehicle you acquire replaces one shown in the Declarations, the replacement vehicle will have the same coverage as the vehicle it replaced. This provision applies only if:

      (a) you acquire the replacement vehicle during the policy period shown on the Declarations; and

      (b) there is no other insurance policy that provides coverage for that replacement vehicle.

   (2) **Newly Acquired Additional Vehicle.** If a newly acquired vehicle is in addition to any shown in the Declarations, that vehicle will have the broadest coverage we now provide for any vehicle shown in the Declarations. This provision applies only if:

      (a) you acquire the additional vehicle during the policy period shown on the Declarations; and

      (b) there is no other insurance policy that provides coverage for the additional vehicle.

   (3) Provisions **M.2.b.(1)** and **(2)** apply only if you ask us to insure a newly acquired vehicle within thirty (30) days after you acquire the replacement or additional vehicle. This thirty (30) days of coverage includes the day you acquire the vehicle.

3. Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

   **a.** breakdown;

   **b.** repair;

   **c.** servicing;

   **d.** loss; or

   **e.** destruction.

   This provision **(M.3.)** does not apply to Coverage for Damage to Your Auto.

---

## PART A — LIABILITY COVERAGE

---

**INSURING AGREEMENT**

**A.** We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**B.** **"Insured"** as used in this Part means:

1. **You** or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

2. Any person using **your covered auto** with your express or implied permission. The

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1023 of 1402**

actual use must be within the scope of that permission.

3. For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under **B.1.** and **B.2.** above.

4. For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision **(B.4.)** applies only if the person or organization does not own or hire the auto or **trailer.**

## INTEREST ON JUDGMENTS

We will pay interest on judgments subject to all of the following:

1. Any notice, demand, summons, judgment, or any process has been promptly forwarded to us as required by the policy conditions.

2. We accept the defense or agree to the judgment.

3. We will pay the interest on that part of the judgment that is covered and that does not exceed our applicable limit of liability.

4. We will pay interest that accrues after entry of judgment and before we pay, tender, or deposit in court.

5. If we appeal the judgment, we will pay interest on the entire judgment.

6. Post-judgment interest is in addition to the applicable limit of liability.

7. Where we are required to cover prejudgment interest, it shall be included in the limit of liability and is not an additional amount of insurance.

## SUPPLEMENTARY PAYMENTS

We will pay on behalf of an **insured:**

1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy. We are not obligated to apply for or furnish such bonds.

2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.

3. Up to $100 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

4. Other reasonable expenses incurred at our request.

## EXCLUSIONS

**A.** We do not provide Liability Coverage for:

1. Any **insured** who intentionally causes **bodily injury** or **property damage** even if such **bodily injury** or **property damage** is of a different kind or degree than expected or intended, or such **bodily injury** or **property damage** is sustained by a different person or persons than expected or intended.

2. **Property damage** to property owned or being transported by any **insured.**

3. **Property damage** to property:

   a. rented to;

   b. used by; or

   c. in the care of;

   any **insured.**

   This exclusion **(A.3.)** does not apply to **property damage** to a residence or private garage.

4. **Bodily injury** to an employee of any **insured** during the course of employment. This exclusion **(A.4.)** does not apply to **bodily injury** to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. Any **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion **(A.5.)** does not apply to a share-the-expense car pool.

6. Any **insured** while maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** of delivery including but not limited to the delivery of newspapers or magazines, food or any other products unless such use is incidental to your **business** of installing, maintaining or repairing furnishings or equipment or for farming or ranching.

7. a. Any **insured** while employed or otherwise engaged in the **business** of:

   (1) selling;

   (2) repairing;

   (3) servicing;

   (4) storing; or

   (5) parking;

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1024 of 1402**

vehicles designed for use mainly on public highways. This includes road testing and delivery.

**b.** This exclusion **(A.7.)** does not apply to the ownership, maintenance or use of **your covered auto** by:

**(1)** you;

**(2)** any **family member;** or

**(3)** any partner, agent or employee of you or any **family member.**

**8.** Any **insured** maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusions **A.6.** or **A.7.** This exclusion **(A.8.)** does not apply to the maintenance or use of a:

**a.** private passenger auto;

**b.** pickup, motorhome or van that:

**(1)** you own; or

**(2)** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

**(a)** breakdown;

**(b)** repair;

**(c)** servicing;

**(d)** loss; or

**(e)** destruction; or

**c.** **trailer** used with a vehicle described in **A.8.a.** or **A.8.b.** above.

**9.** Any **insured** using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to a **family member** using **your covered auto.**

**10. a.** **Bodily injury** or **property damage** for which any **insured:**

**(1)** is an insured under a nuclear energy liability policy; or

**(2)** would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

**b.** A nuclear energy liability policy is a policy issued by any of the following or their successors:

**(1)** Nuclear Energy Liability Insurance Association;

**(2)** Mutual Atomic Energy Liability Underwriters; or

**(3)** Nuclear Insurance Association of Canada.

**11. Punitive or exemplary damages** awarded against an **insured.**

**12. Bodily injury** to you or any **family member.**

**13. Bodily injury** or **property damage** arising out of the use of **your covered auto** while leased or rented to others. However, this exclusion does not apply to the operation of **your covered auto** by you or a **family member.**

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

**1. a.** Any vehicle which:

**(1)** has fewer than four wheels;

**(2)** is designed mainly for use off public roads; or

**(3)** is a vehicle not licensed for use on public roads.

**b.** This exclusion does not apply:

**(1)** while such vehicle is being used by an **insured** in a medical emergency; or

**(2)** to any **trailer.**

**2.** Any vehicle, other than **your covered auto,** which is:

**a.** owned by you; or

**b.** furnished or available for your regular use.

**3. a.** Any vehicle, other than **your covered auto,** which is:

**(1)** owned by any **family member** or other person who resides with you; or

**(2)** furnished or available for the regular use of any **family member** or other person who resides with you.

**b.** However, this exclusion **(B.3.)** does not apply to you while you are maintaining or **occupying** any vehicle which is:

**(1)** owned by a **family member** or other person who resides with you; or

**(2)** furnished or available for the regular use of a **family member**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1025 of 1402**

or other person who resides with you.

4. Any vehicle while it is:

a. operating on a surface designed or used for racing, except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

b. participating in a high performance driving or racing instruction course or school; or

c. preparing for, practicing for, used in, or competing in any spontaneous, prearranged, or organized:

(1) race activity; or

(2) speed, performance, stunt, or demolition contest or exhibition.

## LIMIT OF LIABILITY

A. If the Declarations indicates "per person"/"per accident" coverage applies:

The limit of liability as shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

B. If the Declarations indicate **Combined Single Limit** applies, Paragraph **A.** above is replaced by the following:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate **minimum limits** required by law for **bodily injury** and **property damage** liability. However, this provision will not change our total limit of liability.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **B** or Part **C** of this policy.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

A. If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required **minimum limits** and types of coverage.

B. No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

## OTHER INSURANCE

If there is other applicable liability insurance available any insurance we provide shall be excess over any other applicable liability insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible liability insurance.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1026 of 1402**

## PART B — MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

**A.** We will pay **usual and customary charges** incurred for reasonable and necessary medical and funeral expenses because of **bodily injury**:

 **1.** Caused by accident; and

 **2.** Sustained by an **insured**.

We will pay only those expenses incurred for services rendered within three (3) years from the date of the accident.

