## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

### INSURING AGREEMENT

**A.** We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto,** including its equipment, minus any applicable deductible shown in the Declarations.

We will pay for loss to **your covered auto** caused by:

1. Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto**, we will provide the broadest coverage applicable to any vehicle shown in the Declarations.

**B.** "**Collision**" means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object. No deductible will apply if the collision is with another auto insured by either Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco National Insurance Company, Safeco Lloyds Insurance Company, First National Insurance Company of America or General Insurance Company of America.

"**Comprehensive**" means loss, other than **collision,** to **your covered auto** or a **non-owned auto.** Loss caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision,** you may elect to have it considered a loss caused by **collision.**

**C.** "**Non-owned auto**" means:

1. Any private passenger auto, pickup, van or **trailer** not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member; or**

2. Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

   a. breakdown;

   b. repair;

c. servicing;

d. loss; or

e. destruction.

**D.** "**Camper body**" means a body equipped as sleeping or living quarters which is designed to be mounted on a pickup.

### TRANSPORTATION EXPENSES

In addition we will pay, without application of a deductible, either of the following, whichever is greater:

1. Up to $22 per day, to a maximum of $660; or

2. The limit for loss of use, if any, shown on the Declarations;

For:

1. Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto.** We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2. Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto.** We will pay for indirect loss expenses if the loss is caused by:

   a. Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

   b. **Collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

If the loss is caused by a total theft of **your covered auto** or a **non-owned auto,** we will pay only expenses incurred during the period:

1. Beginning 48 hours after the theft; and

2. Ending when **your covered auto** or the **non-owned auto,** is returned to use or we pay for its loss.

If the loss is caused by other than a total theft of a **non-owned auto,** we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.

Our payment will be limited to that period of time reasonably required to repair or replace **your covered auto** or the **non-owned auto.**

SA-1852/AKEP  11/04

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1052 of 1402**

## EXCLUSIONS

We will not pay for:

1. Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This exclusion (1.) does not apply to a share-the-expense car pool.

2. Damage due and confined to:

    a. wear and tear;

    b. freezing;

    c. mechanical or electrical breakdown or failure; or

    d. road damage to tires.

    This exclusion (2.) does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

3. Loss due to or as a consequence of:

    a. radioactive contamination;

    b. discharge of any nuclear weapon (even if accidental);

    c. war (declared or undeclared);

    d. civil war;

    e. insurrection; or

    f. rebellion or revolution.

4. Loss to:

    a. any electronic equipment designed for the reproduction of sound, including, but not limited to:

        (1) radios and stereos;

        (2) tape decks; or

        (3) compact disc players;

    b. any other electronic equipment that receives or transmits audio, visual or data signals, including, but not limited to:

        (1) citizens band radios;

        (2) telephones;

        (3) 2-way mobile radios;

        (4) scanning monitor receivers;

        (5) television monitor receivers;

        (6) video cassette recorders;

        (7) audio cassette recorders; or

        (8) personal computers;

    c. tapes, records, discs, or other media used with equipment described in a. or b.; or

    d. any other accessories used with equipment described in a. or b.

    This exclusion (4.) does not apply to:

    a. equipment designed solely for the reproduction of sound and accessories used with such equipment, provided:

        (1) that equipment is permanently installed in **your covered auto** or any **non-owned auto; or**

        (2) the equipment is:

            (a) removable from a housing unit which is permanently installed in the auto;

            (b) designed to be solely operated by use of the power from the auto's electrical system; and

            (c) in or upon **your covered auto** or any **non-owned auto;**

            at the time of the loss.

    b. any other electronic equipment that is:

        (1) necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

        (2) an integral part of the same unit housing any sound reproducing equipment described in a. and permanently installed in the opening of the dash or console of **your covered auto** or any **non-owned auto** normally used by the manufacturer for installation of a radio.

5. A total loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities because you or any **family member:**

    a. engaged in illegal activities; or

    b. failed to comply with Environmental Protection Agency or Department of Transportation standards.

    This exclusion (5.) does not apply to the interests of Loss Payees in **your covered auto.**

6. Loss to a **camper body,** motor home or **trailer** you own which is not shown in the Declarations. This exclusion (6.) does not apply to a **camper body,** motor home or **trailer** you:

    a. acquire during the policy period; and

    b. ask us to insure during the policy period or within 30 days after you become the owner, whichever is greater.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1053 of 1402**

7. Loss to any **non-owned auto** when used by you or any **family member** without a reasonable belief that you or that **family member** have permission to do so.

8. Loss to equipment designed or used for the detection or location of radar or laser.

9. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

    a. selling;

    b. repairing;

    c. servicing;

    d. storing; or

    e. parking;

    vehicles designed for use on public highways. This includes road testing and delivery.

10. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion 9. This exclusion (10.) does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

11. Loss to **your covered auto** or any **non-owned auto**, located inside a facility designed for racing, for the purpose of:

    a. competing in; or

    b. practicing or preparing for;

    any prearranged or organized racing or speed contest.

12. Loss to, or loss of use of, a **non-owned auto** rented by:

    a. you; or

    b. any **family member;**

    if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

## LIMIT OF LIABILITY

A. Our limit of liability for loss will be the lesser of the:

1. Actual cash value of the stolen or damaged property;

2. Amount necessary to repair or replace the property; or

3. Limit of liability shown in the Declarations.

However, the most we will pay for loss to any **non-owned auto** which is a **trailer** is $1,000.

B. An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

C. No payment will be made under this coverage for loss paid under Property Damage Uninsured/Underinsured Motorists Coverage of this policy or any similar insurance under any other policy.

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or

2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss:

1. We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

2. Any insurance we provide with respect to a non-owned auto shall be excess over any other collectible source of recovery including, but not limited to:

    a. any coverage provided by the owner of the non-owned auto except a **rental vehicle;**

    b. any other applicable physical damage insurance;

    c. any other source of recovery applicable to the loss.

    However, any insurance we provide for a **rental vehicle** will be primary insurance except any such insurance will be excess over any coverage an **insured** purchases from the owner or operator of the **rental vehicle.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1054 of 1402**

**APPRAISAL**

**A.** If you and we fail to agree on the amount of loss, either may make written demand upon the other for an appraisal of the loss. In this event, within 10 days of the demand, each party will choose a competent appraiser and will notify the other of the appraiser selected. The two appraisers will promptly choose a competent and impartial umpire. Not later than 15 days after the umpire has been chosen, unless this time period is extended by the umpire, each appraiser will separately state, in writing, the actual cash value and the amount of loss. If the appraisers submit a written report of an agreement on the actual cash value and the amount

of loss to us, that agreement will be binding on you and us. If the appraisers fail to agree, they will promptly submit their differences to the umpire. A decision agreed to by one of the appraisers and the umpire will be binding on you and us.

Each party will:

1. Pay its own counsel and adjuster fees; and

2. Bear those other expenses and fees which are incurred as a result of the appraisal, either in entirety or proportionately, as determined by the umpire.

**B.** Neither you nor we waive any of our rights under this policy by agreeing to an appraisal.

---

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**A.** We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

**B.** A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:

    **a.** to physical examinations by physicians we select. We will pay for these exams.

    **b.** to examination under oath and subscribe the same. We may examine any **insured** separately and apart from the presence of any other **insured.** Such person has the right to have counsel present during any examination taken under oath.

4. Authorize us to obtain:

    **a.** medical reports; and

    **b.** other pertinent records.

5. Submit a proof of loss, under oath if requested, when required by us.

**C.** A person seeking Uninsured/Underinsured Motorists Coverage must also:

1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved.

2. Promptly send us copies of the legal papers if a suit is brought.

**D.** A person seeking Coverage for Damage to Your Auto must also:

1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

---

## PART F — GENERAL PROVISIONS

**POLICY PERIOD AND TERRITORY**

**A.** This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

**B.** The policy period is the period stated in the Declarations. The policy may be renewed for

successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

**C.** The policy territory is:

1. The United States of America, its territories or possessions;

SA-1852/AKEP  11/04

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1055 of 1402**

**2.** Puerto Rico; or

**3.** Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

## BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

## CHANGES

**A.** Before the end of any policy period, we may offer to change the coverage provided in this policy. Your payment of the premium billed by us for the next policy period will be your acceptance of our offer. However, if the renewal premium is increased more than 10 percent for a reason other than an increase in coverage or exposure base, or if after renewal there will be a material restriction or reduction in coverage not specifically requested by the insured, written notice shall be mailed by first class mail to the last known address of the insured to the insured and to the agent or broker of record, at least 20 days before expiration of a personal insurance policy. If notice before expiration of the policy is not given as required, the existing policy shall continue until we provide notice for the 20-day time period required.

**B.** This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

**C.** If there is a change to the information used to develop the policy premium, we may adjust your premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:

**1.** The number, type or use classification of insured vehicles;

**2.** Operators using insured vehicles;

**3.** The place of principal garaging of insured vehicles;

**4.** Coverage, deductible or limits.

If a change resulting from B. or C. requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.

**D.** If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph (D.) does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

**1.** A subsequent edition of your policy; or

**2.** An Amendatory Endorsement.

**E.** Additional or return premium of $3.00 or less resulting from policy changes will be waived.

## FRAUD

We do not provide coverage for any **insured** who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

## LEGAL ACTION AGAINST US

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

**1.** We agree in writing that the **insured** has an obligation to pay; or

**2.** The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring us into any action to determine the liability of an **insured.**

## OUR RIGHT TO RECOVER PAYMENT

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right td recover damages from another we shall be subrogated to that right. That person shall do:

**1.** Whatever is necessary to enable us to exercise our rights; and

**2.** Nothing after loss to prejudice them.

However, our rights in this paragraph (A.) do not apply under Part D, against any person using **your covered auto** with a reasonable belief that that person has permission to do so.

Our rights do not apply under Paragraph A. with respect to damages caused by an accident with an **underinsured motor vehicle** if we:

**1.** Have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **underinsured motor vehicle;** and

**2.** Fail to advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification:

**1.** That payment will be separate from any amount the **insured** is entitled to recover under the provisions of Uninsured/Underinsured Motorists Coverage; and

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1056 of 1402**

**2.** We also have a right to recover the advanced payment.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

   **1.** Hold in trust for us the proceeds of the recovery; and

   **2.** Reimburse us to the extent of our payment.

**C.** With respect to Uninsured/Underinsured Motorists Coverage, we shall be entitled to a recovery under Paragraph **A.** or **B.** only after the person has been fully compensated for damages.

**TERMINATION**

**A. Cancellation.** This policy may be canceled during the policy period as follows:

   **1.** The named insured shown in the Declarations may cancel by:

      **a.** returning this policy to us; or

      **b.** giving us advance written notice of the date cancellation is to take effect.

   **2.** We may cancel by mailing to the named insured shown in the Declarations at the address last know by us:

      **a.** at least 20 days notice:

         **(1)** if cancellation is for nonpayment of premium; or

         **(2)** if cancellation is for the reasons as listed in paragraph 3.b. below; or

      **b.** at least 30 days notice in all other cases.

   **3.** After this policy is in effect for 60 days, or if this is a renewal policy, we will cancel only:

      **a.** for nonpayment of premium; or

      **b.** if your driver's license or motor vehicle registration or that of:

         **(1)** any driver who lives with you; or

         **(2)** any driver who customarily uses **your covered auto;**

      has been suspended or revoked. This must have occurred:

         **(1)** during the policy period; or

         **(2)** since the last anniversary of the original effective date if the policy period is other than 1 year.

      However, this Paragraph (b.) shall not apply to revocation of a driver's license of a person due to a non-driving related violation for consuming or possessing alcohol while under the age of 21.

**B. Nonrenewal.** If we decide not to renew this policy, we will mail notice to the named insured shown in the Declarations at the address last known by us. Notice will be mailed at least 20 days before the end of the policy period. Subject to this notice requirement, if the policy period is other than one year, we will have the right not to renew at each anniversary of the original effective date.

**C. Automatic Termination.** If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on **your covered auto,** any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**D. Other Termination Provisions.**

   **1.** Proof of mailing of any notice shall be sufficient proof of notice.

   **2.** If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund. If we cancel, we will refund you the pro rata unearned premium. If you cancel, we will refund you the pro rata unearned premium minus a cancellation fee of 7.5% of the pro rata unearned premium.

      However, we will not retain the cancellation fee if:

      **a.** you cancel this policy because:

         **(1)** you have disposed of **your covered auto,** and you insure another auto with us under a new policy, to become effective within 30 days of the effective date of cancellation of this policy; or

         **(2)** **your covered auto** has been repossessed under the terms of a financing agreement; or

         **(3)** you are entering the armed forces of the United States of America; or

         **(4)** **your covered auto** was stolen or destroyed, and you request cancellation:

            **(a)** within 30 days following the date **your covered auto** was stolen or destroyed; or

            **(b)** within 15 days of the time we determine **your covered auto** was destroyed, or if stolen, to be unrecoverable.

SA-1852/AKEP  11/04

— 14 —

**b.** you cancel this policy but there remains in force with us a policy in your name insuring another auto.

**c.** this policy is written for a term of greater than one year and you cancel the policy after it has been in effect for one year.

**3.** The effective date of cancellation stated in the notice shall become the end of the policy period.

## TRANSFER OF YOUR INTEREST IN THIS POLICY

**A.** Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

**1.** The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and

**2.** The legal representative of the deceased person as if a named insured shown in the

Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

**B.** Coverage will only be provided until the end of the policy period.

## TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto.

## LOSS PAYABLE CLAUSE

As to the interest of the loss payee, this policy will remain in effect from the inception date and until ten days after cancellation notice is received by the loss payee. When we pay the loss payee we shall, to the extent of payment, have the loss payee's rights of recovery.

---

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

### COVERAGE FOR DAMAGE TO A RENTAL VEHICLE —ALASKA

This coverage is subject to all the provisions of the policy, except as modified as follows:

**Insuring Agreement**

**A.** We will pay for direct and accidental loss to a **rental vehicle,** including its equipment, minus any applicable deductible shown in the Declarations. If loss to more than one **rental vehicle** results from the same **collision,** only the highest applicable deductible will apply. We will pay for loss to a **rental vehicle** caused by:

**1.** Other than **collision** only if the Declarations indicate that Comprehensive Coverage for Damage to a Rental Vehicle is provided.

**2. Collision** only if the Declarations indicate that Collision Coverage for Damage to a Rental Vehicle is provided.

**B.** "Collision" means the upset of a **rental vehicle** or its impact with another vehicle or object.

"Comprehensive" means loss, other than **collision,** to a **rental vehicle.** Loss caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake;

windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision,** you may elect to have it considered a loss caused by **collision.**

**C.** "Rental vehicle" means:

**1.** A private passenger auto;

**2.** A pickup or van; or

**3.** A trailer;

rented by you or any **family member** from any person or organization licensed under applicable state laws to engage in the **business** of renting vehicles to the public while in the custody of or being operated by you or any **family member.** However, a **rental vehicle** does not include any vehicle rented for the regular use of you or any **family member.**

**Loss of Use Expenses**

**A.** In addition we will pay, without application of a deductible, up to $22 per day, to a maximum of $660, for loss of use expenses for which you become legally responsible in the event of loss to a **rental vehicle.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1058 of 1402**

**B.** This coverage applies only if:

    **1.** The **rental vehicle** is withdrawn from use for more than 24 hours; and

    **2.** The loss is covered under this coverage.

**C.** If the loss is caused by other than a total theft of a **rental vehicle**, our payment will be limited to that period of time reasonably required to repair or replace the **rental vehicle.**

**D.** If the loss is caused by a total theft of a **rental vehicle,** we will pay only expenses incurred during the period:

    **1.** Beginning 48 hours after the theft; and

    **2.** Ending when the **rental vehicle** is returned to use or we pay for its loss.

**Exclusions**

We will not pay for:

    **1.** Loss to any **rental vehicle** which occurs while in is being used as a public or livery conveyance. This exclusion (1.) does not apply to a share-the-expense car pool.

    **2.** Damage due and confined to:

        **a.** wear and tear;

        **b.** freezing;

        **c.** mechanical or electrical breakdown or failure; or

        **d.** road damage to tires.

    This exclusion (2.) does not apply if the damage results from the total theft of a **rental vehicle.**

    **3.** Loss due to or as a consequence of:

        **a.** radioactive contamination;

        **b.** discharge of any nuclear weapon (even if accidental);

        **c.** war (declared or undeclared);

        **d.** civil war;

        **e.** insurrection; or

        **f.** rebellion or revolution.

    **4.** Loss to:

        **a.** any electronic equipment designed for the reproduction of sound, including, but not limited to:

            **(1)** radios and stereos;

            **(2)** tape decks; or

            **(3)** compact disc players;

        **b.** any other electronic equipment that receives or transmits audio, visual or data signals, including, but not limited to:

            **(1)** citizens band radios;

            **(2)** telephones;

            **(3)** two-way mobile radios;

            **(4)** scanning monitor receivers;

            **(5)** television monitor receivers;

            **(6)** video cassette recorders;

            **(7)** audio cassette recorders; or

            **(8)** personal computers;

        **c.** tapes, records, discs, or other media used with equipment described in a. or b.; or

        **d.** any other accessories used with equipment described in a. or b.

    This exclusion (4.) does not apply to:

        **a.** equipment designed solely for the reproduction of sound and accessories used with such equipment, provided:

            **(1)** the equipment is permanently installed in a **rental vehicle;** or

            **(2)** the equipment is:

                **(a)** removable from a housing unit which is permanently installed in the **rental vehicle;**

                **(b)** designed to be solely operated by use of the power from the **rental vehicle's** electrical system; and

                **(c)** in or upon a **rental vehicle;**

        at the time of the loss.

        **b.** any other electronic equipment that is:

            **(1)** necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

            **(2)** an integral part of the same unit housing any sound reproducing equipment described in a. and permanently installed in the opening of the dash or console of a **rental vehicle** normally used by the manufacturer for installation of a radio.

    **5.** A total loss to a **rental vehicle** due to destruction or confiscation by government or civil authorities because you or any **family member:**

        **a.** engaged in illegal activities; or

        **b.** failed to comply with Environmental Protection Agency or Department of Transportation standards.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1059 of 1402**

6. Loss to:

    a. awnings or cabanas; or

    b. equipment designed to create additional living facilities.

7. Loss to equipment designed or used for the detection or location of radar or laser.

8. Loss to any **rental vehicle** being maintained or used by any person while employed or otherwise engaged in the **business** of:

    a. selling;

    b. repairing;

    c. servicing;

    d. storing; or

    e. parking;

vehicles designed for use on public highways. This includes road testing and delivery.

9. Loss to any **rental vehicle** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion 9. This exclusion (10.) does not apply to the maintenance or use by you or any **family member** of a **rental vehicle** which is a private passenger auto or **trailer.**

10. Loss to a **rental vehicle,** located inside a facility designed for racing, for the purpose of:

    a. competing in; or

    b. practicing or preparing for;

any prearranged or organized racing or speed contest.

11. Loss to, or loss of use of, a **rental vehicle** rented by:

    a. You; or

    b. Any **family member;**

if a rental company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

## Limit of Liability

A. Our limit of liability for loss will be the lesser of the:

1. Actual cash value of the stolen or damaged property; or

2. Amount necessary to repair or replace the property.

However, the most we will pay for loss to any **rental vehicle** which is a **trailer** is $1,000.

B. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.

C. No payment will be made under this coverage for loss paid under Property Damage Uninsured/Underinsured Motorists Coverage of this policy or any similar insurance under any other policy.

## Payment of Loss

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or

2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

## No Benefit to Bailee

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## Other Sources of Recovery

A. If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

B. Any insurance we provide with respect to a **rental vehicle** shall be primary insurance except any such insurance shall be excess over any coverage an **insured** purchases from the owner of the **rental vehicle.**

## Appraisal

A. If you and we fail to agree on the amount of loss, either may make written demand upon the other for an appraisal of the loss. In this event, within 10 days of the demand, each party will choose a competent appraiser and will notify the other of the appraiser selected. The two appraisers will promptly choose a competent and impartial umpire. Not later than 15 days after the umpire has been chosen, unless this time period is extended by the umpire, each appraiser will separately state, in writing, the actual cash value and the amount of loss. If the appraisers submit a written report of an agreement on the actual cash value and the amount of loss to us, that agreement will be binding on you and us. If the appraisers fail to agree, they will promptly submit their differences to the umpire. A decision agreed to by one of the ap-

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 1060 of 1402**

praisers and the umpire will be binding on you and us.

Each party will:

1. Pay its own counsel and adjuster fees; and

2. Bear those other expenses and fees which are incurred as a result of the appraisal, either in entirety or proportionately, as determined by the umpire.

**B.** Neither you nor we waive any of our rights under this policy by agreeing to an appraisal.

**Termination of Coverage for Damage to a Rental Vehicle**

1. If you obtain Comprehensive Coverage under this policy or any other policy issued or delivered in Alaska on a vehicle owned by you, Comprehensive Coverage for Damage to a Rental Vehicle provided under this coverage will terminate on the effective date of the Comprehensive Coverage on the vehicle you own.

2. If you obtain Collision Coverage under this policy or any other policy issued or delivered in Alaska on a vehicle owned by you, Collision Coverage for Damage to a Rental Vehicle provided under this coverage will terminate on the effective date of the Collision Coverage on the vehicle you own.

**Part E — Duties After an Accident or Loss**

Paragraph D. of Part E is replaced by the following for Coverage for Damage to a Rental Vehicle:

A person seeking Coverage for Damage to a Rental Vehicle must also:

1. Take reasonable steps after loss to protect the **rental vehicle** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if the **rental vehicle** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

**TOWING AND LABOR COSTS COVERAGE**

We will pay reasonable expenses incurred each time **your covered auto** or a **non-owned auto** is disabled, for:

1. Towing to the nearest place where necessary repairs can be made during regular business hours if it will not run;

2. Towing it out if it is stuck on or next to a public street or highway;

3. Mechanical labor up to one hour at the place of its breakdown;

4. Change of tire; or

5. Delivery of gasoline, oil or loaned battery. We do not pay the cost of these items.

**LOSS OF USE COVERAGE**

The provisions and exclusions that apply to Part D —Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use is afforded, we will reimburse you for expenses you incur to rent a substitute auto.

This coverage applies only if:

1. The auto is withdrawn from use for more than 24 hours;

2. The loss is caused by **collision,** or is covered by the Comprehensive Coverage of this policy; and

3. The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the auto.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the auto.

Our payment will be limited to that period of time reasonably required to repair or replace the auto. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 1061 of 1402**

 **Safeco** Insurance

## ALASKA PERSONAL AUTO POLICY

SAFECO INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
Home Office: 4333 Brooklyn Ave. N.E., Seattle, Washington 98185
SAFECO INSURANCE COMPANY OF ILLINOIS
Home Office: 2800 W. Higgins Rd., Suite 1100, Hoffman Estates, Illinois 60195
SAFECO INSURANCE COMPANY OF INDIANA
Home Office: 500 North Meridian Street, Indianapolis, IN 46204
(Each a stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

| | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A — LIABILITY COVERAGE** | 2 |
| Insuring Agreement | |
| Supplementary Payments | |
| Exclusions | |
| Limit of Liability | |
| Out of State Coverage | |
| Financial Responsibility | |
| Other Insurance | |
| **PART B — MEDICAL PAYMENTS COVERAGE** | 4 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART C — UNINSURED/UNDERINSURED  MOTORISTS COVERAGE** | 6 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO** | 8 |
| Insuring Agreement | |
| Transportation Expenses | |
| Exclusions | |
| Limit of Liability | |
| Payment of Loss | |
| No Benefit to Bailee | |
| Other Sources of Recovery | |
| Appraisal | |
| **PART E — DUTIES AFTER AN ACCIDENT OR LOSS** | 12 |
| **PART F — GENERAL PROVISIONS** | 12 |
| Policy Period and Territory | |
| Changes | |
| Termination | |
| Two or More Autos Insured; | |
| Two or More Auto Policies | |

SA-1852/AKEP  12/03

Safeco ® and Safeco logo are trademarks of Safeco Corporation

Beginning
On Page

**ADDITIONAL COVERAGES**
Coverage for Damage to a Rental Vehicle - Alaska    16
Towing and Labor Costs Coverage
Loss of Use Coverage
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

**A.** Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

**B.** "We," "us" and "our" refer to the Company providing this insurance.

**C.** For purposes of this policy, a private passenger type auto shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and

2. For a continuous period of at least six months.

Other words and phrases are defined. They are in bold type when used.

**D.** "**Bodily injury**" means bodily harm, sickness or disease, including death that results.

**E.** "**Business**" includes trade, profession or occupation.

**F.** "**Family member**" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

**G.** "**Occupying**" means in; upon; or getting in, on, out or off.

**H.** "**Property damage**" means physical injury to, destruction of or loss of use of tangible property.

**I.** "**Rental vehicle**" means a:

1. Private passenger auto;

2. Pickup or van; or

3. Trailer;

rented by you or any **family member** from any person or organization licensed under applicable state laws to engage in the business of renting vehicles to the public while in the custody of or being operated by you or any **family member**. However, a **rental vehicle** does not include any vehicle rented for the regular use of you or any **family member**.

**J.** "**Trailer**" means a vehicle designed to be pulled by a:

1. Private passenger auto; or

2. Pickup, van or motor home.

It also means a recreational camping vehicle, a farm wagon or farm implement while towed by a vehicle listed in 1. or 2. above.

**K.** "**Your covered auto**" means:

1. Any vehicle shown in the Declarations.

2. Any of the following types of vehicles on the date you become the owner, whether operational or not:

   **a.** a private passenger auto;

   **b.** a pickup or van that:

   (1) has a Gross Vehicle Weight of less than 10,000 lbs.; and

   (2) is not used for the delivery or transportation of goods and materials unless such use is:

   (a) incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

   (b) for farming or ranching; or

   **c.** a motor home or **trailer**.

   If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced.

   If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.

   This provision (K.2.) applies only if you ask us to insure the newly acquired vehicle during the policy period in which it was acquired or within thirty days after you become the owner, whichever is greater.

3. Any **trailer** you own.

4. Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

   **a.** breakdown;

   **b.** repair;

   **c.** servicing;

SA-1852/AKEP  12/03

—1—

**d.** loss; or

**e.** destruction.

This provision (K.4.) does not apply to Coverage for Damage to Your Auto.

---

## PART A — LIABILITY COVERAGE

---

### INSURING AGREEMENT

**A.** We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**B.** "Insured" as used in this Part means:

   **1.** You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

   **2.** Any person using **your covered auto.**

   **3.** For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under 1. and 2. above.

   **4.** For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision (B.4.) applies only if the person or organization does not own or hire the auto or **trailer.**

### SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of an **insured:**

   **1.** Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy. We are not obligated to apply for or furnish such bonds.

   **2.** Premiums on appeal bonds and bonds to release attachments in any suit we defend.

   **3.** Interest on that part of the judgment we pay, accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part

of the judgment which does not exceed our limit of liability for this coverage.

   **4.** Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

   **5.** Other reasonable expenses incurred at our request.

   **6.** That portion of the attorney's fees awarded as costs under Alaska Civil Rule of Procedure 82 which does not exceed the amount allowed for a contested case in the schedule of attorney's fees contained in the Alaska Civil Rule of Procedure 82 computed using the limit of liability for Liability Coverage shown in the Declarations.

### EXCLUSIONS

**A.** We do not provide Liability Coverage for any **insured:**

   **1.** Who intentionally causes **bodily injury** or **property damage.**

   **2.** For **property damage** to property owned or being transported by that **insured.**

   **3.** For **property damage** to property:

      **a.** rented to;

      **b.** used by; or

      **c.** in the care of;

   that **insured.**

   This exclusion (A.3.) does not apply to **property damage** to a residence or private garage.

   **4.** For **bodily injury** to an employee of that **insured** during the course of employment. This exclusion (A.4.) does not apply to **bodily injury** to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

   **5.** For that **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion (A.5.) does not apply to a share-the-expense car pool.

   **6.** While employed or otherwise engaged in the **business** or occupation of:

      **a.** selling;

      **b.** repairing;

SA-1852/AKEP  12/03

—2—

**c.** servicing;

**d.** storing; or

**e.** parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion (A.6.) does not apply to the ownership, maintenance or use of **your covered auto** by:

**a.** you;

**b.** any **family member**; or

**c.** any partner, agent or employee of you or any **family member**.

7. Maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** or occupation (other than farming or ranching) not described in Exclusion A.6. This exclusion (A.7.) does not apply to the maintenance or use of a:

**a.** private passenger auto;

**b.** pickup, van or motor home that:

(1) you own; or

(2) you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

(a) breakdown;

(b) repair;

(c) servicing;

(d) loss; or

(e) destruction; or

**c. trailer** used with a vehicle described in a. or b. above.

8. Using a vehicle without a reasonable belief that that **insured** has permission to do so.

9. For **bodily injury** or **property damage** for which that **insured**:

**a.** is an insured under a nuclear energy liability policy; or

**b.** would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

A nuclear energy liability policy is a policy issued by any of the following or their successors:

**a.** American Nuclear Insurers;

**b.** Mutual Atomic Energy Liability Underwriters; or

**c.** Nuclear Insurance Association of Canada.

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle which:

**a.** has fewer than four wheels; or

**b.** is designed mainly for use off public roads.

This exclusion (B.1.) does not apply:

**a.** while such vehicle is being used by an **insured** in a medical emergency; or

**b.** to any **trailer**.

2. Any vehicle, other than **your covered auto,** which is:

**a.** owned by you; or

**b.** furnished or available for your regular use.

3. Any vehicle, other than **your covered auto,** which is:

**a.** owned by any **family member**; or

**b.** furnished or available for the regular use of any **family member.**

However, this exclusion (B.3.) does not apply to you while you are maintaining or **occupying** any vehicle which is:

**a.** owned by a **family member**; or

**b.** furnished or available for the regular use of a **family member.**

4. Any vehicle, located inside a facility designed for racing, for the purpose of:

**a.** competing in; or

**b.** practicing or preparing for;

any prearranged or organized racing or speed contest.

## LIMIT OF LIABILITY

**A.** If the Declarations indicate **Individual Coverages** apply:

The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1066 of 1402**

is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

**B.** If the Declarations indicate **Combined Single Limits** apply:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability. However, this provision will not change our total limit of liability.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part B or Part C of this policy.

**OUT OF STATE COVERAGE**

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

**A.** If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

**B.** No one will be entitled to duplicate payments for the same elements of loss.

**FINANCIAL RESPONSIBILITY**

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

**OTHER INSURANCE**

**A.** If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

**B.** Any insurance we provide for a vehicle you do not own which is not a **rental vehicle** shall be excess over any other collectible insurance.

**C.** Any insurance we provide for a **rental vehicle** will be primary insurance, except such insurance will be excess over any coverage an **insured** purchases from the owner of the **rental vehicle.**

---

## PART B — MEDICAL PAYMENTS COVERAGE

**INSURING AGREEMENT**

**A.** We will pay necessary, usual and customary expenses incurred for necessary medical and funeral services because of **bodily injury:**

1. Caused by accident; and

2. Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.

**B.** "Insured" as used in this Part means:

1. You or any **family member:**

a. while **occupying;** or

b. as a pedestrian when struck by;

a motor vehicle designed for use mainly on public roads or a **trailer** of any type.

Also, you or any **family member** while **occupying** a bicycle when struck by a motor vehicle designed for use mainly on public roads or by a **trailer** of any type.

2. Any other person while **occupying your covered auto.**

3. Any other person while **occupying,** as a guest, an automobile not owned by you or a **family member,** while being operated by you or a **family member.**

SA-1852/AKEP  12/03

— 4 —

## EXCLUSIONS

We do not provide Medical Payments Coverage for any **insured** for **bodily injury**:

1. Sustained while **occupying** any motorized vehicle having fewer than four wheels.

2. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion (2.) does not apply to a share-the-expense car pool.

3. Sustained while **occupying** any vehicle located for use as a residence or premises.

4. Occurring during the course of employment if workers' compensation benefits are required or available for the **bodily injury**.

5. Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:

   a. owned by you; or

   b. furnished or available for your regular use.

6. Sustained while **occupying**, or when struck by, any vehicle (other than **your covered auto**) which is:

   a. owned by any **family member**; or

   b. furnished or available for the regular use of any **family member.**

   However, this exclusion (6.) does not apply to you.

7. Sustained while **occupying** a vehicle without a reasonable belief that that **insured** has permission to do so.

8. Sustained while **occupying** a vehicle when it is being used in the **business** or occupation of an **insured**. This exclusion (8.) does not apply to **bodily injury** sustained while **occupying** a:

   a. private passenger auto;

   b. pickup, van or motor home that you own; or

   c. **trailer** used with a vehicle described in a. or b. above.

9. Caused by or as a consequence of:

   a. discharge of a nuclear weapon (even if accidental);

b. war (declared or undeclared);

c. civil war;

d. insurrection; or

e. rebellion or revolution.