We have a right to review medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

**B.** **"Insured"** as used in this Part means:

 **1.** You or any **family member:**

  **a.** while **occupying;** or

  **b.** as a pedestrian, including bicycling, when struck by;

  a motor vehicle designed for use mainly on public roads or a **trailer** of any type.

 **2.** Any other person while **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

 **3.** Any other person while **occupying,** as a guest, an automobile not owned by you or a **family member,** while being operated by you or a **family member.**

**C.** **"Usual and customary charges"** as used in this Part mean:

Any amount which we determine represents a customary charge for services in the geographic area in which the service is rendered. To determine whether a charge is customary, we may consider outside sources of information of our choice, including, but not limited to:

 **1.** Licensed, certified or registered health care professionals;

 **2.** Medical examinations;

 **3.** Medical file reviews;

 **4.** Medical bill review services; or

 **5.** Computerized data bases.

The **insured** shall not be responsible for payment of any reduction applied by us. If a medical provider disputes an amount paid by us, we will be responsible for resolving such disputes.

### EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury:**

 **1.** Sustained while **occupying** any motorized vehicle having fewer than four wheels.

 **2.** Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion (**2.**) does not apply to a share-the-expense car pool.

 **3.** Sustained while **occupying your covered auto** when it is being used in any **business** of delivery, including but not limited to delivery of newspapers or magazines, food, or any other products unless such use is incidental to your **business** of installing, maintaining or repairing furnishings or equipment or for farming or ranching.

 **4.** Sustained while **occupying** any vehicle located for use as a residence or premises.

 **5.** Occurring during the course of employment if workers' compensation benefits are required or available for the **bodily injury.**

 **6.** Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

  **a.** owned by you; or

  **b.** furnished or available for your regular use.

 **7.** Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

  **a.** owned by any **family member** or other person who resides with you; or

  **b.** furnished or available for the regular use of any **family member** or other person who resides with you.

  However, this exclusion (**7.**) does not apply to you.

 **8.** Sustained while **occupying** a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However this exclusion does not apply to a **family member** using **your covered auto.**

 **9.** Sustained while **occupying** a vehicle when it is being used in the **business** of an **insured.** This exclusion (**9.**) does not apply to **bodily injury** sustained while **occupying** a:

  **a.** private passenger auto;

SA-1852/TNEP 10/06  — 6 —

**b.** pickup, van or motorhome that you own; or

**c.** **trailer** used with a vehicle described in **a.** or **b.** above.

**10.** Caused by or as a consequence of:

   **a.** discharge of a nuclear weapon (even if accidental);

   **b.** war (declared or undeclared);

   **c.** civil war;

   **d.** insurrection; or

   **e.** rebellion or revolution.

**11.** From or as a consequence of the following, whether controlled or uncontrolled or however caused:

   **a.** nuclear reaction;

   **b.** radiation; or

   **c.** radioactive contamination.

**12.** Sustained while **occupying** any vehicle while it is:

   **a.** operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   **b.** participating in a high performance driving or racing instruction course or school; or

**c.** preparing for, practicing for, used in, or competing in any spontaneous, prearranged, or organized:

   **(1)** race activity; or

   **(2)** speed, performance, stunt, or demolition contest or exhibition.

**13.** Caused by the actual, alleged or threatened presence, growth, proliferation or spread of **fungi** or bacteria.

**LIMIT OF LIABILITY**

**A.** The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

**1.** **Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the accident.

**B.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **C** of this policy.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance available any insurance we provide shall be excess over any other applicable auto medical payments insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible auto medical payments insurance.

---

## PART C — UNINSURED MOTORISTS COVERAGE

---

**INSURING AGREEMENT**

**A.** We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

**1.** **Bodily injury** sustained by an **insured** and caused by an accident; and

**2.** **Property damage** caused by accident if the Declarations indicate that both Bodily Injury and Property Damage Uninsured Motorists Coverage applies.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle**.

With respect to coverage under Section **2.** of the definition of **uninsured motor vehicle**, we will

pay under this coverage only if **1.** or **2.** below applies:

**1.** The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or

**2.** A tentative settlement has been made between an **insured** and the insurer of the **underinsured motor vehicle** and we:

   **a.** have been given prompt written notice of such tentative settlement; and

   **b.** advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

Any judgment for damages arising out of suit brought without our written consent is not binding on us.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1028 of 1402**

**B.** **"Insured"** as used in this Part means:

**1.** You or any **family member.**

**2.** Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

**3.** Any person entitled to recover damages because of **bodily injury** to which this coverage applies sustained by a person described in **B.1.** or **B.2.** above.

**C.** **"Property damage"** as used in this Part means injury to or destruction of:

**1.** **Your covered auto.**

**2.** Any property owned by a person listed in **B.1.** or **B.2.** of an **insured** while contained in **your covered auto.**

**D.** **"Uninsured motor vehicle"** means a land motor vehicle or **trailer** of any type:

**1.** To which no liability bond or policy applies at the time of the accident.

**2.** For which the sum of the limits of liability available for payment to an **insured** under all policies, bonds and securities applicable at the time of the accident:

**a.** is less than the limit of liability for this coverage; or

**b.** has been reduced by payment to persons other than the **insured** to an amount which is less than the limit of liability for this coverage.

**3.** Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **bodily injury** or **property damage** without hitting:

**a.** you or any **family member;**

**b.** a vehicle which you or any **family member** are **occupying;** or

**c.** **your covered auto.**

If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proven by clear and convincing evidence. We will only accept competent evidence other than evidence provided by an occupant of:

**a.** **your covered auto, if your covered auto** is involved in the accident.

**b.** the vehicle you or any **family member** are **occupying,** if you or any **family member** are **occupying** a vehicle other than **your covered auto** at the time of the accident.

**4.** To which a liability bond or policy applies at the time of the accident, but the bonding or insuring company:

**a.** denies coverage; or

**b.** is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

**1.** Owned by or furnished or available for the regular use of you or any **family member.**

**2.** Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

**3.** Designed mainly for use off public roads while not on public roads.

**4.** While located for use as a residence or premises.

**EXCLUSIONS**

**A.** We do not provide Uninsured Motorists Coverage for **bodily injury** or **property damage** sustained:

**1.** By an **insured** while **occupying,** or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

**2.** By any **family member** while **occupying,** or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

**B.** We do not provide Uninsured Motorists Coverage for **bodily injury** or **property damage** sustained by any **insured:**

**1.** If that **insured** or the legal representative settles the **bodily injury** claim without our consent. This exclusion **(B.1)** does not apply to a settlement made with the insurer of a vehicle described in Section **2.** of **uninsured motor vehicle.**

**2.** While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(B.2.)** does not apply to a share-the-expense car pool.

**3.** While maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** of delivery, including but not limited to delivery of newspapers or magazines, food, or any other products unless such use is incidental to your **business** of installing, maintaining or repairing furnishings or equipment or for farming or ranching.

**4.** While using a vehicle without the express or implied permission of the owner or other

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1029 of 1402**

person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using **your covered auto**.

5. While **occupying** or operating an owned motorcycle or moped.

6. For the first $200 of the amount of **property damage** to the property of each **insured** as the result of any one accident. This exclusion (**B.6.**) does not apply if:

   a. we insure **your covered auto** for both Collision Coverage and Uninsured Motorists Property Damage Coverage; and

   b. the operator of the **uninsured motor vehicle** is positively identified and is solely at fault.