10. From or as a consequence of the following, whether controlled or uncontrolled or however caused:

    a. nuclear reaction;

    b. radiation; or

    c. radioactive contamination.

11. Sustained while **occupying** any vehicle located inside a facility designed for racing, for the purpose of:

    a. competing in; or

    b. practicing or preparing for;

    any prearranged or organized racing or speed contest.

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

   1. **Insureds;**

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations; or

   4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part C of this policy.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

SA-1852/AKEP  12/03

— 5 —

## PART C — UNINSURED/UNDERINSURED   MOTORISTS   COVERAGE

**INSURING AGREEMENT**

A. We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** because of:

1. **Bodily injury** sustained by an **insured** and caused by an accident if the Declarations indicates that Uninsured/Underinsured Motorists Coverage Bodily Injury applies; and

2. **Property damage** caused by an accident, if the Declarations indicates that **property damage** Uninsured/Underinsured Motorists Coverage applies.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or **underinsured motor vehicle.**

We will pay damages under this coverage caused by an **underinsured motor vehicle** only if 1. and 2. below applies;

1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or

2. A tentative settlement has been made between an **insured** and the insurer of the **underinsured motor vehicle** and we:

   a. have been given prompt written notice of such tentative settlement; and

   b. advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

No judgment for damages arising out of a suit brought against the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** is binding on us unless we:

1. Received reasonable notice of the pendency of the suit resulting in the judgment; and

2. Had a reasonable opportunity to protect our interests in the suit.

B. In addition to our limit of liability for this coverage, we will pay attorney's fees which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** under Alaska Civil Rule of Procedure 82 computed using the limit of liability for Uninsured/Underinsured Motorists Coverage shown in the Declarations.

C. "Insured" as used in this Part means:

1. You or any **family member.**

2. Any other person **occupying your covered auto.**

3. Any person for damages that person is entitled to recover for **bodily injury** to which this coverage applies sustained by a person described in 1. or 2. above.

D. "Property damage", as used under this coverage, means damage to or destruction of **your covered auto.** However, **property damage** does not include loss of use of **your covered auto.**

E. "Underinsured motor vehicle" means a motor vehicle or trailer of any type licensed for highway use to which a liability bond or policy applies at the time of the accident but the limits of that bond or policy are not enough to pay the full amount the **insured** is legally entitled to recover as damages.

However, **"underinsured motor vehicle"** does not include any vehicle or equipment to which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

1. Denies coverage; or

2. Is or becomes insolvent.

F. "Uninsured motor vehicle" means a motor vehicle or trailer of any type:

1. To which no bodily injury liability bond or policy applies at the time of the accident.

2. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

   a. you or any **family member;**

   b. a vehicle which you or any **family member** are occupying; or

   c. **your covered auto.**

3. To which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:

   a. denies coverage; or

   b. is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

2. Designed mainly for use off public roads while not on public roads.

3. While located for use as a residence or premises.

SA-1852/AKEP  12/03

— 6 —

    4. Owned by any governmental unit or agency unless the governmental unit or agency is or becomes insolvent.

## EXCLUSIONS

**A.** We do not provide Uninsured/Underinsured Motorists Coverage for **bodily injury** or **property damage** sustained by any **insured:**

    **1.** While **occupying** or when struck by any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

    **2.** If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our consent. However, this exclusion (A.2.) does not apply:

        **a.** if such settlement does not prejudice our right to recover payment; or

        **b.** to damages an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle.**

    **3.** Using a vehicle without a reasonable belief that that **insured** has permission to do so.

    **4.** While **occupying** or operating an owned motorcycle or moped.

**B.** This coverage shall not apply directly or indirectly to benefit:

    **1.** Any insurer or self-insurer under any of the following or similar law:

        **a.** workers' compensation law; or

        **b.** similar occupational or disability benefits law.

    **2.** Any insurer of property.

## LIMIT OF LIABILITY

**A.** The limit of Bodily Injury Liability shown in the Declarations for "each person" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one accident.

Subject to this limit for "each person," the limit of Bodily Injury Liability shown in the Declarations for "each accident" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

The limit of liability shown in the Declarations for Uninsured/Underinsured Motorists Property Damage is our maximum limit of liability for all **property damage** sustained in any one accident.

This is the most we will pay regardless of the number of:

    **1. Insureds;**

    **2.** Claims made;

    **3.** Vehicles or premiums shown in the Declarations; or

    **4.** Vehicles involved in the accident.

**B.** Subject to this maximum, our limit of liability will be the lesser of:

    **1.** The difference between the amount of an **insured's** damages for **bodily injury** or **property damage** and the amount paid to that **insured** for such damages, by or for a person who is or may be held legally liable for damages, including all sums paid under Part A;

    **2.** For **property damage** only:

        **a.** The amount necessary to repair or replace **your covered auto** with other property of like kind and quality;

        **b.** The actual cash value of **your covered auto;** or

    **3.** The applicable limit of liability for this coverage.

**C.** Any amounts otherwise payable for damages under this coverage shall apply over and above any amounts available to the **insured** because of the **bodily injury:**

    **1.** By or for a person who is or may be held legally liable for damages. This includes all sums paid under Part A.

    **2.** Under any of the following:

        **a.** workers' compensation law; or

        **b.** automobile medical payments coverage.

**D.** In no event will an **insured** be entitled to receive duplicate payments for the same elements of loss.

**E.** No payment will be made for loss paid to the "insured" under Part **D** of this policy or any similar physical damage insurance under any other policy.

## OTHER INSURANCE

**A.** If there is other applicable uninsured/underinsured motorists coverage available under more than one provision of coverage when two or more vehicles are insured under this policy, any recovery for damages may equal but not exceed the highest applicable limit for any one vehicle under this policy. If there is other applicable uninsured/underinsured motorists

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1070 of 1402**

coverage available under any other policy, issued to you by us, any recovery for damages may equal but not exceed the highest limit of liability under any one policy.

**B.** If there is other applicable uninsured/underinsured motorists coverage available under more than one policy, the following priorities of recovery apply:

FIRST    A policy or coverage covering a motor vehicle occupied by the injured person or a policy or coverage covering a pedestrian as a named insured;

SECOND    A policy or coverage covering a motor vehicle occupied by the injured person as an insured other than as a named insured;

THIRD    A policy or coverage not covering a motor vehicle occupied by the injured person but covering the injured person as a named insured;

FOURTH    A policy or coverage not covering a motor vehicle occupied by the injured person but covering the injured person as an insured other than as a named insured.

We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all limits applicable to the same level of priority.

## ARBITRATION

If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that **insured;**

from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

1. Whether the **insured** is legally entitled to recover damages;

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Alaska. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding; and

3. Who is responsible for payment of all expenses and fees, not including counsel fees or adjuster fees, incurred because of arbitration.

Each party will pay the counsel fees and adjuster fees it incurs.

## ADDITIONAL DUTIES

A person seeking Underinsured Motorists Coverage must also promptly:

1. Send us copies of the legal papers if a suit is brought; and

2. Notify us in writing of a tentative settlement between the **insured** and the insurer of the **underinsured motor vehicle** and allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **underinsured motor vehicle.**

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

### INSURING AGREEMENT

**A.** We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto,** including its equipment, minus any applicable deductible shown in the Declarations.

We will pay for loss to **your covered auto** caused by:

1. Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto,** we will provide the broadest coverage applicable to any vehicle shown in the Declarations.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1071 of 1402**

B. "**Collision**" means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object. No deductible will apply if the collision is with another auto insured by either Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco National Insurance Company, Safeco Lloyds Insurance Company, First National Insurance Company of America or General Insurance Company of America.

"**Comprehensive**" means loss, other than **collision**, to **your covered auto** or a **non-owned auto**. Loss caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision**, you may elect to have it considered a loss caused by **collision**.

C. "**Non-owned auto**" means:

1. Any private passenger auto, pickup, van or **trailer** not owned by or furnished or available for the regular use of you or **any family member** while in the custody of or being operated by you or any **family member;** or

2. Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

   a. breakdown;

   b. repair;

   c. servicing;

   d. loss; or

   e. destruction.

D. "**Camper body**" means a body equipped as sleeping or living quarters which is designed to be mounted on a pickup.

**TRANSPORTATION EXPENSES**

In addition we will pay, without application of a deductible, either of the following, whichever is greater:

1. Up to $22 per day, to a maximum of $660; or

2. The limit for loss of use, if any, shown on the Declarations;

For:

1. Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto**. We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2. Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto**. We will pay for indirect loss expenses if the loss is caused by:

   a. Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

   b. **Collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

If the loss is caused by a total theft of **your covered auto** or a **non-owned auto**, we will pay only expenses incurred during the period:

1. Beginning 48 hours after the theft; and

2. Ending when **your covered auto** or the **non-owned auto**, is returned to use or we pay for its loss.

If the loss is caused by other than a total theft of a **non-owned auto**, we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.

Our payment will be limited to that period of time reasonably required to repair or replace **your covered auto** or the **non-owned auto**.

**EXCLUSIONS**

We will not pay for:

1. Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This exclusion (1.) does not apply to a share-the-expense car pool.

2. Damage due and confined to:

   a. wear and tear;

   b. freezing;

   c. mechanical or electrical breakdown or failure; or

   d. road damage to tires.

   This exclusion (2.) does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto**.

3. Loss due to or as a consequence of:

   a. radioactive contamination;

   b. discharge of any nuclear weapon (even if accidental);

   c. war (declared or undeclared);

SA-1852/AKEP 12/03                                    — 9 —

**d.** civil war;

**e.** insurrection; or

**f.** rebellion or revolution.

**4.** Loss to:

**a.** any electronic equipment designed for the reproduction of sound, including, but not limited to:

    **(1)** radios and stereos;

    **(2)** tape decks; or

    **(3)** compact disc players;

**b.** any other electronic equipment that receives or transmits audio, visual or data signals, including, but not limited to:

    **(1)** citizens band radios;

    **(2)** telephones;

    **(3)** 2-way mobile radios;

    **(4)** scanning monitor receivers;

    **(5)** television monitor receivers;

    **(6)** video cassette recorders;

    **(7)** audio cassette recorders; or

    **(8)** personal computers;

**c.** tapes, records, discs, or other media used with equipment described in a. or b.; or

**d.** any other accessories used with equipment described in a. or b.

This exclusion (4.) does not apply to:

**a.** equipment designed solely for the reproduction of sound and accessories used with such equipment, provided:

    **(1)** that equipment is permanently installed in **your covered auto** or any **non-owned auto**; or

    **(2)** the equipment is:

        **(a)** removable from a housing unit which is permanently installed in the auto;

        **(b)** designed to be solely operated by use of the power from the auto's electrical system; and

        **(c)** in or upon **your covered auto** or any **non-owned auto;**

    at the time of the loss.

**b.** any other electronic equipment that is:

    **(1)** necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

    **(2)** an integral part of the same unit housing any sound reproducing equipment described in a. and permanently installed in the opening of the dash or console of **your covered auto** or any **non-owned auto** normally used by the manufacturer for installation of a radio.

**5.** A total loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities because you or any **family member:**

**a.** engaged in illegal activities; or

**b.** failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion (5.) does not apply to the interests of Loss Payees in **your covered auto.**

**6.** Loss to a **camper body,** motor home or **trailer** you own which is not shown in the Declarations. This exclusion (6.) does not apply to a **camper body,** motor home or **trailer** you:

**a.** acquire during the policy period; and

**b.** ask us to insure during the policy period or within 30 days after you become the owner, whichever is greater.

**7.** Loss to any **non-owned auto** when used by you or any **family member** without a reasonable belief that you or that **family member** have permission to do so.

**8.** Loss to equipment designed or used for the detection or location of radar or laser.

**9.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

**a.** selling;

**b.** repairing;

**c.** servicing;

**d.** storing; or

**e.** parking;

vehicles designed for use on public highways. This includes road testing and delivery.

**10.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion 9. This exclusion (10.) does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

SA-1852/AKEP  12/03

— 10 —

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1073 of 1402**

11. Loss to **your covered auto** or any **non-owned auto,** located inside a facility designed for racing, for the purpose of:

   **a.** competing in; or

   **b.** practicing or preparing for;

   any prearranged or organized racing or speed contest.

12. Loss to, or loss of use, of a **non-owned auto** rented to:

   **a.** you; or

   **b.** any **family member;**

   if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

## LIMIT OF LIABILITY

**A.** Our limit of liability for loss will be the lesser of the:

1. Actual cash value of the stolen or damaged property;

2. Amount necessary to repair or replace the property; or

3. Limit of liability shown in the Declarations.

However, the most we will pay for loss to any **non-owned auto** which is a **trailer** is $1,000.

**B.** An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

**C.** No payment will be made under this coverage for loss paid under Property Damage Uninsured/Underinsured Motorists Coverage of this policy or any similar insurance under any other policy.

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or

2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss:

1. We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

2. Any insurance we provide with respect to a non-owned auto shall be excess over any other collectible source of recovery including, but not limited to:

   **a.** any coverage provided by the owner of the non-owned auto except a **rental vehicle;**

   **b.** any other applicable physical damage insurance;

   **c.** any other source of recovery applicable to the loss.

   However, any insurance we provide for a **rental vehicle** will be primary insurance except any such insurance will be excess over any coverage an **insured** purchases from the owner or operator of the **rental vehicle.**

## APPRAISAL

**A.** If you and we fail to agree on the amount of loss, either may make written demand upon the other for an appraisal of the loss. In this event, within 10 days of the demand, each party will choose a competent appraiser and will notify the other of the appraiser selected. The two appraisers will promptly choose a competent and impartial umpire. Not later than 15 days after the umpire has been chosen, unless this time period is extended by the umpire, each appraiser will separately state, in writing, the actual cash value and the amount of loss. If the appraisers submit a written report of an agreement on the actual cash value and the amount of loss to us, that agreement will be binding on you and us. If the appraisers fail to agree, they will promptly submit their differences to the umpire. A decision agreed to by one of the appraisers and the umpire will be binding on you and us.

Each party will:

1. Pay its own counsel and adjuster fees; and

2. Bear those other expenses and fees which are incurred as a result of the appraisal, either in entirety or proportionately, as determined by the umpire.

**B.** Neither you nor we waive any of our rights under this policy by agreeing to an appraisal.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1074 of 1402**

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**A.** We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

**B.** A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:

   **a.** to physical examinations by physicians we select. We will pay for these exams.

   **b.** to examination under oath and subscribe the same. We may examine any **insured** separately and apart from the presence of any other **insured**. Such person has the right to have counsel present during any examination taken under oath.

4. Authorize us to obtain:

   **a.** medical reports; and

   **b.** other pertinent records.

5. Submit a proof of loss, under oath if requested, when required by us.

**C.** A person seeking Uninsured/Underinsured Motorists Coverage must also:

1. Promptly notify the police if a hit-and-run driver is involved.

2. Promptly send us copies of the legal papers if a suit is brought.

**D.** A person seeking Coverage for Damage to Your Auto must also:

1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

## PART F — GENERAL PROVISIONS

### POLICY PERIOD AND TERRITORY

**A.** This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

**B.** The policy period is the period stated in the Declarations. The policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

**C.** The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

### BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

### CHANGES

**A.** Before the end of any policy period, we may offer to change the coverage provided in this policy. Your payment of the premium billed by us for the next policy period will be your acceptance of our offer. However, if the renewal premium is increased more than 10 percent for a reason other than an increase in coverage or exposure base, or if after renewal there will be a material restriction or reduction in coverage not specifically requested by the insured, written notice shall be mailed by first class mail to the last known address of the insured to the insured and to the agent or broker of record, at least 20 days before expiration of a personal insurance policy. If notice before expiration of the policy is not given as required, the existing policy shall continue until we provide notice for the 20-day time period required.

**B.** This policy contains all the agreements between you and us. Its terms may not be

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1075 of 1402

changed or waived except by endorsement is-
sued by us.

**C.** If there is a change to the information used to
develop the policy premium, we may adjust
your premium. Changes during the policy term
that may result in a premium increase or
decrease include, but are not limited to,
changes in:

1. The number, type or use classification of
insured vehicles;

2. Operators using insured vehicles;

3. The place of principal garaging of insured
vehicles;

4. Coverage, deductible or limits.

If a change resulting from B. or C. requires a pre-
mium adjustment, we will make the premium ad-
justment in accordance with our manual rules.

**D.** If we make a change which broadens coverage
under this edition of your policy without addi-
tional premium charge, that change will auto-
matically apply to your policy as of the date we
implement the change in your state. This
paragraph (D.) does not apply to changes im-
plemented with a general program revision that
includes both broadenings and restrictions in
coverage, whether that general program re-
vision is implemented through introduction of:

1. A subsequent edition of your policy; or

2. An Amendatory Endorsement.

**E.** Additional or return premium of $3.00 or less
resulting from policy changes will be waived.

**FRAUD**

We do not provide coverage for any **insured** who has
made fraudulent statements or engaged in
fraudulent conduct in connection with any accident
or loss for which coverage is sought under this
policy.

**LEGAL ACTION AGAINST US**

**A.** No legal action may be brought against us until
there has been full compliance with all the
terms of this policy. In addition, under Part A,
no legal action may be brought against us until:

1. We agree in writing that the **insured** has an
obligation to pay; or

2. The amount of that obligation has been fi-
nally determined by judgment after trial.

**B.** No person or organization has any right under
this policy to bring us into any action to deter-
mine the liability of an **insured**.

**OUR RIGHT TO RECOVER PAYMENT**

**A.** If we make a payment under this policy and the
person to or for whom payment was made has

a right to recover damages from another we
shall be subrogated to that right. That person
shall do:

1. Whatever is necessary to enable us to ex-
ercise our rights; and

2. Nothing after loss to prejudice them.

However, our rights in this paragraph (A.) do
not apply under Part D, against any person us-
ing **your covered auto** with a reasonable belief
that that person has permission to do so.

Our rights do not apply under Paragraph A. with
respect to damages caused by an accident with
an **underinsured motor vehicle** if we:

1. Have been given prompt written notice of
a tentative settlement between an **insured**
and the insurer of an **underinsured motor
vehicle**; and

2. Fail to advance payment to the **insured** in
an amount equal to the tentative settlement
within 30 days after receipt of notification.

If we advance payment to the **insured** in an
amount equal to the tentative settlement within
30 days after receipt of notification:

1. That payment will be separate from any
amount the **insured** is entitled to recover
under the provisions of Uninsured/Under-
insured Motorists Coverage; and

2. We also have a right to recover the ad-
vanced payment.

**B.** If we make a payment under this policy and the
person to or for whom payment is made recov-
ers damages from another, that person shall:

1. Hold in trust for us the proceeds of the re-
covery; and

2. Reimburse us to the extent of our payment.

**C.** With respect to Uninsured/Underinsured Mo-
torists Coverage, we shall be entitled to a re-
covery under Paragraph **A.** or **B.** only after the
person has been fully compensated for dam-
ages.

**TERMINATION**

**A. Cancellation.** This policy may be canceled dur-
ing the policy period as follows:

1. The named insured shown in the Declara-
tions may cancel by:

   **a.** returning this policy to us; or

   **b.** giving us advance written notice of the
date cancellation is to take effect.

2. We may cancel by mailing to the named
insured shown in the Declarations at the
address last know by us:

   **a.** at least 20 days notice:

      (1) if cancellation is for nonpayment
of premium; or

SA-1852/AKEP  12/03

— 13 —

**(2)** if cancellation is for the reasons as listed in paragraph 3.b. below; or

**b.** at least 30 days notice in all other cases.

**3.** After this policy is in effect for 60 days, or if this is a renewal policy, we will cancel only:

**a.** for nonpayment of premium; or

**b.** if your driver's license or motor vehicle registration or that of:

**(1)** any driver who lives with you; or

**(2)** any driver who customarily uses **your covered auto;**

has been suspended or revoked. This must have occurred:

**(1)** during the policy period; or

**(2)** since the last anniversary of the original effective date if the policy period is other than 1 year.

However, this Paragraph (b.) shall not apply to revocation of a driver's license of a person due to a non-driving related violation for consuming or possessing alcohol while under the age of 21.

**B. Nonrenewal.** If we decide not to renew this policy, we will mail notice to the named insured shown in the Declarations at the address last known by us. Notice will be mailed at least 20 days before the end of the policy period. Subject to this notice requirement, if the policy period is other than one year, we will have the right not to renew at each anniversary of the original effective date.

**C. Automatic Termination.** If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

If you obtain other insurance on **your covered auto,** any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**D. Other Termination Provisions.**

**1.** Proof of mailing of any notice shall be sufficient proof of notice.

**2.** If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund. If we cancel, we will refund you the pro rata unearned premium. If you cancel, we will refund you the pro rata un-

earned premium minus a cancellation fee of 7.5% of the pro rata unearned premium.

However, we will not retain the cancellation fee if:

**a.** you cancel this policy because:

**(1)** you have disposed of **your covered auto,** and you insure another auto with us under a new policy, to become effective within 30 days of the effective date of cancellation of this policy; or

**(2)** **your covered auto** has been repossessed under the terms of a financing agreement; or

**(3)** you are entering the armed forces of the United States of America; or

**(4)** **your covered auto** was stolen or destroyed, and you request cancellation:

**(a)** within 30 days following the date **your covered auto** was stolen or destroyed; or

**(b)** within 15 days of the time we determine **your covered auto** was destroyed, or if stolen, to be unrecoverable.

**b.** you cancel this policy but there remains in force with us a policy in your name insuring another auto.

**c.** this policy is written for a term of greater than one year and you cancel the policy after it has been in effect for one year.

**3.** The effective date of cancellation stated in the notice shall become the end of the policy period.

## TRANSFER OF YOUR INTEREST IN THIS POLICY

**A.** Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

**1.** The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and

**2.** The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

**B.** Coverage will only be provided until the end of the policy period.

SA-1852/AKEP  12/03

**TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES**

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto.

**LOSS PAYABLE CLAUSE**

As to the interest of the loss payee, this policy will remain in effect from the inception date and until ten days after cancellation notice is received by the loss payee. When we pay the loss payee we shall, to the extent of payment, have the loss payee's rights of recovery.

---

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

---

### COVERAGE FOR DAMAGE TO A RENTAL VEHICLE — ALASKA

This coverage is subject to all the provisions of the policy, except as modified as follows:

**Insuring Agreement**

A. We will pay for direct and accidental loss to a **rental vehicle,** including its equipment, minus any applicable deductible shown in the Declarations. If loss to more than one **rental vehicle** results from the same **collision,** only the highest applicable deductible will apply. We will pay for loss to a **rental vehicle** caused by:

   1. Other than **collision** only if the Declarations indicate that Comprehensive Coverage for Damage to a Rental Vehicle is provided.

   2. **Collision** only if the Declarations indicate that Collision Coverage for Damage to a Rental Vehicle is provided.

B. "Collision" means the upset of a **rental vehicle** or its impact with another vehicle or object.

"**Comprehensive**" means loss, other than **collision,** to a **rental vehicle.** Loss caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision,** you may elect to have it considered a loss caused by **collision.**

C. "Rental vehicle" means:

   1. A private passenger auto;

   2. A pickup or van; or

   3. A trailer;

rented by you or any **family member** from any person or organization licensed under applicable state laws to engage in the **business** of renting vehicles to the public while in the custody of or being operated by you or any **family member.** However, a **rental vehicle** does not include any vehicle rented for the regular use of you or any **family member.**

**Loss of Use Expenses**

A. In addition we will pay, without application of a deductible, up to $22 for day, to a maximum of $660, for loss of use expenses for which you become legally responsible in the event of loss to a **rental vehicle.**

B. This coverage applies only if:

   1. The **rental vehicle** is withdrawn from use for more than 24 hours; and

   2. The loss is covered under this coverage.

C. If the loss is caused by other than a total theft of a **rental vehicle,** our payment will be limited to that period of time reasonably required to repair or replace the **rental vehicle.**

D. If the loss is caused by a total theft of a **rental vehicle,** we will pay only expenses incurred during the period:

   1. Beginning 48 hours after the theft; and

   2. Ending when the **rental vehicle** is returned to use or we pay for its loss.

**Exclusions**

We will not pay for:

   1. Loss to any **rental vehicle** which occurs while it is being used as a public or livery conveyance. This exclusion (1.) does not apply to a share-the-expense car pool.

   2. Damage due and confined to:

     a. wear and tear;

     b. freezing;

     c. mechanical or electrical breakdown or failure; or

     d. road damage to tires.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1078 of 1402**

This exclusion (2.) does not apply if the damage results from the total theft of a **rental vehicle.**

3. Loss due to or as a consequence of:

   a. radioactive contamination;

   b. discharge of any nuclear weapon (even if accidental);

   c. war (declared or undeclared);

   d. civil war;

   e. insurrection; or

   f. rebellion or revolution.

4. Loss to:

   a. any electronic equipment designed for the reproduction of sound, including, but not limited to:

      (1) radios and stereos;

      (2) tape decks; or

      (3) compact disc players;

   b. any other electronic equipment that receives or transmits audio, visual or data signals, including, but not limited to:

      (1) citizens band radios;

      (2) telephones;

      (3) two-way mobile radios;

      (4) scanning monitor receivers;

      (5) television monitor receivers;

      (6) video cassette recorders;

      (7) audio cassette recorders; or

      (8) personal computers;

   c. tapes, records, discs, or other media used with equipment described in a. or b.; or

   d. any other accessories used with equipment described in a. or b.

   This exclusion (4.) does not apply to:

   a. equipment designed solely for the reproduction of sound and accessories used with such equipment, provided:

      (1) the equipment is permanently installed in a **rental vehicle;** or

      (2) the equipment is:

         (a) removable from a housing unit which is permanently installed in the **rental vehicle;**

         (b) designed to be solely operated by use of the power from the **rental vehicle's** electrical system; and

   (c) in or upon a **rental vehicle;**

   at the time of the loss.

   b. any other electronic equipment that is:

      (1) necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

      (2) an integral part of the same unit housing any sound reproducing equipment described in a. and permanently installed in the opening of the dash or console of a **rental vehicle** normally used by the manufacturer for installation of a radio.

5. A total loss to a **rental vehicle** due to destruction or confiscation by government or civil authorities because you or any **family member:**

   a. engaged in illegal activities; or

   b. failed to comply with Environmental Protection Agency or Department of Transportation standards.

6. Loss to:

   a. awnings or cabanas; or

   b. equipment designed to create additional living facilities.

7. Loss to equipment designed or used for the detection or location of radar or laser.

8. Loss to any **rental vehicle** being maintained or used by any person while employed or otherwise engaged in the **business** of:

   a. selling;

   b. repairing;

   c. servicing;

   d. storing; or

   e. parking;

   vehicles designed for use on public highways. This includes road testing and delivery.

9. Loss to any **rental vehicle** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion 9. This exclusion (10.) does not apply to the maintenance or use by you or any **family member** of a **rental vehicle** which is a private passenger auto or **trailer.**

10. Loss to a **rental vehicle,** located inside a facility designed for racing, for the purpose of:

    a. competing in; or

    b. practicing or preparing for;

    any prearranged or organized racing or speed contest.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1079 of 1402**

11. Loss to, or loss of use of, a **rental vehicle** rented by:

    a. You; or

    b. Any **family member;**

if a rental company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

### Limit of Liability

A. Our limit of liability for loss will be the lesser of the:

    1. Actual cash value of the stolen or damaged property; or

    2. Amount necessary to repair or replace the property.

However, the most we will pay for loss to any **rental vehicle** which is a **trailer** is $1,000.

B. An adjustment for depreciation and physical condition will be made in determining actual cash value in the event of a total loss.

C. No payment will be made under this coverage for loss paid under Property Damage Uninsured/Underinsured Motorists Coverage of this policy or any similar insurance under any other policy.

### Payment of Loss

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

    1. You; or

    2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

### No Benefit to Bailee

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

### Other Sources of Recovery

A. If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

B. Any insurance we provide with respect to a **rental vehicle** shall be primary insurance except any such insurance shall be excess over any coverage an **insured** purchases from the owner of the **rental vehicle.**

### Appraisal

A. If you and we fail to agree on the amount of loss, either may make written demand upon the other for an appraisal of the loss. In this event, within 10 days of the demand, each party will choose a competent appraiser and will notify the other of the appraiser selected. The two appraisers will promptly choose a competent and impartial umpire. Not later than 15 days after the umpire has been chosen, unless this time period is extended by the umpire, each appraiser will separately state, in writing, the actual cash value and the amount of loss. If the appraisers submit a written report of an agreement on the actual cash value and the amount of loss to us, that agreement will be binding on you and us. If the appraisers fail to agree, they will promptly submit their differences to the umpire. A decision agreed to by one of the appraisers and the umpire will be binding on you and us.

Each party will:

    1. Pay its own counsel and adjuster fees; and

    2. Bear those other expenses and fees which are incurred as a result of the appraisal, either in entirety or proportionately, as determined by the umpire.

B. Neither you nor we waive any of our rights under this policy by agreeing to an appraisal.

### Termination of Coverage for Damage to a Rental Vehicle

1. If you obtain Comprehensive Coverage under this policy or any other policy issued or delivered in Alaska on a vehicle owned by you, Comprehensive Coverage for Damage to a Rental Vehicle provided under this coverage will terminate on the effective date of the Comprehensive Coverage on the vehicle you own.

2. If you obtain Collision Coverage under this policy or any other policy issued or delivered in Alaska on a vehicle owned by you, Collision Coverage for Damage to a Rental Vehicle provided under this coverage will terminate on the effective date of the Collision Coverage on the vehicle you own.

SA-1852/AKEP  12/03

— 17 —

**Part E — Duties After an Accident or Loss**

Paragraph D. of Part E is replaced by the following for Coverage for Damage to a Rental Vehicle:

A person seeking Coverage for Damage to a Rental Vehicle must also:

1. Take reasonable steps after loss to protect the **rental vehicle** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if the **rental vehicle** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

---

### TOWING AND LABOR COSTS COVERAGE

We will pay reasonable expenses incurred each time **your covered auto** or a **non-owned auto** is disabled, for:

1. Towing to the nearest place where necessary repairs can be made during regular business hours if it will not run;

2. Towing it out if it is stuck on or next to a public street or highway;

3. Mechanical labor up to one hour at the place of its breakdown;

4. Change of tire; or

5. Delivery of gasoline, oil or loaned battery. We do not pay the cost of these items.

---

### LOSS OF USE COVERAGE

The provisions and exclusions that apply to Part D —Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use is afforded, we will reimburse you for expenses you incur to rent a substitute auto.

This coverage applies only if:

1. The auto is withdrawn from use for more than 24 hours;

2. The loss is caused by **collision,** or is covered by the Comprehensive Coverage of this policy; and

3. The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the auto.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the auto.

Our payment will be limited to that period of time reasonably required to repair or replace the auto. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1081 of 1402**


Member of Liberty Mutual Group

# ALASKA PERSONAL AUTO POLICY

SAFECO INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
Home Office: Safeco Plaza, Seattle, Washington 98185-0001
SAFECO INSURANCE COMPANY OF ILLINOIS
Home Office: 2800 W. Higgins Rd., Suite 1100, Hoffman Estates, Illinois 60195

(Each a stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

|  | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A — LIABILITY COVERAGE** | 3 |
| Insuring Agreement | |
| Supplementary Payments | |
| Exclusions | |
| Limit of Liability | |
| Out of State Coverage | |
| Financial Responsibility | |
| Other Insurance | |
| **PART B — MEDICAL PAYMENTS COVERAGE** | 6 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART C — UNINSURED/UNDERINSURED MOTORISTS COVERAGE** | 8 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO** | 11 |
| Insuring Agreement | |
| Transportation Expenses | |
| Exclusions | |
| Limit of Liability | |
| Payment of Loss | |
| No Benefit to Bailee | |
| Other Sources of Recovery | |
| Appraisal | |
| **PART E — DUTIES AFTER AN ACCIDENT OR LOSS** | 15 |
| **PART F — GENERAL PROVISIONS** | 16 |
| Policy Period and Territory | |
| Changes | |
| Termination | |
| Two or More Autos Insured; Two or More Auto Policies | |

SA-1852/AKEP R1 4/09

**ADDITIONAL COVERAGES**                                           **19**

Coverage for Damage to a Rental Vehicle — Alaska
Roadside Assistance Coverage
Loss of Use Coverage
Full Safety Glass Coverage
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################

SA-1852/AKEP R1 4/09

## AGREEMENT

In return for your payment of all premiums, and in reliance upon the statements in the application we agree to insure you subject to the terms, conditions and limitations of this policy. We will insure you for the coverages and limits shown on the Declarations. Your policy consists of the policy contract, Declarations and endorsements applicable to the policy.

## DEFINITIONS

A. Throughout this policy, "you" and "your" refer to:

1. The "named insured" shown in the Declarations;

2. The spouse if a resident of the same household;

3. The civil partner, if a resident of the same household, by civil union licensed and certified by the state; or

4. The **domestic partner,** if a resident of the same household;

"Domestic partner" means a person living as a continuing partner with you and:

(a) is at least 18 years of age and competent to contract;

(b) is not a relative; and

(c) shares with you the responsibility for each other's welfare, evidence of which includes:

(1) the sharing in domestic responsibilities for the maintenance of the household; or

(2) having joint financial obligations, resources, or assets; or

(3) one with whom you have made a declaration of domestic partnership or similar declaration with an employer or government entity.