7. If the property is contained in or struck by a motor vehicle (other than **your covered auto**) owned by you or any **family member.**

8. While using any vehicle while it is:

   a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   b. participating in a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any spontaneous, prearranged, or organized:

      (1) race activity; or

      (2) speed, performance, stunt, or demolition contest or exhibition.

C. This coverage shall not apply directly or indirectly to benefit:

   1. Any insurer or self-insurer under any of the following or similar law:

      a. workers' compensation law; or

      b. disability benefits law.

   2. Any insurer of property.

D. We do not provide Uninsured Motorists Coverage for **punitive or exemplary damages.**

**LIMIT OF LIABILITY**

A. The limit of bodily injury liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of

**bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of Property Damage liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

B. If the Declarations indicate Combined Single Limit Coverage applies to Uninsured Motorists Coverage, paragraph (**A.**) above is replaced by the following:

The limit of liability shown in the Declarations for Uninsured Motorists Coverage is our maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

C. The limit of liability shall be reduced by all sums:

1. Paid because of the **bodily injury** or **property damage** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part **A** of the policy; and

2. Paid or payable because of the **bodily injury** under any of the following or similar law:

   a. workers' compensation law; or

   b. disability benefits law.

D. No payment will be made for loss paid or payable to the **insured** under Part **D** of the policy

E. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **B** of this policy.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1030 of 1402**

**F.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**G.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

**1.** Workers' compensation law; or

**2.** Disability benefits or occupational disease laws.

**OTHER INSURANCE**

**A.** If there is other applicable insurance available under one or more policies or provisions of coverage, any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any one policy or provision of coverage.

**B.** Subject to Paragraph **A.**, with respect to **bodily injury** to an **insured**:

**1.** While not **occupying** a vehicle, only the policy or provision, under which the injured person is an **insured**, that provides the highest limit of liability of uninsured motorists coverage, will apply. No other policies or provisions of coverage with lesser limits of liability will apply. If two or more policies or provisions of coverage provide the highest limit of liability, they will share the loss equally.

**2.** While **occupying** a vehicle owned by that **insured,** only the uninsured motorists coverage applicable to that vehicle will apply, and no other policies or provisions of coverage will apply.

**3.** While **occupying** a vehicle not owned by that **insured,** the following will be the priorities of recovery:

| | |
|---|---|
| FIRST PRIORITY | The uninsured motorists coverage applicable to the vehicle the **insured** was **occupying** at the time of the accident. |
| SECOND PRIORITY | If the first priority is exhausted, only the policy or provision, applicable to a vehicle under which the **insured** is a named insured, that provides the highest limit of liability of uninsured motorists coverage. |

| | |
|---|---|
| THIRD PRIORITY | If the first and second priorities are exhausted, only the policy or provision, applicable to a vehicle under which the **insured** is other than a named insured, that provides the highest limit of liability of uninsured motorists coverage. |

If two or more policies or provisions of coverage in the second or third priority provide the highest limit of liability, they will equally share the loss applicable to that priority. No policies or provisions of coverage with lesser limits of liability will apply to the second or third priority.

**ARBITRATION IN THE EVENT OF OUR CONSENT TO A FULL LIMITS SETTLEMENT OFFER FROM A LIABLE PARTY**

The following provision applies with respect to arbitration proceedings that are subject to the requirements of the Tennessee Uninsured Motorists Coverage statute regarding a full limits settlement offer from a liable party:

**A.** If a tentative settlement is made between an **insured** and the insurer, owner or operator of the **uninsured motor vehicle** for the full limits of all liability policies or bonds available to the party on whose behalf the tentative settlement is made, and:

**1.** We receive written notice from the **insured**, sent certified mail return receipt requested or by some other method with written verification, of the **insured's**:

**a.** Intent to accept the offer thereby releasing the party on whose behalf the offer is made; and

**b.** Agreement to submit the uninsured motorists claim to binding arbitration;

**2.** We receive written notice from the insurer of the **uninsured motor vehicle,** sent certified mail return receipt requested or by some other method with written verification, of the offer, and such insurer:

**a.** Provides verification of coverage upon request; and

**b.** Confirms to us that the owner or operator of the **uninsured motor vehicle** agrees to cooperate in connection with the arbitration of the uninsured motorists claim; and

**3.** We consent to the tentative settlement in writing, sent certified mail return receipt requested or by some other method with written verification; within 30 days from

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 1031 of 1402**

receipt of both notices described in Paragraphs **1.** and **2.** above, thereby waiving our right to recover payment from the owner or operator of an **uninsured motor vehicle** in exchange for their written agreement to cooperate in connection with the arbitration;

then all issues of tort liability and damages arising out of the ownership, maintenance or use of the **uninsured motor vehicle** shall be arbitrated. However, if the settlement does not release all parties alleged to be liable to the **insured,** arbitration of the uninsured motorist claim shall not be conducted until all such parties have been fully and finally disposed by settlement, final judgment or otherwise.

Disputes concerning coverage under this Part may not be arbitrated and shall be decided by a court of competent jurisdiction.

**B.** An arbitrator shall be selected by agreement of the parties. If they cannot agree on an arbitrator, either party may request a judge of a court of record in the county in which the arbitration is pending to designate three potential arbitrators. The parties shall then agree upon one of the three arbitrators so designated.

**C.** Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Rules of law as to procedure and evidence applicable to the state courts where the arbitration is being conducted will apply.

**D.** Expenses will be paid as follows:

**1.** Except for the arbitrator's fee, each party will pay for the expenses it incurs.

**2.** If the arbitrator's award is:

**a.** Less than or equal to the total amount collected by the **insured** by way of settlements or judgments plus the amount of any settlement offer made by us at least 15 days prior to the arbitration, the insured will pay the arbitrator's fee.

**b.** Greater than the total amount collected by the **insured** by way of settlements or judgments plus the amount of any settlement offer made by us at least 15 days prior to the arbitration, we will pay the arbitrator's fee.

**E.** Any decision made by the arbitrator will be binding.

## ARBITRATION OF OTHER DISPUTES BETWEEN AN "INSURED" AND US

The following provisions apply with respect to arbitration proceedings that are NOT subject to the requirements of the Tennessee Uninsured Motorists Coverage statute regarding a full limits settlement offer from a liable party:

**A.** If we and an **insured** do not agree:

**1.** Whether that **insured** is legally entitled to recover damages; or

**2.** As to the amount of damages which are recoverable by that **insured;**

from the owner or operator of an **uninsured motor vehicle,** then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**B.** Each party will:

**1.** Pay the expenses it incurs; and

**2.** Bear the expenses of the third arbitrator equally.

**C.** Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

**1.** Whether the **insured** is legally entitled to recover damages; and

**2.** The amount of damages. This applies only if the amount does not exceed the **minimum limit** for liability specified by the financial responsibility law of Tennessee. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

## ADDITIONAL DUTY

A person seeking Uninsured Motorists Coverage under Section **2.** of the definition of **uninsured motor vehicle** must also promptly notify us in writing of a tentative settlement between the **insured** and the insurer of the **uninsured motor vehicle** and allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **uninsured motor vehicle.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1032 of 1402**

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

**INSURING AGREEMENT**

**A.** We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto,** including its equipment, any child safety seat in use in **your covered auto** or **non-owned auto,** minus any applicable deductible shown in the Declarations. We will pay for loss to **your covered auto** caused by:

    **1.** Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

    **2.** **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto,** we will provide the broadest coverage applicable to any vehicle shown in the Declarations.