**Domestic partner** does not include more than one person, a roommate whether sharing expenses equally or not, or one who pays rent to the named insured.

B. "We," "us" and "our" refer to the Company, as shown in the Declarations providing this insurance.

C. For purposes of this policy, a private passenger auto shall be deemed to be owned by a person if leased:

1. Under a written agreement to that person; and

2. For a continuous period of at least six months.

D. Throughout the policy, **"minimum limits"** refers to the following limits of liability required by Alaska law to be provided under a policy of automobile liability insurance:

1. $50,000 for each person, subject to $100,000 for each accident, with respect to **bodily injury;**

2. $25,000 for each accident with respect to **property damage.**

Other words and phrases are defined. They are in bold type when used.

E. **"Bodily injury"** means bodily harm, sickness or disease, including death that results.

F. **"Business"** includes trade, profession or occupation.

G. **"Family member"** means a person related to you by blood, marriage, civil union, domestic partnership or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

H. **"Fungi"** means any type or form of fungus, including mold, mildew, rust, mushrooms, yeasts, and mycotoxins, spores, or scents, produced or released by the **fungi**. However, this definition does not include any **fungi** intended by the **insured** for consumption.

I. **"Occupying"** means in; upon; or getting in, on, out or off.

J. **"Property damage"** means physical injury or destruction of tangible property including loss of use.

K. **"Punitive or exemplary damages"** include damages which are awarded to punish or deter wrongful conduct, to set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for **bodily injury** or **property damage.**

L. **"Rental vehicles"** means a:

1. Private passenger auto; or

2. Pickup or van; or

3. **Trailer;**

rented by you or any **family member** from any person or organization licensed under applicable

SA-1852/AKEP R1 4/09

— 1 —

state laws to engage in the **business** of renting vehicles to the public while in the custody of or being operated by you or any **family member.** However, a rental vehicle does not include any vehicle rented for the regular use of you or any **family member.**

**M.** "**Trailer**" means a vehicle designed to be pulled by a:

**1.** Private passenger auto; or

**2.** Pickup, van or motorhome.

It also means a recreational camping vehicle, a farm wagon or farm implement while towed by a vehicle listed in **M.1.** or **M.2.** above.

**N.** "**Your covered auto**" means:

**1.** Any vehicle shown in the Declarations.

**2. a.** Any newly acquired vehicle, whether operational or not, on the date you become the owner, subject to conditions for **Newly Acquired Replacement Vehicle** and **Newly Acquired Additional Vehicle** under **N.2.b.** below. Any newly acquired vehicle must be of the following types:

**(1)** a private passenger auto;

**(2)** a pickup or van that:

**(a)** has a Gross Vehicle Weight Rating of 12,000 lbs or less; and

**(b)** is not used for the delivery or transportation of goods and materials unless such use is:

**i.** incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

**ii.** for farming or ranching; or

**(3)** a motorhome or **trailer.**

**b.** A newly acquired vehicle is subject to the following conditions:

**(1)** **Newly Acquired Replacement Vehicle.** If the vehicle you acquire replaces one shown in the Declarations, the replacement vehicle will have the same coverage as the vehicle it replaced, other than Part **D** — Coverage for Damage to Your Auto. This provision applies only if there is no other insurance

policy that provides coverage for that replacement vehicle.

Part **D** — Coverage for Damage to Your Auto shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition, only to the extent Part **D** — Coverage for Damage to Your Auto applied to the vehicle being replaced. You must notify us within thirty (30) days after you acquire the replacement vehicle for Part **D** — Coverage for Damage to Your Auto to continue.

**(2)** **Newly Acquired Additional Vehicle.** For any newly acquired vehicle that is in addition to any shown in the Declarations coverage shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition. Coverage shall be the broadest coverage we provide for any vehicle shown in the Declarations. This coverage applies only if:

**(a)** you acquire the additional vehicle during the policy period shown on the Declarations; and

**(b)** there is no other insurance policy that provides coverage for the additional vehicle.

If you wish to add or continue coverage you must ask us to insure the additional vehicle within thirty (30) days after you acquire the additional vehicle. This thirty (30) days of coverage includes the day you acquire the vehicle.

**3.** Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

**a.** breakdown;

**b.** repair;

**c.** servicing;

**d.** loss; or

**e.** destruction.

This provision (**N.3.**) does not apply to Coverage for Damage to Your Auto.

## PART A — LIABILITY COVERAGE

**INSURING AGREEMENT**

**A.** We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**B.** "**Insured**" as used in this Part means:

    **1.** You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

    **2.** Any person using **your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

    **3.** For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under **B.1.** and **B.2.** above.

    **4.** For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision (**B.4.**) applies only if the person or organization does not own or hire the auto or **trailer.**

**INTEREST ON JUDGMENTS**

We will pay interest on judgments subject to all of the following:

    **1.** Any notice, demand, summons, judgment, or any process has been promptly forwarded to us as required by the policy conditions.

    **2.** We accept the defense or agree to the judgment.

    **3.** We will pay the interest on that part of the judgment that is covered and that does not exceed our applicable limit of liability.

    **4.** We will pay interest that accrues after entry of judgment and before we pay, tender, or deposit in court.

    **5.** If we appeal the judgment, we will pay interest on the entire judgment.

    **6.** Post-judgment interest is in addition to the applicable limit of liability.

    **7.** Where we are required to cover prejudgment interest, it shall be in addition to the limit of liability and is not an additional amount of insurance.

**SUPPLEMENTARY PAYMENTS**

We will pay on behalf of an **insured:**

    **1.** Up to $1,000 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy. We are not obligated to apply for or furnish such bonds.

    **2.** Premiums on appeal bonds and bonds to release attachments in any suit we defend.

    **3.** Up to $250 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

    **4.** Other reasonable expenses incurred at our request.

    **5.** Only that portion of the attorney's fees awarded as costs under Alaska Civil Rule of Procedure 82 which does not exceed the amount allowed for a contested case in the schedule of attorney's fees contained in the Alaska Civil Rule of Procedure 82 computed using the limit of liability for Liability Coverage shown in the Declarations.

    **6.** Pay all expenses incurred by an **insured** for first aid to others at the time of the accident, not to exceed $10,000.

**EXCLUSIONS**

**A.** We do not provide Liability Coverage for:

    **1.** Any **insured** who intentionally causes **bodily injury** or **property damage** even if such **bodily injury** or **property damage** is of a different kind or degree than expected or intended, or such **bodily injury** or **property damage** is sustained by a different person or persons than expected or intended.

    **2.** **Property damage** to property owned or being transported by any **insured.**

    **3.** **Property damage** to property:

        **a.** rented to;

        **b.** used by; or

        **c.** in the care of;

    any **insured.**

SA-1852/AKEP R1 4/09

— 3 —

This exclusion **(A.3.)** does not apply to **property damage** to a residence or private garage.

4. **Bodily injury** to an employee of any **insured** during the course of employment. This exclusion **(A.4.)** does not apply to **bodily injury** to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. Any **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion **(A.5.)** does not apply to a share-the-expense car pool.

6. Any **insured** using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business**.

7. a. Any **insured** while employed or otherwise engaged in the **business** of:

   (1) selling;

   (2) repairing;

   (3) servicing;

   (4) storing; or

   (5) parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery.

   b. This exclusion **(A.7.)** does not apply to the ownership, maintenance or use of **your covered auto** by:

   (1) you;

   (2) any **family member**; or

   (3) any partner, agent or employee of you or any **family member**.

8. Any **insured** maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in exclusions **A.6.** or **A.7.** This exclusion **(A.8.)** does not apply to the maintenance or use of a:

   a. private passenger auto;

   b. pickup, motorhome or van that:

   (1) you own; or

   (2) you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

   (a) breakdown;

   (b) repair;

   (c) servicing;

   (d) loss; or

   (e) destruction; or

   c. **trailer** used with a vehicle described in **A.8.a.** or **A.8.b.** above.

9. Any **insured** using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to **a family member** using **your covered auto**.

10. a. **Bodily injury** or **property damage** for which any **insured:**

    (1) is an **insured** under a nuclear energy liability policy; or

    (2) would be an **insured** under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

    b. A nuclear energy liability policy is a policy issued by any of the following or their successors:

    (1) Nuclear Energy Liability Insurance Association;

    (2) Mutual Atomic Energy Liability Underwriters; or

    (3) Nuclear Insurance Association of Canada.

11. **Bodily injury** or **property damage** arising out of the use of **your covered auto** while leased or rented to others. However, this exclusion does not apply to the operation of **your covered auto** by you or a **family member**.

12. **Punitive or exemplary damages** awarded against any **insured**.

13. **Bodily injury** or **property damage** arising out of a criminal act or omission of the **insured**. This exclusion applies regardless of whether that insured is actually charged with, or convicted of, a crime. However, this exclusion **(13.)** does not apply to traffic violations.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. a. Any vehicle which:

   (1) has fewer than four wheels;

   (2) is designed mainly for use off public roads; or

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1087 of 1402**

    (3)  is a vehicle not licensed for use on public roads.

**b.** This exclusion does not apply:

    (1)  while such vehicle is being used by an **insured** in a medical emergency; or

    (2)  to any **trailer.**

**2.** Any vehicle, other than **your covered auto,** which is:

  **a.** owned by you; or

  **b.** furnished or available for your regular use.

**3.** **a.** Any vehicle, other than **your covered auto,** which is:

    (1)  owned by any **family member** or other person who resides with you; or

    (2)  furnished or available for the regular use of any **family member** or other person who resides with you.

  **b.** However, this exclusion **(B.3.)** does not apply to you while you are maintaining or **occupying** any vehicle which is:

    (1)  owned by a **family member** or other person who resides with you; or

    (2)  furnished or available for the regular use of a **family member** or other person who resides with you.

**4.** Any vehicle while it is:

  **a.** operating on a surface designed or used for racing, except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

  **b.** participating in a high performance driving or racing instruction course or school; or

  **c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

    (1)  race activity; or

    (2)  speed, performance, stunt, or demolition contest or exhibition.

## LIMIT OF LIABILITY

**A.** If the Declarations indicates "per person"/"per accident" coverage applies:

The limit of liability as shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages,

including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one auto accident.

This is the most we will pay regardless of the number of:

**1.** **Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the auto accident.

**B.** If the Declarations indicate **Combined Single Limit** applies, Paragraph **A.** above is replaced by the following:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

**1.** **Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate **minimum limits** required by law for **bodily injury** and **property damage** liability. However, this provision will not change our total limit of liability.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **B** or Part **C** of this policy.

**D.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer.**

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

**A.** If the state or province has:

  **1.** A financial responsibility or similar law specifying limits of liability for **bodily injury**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1088 of 1402**

or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required **minimum limits** and types of coverage.

**B.** No one will be entitled to duplicate payments for the same elements of loss.

**FINANCIAL RESPONSIBILITY**

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required. The **insured** must reimburse us

if we make a payment that we would not have made if this policy was not certified as proof of financial responsibility.

**OTHER INSURANCE**

**A.** If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

**B.** Any insurance we provide for a vehicle you do not own which is not a **rental vehicle** shall be excess over any other collectible insurance.

**C.** Any insurance we provide for a **rental vehicle** will be primary insurance except such insurance will be excess over any coverage an **insured** purchases from the owner of the **rental vehicle.**

---

## PART B — MEDICAL PAYMENTS COVERAGE

---

**INSURING AGREEMENT**

**A.** We will pay **usual and customary charges** incurred for reasonable and necessary medical and funeral expenses because of **bodily injury:**

1. Caused by accident; and

2. Sustained by an **insured.**

We will pay only those expenses incurred for services rendered within three (3) years from the date of the accident.

We have a right to review medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

**B.** "Insured" as used in this Part means:

1. You or any **family member:**

   a. while **occupying;** or

   b. as a pedestrian or bicyclist when struck by;

   a motor vehicle designed for use mainly on public roads or a **trailer** of any type.

2. Any other person while **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

3. Any other person while **occupying,** as a guest, an automobile not owned by you or a **family member,** while being operated by you or a **family member.**

**C.** "Usual and customary charges" as used in this Part mean:

Any amount which we determine represents a customary charge for services in the geographic area in which the service is rendered. To determine whether a charge is customary, we

may consider outside sources of information of our choice, including, but not limited to:

1. Licensed, certified or registered health care professionals;

2. Medical examinations;

3. Medical file reviews;

4. Medical bill review services; or

5. Computerized data bases.

The **insured** shall not be responsible for payment of any reduction applied by us. If a medical provider disputes an amount paid by us, we will be responsible for resolving such disputes.

**EXCLUSIONS**

We do not provide Medical Payments Coverage for any **insured** for **bodily injury:**

1. Sustained while **occupying** any motorized vehicle having fewer than four wheels.

2. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(2.)** does not apply to a share-the-expense car pool.

3. Sustained while **occupying** any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

4. Sustained while **occupying** any vehicle located for use as a residence or premises.

5. Occurring during the course of employment if workers' compensation benefits are required or available for the **bodily injury.**

6. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

   a. owned by you; or

   b. furnished or available for your regular use.

7. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

   a. owned by any **family member** or other person who resides with you; or

   b. furnished or available for the regular use of any **family member.**

   However, this exclusion **(7.)** does not apply to you.

8. Sustained while **occupying** a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However this exclusion does not apply to a **family member** using **your covered auto.**

9. Sustained while **occupying** a vehicle when it is being used in the **business** of an **insured.** This exclusion **(9.)** does not apply to **bodily injury** sustained while **occupying** a:

   a. private passenger auto;

   b. pickup, van or motorhome that you own; or

   c. **trailer** used with a vehicle described in **a.** or **b.** above.

10. Caused by or as a consequence of:

    a. discharge of a nuclear weapon (even if accidental);

    b. war (declared or undeclared);

    c. civil war;

    d. insurrection; or

    e. rebellion or revolution.

11. From or as a consequence of the following, whether controlled or uncontrolled or however caused:

    a. nuclear reaction;

    b. radiation; or

    c. radioactive contamination.

12. Sustained while **occupying** any vehicle while it is:

    a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

    b. participating in a high performance driving or racing instruction course or school; or

    c. preparing for, practicing for, used in, or competing in any prearranged or organized:

       (1) race activity; or

       (2) speed, performance, stunt, or demolition contest or exhibition.

13. Caused by the actual, alleged or threatened presence, growth, proliferation or spread of **fungi.**

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

   1. **Insureds;**

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations; or

   4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **C** of this policy.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance available for you or any **family member** covered under this policy, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

If there is other applicable auto medical payments insurance available for any person other than you or a **family member,** any insurance we provide shall be excess over any other applicable auto medical payments insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible auto medical payments insurance.

## PART C — UNINSURED/UNDERINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

A. We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** because of:

1. **Bodily injury** sustained by that **insured** and caused by an accident if the Declarations indicates that Uninsured/Underinsured Motorists Coverage Bodily Injury applies; and

2. **Property damage** caused by an accident, if the Declarations indicates that **property damage** Uninsured/Underinsured Motorists Coverage applies.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or **underinsured motor vehicle**.

If both the owner and operator of the **uninsured motor vehicle** or **underinsured motor vehicle** are unknown, payment under Uninsured/Underinsured Motorists Coverage shall be made only where direct physical contact between the **insured** and **uninsured motor vehicle** or **underinsured motor vehicle** has occurred.

We will pay damages under this coverage caused by an **underinsured motor vehicle** only if **1.** or **2.** below applies:

1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or

2. A tentative settlement has been made between an **insured** and the insurer of the **underinsured motor vehicle** and we:

   a. have been given prompt written notice of such tentative settlement; and

   b. advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

No judgment for damages arising out of a suit brought against the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** is binding on us unless we:

1. Received reasonable notice of the pending suit resulting in the judgment; and

2. Had a reasonable opportunity to protect our interests in the suit.

B. In addition to our limit of liability for this coverage, we will also pay that portion of the attorney's fees awarded as costs that an

**insured** would legally be entitled to recover under Rule 82 of the Alaska Rules of Civil Procedure from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle**.

The actual award of the attorney's fees will be calculated by applying the schedule for contested cases in Alaska Civil Rule of Procedure 82 using the limit of liability for Uninsured/Underinsured Motorists Coverage.

C. "**Insured**" as used in this Part means:

1. You or any **family member**.

2. Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

3. Any person entitled to recover damages because of **bodily injury** to which this coverage applies sustained by a person described in **C.1.** or **C.2.** above.

D. "**Property damage**", as used under this coverage, means damage to or destruction of **your covered auto**. However, **property damage** does not include loss of use of **your covered auto**.

E. "**Underinsured motor vehicle**" means a motor vehicle or **trailer** of any type licensed for highway use to which a liability bond or policy applies at the time of the accident but the limits of that bond or policy are not enough to pay the full amount the **insured** is legally entitled to recover as damages.

However, "**underinsured motor vehicle**" does not include any vehicle or equipment to which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

1. Denies coverage; or

2. If or becomes insolvent.

F. "**Uninsured motor vehicle**" means a motor vehicle or **trailer** of any type:

1. To which no liability bond or policy applies at the time of the accident.

2. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

   a. you or any **family member**;

   b. a vehicle which you or any **family member** are **occupying**; or

   c. **your covered auto**.

SA-1852/AKEP R1 4/09

— 8 —

3. To which a liability bond or policy applies at the time of the accident, but the bonding or insuring company:

   a. denies coverage; or

   b. is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

2. Designed mainly for use off public roads while not on public roads.

3. While located for use as a residence or premises.

4. Owned by any governmental unit or agency unless the governmental unit or agency is or becomes insolvent.

## EXCLUSIONS

A. We do not provide Uninsured/Underinsured Motorists Coverage for **bodily injury** or **property damage** sustained:

1. By an **insured** while **occupying,** or when struck by, any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

2. If that **insured** or the legal representative settles the **bodily injury** or **property damage** claim without our consent. However, this exclusion **(A.2.)** does not apply:

   a. if such settlement does not prejudice our right to recover payment; or

   b. to damages an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle.**

3. While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(B.2.)** does not apply to a share-the-expense car pool.

4. While using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

5. While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this

exclusion does not apply to you or any **family member** using **your covered auto.**

6. While **occupying** or operating an owned motorcycle or moped.

7. For the first $250 of the amount of **property damage** to **your covered auto** in any one accident.

8. While using any vehicle while it is:

   a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   b. participating in a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any prearranged or organized:

      (1) race activity; or

      (2) speed, performance, stunt, or demolition contest or exhibition.

B. This coverage shall not apply directly or indirectly to benefit:

1. Any insurer or self-insurer under any of the following or similar law:

   a. Workers compensation law; or

   b. Disability benefits law.

2. Any insurer of property.

C. We do not provide Uninsured/Underinsured Motorists Coverage for **punitive or exemplary damages.**

## LIMIT OF LIABILITY

A. The limit of Bodily Injury Liability shown in the Declarations for "each person" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person", the limit of Bodily Injury Liability shown in the Declarations for "each accident" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for Uninsured/Underinsured Motorist Property Damage is our maximum limit of liability for all **property damage** sustained in any one accident.

This is the most we will pay regardless of the number of:

**1. Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

**B.** Subject to this maximum, our limit of liability will be the lesser of:

1. The difference between the amount of an **insured's** damages for **bodily injury** or **property damage** and the amount paid to that **insured** for such damages, by or for a person who is or may be held legally liable for damages, including all sums paid under Part **A;**

2. For **property damage** only:

   a. The amount necessary to repair or replace **your covered auto** with other property of like kind and quality;

   b. The actual cash value of **your covered auto;** or

3. The applicable limit of liability for this coverage.

**C.** Any amounts otherwise payable for damages under this coverage shall apply over and above any amounts available to the **insured** because of the **bodily injury:**

1. By or for a person who is or may be held legally liable for damages. This includes all sums paid under Part **A.**

2. Under any of the following:

   a. workers compensation law; or

   b. automobile medical payments coverage.

**D.** In no event will an **insured** be entitled to receive duplicate payments for the same elements of loss.

**E.** No payment will be made for loss paid to the **insured** under Part **D** of this policy or any similar physical damages insurance under any other policy.

**F.** If Combined Single Limit applies to Uninsured/Underinsured Motorists Coverage, paragraph **(A.)** above is replaced by the following:

The limit of liability shown in the Declarations for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

**1. Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

**G.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer.**

**OTHER INSURANCE**

**A.** If there is other applicable uninsured/underinsured motorists coverage available under more than one provision of coverage when two or more vehicles are insured under this policy, any recovery for damages may equal but not exceed the highest applicable limit for any one vehicle under this policy. If there is other applicable uninsured/underinsured motorists coverage available under any other policy, issued to you by us, any recovery for damages may equal but not exceed the highest limit of liability under any one policy.

**B.** If there is other applicable uninsured/underinsured motorists coverage available under more than one policy, the following priorities of recovery apply:

| | |
|---|---|
| FIRST | A policy or coverage covering a motor vehicle occupied by the injured person or a policy or coverage covering a pedestrian as a named insured. |
| SECOND | A policy or coverage covering a motor vehicle occupied by the injured person as an insured other than as a named insured. |
| THIRD | A policy or coverage not covering a motor vehicle occupied by the injured person but covering the injured person as a named insured; |
| FOURTH | A policy or coverage not covering a motor vehicle occupied by the injured person but covering the injured person as an insured other than as a named insured. |

We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all limits applicable to the same level of priority.

**ARBITRATION**

**A.** If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that **insured;**

from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

Each party will pay the counsel fees and adjuster fees it incurs.

### ADDITIONAL DUTIES

A person seeking Underinsured Motorists Coverage must also promptly:

1. Send us copies of the legal papers if a suit is brought; and

2. Notify us in writing of a tentative settlement between the **insured** and the insurer of the **underinsured motor vehicle** and allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **underinsured motor vehicle.**

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

---

### INSURING AGREEMENT

A. We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto**, including its equipment, any child safety seat in use in **your covered auto** or **non-owned auto**, minus any applicable deductible shown in the Declarations. We will pay for loss to **your covered auto** caused by:

1. Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto**, we will provide the broadest coverage applicable to any vehicle shown in the Declarations.

**Deductible**

Unless stated otherwise, the applicable deductible shown in the Declarations shall be applied to each accidental loss covered under this Part of the policy. However,

a. if loss to more than one of **your covered autos** or a **non-owned auto** results from the same loss, only the highest applicable deductible will apply;

b. in the event of a **collision** with another vehicle insured by a Safeco insurance company, other than a vehicle described as **your covered auto** or **non-owned auto**, no deductible will apply.

c. if loss to **your covered auto** or a **non-owned auto** results from the

same event as a covered loss under your Homeowners, Condominium or Rental policy issued by a Safeco company, no deductible will apply to **your covered auto** or a **non-owned auto.**

B. "Collision" means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object.

"Comprehensive" means loss, other than **collision**, to **your covered auto** or a **non-owned auto.** Losses caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision**, you may elect to have it considered a loss caused by **collision.**

C. 1. "Non-owned auto" means:

a. Any private passenger auto, pickup, van (other than cargo van) or **trailer** with a Gross Vehicle Weight rating of 12,000 pounds or less or any cargo van or moving van with a Gross Vehicle Weight Rating of 18,000 pounds or less, not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1094 of 1402**

b. Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

   **(1)** breakdown;

   **(2)** repair;

   **(3)** servicing;

   **(4)** loss; or

   **(5)** destruction.

**2.** **"Non-owned auto"** does not include any vehicle which has been operated or rented by or in the possession of an **insured** for 30 or more consecutive days. This does not apply to a temporary substitute vehicle authorized by us.

**D.** **"Camper body"** means a body equipped as sleeping or living quarters which is designed to be mounted on a pickup.

**E.** **"Diminution in value"** means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

**TRANSPORTATION EXPENSES**

**A.** Subject to the limitations described in paragraphs **B.** and **C.,** below, we will pay:

**1.** Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto** or a **non-owned auto.** We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto. We will pay only expenses incurred during the period:

   **a.** beginning 48 hours after the theft; and

   **b.** ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

**2.** Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto.** We will pay only expenses beginning when the **non-owned auto** is withdrawn from use for more than 24 hours. We will pay for indirect loss expenses if the loss is caused by:

   **a.** a **comprehensive** loss only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

   **b.** **collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

**B.** For the expenses described in paragraphs **A.1.** and **A.2.** we will pay the greater of the following, without application of a deductible:

**1.** Up to $25 per day, to a maximum of $750; or

**2.** The limit for Loss of Use, if any, shown in the Declarations.

**C.** Our payment for the expenses described in paragraphs **A.1.** and **A.2.** will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto.**

**EXCLUSIONS**

We will not pay for:

**1.** Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This exclusion **(1.)** does not apply to a share-the-expense car pool.

**2.** Loss to **your covered auto** or any **non-owned auto** while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

**3.** Damage or loss due and confined to:

   **a.** wear and tear;

   **b.** freezing;

   **c.** mechanical or electrical breakdown or failure; or

   **d.** road damage to tires.

This exclusion **(3.)** does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

**4.** Damage or loss arising out of neglect. Neglect means your failure to adequately maintain **your covered auto** or **non-owned auto** after the loss.

With respect to water under Comprehensive Coverage, there is no coverage for:

   **a.** moisture, condensation, humidity, or vapor;

   **b.** water intrusion around or through panels, surfaces and seals; or

   **c.** water that collects in spaces or ventilation systems; or

   **d.** **fungi** or dry rot;

resulting from neglect.

**5.** Loss due to or as a consequence of:

   **a.** discharge of any nuclear weapon (even if accidental);

   **b.** war (declared or undeclared);

   **c.** civil war;

**d.** insurrection; or

**e.** rebellion or revolution.

**6.** Loss from or as a consequence of the following, whether controlled or uncontrolled or however caused:

**a.** nuclear reaction;

**b.** radiation; or

**c.** radioactive contamination.

**7.** Loss to:

**a.** any electronic equipment designed for the production or reproduction of sound, pictures, audio, visual or data or that receives or transmits sound, pictures or data signals.

**b.** This exclusion (**7.**) does not apply to:

  **(1)** equipment designed for the reproduction of sound or transmission of sound, pictures, audio, visual or data signals and accessories used with such equipment, provided:

    **(a)** the electronic equipment is permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto;** or

    **(b)** the electronic equipment is:

      **i.** removable from a housing unit which is permanently installed by the original vehicle manufacturer or manufacturer's dealership in the auto;

      **ii.** designed to be solely operated by use of the power from the auto's electrical system; and

      **iii.** in or upon **your covered auto** or any **non-owned auto;**

    at the time of loss.

    **(c)** any equipment installed through our Teensurance™ program.

  However, we will pay only up to a total of $1,000 or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for all such equipment that is not installed by the original vehicle manufacturer or manufacturer's dealership.

  **(2)** any other electronic equipment that is:

    **(a)** necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

    **(b)** an integral part of the same unit housing any electronic equipment described in **7.a.** and permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto.**

**8.** Loss to:

**a.** tapes, records, discs, or other media used with such equipment described in exclusion (**7.**); or

**b.** any other accessories, not permanently installed used with such equipment described in exclusion (**7.**).

**9.** Loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities because you or any **family member:**

**a.** engaged in illegal activities; or

**b.** failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion (**9.**) does not apply to the interests of Loss Payees in **your covered auto.**

**10.** Loss to a **camper body,** motorhome or **trailer** you own which is not shown in the Declarations. This exclusion (**10.**) does not apply to a **camper body,** motorhome or **trailer** you:

**a.** acquire during the policy period; and

**b.** ask us to insure within 30 days after you become the owner.

**11.** Loss to any **non-owned auto** when used by you or any **family member** without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.

**12.** Loss to equipment, whether operational or not, whose design may be used for the detection or location of law enforcement equipment.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1096 of 1402**

13. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

    **a.** selling;

    **b.** repairing;

    **c.** servicing;

    **d.** storing; or

    **e.** parking;

vehicles designed for use on public highways. This includes road testing and delivery.

14. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion **2.** and **13.** This exclusion **(14.)** does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

15. Loss to **your covered auto** or any **non-owned auto** while it is:

    **a.** operating on a surface designed or used for racing. This does not apply to an organized and controlled event that is not a speed, performance, stunt or demolition event;

    **b.** participating in a high performance driving or racing instruction course or school; or

    **c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

        **(1)** race activity; or

        **(2)** speed, performance, stunt, or demolition contest or exhibition.

16. Loss to, or loss of use of, a **non-owned auto** rented by:

    **a.** you; or

    **b.** any **family member;**

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

17. Loss to **your covered auto** or any **non-owned auto,** arising out of the actual, alleged or threatened presence, growth, proliferation or spread of **fungi** or dry rot.

18. Loss to **your covered auto, non-owned auto,** or **trailer,** for diminution in value.

19. Loss in excess of $1,000 per claim or the actual cash value of **your covered auto**

or any **non-owned auto,** whichever is less, for any furnishings or equipment that were not installed by the original vehicle manufacturer or manufacturer's dealership which mechanically or structurally changes your vehicle and results in increase in performance or change in appearance, including but not limited to:

    **a.** custom murals, paintings or other decals or graphics;

    **b.** custom wheels, tachometers, pressure and temperature gauges;

    **c.** modified or custom engines and fuel systems, light bars, racing slicks and/or oversized tires, roll bars and lift kits, winches, utility boxes, and tool boxes; or

    **d.** non-standard paint.

This exclusion does not apply to:

    **a.** equipment installed to make a vehicle handicap accessible;

    **b.** a cap, cover or bedliner in or upon any **your covered auto** which is a pickup; or

    **c.** a **rental vehicle.**

20. Loss arising out of the use of **your covered auto** while leased or rented to others.

21. Loss to **your covered auto** or a **non-owned auto** caused by an intentional act by you or a **family member,** or at the direction of you or a **family member.**

**LIMIT OF LIABILITY**

**A.** At our option, our limit of liability for loss will be the lowest of:

1. The actual cash value of the stolen or damaged property;

2.   **a.** The amount necessary to repair or replace the property;

    **b.** Determination of the cost of repair or replacement will be based upon one of the following:

        **(1)** the cost of repair or replacement agreed upon by you and us;

        **(2)** a competitive bid approved by us; or

        **(3)** an estimate written based upon the prevailing competitive price. You agree with us that we may include in the estimate parts furnished by the original vehicle manufacturer or parts from other sources including non-original equipment manufacturers. The

prevailing competitive price means prices charged by a majority of the repair market in the area where the vehicle is to be repaired as determined by us; or

**3.** The limit of liability shown in the Declarations.

However, the most we will pay for loss to any **non-owned auto**, which is a **trailer**, is $1,500.

**B.** An adjustment for depreciation and physical condition may be made based upon the physical condition and wear and tear of the property or damaged part of the property at the time of the loss. This adjustment for physical condition includes but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges and paint condition. When replacing parts normally subject to repair or replacement during the useful life of the vehicle, we will not pay for the amount of any betterment.

**C.** No payment will be made under this coverage for loss paid under Property Damage Uninsured/Underinsured Motorists Coverage of this policy or any similar insurance under any other policy.

**PAYMENT OF LOSS**

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

**1.** You; or

**2.** The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

**NO BENEFIT TO BAILEE**

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER SOURCES OF RECOVERY**

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

**1.** Any coverage provided by the owner of the **non-owned auto** except a **rental vehicle;**

**2.** Any other applicable physical damage insurance;

**3.** Any other source of recovery applicable to the loss.

However, any insurance we provide for a **rental vehicle** will be primary insurance except any such insurance will be excess over any coverage an **insured** purchases from the owner or operator of the **rental vehicle.**

**APPRAISAL**

**A.** If you and we fail to agree on the amount of loss, either may make written demand upon the other for an appraisal of the loss. In this event, within 10 days of the demand, each party will choose a competent appraiser and will notify the other of the appraiser selected. The two appraisers will promptly choose a competent and impartial umpire. Not later than 15 days after the umpire has been chosen, unless this time period is extended by the umpire, each appraiser will separately state, in writing, the actual cash value and the amount of loss. If the appraisers submit a written report of an agreement on the actual cash value and the amount of loss to us, that agreement will be binding on you and us. If the appraisers fail to agree, they will promptly submit their differences to the umpire. A decision agreed to by one of the appraisers and the umpire will be binding on you and us.

Each party will:

**1.** Pay its own counsel and adjuster fees; and

**2.** Bear those other expenses and fees which are incurred as a result of the appraisal, either in entirety or proportionately, as determined by the umpire.

**B.** Neither you nor we waive our rights under this policy by agreeing to an appraisal.

---

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**A.** We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

SA-1852/AKEP R1 4/09                                — 15 —

**B.** A person seeking any coverage must:

**1.** Cooperate with us in the investigation, settlement or defense of any claim or suit.

**2.** Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

**3.** Submit, as often as we reasonably require:

**a.** to physical examinations by physicians we select. We will pay for these exams.

**b.** to examination under oath and subscribe the same. We may examine any **insured** separately and apart from the presence of any other **insured**. Such person has a right to have counsel present during any examination taken under oath.