**Deductible**

Unless stated otherwise, the applicable deductible shown in the Declarations shall be applied to each accidental loss covered under this Part of the policy. If loss to more than one of **your covered autos** or a **non-owned auto** results from the same loss, only the highest applicable deductible will apply.

**B.** "**Collision**" means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object. No deductible will apply if the **collision** is with another auto insured by a Safeco insurance company.

"**Comprehensive**" means loss, other than **collision,** to **your covered auto** or a **non-owned auto.** Losses caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision,** you may elect to have it considered a loss caused by **collision.**

**C.** **1.** "**Non-owned auto**" means:

    **a.** Any private passenger auto, pickup, van or **trailer** with a Gross Vehicle Weight Rating of 12,000 pounds or less owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member;** or

    **b.** Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

        **(1)** breakdown;

        **(2)** repair;

        **(3)** servicing;

        **(4)** loss; or

        **(5)** destruction.

    **2.** "**Non-owned auto**" does not include any vehicle which has been operated or rented by or in the possession of an **insured** for 30 or more consecutive days.

**D.** "**Camper body**" means a body equipped as sleeping or living quarters which is designed to be mounted on a pickup.

**E.** "**Diminution in value**" means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

**TRANSPORTATION EXPENSES**

**A.** In addition we will pay, without application of a deductible, either of the following, whichever is greater:

    **1.** Up to $25 per day, to a maximum of $750; or

    **2.** The limit for Loss of Use, if any, shown in the Declarations.

**B.** For:

    **1.** Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto.** We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

    **2.** Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto.** We will pay for indirect loss expenses if the loss is caused by:

        **a.** other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1033 of 1402**

**b.** **collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

**C.** If the loss is caused by a total theft of **your covered auto** or a **non-owned auto,** we will pay only expenses incurred during the period:

**1.** Beginning 48 hours after the theft; and

**2.** Ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

**D.** If the loss is caused by other than a total theft of a **non-owned auto,** we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.

**E.** Our payment will be limited to that period of time reasonably required to repair or replace **your covered auto** or the **non-owned auto.**

**EXCLUSIONS**

We will not pay for:

**1.** Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This exclusion (**1.**) does not apply to a share-the-expense car pool.

**2.** Loss to any **non-owned auto** being maintained or used by any **insured** while that **insured** is employed or otherwise engaged in any **business** of delivery, including but not limited to delivery of newspapers or magazines, food, or any other products unless such use is incidental to your **business** of installing, maintaining or repairing furnishings or equipment or for farming or ranching.

**3.** Damage or loss due and confined to:

**a.** wear and tear;

**b.** freezing;

**c.** mechanical or electrical breakdown or failure; or

**d.** road damage to tires.

This exclusion (**3.**) does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

**4.** Damage or loss arising out of neglect. Neglect means your failure to adequately maintain **your covered auto** or **non-owned auto** after the loss.

With respect to water under Comprehensive Coverage, there is no coverage for:

**a.** moisture, condensation, humidity, or vapor;

**b.** water intrusion around or through panels, surfaces and seals; or

**c.** water that collects in spaces or ventilation systems; or

**d.** **fungi,** dry rot or bacteria;

resulting from neglect.

**5.** Loss due to or as a consequence of:

**a.** discharge of any nuclear weapon (even if accidental);

**b.** war (declared or undeclared);

**c.** civil war;

**d.** insurrection; or

**e.** rebellion or revolution.

**6.** Loss from or as a consequence of the following, whether controlled or uncontrolled or however caused:

**a.** nuclear reaction;

**b.** radiation; or

**c.** radioactive contamination.

**7.** Loss to:

**a.** any electronic equipment designed for the production or reproduction of sound, pictures, audio, visual or data or that receives or transmits sound, pictures or data signals.

**b.** This exclusion (**7.**) does not apply to:

**(1)** equipment designed for the reproduction of sound or transmission of sound, pictures, audio, visual or data signals and accessories used with such equipment, provided:

**(a)** the electronic equipment is permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto;** or

**(b)** the electronic equipment is:

**i.** removable from a housing unit which is permanently installed by the original vehicle manufacturer or manufacturer's dealership in the auto;

**ii.** designed to be solely operated by use of the power from the auto's electrical system; and

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1034 of 1402**

    iii.  in or upon **your covered auto** or any **non-owned auto;**

at the time of loss.

However, we will pay only up to $1,000 or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for such equipment that is not installed by the original vehicle manufacturer or manufacturer's dealership.

  **(2)**  any other electronic equipment that is:

    **(a)**  necessary for the normal operation of the auto or the monitoring of the auto's operating systems;

    **(b)**  an integral part of the same unit housing any electronic equipment described in **7.a.** and permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto.**

**8.**  Loss to:

  **a.**  tapes, records, discs, or other media used with such equipment described in exclusion **(7.);** or

  **b.**  any other accessories, not permanently installed used with such equipment described in exclusion **(7.)**.

**9.**  Loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities because you or any **family member:**

  **a.**  engaged in illegal activities; or

  **b.**  failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion **(9.)** does not apply to the interests of Loss Payees in **your covered auto.**

**10.**  Loss to a **camper body,** motorhome or **trailer** you own which is not shown in the Declarations. This exclusion **(10.)** does not apply to a **camper body,** motorhome or **trailer** you:

  **a.**  acquire during the policy period; and

  **b.**  ask us to insure within 30 days after you become the owner.

**11.**  Loss to any **non-owned auto** when used by you or any **family member** without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.

**12.**  Loss to equipment, whether operational or not, whose design may be used for the detection or location of law enforcement equipment.

**13.**  Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

  **a.**  selling;

  **b.**  repairing;

  **c.**  servicing;

  **d.**  storing; or

  **e.**  parking;

vehicles designed for use on public highways. This includes road testing and delivery.

**14.**  Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion **2.** and **13.** This exclusion **(14.)** does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

**15.**  Loss to **your covered auto** or any **non-owned auto** while it is:

  **a.**  operating on a surface designed or used for racing. This does not apply to an organized and controlled event that is not a speed, performance, stunt or demolition event;

  **b.**  participating in a high performance driving or racing instruction course or school; or

  **c.**  preparing for, practicing for, used in, or competing in any spontaneous, prearranged, or organized:

    **(1)**  race activity; or

    **(2)**  speed, performance, stunt, or demolition contest or exhibition.

**16.**  Loss to, or loss of use of, a **non-owned auto** rented by:

  **a.**  you; or

  **b.**  any **family member;**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1035 of 1402**

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

**17.** Loss to **your covered auto** or any **non-owned auto,** arising out of the actual, alleged or threatened presence, growth, proliferation or spread of **fungi,** dry rot or bacteria.