**4.** Authorize us to obtain:

**a.** medical reports; and

**b.** other pertinent records.

**5.** Submit a proof of loss, under oath if requested, when required by us.

**C.** A person seeking Uninsured/Underinsured Motorists Coverage must also:

**1.** Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable when a hit-and-run driver is involved.

**2.** Promptly send us copies of the legal papers if a suit is brought.

**D.** A person seeking Coverage for Damage to Your Auto must also:

**1.** Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

**2.** Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

**3.** Permit us to inspect and appraise the damaged property before its repair or disposal.

---

## PART F — GENERAL PROVISIONS

---

### POLICY PERIOD AND TERRITORY

**A.** This policy applies only to accidents and losses which occur:

**1.** During the policy period as shown in the Declarations; and

**2.** Within the policy territory.

**B.** The policy period is the period stated in the Declarations. The policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

**C.** The policy territory is:

**1.** The United States of America, its territories or possessions;

**2.** Puerto Rico; or

**3.** Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

### BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

### CHANGES

**A.** Before the end of any policy period, we may offer to change the coverage provided in this policy. If the renewal premium is increased more than 10 percent for a reason other than an increase in coverage or exposure base, or if after renewal there will be a material restriction or reduction in coverage not specifically requested by the **insured,** written notice shall be mailed by first class mail to the last known address of the **insured** to the **insured** and to the agent or broker of record, at least 20 days before expiration of this policy. If notice before expiration of the policy is not given as required, the existing policy shall continue until we provide notice for the 20-day time period required.

**B.** This policy, your Declarations page and endorsements issued by us to this policy contain all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

**C.** The premium for each vehicle is based on information we have received from you or other sources. You agree to cooperate with us in determining if this information is correct and complete and you will notify us if it changes. If this information is incorrect, incomplete, or changes, we will adjust your premium during the

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1099 of 1402**

policy term or take other appropriate action based upon the corrected, completed or changed information. Changes during the policy term that will result in a premium increase or decrease during the policy term include, but are not limited to, changes in:

1. The number, type or use classification of insured vehicles.

2. Operators using insured vehicles including newly licensed **family member** drivers and any household members that have licenses.

3. The location where your vehicle is principally garaged.

4. Customized equipment or parts.

5. You also agree to disclose to us all licensed drivers residing in your household.

**D.** If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph (**D.**) does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

1. A subsequent edition of your policy; or

2. An Amendatory Endorsement.

**E.** Additional or return premium of $3.00 or less resulting from policy changes will be waived.

**PAYMENT OF PREMIUM**

If your initial premium payment is by check, draft or any remittance other than cash, coverage under this policy is conditioned upon the check, draft or remittance being honored upon presentment to the bank or other financial institution. If the check, draft or remittance is not honored upon presentment, this policy may, at our option, be deemed void from its inception. This means that we will not be liable under this policy for any claims or damages which would otherwise be covered if the check, draft, or remittance had been honored upon presentment.

**FRAUD**

This policy was issued in reliance upon the information provided on your application. We may deny coverage under this policy if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, at the time application was made or any time during the policy period.

We may deny coverage for an accident or loss if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim. However, the provisions of this paragraph will not apply to Part **A** — Liability Coverage.

We may deny coverage for fraud or material misrepresentation even after the occurrence of an accident or loss. This means we will not be liable for any claims or damages which would otherwise be covered. If we make a payment, we may request that you reimburse us. If so requested, you must reimburse us for any payments we may have already made. However, the provisions of this paragraph will not apply to Part **A** — Liability Coverage.

**LEGAL ACTION AGAINST US**

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A**, no legal action may be brought against us until:

1. We agree in writing that the **insured** has a legal obligation to pay damages; or

2. The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring us into any action to determine the legal liability of an **insured.**

**OUR RIGHT TO RECOVER PAYMENT**

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another person, entity or organization we shall be subrogated to that right. That person shall:

1. Do whatever is necessary to enable us to exercise our rights; and

2. Do nothing after loss to prejudice them.

However, our rights in this paragraph (**A.**) do not apply under Part **D**, against any person using **your covered auto** with your express or implied permission or other person having lawful possession and is not using a vehicle beyond the scope of the permission granted.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

**C.** 1. Our rights do not apply under paragraph **A.** with respect to Underinsured Motorists Coverage if:

a. We have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **underinsured motor vehicle;** and

SA-1852/AKEP R1 4/09 — 17 —

**b.** We fail to advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

**2.** If we advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification:

**a.** That payment will be separate from any amount the **insured** is entitled to recover under the provisions of Underinsured Motorists Coverage; and

**b.** We also have a right to recover the advanced payment.

**D.** With respect to Uninsured/Underinsured Motorists Coverage, we shall be entitled to a recovery under Paragraph **A.** or **B.** only after the person has been fully compensated for damages.

## TERMINATION

**A. Cancellation.** This policy may be canceled during the policy period as follows:

**1.** The named insured shown in the Declarations may cancel by:

**a.** returning this policy to us; or

**b.** giving us advance written or verbal notice of the date cancellation is to take effect. We may waive the requirement the notice be in writing by confirming the date and time of cancellation to you in writing.

**2.** We may cancel by mailing to the named insured shown in the Declarations at the address last known to us:

**a.** at least 10 days notice if your driver's license or motor vehicle registration or that of:

**(1)** any driver who lives with you; or

**(2)** any driver who customarily uses **your covered auto;**

has been suspended or revoked during the policy period.

**b.** at least 20 days notice if cancellation is for nonpayment of premium.

**c.** at least 30 days notice in all other cases.

**3.** After this policy is in effect for 60 days, or if this is a renewal policy, we will cancel only:

**a.** for nonpayment of premium; or

**b.** if your motor vehicle registration or your driver's license or that of:

**(1)** any driver who lives with you; or

**(2)** any driver who customarily uses **your covered auto;**

has been suspended or revoked. This must have occurred:

**(1)** during the policy period; or

**(2)** since the last anniversary of the original effective date if the policy period is other than 1 year.

However, this Paragraph **(b.)** shall not apply to revocation of a driver's license of a person due to a non-driving related violation for consuming or possessing alcohol while under the age of 21.

**B. Nonrenewal.** If we decide not to renew this policy, we will mail notice to the named insured shown in the Declarations at the address last known to us. Notice will be mailed at least 20 days before the end of the policy period. Subject to this notice requirement, if the policy period is other than one year, we will have the right not to renew at each anniversary of the original effective date.

**C. Automatic Termination.** If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

Coverage for **your covered auto** shall automatically terminate on the effective date of any other motor vehicle insurance policy covering that vehicle.

**D. Other Termination Provisions.**

We will comply with those requirements.

**1.** Proof of mailing of any notice shall be sufficient proof of notice.

**2.** If this policy is canceled, you may be entitled to a premium refund.

If we cancel, we will refund you the pro rata unearned premium. We will send you the refund within 45 days after notice of cancellation is given.

If you cancel, we will refund you the pro rata unearned premium minus a cancellation fee of 7.5% of the pro rata unearned premium. We will send you the refund within 45 days of receipt of the request for

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1101 of 1402**

cancellation or before the effective date of cancellation, whichever is later.

However, we will not retain the cancellation fee if:

**a.**  you cancel this policy because:

   **(1)**  you have disposed of **your covered auto,** and you insure another auto with us under a new policy, to become effective within 30 days of the effective date of cancellation of this policy; or

   **(2)**  **your covered auto** has been repossessed under the terms of a financing agreement; or

   **(3)**  you are entering the armed forces of the United States of America; or

   **(4)**  **your covered auto** was stolen or destroyed, and you request cancellation:

      **(a)**  within 30 days following the date **your covered auto** was stolen or destroyed; or

      **(b)**  within 15 days of the time we determine **your covered auto** was destroyed, or if stolen, to be unrecoverable.

      **(c)**  you cancel this policy but there remains in force with us a policy in your name insuring another auto.

      **(d)**  this policy is written for a term of greater than one year and you cancel the policy after it has been in effect for one year.

**3.**  The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**A.**  Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

   **1.**  The surviving spouse, civil partner or **domestic partner** if resident in the same household at the time of death. Coverage applies to the spouse, civil partner or **domestic partner** as if a named insured shown in the Declarations; and

   **2.**  The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

**B.**  Coverage will only be provided until the end of the policy period.

**TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES**

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto. In no event shall the limit of liability of two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to you or any **insured.**

**LOSS PAYABLE CLAUSE**

As to the interest of the loss payee, this policy will remain in effect from the inception date and until ten days after proof of mailing that the cancellation notice has been mailed to the loss payee. When we pay the loss payee we shall, to the extent of payment, have the loss payee's rights of recovery.

Where fraud, misrepresentation, material omission, or intentional damage has been committed by or at the direction of any **insured,** or where the loss is otherwise not covered under the terms of the policy, the loss payee or lienholder's interest will not be protected.

**STORAGE COSTS**

If you give us your consent, we may move the damaged property, at our expense, to reduce storage costs during the claims process. If you do not give us your consent, we will pay only the storage costs which would have resulted if we had moved the damaged property.

**NAMED DRIVER EXCLUSION**

If there is an excluded driver under this policy, then we will not provide coverage for any claim arising from an accident or loss involving a motor vehicle being operated by that excluded person. This includes any claim for damages made against you or any **family member** or any other person or organization that is vicariously liable for an accident arising out of the operation of a motor vehicle by the excluded driver.

---

## ADDITIONAL COVERAGES

---

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

---

### COVERAGE FOR DAMAGE TO A RENTAL VEHICLE — ALASKA

This coverage is subject to all the provisions of the policy, except as modified as follows:

**Insuring Agreement**

**A.** We will pay for direct and accidental loss to a **rental vehicle,** including its equipment, minus any applicable deductible shown in the Declarations including its equipment, any child safety seat in use in **rental vehicles.** We will pay for loss to a **rental vehicle** caused by:

 **1.** Other than **collision** only if the Declarations indicate that Comprehensive Coverage for Damage to a Rental Vehicle is provided.

 **2.** **Collision** only if the Declarations indicate that Collision Coverage for Damage to a Rental Vehicle is provided.

 Unless stated otherwise, the applicable deductible shown in the Declarations shall be applied to each accidental loss covered under this Part of the policy. If loss to more than one **rental vehicle** results from the same loss, only the highest applicable deductible will apply.

**B.** **"Collision"** means the upset of a **rental vehicle** or its impact with another vehicle or object.

 **"Comprehensive"** means loss, other than **collision,** to a **rental vehicle.** Loss caused by the following are not **collision** losses but are **comprehensive** losses:

 Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

 If breakage of glass is caused by a **collision,** you may elect to have it considered a loss caused by **collision.**

**C.** **"Rental vehicle"** means:

 **1.** A private passenger auto;

 **2.** A pickup or van; or

 **3.** A **trailer;**

 rented by you or any **family member** from any person or organization licensed under applicable state laws to engage in the **business** of renting vehicles to the public while in the custody of or being operated by you or any **family member.** However, a **rental vehicle** does not include any

vehicle rented for the regular use of you or any **family member.**

**Loss of Use Expenses**

**A.** In addition we will pay, without application of a deductible, up to $25 per day, to a maximum of $750, for loss of use expenses for which you become legally responsible in the event of loss to a **rental vehicle.**

**B.** This coverage applies only if:

 **1.** The **rental vehicle** is withdrawn from use for more than 24 hours; and

 **2.** The loss is covered under this coverage.

**C.** If the loss is caused by other than a total theft of a **rental vehicle,** our payment will be limited to that period of time reasonably required to repair or replace the **rental vehicle.**

**D.** If the loss is caused by a total theft of a **rental vehicle,** we will pay only expenses incurred during the period:

 **1.** Beginning 48 hours after the theft; and

 **2.** Ending when the **rental vehicle** is returned to use or we pay for its loss.

**Exclusions**

We will not pay for:

 **1.** Loss to any **rental vehicle** which occurs while it is being used as a public or livery conveyance. This exclusion **(1.)** does not apply to a share-the-expense car pool.

 **2.** Loss to **your covered auto** or any **non-owned auto** while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

 **3.** Damage or loss due and confined to:

 **a.** wear and tear;

 **b.** freezing;

 **c.** mechanical or electrical breakdown or failure; or

 **d.** road damage to tires.

 This exclusion **(3.)** does not apply if the damage results from the total theft of a **rental vehicle.**

SA-1852/AKEP R1 4/09

— 20 —

4. Damage or loss arising out of neglect. Neglect means your failure to adequately maintain **rental vehicle covered auto** after the loss.

With respect to water under Comprehensive Coverage, there is no coverage for:

**a.** moisture, condensation, humidity, or vapor;

**b.** water intrusion around or through panels, surfaces and seals; or

**c.** water that collects in spaces of ventilation systems; or

**d.** **fungi,** dry rot or bacteria;

resulting from neglect.

5. Loss due to or as a consequence of:

**a.** discharge of any nuclear weapon (even if accidental);

**b.** war (declared or undeclared);

**c.** civil war;

**d.** insurrection; or

**e.** rebellion or revolution.

6. Loss from or as a consequence of the following, whether controlled or uncontrolled or however caused:

**a.** nuclear reaction;

**b.** radiation; or

**c.** radioactive contamination.

7. Loss to:

**a.** any electronic equipment designed for the production or reproduction of sound, pictures, audio, visual or data or that receives or transmits sound, pictures or data signals.

**b.** This exclusion (**7.**) does not apply to:

**(1)** equipment designed for the reproduction of sound or transmission of sound, pictures, audio, visual or data signals and accessories used with such equipment, provided:

**(a)** the electronic equipment is permanently installed by the original vehicle manufacturer or manufacturer's dealership in the **rental vehicle;** or

**(b)** the electronic equipment is:

**i.** removable from a housing unit which is permanently installed by the original vehicle

manufacturer or manufacturer's dealership in the auto;

**ii.** designed to be solely operated by use of the power from the auto's electrical system; and

**iii.** in or upon the **rental vehicle;**

at the time of loss.

However, we will pay only up to a total of $1,000 or the actual cash value of the **rental vehicle,** whichever is less, for all such equipment that is not installed by the original vehicle manufacturer or manufacturer's dealership.

**(2)** any other electronic equipment that is:

**(a)** necessary for the normal operation of the auto or the monitoring of the auto's operating systems;

**(b)** an integral part of the same unit housing any electronic equipment described in **7.a.** and permanently installed by the original vehicle manufacturer or manufacturer's dealership in the **rental vehicle.**

8. Loss to a **rental vehicle** due to destruction or confiscation by government or civil authorities because you or any **family member:**

**a.** engaged in illegal activities; or

**b.** failed to comply with Environmental Protection Agency or Department of Transportation standards.

9. Loss to any **non-owned auto** when used by your or any **family member** without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.

10. Loss to equipment, whether operational or not, whose design may be used for the detection or location of law enforcement equipment.

11. Loss to any **rental vehicle** being maintained or used by any person while employed or otherwise engaged in the **business** of:

**a.** selling;

**b.** repairing;

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1104 of 1402

c. servicing;

d. storing; or

e. parking;

vehicles designed for use on public highways. This includes road testing and delivery.

12. Loss to any **rental vehicle** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion **11.** This exclusion (**12.**) does not apply to the maintenance or use by you or any **family member** of a **rental vehicle** which is a private passenger auto or **trailer.**

13. Loss to a **rental vehicle** while it is:

a. operating on a surface designed or used for racing. This does not apply to an organized and controlled event that is not a speed, performance, stunt or demolition event;

b. participating in a high performance driving or racing instruction course or school; or

c. preparing for, practicing for, used in, or competing in any spontaneous, prearranged, or organized:

(1) race activity; or

(2) speed. performance, stunt, or demolition contest or exhibition.

14. Loss to, or loss of use of, a **rental vehicle** rented by:

a. You; or

b. Any **family member;**

if a rental company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

15. Loss to a **rental vehicle** for **diminution in value.**

16. Loss in excess of $1,000 per claim or the actual cash value of a **rental vehicle,** whichever is less, for any furnishings or equipment that were not installed by the original vehicle manufacturer or manufacturer's dealership which mechanically or structurally changes your vehicle and results in increase in performance or change in appearance, including but not limited to:

a. custom murals, paintings or other decals or graphics;

b. custom wheels, tachometers, pressure and temperature gauges;

c. modified or custom engines and fuel systems, light bars, racing slicks and/or oversized tires, roll bars and lift kits, winches, utility boxes, and tool boxes, or

d. non-standard paint.

This exclusion does not apply to equipment installed to make a vehicle handicap accessible.

17. Loss to any **rental vehicle** caused by an intentional act by you or a **family member,** or at the direction of you or a **family member.**

**Limit of Liability**

A. At our option, our limit of liability for loss will be the lowest of:

1. The actual cash value of the stolen or damaged property;

2. a. The amount necessary to repair or replace the property;

b. Determination of the cost of repair or replacement will be based upon one of the following:

(1) the cost or repair or replacement agreed upon by you and us;

(2) a competitive bid approved by us; or

(3) an estimate written based upon the prevailing competitive price. You agree with us that we may include in the estimate parts furnished by the original vehicle manufacturer or parts from other sources including non-original equipment manufacturers. The prevailing competitive price means prices charged by a majority of the repair market in the area where the vehicle is to be repaired as determined by us; or

3. The limit of liability shown in the Declarations.

However, the most we will pay for loss to any **rental vehicle,** which is a **trailer,** is $1,500.

B. An adjustment for depreciation and physical condition may be made based upon the physical condition and wear and tear of the property or damaged part of the property at the time of the loss. This adjustment for physical condition includes but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges and paint condition. When replacing parts normally subject to repair or replacement during the useful life of the vehicle, we will not pay for the amount of any betterment.

SA-1852/AKEP R1 4/09

— 22 —

**C.**   No payment will be made under this coverage for loss paid under Property Damage Uninsured/Underinsured Motorists Coverage of this policy or any similar insurance under any other policy.

**Payment of Loss**

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

**1.**   You; or

**2.**   The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

**No Benefit to Bailee**

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**Other Sources of Recovery**

**A.**   If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

**B.**   Any insurance we provide with respect to a **rental vehicle** shall be primary insurance except any such insurance shall be excess over any coverage an **insured** purchases from the owner of the **rental vehicle.**

**Appraisal**

**A.**   If you and we fail to agree on the amount of loss, either may make written demand upon the other for an appraisal of the loss. In this event, within 10 days of the demand, each party will choose a competent appraiser and will notify the other of the appraiser selected. The two appraisers will promptly choose a competent and impartial umpire. Not later than 15 days after the umpire has been chosen, unless this time period is extended by the umpire, each appraiser will separately state, in writing, the actual cash value and the amount of loss. If the appraisers submit a written report of an agreement on the actual cash value and the amount of loss to us, that agreement will be binding on you and us. If the appraisers fail to agree, they will promptly submit their differences to the umpire. A decision agreed to by one of the appraisers and the umpire will be binding on you and us.

Each party will:

**1.**   Pay its own counsel and adjuster fees; and

**2.**   Bear those other expenses and fees which are incurred as a result of the appraisal, either in entirety or proportionately, as determined by the umpire.

**B.**   Neither you nor we waive any of our rights under this policy by agreeing to an appraisal.

**Termination of Coverage for Damage to a Rental Vehicle**

**1.**   If you obtain Comprehensive Coverage under this policy or any other policy issued or delivered in Alaska on a vehicle owned by you, Comprehensive Coverage for Damage to a Rental Vehicle provided under this coverage will terminate on the effective date of the Comprehensive Coverage on the vehicle you own.

**2.**   If you obtain Collision Coverage under this policy or any other policy issued or delivered in Alaska on a vehicle owned by you, Collision Coverage for Damage to a Rental Vehicle provided under this coverage will terminate on the effective date of the Collision Coverage on the vehicle you own.

**Part E — Duties After an Accident or Loss**

Paragraph **D.** of Part E is replaced by the following for Coverage for Damage to a Rental Vehicle:

A person seeking Coverage for Damage to a Rental Vehicle must also:

**1.**   Take reasonable steps after loss to protect the **rental vehicle** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

**2.**   Promptly notify the police if the **rental vehicle** is stolen.

**3.**   Permit us to inspect and appraise the damaged property before its repair or disposal.

---

**ROADSIDE ASSISTANCE COVERAGE CALL 1-877-ROAD 101 (1-877-762-3101)**

**"Your covered auto"** as used in this endorsement means a private passenger vehicle, motor home or trailer owned by you and for which a specific premium is shown on the Declarations for this coverage.

The following coverages apply to each vehicle for which this coverage is shown on the Policy Declarations:

**1.**   Each time **your covered auto** or any **non-owned auto** is disabled due to mechanical or electrical breakdown we will pay reasonable and necessary expenses for the use of an **authorized service provider** to tow or flatbed **your covered auto** or **non-owned auto** up to 10 miles or to the nearest qualified place where necessary repairs can be made during regular **business** hours.

SA-1852/AKEP R1 4/09                                    — 23 —

**2.** Each time **your covered auto** or any **non-owned auto** is disabled requiring:

    **a.** Towing to dislodge the vehicle from its place of disablement within 100 feet of a public street or highway; or

    **b.** Labor, including change of tire, at the place of its breakdown; or

    **c.** Delivery of fuel, oil, water or other fluids (we do not pay the costs of these items); or

    **d.** Key lock-out services;

    we will cover up to one (1) hour of labor for the use of an **authorized service provider** for service at the place of disablement.

**3.** For policies with a six month policy term, coverage is limited to no more than two occurrences per vehicle plus an additional two occurrences per policy in a 6 month policy period for both coverages **1.** and **2.,** above.

**4.** For policies with an annual policy term, coverage is limited to no more than four occurrences per vehicle plus an additional four occurrences per policy in a 12 month policy period for both coverages **1.** and **2.** above.

**Authorized service provider** means a service provider contracted by us providing, at no charge to you, roadside assistance as described and limited above.

When service is provided by other than an **authorized service provider, we** will reimburse you only for reasonable charges as determined by us.

No deductible applies to this coverage.

---

## LOSS OF USE COVERAGE

The provisions and exclusions that apply to Part **D** — Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use Coverage is afforded, we will reimburse you for expenses you incur to rent a substitute vehicle.

This coverage applies only if:

**1.** The vehicle is withdrawn from use for more than 24 hours;

**2.** The loss is caused by **collision,** or is covered by the Comprehensive Coverage of this policy; and

**3.** The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the vehicle.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the vehicle.

Our payment will be limited to that period of time reasonably required to repair or replace the vehicle. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

No deductible applies to this coverage.

---

## FULL SAFETY GLASS COVERAGE

We will pay under Comprehensive Coverage for the cost of repairing or replacing damaged **safety equipment** on **your covered auto** without a deductible. We will pay only if:

**1.** The Declarations indicates that Comprehensive Coverage applies; and

**2.** A specific premium charge for Full Safety Glass Coverage is shown in the Declarations for **your covered auto.**

**"Safety equipment",** as used in this coverage means the:

**1.** Glass used in the windshield, doors and windows of **your covered auto;** and

**2.** Glass, plastic or other material used in the lights of **your covered auto.**

 Safeco Insurance

### OREGON PERSONAL AUTO POLICY

SAFECO INSURANCE COMPANY OF OREGON
Home Office: 4101 Kruse Way, Lake Oswego, Oregon 97035-2542
(A stock insurance company.)

### READY REFERENCE TO YOUR AUTO POLICY

|  | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A — LIABILITY COVERAGE** | 2 |
| Insuring Agreement | |
| Supplementary Payments | |
| Exclusions | |
| Limit of Liability | |
| Out of State Coverage | |
| Financial Responsibility | |
| Other Insurance | |
| **PERSONAL INJURY PROTECTION COVERAGE** | 5 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| General Provisions | |
| **PART C — UNINSURED/UNDERINSURED MOTORISTS COVERAGE** | 9 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO** | 12 |
| Insuring Agreement | |
| Transportation Expenses | |
| Exclusions | |
| Limit of Liability | |
| Payment of Loss | |
| No Benefit to Bailee | |
| Other Sources of Recovery | |
| Appraisal | |
| **PART E — DUTIES AFTER AN ACCIDENT OR LOSS** | 15 |
| **PART F — GENERAL PROVISIONS** | 16 |
| Policy Period and Territory | |
| Changes | |
| Termination | |
| Two or More Autos Insured; Two or More Auto Policies | |
| **ADDITIONAL COVERAGES** | 18 |
| Additional Personal Injury Protection Coverage | |
| Property Damage Uninsured Motorists Coverage | |
| Towing and Labor Costs Coverage | |
| Loss of Use Coverage | |

???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????
???????????????????????????????????????????????

SA-1852/OREP  1/04

Safeco ® and the Safeco logo are trademarks of Safeco Corporation.

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we agree with you as follows:

## DEFINITIONS

**A.** Throughout this policy, "you" and "your" refer to:

    **1.** The "named insured" shown in the Declarations; and

    **2.** The spouse if a resident of the same household.

**B.** "We," "us" and "our" refer to the Company providing this insurance.

**C.** For purposes of this policy, a private passenger type auto shall be deemed to be owned by a person if leased:

    **1.** Under a written agreement to that person; and

    **2.** For a continuous period of at least six months.

Other words and phrases are defined. They are in bold type when used.

**D.** "**Bodily injury**" means bodily harm, sickness or disease, including death that results.

**E.** "**Business**" includes trade, profession or occupation.

**F.** "**Family member**" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

**G.** "**Occupying**" means in; upon; or getting in, on, out or off.

**H.** "**Property damage**" means physical injury to, destruction of or loss of use of tangible property.

**I.** "**Trailer**" means a vehicle designed to be pulled by a:

    **1.** Private passenger auto; or

    **2.** Pickup, van or motor home.

It also means a recreational camping vehicle, a farm wagon or farm implement while towed by a vehicle listed in 1. or 2. above.

**J.** "**Your covered auto**" means:

    **1.** Any vehicle shown in the Declarations.

    **2.** Any of the following types of vehicles on the date you become the owner, whether operational or not:

        **a.** a private passenger auto;

        **b.** a pickup or van that:

            **(1)** has a Gross Vehicle Weight of less than 10,000 lbs.; and

            **(2)** is not used for the delivery or transportation of goods and materials unless such use is:

                **(a)** incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

                **(b)** for farming or ranching; or

        **c.** a motor home or **trailer.**

If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced.

If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations.

This provision (J.2.) applies only if you ask us to insure the newly acquired vehicle during the policy period in which it was acquired or within thirty days after you become the owner, whichever is greater.

    **3.** Any **trailer** you own.

    **4.** Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

        **a.** breakdown;

        **b.** repair;

        **c.** servicing;

        **d.** loss; or

        **e.** destruction.

This provision (J.4.) does not apply to Coverage for Damage to Your Auto.

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

**A.** We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages.

In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.

We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**B.** "**Insured**" as used in this Part means:

1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

2. Any person using **your covered auto.**

3. For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under 1. and 2. above.

4. For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part.

   This provision (B.4.) applies only if the person or organization does not own or hire the auto or **trailer.**

### SUPPLEMENTARY PAYMENTS

In addition to our limit of liability, we will pay on behalf of an **insured:**

1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations.

   The accident must result in **bodily injury** or **property damage** covered under this policy.

   We are not obligated to apply for or furnish such bonds.

2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.

3. Interest on that part of the judgment we pay, accruing after a judgment is entered in any suit we defend.

   Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

4. Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

5. Other reasonable expenses incurred at our request.

### EXCLUSIONS

**A.** We do not provide Liability Coverage for any **insured:**

1. Who intentionally causes **bodily injury** or **property damage.**

2. For **property damage** to property owned or being transported by that **insured.**

3. For **property damage** to property:

   **a.** rented to;

   **b.** used by; or

   **c.** in the care of;

   that **insured.**

   This exclusion (A.3.) does not apply to **property damage** to a residence or private garage.

4. For **bodily injury** to an employee of that **insured** during the course of employment.

   This exclusion (A.4.) does not apply to **bodily injury** to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance.

   This exclusion (A.5.) does not apply to a share-the-expense car pool.

6. While employed or otherwise engaged in the **business** or occupation of:

   **a.** selling;

   **b.** repairing;

   **c.** servicing;

   **d.** storing; or

   **e.** parking;

   vehicles designed for use mainly on public highways.

   This includes road testing and delivery.

—2—

This exclusion (A.6.) does not apply to the ownership, maintenance or use of **your covered auto** by:

**a.** you;

**b.** any **family member;** or

**c.** any partner, agent or employee of you or any **family member.**

**7.** Maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** or occupation (other than farming or ranching) not described in Exclusion A.6.

This exclusion (A.7.) does not apply to the maintenance or use of a:

**a.** private passenger auto;

**b.** pickup, motor home or van that:

**(1)** you own; or

**(2)** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

**(a)** breakdown;

**(b)** repair;

**(c)** servicing;

**(d)** loss; or

**(e)** destruction; or

**c. trailer** used with a vehicle described in a. or b. above.

**8.** Using a vehicle without a reasonable belief that that **insured** has permission to do so.

This exclusion does not apply to a **family member** using **your covered auto.**

**9.** For **bodily injury** or **property damage** for which that **insured:**

**a.** is an insured under a nuclear energy liability policy; or

**b.** would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

A nuclear energy liability policy is a policy issued by any of the following or their successors:

**a.** American Nuclear Insurers;

**b.** Mutual Atomic Energy Liability Underwriters; or

**c.** Nuclear Insurance Association of Canada.

**10.** For **bodily injury** to you or any **family member** to the extent that the limits of liability for this coverage exceed the following limits required by the Oregon Financial Responsibility Law:

**a.** $50,000 for each person/$100,000 for each accident if:

**(1)** the limits for this coverage are equal to or greater than $50,000 for each person/$100,000 for each accident; and

**(2)** the **insured** has been convicted of driving under the influence of intoxicants; or

**b.** $25,000 for each person/$50,000 for each accident in all other cases.

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

**1.** Any vehicle which:

**a.** has fewer than four wheels; or

**b.** is designed mainly for use off public roads.

This exclusion does not apply:

**a.** while such vehicle is being used by an **insured** in a medical emergency; or

**b.** to any **trailer.**

**2.** Any vehicle, other than **your covered auto,** which is:

**a.** owned by you; or

**b.** furnished or available for your regular use.

**3.** Any vehicle, other than **your covered auto,** which is:

**a.** owned by any **family member;** or

**b.** furnished or available for the regular use of any **family member.**

However, this exclusion (B.3.) does not apply to you while you are maintaining or **occupying** any vehicle which is:

**a.** owned by a **family member;** or

**b.** furnished or available for the regular use of a **family member.**

**4.** Any vehicle, located inside a facility designed for racing, for the purpose of:

**a.** competing in; or

**b.** practicing or preparing for;

any prearranged or organized racing or speed contest.

LIMIT OF LIABILITY

**A.** If the Declarations indicate **Individual Coverages** apply:

The limit of liability shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for "each accident" for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part C of this policy.

**B.** If the Declarations indicate **Combined Single Limit** applies:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate limits required by law for bodily injury and property damage liability.

However, this provision will not change our total limit of liability.

No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part C of this policy.

OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

**A.** If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

**B.** No one will be entitled to duplicate payments for the same elements of loss.

FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required.

OTHER INSURANCE

If there is other applicable liability insurance:

1. We will pay only our share of the loss. Our share is the proportion that our liability bears to the total of all applicable limits.

2. Any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

However, any insurance we provide for a vehicle you do not own will be primary insurance if the vehicle is:

a. owned by a person who is engaged in the **business** of:

(1) selling;

(2) renting;

(3) leasing; or

(4) repairing;

motor vehicles, and

b. received under the terms of a written agreement which:

(1) states that the **insured** is liable for injury, death or damage arising out of the use of the motor vehicle; and

Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1113 of 1402

(2) does not state that coverage is provided on a primary basis.

3. If we provide primary insurance for a vehicle you do not own, and such vehicle is used in the **business** of the **insured**, we will pay only our share of the loss that must be paid on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

---

## PERSONAL INJURY PROTECTION COVERAGE

---

### INSURING AGREEMENT

A. We will pay personal injury protection benefits for an **insured** who sustains **bodily injury** caused by an accident and arising out of the ownership, maintenance or use of a **motor vehicle** as a **motor vehicle.**

Personal Injury Protection Benefits include:

1. **Medical and hospital expenses.**

2. **Income continuation benefits.**

3. **Loss of services expenses.**

4. **Funeral expenses.**

5. **Child care expenses.**

B. "**Child care expenses**" means expenses reasonably incurred for care of a minor child of an **insured** provided the **insured** is:

1. The parent of the minor child; and

2. Required to be hospitalized because of the **bodily injury** for a minimum of 24 hours.

**Child care expenses** include only those expenses incurred for child care beginning 24 hours after the hospitalization of the **insured** and continuing until the **insured** is able to:

1. Return to work, if such person was usually employed at the time of the accident; or

2. Perform essential services such person would have performed without income, if such person was not usually employed at the time of the accident.