**18.** Loss to **your covered auto, non-owned auto,** or **trailer,** for **diminution in value.**

**19.** Loss in excess of $1,000 per claim or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for any furnishings or equipment that were not installed by the original vehicle manufacturer or manufacturer's dealership which mechanically or structurally changes your vehicle and results in increase in performance or change in appearance, including but not limited to:

   **a.** custom murals, paintings or other decals or graphics;

   **b.** custom wheels, tachometers, pressure and temperature gauges;

   **c.** modified or custom engines and fuel systems, light bars, racing slicks and/or oversized tires, roll bars and lift kits, winches, utility boxes, and tool boxes; or

   **d.** non-standard paint.

   This exclusion does not apply to equipment installed to make a vehicle handicap accessible.

**20.** Loss arising out of the use of **your covered auto** while leased or rented to others.

**LIMIT OF LIABILITY**

**A.** At our option, our limit of liability for loss will be the lowest of:

   **1.** The actual cash value of the stolen or damaged property;

   **2. a.** The amount necessary to repair or replace the property;

   **b.** Determination of the cost of repair or replacement will be based upon one of the following:

      **(1)** the cost of repair or replacement agreed upon by you and us;

      **(2)** a competitive bid approved by us; or

      **(3)** an estimate written based upon the prevailing competitive price. You agree with us that we may include in the estimate parts furnished by the original vehicle manufacturer or parts from other sources including non-original equipment manufacturers. The prevailing competitive price means prices charged by a majority of the repair market in the area where the vehicle is to be repaired as determined by us; or

   **3.** The limit of liability shown in the Declarations.

   However, the most we will pay for loss to any **non-owned auto,** which is a **trailer,** is $1,500.

**B.** An adjustment for depreciation and physical condition may be made based upon the physical condition and wear and tear of the property or damaged part of the property at the time of the loss. This adjustment for physical condition includes but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges and paint condition. When replacing parts normally subject to repair or replacement during the useful life of the vehicle, we will not pay for the amount of any betterment.

**PAYMENT OF LOSS**

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

   **1.** You; or

   **2.** The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

**NO BENEFIT TO BAILEE**

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER SOURCES OF RECOVERY**

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

   **1.** Any coverage provided by the owner of the **non-owned auto;**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1036 of 1402**

2.  Any other applicable physical damage insurance;

3.  Any other source of recovery applicable to the loss.

**APPRAISAL**

A.  If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1.  Pay its chosen appraiser; and

2.  Bear the expenses of the appraisal and umpire equally.

B.  We do not waive any of our rights under this policy by agreeing to an appraisal.

---

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless if the failure to comply with the following duties is prejudicial to us.

A.  We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B.  A person seeking any coverage must:

1.  Cooperate with us in the investigation, settlement or defense of any claim or suit.

2.  Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3.  Submit, as often as we reasonably require:

    a.  to physical examinations by physicians we select. We will pay for these exams.

    b.  to examination under oath and subscribe the same. We may examine any **insured** separately and apart from the presence of any other **insured.**

4.  Authorize us to obtain:

    a.  medical reports; and

    b.  other pertinent records.

5.  Submit a proof of loss, under oath if requested, when required by us.

C.  A person seeking Uninsured Motorists Coverage must also:

1.  Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved.

2.  Promptly send us copies of the legal papers if a suit is brought.

D.  A person seeking Coverage for Damage to Your Auto must also:

1.  Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2.  Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

3.  Permit us to inspect and appraise the damaged property before its repair or disposal.

---

## PART F — GENERAL PROVISIONS

**POLICY PERIOD AND TERRITORY**

A.  This policy applies only to accidents and losses which occur:

1.  During the policy period as shown in the Declarations; and

2.  Within the policy territory.

B.  The policy period is the period stated in the Declarations. The policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

C.  The policy territory is:

1.  The United States of America, its territories or possessions;

2.  Puerto Rico; or

3.  Canada.

SA-1852/TNEP 10/06                               — 16 —

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

## BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

## CHANGES

A. Before the end of any policy period, we may offer to change the coverage provided in this policy. Your payment of the premium billed by us for the next policy period will be your acceptance of our offer.

B. This policy, your Declarations page and endorsements issued by us to this policy contain all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

C. The premium for each vehicle is based on information we have received from you or other sources. You agree to cooperate with us in determining if this information is correct and complete and you will notify us if it changes. If this information is incorrect, incomplete, or changes, we may adjust your premium or take other appropriate action based upon the corrected, completed or changed information. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:

   1. The number, type or use classification of insured vehicles.

   2. Operators using insured vehicles including newly licensed **family member** drivers. Any household members that have licenses must be disclosed to us.

   3. The location where your vehicle is principally garaged.

   4. The persons who regularly drive insured vehicles, including newly licensed **family members.**

   5. Customized equipment or parts.

D. If we make a change which broadens coverage under this edition of your policy without addition-al premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph **(D.)** does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

   1. A subsequent edition of your policy; or

   2. An Amendatory Endorsement.

E. Additional or return premium of $3.00 or less resulting from policy changes will be waived.

## PAYMENT OF PREMIUM

If your initial premium payment is by check, draft or any remittance other than cash, coverage under this policy is conditioned upon the check, draft or remittance being honored upon presentment to the bank or other financial institution. If the check, draft or remittance is not honored upon presentment, this policy may, at our option, be deemed void from its inception. This means that we will not be liable under this policy for any claims or damages which would otherwise be covered if the check, draft, or remittance had been honored upon presentment.

## FRAUD

This policy was issued in reliance upon the information provided on your application. We may void coverage under this policy if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, at the time application was made or any time during the policy period.

We may void this policy or deny coverage for an accident or loss if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

We may void this policy or deny coverage for fraud or material misrepresentation even after the occurrence of an accident or loss. This means we will not be liable for any claims or damages which would otherwise be covered. If we make a payment, we may request that you reimburse us. If so requested, you must reimburse us for any payments we may have already made.

## LEGAL ACTION AGAINST US

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A,** no legal action may be brought against us until:

   1. We agree in writing that the **insured** has a legal obligation to pay damages; or

   2. The amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring us into any action to determine the legal liability of an **insured.**

## OUR RIGHT TO RECOVER PAYMENT

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another person, entity or organization we shall be subrogated to that right. That person shall:

   1. Do whatever is necessary to enable us to exercise our rights; and

   2. Do nothing after loss to prejudice them.

SA-1852/TNEP 10/06        — 17 —

However, our rights in this paragraph **(A.)** do not apply under Part **D**, against any person using **your covered auto** with your express or implied permission or other person having lawful possession and is not using a vehicle beyond the scope of the permission granted.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

    **1.** Hold in trust for us the proceeds of the recovery; and

    **2.** Reimburse us to the extent of our payment.

**C.** We shall be entitled to recovery under Paragraphs **A.** and **B.** only after the person has been fully compensated for damages.

**D.** Our rights do not apply under paragraph **A.** with respect to coverage under Section **2.** of the definition of **uninsured motor vehicle** for Uninsured Motorists Coverage if we:

    **1.** Have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **uninsured motor vehicle;** and

    **2.** Fail to advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification:

    **1.** That payment will be separate from any amount the **insured** is entitled to recover under the provisions of Uninsured Motorists Coverage; and

    **2.** We also have a right to recover the advanced payments.

## TERMINATION

**A.** **Cancellation.** This policy may be canceled during the policy period as follows:

    **1.** The named insured shown in the Declarations may cancel by:

        **a.** returning this policy to us; or

        **b.** giving us advance written or verbal notice of the date cancellation is to take effect. We may waive the requirement the notice be in writing by confirming the date and time of cancellation to you in writing.