C. "**Funeral expenses**" means reasonable and necessary expenses for funeral services incurred within one year after the date of the accident.

D. "**Income continuation benefits**" means 70% of the **insured's** loss of income from work during a period of disability, during such person's lifetime, provided that:

1. The **insured** was usually employed at the time of the accident.

2. The period of disability continues for at least 14 consecutive days.

**Income continuation benefits** include only expenses for loss of income incurred from the date the disability began to the date on which the **insured** is able to return to his or her usual occupation.

This benefit is subject to a maximum payment period of 52 weeks.

E. "**Insured**" as used in this coverage means:

1. You or any **family member** who sustains **bodily injury** while:

   a. **occupying** a **private passenger motor vehicle; or**

   b. a **pedestrian** struck by a **motor vehicle.**

2. Any other person who sustains **bodily injury** while:

   a. **occupying** or using **your covered auto** with your permission; or

   b. a **pedestrian** struck by **your covered auto.**

F. "**Loss of services expenses**" means reasonable expenses incurred during a period of disability, during an **insured's** lifetime, for essential services which an **insured** would have performed, provided that:

1. The **insured** was not usually employed at the time of the accident.

2. The period of disability continues for at least 14 consecutive days.

**Loss of services expenses** includes only expenses for such services actually rendered from the date the disability began to the date on which the **insured** is reasonably able to perform such services.

These expenses are subject to a maximum payment period of 52 weeks.

**Loss of services expenses** shall not include **child care expenses.**

G. "**Medical and hospital expenses**" means the usual and customary medical and hospital expenses incurred within one year from the date of the accident for reasonable and necessary medical, hospital, dental, surgical, ambulance and prosthetic services.

SA-1852/OREP  1/04     — 5 —

**H.** "**Motor vehicle**" means a self-propelled land motor vehicle or trailer. It does not include:

1. A farm-type tractor or other self-propelled equipment designed principally for use off public roads, while not on public roads.

2. A vehicle operated on rails or crawler treads.

3. A vehicle located for use as a residence or premises.

**I.** "**Pedestrian**" means any person while not **occupying** a self-propelled vehicle other than a wheelchair or similar low-powered motorized or mechanically propelled vehicle that is designed specifically for use by a physically disabled person who has a medical necessity for the wheelchair or other low-powered vehicle.

**J.** "**Private passenger motor vehicle**" means:

1. A four-wheel passenger or station wagon type **motor vehicle** not used as a public or livery conveyance.

2. Any other four-wheel **motor vehicle** of the utility, pickup body, sedan delivery or panel truck type not used for wholesale or retail delivery other than farming.

3. A self-propelled mobile home.

4. A farm truck.

"**Your covered auto**" means a **private passenger motor vehicle** owned by you to which the bodily injury liability coverage of this policy applies and for which a specific premium is charged.

## EXCLUSIONS

We do not provide Personal Injury Protection Coverage:

1. For any **insured**:

   **a.** who intentionally injures himself or herself.

   **b.** while participating in or practicing for any prearranged or organized racing or speed contest.

   **c.** while **occupying your covered auto** while such vehicle is being used as a public or livery conveyance or is rented to others.

2. For **income continuation benefits** and **loss of services expenses,** for any **pedestrian,** other than you or any **family member,** in an accident which occurs outside the state of Oregon.

3. For injury resulting from radioactive, toxic, explosive or other hazardous properties of nuclear material.

4. Due to:

   **a.** war, whether or not declared;

   **b.** civil war;

   **c.** insurrection;

   **d.** rebellion or revolution; or

   **e.** any act or condition incident to any of the above.

5. For any **insured** while **occupying** a motorcycle or moped as defined in Oregon statutes.

6. Sustained by you or any **family member** while **occupying** any **motor vehicle,** including a motorcycle or moped as defined in the Oregon statutes, which is:

   **a.** owned by or furnished or available for your regular use; and

   **b.** not insured for this coverage under this policy.

7. Sustained by any **family member** while **occupying** any **motor vehicle,** including a motorcycle or moped as defined in the Oregon statutes, which is:

   **a.** owned by or furnished or available for the regular use of that **family member;** and

   **b.** not insured for this coverage under this policy.

8. Sustained by any **pedestrian,** other than you or any **family member,** in an accident which occurs outside of Oregon.

   This Exclusion (**8.**) applies only to income loss and essential services.

## LIMIT OF LIABILITY

**A.** This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Policies or bonds applicable;

3. Claims made; or

4. Vehicles to which this coverage applies.

**B.** Our liability for personal injury protection benefits with respect to **bodily injury** sustained by any one **insured** in any one accident is limited as follows:

The total amount payable shall not exceed the sum of:

1. $15,000 for **medical and hospital expenses;** provided that, with respect to you or any **family member** to whom a deductible amount applies as shown in the Declarations, such amount shall be deducted from

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1115 of 1402**

the total amount of all sums otherwise payable by us for such expenses;

**2.** $1,250 per month for **income continuation expenses;**

**3.** $30 per day for **loss of services expenses;**

**4.** $2,500 for **funeral expenses;** and

**5.** $15 per day up to a maximum of $450 for **child care expenses.**

**C.** Any amount payable under this coverage shall be reduced by the amount paid or payable under any:

   **1.** Workers' compensation; or

   **2.** Other similar medical or disability benefits law (excluding Medicare).

**D.** Any amounts paid under this coverage to you or any **family member** shall reduce any amount that person may be entitled to recover for the same damages under Part C of this policy.

**E.** Any amounts paid under this coverage to an **insured** shall reduce any amount that person may be entitled to recover for the same damages under Part A of this policy.

**OTHER INSURANCE**

This coverage shall be excess for:

**1. Bodily injury** sustained by any **pedestrian,** other than you or a **family member,** to the extent that amounts are paid or payable to such **pedestrian** under any collateral benefits, including but not limited to:

   **a.** insurance benefits under another policy issued by us or another insurer;

   **b.** governmental benefits other than Medicare;

   **c.** gratuitous benefits; or

   **d.** Oregon personal injury protection benefits.

**2. Bodily injury** sustained by you or any **family member** while **occupying** any **motor vehicle,** other than **your covered auto,** with respect to which Oregon personal injury protection benefits are in effect.

However, any insurance we provide for **bodily injury** sustained by you or any **family member** while **occupying** any **motor vehicle,** other than **your covered auto** will be primary insurance if the vehicle is:

   **a.** owned by a person who is engaged in the **business** of:

     **(1)** selling;

     **(2)** renting;

     **(3)** leasing; or

     **(4)** repairing;

   motor vehicles, and

   **b.** received under the terms of a written agreement which:

     **(1)** states that the **insured** is liable for injury, death or damage arising out of the use of the motor vehicle; and

     **(2)** does not state that coverage is provided on a primary basis.

     **(3)** if we provide primary insurance for vehicle you do not own, and such vehicle is used in the **business** of the **insured,** we will pay only our share of the loss that must be paid on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primiary basis.

**GENERAL PROVISIONS**

This coverage is subject to the following additional General Provisions:

**NOTICE; DUTIES AFTER AN ACCIDENT**

**A.** A person seeking Personal Injury Protection Coverage must promptly give us written proof of claim, under oath if required, including:

   **1.** Full details of the nature and extent of the injuries and treatment received and contemplated.

   **2.** Such other information that will help us determine the amount due and payable.

**B.** A person seeking Personal Injury Protection Coverage must:

   **1.** Notify us by personal service or by registered or certified mail, of any claim made or legal action taken against any person or organization legally responsible for the **bodily injury,** if that person has received benefits for such **bodily injury.**

   **2.** Promptly provide us with a copy of the summons and complaint or other process served in connection with any legal action that person takes to recover damages for **bodily injury.**

   **3.** At our request, and as a condition for receiving income loss, cooperate in furnishing us reasonable medical proof of his inability to work.

## REIMBURSEMENT AND TRUST

In the event of payment to any person under this coverage:

1. We shall be entitled to reimbursement or subrogation in accordance with the provisions of the Oregon Insurance Code.

2. We shall be entitled to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of the **insured** against any person or organization legally responsible for the accident. We shall be entitled only to the extent benefits were paid, less our share of expenses, costs and attorney's fees incurred by the **insured** in connection with such recovery.

3. The **insured** shall hold in trust for us the proceeds of the recovery to the extent of benefits furnished.

4. The **insured** shall do:

   a. whatever is necessary to enable us to exercise our rights; and

   b. nothing after loss to prejudice them.

5. If requested in writing by us, the **insured** shall take, through any representative not in conflict in interest with him and designated by us, such action as may be necessary or appropriate to recover benefits furnished as damages from the person or organization legally responsible. The action shall be taken in the name of the **insured** but only to the extent of benefits furnished by us.

   In the event of recovery, we shall also be reimbursed out of such recovery for the **insured's** share of expenses, costs and attorney's fees incurred by us in connection with the recovery.

6. The **insured** shall execute and deliver to us such instruments and papers as may be appropriate to secure the rights and obligations of the **insured** and us.

Paragraph **B.** of the **Policy Period And Territory** Provision is replaced by the following:

## POLICY PERIOD AND TERRITORY

**B.** The policy territory is:

   1. The United States of America, its territories or possessions; or

   2. Canada.

## ARBITRATION

If we and an **insured** do not agree as to:

1. Whether that **insured** is legally entitled to recover damages; or

2. The amount of those damages;

then the matter may be arbitrated. However, if the requirements for bringing an action in the small claims department of a justice's or district court are met, in accordance with the Oregon Revised Statutes, the **insured** may elect to file such an action rather than submit the claim to arbitration.

Both parties must agree to arbitration and to be bound by the results of that arbitration. In the event of arbitration, each party will select a competent and disinterested arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court of record in the county and state in which the arbitration is pending.

Each party will pay the attorney's fees and expenses it incurs in the production of medical or other expert witnesses or the making of transcripts of the arbitration. All other costs to the **insured** of the arbitration shall not exceed $100 and we will pay the remaining expenses.

Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to in writing by two of the arbitrators will be binding.

## COORDINATION AND NON-DUPLICATION

Any coverage provided under Part **B** of this policy shall be excess over any medical expenses paid or payable under this or any other automobile insurance policy because of **bodily injury** to an **insured**.

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 1117 of 1402**

## PART C — UNINSURED/UNDERINSURED    MOTORISTS  COVERAGE

**INSURING AGREEMENT**

**A.** We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** because of **bodily injury:**

1. Sustained by an **insured;** and

2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or **underinsured motor vehicle.**

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

We will pay under Underinsured Motorists Coverage only if 1. or 2. below applies:

1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgment or settlements; or

2. A tentative settlement has been made between an **insured** and the insurer of the **underinsured motor vehicle** and we:

   **a.** have been given prompt written notice of such tentative settlement; and

   **b.** advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

**B.** "**Insured**" as used in this Part means:

1. You or any **family member.**

2. Any other person **occupying your covered auto.**

3. Any other person **occupying** an auto you are operating.

4. Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in 1., 2. or 3. above.

**C.** "**Uninsured motor vehicle**" means a land motor vehicle or **trailer** of any type:

1. To which no bodily injury liability bond or policy applies at the time of the accident.

2. To which a bodily injury liability bond or policy applies at the time of the accident if its limit for bodily injury liability is less than the minimum limit for bodily injury liability specified by the Oregon financial responsibility law.

3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **bodily injury** without hitting:

   **a.** you or any **family member;**

   **b.** a vehicle which you or any **family member** are **occupying;** or

   **c.** **your covered auto.**

   If there is no physical contact with the hit-and-run vehicle the facts of the accident must be corroborated by competent evidence other than the testimony of any person having an uninsured motorists claim resulting from an accident.

4. To which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:

   **a.** denies coverage; or

   **b.** within 2 years of the date of the accident:

      **(1)** becomes insolvent;

      **(2)** becomes voluntarily or involuntarily bankrupt; or

      **(3)** is placed in receivership.

However, "**uninsured motor vehicle**" does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any **family member.**

2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

"**Underinsured motor vehicle**" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies, at the time of the accident.

However, its limit for **bodily injury** liability is either:

1. less than the limit liability for this coverage; or

2. reduced by payments to others injured in the accident to an amount which is less than the limit of liability for this coverage.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1118 of 1402**

But **"underinsured motor vehicle"** does not include any vehicle or equipment:

1. Which is an **uninsured motor vehicle.**

2. Owned by or furnished or available for the regular use of you or any **family member.**

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designed mainly for use principally off public roads while not on public roads.

6. While located for use as a residence or premises.

## EXCLUSIONS

A. We do not provide Uninsured/Underinsured Motorists Coverage for **bodily injury** sustained:

   1. By an **insured** while **occupying,** or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

   2. By any **family member** while **occupying,** or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

B. We do not provide Uninsured/Underinsured Motorists Coverage for **bodily injury** sustained by any **insured:**

   1. If that **insured** or the legal representative settles the **bodily injury** claim without our consent.

   However, this exclusion (B.1.) does not apply to Underinsured Motorists Coverage.

   2. While **occupying your covered auto** when it is being used as a public or livery conveyance.

   This exclusion (B.2.) does not apply to a share-the-expense car pool.

   3. Using a vehicle without a reasonable belief that that **insured** has permission to do so.

   4. While **occupying** or operating an owned motorcycle or moped.

C. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

   1. Workers' compensation law; or

   2. Disability benefits law.

D. We do not provide Uninsured/Underinsured Motorists Coverage for **punitive or exemplary damages.**

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for "each person" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

This is the most we will pay regardless of the number of:

   1. **Insureds;**

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations; or

   4. Vehicles involved in the accident.

B. The limit of liability shall be reduced by all sums:

   1. Paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A; and

   2. Paid or payable because of the **bodily injury** under any of the following or similar law:

     a. workers' compensation law; or

     b. disability benefits law.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

   1. Part A of this policy; or

   2. Personal injury protection coverage.

D. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

E. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

   1. Workers' compensation law; or

   2. Disability benefits law.

F. The limit of liability for Underinsured Motorists Coverage shown in the Declarations for the vehicle involved in the accident shall be reduced by the sum of the limits of liability under all

bodily injury liability bonds or policies (other than this policy) applicable at the time of the accident.

**G.** If none of **your covered autos** is involved in the accident, Uninsured/Underinsured Motorists Coverage is available to the extent of coverage of any one of **your covered autos.**

Coverage on any other insured vehicle shall not be added to that coverage.

## OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the policy:

1. Any recovery for damages under all such policies or provisions of coverage may be equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis.

   However, any insurance we provide for a vehicle you do not own will be primary insurance if the vehicle is:

   **a.** owned by a person who is engaged in the **business** of:

   (1) selling;

   (2) renting;

   (3) leasing; or

   (4) repairing;

   motor vehicles, and

   **b.** received under the terms of a written agreement which:

   (1) states that the **insured** is liable for injury, death or damage arising out of the use of the motor vehicle; and

   (2) does not state that coverage is provided on a primary basis.

3. If the coverage under this policy is provided:

   **a.** on a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

   **b.** on an excess basis, we will pay only our share of the loss that must be paid

under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

## ARBITRATION

**A.** If we and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that **insured;**

from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle,** then the matter may be arbitrated.

However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration and to be bound by the results of that arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**B.** Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally.

**C.** Unless both parties agree otherwise, arbitration will take place in either of the following, at the election of the **insured:**

1. The county and state where the **insured** resides; or

2. The county and state where the **insured's** cause of action against the operator or owner of the **uninsured motor vehicle** or **underinsured motor vehicle** arose.

Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**D.** We will reimburse for any costs of arbitration to an **insured** over $100. Costs will not include attorney fees or expenses incurred in the production of evidence or witnesses or the making of transcripts.

## ADDITIONAL DUTIES
## AFTER AN ACCIDENT OR LOSS

A person seeking Uninsured/Underinsured Motorists Coverage, or someone on that person's behalf, must also:

1. Report the accident within 72 hours to the appropriate law enforcement agency in the event the accident involves a hit-and-run

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 1120 of 1402**

vehicle as described in section 3. of the definition of **uninsured motor vehicle.**

2. Promptly send us copies of the legal papers if a suit is brought.

In addition, a person seeking Underinsured Motorists Coverage must also promptly notify us in writing of a tentative settlement between the **insured** and the insurer of the **underinsured motor vehicle** and allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **underinsured motor vehicle.**

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

**INSURING AGREEMENT**

A. We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto,** including its equipment, minus any applicable deductible shown in the Declarations.

We will pay for loss to **your covered auto** caused by:

1. Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto,** we will provide the broadest coverage applicable to any vehicle shown in the Declarations.

B. "**Collision**" means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object.

No deductible will apply if the collision is with another auto insured by either Safeco Insurance Company of Oregon, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco National Insurance Company, Safeco Lloyds Insurance Company, First National Insurance Company of America or General Insurance Company of America.

"**Comprehensive**" means loss, other than **collision,** to **your covered auto** or a **non-owned auto.** Loss caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision,** you may elect to have it considered a loss caused by **collision.**

C. "**Non-owned auto**" means:

1. Any private passenger auto, pickup, van or **trailer** not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member;** or

2. Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

a. breakdown;

b. repair;

c. servicing;

d. loss; or

e. destruction.

D. "**Camper body**" means a body equipped as sleeping or living quarters which is designed to be mounted on a pickup.

**TRANSPORTATION EXPENSES**

In addition we will pay, without application of a deductible, either of the following, whichever is greater:

1. Up to $22 per day, to a maximum of $660; or

2. The limit for Loss of Use, if any, shown on the Declarations;

For:

1. Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto.**

We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2. Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto.**

SA-1852/OREP  1/04

— 12 —

We will pay for indirect loss expenses if the loss is caused by:

**a.** Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

**b.** **Collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

If the loss is caused by a total theft of **your covered auto** or a **non-owned auto,** we will pay only expenses incurred during the period:

1. Beginning 48 hours after the theft; and

2. Ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

If the loss is caused by other than a total theft of **your covered auto** or a **non-owned auto,** we will pay only expenses beginning when the auto is withdrawn from use for more than 24 hours.

Our payment will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto.**

**EXCLUSIONS**

We will not pay for:

1. Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance.

   This exclusion (1.) does not apply to a share-the-expense car pool.

2. Damage due and confined to:

   **a.** wear and tear;

   **b.** freezing;

   **c.** mechanical or electrical breakdown or failure; or

   **d.** road damage to tires.

   This exclusion (2.) does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

3. Loss due to or as a consequence of:

   **a.** radioactive contamination;

   **b.** discharge of any nuclear weapon (even if accidental);

   **c.** war (declared or undeclared);

   **d.** civil war;

   **e.** insurrection; or

   **f.** rebellion or revolution.

4. Loss to:

   **a.** any electronic equipment designed for the reproduction of sound, including, but not limited to:

   **(1)** radios and stereos;

   **(2)** tape decks; or

   **(3)** compact disc players;

   **b.** any other electronic equipment that receives or transmits audio, visual or data signals, including, but not limited to:

   **(1)** citizens band radios;

   **(2)** telephones;

   **(3)** 2-way mobile radios;

   **(4)** scanning monitor receivers;

   **(5)** television monitor receivers;

   **(6)** video cassette recorders;

   **(7)** audio cassette recorders; or

   **(8)** personal computers;

   **c.** tapes, records, discs, or other media used with equipment described in a. or b.; or

   **d.** any other accessories used with equipment described in a. or b.

   This exclusion (4.) does not apply to:

   **a.** equipment designed solely for the reproduction of sound and accessories used with such equipment, provided:

   **(1)** the equipment is permanently installed in **your covered auto** or any **non-owned auto;** or

   **(2)** the equipment is:

   **(a)** removable from a housing unit which is permanently installed in the auto;

   **(b)** designed to be solely operated by use of the power from the auto's electrical system; and

   **(c)** in or upon **your covered auto** or any **non-owned auto;**

   at the time of loss.

   **b.** any other electronic equipment that is:

   **(1)** necessary for the normal operation of the auto or the monitoring of the auto's operating systems; or

   **(2)** an integral part of the same unit housing any sound reproducing equipment described in a. and permanently installed in the opening of the dash or console of **your covered auto** or any **non-owned auto** normally used by the

SA-1852/OREP  1/04                    — 13 —

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1122 of 1402**

manufacturer for installation of a radio.

5. A total loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities because you or any **family member:**

   **a.** engaged in illegal activities; or

   **b.** failed to comply with Environmental Protection Agency or Department of Transportation standards.

   This exclusion (5.) does not apply to the interests of Loss Payees in **your covered auto.**

6. Loss to a **camper body,** motor home or **trailer** you own which is not shown in the Declarations.

   This exclusion (6.) does not apply to a **camper body,** motor home or **trailer** you:

   **a.** acquire during the policy period; and

   **b.** ask us to insure during the policy period or within 30 days after you become the owner, whichever is greater.

7. Loss to any **non-owned auto** when used by you or any **family member** without a reasonable belief that you or that **family member** have permission to do so.

8. Loss to equipment designed or used for the detection or location of radar or laser.

9. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

   **a.** selling;

   **b.** repairing;

   **c.** servicing;

   **d.** storing; or

   **e.** parking;

   vehicles designed for use on public highways. This includes road testing and delivery.

10. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion 9.

    This exclusion (10.) does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

11. Loss to **your covered auto** or any **non-owned auto,** located inside a facility designed for racing, for the purpose of:

    **a.** competing in; or

    **b.** practicing or preparing for;

    any prearranged or organized racing or speed contest.

12. Loss to, or loss of use of, a **non-owned auto** rented by:

    **a.** you; or

    **b.** any family member;

    if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

## LIMIT OF LIABILITY

**A.** Our limit of liability for loss will be the lesser of the:

1. Actual cash value of the stolen or damaged property;

2. Amount necessary to repair or replace the property; or

3. Limit of liability shown in the Declarations.

However, the most we will pay for loss to any **non-owned auto** which is a **trailer** is $1,000.

**B.** An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or

2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss:

1. We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

SA-1852/OREP  1/04

— 14 —

2. Any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

   a. any coverage provided by the owner of the **non-owned auto;**

   b. any other applicable physical damage insurance;

   c. any other source of recovery applicable to the loss.

However, any insurance we provide for a **non-owned auto** will be primary insurance if the vehicle is:

   a. owned by a person who is engaged in the **business** of:

      (1) selling;

      (2) renting;

      (3) leasing; or

      (4) repairing;

      motor vehicles, and

   b. received under the terms of a written agreement which:

      (1) states that the **insured** is liable for injury, death or damage arising out of the use of the motor vehicle; and

   (2) does not state that coverage is provided on a primary basis.

3. If we provide primary insurance for a vehicle you do not own, and such vehicle is used in the **business** of the **insured**, we will pay only our share of the loss that must be paid on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

**APPRAISAL**

A. If we and you do not agree on the amount of loss, then an appraisal of the loss may be made. However, both parties must agree to appraisal and to be bound by the results of that appraisal. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser and bear the expenses of the appraisal and umpire equally.

B. We do not waive any of our rights under this policy by agreeing to an appraisal.

---

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

---

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:

   1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

   2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

   3. Submit, as often as we reasonably require:

      a. to physical examinations by physicians we select. We will pay for these exams.

      b. to examination under oath and subscribe the same. We may examine any **insured** separately and apart from the presence of any other **insured.**

   4. Authorize us to obtain:

      a. medical reports; and

   b. other pertinent records.

   5. Submit a proof of loss, under oath if requested, when required by us.

C. A person seeking Uninsured/Underinsured Motorists Coverage must also:

   1. Promptly notify the police if a hit-and-run driver is involved.

   2. Promptly send us copies of the legal papers if a suit is brought.

D. A person seeking Coverage for Damage to Your Auto must also:

   1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

   2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

   3. Permit us to inspect and appraise the damaged property before its repair or disposal.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1124 of 1402**

## PART F — GENERAL PROVISIONS

### POLICY PERIOD AND TERRITORY

**A.** This policy applies only to accidents and losses which occur:

    **1.** During the policy period as shown in the Declarations; and

    **2.** Within the policy territory.

**B.** The policy period is the period stated in the Declarations. The policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

**C.** The policy territory is:

    **1.** The United States of America, its territories or possessions;

    **2.** Puerto Rico; or

    **3.** Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

### BANKRUPTCY

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

### CHANGES

**A.** Before the end of any policy period, we may offer to change the coverage provided in this policy. Your payment of the premium billed by us for the next policy period will be your acceptance of our offer.

**B.** This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

**C.** If there is a change to the information used to develop the policy premium, we may adjust your premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:

    **1.** The number, type or use classification of insured vehicles;

    **2.** Operators using insured vehicles;

    **3.** The place of principal garaging of insured vehicles;

    **4.** Coverage, deductible or limits.

If a change resulting from B. or C. requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.

**D.** If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state.

This paragraph (D.) does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

    **1.** A subsequent edition of your policy; or

    **2.** An Amendatory Endorsement.

**E.** Additional or return premium of $3.00 or less resulting from policy changes will be waived.

### FRAUD

**A.** This policy may be canceled or a claim may be denied if, whether before or after a loss, the **insured** has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the **insured** therein, or in case of any fraud or false swearing by the **insured** relating thereto.

**B.** All statements made by or on behalf of the **insured,** in the absence of fraud, shall be deemed representations and not warranties.

No such statements that arise from an error in the application shall be used in defense of a claim under the policy unless:

    **1.** The statements are contained in a written application; and

    **2.** A copy of the application is endorsed upon or attached to the policy when issued.

**C.** In order to use any representation by or on behalf of the **insured** in defense of a claim under this policy, the insurer must show that the representations are material and that the insurer relied on them.

### LEGAL ACTION AGAINST US

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

    **1.** We agree in writing that the **insured** has an obligation to pay; or

    **2.** The amount of that obligation has been finally determined by judgment after trial.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1125 of 1402**

**B.** No person or organization has any right under this policy to bring us into any action to determine the liability of an **insured.**

## OUR RIGHT TO RECOVER PAYMENT

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:

1. Whatever is necessary to enable us to exercise our rights; and

2. Nothing after loss to prejudice them.

However, our rights in this paragraph (A.) do not apply under Part D, against any person using **your covered auto** with a reasonable belief that that person has permission to do so.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

**C.** Our rights do not apply under paragraph A. with respect to Underinsured Motorists Coverage if we:

1. Have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **underinsured motor vehicle;** and

2. Fail to advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

If we advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification:

1. That payment will be separate from any amount the **insured** is entitled to recover under the provisions of Underinsured Motorists Coverage; and

2. We also have a right to recover the advanced payment.

## TERMINATION

**A. Cancellation.** This policy may be canceled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

   **a.** returning this policy to us; or

   **b.** giving us advance written notice of the date cancellation is to take effect.

2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

   **a.** at least 10 days notice:

   (1) if cancellation is for nonpayment of premium; or

   (2) If notice is mailed during the first 60 days this policy is in effect and this is not a renewal or continuation policy; or

   **b.** at least 30 days notice in all other cases.

3. After this policy is in effect for 60 days, or if this is a renewal policy, we will cancel only:

   **a.** for nonpayment of premium;

   **b.** if your driver's license or that of:

   (1) any driver who lives with you; or

   (2) any driver who customarily uses **your covered auto;**

   has been suspended or revoked. This must have occurred:

   (1) during the policy period if this is not a renewal or continuation policy; or

   (2) if this is a renewal or continuation policy, during the policy period or the 180 days immediately preceding this policy's effective date.

   However, we will not cancel this policy if your driver's license or that of:

   (1) any driver who lives with you; or

   (2) any driver who customarily uses **your covered auto;**

   has been suspended, pursuant to ORS 809.280 (6) or (8), based on a nondriving offense; or

   **c.** for fraud or material misrepresentation affecting this policy or in the presentation of a claim; or

   **d.** if any person seeking recovery violates any of the terms or conditions of this policy.

**B. Nonrenewal.** If we decide not to renew this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period.

**C. Automatic Termination.** If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 1126 of 1402**

If you obtain other insurance on **your covered auto**, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance.

**D. Other Termination Provisions.**

1. If the law in effect in your state at the time this policy is issued or renewed:

    a. requires a longer notice period;

    b. requires a special form of or procedure for giving notice; or

    c. modifies any of the stated termination reasons;

    we will comply with those requirements.

2. We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

3. If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed on a pro rata basis.

    However, making or offering to make the refund is not a condition of cancellation.

4. The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

A. Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

    1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and

    2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

B. Coverage will only be provided until the end of the policy period.

**TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES**

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto.

**LOSS PAYABLE CLAUSE**

As to the interest of the loss payee, this policy will remain in effect from the inception date and until ten days after cancellation notice is received by the loss payee. When we pay the loss payee we shall, to the extent of payment, have the loss payee's rights of recovery.

---

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

**ADDITIONAL PERSONAL INJURY PROTECTION COVERAGE**

**OPTION 1**

If the Declarations show Additional Personal Injury Protection Option 1 applies, Personal Injury Protection Coverage is changed as follows:

The definition of **income continuation benefits** is changed to read:

"**Income continuation benefits**" means 70% of the **insured's** loss of income from work during a period of disability, during the **insured's** lifetime, provided that:

1. The **insured** was usually employed at the time of the accident.

2. The period of disability continues for at least 14 consecutive days.

3. **Income continuation benefits** include only expenses for loss of income incurred from the date the disability began to the date on which the **insured** is able to return to his or her usual occupation.

4. The most we will pay for **income continuation benefits** is $1,250 per month, subject to a maximum payment period of 52 weeks.

The definition of **medical and hospital expenses** is changed to read:

"**Medical and hospital expenses**" means the necessary, usual and customary **medical and hospital expenses** incurred within three years from the date of the accident for medical, hospital, dental, surgical, ambulance and prosthetic services.

The most we will pay for **medical and hospital expenses** is $25,000.

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 1127 of 1402**

## OPTION 2

If the Declarations show Additional Personal Injury Protection Option 2 applies, Personal Injury Protection Coverage is changed as follows:

The definition of **income continuation benefits** is changed to read:

"**Income continuation benefits**" means 70% of the **insured's** loss of income from work during a period of disability, during the **insured's** lifetime, provided that:

1. The **insured** was usually employed at the time of the accident.

2. The period of disability continues for at least 14 consecutive days.

3. **Income continuation benefits** include only expenses for loss of income incurred from the date the disability began to the date on which the **insured** is able to return to his or her usual occupation.

4. The most we will pay for **income continuation benefits** is $1,250 per month, subject to a maximum payment period of 52 weeks.

The definition of **medical and hospital expenses** is changed to read:

"**Medical and hospital expenses**" means the necessary, usual and customary **medical and hospital expenses** incurred within three years from the date of the accident for medical, hospital, dental, surgical, ambulance and prosthetic services. The most we will pay for **medical and hospital expenses** is $50,000.

---

## PROPERTY DAMAGE UNINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

A. We will pay damages which you are legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **property damage** caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

B. "**Property damage**" as used in this coverage means injury to or destruction of **your covered auto.**

However, **property damage** does not include loss of use of **your covered auto.**

C. "**Uninsured motor vehicle**" as used in this coverage means a land motor vehicle or trailer of any type:

1. To which no liability bond or policy affording coverage for **property damage** applies at the time of the accident.

2. To which a liability bond or policy affording coverage for **property damage** applies at the time of the accident. In this case its limit for property damage liability must be less than the minimum limit for property damage liability specified by the Oregon financial responsibility law.

3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **property damage** without hitting **your covered auto.**

If there is no physical contact with the hit-and-run vehicle, the facts of the accident must be corroborated by competent evidence other than the testimony of any person having an uninsured motorist claim resulting from the accident.

4. To which a liability bond or policy affording coverage for **property damage** applies at the time of the accident but the bonding or insuring company:

   (a) denies coverage; or

   (b) within 2 years of the date of the accident:

      (1) becomes insolvent;

      (2) becomes voluntarily or involuntarily bankrupt; or

      (3) is placed in receivership.

However, "**uninsured motor vehicle**" does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any **family member.**

2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

SA-1852/OREP  1/04

— 19 —

## EXCLUSIONS

**A.** We do not provide Uninsured Motorists Coverage for **property damage:**

**1.** To any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

**2.** If you or your legal representative settles the **property damage** claim without our consent.

**3.** When **your covered auto** is being used as a public or livery conveyance. This exclusion (A.3.) does not apply to a share-the-expense car pool.

**4.** For the first $300 of the amount of **property damage** to each of **your covered autos** as the result of an accident involving a hit-and-run vehicle as described in the definition of **uninsured motor vehicle.**

**5.** For the first $200 of the amount of **property damage** to each of **your covered autos** as the result of an accident involving other than a hit-and-run vehicle.

**6.** When **your covered auto** is being used by any **insured** without a reasonable belief that that **insured** has permission to do so.