    **2.** We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

        **a.** at least 10 days notice:

        **(1)** if cancellation is for nonpayment of premium; or

        **(2)** if notice is mailed during the first 60 days this policy is in effect and this is not a renewal policy; or

        **b.** at least 20 days notice in all other cases.

    **3.** After this policy is in effect for 60 days, or if this is a renewal policy, we will cancel only:

        **a.** for nonpayment of premium; or

        **b.** for fraud or material misrepresentation concerning the policy or **insureds;** or

        **c.** if your driver's license or that of:

        **(1)** any driver who lives with you; or

        **(2)** any driver who customarily uses **your covered auto;**

        has been suspended or revoked during the policy period.

**B.** **Nonrenewal.** If we decide not to renew this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period.

**C.** **Automatic Termination.** If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on **your covered auto,** any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**D.** **Other Termination Provisions.**

    **1.** If the law in effect in your state at the time this policy is issued or renewed:

        **a.** requires a longer notice period;

        **b.** requires a special form of or procedure for giving notice; or

        **c.** modifies any of the stated termination reasons;

        we will comply with those requirements.

    **2.** We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

    **3.** If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to

make the refund is not a condition of cancellation.

4. The effective date of cancellation stated in the notice shall become the end of the policy period.

### TRANSFER OF YOUR INTEREST IN THIS POLICY

**A.** Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse, civil partner or domestic partner if resident in the same household at the time of death. Coverage applies to the spouse, civil partner or domestic partner as if a named insured shown in the Declarations; and

2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

**B.** Coverage will only be provided until the end of the policy period.

### TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto. In no event shall the limit of liability of two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to you or any **insured.**

### LOSS PAYABLE CLAUSE

As to the interest of the loss payee, this policy will remain in effect from the inception date and until ten days after proof of mailing that the cancellation notice has been mailed to the loss payee. When we pay the loss payee we shall, to the extent of payment, have the loss payee's rights of recovery.

### STORAGE COSTS

If you give us your consent, we may move the damaged property, at our expense, to reduce storage costs during the claims process. If you do not give us your consent, we will pay only the storage costs which would have resulted if we had moved the damaged property.

### NAMED DRIVER EXCLUSION

If there is an excluded driver under this policy, then we will not provide coverage for any claim arising from an accident or loss involving a motor vehicle being operated by that excluded person. This includes any claim for damages made against you or any **family member** or any other person or organization that is vicariously liable for an accident arising out of the operation of a motor vehicle by the excluded driver.

---

## ADDITIONAL COVERAGES

---

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

---

### TOWING AND LABOR COSTS COVERAGE

**A.** We will pay reasonable expenses incurred each time **your covered auto** or a **non-owned auto** is disabled, for:

1. Towing to the nearest place where necessary repairs can be made during regular **business** hours;

2. Towing to dislodge the vehicle from its place of disablement if on or next to a public street or highway;

3. Mechanical labor up to one hour at the place of its breakdown, including change of tire;

4. Delivery of gasoline, oil or loaned battery. We do not pay the cost of these items.

**B.** We will pay for key lock-out services and labor costs incurred at the location of **your covered auto** or **non-owned auto,** but not exceeding $50 for services provided.

No deductible applies to this coverage.

---

### LOSS OF USE COVERAGE

The provisions and exclusions that apply to Part **D** — Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use Coverage is afforded, we will reimburse you for expenses you incur to rent a substitute vehicle.

This coverage applies only if:

1. The vehicle is withdrawn from use for more than 24 hours;

2. The loss is caused by **collision,** or is covered by the Comprehensive Coverage of this policy; and

SA-1852/TNEP 10/06                                    — 19 —

3. The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the vehicle.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the vehicle.

Our payment will be limited to that period of time reasonably required to repair or replace the vehicle. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

No deductible applies to this coverage.

SA-1852/TNEP 10/06                    — 20 —


Safeco Insurance

## ALASKA PERSONAL AUTO POLICY

SAFECO INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
Home Office: 4333 Brooklyn Ave. N.E., Seattle, Washington 98185
SAFECO INSURANCE COMPANY OF ILLINOIS
Home Office: 2800 W. Higgins Rd., Suite 1100, Hoffman Estates, Illinois 60195
SAFECO INSURANCE COMPANY OF INDIANA
Home Office: 500 North Meridian Street, Indianapolis, IN 46204
(Each a stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

| | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A — LIABILITY COVERAGE** | 2 |
| Insuring Agreement | |
| Supplementary Payments | |
| Exclusions | |
| Limit of Liability | |
| Out of State Coverage | |
| Financial Responsibility | |
| Other Insurance | |
| **PART B — MEDICAL PAYMENTS COVERAGE** | 4 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART C — UNINSURED/UNDERINSURED MOTORISTS COVERAGE** | 6 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO** | 9 |
| Insuring Agreement | |
| Transportation Expenses | |
| Exclusions | |
| Limit of Liability | |
| Payment of Loss | |
| No Benefit to Bailee | |
| Other Sources of Recovery | |
| Appraisal | |
| **PART E — DUTIES AFTER AN ACCIDENT OR LOSS** | 12 |
| **PART F — GENERAL PROVISIONS** | 12 |
| Policy Period and Territory | |
| Changes | |
| Termination | |
| Two or More Autos Insured; | |
| Two or More Auto Policies | |

SA-1852/AKEP  11/04

Safeco ® and Safeco logo are trademarks of Safeco Corporation

**Beginning On Page**

**ADDITIONAL  COVERAGES**
   Coverage  for Damage to a Rental Vehicle  - Alaska
   Towing  and Labor  Costs  Coverage
   Loss  of Use Coverage      **15**
????????????????????????????????????????????
????????????????????????????????????????????
????????????????????????????????????????????
????????????????????????????????????????????
????????????????????????????????????????????
????????????????????????????????????????????
????????????????????????????????????????????
????????????????????????????????????????????
????????????????????????????????????????????
????????????????????????????????????????????

---

## AGREEMENT

---

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

---

## DEFINITIONS

---

**A.** Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

**B.** "We," "us" and "our" refer to the Company providing this insurance.

**C.** For purposes of this policy, a private passenger type auto shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and

2. For a continuous period of at least six months.

Other words and phrases are defined. They are in bold type when used.

**D.** "**Bodily injury**" means bodily harm, sickness or disease, including death that results.

**E.** "**Business**" includes trade, profession or occupation.

**F.** "**Family member**" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

**G.** "**Occupying**" means in; upon; or getting in, on, out or off.

**H.** "**Property damage**" means physical injury to, destruction of or loss of use of tangible property.

**I.** "**Punitive or exemplary damages**" include damages which are awarded to punish or deter wrongful conduct, to set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for **bodily injury** or **property damage.**

**J.** "**Rental vehicle**" means a:

1. Private passenger auto;

2. Pickup or van; or

3. Trailer;

rented by you or any **family member** from any person or organization licensed under applicable state laws to engage in the business of renting vehicles to the public while in the custody of or being operated by you or any **family member.** However, a **rental vehicle** does not include any vehicle rented for the regular use of you or any **family member.**

**K.** "**Trailer**" means a vehicle designed to be pulled by a:

1. Private passenger auto; or

2. Pickup, van or motor home.

It also means a recreational camping vehicle, a farm wagon or farm implement while towed by a vehicle listed in K.1. or K.2. above.