**B.** This coverage shall not apply directly or indirectly to benefit any insurer of property.

**C.** We do not provide Property Damage Uninsured Motorists Coverage for **punitive or exemplary damages.**

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. Subject to this maximum, our limit of liability will be the lesser of:

**1.** The actual cash value of the damaged property; or

**2.** The amount necessary to repair or replace the property.

This is the most we will pay regardless of the number of:

**1.** Claims made;

**2.** Vehicles or premiums shown in the Declarations; or

**3.** Vehicles involved in the accident.

**B.** An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

**1.** Part D of this policy; or

**2.** Any coverage similar to Part D under any other policy.

**D.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

## OTHER INSURANCE

If there is other applicable insurance similar to the insurance provided by this coverage:

**A.** We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

**B.** Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance similar to the insurance provided by this endorsement.

However, any insurance we provide for a vehicle you do not own will be primary insurance if the vehicle is:

**1.** Owned by a person who is engaged in the **business** of:

**a.** selling;

**b.** renting;

**c.** leasing; or

**d.** repairing;

motor vehicles, and

**2.** Received under the terms of a written agreement which:

**a.** states that the **insured** is liable for injury, death or damage arising out of the use of the motor vehicle; and

**b.** does not state that coverage is provided on a primary basis.

**3.** If we provide primary insurance for a vehicle you do not own, and such vehicle is used in the **business** of the **insured,** we will pay only our share of the loss that must be paid on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

## ARBITRATION

**A.** If we and an **insured** do not agree:

**1.** Whether that **insured** is legally entitled to recover damages; or

**2.** As to the amount of damages which are recoverable by that **insured;**

from the owner or operator of an **uninsured motor vehicle,** then the matter may be arbitrated.

However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration and to be bound by the results of that arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**B.** Each party will:

**1.** pay the expenses it incurs; and

**2.** bear the expenses of the third arbitrator equally.

**C.** Unless both parties agree otherwise, arbitration will take place in either of the following, at the election of the **insured:**

**1.** the county and state where the **insured** resides; or

**2.** the county and state where the **insured's** cause of action against the operator or owner of the **uninsured motor vehicle** arose.

Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**D.** We will reimburse an **insured** for any costs of arbitration over $100.

Costs will not include attorney fees or expenses incurred in the production of evidence or witnesses or the making of transcripts.

**ADDITIONAL DUTIES AFTER AN ACCIDENT OR LOSS**

A person seeking Property Damage Uninsured Motorists Coverage, or someone on that person's behalf, must also:

**1.** Report the accident within 72 hours to the appropriate law enforcement agency in the event the accident involves a hit-and-run vehicle as described in Section 3. of the definition of **uninsured motor vehicle.**

**2.** Promptly send us copies of the legal papers if a suit is brought.

**TOWING AND LABOR COSTS COVERAGE**

We will pay reasonable expenses incurred each time **your covered auto** or a **non-owned auto** is disabled, for:

**1.** Towing to the nearest place where necessary repairs can be made during regular business hours if it will not run;

**2.** Towing it out if it is stuck on or next to a public street or highway;

**3.** Mechanical labor up to one hour at the place of its breakdown;

**4.** Change of tire; or

**5.** Delivery of gasoline, oil or loaned battery. We do not pay the cost of these items.

**LOSS OF USE COVERAGE**

The provisions and exclusions that apply to Part D —Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use is afforded, we will reimburse you for expenses you incur to rent a substitute auto.

This coverage applies only if:

**1.** The auto is withdrawn from use for more than 24 hours;

**2.** The loss is caused by **collision,** or is covered by the Comprehensive Coverage of this policy; and

**3.** The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the auto.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the auto.

Our payment will be limited to that period of time reasonably required to repair or replace the auto. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1130 of 1402**



> **APPROVED**
> By Betty Osher at 7:42 am, Mar 26, 2009

## OREGON PERSONAL AUTO POLICY

SAFECO INSURANCE COMPANY OF OREGON
Home Office: 4101 Kruse Way, Lake Oswego, Oregon 97035-2542
(A stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

| | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A — LIABILITY COVERAGE** | 3 |
| Insuring Agreement | |
| Supplementary Payments | |
| Exclusions | |
| Limit of Liability | |
| Out of State Coverage | |
| Financial Responsibility | |
| Other Insurance | |
| **PERSONAL INJURY PROTECTION COVERAGE** | 6 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| General Provisions | |
| **PART C — UNINSURED/UNDERINSURED MOTORISTS COVERAGE** | 9 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO** | 14 |
| Insuring Agreement | |
| Transportation Expenses | |
| Exclusions | |
| Limit of Liability | |
| Payment of Loss | |
| No Benefit to Bailee | |
| Other Sources of Recovery | |
| Appraisal | |
| **PART E — DUTIES AFTER AN ACCIDENT OR LOSS** | 18 |
| **PART F — GENERAL PROVISIONS** | 19 |
| Policy Period and Territory | |
| Changes | |
| Termination | |
| Two or More Autos Insured; Two or More Auto Policies | |
| **ADDITIONAL COVERAGES** | 22 |
| Additional Personal Injury Protection Coverage | |
| Property Damage Uninsured Motorists Coverage | |
| Roadside Assistance Coverage | |
| Loss of Use Coverage | |
| Full Safety Glass Coverage | |

```
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
```

SA-1852/OREP 4/09

## AGREEMENT

In return for your payment of all premiums, and in reliance upon the statements in the application we agree to insure you subject to the terms, conditions and limitations of this policy. We will insure you for the coverages and limits shown on the Declarations. Your policy consists of the policy contract, Declarations and endorsements applicable to the policy.

## DEFINITIONS

**A.** Throughout this policy, "you" and "your" refer to:

**1.** The "named insured" shown in the Declarations;

**2.** The spouse if a resident of the same household;

**3.** The **domestic partner,** if a resident of the same household;

"**Domestic partner**" means a person who has entered into civil contract with another person of the same sex and both **domestic partners** are at least 18 years of age or otherwise capable of entering into contracts and at least one of the **domestic partners** is a resident of Oregon.

"**Domestic partner**" does not include persons:

**a.** Legally married;

**b.** In a domestic partnership with someone else; or

**c.** Who are first cousins or closer kin.

**B.** "We," "us" and "our" refer to the Company, as shown on the Declarations providing this insurance.

**C.** For purposes of this policy, a private passenger auto shall be deemed to be owned by a person if leased:

**1.** Under a written agreement to that person; and

**2.** For a continuous period of at least six months.

**D.** Throughout the policy, **minimum limits** refers to the following Limits of Liability as required by the Oregon Financial Responsibility law, to be provided under a policy of automobile liability insurance:

**1.** If this policy has been certified as proof financial responsibility because the **insured** has been convicted of driving under the influence of intoxicants:

**a.** $50,000 for each person, subject to $100,000 for each accident, with respect to **bodily injury;** and

**b.** $10,000 for each accident with respect to **property damage,** or

**2.** In all other cases:

**a.** $25,000 for each person, subject to $50,000 for each accident, with respect to **bodily injury;** and

**b.** $10,000 for each accident with respect to **property damage.**

Other words and phrases are defined. They are in bold type when used.

**E.** "**Bodily injury**" means bodily harm, sickness or disease, including death that results.

**F.** "**Business**" includes trade, profession or occupation.

**G.** "**Family member**" means a person related to you by blood, marriage, domestic partnership or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

**H.** "**Fungi**" means any type or form of fungus, including yeast, mold or mildew, blight or mushroom and any mycotoxins, spore, scents or other substances, products or byproducts produced, released by or arising out of **fungi,** including growth, proliferation or spread of **fungi** or the current or past presence of **fungi.**

However, this definition does not include any **fungi** intended by the **insured** for consumption.

**I.** "**Occupying**" means in; upon; or getting in, on, out or off.

**J.** "**Property damage**" means physical injury or destruction of tangible property including loss of use.

**K.** "**Punitive or exemplary damages**" include damages which are awarded to punish or deter wrongful conduct, to set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for **bodily injury** or **property damage.**

**L.** "**Trailer**" means a vehicle designed to be pulled by a:

**1.** Private passenger auto; or

**2.** Pickup, van or motorhome.

It also means a recreational camping vehicle, a farm wagon or farm implement while towed by a vehicle listed in **L.1.** or **L.2.** above.

SA-1852/OREP 4/09

— 1 —

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1132 of 1402**

**M.** **"Your covered auto"** means:

1. Any vehicle shown in the Declarations.

2. **a.** Any newly acquired vehicle, whether operational or not, on the date you become the owner, subject to conditions for **Newly Acquired Replacement Vehicle** and **Newly Acquired Additional Vehicle** under **M.2.b.** below. Any newly acquired vehicle must be of the following types:

   **(1)** a private passenger auto;

   **(2)** a pickup or van that:

      **(a)** has a Gross Vehicle Weight Rating of 12,000 lbs or less; and

      **(b)** is not used for the delivery or transportation of goods and materials unless such use is:

         **i.** incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

         **ii.** for farming or ranching; or

   **(3)** a motorhome or **trailer.**

   **b.** A newly acquired vehicle is subject to the following conditions:

      **(1)** **Newly Acquired Replacement Vehicle.** If the vehicle you acquire replaces one shown in the Declarations, the replacement vehicle will have the same coverage as the vehicle it replaced, other than Part **D** — Coverage for Damage to Your Auto. This provision applies only if there is no other insurance policy that provides coverage for that replacement vehicle.

      Part **D** — Coverage for Damage to Your Auto shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition, only to the extent Part **D** — Coverage for Damage to Your Auto applied to the vehicle being replaced. You must notify us within thirty (30) days after you acquire the replacement vehicle for Part **D** — Coverage for Damage to Your Auto to continue.

      **(2)** **Newly Acquired Additional Vehicle.** For any newly acquired vehicle that is in addition to any shown in the Declarations coverage shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition. Coverage shall be the broadest coverage we provide for any vehicle shown in the Declarations. This coverage applies only if:

         **(a)** you acquire the additional vehicle during the policy period shown on the Declarations; and

         **(b)** there is no other insurance policy that provides coverage for the additional vehicle.

      If you wish to add or continue coverage you must ask us to insure the additional vehicle within thirty (30) days after you acquire the additional vehicle. This thirty (30) days of coverage includes the day you acquire the vehicle.

3. Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

   **a.** breakdown;

   **b.** repair;

   **c.** servicing;

   **d.** loss; or

   **e.** destruction.

   This provision **(M.3.)** does not apply to Coverage for Damage to Your Auto.

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

**A.** We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages.

In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.

We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**B.** "**Insured**" as used in this Part **A** — Liability Coverage means:

**1.** You or any **family member** for the ownership, maintenance or use of any auto or **trailer**.

**2.** Any person using **your covered auto** with your express or implied permission.

The actual use must be within the scope of that permission.

**3.** For **your covered auto**, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under **B.1.** and **B.2.** above.

**4.** For any auto or **trailer**, other than **your covered auto**, any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part **A** — Liability Coverage.

This provision **(B.4.)** applies only if the person or organization does not own or hire the auto or **trailer**.

### INTEREST ON JUDGMENTS

We will pay interest on judgments subject to all of the following:

**1.** Any notice, demand, summons, judgment, or any process has been promptly forwarded to us as required by the policy conditions.

**2.** We accept the defense or agree to the judgment.

**3.** We will pay the interest on that part of the judgment that is covered and that does not exceed our applicable limit of liability.

**4.** We will pay interest that accrues after entry of judgment and before we pay, tender, or deposit in court.

**5.** If we appeal the judgment, we will pay interest on the entire judgment.

**6.** Post-judgment interest is in addition to the applicable limit of liability.

**7.** Where we are required to cover prejudgment interest, it shall be included in the limit of liability.

This is not an additional amount of insurance.

### SUPPLEMENTARY PAYMENTS

We will pay on behalf of an **insured**:

**1.** Up to $1,000 for the cost of bail bonds required because of an accident, including related traffic law violations.

The accident must result in **bodily injury** or **property damage** covered under this policy.

We are not obligated to apply for or furnish such bonds.

**2.** Premiums on appeal bonds and bonds to release attachments in any suit we defend.

**3.** Up to $250 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

**4.** Other reasonable expenses incurred at our request.

**5.** Pay all expenses incurred by an **insured** for first aid to others at the time of the accident, not to exceed $10,000.

### EXCLUSIONS

**A.** We do not provide Liability Coverage for:

**1.** Any **insured** who intentionally causes **bodily injury** or **property damage**.

This exclusion applies:

**a.** even if such **bodily injury** or **property damage** is of a different kind or degree than expected or intended, or

**b.** such **bodily injury** or **property damage** is sustained by a different person or persons than expected or intended.

**2.** **Property damage** to property owned or being transported by any **insured**.

**3.** **Property damage** to property:

**a.** rented to;

SA-1852/OREP 4/09

— 3 —

**b.** used by; or

**c.** in the care of;

any **insured.**

This exclusion **(A.3.)** does not apply to **property damage** to a residence or private garage.

**4. Bodily injury** to an employee of any **insured** during the course of employment.

This exclusion **(A.4.)** does not apply to **bodily injury** to a domestic employee unless workers compensation benefits are required or available for that domestic employee.

**5.** Any **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance.

This exclusion **(A.5.)** does not apply to a share-the-expense car pool.

**6.** Any **insured** using any vehicle while employed in any **business** of delivery to the extent that the limits of liability for this coverage exceed the minimum limits as required by the Oregon Financial Responsibility Law.

Delivery includes but is not limited to the delivery of newspapers or magazines, food or any other products for the purpose of compensation.

This exclusion does not apply to delivery that is incidental to an **insured's business.**

**7. a.** Any **insured** while employed or otherwise engaged in the **business** of:

    **(1)** selling;

    **(2)** repairing;

    **(3)** servicing;

    **(4)** storing; or

    **(5)** parking;

vehicles designed for use mainly on public highways.

This includes road testing and delivery.

**b.** This exclusion **(A.7.)** does not apply to the ownership, maintenance or use of **your covered auto** by:

    **(1)** you;

    **(2)** any **family member;** or

    **(3)** any partner, agent or employee of you or any **family member.**

**8.** Any **insured** maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusions **A.6.** or **A.7.**

This exclusion **(A.8.)** does not apply to the maintenance or use of a:

**a.** private passenger auto;

**b.** pickup, motorhome or van that:

    **(1)** you own; or

    **(2)** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

        **(a)** breakdown;

        **(b)** repair;

        **(c)** servicing;

        **(d)** loss; or

        **(e)** destruction; or

**c.** **trailer** used with a vehicle described in **A.8.a.** or **A.8.b.** above.

**9.** Any **insured** using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.

However, this exclusion does not apply to a **family member** using **your covered auto.**

**10. a.** **Bodily injury** or **property damage** for which any **insured:**

    **(1)** is an **insured** under a nuclear energy liability policy; or

    **(2)** would be an **insured** under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

**b.** A nuclear energy liability policy is a policy issued by any of the following or their successors:

    **(1)** Nuclear Energy Liability Insurance Association;

    **(2)** Mutual Atomic Energy Liability Underwriters; or

    **(3)** Nuclear Insurance Association of Canada.

**11.** Punitive or exemplary damages awarded against any **insured.**

**12. Bodily injury** or **property damage** arising out of the use of **your covered auto** while leased or rented to others to the extent that

the limits of liability for this coverage exceed the minimum limits as required by the Oregon Financial Responsibility Law.

However, this exclusion does not apply to the operation of **your covered auto** by you or a **family member.**

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

**1.** **a.** Any vehicle which:

   **(1)** has fewer than four wheels;

   **(2)** is designed mainly for use off public roads; or

   **(3)** is a vehicle not licensed for use on public roads.

   **b.** This exclusion does not apply:

   **(1)** while such vehicle is being used by an **insured** in a medical emergency; or

   **(2)** to any **trailer.**

**2.** Any vehicle, other than **your covered auto,** which is:

   **a.** owned by you; or

   **b.** furnished or available for your regular use.

**3.** **a.** Any vehicle, other than **your covered auto,** which is:

   **(1)** owned by any **family member** or other person who resides with you; or

   **(2)** furnished or available for the regular use of any **family member** or other person who resides with you.

   **b.** However, this exclusion (**B.3.**) does not apply to you while you are maintaining or **occupying** any vehicle which is:

   **(1)** owned by a **family member** or other person who resides with you; or

   **(2)** furnished or available for the regular use of a **family member** or other person who resides with you.

**4.** Any vehicle while it is:

   **a.** operating on a surface designed or used for racing, except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   **b.** participating in a high performance driving or racing instruction course or school; or

**c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

   **(1)** race activity; or

   **(2)** speed, performance, stunt, or demolition contest or exhibition.

**LIMIT OF LIABILITY**

**A.** If the Declarations indicates "per person"/"per accident" coverage applies:

The limit of liability as shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one auto accident.

This is the most we will pay regardless of the number of:

**1.** **Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the auto accident.

**B.** If the Declarations indicate **Combined Single Limit** applies, Paragraph **A.** above is replaced by the following:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

**1.** **Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate **minimum limits** required by law for **bodily injury** and **property damage** liability.

However, this provision will not change our total limit of liability.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under

SA-1852/OREP 4/09

— 5 —

this coverage and Part **C** — Uninsured/Under-insured Motorists Coverage of this policy.

**D.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer**.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

**A.** If the state or province has:

**1.** A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

**2.** A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle

in that state or province, your policy will provide at least the required **minimum limits** and types of coverage.

**B.** No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required. The **insured** must reimburse us if we make a payment that we would not have made if this policy was not certified as proof of financial responsibility.

## OTHER INSURANCE

If there is other applicable liability insurance available any insurance we provide shall be excess over any other applicable liability insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible liability insurance.

---

## PERSONAL INJURY PROTECTION COVERAGE

---

### INSURING AGREEMENT

**A.** We will pay reasonable and necessary expenses for personal injury protection benefits for an **insured** who sustains **bodily injury** caused by an accident and arising out of the use, occupancy or maintenance of a **motor vehicle** as a **motor vehicle**.

We have a right to review **medical and hospital expenses** and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

Personal Injury Protection Benefits include:

**1.** **Medical and hospital expenses.**

**2.** **Income continuation benefits.**

**3.** **Loss of services expenses.**

**4.** **Funeral expenses.**

**5.** **Child care expenses.**

**B.** **"Bodily injury"** as used in this coverage means bodily harm, sickness or disease, including death that results at any time.

**C.** **"Child care expenses"** means expenses reasonably incurred for care of a minor child of an **insured** provided the **insured** is:

**1.** The parent of the minor child; and

**2.** Required to be hospitalized because of the **bodily injury** for a minimum of 24 hours.

**Child care expenses** include only those expenses incurred for child care beginning 24

hours after the hospitalization of the **insured** and continuing until the **insured** is able to:

**1.** Return to work, if such person was usually engaged in a remunerative occupation at the time of the accident; or

**2.** Perform essential services such person would have performed without income, if such person was not usually engaged in a remunerative occupation at the time of the accident.

**D.** **"Funeral expenses"** means reasonable and necessary expenses for funeral services incurred within one year after the date of the accident.

**E.** **"Income continuation benefits"** means if the **insured** is usually engaged in a remunerative occupation and if the disability continues for at least 14 days, 70 percent of the loss of income from work during the period of the **insured's** disability until the date the person is able to return to the person's usual occupation. This benefit is subject to a maximum payment period in the aggregate of 52 weeks. As used in this paragraph, "income" includes but is not limited to salary, wages, tips, commissions, professional fees and profits from an individually owned business or farm.

**F.** **"Insured"** as used in this coverage means:

**1.** You or any **family member** who sustains **bodily injury** while:

**a.** **occupying** a **private passenger motor vehicle;** or

**b.** a **pedestrian** struck by a **motor vehicle.**

**2.** Any other person who sustains **bodily injury** while:

**a.** **occupying** or using **your covered auto** with your express or implied permission. The actual use must be within the scope of that permission; or

**b.** a **pedestrian** struck by **your covered auto.**

**G.** **"Loss of services expenses"** means if the **insured** is not usually engaged in a remunerative occupation and if the disability continues for at least 14 days, the expenses reasonably incurred by the **insured** for essential services that were performed by a person who is not related to the **insured** or residing in the **insured's** household in lieu of the services the **insured** would have performed without income during the period of the **insured's** disability until the date the **insured** is reasonably able to perform such essential services. This benefit is subject to a maximum payment period in the aggregate of 52 weeks.

**Loss of services expenses** shall not include **child care expenses.**

**H.** **"Medical and hospital expenses"** means all reasonable and necessary expenses of medical, hospital, dental, surgical, ambulance and prosthetic services incurred within one year after the date of the **insured's** injury. Expenses of medical, hospital, dental, surgical, ambulance and prosthetic services shall be presumed to be reasonable and necessary unless the provider is given notice of denial of charges not more than 60 calendar days after the insurer receives from the provider notice of claim for the services.

**Medical and hospital expenses** will be reviewed pursuant to Oregon Revised Statutes 742.525 and fee schedules pursuant to Oregon Revised Statutes 656.248. If a medical provider disputes a reduction of **medical and hospital expenses,** we will be responsible for resolving such dispute.

**I.** **"Motor vehicle"** means a self-propelled land motor vehicle or trailer. It does not include:

**1.** A farm-type tractor or other self-propelled equipment designed principally for use off public roads, while not on public roads.

**2.** A vehicle operated on rails or crawler treads.

**3.** A vehicle located for use as a residence or premises.

**J.** **"Pedestrian"** means any person while not **occupying** a self-propelled vehicle other than

a wheelchair or similar low-powered motorized or mechanically propelled vehicle that is designed specifically for use by a physically disabled person who has a medical necessity for the wheelchair or other low-powered vehicle.

**K.** **"Private passenger motor vehicle"** means:

**1.** A four-wheel passenger or station wagon type **motor vehicle** not used as a public or livery conveyance.

**2.** Any other four-wheel **motor vehicle** of the utility, pickup body, sedan delivery or panel truck type not used for wholesale or retail delivery other than farming.

**3.** A self-propelled mobile home.

**4.** A farm truck.

**L.** **"Your covered auto"** as used with this coverage means a **private passenger motor vehicle** owned by you to which the bodily injury liability coverage of this policy applies and for which a specific premium is charged.

**EXCLUSIONS**

We do not provide Personal Injury Protection Coverage:

**1.** For any **insured:**

**a.** who intentionally injures himself or herself.

**b.** for **bodily injury** sustained while **occupying** any vehicle while it is:

**(1)** operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

**(2)** participating in a high performance driving or racing instruction course or school; or

**(3)** preparing for, practicing for, used in, or competing in any prearranged or organized:

**(a)** race activity; or

**(b)** speed, performance, stunt or demolition contest or exhibition.

**c.** while **occupying your covered auto** while such vehicle is being used as a public or livery conveyance or is rented to others.

**d.** caused by the actual, alleged or threatened presence, growth, proliferation or spread of **fungi** or bacteria.

**2.** For **income continuation benefits** and **loss of services expenses,** for any

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1138 of 1402**

**pedestrian,** other than you or any **family member,** in an accident which occurs outside the state of Oregon.

3. For injury resulting from radioactive, toxic, explosive or other hazardous properties of nuclear material.

4. Due to:

   **a.** war, whether or not declared;

   **b.** civil war;

   **c.** insurrection;

   **d.** rebellion or revolution; or

   **e.** any act or condition incident to any of the above.

5. For any **insured** while **occupying** a motorcycle or moped as defined in Oregon statutes, Oregon Revised Statutes 801.365.

6. For you or any **family member** while **occupying** any **motor vehicle,** including a motorcycle or moped as defined in the Oregon statutes, Oregon Revised Statutes 801.365 which is:

   **a.** owned by or furnished or available for your regular use; and

   **b.** not insured for this coverage under this policy.

7. For any **family member** while **occupying** any **motor vehicle,** including a motorcycle or moped as defined in the Oregon statutes, Oregon Revised Statutes 801.365 which is:

   **a.** owned by or furnished or available for the regular use of that **family member;** and

   **b.** not insured for this coverage under this policy.

8. For any **insured** who willfully conceals or misrepresents any material fact in connection with a claim for personal injury protection benefits.

**LIMIT OF LIABILITY**

**A.** This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Policies or bonds applicable;

3. Claims made; or

4. Vehicles to which this coverage applies.

**B.** Our liability for personal injury protection benefits with respect to **bodily injury** sustained by any one **insured** in any one accident is limited as follows:

The total amount payable shall not exceed the sum of:

1. $15,000 in the aggregate for all such **medical and hospital expenses; provided** that, with respect to you or any **family member** to whom a deductible amount applies as shown in the Declarations, such amount shall be deducted from the total amount of all sums otherwise payable by us for such expenses;

2. $1,250 maximum payment per month for **income continuation expenses;**

3. $30 maximum payment per day for **loss of services expenses;**

4. $5,000 maximum payment for **funeral expenses;** and

5. $25 per day up to a maximum of $750 for **child care expenses.**

**C.** Any amount payable under this coverage shall be reduced by the amount paid or payable under any:

1. Workers compensation; or

2. Other similar medical or disability benefits law (excluding Medicare).

**D.** Any amounts paid under this coverage to you or any **family member** shall reduce any amount that person may be entitled to recover for the same damages under Part **C** — Uninsured/Underinsured Motorists Coverage of this policy.

**E.** Any amounts paid under this coverage to an **insured** shall reduce any amount that person may be entitled to recover for the same damages under Part **A** — Liability Coverage of this policy.

**OTHER INSURANCE**

This coverage shall be excess for:

1. **Bodily injury** sustained by any **pedestrian,** other than you or a **family member,** to the extent that amounts are paid or payable to such **pedestrian** under any collateral benefits, including but not limited to:

   **a.** insurance benefits under another policy issued by us or another insurer;

   **b.** governmental benefits other than Medicare;

   **c.** gratuitous benefits; or

   **d.** Oregon personal injury protection benefits.

2. **Bodily injury** sustained by you or any **family member** while **occupying** any **motor vehicle,** other than **your covered auto,** with respect to which Oregon personal injury protection benefits are in effect.

SA-1852/OREP 4/09

## GENERAL PROVISIONS

This coverage is subject to the following additional General Provisions:

### REIMBURSEMENT AND TRUST

In the event of payment to any person under this coverage:

1. We shall be entitled to reimbursement or subrogation in accordance with the provisions of the Oregon Insurance Code.

2. We shall be entitled to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of the **insured** against any person or organization legally responsible for the accident. We shall be entitled only to the extent benefits were paid, less our share of expenses, costs and attorney's fees incurred by the **insured** in connection with such recovery.

3. The **insured** shall hold in trust for us the proceeds of the recovery to the extent of benefits furnished.

4. The **insured** shall do:

   a. whatever is necessary to enable us to exercise our rights; and

   b. nothing after loss to prejudice them.

5. If requested in writing by us, the **insured** shall take, through any representative not in conflict in interest with him and designated by us, such action as may be necessary or appropriate to recover benefits furnished as damages from the person or organization legally responsible. The action shall be taken in the name of the **insured** but only to the extent of benefits furnished by us.

   In the event of recovery, we shall also be reimbursed out of such recovery for the **insured's** share of expenses, costs and attorney's fees incurred by us in connection with the recovery.

6. The **insured** shall execute and deliver to us such instruments and papers as may be appropriate to secure the rights and obligations of the **insured** and us.

Paragraph **B.** of the **Policy Period And Territory Provision** is replaced by the following:

### POLICY PERIOD AND TERRITORY

**B.** The policy territory is:

1. The United States of America, its territories or possessions; or

2. Canada.

### ARBITRATION

If we and an **insured** do not agree as to:

1. Whether that **insured** is legally entitled to recover damages; or

2. The amount of those damages;

then the matter may be arbitrated. However, if the requirements for bringing an action in the small claims department of a justice's or district court are met, in accordance with the Oregon Revised Statutes, the **insured** may elect to file such an action rather than submit the claim to arbitration.

Both parties must agree to arbitration and to be bound by the results of that arbitration. In the event of arbitration, each party will select a competent and disinterested arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court of record in the county and state in which the arbitration is pending.

Each party will pay the attorney's fees and expenses it incurs in the production of medical or other expert witnesses or the making of transcripts of the arbitration. All other costs to the **insured** of the arbitration shall not exceed $100 and we will pay the remaining expenses.

Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to in writing by two of the arbitrators will be binding.

---

## PART C — UNINSURED/UNDERINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

**A.** We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** because of **bodily injury:**

1. Sustained by that **insured;** and

2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or **underinsured motor vehicle.**

**B.** Determination as to whether the **insured** is legally entitled to recover such damages, and if so the amount of the damages shall be made by agreement between the **insured** and the insurer, or in the event of disagreement, may be

SA-1852/OREP 4/09

— 9 —

made by arbitration. Written demand for arbitration must be made within two (2) years of the date of the accident.

C. The parties to this coverage agree that no cause of action shall accrue to the **insured** under this coverage unless within two (2) years from the date of the accident:

1. Agreement as to the amount due under the policy has been concluded;

2. The **insured** or the insurer has formally instituted arbitration proceedings;

3. The **insured** has filed an action against the insurer; or

4. Suit for **bodily injury** has been filed against the uninsured motorists and , within two (2) years from the date of settlement or final judgment against the uninsured motorist, the **insured** has formally instituted arbitration proceedings or filed an action against the insurer.

D. Any judgment for damages arising out of suit brought without our written consent is not binding on us.

E. This coverage does not apply with respect to underinsured motorists benefits unless:

1. The limits of liability under any bodily injury liability policies applicable at the time of the accident regarding the injured person have been exhausted by payment of judgments or settlements to the injured person or other injured persons;

2. The described limits have been offered in settlement, the insurer has refused consent and the **insured** protects the insurer's right of subrogation to the claim against the tortfeasor;

3. The **insured** gives credit to us for the unrealized portion of the described liability limits as if the full limits had been received if less than the described limits have been offered in settlement, and the insurer has consented; or

4. The **insured** gives credit to us for the unrealized portion of the described liability limits as if the full limits had been received:

   a. if less than the described limits have been offered in settlement, and

   b. the insurer has refused consent,

   the **insured** protects our right of subrogation to the claim against the tortfeasor.

F. **"Insured"** as used in this Part **C** — Uninsured/Underinsured Motorists Coverage means:

1. You or any **family member.**

2. Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

3. Any other person **occupying** a vehicle you are operating.

4. Any person entitled to recover damages because of **bodily injury** to which this coverage applies sustained by a person described in **F.1.**, **F.2.** or **F.3.** above.

G. **"Stolen vehicle"** means a vehicle that is **your covered auto** and, at the time of the accident:

1. The vehicle is operated by a person other than you or any **family member** without the consent of you or any **family member;** and

2. The operator of the vehicle does not have collectible bodily injury liability insurance.

H. **"Underinsured motor vehicle"** means a land motor vehicle or **trailer** of any type to which a bodily injury liability policy applies at the time of the accident.

However, its limit for **bodily injury** liability is either:

1. less than the limit liability for this coverage; or

2. reduced by payments to others injured in the accident to an amount which is less than the limit of liability for this coverage.

But, **"underinsured motor vehicle"** does not include any vehicle or equipment:

1. Which is an **uninsured motor vehicle.**

2. Owned by or furnished or available for the regular use of you or any **family member,** except a **stolen vehicle.**

3. Owned by any governmental unit or agency unless the vehicle or equipment is owned by an Oregon governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads while not upon public roads.

6. While located for use as a residence or premises.

I. **"Uninsured motor vehicle"** means a land motor vehicle or **trailer** of any type:

1. To which no bodily injury liability policy applies at the time of the accident or if the **insured** and we, after reasonable efforts, fail to discover within 90 days from the date of the accident, the existence of a valid and collectible automobile liability policy applicable at the time of the accident.

2. To which a bodily injury liability policy applies at the time of the accident if its limit

SA-1852/OREP 4/09 — 10 —

for bodily injury liability is less than the **minimum limits** for bodily injury liability.

**3.** Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes and accident resulting in **bodily injury** without hitting:

**a.** you or any **family member**;

**b.** a vehicle which you or any **family member** are **occupying**; or

**c.** **your covered auto.**

If there is no physical contact with the hit-and-run vehicle the facts of the accident must be corroborated by competent evidence other than the testimony of any person having an uninsured motorists claim resulting from an accident.

**4.** To which a bodily injury liability policy applies at the time of the accident, but the insuring company:

**a.** denies coverage; or

**b.** within two years of the date of the accident:

**(1)** becomes voluntarily or involuntarily bankrupt; or

**(2)** is placed in receivership; or

**(3)** becomes insolvent.

**5.** That is a **stolen vehicle.**

**6.** To which a certificate of self-insurance applies at the time of the accident, but the amount recovered is less than the limits of liability for this coverage.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

**1.** Owned by or furnished or available for the regular use of you or any **family member** except a **stolen vehicle.**

**2.** Owned by any governmental unit or agency unless the vehicle or equipment is owned by an Oregon governmental unit or agency.

**3.** Operated on rails or crawler treads.

**4.** Designed mainly for use off public roads while not on public roads.

**5.** While located for use as a residence or premises.

**EXCLUSIONS**

**A.** We do not provide Uninsured/Underinsured Motorists Coverage for **bodily injury** sustained:

**1.** By an **insured** while **occupying,** or when struck by, any motor vehicle owned by that **insured** which is not insured for this

coverage under this policy. This includes a **trailer** of any type used with that vehicle.