**L.** "**Your covered auto**" means:

1. Any vehicle shown in the Declarations.

2. Any of the following types of vehicles on the date you become the owner, whether operational or not:

    **a.** a private passenger auto;

    **b.** a pickup or van that:

      **(1)** has a Gross Vehicle Weight of less than 10,000 lbs.; and

      **(2)** is not used for the delivery or transportation of goods and materials unless such use is:

        **(a)** incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

        **(b)** for farming or ranching; or

    **c.** a motor home or **trailer.**

If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced.

If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.

This provision (L.2.) applies only if you ask us to insure the newly acquired vehicle during the policy period in which it was acquired or within thirty days after you become the owner, whichever is greater.

3. Any **trailer** you own.

4. Any auto or **trailer** you do not own while used as a temporary substitute for any

SA-1852/AKEP  11/04        — 1 —

other vehicle described in this definition which is out of normal use because of its:

a. breakdown;

b. repair;

c. servicing;

d. loss; or

e. destruction.

This provision (L.4.) does not apply to Coverage for Damage to Your Auto.

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

A. We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

B. "Insured" as used in this Part means:

1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

2. Any person using **your covered auto.**

3. For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under 1. and 2. above.

4. For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision (B.4.) applies only if the person or organization does not own or hire the auto or **trailer.**

### SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of an **insured:**

1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy. We are not obligated to apply for or furnish such bonds.

2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.

3. Interest on that part of the judgment we pay, accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

4. Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

5. Other reasonable expenses incurred at our request.

6. That portion of the attorney's fees awarded as costs under Alaska Civil Rule of Procedure 82 which does not exceed the amount allowed for a contested case in the schedule of attorney's fees contained in the Alaska Civil Rule of Procedure 82 computed using the limit of liability for Liability Coverage shown in the Declarations.

### EXCLUSIONS

A. We do not provide Liability Coverage for any **insured:**

1. Who intentionally causes **bodily injury** or **property damage.**

2. For **property damage** to property owned or being transported by that **insured.**

3. For **property damage** to property:

    a. rented to;

    b. used by; or

    c. in the care of;

    that **insured.**

    This exclusion (A.3.) does not apply to **property damage** to a residence or private garage.

4. For **bodily injury** to an employee of that **insured** during the course of employment. This exclusion (A.4.) does not apply to **bodily injury** to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery

SA-1852/AKEP  11/04

—2—

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 1045 of 1402**

conveyance. This exclusion (A.5.) does not apply to a share-the-expense car pool.

6. While employed or otherwise engaged in the **business** or occupation of:

   **a.** selling;

   **b.** repairing;

   **c.** servicing;

   **d.** storing; or

   **e.** parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion (A.6.) does not apply to the ownership, maintenance or use of **your covered auto** by:

   **a.** you;

   **b.** any **family member;** or

   **c.** any partner, agent or employee of you or any **family member.**

7. Maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** or occupation (other than farming or ranching) not described in Exclusion A.6. This exclusion (A.7.) does not apply to the maintenance or use of a:

   **a.** private passenger auto;

   **b.** pickup, van or motor home that:

   **(1)** you own; or

   **(2)** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

   **(a)** breakdown;

   **(b)** repair;

   **(c)** servicing;

   **(d)** loss; or

   **(e)** destruction; or

   **c. trailer** used with a vehicle described in a. or b. above.

8. Using a vehicle without a reasonable belief that that **insured** has permission to do so.

9. For **bodily injury** or **property damage** for which that **insured:**

   **a.** is an insured under a nuclear energy liability policy; or

   **b.** would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

A nuclear energy liability policy is a policy issued by any of the following or their successors:

   **a.** American Nuclear Insurers;

   **b.** Mutual Atomic Energy Liability Underwriters; or

   **c.** Nuclear Insurance Association of Canada.

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle which:

   **a.** has fewer than four wheels; or

   **b.** is designed mainly for use off public roads.

   This exclusion (B.1.) does not apply:

   **a.** while such vehicle is being used by an **insured** in a medical emergency; or

   **b.** to any **trailer.**

2. Any vehicle, other than **your covered auto,** which is:

   **a.** owned by you; or

   **b.** furnished or available for your regular use.

3. Any vehicle, other than **your covered auto,** which is:

   **a.** owned by any **family member;** or

   **b.** furnished or available for the regular use of any **family member.**

   However, this exclusion (B.3.) does not apply to you while you are maintaining or **occupying** any vehicle which is:

   **a.** owned by a **family member;** or

   **b.** furnished or available for the regular use of a **family member.**

4. Any vehicle, located inside a facility designed for racing, for the purpose of:

   **a.** competing in; or

   **b.** practicing or preparing for;

   any prearranged or organized racing or speed contest.

**LIMIT OF LIABILITY**

**A.** If the Declarations indicate **Individual Coverages** apply:

The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1046 of 1402**

death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

B. If the Declarations indicate **Combined Single Limits** apply:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability. However, this provision will not change our total limit of liability.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part B or Part C of this policy.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

A. If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

B. No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

## OTHER INSURANCE

A. If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

B. Any insurance we provide for a vehicle you do not own which is not a **rental vehicle** shall be excess over any other collectible insurance.

C. Any insurance we provide for a **rental vehicle** will be primary insurance, except such insurance will be excess over any coverage an **insured** purchases from the owner of the **rental vehicle.**

---

## PART B — MEDICAL PAYMENTS COVERAGE

### INSURING AGREEMENT

A. We will pay necessary, usual and customary expenses incurred for necessary medical and funeral services because of **bodily injury:**

1. Caused by accident; and

2. Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

B. "Insured" as used in this Part means:

1. You or any **family member:**

a. while **occupying;** or

b. as a pedestrian when struck by;

a motor vehicle designed for use mainly on public roads or a **trailer** of any type.

Also, you or any **family member** while **occupying** a bicycle when struck by a motor

SA-1852/AKEP  11/04                    — 4 —

vehicle designed for use mainly on public roads or by a **trailer** of any type.

**2.** Any other person while **occupying your covered auto.**

**3.** Any other person while **occupying,** as a guest, an automobile not owned by you or a **family member,** while being operated by you or a **family member.**

## EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury:**

**1.** Sustained while **occupying** any motorized vehicle having fewer than four wheels.

**2.** Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion (2.) does not apply to a share-the-expense car pool.

**3.** Sustained while **occupying** any vehicle located for use as a residence or premises.

**4.** Occurring during the course of employment if workers' compensation benefits are required or available for the **bodily injury.**

**5.** Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

**a.** owned by you; or

**b.** furnished or available for your regular use.

**6.** Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

**a.** owned by any **family member;** or

**b.** furnished or available for the regular use of any **family member.**

However, this exclusion (6.) does not apply to you.

**7.** Sustained while **occupying** a vehicle without a reasonable belief that that **insured** has permission to do so.