**2.** By any **family member** while **occupying,** or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

**B.** We do not provide Uninsured/Underinsured Motorists Coverage for **bodily injury** sustained by any **insured:**

**1.** If that **insured** or the legal representative settles the **bodily injury** claim without our consent.

However, this exclusion **(B.1.)** does not apply to Underinsured Motorists Coverage.

**2.** While **occupying your covered auto** when it is being used as a public or livery conveyance.

This exclusion **(B.2.)** does not apply to a share-the-expense car pool.

**3.** While **occupying** any auto you are operating as a public or livery conveyance.

The Exclusion **(B.3.)** does not apply to a share-the expense car pool or you or any **family member.**

**4.** While using any vehicle while that **insured** is employed in any **business** of delivery.

Delivery includes but is not limited to the delivery of newspapers or magazines, food or any other products for the purpose of compensation.

This exclusion does not apply to delivery that is incidental to an **insured's business.**

**5.** While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.

However, this exclusion does not apply to you or any **family member** using **your covered auto.**

**6.** While **occupying** or operating an owned motorcycle or moped.

**7.** While using any vehicle while it is:

**a.** operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

**b.** participating in a high performance driving or racing instruction course or school; or

SA-1852/OREP 4/09

— 11 —

    c.   preparing for, practicing for, used in, or competing in any prearranged or organized:

       **(1)** race activity; or

       **(2)** speed, performance, stunt, or demolition contest or exhibition.

**C.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

   **1.** Workers compensation law; or

   **2.** Disability benefits law.

**D.** We do not provide Uninsured/Underinsured Motorists Coverage for **punitive or exemplary damages.**

### LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for "each person" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

This is the most we will pay regardless of the number of:

   **1.** **Insureds;**

   **2.** Claims made;

   **3.** Vehicles or premiums shown in the Declarations; or

   **4.** Vehicles involved in the accident.

**B.** If the Declarations indicate Combined Single Limit Coverage applies, paragraph **(A.)** above is replaced by the following:

The limit of liability shown in the Declarations for Uninsured/Underinsured Motorists Coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

   **1.** **Insureds;**

   **2.** Claims made;

   **3.** Vehicles or premiums shown in the Declarations; or

   **4.** Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate **minimum limits** required by law for **bodily injury** and **property damage** liability.

However, this provision will not change our total limit of liability.

**C.** The limit of liability shall be reduced by all sums paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part **A** — Liability Coverage of the policy.

**D.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

   **1.** Part **A** — Liability Coverage of this policy; or

   **2.** Personal injury protection coverage.

**E.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**F.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

   **1.** Workers compensation law; or

   **2.** Disability benefits or occupational disease laws.

**G.** The limit of liability for Underinsured Motorists Coverage shown in the Declarations for the vehicle involved in the accident shall be reduced by the sum of the limits of liability under all bodily injury liability policies (other than this policy) applicable at the time of the accident.

**H.** If the **insured** has entered into a settlement for less than the limit applicable to all liability bonds or policies for **bodily injury,** the damages recoverable for **bodily injury** under this Part **C** — Uninsured/Underinsured Motorists Coverage, shall be further reduced by the difference between that limit and the amount paid by the insurers of the persons or organizations who may be legally responsible.

**I.** If none of **your covered autos** is involved in the accident, Uninsured/Underinsured Motorists Coverage is available to the extent of coverage of any one of **your covered autos.**

Coverage on any other insured vehicle shall not be added to that coverage.

**J.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer.**

### OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part

**C** — Uninsured/Underinsured Motorists Coverage of the policy:

1. Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

2. Any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for **your covered auto,** shall be excess over any collectible insurance.

3. If the coverage under this policy is provided:

   a. on a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

   b. on an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**ARBITRATION**

A. If we and an **insured** do not agree:

   1. Whether that **insured** is legally entitled to recover damages; or

   2. As to the amount of damages which are recoverable by that **insured;**

   from the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** then the matter may be arbitrated. However, disputes concerning coverage under this Part **C** — Uninsured/Underinsured Motorists Coverage may not be arbitrated.

   Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B. Each party will:

   1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in either of the following, at the election of the **insured:**

   1. The county and state where the **insured** resides; or

   2. The county and state where the **insured's** cause of action against the operator or owner of the **uninsured motor vehicle** or **underinsured motor vehicle** arose.

   Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

D. We will reimburse for any costs of arbitration to an **insured** over $100. Costs will not include attorney fees or expenses incurred in the production of evidence or witness or the making of transcripts.

**ADDITIONAL DUTIES AFTER AN ACCIDENT OR LOSS**

A person seeking Uninsured/Underinsured Motorists Coverage, or someone on that person's behalf, must also:

1. Report the accident within 72 hours to the appropriate law enforcement agency in the event the accident involves:

   a. A hit-and-run vehicle as described in Section **3.** of the definition of **uninsured motor vehicle;** or

   b. A **stolen vehicle.**

2. If the **uninsured motor vehicle** is a **stolen vehicle,** cooperate with the appropriate law enforcement agency in the prosecution of the theft of the vehicle.

3. Promptly send us copies of the legal papers if a suit is brought.

4. Submit a statement under oath, within 30 days after the accident, setting forth the facts.

In addition, a person seeking Underinsured Motorists Coverage must also promptly notify us in writing of tentative settlement between the **insured** and the insurer of the **underinsured motor vehicle** and allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **underinsured motor vehicle.**

An advance payment shall not be deemed a payment of a settlement for purposes of any time limitations under this coverage.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1144 of 1402**

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

**INSURING AGREEMENT**

A. We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto,** including its equipment, any child safety seat in use in **your covered auto** or **non-owned auto,** minus any applicable deductible shown in the Declarations. We will pay for loss to **your covered auto** caused by:

1. Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto,** we will provide the broadest coverage applicable to any vehicle shown in the Declarations.

**Deductible**

Unless stated otherwise, the applicable deductible shown in the Declarations shall be applied to each accidental loss covered under this Part **D** — Coverage for Damage to Your Auto of the policy. However,

a. if loss to more than one of **your covered autos** or a **non-owned auto** results from the same loss, only the highest applicable deductible will apply;

b. in the event of a **collision** with another vehicle insured by a Safeco insurance company, other than a vehicle described as **your covered auto** or **non-owned auto,** no deductible will apply.

c. if loss to **your covered auto** or a **non-owned auto** results from the same event as a covered loss under your Homeowners, Condominium or Rental policy issued by a Safeco company, no deductible will apply to **your covered auto** or a **non-owned auto.**

B. **"Collision"** means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object.

**"Comprehensive"** means loss, other than **collision,** to **your covered auto** or a **non-owned auto.** Losses caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision,** you may elect to have it considered a loss caused by **collision.**

C. 1. **"Non-owned auto"** means:

a. Any private passenger auto, pickup, van (other than a cargo van) or **trailer** with a Gross Vehicle Weight Rating of 12,000 pounds or less or any cargo van or moving van with a Gross Vehicle Weight Rating of 18,000 pounds or less not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member;** or

b. Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

(1) breakdown;

(2) repair;

(3) servicing;

(4) loss; or

(5) destruction.

2. **"Non-owned auto"** does not include any vehicle which has been operated or rented by or in the possession of an **insured** for 30 or more consecutive days. This does not apply to a temporary substitute vehicle authorized by us.

D. **"Camper body"** means a body equipped as sleeping or living quarters which is designed to be mounted on a pickup.

E. **"Diminution in value"** means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

**TRANSPORTATION EXPENSES**

A. Subject to the limitations described in paragraphs **B.** and **C.,** below, we will pay:

1. Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto** or a **non-owned auto.** We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto. We will pay only expenses incurred during the period:

a. beginning 48 hours after the theft; and

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 1145 of 1402**

**b.** ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

**2.** Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto**. We will pay only expenses beginning when the **non-owned auto** is withdrawn from use for more than 24 hours. We will pay for indirect loss expenses if the loss is caused by:

**a.** a **comprehensive** loss only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

**b.** **collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

**B.** For the expenses described in paragraphs **A.1.** and **A.2.** we will pay the greater of the following, without application of a deductible:

**1.** Up to $25 per day, to a maximum of $750; or

**2.** The limit for Loss of Use, if any, shown in the Declarations.

**C.** Our payment for the expenses described in paragraphs **A.1.** and **A.2.** will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto.**

**EXCLUSIONS**

We will not pay for:

**1.** Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance.

This exclusion **(1.)** does not apply to a share-the-expense car pool.

**2.** Loss to **your covered auto** or any **non-owned auto** used by any **insured** while employed in any **business** of delivery.

Delivery includes but is not limited to the delivery of newspapers or magazines, food or any other products for the purpose of compensation.

This exclusion does not apply to delivery that is incidental to an **insured's business.**

**3.** Damage or loss due and confined to:

**a.** wear and tear;

**b.** freezing;

**c.** mechanical or electrical breakdown or failure; or

**d.** road damage to tires.

This exclusion **(3.)** does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

**4.** Damage or loss arising out of neglect.

Neglect means your failure to adequately maintain **your covered auto** or **non-owned auto** after the loss.

With respect to water under Comprehensive Coverage, there is no coverage for:

**a.** moisture, condensation, humidity, or vapor;

**b.** water intrusion around or through panels, surfaces and seals; or

**c.** water that collects in spaces or ventilation systems; or

**d.** **fungi,** dry rot or bacteria;

resulting from neglect.

**5.** Loss due to or as a consequence of:

**a.** discharge of any nuclear weapon (even if accidental);

**b.** war (declared or undeclared);

**c.** civil war;

**d.** insurrection; or

**e.** rebellion or revolution.

**6.** Loss from or as a consequence of the following, whether controlled or uncontrolled or however caused:

**a.** nuclear reaction;

**b.** radiation; or

**c.** radioactive contamination.

**7.** Loss to:

**a.** any electronic equipment designed for the production or reproduction of sound, pictures, audio, visual or data or that receives or transmits sound, pictures or data signals.

**b.** This exclusion **(7.)** does not apply to:

**(1)** equipment designed for the reproduction of sound or transmission of sound, pictures, audio, visual or data signals and accessories used with such equipment, provided:

**(a)** the electronic equipment is permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto;** or

SA-1852/OREP 4/09                    — 15 —

**(b)** the electronic equipment is:

  **i.** removable from a housing unit which is permanently installed by the original vehicle manufacturer or manufacturer's dealership in the auto;

  **ii.** designed to be solely operated by use of the power from the auto's electrical system; and

  **iii.** in or upon **your covered auto** or any **non-owned auto;**

at the time of loss.

**(c)** any equipment installed through our Teensurance™ program.

However, we will pay only up to a total of $1,000 or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for all such equipment that is not installed by the original vehicle manufacturer or manufacturer's dealership.

**(2)** any other electronic equipment that is:

**(a)** necessary for the normal operation of the auto or the monitoring of the auto's operating systems;

**(b)** an integral part of the same unit housing any electronic equipment described in **7.a.** and permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto.**

**8.** Loss to:

**a.** tapes, records, discs, or other media used with such equipment described in exclusion (**7.**); or

**b.** any other accessories, not permanently installed used with such equipment described in exclusion (**7.**).

**9.** Loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities because you or any **family member:**

**a.** engaged in illegal activities; or

**b.** failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion (**9.**) does not apply to the interests of Loss Payees in **your covered auto.**

**10.** Loss to a **camper body,** motorhome or **trailer** you own which is not shown in the Declarations. This exclusion (**10.**) does not apply to a **camper body,** motorhome or **trailer** you:

**a.** acquire during the policy period; and

**b.** ask us to insure within 30 days after you become the owner.

**11.** Loss to any **non-owned auto** when used by you or any **family member** without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.

**12.** Loss to equipment, whether operational or not, whose design may be used for the detection or location of law enforcement equipment.

**13.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

**a.** selling;

**b.** repairing;

**c.** servicing;

**d.** storing; or

**e.** parking;

vehicles designed for use on public highways.

This includes road testing and delivery.

**14.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusions **2.** and **13.**

This exclusion (**14.**) does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

**15.** Loss to **your covered auto** or any **non-owned auto** while it is:

**a.** operating on a surface designed or used for racing. This does not apply to an organized and controlled event

SA-1852/OREP 4/09 — 16 —

that is not a speed, performance, stunt or demolition event;

**b.** participating in a high performance driving or racing instruction course or school; or

**c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

    **(1)** race activity; or

    **(2)** speed, performance, stunt, or demolition contest or exhibition.

**16.** Loss to, or loss of use of, a **non-owned auto** rented by:

    **a.** you; or

    **b.** any **family member;**

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

**17.** Loss to **your covered auto** or any **non-owned auto,** arising out of the actual, alleged or threatened presence, growth, proliferation or spread of **fungi,** dry rot or bacteria.

**18.** Loss to **your covered auto, non-owned auto,** or **trailer,** for **diminution in value.**

**19.** Loss in excess of $1,000 per claim or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for any furnishings or equipment that were not installed by the original vehicle manufacturer or manufacturer's dealership which mechanically or structurally changes your vehicle and results in increase in performance or change in appearance, including but not limited to:

    **a.** custom murals, paintings or other decals or graphics;

    **b.** custom wheels, tachometers, pressure and temperature gauges;

    **c.** modified or custom engines and fuel systems, light bars, racing slicks and/or oversized tires, roll bars and lift kits, winches, utility boxes, and tool boxes; or

    **d.** non-standard paint.

This exclusion does not apply to:

    **a.** equipment installed to make a vehicle handicap accessible.

    **b.** a cap, cover or bedliner in or upon **your covered auto** which is a pickup.

**20.** Loss arising out of the use of **your covered auto** while leased or rented to others.

**21.** Loss to **your covered auto** or a **non-owned auto** caused by an intentional act by you or a **family member,** or at the direction of you or a **family member.**

**LIMIT OF LIABILITY**

**A.** At our option, our limit of liability for loss will be the lowest of:

**1.** The actual cash value of the stolen or damaged property;

**2.**   **a.** The amount necessary to repair or replace the property;

    **b.** Determination of the cost of repair or replacement will be based upon one of the following:

      **(1)** the cost of repair or replacement agreed upon by you and us;

      **(2)** a competitive bid approved by us; or

      **(3)** an estimate written based upon the prevailing competitive price.

      You agree with us that we may include in the estimate parts furnished by the original vehicle manufacturer or parts from other sources including non-original equipment manufacturers.

      The prevailing competitive price means prices charged by a majority of the repair market in the area where the vehicle is to be repaired as determined by us; or

**3.** The limit of liability shown in the Declarations.

However, the most we will pay for loss to any **non-owned auto,** which is a **trailer,** is $1,500.

**B.** An adjustment for depreciation and physical condition may be made based upon the physical condition and wear and tear of the property or damaged part of the property at the time of the loss.

This adjustment for physical condition includes but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges and paint condition.

When replacing parts normally subject to repair or replacement during the useful life of the vehicle, we will not pay for the amount of any betterment.

**PAYMENT OF LOSS**

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or

2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

**NO BENEFIT TO BAILEE**

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER SOURCES OF RECOVERY**

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the **non-owned auto;**

2. Any other applicable physical damage insurance;

3. Any other source of recovery applicable to the loss.

**APPRAISAL**

A. If we and you do not agree on the amount of loss, then an appraisal of the loss may be made.

However, both parties must agree to appraisal and to be bound by results of that appraisal.

In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire.

A decision agreed to by any two will be binding.

Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

B. We do not waive any of our rights under this policy by agreeing to an appraisal.

---

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

---

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:

   a. to physical examinations by physicians we select. We will pay for these exams.

   b. to examination under oath and subscribe the same. We may examine any **insured** separately and apart from the presence of any other **insured.**

4. Authorize us to obtain:

   a. medical reports; and

   b. other pertinent records.

5. Submit a proof of loss, under oath if requested, when required by us.

C. A person seeking Personal Injury Protection Coverage must

1. Promptly give us written proof of claim, under oath if required, including:

   a. Full details of the nature and extent of the injuries and treatment received and contemplated.

   b. Such other information that will help us determine the amount due and payable.

2. Notify us by personal service or by registered or certified mail, of any claim made or legal action taken against any person or organization legally responsible for the **bodily injury,** if that person has received benefits for such **bodily injury.**

3. Promptly provide us with a copy of the summons and complaint or other process

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 1149 of 1402**

served in connection with any legal action that person takes to recover damages for **bodily injury.**

4. At our request, and as a condition for receiving income loss, cooperate in furnishing us reasonable medical proof of his inability to work.

D. A person seeking Uninsured/Underinsured Motorists Coverage must also:

1. Report the accident to the police or other civil authority within seventy-two (72) hours or as soon as practicable if a hit-and-run driver is involved.

    You must file a statement, under oath, with us within 30 days after the accident setting forth the facts.

2. Promptly send us copies of the legal papers if a suit is brought.

E. A person seeking Coverage for Damage to Your Auto must also:

1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

---

## PART F — GENERAL PROVISIONS

**POLICY PERIOD AND TERRITORY**

A. This policy applies only to accidents and losses which occur:

1. During the policy period as shown in the Declarations; and

2. Within the policy territory.

B. The policy period is the period stated in the Declarations. The policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

C. The policy territory is:

1. The United States of America, its territories or possessions;

2. Puerto Rico; or

3. Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

**BANKRUPTCY**

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

**CHANGES**

A. This policy, your Declarations page and endorsements issued by us to this policy contain all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

B. The premium for your policy is based on information we have received from you or other sources.

You agree to cooperate with us in determining if this information is correct and complete and you will notify us if it changes.

If this information is incorrect, incomplete, or changes, we will adjust your premium during the policy term or take other appropriate action based upon the corrected, completed or changed information.

Changes during the policy term that will result in a premium increase or decrease during the policy term include, but are not limited to, changes in:

1. The number, type or use classification of insured vehicles.

2. Operators using insured vehicles including newly licensed **family member** drivers and any household members that have licenses.

3. The location where your vehicle is principally garaged.

4. Customized equipment or parts.

You also agree to disclose all licensed drivers residing in your household.

C. If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state.

This paragraph **(C.)** does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

1. A subsequent edition of your policy; or

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1150 of 1402**

**2.** An Amendatory Endorsement.

**D.** Additional or return premium of $3.00 or less resulting from policy changes will be waived.

**PAYMENT OF PREMIUM**

If your initial premium payment is by check, draft or any remittance other than cash, coverage under this policy is conditioned upon the check, draft or remittance being honored upon presentment to the bank or other financial institution.

If the check, draft or remittance is not honored upon presentment, this policy may, at our option, be deemed void from its inception.

This means that we will not be liable under this policy for any claims or damages which would otherwise be covered if the check, draft, or remittance had been honored upon presentment.

**FRAUD**

**A.** This policy may be canceled or a claim may be denied if, whether before or after a loss, the **insured** has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the **insured** therein, or in case of any fraud or false swearing by the **insured** relating thereto.

**B.** All statements made by or on behalf of the **insured**, in the absence of fraud, shall be deemed representations and not warranties.

No such statements that arise from an error in the application shall be used in defense of a claim under the policy unless:

**1.** The statements are contained in a written application; and

**2.** A copy of the application is endorsed upon or attached to the policy when issued.

**C.** In order to use any representation by or on behalf of the **insured** in defense of a claim under this policy, the insurer must show that the representations are material and that the insurer relied on them.

**LEGAL ACTION AGAINST US**

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part **A** — Liability Coverage, no legal action may be brought against us until:

**1.** We agree in writing that the **insured** has a legal obligation to pay damages; or

**2.** The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring us into any action to determine the legal liability of an **insured**.

**C.** No cause of action shall accrue to an **insured** under Uninsured/Underinsured Motorists Coverage unless within two years from the date of the accident:

**1.** Agreement as to the amount due under this coverage has been concluded;

**2.** We or the **insured** have formally instituted arbitration proceedings;

**3.** The **insured** has filed an action against us; or

**4.** An action for **bodily injury** has been filed against the uninsured motorist and, within 2 years from the **date of settlement** or **final judgment** against the uninsured motorist, the **insured** has:

**a.** formally instituted arbitration proceedings against us; or

**b.** filed an action against us.

**"Date of settlement"** as used in this provision means the date on which a written settlement agreement or release is signed by an **insured** or, in the absence of such documents, the date on which the **insured** or the attorney for the **insured** receives payment of any sum required by the settlement agreement.

**"Final judgment"** as used in this provision means a judgment that has become final by lapse of time for appeal or by entry in an appellate court of an appellate judgment.

**OUR RIGHT TO RECOVER PAYMENT**

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another person, entity or organization we shall be subrogated to that right. That person shall:

**1.** Do whatever is necessary to enable us to exercise our rights; and

**2.** Do nothing after loss to prejudice them.

However, our rights in this paragraph **(A.)** do not apply under Part **D** — Coverage for Damage to Your Auto, against any person using **your covered auto** with your express or implied permission or other person having lawful possession and is not using a vehicle beyond the scope of the permission granted.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

**1.** Hold in trust for us the proceeds of the recovery; and

**2.** Reimburse us to the extent of our payment.

SA-1852/OREP 4/09

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1151 of 1402**

**C.**  **1.**  Our rights do not apply under paragraph **A.** with respect to Underinsured Motorists Coverage if:

    **a.**  We have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **underinsured motor vehicle;** and

    **b.**  We fail to advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

  **2.**  If we advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification:

    **a.**  That payment will be separate from any amount the **insured** is entitled to recover under the provisions of Underinsured Motorists Coverage; and

    **b.**  We also have a right to recover the advanced payment.

  An advance payment shall not be deemed a payment of a settlement for purposes of any time limitations under this coverage.

## TERMINATION

**A.**  **Cancellation.** This policy may be canceled during the policy period as follows:

  **1.**  The named insured shown in the Declarations may cancel by:

    **a.**  returning this policy to us; or

    **b.**  giving **us** advance written or verbal notice of the date cancellation is to take effect. We may waive the requirement the notice be in writing by confirming the date and time of cancellation to you in writing.

  **2.**  We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

    **a.**  at least 10 days notice:

      **(1)**  if cancellation is for nonpayment of premium; or

      **(2)**  If notice is mailed during the first 60 days this policy is in effect and this is not a renewal or continuation policy; or

    **b.**  at least 30 days notice in all other cases.

  **3.**  After this policy is in effect for 60 days, or if this is a renewal policy, we will cancel only:

    **a.**  for nonpayment of premium; or

    **b.**  for fraud or material misrepresentation concerning the policy or **insureds;** or

    **c.**  if your driver's license or that of:

      **(1)**  any driver who lives with you; or

      **(2)**  any driver who customarily uses **your covered auto;**

    has been suspended or revoked during the policy period.

    This must have occurred:

      **(1)**  during the policy period if this is not a renewal or continuation policy; or

      **(2)**  if this is a renewal or continuation policy, during the policy period or the 180 days immediately preceding this policy's effective date.

    However, we will not cancel this policy if your driver's license or that of:

      **(1)**  any driver who lives with you; or

      **(2)**  any driver who customarily uses **your covered auto;**

    has been suspended, pursuant to ORS 809.280 (7) or (9), based on a nondriving offense; or

    **d.**  for fraud or material misrepresentation affecting this policy or in the presentation of a claim; or

    **e.**  if any person seeking recovery violates any of the terms or conditions of this policy.

**B.**  **Nonrenewal.** If we decide not to renew this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period.

**C.**  **Automatic Termination.** If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

Coverage for **your covered auto** shall automatically terminate on the effective date of any other motor vehicle insurance policy covering that vehicle.

**D.**  **Other Termination Provisions.**

  **1.**  If the law in effect in your state at the time this policy is issued or renewed:

    **a.**  requires a longer notice period;

    **b.**  requires a special form of or procedure for giving notice; or

**c.** modifies any of the stated termination reasons;

we will comply with those requirements.

**2.** We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

**3.** If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed on a pro rata basis.

However, making or offering to make the refund is not a condition of cancellation.

**4.** The effective date of cancellation stated in the notice shall become the end of the policy period.

## TRANSFER OF YOUR INTEREST IN THIS POLICY

**A.** Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

**1.** The surviving spouse or **domestic partner** if resident in the same household at the time of death. Coverage applies to the spouse or **domestic partner** as if a named insured shown in the Declarations; and

**2.** The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

**B.** Coverage will only be provided until the end of the policy period.

## TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto. In no event shall the limit of liability of two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to you or any **insured.**

## LOSS PAYABLE CLAUSE

As to the interest of the loss payee, this policy will remain in effect from the inception date and until ten days after proof of mailing that the cancellation notice has been mailed to the loss payee. When we pay the loss payee we shall, to the extent of payment, have the loss payee's rights of recovery.

Where fraud, misrepresentation, material omission, or intentional damage has been committed by or at the direction of any **insured,** or where the loss is otherwise not covered under the terms of the policy, the loss payee or lienholder's interest will not be protected.

## STORAGE COSTS

If you give us your consent, we may move the damaged property, at our expense, to reduce storage costs during the claims process. If you do not give us your consent, we will pay only the storage costs which would have resulted if we had moved the damaged property.

---

## ADDITIONAL COVERAGES

---

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

---

### ADDITIONAL PERSONAL INJURY PROTECTION COVERAGE

### OPTION 1

If the Declarations show that Additional Personal Injury Protection Option **1** applies, Personal Injury Protection Coverage is changed as follows:

The definition of **medical and hospital expenses** is changed to read:

"**Medical and hospital expenses**" means all reasonable and necessary expenses of medical, hospital, dental, surgical, ambulance and prosthetic services incurred within one year after the date of the **insured's** injury but not more than $25,000 in the aggregate for all such expenses for that person. Expenses of medical, hospital, dental, surgical, ambulance and prosthetic services shall be presumed to be reasonable and necessary unless the provider

is given notice of denial of charges not more than 60 calendar days after the insurer receives from the provider notice of claim for the services.

**Medical and hospital expenses** will be reviewed pursuant to Oregon Revised Statutes 742.525 and fee schedules pursuant to Oregon Revised Statutes 656.248. If a medical provider disputes a reduction of **medical and hospital expenses,** we will be responsible for resolving such dispute.

### OPTION 2

If the Declarations show that Additional Personal Injury Protection Option **2** applies, Personal Injury Protection Coverage is changed as follows:

The definition of **medical and hospital expenses** is changed to read:

"**Medical and hospital expenses**" means all reasonable and necessary expenses of medical,

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1153 of 1402**

hospital, dental, surgical, ambulance and prosthetic services incurred within one year after the date of the person's injury, but not more than $50,000 in the aggregate for all such expenses for that person. Expenses of medical, hospital, dental, surgical, ambulance and prosthetic services shall be presumed to be reasonable and necessary unless the provider is given notice of denial of charges not more than 60 calendar days after the insurer receives from the provider notice of claim for the services.

**Medical and hospital expenses** will be reviewed pursuant to Oregon Revised Statutes 742.525 and fee schedules pursuant to Oregon Statutes 656.248. If a medical provider disputes a reduction of **medical and hospital expenses**, we will be responsible for resolving such dispute.

## PROPERTY DAMAGE UNINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

A. We will pay damages which you are legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **property damage** caused by an accident.

   The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

   We will pay under this coverage only after the limits of liability under all applicable liability policies have been exhausted by payment of judgments or settlements.

B. Determination as to whether the **insured** is legally entitled to recover such damages, and if so, the amount of the damages shall be made by agreement between the **insured** and the insurer, or in the event of disagreement, may be made by arbitration.

   Written demand for arbitration must be made within two (2) years of the date of the accident.

C. The parties to this coverage agree that no cause of action shall accrue to the **insured** under this coverage unless within two (2) years from the date of the accident:

   1. Agreement as to the amount due under the policy has been concluded;

   2. The **insured** or the insurer has formally instituted arbitration proceedings;

   3. The **insured** has filed an action against the insurer; or

   4. Suit for **property damage** has been filed against the uninsured motorists and , within two (2) years from the date of settlement or final judgment against the uninsured motorist, the **insured** has formally instituted arbitration proceedings or filed an action against the insurer.

D. Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

E. **"Property damage"** as used in this coverage means injury to or destruction of **your covered auto.**

   However, **property damage** does not include loss of use of **your covered auto**.

F. **"Uninsured motor vehicle"** as used in this coverage means a land motor vehicle or trailer of any type:

   1. To which no liability policy affording coverage for **property damage** applies at the time of the accident or if the **insured** and we, after reasonable efforts, fail to discover within 90 days from the date of the accident, the existence of a valid and collectible automobile liability policy applicable at the time of the accident.

   2. To which a liability policy affording coverage for **property damage** applies at the time of the accident. In this case its limit for property damage liability must be less than the **minimum limit** for property damage liability specified by the Oregon financial responsibility law.

   3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in **property damage** without hitting **your covered auto.**

      If there is no physical contact with the hit-and-run vehicle, the facts of the accident must be corroborated by competent evidence other than the testimony of any person having an uninsured motorist claim resulting from the accident.

   4. To which a liability policy affording coverage for **property damage** applies at the time of the accident but the insuring company:

      a. denies coverage; or

      b. within two years of the date of the accident:

         (1) becomes insolvent;

         (2) becomes voluntarily or involuntarily bankrupt; or

         (3) is placed in receivership.

   5. To which a certificate of self-insurance applies at the time of the accident, but the amount recovered is less than the limit of liability for this coverage.

   However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

   1. Owned by or furnished or available for the regular use of you or any **family member.**

2. Owned by any governmental unit or agency unless the vehicle or equipment is owned by an Oregon governmental unit or agency.

3. Operated on rails or crawler treads.

4. Designed mainly for use off public roads while not on public roads.

5. While located for use as a residence or premises.

## EXCLUSIONS

**A.** We do not provide Uninsured Motorists Coverage for **property damage:**

1. To any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

2. If you or your legal representative settles the **property damage** claim without our consent.

3. When **your covered auto** is being used as a public or livery conveyance. This exclusion **(A.3.)** does not apply to a share-the-expense car pool.

4. While maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** of delivery.

   Delivery includes but is not limited to the delivery of newspapers or magazines, food or any other products for the purpose of compensation.

   This exclusion does not apply to delivery that is incidental to an **insured's business.**

5. While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.

   However, this exclusion does not apply to you or any **family member** using **your covered auto.**

6. For the first $300 of the amount of **property damage** to each of **your covered autos** as the result of an accident involving a hit-and-run vehicle as described in the definition of **uninsured motor vehicle.**

7. For the first $200 of the amount of **property damage** to each of **your covered autos** as the result of an accident involving other than a hit-and-run vehicle.

8. While using any vehicle while it is:

   a. operating on a surface designed or used for racing except for an organized and controlled event that is

not a speed, performance, stunt or demolition event;

b. participating in a high performance driving or racing instruction course or school; or

c. preparing for, practicing for, used in, or competing in any prearranged or organized:

   (1) race activity; or

   (2) speed, performance, stunt, or demolition contest or exhibition.

**B.** This coverage shall not apply directly or indirectly to benefit any insurer of property.

**C.** We do not provide Property Damage Uninsured Motorists Coverage for **punitive or exemplary damages.**

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one accident. Subject to this maximum, our limit of liability will be the lesser of:

1. The actual cash value of the damaged property; or

2. The amount necessary to repair or replace the property.

This is the most we will pay regardless of the number of:

1. Claims made;

2. Vehicles or premiums shown in the Declarations; or

3. Vehicles involved in the accident.

**B.** An adjustment for depreciation and physical condition may be made based upon the physical condition and wear and tear of the property or damaged part of the property at the time of the loss.

The adjustment for physical condition includes but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges and paint condition.

When replacing parts normally subject to repair or replacement during the useful life of the vehicle, we will not pay for the amount of any betterment.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part **D** — Coverage for Damage to Your Auto of this policy; or

2. Any coverage similar to Part **D** — Coverage for Damage to Your Auto under any other policy.

SA-1852/OREP 4/09                                        — 24 —

**D.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

**OTHER INSURANCE**

If there is other applicable insurance similar to the insurance provided by this coverage, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance similar to the insurance provided by this endorsement.

**ARBITRATION**

**A.** If we and an **insured** do not agree:

**1.** Whether that **insured** is legally entitled to recover damages; or

**2.** As to the amount of damages which are recoverable by that **insured**;

from the owner or operator of an **uninsured motor vehicle,** then the matter may be arbitrated.

However, disputes concerning coverage under Property Damage Uninsured Motorists Coverage may not be arbitrated.

Both parties must agree to arbitration and to be bound by the results of that arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**B.** Each party will:

**1.** pay the expenses it incurs; and

**2.** bear the expenses of the third arbitrator equally.

**C.** Unless both parties agree otherwise, arbitration will take place in either of the following, at the election of the **insured:**

**1.** the county and state where the **insured** resides; or

**2.** the county and state where the **insured's** cause of action against the operator or owner of the **uninsured motor vehicle** arose.

Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

**D.** We will reimburse an **insured** for any costs of arbitration over $100.

Costs will not include attorney fees or expenses incurred in the production of evidence or witnesses or the making of transcripts.

**ADDITIONAL DUTIES AFTER AN ACCIDENT OR LOSS**

A person seeking Property Damage Uninsured Motorists Coverage, or someone on that person's behalf, must also:

**1.** Report the accident within 72 hours to the appropriate law enforcement agency in the event the accident involves a hit-and-run vehicle as described in Section **3.** of the definition of **uninsured motor vehicle.**

**2.** Promptly send us copies of the legal papers if a suit is brought.

**3.** Submit a statement under oath, within 30 days after the accident, setting forth the facts.

---

**ROADSIDE ASSISTANCE COVERAGE CALL 1-877-ROAD 101** (1-877-762-3101)

**"Your covered auto"** as used in this endorsement means a private passenger vehicle, motor home or **trailer** owned by you and for which a specific premium is shown on the Declarations for this coverage.

The following coverages apply to each vehicle for which this coverage is shown on the Policy Declarations:

**1.** Each time **your covered auto** or any **non-owned auto** is disabled due to mechanical or electrical breakdown we will pay reasonable and necessary expenses for the use of an **authorized service provider** to tow or flatbed **your covered auto** or **non-owned auto** up to 10 miles or to the nearest qualified place where necessary repairs can be made during regular **business** hours.

**2.** Each time **your covered auto** or any **non-owned auto** is disabled requiring:

**a.** Towing to dislodge the vehicle from its place of disablement within 100 feet of a public street or highway; or

**b.** Labor, including change of tire, at the place of its breakdown; or

**c.** Delivery of fuel, oil, water or other fluids (we do not pay the costs of these items); or

**d.** Key lock-out services;

we will cover up to one (1) hour of labor for the use of an **authorized service provider** for service at the place of disablement.

SA-1852/OREP 4/09

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 1156 of 1402**

3. Coverage is limited to no more than two occurrences per vehicle plus an additional two occurrences per policy in a 6 month policy period for both coverages **1.** and **2.,** above.

**Authorized service provider** means a service provider contracted by us providing, at no charge to you, roadside assistance as described and limited above.

When service is provided by other than an **authorized service provider,** we will reimburse you only for reasonable charges as determined by us.

No deductible applies to this coverage.

_____

**LOSS OF USE COVERAGE**

The provisions and exclusions that apply to Part **D** — Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use Coverage is afforded, we will reimburse you for expenses you incur to rent a substitute vehicle.

This coverage applies only if:

1. The vehicle is withdrawn from use for more than 24 hours;

2. The loss is caused by **collision,** or is covered by the Comprehensive Coverage of this policy; and

3. The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the vehicle.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the vehicle.

Our payment will be limited to that period of time reasonably required to repair or replace the vehicle. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

No deductible applies to this coverage.

_____

**FULL SAFETY GLASS COVERAGE**

We will pay under Comprehensive Coverage for the cost of repairing or replacing damaged **safety equipment** on **your covered auto** without a deductible. We will pay only if:

1. The Declarations indicates that Comprehensive Coverage applies; and

2. A specific premium charge for Full Safety Glass Coverage is shown in the Declarations for **your covered auto**

**"Safety equipment",** as used in this coverage means the:

1. Glass used in the windshield, doors and windows of **your covered auto;** and

2. Glass, plastic or other material used in the lights of **your covered auto.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1157 of 1402**



# INDIANA PERSONAL AUTO POLICY

SAFECO INSURANCE COMPANY OF ILLINOIS
Home Office: 2800 W. Higgins Rd., Suite 1100, Hoffman Estates, Illinois 60195

## READY REFERENCE TO YOUR AUTO POLICY

| | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A — LIABILITY COVERAGE** | 2 |
| Insuring Agreement | |
| Supplementary Payments | |
| Exclusions | |
| Limit of Liability | |
| Out of State Coverage | |
| Financial Responsibility | |
| Other Insurance | |
| **PART B — MEDICAL PAYMENTS COVERAGE** | 6 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART C — UNINSURED MOTORISTS COVERAGE** | 8 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO** | 10 |
| Insuring Agreement | |
| Transportation Expenses | |
| Exclusions | |
| Limit of Liability | |
| Payment of Loss | |
| No Benefit to Bailee | |
| Other Sources of Recovery | |
| Appraisal | |
| **PART E — DUTIES AFTER AN ACCIDENT OR LOSS** | 15 |
| **PART F — GENERAL PROVISIONS** | 15 |
| Policy Period and Territory | |
| Changes | |
| Termination | |
| Two or More Autos Insured; Two or More Auto Policies | |
| **ADDITIONAL COVERAGES** | 19 |
| Underinsured Motorists Coverage | |
| Towing and Labor Costs Coverage | |
| Loss of Use Coverage | |

##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################
##########################################

SA-1852/INEP 8/08

Safeco and the Safeco logo are registered trademarks of Safeco Corporation

## AGREEMENT

In return for your payment of all premiums, and in reliance upon the statements in the application we agree to insure you subject to the terms, conditions and limitations of this policy. We will insure you for the coverages and limits shown on the Declarations. Your policy consists of the policy contract, Declarations and endorsements applicable to the policy.

## DEFINITIONS

**A.** Throughout this policy, "you" and "your" refer to:

    **1.** The "named insured" shown in the Declarations;

    **2.** The spouse if a resident of the same household;

    **3.** The civil partner, if a resident of the same household, by civil union licensed and certified by the state; or

    **4.** The **domestic partner,** if a resident of the same household;

      **"Domestic partner"** means a person living as a continuing partner with you and:

      **(a)** is at least 18 years of age and competent to contract;

      **(b)** is not a relative; and

      **(c)** shares with you the responsibility for each other's welfare, evidence of which includes:

        **(1)** the sharing in domestic responsibilities for the maintenance of the household; or

        **(2)** having joint financial obligations, resources, or assets; or

        **(3)** one with whom you have made a declaration of domestic partnership or similar declaration with an employer or government entity.

      **Domestic partner** does not include more than one person, a roommate whether sharing expenses equally or not, or one who pays rent to the named insured.

**B.** "We," "us" and "our" refer to the Company, as shown on the Declarations providing this insurance.

**C.** For purposes of this policy, a private passenger auto shall be deemed to be owned by a person if leased:

    **1.** Under a written agreement to that person; and

    **2.** For a continuous period of at least six months.

**D.** Throughout the policy, **"minimum limits"** refers to the following limits of liability required by Indiana law to be provided under a policy of automobile liability insurance:

    **1.** $25,000 for each person, subject to $50,000 for each accident, with respect to **bodily injury;**

    **2.** $10,000 for each accident with respect to **property damage.**

Other words and phrases are defined. They are in bold type when used.

**E.** **"Bodily injury"** means bodily harm, sickness or disease, including death that results.

**F.** **"Business"** includes trade, profession or occupation.

**G.** **"Family member"** means a person related to you by blood, marriage, civil union, domestic partnership or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

**H.** **"Fungi"** means any type or form of fungus, including yeast, mold or mildew, blight or mushroom and any mycotoxins, spore, scents or other substances, products or byproducts produced, released by or arising out of **fungi,** including growth, proliferation or spread of **fungi** or the current or past presence of **fungi.** However, this definition does not include any **fungi** intended by the **insured** for consumption.

**I.** **"Occupying"** means in; upon; or getting in, on, out or off.

**J.** **"Property damage"** means physical injury or destruction of tangible property including loss of use.

**K.** **"Punitive or exemplary damages"** include damages which are awarded to punish or deter wrongful conduct, to set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for **bodily injury** or **property damage.**

**L.** **"Trailer"** means a vehicle designed to be pulled by a:

    **1.** Private passenger auto; or

    **2.** Pickup, van or motorhome.

    It also means a recreational camping vehicle, a farm wagon or farm implement while towed by a vehicle listed in **L.1.** or **L.2.** above.

**M.** **"Your covered auto"** means:

1. Any vehicle shown in the Declarations.

2. **a.** Any newly acquired vehicle, whether operational or not, on the date you become the owner, subject to conditions for **Newly Acquired Replacement Vehicle** and **Newly Acquired Additional Vehicle** under **M.2.b.** below. Any newly acquired vehicle must be of the following types:

   **(1)** a private passenger auto;

   **(2)** a pickup or van that:

      **(a)** has a Gross Vehicle Weight Rating of 12,000 lbs or less; and

      **(b)** is not used for the delivery or transportation of goods and materials unless such use is:

         **i.** incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

         **ii.** for farming or ranching; or

   **(3)** a motorhome or **trailer.**

   **b.** A newly acquired vehicle is subject to the following conditions:

   **(1)** **Newly Acquired Replacement Vehicle.** If the vehicle you acquire replaces one shown in the Declarations, the replacement vehicle will have the same coverage as the vehicle it replaced, other than Part **D** — Coverage for Damage to Your Auto. This provision applies only if there is no other insurance policy that provides coverage for that replacement vehicle.

   Part **D** — Coverage for Damage to Your Auto shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition, only to the extent Part **D** — Coverage for Damage to Your Auto applied to the vehicle being replaced. You must notify us within thirty (30) days after you acquire the replacement vehicle for Part **D** — Coverage for Damage to Your Auto to continue.

   **(2)** **Newly Acquired Additional Vehicle.** For any newly acquired vehicle that is in addition to any shown in the Declarations coverage shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition. Coverage shall be the broadest coverage we provide for any vehicle shown in the Declarations, This coverage applies only if:

      **(a)** you acquire the additional vehicle during the policy period shown on the Declarations; and

      **(b)** there is no other insurance policy that provides coverage for the additional vehicle.

   If you wish to add or continue coverage you must ask us to insure the additional vehicle within thirty (30) days after you acquire the additional vehicle. This thirty (30) days of coverage includes the day you acquire the vehicle.

3. Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

   **a.** breakdown;

   **b.** repair;

   **c.** servicing;

   **d.** loss; or

   **e.** destruction.

   This provision **(M.3.)** does not apply to Coverage for Damage to Your Auto.

---

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

**A.** We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 1160 of 1402**

to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**B.** "**Insured**" as used in this Part means:

1. You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

2. Any person using **your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

3. For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under **B.1.** and **B.2.** above.

4. For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision **(B.4.)** applies only if the person or organization does not own or hire the auto or **trailer.**

### INTEREST ON JUDGMENTS

We will pay interest on judgments subject to all of the following:

1. Any notice, demand, summons, judgment, or any process has been promptly forwarded to us as required by the policy conditions.

2. We accept the defense or agree to the judgment.

3. We will pay the interest on that part of the judgment that is covered and that does not exceed our applicable limit of liability.

4. We will pay interest that accrues after entry of judgment and before we pay, tender, or deposit in court.

5. If we appeal the judgment, we will pay interest on the entire judgment.

6. Post-judgment interest is in addition to the applicable limit of liability.

7. Where we are required to cover prejudgment interest, it shall be included in the limit of liability and is not an additional amount of insurance.

### SUPPLEMENTARY PAYMENTS

We will pay on behalf of an **insured:**

1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy. We are not obligated to apply for or furnish such bonds.

2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.

3. Up to $100 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

4. Other reasonable expenses incurred at our request.

### EXCLUSIONS

**A.** We do not provide Liability Coverage for:

1. Any **insured** who intentionally causes **bodily injury** or **property damage** even if such **bodily injury** or **property damage** is of a different kind or degree than expected or intended, or such **bodily injury** or **property damage** is sustained by a different person or persons than expected or intended.

2. **Property damage** to property owned or being transported by any **insured.**

3. **Property damage** to property:

   **a.** rented to;

   **b.** used by; or

   **c.** in the care of;

   any **insured.**

   This exclusion **(A.3.)** does not apply to **property damage** to a residence or private garage.

4. **Bodily injury** to an employee of any **insured** during the course of employment. This exclusion **(A.4.)** does not apply to **bodily injury** to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. Any **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion **(A.5.)** does not apply to a share-the-expense car pool.

6. Any **insured** using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

SA-1852/INEP 10/06                      — 3 —

7. **a.** Any **insured** while employed or otherwise engaged in the **business** of:

   **(1)** selling;

   **(2)** repairing;

   **(3)** servicing;

   **(4)** storing; or

   **(5)** parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery.

   **b.** This exclusion (**A.7.**) does not apply to the ownership, maintenance or use of **your covered auto** by:

   **(1)** you;

   **(2)** any **family member;** or

   **(3)** any partner, agent or employee of you or any **family member.**

8. Any **insured** maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusions **A.6.** or **A.7.** This exclusion (**A.8.**) does not apply to the maintenance or use of a:

   **a.** private passenger auto;

   **b.** pickup, motorhome or van that:

   **(1)** you own; or

   **(2)** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

     **(a)** breakdown;

     **(b)** repair;

     **(c)** servicing;

     **(d)** loss; or

     **(e)** destruction; or

   **c.** **trailer** used with a vehicle described in **A.8.a.** or **A.8.b.** above.

9. Any **insured** using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to a **family member** using **your covered auto.**

10. **a.** **Bodily injury** or **property damage** for which any **insured:**

   **(1)** is an insured under a nuclear energy liability policy; or

   **(2)** would be an insured under a nuclear energy liability policy but

for its termination upon exhaustion of its limit of liability.

   **b.** A nuclear energy liability policy is a policy issued by any of the following or their successors:

   **(1)** Nuclear Energy Liability Insurance Association;

   **(2)** Mutual Atomic Energy Liability Underwriters; or

   **(3)** Nuclear Insurance Association of Canada.

11. **Punitive or exemplary damages** awarded against any **insured.**

12. **Bodily injury** to you or any **family member.**

13. **Bodily injury** or **property damage** arising out of the use of **your covered auto** while leased or rented to others. However, this exclusion does not apply to the operation of **your covered auto** by you or a **family member.**

14. **Bodily injury** or **property damage** arising out of a criminal act or omission of the insured. This exclusion applies regardless of whether that **insured** is actually charged with, or convicted of, a crime. However, this exclusion (**14.**) does not apply to traffic violations.

**B.** We do not provide Liability Coverage for the ownership, maintenance or use of:

1. **a.** Any vehicle which:

   **(1)** has fewer than four wheels;

   **(2)** is designed mainly for use off public roads; or

   **(3)** is a vehicle not licensed for use on public roads.

   **b.** This exclusion does not apply:

   **(1)** while such vehicle is being used by an **insured** in a medical emergency; or

   **(2)** to any **trailer.**

2. Any vehicle, other than **your covered auto,** which is:

   **a.** owned by you; or

   **b.** furnished or available for your regular use.

3. **a.** Any vehicle, other than **your covered auto,** which is:

   **(1)** owned by any **family member** or other person who resides with you; or

   **(2)** furnished or available for the regular use of any **family**

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 1162 of 1402**

**member** or other person who resides with you.

**b.** However, if exclusion **(B.2.)** does not apply, then this Exclusion **(B.3.)** does not apply to you while you are maintaining or **occupying** any vehicle which is:

**(1)** owned by a **family member** or other person who resides with you; or

**(2)** furnished or available for the regular use of a **family member** or other person who resides with you.

**4.** Any vehicle while it is:

**a.** operating on a surface designed or used for racing, except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

**b.** participating in a high performance driving or racing instruction course or school; or

**c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

**(1)** race activity; or

**(2)** speed, performance, stunt, or demolition contest or exhibition.

## LIMIT OF LIABILITY

**A.** If the Declarations indicates "per person"/"per accident" coverage applies:

The limit of liability as shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

**1. Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the auto accident.

**B.** If the Declarations indicate **Combined Single Limit** applies, Paragraph **A.** above is replaced by the following:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

**1. Insureds;**

**2.** Claims made;

**3.** Vehicles or premiums shown in the Declarations; or

**4.** Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate limits required by law for **bodily injury** and **property damage** liability. However, this provision will not change our total limit of liability.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **B** or Part **C** of this policy.

**D.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer.**

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

**A.** If the state or province has:

**1.** A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

**2.** A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required **minimum limits** and types of coverage.

**B.** No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required. The **insured** must reimburse us if we make a payment that we would not have made if this policy was not certified as proof of financial responsibility.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1163 of 1402**

**OTHER INSURANCE**

If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. Any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance, except in the following situations:

We will provide primary insurance for a vehicle you do not own:

    **1.**  If the vehicle is insured under a policy affording coverage to a named insured engaged in the **business** of:

        **a.**  selling;

        **b.**  leasing;

        **c.**  repairing;

        **d.**  servicing;

        **e.**  delivering;

        **f.**  testing;

        **g.**  road testing;

        **h.**  parking; or

        **i.**  storing;

    motor vehicles. This applies only if you or any **family member:**

        **a.**  are operating the vehicle; and

        **b.**  are neither the person engaged in such **business** nor that person's employee or agent.

    **2.**  If the vehicle is leased by you under a written lease agreement and you have agreed to provide coverage for your operation of the vehicle.

---

## PART B — MEDICAL PAYMENTS COVERAGE

**INSURING AGREEMENT**

**A.**  We will pay **usual and customary charges** incurred for reasonable and necessary medical and funeral expenses because of **bodily injury:**

    **1.**  Caused by accident; and

    **2.**  Sustained by an **insured.**

    We will pay only those expenses incurred for services rendered within three (3) years from the date of the accident.

    We have a right to review medical expenses and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

**B.**  "Insured" as used in this Part means:

    **1.**  You or any **family member:**

        **a.**  while **occupying;** or

        **b.**  as a pedestrian or bicyclist when struck by;

        a motor vehicle designed for use mainly on public roads or a **trailer** of any type.

    **2.**  Any other person while **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

    **3.**  Any other person while **occupying,** as a guest, an automobile not owned by you or a **family member,** while being operated by you or a **family member.**

**C.**  "Usual and customary charges" as used in this Part mean:

    Any amount which we determine represents a customary charge for services in the geographic area in which the service is rendered. To determine whether a charge is customary, we may consider outside sources of information of our choice, including, but not limited to:

    **1.**  Licensed, certified or registered health care professionals;

    **2.**  Medical examinations;

    **3.**  Medical file reviews;

    **4.**  Medical bill review services; or

    **5.**  Computerized data bases.

    The **insured** shall not be responsible for payment of any reduction applied by us. If a medical provider disputes an amount paid by us, we will be responsible for resolving such disputes.

**EXCLUSIONS**

We do not provide Medical Payments Coverage for any **insured** for **bodily injury:**

    **1.**  Sustained while **occupying** any motorized vehicle having fewer than four wheels.

    **2.**  Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(2.)** does not apply to a share-the-expense car pool.

    **3.**  Sustained while **occupying** any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

    **4.**  Sustained while **occupying** any vehicle located for use as a residence or premises.

5. Occurring during the course of employment if workers' compensation benefits are required or available for the **bodily injury.**

6. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

   a. owned by you; or

   b. furnished or available for your regular use.

7. Sustained while **occupying,** or when struck by, any vehicle (other than **your covered auto**) which is:

   a. owned by any **family member** or other person who resides with you; or

   b. furnished or available for the regular use of any **family member** or other person who resides with you.

   However, if Exclusion **(6.)** does not apply, then this Exclusion **(7.)** does not apply to you.

8. Sustained while **occupying** a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However this exclusion does not apply to **a family member** using **your covered auto.**

9. Sustained while **occupying** a vehicle when it is being used in the **business** of an **insured.** This exclusion **(9.)** does not apply to **bodily injury** sustained while **occupying** a:

   a. private passenger auto;

   b. pickup, van or motorhome that you own; or

   c. **trailer** used with a vehicle described in **a.** or **b.** above.

10. Caused by or as a consequence of:

    a. discharge of a nuclear weapon (even if accidental);

    b. war (declared or undeclared);

    c. civil war;

    d. insurrection; or

    e. rebellion or revolution.

11. From or as a consequence of the following, whether controlled or uncontrolled or however caused:

    a. nuclear reaction;

    b. radiation; or

    c. radioactive contamination.

12. Sustained while **occupying** any vehicle while it is:

    a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

    b. participating in a high performance driving or racing instruction course or school; or

    c. preparing for, practicing for, used in, or competing in any prearranged or organized:

       (1) race activity; or

       (2) speed, performance, stunt, or demolition contest or exhibition.

13. Caused by the actual, alleged or threatened presence, growth, proliferation or spread of **fungi** or bacteria.

**LIMIT OF LIABILITY**

A. The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident. This is the most we will pay regardless of the number of:

   1. **Insureds;**

   2. Claims made;

   3. Vehicles or premiums shown in the Declarations; or

   4. Vehicles involved in the accident.

B. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **C** of this policy.

**OTHER INSURANCE**

If there is other applicable auto medical payments insurance available we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

## PART C — UNINSURED MOTORISTS COVERAGE

**INSURING AGREEMENT**

A.  We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of:

1.  **Bodily injury** sustained by that **insured** and caused by an accident; and

2.  **Property damage** caused by an accident if the Declarations indicates that both bodily injury and property damage Uninsured Motorists Coverage applies. However, when both bodily injury and property damage Uninsured Motorists Coverage is afforded, item **3.** of the definition of **uninsured motor vehicle**, concerning an unidentified hit-and-run vehicle, will not apply to **property damage**.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle** or **underinsured motor vehicle**.

Any judgment for damages arising out of suit brought without our written consent is not binding on us.

B.  **"Insured"** as used in this Part means:

1.  You or any **family member**.

2.  Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

3.  Any person entitled to recover damages because of **bodily injury** to which this coverage applies sustained by a person described in **B.1.** or **B.2.** above.

C.  **"Property damage"** as used in this Part means injury to or destruction of:

1.  **Your covered auto**.

2.  Any property owned by a person listed in 1. or 2. of definition of **insured** or while contained in **your covered auto**.

However, **property damage** shall not include loss of use of damaged or destroyed property.

D.  **"Uninsured motor vehicle"** means a land motor vehicle or **trailer** of any type:

1.  To which no liability bond or policy applies at the time of the accident.

2.  To which a liability bond or policy applies at the time of the accident if its limit for liability is less than the **minimum limits** for liability specified by the financial responsibility law of Indiana.

3.  With respect to damages for **bodily injury** only, is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

a.  you or any **family member**;

b.  a vehicle which you or any **family member** are **occupying**; or

c.  **your covered auto**.

4.  To which a liability bond or policy applies at the time of the accident, but the bonding or insuring company:

a.  denies coverage; or

b.  is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1.  Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

2.  Owned by any governmental unit or agency while being used in an authorized manner.

3.  Owned by or furnished or available for the regular use of you or any **family member**.

4.  Operated on rails or crawler treads.

5.  Designed mainly for use off public roads while not on public roads.

6.  While located for use as a residence or premises.

**EXCLUSIONS**

A.  We do not provide Uninsured Motorists Coverage for **bodily injury** or **property damage** sustained by any **insured**:

1.  While **occupying**, or when struck by, any motor vehicle owned by you which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

2.  If that **insured** or the legal representative settles the **bodily injury** claim without our consent.

3.  While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion (**A.3.**) does not apply to a share-the-expense car pool.

SA-1852/INEP 10/06                                — 8 —

4. While using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

5. While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using **your covered auto.**

6. While **occupying** or operating an owned motorcycle or moped.

7. While using any vehicle while it is:

   a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   b. participating in a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any prearranged or organized:

      (1) race activity; or

      (2) speed, performance, stunt, or demolition contest or exhibition.

8. For the first $300 of the amount of **property damage** to the property of each **insured** as the result of any one accident with an **uninsured motor vehicle** if the Declarations indicate that the deductible applies to this coverage. This exclusion (**A.8.**) does not apply if **your covered auto** is legally parked and unoccupied when involved in an accident with the **uninsured motor vehicle.**

B. This coverage shall not apply directly or indirectly to benefit:

1. Any insurer or self-insurer under any of the following or similar law:

   a. workers' compensation law; or

   b. disability benefits laws.

2. Any insurer of property.

C. We do not provide Uninsured Motorists Coverage for **punitive or exemplary damages.**

## LIMIT OF LIABILITY

A. The limit of liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident. The limit of Property Damage Liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

B. If the Declarations indicate Combined Single Limit Coverage applies, paragraph (**A.**) above is replaced by the following:

The limit of liability shown in the Declarations for Uninsured Motorists Coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate limits required by law for **bodily injury** and **property damage** liability. However, this provision will not change our total limit of liability.

C. The limit of liability shall be reduced by all sums paid because of the **bodily injury** or **property damage** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part **A** of this policy.

D. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A** or Part **B** or any Underinsured Motorists Coverage provided by this policy.

E. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

SA-1852/INEP 10/06

— 9 —

**F.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

    **1.** Workers' compensation law; or

    **2.** Disability benefits or occupational disease laws.

**G.** No payment will be made for loss paid or payable to the **insured** under Part **D** of the policy.

**H.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer**.

**OTHER INSURANCE**

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the policy:

    **1.** Any recovery for damages under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.

    **2.** Any insurance we provide with respect to a vehicle you do not own, including any vehicle while used as a temporary substitute for **your covered auto**, shall be excess over any collectible insurance.

    **3.** If the coverage under this policy is provided:

        **a.** on a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

        **b.** on an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage

on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**ARBITRATION**

**A.** If we and an **insured** do not agree:

    **1.** Whether that **insured** is legally entitled to recover damages; or

    **2.** As to the amount of damages which are recoverable by that **insured;**

from the owner or operator of an uninsured **motor vehicle** then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

**B.** Each party will:

    **1.** Pay the expenses it incurs; and

    **2.** Bear the expenses of the third arbitrator equally.

**C.** Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

    **1.** Whether the **insured** is legally entitled to recover damages; and

    **2.** The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Indiana. If the amount exceeds that limit, either party may demand the right to a trail. This demand must be made within 60 days of the arbitrator's decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

---

### INSURING AGREEMENT

**A.** We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto**, including its equipment, any child safety seat in use in **your covered auto** or **non-owned auto**, minus any applicable deductible shown in the Declarations. We will pay for loss to **your covered auto** caused by:

    **1.** Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

    **2.** **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

SA-1852/INEP 10/06        — 10 —

If there is a loss to a **non-owned auto**, we will provide the broadest coverage applicable to any vehicle shown in the Declarations.

**Deductible**

Unless stated otherwise, the applicable deductible shown in the Declarations shall be applied to each accidental loss covered under this Part of the policy. However,

    **a.** if loss to more than one of **your covered autos** or a **non-owned auto** results from the same loss, only the highest applicable deductible will apply;

    **b.** in the event of a collision with another vehicle insured by a Safeco insurance company, other than a vehicle described as **your covered auto** or **non-owned auto**, no deductible will apply.

    **c.** if loss to **your covered auto** or a **non-owned auto** results from the same event as a covered loss under your Homeowners, Condominium or Rental policy issued by a Safeco company, no deductible will apply to **your covered auto** or a **non-owned auto.**

**B.** **"Collision"** means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object.

    **"Comprehensive"** means loss, other than collision, to **your covered auto** or a **non-owned auto.** Losses caused by the following are not **collision** losses but are **comprehensive** losses:

    Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

    If breakage of glass is caused by a **collision**, you may elect to have it considered a loss caused by **collision.**

**C.** **1.** **"Non-owned auto"** means:

        **a.** Any private passenger auto, pickup, van (other than cargo van) or **trailer** with a Gross Vehicle Weight rating of 12,000 pounds or less or any cargo van or moving van with a Gross Vehicle Weight Rating of 18,000 pounds or less, not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member.**

        **b.** Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

           **(1)** breakdown;

           **(2)** repair;

           **(3)** servicing;

           **(4)** loss; or

           **(5)** destruction.

    **2.** **"Non-owned auto"** does not include any vehicle which has been operated or rented by or in the possession of an **insured** for 30 or more consecutive days. This does not apply to a temporary substitute vehicle authorized by us.

**D.** **"Camper body"** means a body equipped as sleeping or living quarters which is designed to be mounted on a pickup.

**E.** **"Diminution in value"** means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

**TRANSPORTATION EXPENSES**

**A.** Subject to the limitations described in paragraphs **B.** and **C.** below, we will pay:

    **1.** Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto** or a **non-owned auto.** We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto. We will pay only expenses incurred during the period:

        **a.** beginning 48 hours after the theft; and

        **b.** ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

    **2.** Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto.** We will pay only expenses beginning when the **non-owned auto** is withdrawn from use for more than 24 hours. We will pay for indirect loss expenses if the loss is caused by:

        **a.** a **comprehensive** loss only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

        **b.** **collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

SA-1852/INEP 10/06           — 11 —

**B.** For the expenses described in paragraphs **A.1.** and **A.2.** we will pay the greater of the following, without application of a deductible:

**1.** Up to $25 per day, to a maximum of $750; or

**2.** The limit for Loss of Use, if any, shown in the Declarations.

**C.** Our payment for the expenses described in paragraphs **A.1.** and **A.2.** will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto.**

**EXCLUSIONS**

We will not pay for:

**1.** Loss to **your covered auto** or any **non-owned auto** which occurs while it is being used as a public or livery conveyance. This exclusion **(1.)** does not apply to a share-the-expense car pool.

**2.** Loss to **your covered auto** or any **non-owned auto** while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

**3.** Damage or loss due and confined to:

**a.** wear and tear;

**b.** freezing;

**c.** mechanical or electrical breakdown or failure; or

**d.** road damage to tires.

This exclusion **(3.)** does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

**4.** Damage or loss arising out of neglect. Neglect means your failure to adequately maintain **your covered auto** or **non-owned auto** after the loss.

With respect to water under Comprehensive Coverage, there is no coverage for:

**a.** moisture, condensation, humidity, or vapor;

**b.** water intrusion around or through panels, surfaces and seals; or

**c.** water that collects in spaces or ventilation systems; or

**d.** **fungi,** dry rot or bacteria;

resulting from neglect.

**5.** Loss due to or as a consequence of:

**a.** discharge of any nuclear weapon (even if accidental);

**b.** war (declared or undeclared);

**c.** civil war;

**d.** insurrection; or

**e.** rebellion or revolution.

**6.** Loss from or as a consequence of the following, whether controlled or uncontrolled or however caused:

**a.** nuclear reaction;

**b.** radiation; or

**c.** radioactive contamination.

**7.** Loss to:

**a.** any electronic equipment designed for the production or reproduction of sound, pictures, audio, visual or data or that receives or transmits sound, pictures or data signals.

**b.** This exclusion **(7.)** does not apply to:

**(1)** equipment designed for the reproduction of sound or transmission of sound, pictures, audio, visual or data signals and accessories used with such equipment, provided:

**(a)** the electronic equipment is permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto;** or

**(b)** the electronic equipment is:

**i.** removable from a housing unit which is permanently installed by the original vehicle manufacturer or manufacturer's dealership in the auto;

**ii.** designed to be solely operated by use of the power from the auto's electrical system; and

**iii.** in or upon **your covered auto** or any **non-owned auto;**

at the time of loss.

**(c)** any equipment installed through our Teensurance™ program.

However, we will pay only up to a total of $1,000 or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for all such equipment that is not installed by

the original vehicle manufacturer or manufacturer's dealership.

**(2)** any other electronic equipment that is:

**(a)** necessary for the normal operation of the auto or the monitoring of the auto's operating systems;

**(b)** an integral part of the same unit housing any electronic equipment described in **7.a.** and permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto.**

**8.** Loss to:

**a.** tapes, records, discs, or other media used with such equipment described in exclusion **(7.)**; or

**b.** any other accessories, not permanently installed used with such equipment described in exclusion **(7.)**.

**9.** Loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities because you or any **family member:**

**a.** engaged in illegal activities; or

**b.** failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion **(9.)** does not apply to the interests of Loss Payees in **your covered auto.**

**10.** Loss to a **camper body,** motorhome or **trailer** you own which is not shown in the Declarations. This exclusion **(10.)** does not apply to a **camper body,** motorhome or **trailer** you:

**a.** acquire during the policy period; and

**b.** ask us to insure within 30 days after you become the owner.

**11.** Loss to any **non-owned auto** when used by you or any **family member** without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.

**12.** Loss to equipment, whether operational or not, whose design may be used for the detection or location of law enforcement equipment.

**13.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

**a.** selling;

**b.** repairing;

**c.** servicing;

**d.** storing; or

**e.** parking;

vehicles designed for use on public highways. This includes road testing and delivery.

**14.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion **2.** and **13.** This exclusion **(14.)** does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

**15.** Loss to **your covered auto** or any **non-owned auto** while it is:

**a.** operating on a surface designed or used for racing. This does not apply to an organized and controlled event that is not a speed, performance, stunt or demolition event;

**b.** participating in a high performance driving or racing instruction course or school; or

**c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

**(1)** race activity; or

**(2)** speed, performance, stunt, or demolition contest or exhibition.

**16.** Loss to, or loss of use of, a **non-owned auto** rented by:

**a.** you; or

**b.** any **family member;**

if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

**17.** Loss to **your covered auto** or any **non-owned auto,** arising out of the actual, alleged or threatened presence, growth, proliferation or spread of **fungi,** dry rot or bacteria.

**18.** Loss to **your covered auto, non-owned auto,** or **trailer,** for **diminution in value.**