**8.** Sustained while **occupying** a vehicle when it is being used in the **business** or occupation of an **insured.** This exclusion (8.) does not apply to **bodily injury** sustained while **occupying** a:

**a.** private passenger auto;

**b.** pickup, van or motor home that you own; or

**c. trailer** used with a vehicle described in a. or b. above.

**9.** Caused by or as a consequence of:

**a.** discharge of a nuclear weapon (even if accidental);

**b.** war (declared or undeclared);

**c.** civil war;

**d.** insurrection; or

**e.** rebellion or revolution.

**10.** From or as a consequence of the following, whether controlled or uncontrolled or however caused:

**a.** nuclear reaction;

**b.** radiation; or

**c.** radioactive contamination.

**11.** Sustained while **occupying** any vehicle located inside a facility designed for racing, for the purpose of:

**a.** competing in; or

**b.** practicing or preparing for;

any prearranged or organized racing or speed contest.

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

**1. Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the accident.

**B.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part C of this policy.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 1048 of 1402**

## PART C — UNINSURED/UNDERINSURED   MOTORISTS COVERAGE

**INSURING AGREEMENT**

A. We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** because of:

1. **Bodily injury** sustained by an **insured** and caused by an accident if the Declarations indicates that Uninsured/Underinsured Motorists Coverage Bodily Injury applies; and

2. **Property damage** caused by an accident, if the Declarations indicates that **property damage** Uninsured/Underinsured Motorists Coverage applies.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or **underinsured motor vehicle.** If both the owner and operator of the **uninsured motor vehicle** or **underinsured motor vehicle** are unknown, payment under Uninsured/Underinsured Motorists Coverage shall be made only where direct physical contact between the **insured** and **uninsured motor vehicle** or **underinsured motor vehicle** has occurred.

We will pay damages under this coverage caused by an **underinsured motor vehicle** only if 1. and 2. below applies;

1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or

2. A tentative settlement has been made between an **insured** and the insurer of the **underinsured motor vehicle** and we:

   a. have been given prompt written notice of such tentative settlement; and

   b. advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

No judgment for damages arising out of a suit brought against the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** is binding on us unless we:

1. Received reasonable notice of the pendency of the suit resulting in the judgment; and

2. Had a reasonable opportunity to protect our interests in the suit.

B. In addition to our limit of liability for this coverage, we will pay attorney's fees which an **in-**sured is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** under Alaska Civil Rule of Procedure 82 computed using the limit of liability for Uninsured/Underinsured Motorists Coverage shown in the Declarations.

C. "Insured" as used in this Part means:

1. You or any **family member.**

2. Any other person **occupying your covered auto.**

3. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in 1. or 2. above.

D. "Property damage", as used under this coverage, means damage to or destruction of **your covered auto.** However, **property damage** does not include loss of use of **your covered auto.**

E. "Underinsured motor vehicle" means a motor vehicle or trailer of any type licensed for highway use to which a liability bond or policy applies at the time of the accident but the limits of that bond or policy are not enough to pay the full amount the **insured** is legally entitled to recover as damages.

However, **"underinsured motor vehicle"** does not include any vehicle or equipment to which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

1. Denies coverage; or

2. Is or becomes insolvent.

F. "Uninsured motor vehicle" means a motor vehicle or trailer of any type:

1. To which no bodily injury liability bond or policy applies at the time of the accident.

2. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

   a. you or any **family member;**

   b. a vehicle which you or any **family member** are **occupying;** or

   c. **your covered auto.**

3. To which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:

   a. denies coverage; or

   b. is or becomes insolvent.

SA-1852/AKEP  11/04

— 6 —

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

2. Designed mainly for use off public roads while not on public roads.

3. While located for use as a residence or premises.

4. Owned by any governmental unit or agency unless the governmental unit or agency is or becomes insolvent.

## EXCLUSIONS

A. We do not provide Uninsured/Underinsured Motorists Coverage for **bodily injury** or **property damage** sustained by any **insured:**

1. While **occupying** or when struck by any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

2. If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our consent. However, this exclusion (A.2.) does not apply:

   a. if such settlement does not prejudice our right to recover payment; or

   b. to damages an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle.**

3. Using a vehicle without a reasonable belief that that **insured** has permission to do so.

4. While **occupying** or operating an owned motorcycle or moped.

B. This coverage shall not apply directly or indirectly to benefit:

1. Any insurer or self-insurer under any of the following or similar law:

   a. workers' compensation law; or

   b. similar occupational or disability benefits law.

2. Any insurer of property.

C. We do not provide Uninsured/Underinsured Motorists Coverage for **punitive or exemplary damages.**

## LIMIT OF LIABILITY

A. The limit of Bodily Injury Liability shown in the Declarations for "each person" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one accident.

Subject to this limit for "each person," the limit of Bodily Injury Liability shown in the Declarations for "each accident" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

The limit of liability shown in the Declarations for Uninsured/Underinsured Motorists Property Damage is our maximum limit of liability for all **property damage** sustained in any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

B. Subject to this maximum, our limit of liability will be the lesser of:

1. The difference between the amount of an **insured's** damages for **bodily injury** or **property damage** and the amount paid to that **insured** for such damages, by or for a person who is or may be held legally liable for damages, including all sums paid under Part A;

2. For **property damage** only:

   a. The amount necessary to repair or replace **your covered auto** with other property of like kind and quality;

   b. The actual cash value of **your covered auto;** or

3. The applicable limit of liability for this coverage.

C. Any amounts otherwise payable for damages under this coverage shall apply over and above any amounts available to the **insured** because of the **bodily injury:**

1. By or for a person who is or may be held legally liable for damages. This includes all sums paid under Part A.

2. Under any of the following:

   a. workers' compensation law; or

   b. automobile medical payments coverage.

D. In no event will an **insured** be entitled to receive duplicate payments for the same elements of loss.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1050 of 1402**

**E.** No payment will be made for loss paid to the "insured" under Part **D** of this policy or any similar physical damage insurance under any other policy.

## OTHER INSURANCE

**A.** If there is other applicable uninsured/underinsured motorists coverage available under more than one provision of coverage when two or more vehicles are insured under this policy, any recovery for damages may equal but not exceed the highest applicable limit for any one vehicle under this policy. If there is other applicable uninsured/underinsured motorists coverage available under any other policy, issued to you by us, any recovery for damages may equal but not exceed the highest limit of liability under any one policy.

**B.** If there is other applicable uninsured/underinsured motorists coverage available under more than one policy, the following priorities of recovery apply:

FIRST — A policy or coverage covering a motor vehicle occupied by the injured person or a policy or coverage covering a pedestrian as a named insured;

SECOND — A policy or coverage covering a motor vehicle occupied by the injured person as an insured other than as a named insured;

THIRD — A policy or coverage not covering a motor vehicle occupied by the injured person but covering the injured person as a named insured;

FOURTH — A policy or coverage not covering a motor vehicle occupied by the injured person but covering the injured person as an insured other than as a named insured.

We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all limits applicable to the same level of priority.

## ARBITRATION

If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that **insured**;

from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the **insured** is legally entitled to recover damages;

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Alaska. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding; and

3. Who is responsible for payment of all expenses and fees, not including counsel fees or adjuster fees, incurred because of arbitration.

Each party will pay the counsel fees and adjuster fees it incurs.

## ADDITIONAL DUTIES

A person seeking Underinsured Motorists Coverage must also promptly:

1. Send us copies of the legal papers if a suit is brought; and

2. Notify us in writing of a tentative settlement between the **insured** and the insurer of the **underinsured motor vehicle** and allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **underinsured motor vehicle.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1051 of 1402**