19. Loss in excess of $1,000 per claim or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for any furnishings or equipment that were not installed by the original vehicle manufacturer or manufacturer's dealership which mechanically or structurally changes your vehicle and results in increase in performance or change in appearance, including but not limited to:

   a.   custom murals, paintings or other decals or graphics;

   b.   custom wheels, tachometers, pressure and temperature gauges;

   c.   modified or custom engines and fuel systems, light bars, racing slicks and/or oversized tires, roll bars and lift kits, winches, utility boxes, and tool boxes; or

   d.   non-standard paint.

   This exclusion does not apply to equipment installed to make a vehicle handicap accessible.

20. Loss arising out of the use of **your covered auto** while leased or rented to others.

21. Loss to **your covered auto** or a **non-owned auto** caused by an intentional act by you or a **family member,** or at the direction of you or a **family member.**

### LIMIT OF LIABILITY

A.   At our option, our limit of liability for loss will be the lowest of:

   1.   The actual cash value of the stolen or damaged property;

   2.   a.   The amount necessary to repair or replace the property;

      b.   Determination of the cost of repair or replacement will be based upon one of the following:

         (1)   the cost of repair or replacement agreed upon by you and us;

         (2)   a competitive bid approved by us; or

         (3)   an estimate written based upon the prevailing competitive price. You agree with us that we may include in the estimate parts furnished by the original vehicle manufacturer or parts from other sources including non-original equipment manufacturers. The prevailing competitive price means prices charged by a majority of the repair market in the area where the vehicle is to

be repaired as determined by us; or

   3.   The limit of liability shown in the Declarations.

   However, the most we will pay for loss to any **non-owned auto,** which is a **trailer,** is $1,500.

B.   An adjustment for depreciation and physical condition may be made based upon the physical condition and wear and tear of the property or damaged part of the property at the time of the loss. This adjustment for physical condition includes but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges and paint condition. When replacing parts normally subject to repair or replacement during the useful life of the vehicle, we will not pay for the amount of any betterment.

### PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

   1.   You; or

   2.   The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

### NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

### OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide:

   1.   For **your covered auto** shall be excess to that of a person engaged in the **business** of:

      a.   storing;

      b.   parking;

      c.   servicing; or

      d.   repairing;

      motor vehicle, if the loss occurs while your **covered auto** is under that person's control or the control of the employee or agent.

   2.   With respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

      a.   Any coverage provided by the owner of the **non-owned auto;**

SA-1852/INEP 10/06

— 14 —

**b.** Any other applicable physical damage insurance;

**c.** Any other source of recovery applicable to the loss.

**APPRAISAL**

**A.** If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**1.** Pay its chosen appraiser; and

**2.** Bear the expenses of the appraisal and umpire equally.

**B.** We do not waive any of our rights under this policy by agreeing to an appraisal.

---

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**A.** We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

**B.** A person seeking any coverage must:

**1.** Cooperate with us in the investigation, settlement or defense of any claim or suit.

**2.** Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

**3.** Submit, as often as we reasonably require:

**a.** to physical examinations by physicians we select. We will pay for these exams.

**b.** to examination under oath and subscribe the same. We may examine any **insured** separately and apart from the presence of any other **insured.**

**4.** Authorize us to obtain:

**a.** medical reports; and

**b.** other pertinent records.

**5.** Submit a proof of loss, under oath if requested, when required by us.

**C.** A person seeking Uninsured Motorists Coverage or Underinsured Motorists Coverage must also:

**1.** Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved.

**2.** Promptly send us copies of the legal papers if a suit is brought.

**3.** Promptly notify us in writing of a tentative settlement between the **insured** and the insurer of an **underinsured motor vehicle.** Such notice must include certification of the Liability Coverage limits of the owner or operator of the **underinsured motor vehicle.**

**4.** Allow us 30 days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of the **underinsured motor vehicle.**

**D.** A person seeking Coverage for Damage to Your Auto must also:

**1.** Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

**2.** Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

**3.** Permit us to inspect and appraise the damaged property before its repair or disposal.

---

## PART F — GENERAL PROVISIONS

**POLICY PERIOD AND TERRITORY**

**A.** This policy applies only to accidents and losses which occur:

**1.** During the policy period as shown in the Declarations; and

**2.** Within the policy territory.

**B.** The policy period is the period stated in the Declarations. The policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before

the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

**C.** The policy territory is:

   **1.** The United States of America, its territories or possessions;

   **2.** Puerto Rico; or

   **3.** Canada.

This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

**BANKRUPTCY**

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

**CHANGES**

**A.** This policy, your Declarations page and endorsements issued by us to this policy contain all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

**B.** The premium for your policy is based on information we have received from you or other sources. You agree to cooperate with us in determining if this information is correct and complete and you will notify us if it changes. If this information is incorrect, incomplete, or changes, we may adjust your premium or take other appropriate action based upon the corrected, completed or changed information. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:

   **1.** The number, type or use classification of insured vehicles.

   **2.** Operators using insured vehicles including newly licensed **family member** drivers and household members that have licenses.

   **3.** The location where your vehicle is principally garaged.

   **4.** Customized equipment or parts.

**C.** If we make a change which broadens coverage under this edition of your policy without addition-al premium charge, that change will automati-cally apply to your policy as of the date we implement the change in your state. This para-graph **(C.)** does not apply to changes imple-mented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

   **1.** A subsequent edition of your policy; or

   **2.** An Amendatory Endorsement.

**D.** Additional or return premium of $3.00 or less resulting from policy changes will be waived.

**PAYMENT OF PREMIUM**

If your initial premium payment is by check, draft or any remittance other than cash, coverage under this policy is conditioned upon the check, draft or remittance being honored upon presentment to the bank or other financial institution. If the check, draft or remittance is not honored upon presentment, this policy may, at our option, be deemed void from its inception. This means that we will not be liable under this policy for any claims or damages which would otherwise be covered if the check, draft, or remittance had been honored upon presentment.

**FRAUD**

This policy was issued in reliance upon the information provided on your application. We may void coverage under this policy if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, at the time application was made or any time during the policy period.

We may void this policy or deny coverage for an accident or loss if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

We may void this policy or deny coverage for fraud or material misrepresentation even after the occurrence of an accident or loss. This means we will not be liable for any claims or damages which would otherwise be covered. If we make a payment, we may request that you reimburse us.

**LEGAL ACTION AGAINST US**

**A.** No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against us until:

   **1.** We agree in writing that the **insured** has a legal obligation to pay damages; or

   **2.** The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring us into any action to determine the legal liability of an **insured**.

**OUR RIGHT TO RECOVER PAYMENT**

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another person, entity or organization we shall be subrogated to that right. That person shall:

   **1.** Do whatever is necessary to enable us to exercise our rights; and

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1174 of 1402**

2. Do nothing after loss to prejudice them.

We shall be subrogated to that right with respect to:

1. Coverage other than Uninsured Motorists Coverage or Underinsured Motorists Coverage, even if the person has not been fully compensated for damages.

2. Uninsured Motorists Coverage or Underinsured Motorists Coverage, only after the person has been fully compensated for damages.

However, our rights in this paragraph (**A.**) do not apply with respect to:

1. Damages the person is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** if we:

   a. have been given prompt written notice of both a tentative settlement, between an **insured** and the insurer of an **underinsured motor vehicle**, and certification of the Liability Coverage limits of the owner or operator of an **underinsured motor vehicle**; and

   b. fail to advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

   If we advance payment to the **insured** in amount equal to the tentative settlement within 30 days after receipt of notification:

   a. that payment will be separate from any amount the **insured** is entitled to recover under the provisions of Underinsured Motorists Coverage.

   b. we also have a right to recover the advanced payment.

2. Part **D**, against any person using **your covered auto** with your express or implied permission or other person having lawful possession and is not using a vehicle beyond the scope of the permission granted.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

   However, any reimbursement due to us shall be reduced by our pro rata share of any reasonable and necessary costs and expenses, including deposition costs and expenses, witness fees and attorney's fees, incurred in bringing the claim.

This paragraph (**B.**) applies with respect to:

1. Coverage other than Uninsured Motorists Coverage or Underinsured Motorists Coverage, even if the person to or for whom payment is made has not been fully compensated for damages.

2. Uninsured Motorists Coverage or Underinsured Motorists coverage, only after the person has been fully compensated.

C. If we make a payment under this policy because the insurer of the **uninsured motor vehicle** or **underinsured motor vehicle** is or becomes insolvent, our rights under paragraph **A.** or **B.** With respect to Uninsured Motorists Coverage or Underinsured Motorists Coverage:

1. Apply against the insured of the insolvent insurer only for amounts paid by us in excess of the limits of liability of the insolvent insurer's policy.

2. Do not apply against the Indiana Guaranty Association.

**TERMINATION**

A. **Cancellation.** This policy may be canceled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

   a. returning this policy to us; or

   b. giving us advance written or verbal notice of the date cancellation is to take effect. We may waive the requirement the notice be in writing by confirming the date and time of cancellation to you in writing.

2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

   a. at least 10 days notice:

      (1) if cancellation is for nonpayment of premium; or

      (2) if notice is mailed during the first 60 days this policy is in effect and this is not a renewal policy; or

   b. at least 20 days notice in all other cases.

3. After this policy is in effect for 60 days, or if this is a renewal policy, we will cancel only:

   a. for nonpayment of premium; or

   b. for fraud, willful misrepresentation or concealment on the part of any **insured** in respect to a material fact or circumstance relating to the issuance or continuation of this policy.

   **c.**  if your driver's license or that of:

     **(1)**  any driver who lives with you; or

     **(2)**  any driver who customarily uses **your covered auto;**

    has been suspended or revoked during the policy period.

   **d.**  if you or any other operator who either resides in the same household or customarily operates a vehicle insured under this policy:

     **(1)**  is under treatment for epilepsy or heart disease and does not produce a certificate from a physician testifying to the operator's unqualified ability to operate a motor vehicle safely; or

     **(2)**  uses drugs or alcoholic beverages to excess.

   **e.**  if any **insured** has violated any of the terms or conditions of the policy.

**B.**  **Nonrenewal.** If we decide not to renew this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 30 days before the end of the policy period.

**C.**  **Automatic Termination.** If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

Coverage for **your covered auto** shall automatically terminate on the effective date of any other motor vehicle insurance policy covering that vehicle.

**D.**  **Other Termination Provisions.**

   **1.**  If the law in effect in your state at the time this policy is issued or renewed:

     **a.**  requires a longer notice period;

     **b.**  requires a special form of or procedure for giving notice; or

     **c.**  modifies any of the stated termination reasons;

    we will comply with those requirements.

   **2.**  We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

   **3.**  If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to

make the refund is not a condition of cancellation.

   **4.**  The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**A.**  Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

   **1.**  The surviving spouse, civil partner or domestic partner if resident in the same household at the time of death. Coverage applies to the spouse, civil partner or domestic partner as if a named insured shown in the Declarations; and

   **2.**  The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

**B.**  Coverage will only be provided until the end of the policy period.

**TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES**

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto. In no event shall the limit of liability of two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to you or any **insured.**

**LOSS PAYABLE CLAUSE**

As to the interest of the loss payee, this policy will remain in effect from the inception date and until ten days after proof of mailing that the cancellation notice has been mailed to the loss payee. When we pay the loss payee we shall, to the extent of payment, have the loss payee's rights of recovery.

Where fraud, misrepresentation, material omission, or intentional damage has been committed by or at the direction of any **insured,** or where the loss is otherwise not covered under the terms of the policy, the loss payee or lienholder's interest will not be protected.

**STORAGE COSTS**

If you give us your consent, we may move the damaged property, at our expense, to reduce storage costs during the claims process. If you do not give us your consent, we will pay only the storage costs which would have resulted if we had moved the damaged property.

**Def.'s Resp. to Pl.'s Motion for**
**Class Cert. 2:09-cv-00218 JLR - pg 1176 of 1402**

**NAMED DRIVER EXCLUSION**

If there is an excluded driver under this policy, then we will not provide coverage for any claim arising from an accident or loss involving a motor vehicle being operated by that excluded person. This includes any claim for damages made against you or any **family member** or any other person or organization that is vicariously liable for an accident arising out of the operation of a motor vehicle by the excluded driver.

This provision does not apply to the liability of a named insured for **bodily injury** or **property damage** coverages.

**NOTICE**

Your notice to our authorized agent shall be deemed to be notice to us.

---

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

**UNDERINSURED MOTORISTS COVERAGE**

**INSURING AGREEMENT**

A.  We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury**:

    1.  Sustained by that **insured**; and

    2.  Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle**. We will pay damages under this coverage caused by an accident with an **underinsured motor vehicle** only if **1.** or **2.** below applies:

    1.  The limits of liability under any applicable bodily injury liability bonds or policies applicable to the **underinsured motor vehicle** have been exhausted by payments of judgments or settlements; or

    2.  A tentative settlement has been made between an **insured** and the insurer of the **underinsured motor vehicle** and we:

        a.  have been given prompt written notice of both the tentative settlement and certification of the liability coverage limits of the owner or operator of the **underinsured motor vehicle**; and

        b.  advance payment to the **insured** in an amount equal to the tentative settlement within 30 days after receipt of notification.

B.  "**Insured**" as used in this Part means:

    1.  You or your **family member**.

    2.  Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

    3.  Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in **1.** or **2.** above.

C.  "**Underinsured motor vehicle**" means a land motor vehicle or trailer of any type for which the sum of the limits of liability under all bodily injury liability bonds or policies applicable at the time of the accident is either:

    1.  Less than the limit of liability for this coverage; or

    2.  Reduced by payments to persons, other than **insureds**, injured in the accident to less than the limit of liability for this coverage.

However, "**underinsured motor vehicle**" does not include any vehicle or equipment:

    1.  To which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit for bodily injury liability specified by the financial responsibility law of Indiana.

    2.  Owned or operated by a self-insurer under any applicable motor vehicle law.

    3.  Owned by any governmental unit or agency.

    4.  Owned by or furnished or available for the regular use of you or any **family member**.

    5.  Operated on rails or crawler treads.

    6.  Designed mainly for use off public roads while not on public roads.

    7.  While located for use as a residence or premises.

**8.** To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

    **a.** denies coverage; or

    **b.** is or becomes insolvent.

## EXCLUSIONS

**A.** We do not provide Underinsured Motorists Coverage for **bodily injury** sustained by any **insured:**

    **1.** While **occupying,** or when struck by, any motor vehicle owned by you which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

    **2.** When **your covered auto** is being used as a public or livery conveyance. This exclusion **(A.2.)** does not apply to a share-the-expense car pool.

    **3.** While using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

    **4.** While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using your **covered auto.**

    **5.** While **occupying** or operating an owned motorcycle or moped.

    **6.** While using any vehicle while it is:

        **a.** operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

        **b.** participating in a high performance driving or racing instruction course or school; or

        **c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

            **(1)** race activity; or

            **(2)** speed, performance, stunt, or demolition contest or exhibition.

**B.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

    **1.** Worker's compensation law; or

    **2.** Disability benefits law.

**C.** We do not provide Underinsured Motorists Coverage for **punitive or exemplary damages.**

## LIMIT OF LIABILITY

**A.** The limit of liability shown in the Declarations for "each person" for Underinsured Motorists Coverage is our maximum limit of liability for all damages including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one accident.

Subject to this limit for "each person" the limit of liability shown in the Declarations for "each accident" for Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

This is the most we will pay regardless of the number of:

    **1.** **Insureds;**

    **2.** Claims made;

    **3.** Vehicles or premiums shown in the Declarations; or

    **4.** Vehicles involved in the accident.

**B.** If Combined Single Limit Underinsured Motorists Coverage applies Paragraph **A.** is replaced by the following:

The limit of liability shown in the Declarations for Underinsured Motorists Coverage is our maximum limit of liability for all damages because of **bodily injury** resulting from any one accident. This is the most we will pay regardless of the number of:

    **1.** **Insureds;**

    **2.** Claims made;

    **3.** Vehicles or premiums shown in the Declarations; or

    **4.** Vehicles involved in the accident.

**C.** The limit of liability shall be reduced by all sums paid because of the **bodily injury** by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part **A** of this policy.

**D.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A**, Part **B** or Part **C** of this policy.

**E.** We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of the persons or organizations who may be legally responsible.

**F.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

**1.** Workers' compensation law; or

**2.** Disability benefits law.

**G.** A vehicle and attached **trailer** are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached **trailer.**

### OTHER INSURANCE

If there is other applicable insurance available under one or more policies or provisions of coverage:

**1.** Any recovery for damages under all such policies or provisions of coverage may be equal but not exceed the highest applicable limit for any one vehicle under any insurance on either a primary or excess basis.

**2.** Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance.

**3.** If the coverage under this policy is provided.

    **a.** on a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

    **b.** on an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

### ARBITRATION

**A.** If we and an **insured** do not agree:

**1.** Whether that insured is legally entitled to recover damages; or

**2.** As to the amount of damages which are recoverable by that **insured;**

from the owner or operator of an **underinsured motor vehicle**, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that

selection be made by a judge of a court having jurisdiction.

**B.** Each party will pay the expenses it incurs, and bear the expenses of the third arbitrator equally.

**C.** Unless both parties agree otherwise, arbitration will take place in the county and state in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:

**1.** Whether the **insured** is legally entitled to recover damages; and

**2.** The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Indiana. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 50 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

### ADDITIONAL DUTIES AFTER AN ACCIDENT OR LOSS

A person seeking Underinsured Motorists Coverage must also:

**1.** Promptly send us copies of the legal papers if a suit is brought;

**2.** Promptly notify us in writing of a tentative settlement between the **insured** and the insurer of an **underinsured motor vehicle**. Such notice must include certification of the liability coverage limits of the owner or operator of the **underinsured motor vehicle;** and

**3.** Allow us 30 days to advance payment that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of underinsured motor vehicle.

---

### TOWING AND LABOR COSTS COVERAGE

**A.** We will pay reasonable expenses incurred each time **your covered auto** or a **non-owned auto** is disabled, for:

**1.** Towing to the nearest place where necessary repairs can be made during regular business hours;

**2.** Towing to dislodge the vehicle from its place of disablement if on or next to a public street or highway;

**3.** Mechanical labor up to one hour at the place of its breakdown, including change of tire;

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1179 of 1402**

    **4.** Delivery of gasoline, oil or loaned battery. We do not pay the cost of these items.

**B.** We will pay for key lock-out services and labor costs incurred at the location of **your covered auto** or **non-owned auto,** but not exceeding $50 for services provided.

No deductible applies to this coverage.

---

## LOSS OF USE COVERAGE

The provisions and exclusions that apply to Part **D** — Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use Coverage is afforded, we will reimburse you for expenses you incur to rent a substitute vehicle.

This coverage applies only if:

    **1.** The vehicle is withdrawn from use for more than 24 hours;

    **2.** The loss is caused by **collision,** or is covered by the Comprehensive Coverage of this policy; and

    **3.** The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the vehicle.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the vehicle.

Our payment will be limited to that period of time reasonably required to repair or replace the vehicle. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

No deductible applies to this coverage.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1180 of 1402**



Member of Liberty Mutual Group

# UTAH PERSONAL AUTO POLICY

SAFECO INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
Home Office: Safeco Plaza, Seattle, Washington 98185-0001
SAFECO INSURANCE COMPANY OF ILLINOIS
Home Office: 2800 W. Higgins Rd., Suite 1100, Hoffman Estates, Illinois 60195

(Each a stock insurance company.)

## READY REFERENCE TO YOUR AUTO POLICY

| | Beginning On Page |
|---|---|
| **AGREEMENT** | 1 |
| **DEFINITIONS** | 1 |
| **PART A — LIABILITY COVERAGE** | 3 |
| Insuring Agreement | |
| Supplementary Payments | |
| Exclusions | |
| Limit of Liability | |
| Out of State Coverage | |
| Financial Responsibility | |
| Other Insurance | |
| **PERSONAL INJURY PROTECTION COVERAGE** | 6 |
| Definitions | |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| Duties After An Accident or Loss | |
| General Provisions | |
| **PART C — UNINSURED MOTORISTS COVERAGE** | 10 |
| Insuring Agreement | |
| Exclusions | |
| Limit of Liability | |
| Other Insurance | |
| **PART D — COVERAGE FOR DAMAGE TO YOUR AUTO** | 13 |
| Insuring Agreement | |
| Transportation Expenses | |
| Exclusions | |
| Limit of Liability | |
| Payment of Loss | |
| No Benefit to Bailee | |
| Other Sources of Recovery | |
| Appraisal | |
| **PART E — DUTIES AFTER AN ACCIDENT OR LOSS** | 17 |
| **PART F — GENERAL PROVISIONS** | 18 |
| Policy Period and Territory | |
| Changes | |
| Termination | |
| Two or More Autos Insured; Two or More Auto Policies | |

SA-1852/UTEP 4/09

**ADDITIONAL COVERAGES**                                                    20
    Additional Personal Injury Protection Coverage
    Underinsured Motorists Coverage
    Property Damage Uninsured Motorists Coverage
    Roadside Assistance Coverage
    Loss of Use Coverage
    Full Safety Glass Coverage
    ##########################################
    ##########################################
    ##########################################
    ##########################################
    ##########################################
    ##########################################
    ##########################################
    ##########################################
    ##########################################
    ##########################################

SA-1852/UTEP 4/09

## AGREEMENT

In return for your payment of all premiums, and in reliance upon the statements in the application we agree to insure you subject to the terms, conditions and limitations of this policy. We will insure you for the coverages and limits shown on the Declarations. Your policy consists of the policy contract, Declarations and endorsements applicable to the policy.

## DEFINITIONS

**A.** Throughout this policy, "you" and "your" refer to:

   **1.** The "named insured" shown in the Declarations;

   **2.** The spouse if a resident of the same household;

   **3.** The civil partner, if a resident of the same household, by civil union licensed and certified by the state; or

   **4.** The **domestic partner,** if a resident of the same household;

      **"Domestic partner"** means a person living as a continuing partner with you and:

      **(a)** is at least 18 years of age and competent to contract;

      **(b)** is not a relative; and

      **(c)** shares with you the responsibility for each other's welfare, evidence of which includes:

         **(1)** the sharing in domestic responsibilities for the maintenance of the household; or

         **(2)** having joint financial obligations, resources, or assets; or

         **(3)** one with whom you have made a declaration of domestic partnership or similar declaration with an employer or government entity.

      **Domestic partner** does not include more than one person, a roommate whether sharing expenses equally or not, or one who pays rent to the named insured.

**B.** "We," "us" and "our" refer to the Company, as shown in the Declarations providing this insurance.

**C.** For purposes of this policy, a private passenger auto shall be deemed to be owned by a person if leased:

   **1.** Under a written agreement to that person; and

   **2.** For a continuous period of at least six months.

**D.** Throughout the policy, **"minimum limits"** refers to the following limits of liability required by Utah law to be provided under a policy of automobile liability insurance:

   **1.** $25,000 for each person, subject to $65,000 for each accident, with respect to **bodily injury;**

   **2.** $15,000 for each accident with respect to **property damage.**

   **3.** If Combined Single Limit applies to the policy $80,000 per accident.

Other words and phrases are defined. They are in bold type when used.

**E.** **"Bodily injury"** means bodily harm, sickness or disease, including death that results.

**F.** **"Business"** includes trade, profession or occupation.

**G.** **"Family member"** means a person related to you by blood, marriage, civil union, domestic partnership or adoption who is a resident of your household. This includes a ward or foster child who is a resident of your household.

**H.** **"Fungi"** means any type or form of fungus, including yeast, mold or mildew, blight or mushroom and any mycotoxins, spore, scents or other substances, products or byproducts produced, released by or arising out of **fungi,** including growth, proliferation or spread of **fungi** or the current or past presence of **fungi.** However, this definition does not include any **fungi** intended by the **insured** for consumption.

**I.** **"Occupying"** means in; upon; or getting in on, out or off.

**J.** **"Property damage"** means physical injury or destruction of tangible property including loss of use.

**K.** **"Punitive or exemplary damages"** include damages which are awarded to punish or deter wrongful conduct, to set an example, to fine, penalize or impose a statutory penalty, and damages which are awarded for any purpose other than as compensatory damages for **bodily injury** or **property damage.**

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1183 of 1402**

**L.** **"Trailer"** means a vehicle designed to be pulled by a:

   **1.** Private passenger auto; or

   **2.** Pickup, van or motorhome.

It also means a recreational camping vehicle, a farm wagon or farm implement while towed by a vehicle listed in **L.1.** or **L.2.** above.

**M.** **"Your covered auto"** means:

   **1.** Any vehicle shown in the Declarations.

   **2.**  **a.** Any newly acquired vehicle, whether operational or not, on the date you become the owner, subject to conditions for **Newly Acquired Replacement Vehicle** and **Newly Acquired Additional Vehicle** under **M.2.b.** below. Any newly acquired vehicle must be of the following types:

      **(1)** a private passenger auto;

      **(2)** a pickup or van that:

         **(a)** has a Gross Vehicle Weight Rating of 12,000 lbs or less; and

         **(b)** is not used for the delivery or transportation of goods and materials unless such use is:

           **i.** incidental to your **business** of installing, maintaining or repairing furnishings or equipment; or

           **ii.** for farming or ranching; or

      **(3)** a motorhome or **trailer**.

     **b.** A newly acquired vehicle is subject to the following conditions:

       **(1)** **Newly Acquired Replacement Vehicle.** If the vehicle you acquire replaces one shown in the Declarations, the replacement vehicle will have the same coverage as the vehicle it replaced, other than Part **D** — Coverage for Damage to Your Auto. This provision applies only if there is no other insurance policy that provides coverage for that replacement vehicle.

Part **D** — Coverage for Damage to Your Auto shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition, only to the extent Part **D** — Coverage for Damage to Your Auto applied to the vehicle being replaced. You must notify us within thirty (30) days after you acquire the replacement vehicle for Part **D** — Coverage for Damage to Your Auto to continue.

       **(2)** **Newly Acquired Additional Vehicle.** For any newly acquired vehicle that is in addition to any shown in the Declarations coverage shall apply for the first thirty (30) days after you acquire the vehicle, including the date of acquisition. Coverage shall be the broadest coverage we provide for any vehicle shown in the Declarations. This coverage applies only if:

         **(a)** you acquire the additional vehicle during the policy period shown on the Declarations; and

         **(b)** there is no other insurance policy that provides coverage for the additional vehicle.

If you wish to add or continue coverage you must ask us to insure the additional vehicle within thirty (30) days after you acquire the additional vehicle. This thirty (30) days of coverage includes the day you acquire the vehicle.

   **3.** Any auto or **trailer** you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:

     **a.** breakdown;

     **b.** repair;

     **c.** servicing;

     **d.** loss; or

     **e.** destruction.

This provision (**M.3.**) does not apply to Coverage for Damage to Your Auto.

## PART A — LIABILITY COVERAGE

### INSURING AGREEMENT

**A.** We will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

**B.** **"Insured"** as used in this Part means:

    **1.** You or any **family member** for the ownership, maintenance or use of any auto or **trailer.**

    **2.** Any person using **your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

    **3.** For **your covered auto,** any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under **B.1.** and **B.2.** above.

    **4.** For any auto or **trailer,** other than **your covered auto,** any other person or organization but only with respect to legal responsibility for acts or omissions of you or any **family member** for whom coverage is afforded under this Part. This provision **(B.4.)** applies only if the person or organization does not own or hire the auto or **trailer.**

### INTEREST ON JUDGMENTS

We will pay interest on judgments subject to all of the following:

    **1.** Any notice, demand, summons, judgment, or any process has been promptly forwarded to us as required by the policy conditions.

    **2.** We accept the defense or agree to the judgment.

    **3.** We will pay the interest on that part of the judgment that is covered and that does not exceed our applicable limit of liability.

    **4.** We will pay interest that accrues after entry of judgment and before we pay, tender, or deposit in court.

    **5.** If we appeal the judgment, we will pay interest on the entire judgment.

    **6.** Post-judgment interest is in addition to the applicable limit of liability.

    **7.** Where we are required to cover prejudgment interest, it shall be included in the limit of liability and is not an additional amount of insurance.

### SUPPLEMENTARY PAYMENTS

We will pay on behalf of an **insured:**

    **1.** Up to $1,000 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in **bodily injury** or **property damage** covered under this policy. We are not obligated to apply for or furnish such bonds.

    **2.** Premiums on appeal bonds and bonds to release attachments in any suit we defend.

    **3.** Up to $250 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.

    **4.** Other reasonable expenses incurred at our request.

    **5.** Pay all expenses incurred by an **insured** for first aid to others at the time of the accident, not to exceed $10,000.

### EXCLUSIONS

**A.** We do not provide Liability Coverage for any **insured:**

    **1.** Who intentionally causes **bodily injury** or **property damage** to the extent that the limits of liability for this coverage exceed the **minimum limits** of liability required by the financial responsibility law of Utah.

    **2.** **Property damage** to property owned or being transported by any **insured.**

    **3.** **Property damage** to property:

        **a.** rented to;

        **b.** used by; or

        **c.** in the care of;

    any **insured.**

    This exclusion **(A.3.)** does not apply to **property damage** to a residence or private garage.

    **4.** **Bodily injury** to an employee of any **insured** during the course of employment. This exclusion **(A.4.)** does not apply to **bodily injury** to a domestic employee unless workers compensation benefits are required or available for that domestic employee.

5. Any **insured's** liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion (**A.5.**) does not apply to a share-the-expense car pool.

6. Any **insured** using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

7. a. Any **insured** while employed or otherwise engaged in the **business** of:

   (1) selling;

   (2) repairing;

   (3) servicing;

   (4) storing; or

   (5) parking;

   vehicles designed for use mainly on public highways. This includes road testing and delivery.

   b. This exclusion (**A.7.**) does not apply to the ownership, maintenance or use of **your covered auto** by:

   (1) you;

   (2) any **family member;** or

   (3) any partner, agent or employee of you or any **family member.**

8. Any **insured** maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** (other than farming or ranching) not described in Exclusions **A.6.** or **A.7.** This exclusion (**A.8.**) does not apply to the maintenance or use of a:

   a. private passenger auto;

   b. pickup, motorhome or van that:

   (1) you own; or

   (2) you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

   (a) breakdown;

   (b) repair;

   (c) servicing;

   (d) loss; or

   (e) destruction; or

   c. **trailer** used with a vehicle described in **A.8.a.** or **A.8.b.** above.

9. Any **insured** using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to a **family member** using **your covered auto.**

10. a. **Bodily injury** or **property damage** for which any **insured:**

    (1) is an **insured** under a nuclear energy liability policy; or

    (2) would be an **insured** under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

    b. A nuclear energy liability policy is a policy issued by any of the following or their successors:

    (1) Nuclear Energy Liability Insurance Association;

    (2) Mutual Atomic Energy Liability Underwriters; or

    (3) Nuclear Insurance Association of Canada.

11. **Punitive or exemplary damages** awarded against any **insured.**

12. **Bodily injury** or **property damage** arising out of the use of **your covered auto** while leased or rented to others. However, this exclusion does not apply to the operation of **your covered auto** by you or a **family member.**

13. **Bodily injury** or **property damage** arising out of a criminal act or omission of the insured. This exclusion applies regardless of whether that insured is actually charged with, or convicted of, a crime. However, this exclusion (**13.**) does not apply to traffic violations.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

   1. a. Any vehicle which:

      (1) has fewer than four wheels;

      (2) is designed mainly for use off public roads; or

      (3) is a vehicle not licensed for use on public roads.

      b. This exclusion does not apply:

      (1) while such vehicle is being used by an **insured** in a medical emergency; or

      (2) to any **trailer.**

2. Any vehicle, other than **your covered auto,** which is:

    **a.** owned by you; or

    **b.** furnished or available for your regular use.

3. **a.** Any vehicle, other than **your covered auto,** which is:

      **(1)** owned by any **family member** or other person who resides with you; or

      **(2)** furnished or available for the regular use of any **family member** or other person who resides with you.

    **b.** However, this exclusion (**B.3.**) does not apply to you while you are maintaining or **occupying** any vehicle which is:

      **(1)** owned by a **family member** or other person who resides with you; or

      **(2)** furnished or available for the regular use of a **family member** or other person who resides with you.

4. Any vehicle while it is:

    **a.** operating on a surface designed or used for racing, except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

    **b.** participating in a high performance driving or racing instruction course or school; or

    **c.** preparing for, practicing for, used in, or competing in any prearranged or organized:

      **(1)** race activity; or

      **(2)** speed, performance, stunt, or demolition contest or exhibition.

## LIMIT OF LIABILITY

**A.** If the Declarations indicates "per person"/"per accident" coverage applies:

The limit of liability as shown in the Declarations for "each person" for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Bodily Injury Liability is our maximum limit of liability for all damages for

**bodily injury** resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Property Damage Liability is our maximum limit of liability for all **property damage** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

**B.** If the Declarations indicate **Combined Single Limit** applies, Paragraph **A.** above is replaced by the following:

The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

We will apply the limit of liability to provide any separate **minimum limits** required by law for **bodily injury** and **property damage** liability. However, this provision will not change our total limit of liability.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

1. Part **B** or Part **C** of this policy; or

2. Any Underinsured Motorists Coverage provided by this policy.

**D.** A vehicle and attached trailer are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached trailer.

## OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

**A.** If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

**2.** A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required **minimum limits** and types of coverage.

**B.** No one will be entitled to duplicate payments for the same elements of loss.

## FINANCIAL RESPONSIBILITY

When this policy is certified as future proof of financial responsibility, this policy shall comply with the law to the extent required. The **insured** must reimburse us if we make a payment that we would not have made if this policy was not certified as proof of financial responsibility.

## OTHER INSURANCE

**A.** If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. Except as provided in **B.** and **C.** below, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.

**B.** We will provide primary insurance for a vehicle you do not own if the vehicle is insured under a policy affording coverage to a named insured engaged in the **business** of:

**1.** Selling;

**2.** Repairing;

**3.** Servicing;

**4.** Storing; or

**5.** Parking;

motor vehicles. This applies only if an **insured:**

**1.** Is operating the vehicle; and

**2.** Is neither the person engaged in such **business** nor that person's employee or agent.

**C.** If the vehicle you do not own is a rental private passenger motor vehicle, the following priorities of recovery apply:

| FIRST PRIORITY | Any source of recovery purchased by you or any **family member** from the owner of the rental private passenger motor vehicle. |
|---|---|
| SECOND PRIORITY | Any policy affording Liability Coverage to the **insured** as a named insured or **family member.** |

---

## PERSONAL INJURY PROTECTION COVERAGE

### DEFINITIONS

As used in this coverage:

**A.** **"Family member"** means:

A spouse, including civil partner or **domestic partner** or any other person related to you by blood, marriage, civil union or domestic partnership or adoption, including a ward or foster child who:

**1.** Is a resident of your household; or

**2.** Usually makes his or her home in the same household but temporarily lives elsewhere.

**B.** **"Insured"** as used in this coverage means:

**1.** You or any **family member** who sustains **bodily injury** caused by an accident involving any **motor vehicle.**

**2.** Any other person who sustains **bodily injury** caused by an accident while:

    **a.** **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission;

    **b.** **occupying** any other **motor vehicle** operated by you or any **family member;** or

    **c.** a **pedestrian** if the accident involves **your covered auto** and occurs in Utah.

**3.** Any other person while **occupying,** as a guest, an automobile not owned by you or a **family member,** while being operated by you or a **family member.**

However, "insured" does not include:

**1.** You for **bodily injury** resulting from the use or operation of any **motor vehicle,** other than **your covered auto,** which is owned by you.

**2.** Any **family member** who sustains **bodily injury** resulting from the use or operation of any **motor vehicle** other than **your covered auto** which is owned by that **family member.**

**3.** Any person, other than you or any **family member** who sustains **bodily injury** while **occupying** any **motor vehicle** when it is being used as a public or livery conveyance.

C.  **"Motor vehicle"** as used in this coverage means any:

1.  Self-propelled vehicle which is designed for use upon a highway, including trailers and semitrailers designed for use with such vehicles; and

2.  Vehicle which is propelled by electric power obtained from overhead wires but which is not operated on rails.

However, **"motor vehicle"** does not include:

1.  Traction engines;

2.  Road rollers;

3.  Farm tractors;

4.  Tractor cranes;

5.  Power shovels; or

6.  Well drillers.

D.  **"Occupying"** as used in this coverage means:

1.  Being in or upon a **motor vehicle** as a passenger or operator; or

2.  Engaged in the immediate act of entering, boarding or alighting from a **motor vehicle**.

E.  **"Pedestrian"** means any person not **occupying** or riding upon a **motor vehicle**.

F.  **"Usual and customary charges"** as used in this Part mean:

Any amount which we determine represents a customary charge for services in the geographic area in which the service is rendered. To determine whether a charge is customary, we may consider outside sources of information of our choice, including, but not limited to:

1.  Licensed, certified or registered health care professionals;

2.  Medical examinations;

3.  Medical file reviews;

4.  Medical bill review services; or

5.  Computerized data bases.

The **insured** shall not be responsible for payment of any reduction applied by us. If a medical provider disputes an amount paid by us, we will be responsible for resolving such disputes.

G.  **"Your covered auto"** as used in this coverage means a **motor vehicle**:

1.  To which the Bodily Injury Liability Coverage of this policy applies and for which a specific premium is charged; and

2.  For which you are required by the Utah Motor Vehicle Act to maintain security.

**INSURING AGREEMENT**

A.  We will pay basic personal injury protection benefits to or for an **insured** who sustains **bodily injury**. The **bodily injury** must be caused by an accident involving the use of a **motor vehicle** as a **motor vehicle**.

B.  Subject to the limits shown under the Limit of Liability provision, basic personal injury protection benefits consist of the following:

1.  **Medical Expenses. Usual and customary charges** incurred for any reasonable and necessary:

    a.  medical, surgical, X-ray, dental and rehabilitation services; and

    b.  prosthetic devices, ambulance, hospital and nursing services.

    This includes any non-medical remedial care and treatment rendered in accordance with a recognized religious method of healing. However, Medical Expenses do not include expenses in excess of those for a semiprivate room, unless more intensive care is medically required.

    We have a right to review **medical expenses** and services to determine if they are reasonable and necessary for the **bodily injury** sustained.

2.  **Work Loss.**

    a.  Loss of income and earning capacity by an **insured** during his or her lifetime because of the inability to work, during a period beginning 3 days after the date of loss of income and earning capacity resulting from the **bodily injury** and continuing for a maximum of 52 consecutive weeks after the loss. The 3-day waiting period shall not apply if the **insured's** inability to work continues for more than a total of 2 consecutive weeks after the date of loss of income and earning capacity resulting from the **bodily injury**.

    b.  An allowance for services actually rendered or expenses reasonably incurred for services an **insured** would have performed during his or her lifetime for the household had he or she not sustained **bodily injury**. This allowance begins 3 days after the date of **bodily injury** and continues for a maximum of 365 consecutive days. The 3-day waiting period shall not apply if the **insured's** inability to perform such services continues for more than 2 consecutive weeks after the date of **bodily injury**.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1189 of 1402**

3. **Funeral Expenses.** Funeral, burial or cremation expenses incurred.

4. **Survivors' Loss.** Compensation because of an **insured's** death. We will pay survivors' loss only to natural persons who are the **insured's** heirs.

## EXCLUSIONS

A. We do not provide Personal Injury Protection Coverage for **bodily injury** sustained by any **insured:**

1. While **occupying** a **motor vehicle,** other than **your covered auto,** which is:

   a. owned by; or

   b. furnished for the regular use of;

   you or any **family member.**

2. While:

   a. operating **your covered auto** without the express or implied consent of an **insured;** or

   b. not in lawful possession of **your covered auto.**

3. If such **insured's** conduct contributed to that **insured's** injury under either of the following circumstances:

   a. intentionally causing injury to that **insured;** or

   b. while committing a felony.

4. Arising out of the use of any **motor vehicle** while located for use as a residence or premises.

B. We do not provide Personal Injury Protection Coverage for **bodily injury:**

1. Due to:

   a. war (declared or undeclared);

   b. civil war;

   c. insurrection;

   d. rebellion or revolution; or

   any act or condition incident to any of the above.

2. Resulting from the:

   a. radioactive;

   b. toxic;

   c. explosive; or

   d. other hazardous;

   properties of nuclear material.

C. We do not provide Personal Injury Protection Coverage for loss of income coverage under

**work loss** for you or your resident spouse if loss of income coverage has been rejected.

## LIMIT OF LIABILITY

A. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Policies or bonds applicable;

3. Claims made; or

4. **Your covered autos.**

Our liability for personal injury protection benefits for **bodily injury** sustained by one **insured** in any one accident, is limited as follows:

1. The maximum amount payable for Medical Expenses shall not exceed $3,000;

2. The maximum amount payable for Work Loss is:

   a. 85% of gross income and earning capacity, not to exceed $250 per week;

   b. $20 per day for inability to perform services for the household;

3. The maximum amount payable for Funeral Expenses shall not exceed $1,500;

4. The amount payable for Survivors' Loss is $3,000 and is payable only to natural persons who are the **insured's** heirs.

B. Any amount otherwise payable under this coverage shall be reduced by any amount paid, payable or required to be provided:

1. Under any workers compensation law or similar law; or

2. By the United States or any of its agencies because an **insured** is on active duty in the military services.

## OTHER INSURANCE

A. No one shall be entitled to receive duplicate payments for the same elements of loss under this or any other insurance.

B. Any coverage we provide shall be primary only for **bodily injury** sustained by an **insured** in an accident arising out of the use or operation of **your covered auto.**

C. If the vehicle you do not own is a rental private passenger motor vehicle, the following priorities of recovery apply:

| FIRST PRIORITY | Any source of recovery purchased by you or any **family member** from the owner of the rental private passenger motor vehicle. |
|---|---|

| **SECOND PRIORITY** | Any policy affording Personal Injury Protection Coverage to the **insured** as a named insured or **family member.** |
|---|---|

**D.** If an **insured** is entitled to similar benefits under more than one policy, the maximum amount payable under all of the policies shall not exceed the amount payable under the policy with the highest limit of liability. We will pay only our share. Our share is the proportion that our limit of liability bears to the total of all applicable limits of policies providing coverage on the same basis.

**E.** Any personal injury protection benefits paid or payable under this or any other auto insurance policy shall be primary over any coverage provided under Part **B** of this policy.

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

Part **E** is amended as follows:

As respects this coverage, duties **A., B.3.** and **B.5.** are replaced by the following:

**A.** A person seeking Personal Injury Protection Coverage must, in the event of an accident, give us or our authorized agent prompt written notice of the accident. The notice should identify the **insured** and contain reasonably obtainable information with respect to how, when and where the accident happened.

**B.** An **insured:**

   **1.** Must submit, as often as we reasonably require, to physical and mental exams by physicians we select. We will pay for these exams.

   **2.** Or someone on his behalf must promptly give us written proof of claim, under oath if required. Such proof of claim shall include:

      **a.** full details of the nature and extent of the **bodily injury;**

      **b.** treatment and rehabilitation received and contemplated; and

      **c.** any other information which may assist us in determining the amount due and payable.

The following duty is added:

**E.** If:

   **1.** An **insured;** or

   **2.** That **insured's** legal representative or survivors;

take legal action to recover damages for **bodily injury** against another party, that person must promptly forward to us a copy of the summons and complaint or other process served in connection with such action.

## PART F —GENERAL PROVISIONS

Part **F** is amended as follows:

## OUR RIGHT TO RECOVER PAYMENT

**A.** If we make a payment under this coverage and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. We shall be entitled to a recovery only after the person has been fully compensated for damages. That person shall:

   **1.** Execute and deliver instruments and papers to us and do whatever else is necessary to secure these rights; and

   **2.** Do nothing after loss to prejudice them.

**B.** If we make a payment under this coverage and the person to or for whom payment is made recovers damages from another we shall:

   **1.** Be entitled to the proceeds of the recovery; and

   **2.** Have a lien against such recovery;

to the extent of our payment. Notice of the lien may be given to:

   **1.** The party from which damages are recovered;

   **2.** That party's agent or insurer; or

   **3.** A court having jurisdiction.

We shall be entitled to a recovery only after the person has been fully compensated for damages.

That person shall:

   **1.** Hold in trust for us all rights of recovery which that person has against another party;

   **2.** Do whatever is necessary to secure these rights;

   **3.** Do nothing after loss to prejudice them; and

   **4.** Execute and deliver to us instruments and papers necessary to secure that person's and our rights and obligations.

## PREMIUM RECOMPUTATION

The premium for this policy has been established in reliance upon the limitations on the right to recover damages contained in the Utah Insurance Code. If a court of competent jurisdiction:

   **1.** Declares; or

   **2.** Enters a judgment, the effect of which is to render;

the provisions of the Insurance Code invalid or unenforceable, in whole or in part, we shall have the right to:

1.  Recompute the policy premium; and

2.  At our option, void or amend the provisions of this coverage.

---

## PART C — UNINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

A.  We will pay damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** or **motor vehicle** because of **bodily injury**:

1.  Sustained by that **insured**; and

2.  Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

Any judgment for damages arising out of suit brought without our written consent is not binding on **us**.

B.  "**Insured**" as used in this Part means:

1.  **You**

2.  Any **family member** including those who usually make their home in your household but temporarily lives elsewhere.

3.  Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

4.  Any person entitled to recover damages because of **bodily injury** to which this coverage applies sustained by a person described in **B.1.**, **B.2.** or **B.3.** above.

C.  "**Uninsured motor vehicle**" means a land motor vehicle or **trailer** of any type:

1.  To which no bodily injury liability bond or policy applies at the time of the accident.

2.  To which a bodily injury liability bond or policy applies at the time of the accident if its limit for bodily injury liability is less than the **minimum limits** for bodily injury liability specified by the Utah Safety Responsibility law.

3.  To which a bodily injury liability policy applies at the time of the accident, but coverage for an accident is disputed by the liability insurer for more than 60 days.

4.  Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:

a.  **you** or any **family member;**

b.  a vehicle which **you** or any **family member** are **occupying;** or

c.  **your covered auto.**

If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved. We will only accept clear and convincing evidence which must consist of more than the **insured's** testimony.

5.  To which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:

a.  denies coverage; or

b.  is or becomes insolvent.

However, "**uninsured motor vehicle**" does not include any vehicle or equipment:

1.  Owned by or furnished or available for the regular use of **you** or any **family member.**

2.  Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

3.  Owned by any governmental unit or agency.

4.  Operated on rails or crawler treads.

5.  Designed mainly for use off public roads while not on public roads.

6.  While located for use as a residence or premises.

### EXCLUSIONS

A.  We do not provide Uninsured Motorists Coverage for **bodily injury** sustained:

1.  By an **insured** while **occupying**, or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a **trailer** of any type used with that vehicle.

2.  By any **family member** while **occupying,** or when struck by, any motor vehicle **you** own which is insured for this coverage on a primary basis under any other policy.

SA-1852/UTEP 4/09                           — 10 —

**B.** We do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any **insured:**

  **1.** If that **insured** or the legal representative settles the **bodily injury** claim without our consent.

  **2.** While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(B.2.)** does not apply to a share-the-expense car pool.

  **3.** While using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

  **4.** While **occupying** or operating an owned motorcycle or moped.

**C.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

  **1.** Workers compensation law; or

  **2.** Disability benefits law.

**D.** We do not provide Uninsured Motorists Coverage for **bodily injury** sustained by any **insured:**

  **1.** While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using **your covered auto.** This Exclusion **(D.1.)** does not apply to:

  **a.** a **family member** using **your covered auto** which is owned by you;

  **b.** medical and funeral expenses incurred by an **insured** under 18 years of age; or

  **c.** a law enforcement officer injured in the course and scope of the officer's duties.

  **2.** Who:

  **a.** is a passenger in a vehicle; and

  **b.** has knowledge that the vehicle is being operated by an operator who does not have permission to do so.

  This Exclusion **(D.2.)** does not apply to:

  **a.** medical and funeral expenses incurred by an **insured** under 18 years of age; or

  **b.** a law enforcement officer injured in the course and scope of the officer's duties.

  **3.** While committing a felony. This Exclusion **(D.3.)** does not apply to:

  **a.** medical and funeral expenses incurred by an **insured** under 18 years of age; or

  **b.** a law enforcement officer injured in the course and scope of the officer's duties.

**E.** We do not provide Uninsured Motorists Coverage for **punitive or exemplary damages.**

**LIMIT OF LIABILITY**

**A.** The limit of liability shown in the Declarations for "each person" for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one auto accident.

Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for Uninsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one auto accident.

This is the most we will pay regardless of the number of:

  **1.** **Insureds;**

  **2.** Claims made;

  **3.** Vehicles or premiums shown in the Declarations; or

  **4.** Vehicles involved in the accident.

**B.** If the Declarations indicate Combined Single Limit Uninsured Motorists Coverage applies, paragraph **(A.)** above is replaced by the following:

The limit of liability shown in the Declarations for Uninsured Motorists Coverage is our maximum limit of liability for all damages resulting from any one auto accident. This is the most we will pay regardless of the number of:

  **1.** **Insureds;**

  **2.** Claims made;

  **3.** Vehicles or premiums shown in the Declarations; or

  **4.** Vehicles involved in the auto accident.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

  **1.** Part **A** or Part **B** of this policy; or

  **2.** Any Underinsured Motorists Coverage provided by this policy.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1193 of 1402**

D. We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.

E. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

1. Workers compensation law; or

2. Disability benefits or occupational disease laws.

F. A vehicle and attached trailer are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached trailer.

**OTHER INSURANCE**

If there is other applicable insurance available under one or more policies or provisions of coverage that is similar to the insurance provided under this Part of the policy:

1. Any recovery for damages sustained by you or any **family member** under all such policies or provisions of coverage:

   a. while **occupying** a vehicle owned by you or any **family member** may equal, but not exceed, the highest applicable limit of liability for Uninsured Motorists Coverage for any one vehicle under any insurance providing coverage on either a primary or excess basis;

   b. while **occupying** a vehicle not owned by you or any **family member** may equal, but not exceed, the sum of:

      (1) the limit of liability for Uninsured Motorists Coverage applicable to the vehicle you or any **family member** were **occupying** at the time of the accident; and

      (2) the highest applicable limit of liability for Uninsured Motorists Coverage for any one vehicle under any insurance providing coverage to you or any **family member.**

   c. while not **occupying** any vehicle may equal, but not exceed, the highest applicable limit of liability for Uninsured Motorists Coverage for any one vehicle under any insurance providing coverage to you or any **family member.**

2. Except as provided in **3.** below, any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis.

3. If the vehicle you do not own is a rental private passenger motor vehicle, the following priorities of recovery apply:

| | |
|---|---|
| **FIRST PRIORITY** | Any source of recovery purchased by you or any family member from the owner of the rental private passenger motor vehicle. |
| **SECOND PRIORITY** | Any policy affording Uninsured Motorists Coverage to the insured as a named insured or family member. |

4. If the coverage under this policy is provided:

   a. on a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

   b. on an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

**ARBITRATION**

1. This provision does not apply if a small claims court having jurisdiction resolves the matter or matters upon which the parties do not agree.

2. If we and an **insured** do not agree:

   a. whether that **insured** is legally entitled to recover damages; or

   b. as to the amount of damages which are recoverable by that **insured;**

   from the owner or operator of an **uninsured motor vehicle,** then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

   Either party may make a written demand for arbitration. Unless both parties agree otherwise in writing, the parties will select a single arbitrator. If the parties are unable to agree on a single arbitrator, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection by made by a judge of a court having jurisdiction.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1194 of 1402**

3. Unless both parties agree otherwise in writing, each party will:

    a. Bear the expenses for a single arbitrator equally; or

    b. Pay the expenses for the arbitrator selected by that party and bear the expenses of the third arbitrator equally.

4. Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A written decision by the single arbitrator, or agreed to by at least two of the arbitrators will be binding as to:

    a. whether the **insured** is legally entitled to recover damages; and

    b. the amount of damages.

However, either party may demand the right to trial. This demand must be made within 20 days of service of the arbitration award. If this demand is not made, the arbitration award will be binding.

---

## PART D — COVERAGE FOR DAMAGE TO YOUR AUTO

---

### INSURING AGREEMENT

A. We will pay for direct and accidental loss to **your covered auto** or any **non-owned auto**, including its equipment, any child safety seat in use in **your covered auto** or **non-owned auto**, minus any applicable deductible shown in the Declarations. We will pay for loss to **your covered auto** caused by:

1. Other than **collision** only if the Declarations indicate that Comprehensive Coverage is provided for that auto.

2. **Collision** only if the Declarations indicate that Collision Coverage is provided for that auto.

If there is a loss to a **non-owned auto**, we will provide the broadest coverage applicable to any vehicle shown in the Declarations.

**Deductible**

Unless stated otherwise, the applicable deductible shown in the Declarations shall be applied to each accidental loss covered under this Part of the policy. However,

    a. if loss to more than one of **your covered auto** or a **non-owned auto** results from the same loss, only the highest applicable deductible will apply;

    b. in the event of a **collision** with another vehicle insured by a Safeco insurance company, other than a vehicle described as **your covered auto** or **non-owned auto**, no deductible will apply.

    c. if loss to **your covered auto** or a **non-owned auto** results from the same event as a covered loss under your Homeowners, Condominium or Rental policy issued by a Safeco company, no deductible will apply to **your covered auto** or a **non-owned auto**.

B. **"Collision"** means the upset of **your covered auto** or a **non-owned auto** or its impact with another vehicle or object.

**"Comprehensive"** means loss, other than **collision**, to **your covered auto** or a **non-owned auto**. Losses caused by the following are not **collision** losses but are **comprehensive** losses:

Loss caused by missiles or falling objects; fire; theft or larceny; explosion or earthquake; windstorm; hail, water or flood; malicious mischief or vandalism; riot or civil commotion; contact with a bird or animal; or breakage of glass.

If breakage of glass is caused by a **collision**, you may elect to have it considered a loss caused by **collision**.

C. 1. **"Non-owned auto"** means:

    a. Any private passenger auto, pickup, van (other than cargo van) or **trailer** with a Gross Vehicle Weight rating of 12,000 pounds or less or any cargo van or moving van with a Gross Vehicle Weight Rating of 18,000 pounds or less, not owned by or furnished or available for the regular use of you or any **family member** while in the custody of or being operated by you or any **family member**; or

    b. Any auto or **trailer** you do not own while used as a temporary substitute for **your covered auto** which is out of normal use because of its:

        (1) breakdown;

        (2) repair;

        (3) servicing;

        (4) loss; or

        (5) destruction.

2. **"Non-owned auto"** does not include any vehicle which has been operated or rented

SA-1852/UTEP 4/09

by or in the possession of an **insured** for 30 or more consecutive days. This does not apply to a temporary substitute vehicle authorized by us.

**D.** **"Camper body"** means a body equipped as sleeping or living quarters which is designed to be mounted on a pickup.

**E.** **"Diminution in value"** means the actual or perceived loss in market or resale value which results from a direct and accidental loss.

**TRANSPORTATION EXPENSES**

**A.** Subject to the limitations described in paragraphs **B.** and **C.,** below, we will pay:

**1.** Temporary transportation expenses incurred by you in the event of the total theft of **your covered auto** or a **non-owned auto.** We will pay for such expenses only if the Declarations indicate that Comprehensive Coverage is provided for that auto. We will pay only expenses incurred during the period:

**a.** beginning 48 hours after the theft; and

**b.** ending when **your covered auto** or the **non-owned auto** is returned to use or we pay for its loss.

**2.** Indirect loss expenses for which you become legally responsible in the event of a loss to a **non-owned auto.** We will pay only expenses beginning when the **non-owned auto** is withdrawn from use for more than 24 hours. We will pay for indirect loss expenses if the loss is caused by:

**a.** a **comprehensive** loss only if the Declarations indicate that Comprehensive Coverage is provided for any **your covered auto.**

**b.** **collision** only if the Declarations indicate that Collision Coverage is provided for any **your covered auto.**

**B.** For the expenses described in paragraphs **A.1.** and **A.2.** we will pay the greater of the following, without application of a deductible:

**1.** Up to $25 per day, to a maximum of $750; or

**2.** The limit for Loss of Use, if any, shown in the Declarations.

**C.** Our payment for the expenses described in paragraphs **A.1.** and **A.2.** will be limited to that period of time reasonably required to repair or replace the **your covered auto** or the **non-owned auto.**

**EXCLUSIONS**

We will not pay for:

**1.** Loss to **your covered auto** or any **non-owned auto** which occurs while it is

being used as a public or livery conveyance. This exclusion **(1.)** does not apply to a share-the-expense car pool.

**2.** Loss to **your covered auto** or any **non-owned auto** while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

**3.** Damage or loss due and confined to:

**a.** wear and tear;

**b.** freezing;

**c.** mechanical or electrical breakdown or failure; or

**d.** road damage to tires.

This exclusion **(3.)** does not apply if the damage results from the total theft of **your covered auto** or any **non-owned auto.**

**4.** Damage or loss arising out of neglect. Neglect means your failure to adequately maintain **your covered auto** or **non-owned auto** after the loss.

With respect to water under Comprehensive Coverage, there is no coverage for:

**a.** moisture, condensation, humidity, or vapor;

**b.** water intrusion around or through panels, surfaces and seals; or

**c.** water that collects in spaces or ventilation systems; or

**d.** **fungi,** dry rot or bacteria;

resulting from neglect.

**5.** Loss due to or as a consequence of:

**a.** discharge of any nuclear weapon (even if accidental);

**b.** war (declared or undeclared);

**c.** civil war;

**d.** insurrection; or

**e.** rebellion or revolution.

**6.** Loss from or as a consequence of the following, whether controlled or uncontrolled or however caused:

**a.** nuclear reaction;

**b.** radiation; or

**c.** radioactive contamination.

**7.** Loss to:

**a.** any electronic equipment designed for the production or reproduction of sound, pictures, audio, visual or data

SA-1852/UTEP 4/09                          — 14 —

or that receives or transmits sound, pictures or data signals.

**b.** This exclusion **(7.)** does not apply to:

**(1)** equipment designed for the reproduction of sound or transmission of sound, pictures, audio, visual or data signals and accessories used with such equipment, provided:

**(a)** the electronic equipment is permanently installed by the original vehicle manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto;** or

**(b)** the electronic equipment is:

**i.** removable from a housing unit which is permanently installed by the original vehicle manufacturer or manufacturer's dealership in the auto;

**ii.** designed to be solely operated by use of the power from the auto's electrical system; and

**iii.** in or upon **your covered auto** or any **non-owned auto;**

**(c)** any equipment installed through our Teensurance™ program.

at the time of loss.

However, we will pay only up to a total of $1,000 or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for all such equipment that is not installed by the original vehicle manufacturer or manufacturer's dealership.

**(2)** any other electronic equipment that is:

**(a)** necessary for the normal operation of the auto or the monitoring of the auto's operating systems;

**(b)** an integral part of the same unit housing any electronic equipment described in **7.a.** and permanently installed by the original vehicle

manufacturer or manufacturer's dealership in **your covered auto** or any **non-owned auto.**

**8.** Loss to:

**a.** tapes, records, discs, or other media used with such equipment described in exclusion **(7.);** or

**b.** any other accessories, not permanently installed used with such equipment described in exclusion **(7.).**

**9.** Loss to **your covered auto** or any **non-owned auto** due to destruction or confiscation by governmental or civil authorities because you or any **family member:**

**a.** engaged in illegal activities; or

**b.** failed to comply with Environmental Protection Agency or Department of Transportation standards.

This exclusion **(9.)** does not apply to the interests of Loss Payees in **your covered auto.**

**10.** Loss to a **camper body,** motorhome or **trailer** you own which is not shown in the Declarations. This exclusion **(10.)** does not apply to a **camper body,** motorhome or **trailer** you:

**a.** acquire during the policy period; and

**b.** ask us to insure within 30 days after you become the owner.

**11.** Loss to any **non-owned auto** when used by you or any **family member** without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted.

**12.** Loss to equipment, whether operational or not, whose design may be used for the detection or location of law enforcement equipment.

**13.** Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in the **business** of:

**a.** selling;

**b.** repairing;

**c.** servicing;

**d.** storing; or

**e.** parking;

vehicles designed for use on public highways. This includes road testing and delivery.

SA-1852/UTEP 4/09

— 15 —

14. Loss to any **non-owned auto** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion **2.** and **13.** This exclusion (**14.**) does not apply to the maintenance or use by you or any **family member** of a **non-owned auto** which is a private passenger auto or **trailer.**

15. Loss to **your covered auto** or any **non-owned auto** while it is:

    a. operating on a surface designed or used for racing. This does not apply to an organized and controlled event that is not a speed, performance, stunt or demolition event;

    b. participating in a high performance driving or racing instruction course or school; or

    c. preparing for, practicing for, used in, or competing in any prearranged or organized:

       (1) race activity; or

       (2) speed, performance, stunt, or demolition contest or exhibition.

16. Loss to, or loss of use of, a **non-owned auto** rented by:

    a. you; or

    b. any **family member;**

    if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that **family member,** pursuant to the provisions of any applicable rental agreement or state law.

17. Loss to **your covered auto** or any **non-owned auto,** arising out of the actual, alleged or threatened presence, growth, proliferation or spread of **fungi,** dry rot or bacteria.

18. Loss to **your covered auto, non-owned auto,** or **trailer,** for **diminution in value.**

19. Loss in excess of $1,000 per claim or the actual cash value of **your covered auto** or any **non-owned auto,** whichever is less, for any furnishings or equipment that were not installed by the original vehicle manufacturer or manufacturer's dealership which mechanically or structurally changes your vehicle and results in increase in performance or change in appearance, including but not limited to:

    a. custom murals, paintings or other decals or graphics;

    b. custom wheels, tachometers, pressure and temperature gauges;

    c. modified or custom engines and fuel systems, light bars, racing slicks and/or oversized tires, roll bars and lift kits, winches, utility boxes, and tool boxes; or

    d. non-standard paint.

    This exclusion does not apply to equipment installed to make a vehicle handicap accessible.

20. Loss arising out of the use of **your covered auto** while leased or rented to others.

21. Loss to **your covered auto** or a **non-owned auto** caused by an intentional act by you or a **family member,** or at the direction of you or a **family member.**

**LIMIT OF LIABILITY**

A. At our option, our limit of liability for loss will be the lowest of:

   1. The actual cash value of the stolen or damaged property;

   2. a. The amount necessary to repair or replace the property;

      b. Determination of the cost of repair or replacement will be based upon one of the following:

         (1) the cost of repair or replacement agreed upon by you and us;

         (2) a competitive bid approved by us; or

         (3) an estimate written based upon the prevailing competitive price. You agree with us that we may include in the estimate parts furnished by the original vehicle manufacturer or parts from other sources including non-original equipment manufacturers. The prevailing competitive price means prices charged by a majority of the repair market in the area where the vehicle is to be repaired as determined by us; or

   3. The limit of liability shown in the Declarations.

   However, the most we will pay for loss to any **non-owned auto,** which is a **trailer,** is $1,500.

B. An adjustment for depreciation and physical condition may be made based upon the physical condition and wear and tear of the property or damaged part of the property at the time of the loss. This adjustment for physical condition includes but is not limited to, broken, cracked or missing parts, rust, dents, scrapes, gouges and paint condition. When replacing parts

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1198 of 1402**

normally subject to repair or replacement during the useful life of the vehicle, we will not pay for the amount of any betterment.

**PAYMENT OF LOSS**

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:

1. You; or

2. The address shown in this policy.

If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.

If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

**NO BENEFIT TO BAILEE**

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

**OTHER SOURCES OF RECOVERY**

If other sources of recovery also cover the loss, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a **non-owned auto** shall be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the **non-owned auto;**

2. Any other applicable physical damage insurance;

3. Any other source of recovery applicable to the loss.

**APPRAISAL**

A. If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

1. Pay its chosen appraiser; and

2. Bear the expenses of the appraisal and umpire equally.

B. We do not waive any of our rights under this policy by agreeing to an appraisal.

---

## PART E — DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:

1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:

    a. to physical examinations by physicians we select. We will pay for these exams.

    b. to examination under oath and subscribe the same. We may examine any **insured** separately and apart from the presence of any other **insured.**

4. Authorize us to obtain:

    a. medical reports; and

    b. other pertinent records.

5. Submit a proof of loss, under oath if requested, when required by us.

C. A person seeking Uninsured Motorists Coverage must also:

1. Report the accident to the police or other civil authority within twenty-four (24) hours or as soon as practicable if a hit-and-run driver is involved.

2. Promptly send us copies of the legal papers if a suit is brought.

D. A person seeking Coverage for Damage to Your Auto must also:

1. Take reasonable steps after loss to protect **your covered auto** or any **non-owned auto** and its equipment from further loss. We will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** or any **non-owned auto** is stolen.

3. Permit us to inspect and appraise the damaged property before its repair or disposal.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1199 of 1402**

## PART F — GENERAL PROVISIONS

**POLICY PERIOD AND TERRITORY**

**A.** This policy applies only to accidents and losses which occur:

    **1.** During the policy period as shown in the Declarations; and

    **2.** Within the policy territory.

**B.** The policy period is the period stated in the Declarations. The policy may be renewed for successive policy periods if the required premium is paid and accepted by us on or before the expiration of the current policy period. The premium will be computed at our then current rate for coverage then offered.

**C.** The policy territory is:

    **1.** The United States of America, its territories or possessions;

    **2.** Puerto Rico; or

    **3.** Canada.

    This policy also applies to loss to, or accidents involving, **your covered auto** while being transported between their ports.

**BANKRUPTCY**

Bankruptcy or insolvency of the **insured** shall not relieve us of any obligations under this policy.

**CHANGES**

**A.** This policy, your Declarations page and endorsements issued by us to this policy contain all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

**B.** The premium for your policy is based on information we have received from you or other sources. You agree to cooperate with us in determining if this information is correct and complete and you will notify us if it changes. If this information is incorrect, incomplete, or changes, we will adjust your premium during the policy term or take other appropriate action based upon the corrected, completed or changed information. Changes during the policy term that will result in a premium increase or decrease during the policy term include, but are not limited to, changes in:

    **1.** The number, type or use classification of insured vehicles.

    **2.** Operators using insured vehicles including newly licensed **family member** drivers and any household members that have licenses.

    **3.** The location where your vehicle is principally garaged.

    **4.** Customized equipment or parts.

    You also agree to disclose all licensed drivers residing in your household.

**C.** If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph (**C.**) does not apply to changes implemented with a general program revision that includes both broadenings and restrictions in coverage, whether that general program revision is implemented through introduction of:

    **1.** A subsequent edition of your policy; or

    **2.** An Amendatory Endorsement.

**D.** Additional or return premium of $3.00 or less resulting from policy changes will be waived.

**PAYMENT OF PREMIUM**

If your initial premium payment is by check, draft or any remittance other than cash, coverage under this policy is conditioned upon the check, draft or remittance being honored upon presentment to the bank or other financial institution. If the check, draft or remittance is not honored upon presentment, this policy may, at our option, be deemed void from its inception. This means that we will not be liable under this policy for any claims or damages which would otherwise be covered if the check, draft, or remittance had been honored upon presentment.

**FRAUD**

This policy was issued in reliance upon the information provided on your application. We may deny coverage under this policy if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, at the time application was made or any time during the policy period.

We may deny coverage for an accident or loss if you or an **insured** have concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

We may deny coverage for fraud or material misrepresentation even after the occurrence of an accident or loss. This means we will not be liable for any claims or damages which would otherwise be covered. If we make a payment, we may request that you reimburse us. If so requested, you must reimburse us for any payments we may have already made.

**LEGAL ACTION AGAINST US**

**A.** No legal action may be brought against us until there has been full compliance with all the terms

SA-1852/UTEP 4/09

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 1200 of 1402**

of this policy. In addition, under Part **A**, no legal action may be brought against us until:

1. We agree in writing that the **insured** has a legal obligation to pay damages; or

2. The amount of that obligation has been finally determined by judgment after trial.

**B.** No person or organization has any right under this policy to bring us into any action to determine the legal liability of an **insured**.

## OUR RIGHT TO RECOVER PAYMENT

**A.** If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another person, entity or organization we shall be subrogated to that right. That person shall:

1. Do whatever is necessary to enable us to exercise our rights; and

2. Do nothing after loss to prejudice them.

However, our rights in this paragraph (**A.**) do not apply under Part **D**, against any person using **your covered auto** with your express or implied permission or other person having lawful possession and is not using a vehicle beyond the scope of the permission granted.

**B.** If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

1. Hold in trust for us the proceeds of the recovery; and

2. Reimburse us to the extent of our payment.

**C.** We shall be entitled to a recovery under paragraph **A.** or **B.** only after the person has been fully compensated for damages.

**D.** 1. Our rights do not apply under paragraph **A.** with respect to Underinsured Motorists Coverage if:

    **a.** We have been given prompt written notice of a tentative settlement between an **insured** and the insurer of an **underinsured motor vehicle**; and

    **b.** We fail to advance payment to the **insured** in an amount equal to the tentative settlement within 5 days after receipt of notification.

2. If we advance payment to the **insured** in an amount equal to the tentative settlement within 5 business days after receipt of notification:

    **a.** That payment will be separate from any amount the **insured** is entitled to recover under the provisions of Underinsured Motorists Coverage; and

    **b.** We also have a right to recover the advanced payment.

## TERMINATION

**A.** **Cancellation.** This policy may be canceled during the policy period as follows:

1. The named insured shown in the Declarations may cancel by:

    **a.** returning this policy to us; or

    **b.** giving us advance written or verbal notice of the date cancellation is to take effect. We may waive the requirement the notice be in writing by confirming the date and time of cancellation to you in writing.

2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

    **a.** at least 10 days notice:

        (1) if cancellation is for nonpayment of premium; or

        (2) if notice is mailed during the first 60 days this policy is in effect and this is not a renewal policy; or

    **b.** at least 30 days notice in all other cases.

3. After this policy is in effect for 60 days, or if this is a renewal policy, we will cancel only:

    **a.** for nonpayment of premium; or

    **b.** for fraud or material misrepresentation concerning the policy or **insureds;** or

    **c.** if your driver's license or that of:

        (1) any driver who lives with you; or

        (2) any driver who customarily uses **your covered auto;**

    has been suspended or revoked during the policy period.

**B.** **Nonrenewal.** If we decide not to renew this policy, we will mail notice to the named insured shown in the Declarations at the address last known by us. Notice will be mailed by first class mail at least 30 days before the end of the policy period.

**C.** **Automatic Termination.** If we offer to renew and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

Coverage for **your covered auto** shall automatically terminate on the effective date of any other motor vehicle insurance policy covering that vehicle.

**D.   Other Termination Provisions.**

1.   We may deliver any notice instead of mailing it. Proof of mailing of any notice shall be sufficient proof of notice.

2.   If this policy is canceled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

3.   The effective date of cancellation stated in the notice shall become the end of the policy period.

**TRANSFER OF YOUR INTEREST IN THIS POLICY**

**A.**   Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:

1.   The surviving spouse, civil partner or **domestic partner** if resident in the same household at the time of death. Coverage applies to the spouse, civil partner or **domestic partner** as if a named insured shown in the Declarations; and

2.   The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

**B.**   Coverage will only be provided until the end of the policy period.

**TWO OR MORE AUTOS INSURED; TWO OR MORE AUTO POLICIES**

If this policy insures two or more autos or if any other auto insurance policy issued to you by us applies to the same accident, the maximum limit of our liability shall not exceed the highest limit applicable to any one auto. In no event shall the limit of liability of two or more motor vehicles or two or more policies be added together, combined, or stacked to determine the limit of insurance coverage available to you or any **insured.**

**LOSS PAYABLE CLAUSE**

As to the interest of the loss payee, this policy will remain in effect from the inception date and until ten days after proof of mailing that the cancellation notice has been mailed to the loss payee. When we pay the loss payee we shall, to the extent of payment, have the loss payee's rights of recovery.

Where fraud, misrepresentation, material omission, or intentional damage has been committed by or at the direction of any **insured,** or where the loss is otherwise not covered under the terms of the policy, the loss payee or lienholder's interest will not be protected.

**STORAGE COSTS**

If you give us your consent, we may move the damaged property, at our expense, to reduce storage costs during the claims process. If you do not give us your consent, we will pay only the storage costs which would have resulted if we had moved the damaged property.

---

## ADDITIONAL COVERAGES

**AGREEMENT: WE WILL PROVIDE THE INSURANCE DESCRIBED IN EACH OF THE FOLLOWING ADDITIONAL COVERAGES ONLY IF INDICATED IN THE DECLARATIONS.**

**ADDITIONAL PERSONAL INJURY PROTECTION COVERAGE**

For an additional premium, it is agreed the Personal Injury Protection Coverage is amended as follows:

**A.**   If the Declarations indicate that Additional Personal Injury Protection — $5,000 is afforded, the paragraph titled Limits of Liability is deleted and replaced by the following:

**LIMITS OF LIABILITY**

This is the most we will pay regardless of the number of:

1.   **Insureds;**

2.   Policies or bonds applicable;

3.   Claims made; or

4.   **Your covered autos.**

Our liability for personal injury protection benefits for **bodily injury** sustained by any one **insured** in any one **motor vehicle** accident, is limited as follows:

1.   The maximum amount payable for Medical Expenses shall not exceed $5,000.

2.   The maximum amount payable for Work Loss is:

a.   85% of gross income and earning capacity, not to exceed the total of $250 per week;

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 1202 of 1402**

**b.** $20 per day for inability to perform services for the household.

**3.** The maximum amount payable for Funeral Expenses shall not exceed $1,500.

**4.** The amount payable for Survivors' Loss is $3,000 and is payable only to natural persons who are the **insured's** heirs.

Any amount otherwise payable under this coverage shall be reduced by any amount paid, payable, or required to be provided:

**1.** Under any workers compensation law or similar law; or

**2.** By the United States or any of its agencies because an **insured** is on active duty in the military services.

**B.** If the Declarations indicate that Additional Personal Injury Protection — $10,000 is afforded, the paragraph titled Limits of Liability is deleted and replaced by the following:

**LIMITS OF LIABILITY**

This is the most we will pay regardless of the number of:

**1.** **Insureds;**

**2.** Policies or bonds applicable;

**3.** Claims made; or

**4.** **Your covered autos.**

Our liability for personal injury protection benefits for **bodily injury** sustained by any one **insured** in any one **motor vehicle** accident, is limited as follows:

**1.** The maximum amount payable for Medical Expenses shall not exceed $10,000.

**2.** The maximum amount payable for Work Loss is:

**a.** 85% of gross income and earning capacity, not to exceed the total of $250 per week;

**b.** $20 per day for inability to perform services for the household.

**3.** The maximum amount payable for Funeral Expenses shall not exceed $1,500.

**4.** The amount payable for Survivors' Loss is $3,000 and is payable only to natural persons who are the **insured's** heirs.

Any amount otherwise payable under this coverage shall be reduced by any amount paid, payable, or required to be provided:

**1.** Under any workers compensation law or similar law; or

**2.** By the United States or any of its agencies because an **insured** is on active duty in the military services.

**3.** Under any applicable deductible shown in the Declarations.

---

**UNDERINSURED MOTORISTS COVERAGE**

**INSURING AGREEMENT**

**A.** We will pay damages which that **insured** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury:**

**1.** Sustained by that **insured; and**

**2.** Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the underinsured motor vehicle.

We will pay damages under this coverage caused by an **underinsured motor vehicle** only if **1.** or **2.** below applies:

**1.** The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or

**2.** A tentative settlement has been made between an **insured** and the insurer of an **underinsured motor vehicle** and we:

**a.** have been given prompt written notice of such tentative settlement; and

**b.** advance payment to the **insured** in an amount equal to the tentative settlement within 5 business days after receipt of notification.

**B.** "Insured" as used in this coverage means:

**1.** You or any **family member.**

**2.** Any **family member** including those who usually make their home in your household but temporarily live elsewhere.

**3.** Any other person **occupying your covered auto** with your express or implied permission. The actual use must be within the scope of that permission.

**4.** Any person for damages that person is entitled to recover because of **bodily injury** to which this coverage applies sustained by a person described in **1., 2.** or **3.** above.

**C.** "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a **bodily injury** liability bond or policy applies at the time of the accident but the amount paid for bodily injury under that bond or policy to an **insured** is not enough to pay the full amount the **insured** is legally entitled to recover as damages.

However, **"underinsured motor vehicle"** does not include any vehicle or equipment:

1. To which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the **minimum limit** for bodily injury liability specified by the Utah Safety Responsibility Act.

2. Owned by:

   a. you; or

   b. any **family member** who is your dependent.

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

7. Owned or operated by a person qualifying as a self-insurer under any applicable motor vehicle law.

8. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:

   a. denies coverage; or

   b. is or becomes insolvent.

## EXCLUSIONS

A. We do not provide Underinsured Motorists Coverage for **bodily injury** sustained:

1. By an **insured** while **occupying,** or when struck by, any motor vehicle owned by that **insured** which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

2. By any **family member** while **occupying,** or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy.

B. We do not provide Underinsured Motorists Coverage for **bodily injury** sustained by any **insured:**

1. While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion **(B.1.)** does not apply to a share-the-expense car pool.

2. While using any vehicle while employed in the pickup or delivery of newspapers or magazines, food or any products for the purpose of compensation. This exclusion does not apply to delivery that is incidental to an **insured's business.**

3. While using a vehicle without the express or implied permission of the owner or other person having lawful possession, or using a vehicle beyond the scope of the permission granted. However, this exclusion does not apply to you or any **family member** using **your covered auto.**

This Exclusion **(B.3.)** does not apply to:

   a. a **family member** using **your covered auto** which is owned by you;

   b. medical and funeral expenses incurred by an **insured** under 18 years of age; or

   c. a law enforcement officer injured in the course and scope of the officer's duties.

4. Who:

   a. is a passenger in a vehicle; and

   b. has knowledge that the vehicle is being operated by an operator who does not have permission to do so.

This Exclusion **(B.4.)** does not apply to:

   a. medical and funeral expenses incurred by an **insured** under 18 years of age; or

   b. a law enforcement officer injured in the course and scope of the officer's duties.

5. While committing a felony. This Exclusion **(B.5.)** does not apply to:

   a. medical and funeral expenses incurred by an **insured** under 18 years of age; or

   b. a law enforcement officer injured in the course and scope of the officer's duties.

6. While **occupying** or operating an owned motorcycle or moped.

7. While using any vehicle while it is:

   a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event:

   b. participating in a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any prearranged or organized;

      (1) race activity; or

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1204 of 1402**

(2) speed, performance, stunt, or demolition contest or exhibition.

**C.** This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any of the following or similar law:

1. Workers compensation law; or

2. Disability benefits law.

**D.** We do not provide Underinsured Motorists Coverage for **punitive or exemplary damages.**

**LIMIT OF LIABILITY**

**A.** The limit of liability shown in the Declarations for "each person" for Underinsured Motorists Coverage is our maximum limit of liability for all damages including damages for care and loss of services (including loss of consortium and wrongful death), arising out of **bodily injury** sustained by any one person in any one accident.

Subject to this limit for "each person," the limit of liability shown in the Declarations for "each accident" for Underinsured Motorists Coverage is our maximum limit of liability for all damages for **bodily injury** resulting from any one accident.

This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

**B.** If Combined Single Limit Underinsured Motorists Coverage applies Paragraph **A.** is replaced by the following:

The limit of liability shown in the Declarations for Underinsured Motorists Coverage is our maximum limit of liability for all damages because of **bodily injury** resulting from any one accident. This is the most we will pay regardless of the number of:

1. **Insureds;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident.

**C.** No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part **A**, Part **B** or Part **C** of this policy.

**D.** We will not make a duplicate payment under this coverage for any element of loss for which

payment has been made by or on behalf of persons or organizations who may be legally responsible.

**E.** We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any of the following or similar law:

1. Workers compensation law; or

2. Disability benefits law.

**F.** A vehicle and attached trailer are considered one vehicle. Therefore the limits of liability will not be increased for an accident involving a vehicle which has an attached trailer.

**OTHER INSURANCE**

If there is other applicable similar insurance available under one or more policies or provisions of coverage:

1. Any recovery for damages sustained by you or any **family member** under all such policies or provisions of coverage:

   **a.** While **occupying** a vehicle owned by you or any **family member** may equal, but not exceed, the highest applicable limit of liability for Underinsured Motorists Coverage for any one vehicle under any insurance providing coverage on either a primary or excess basis.

   **b.** While **occupying** a vehicle not owned by you or any **family member** may equal, but not exceed, the sum of:

   (1) The limit of liability for Underinsured Motorists Coverage applicable to the vehicle you or any **family member** were **occupying** at the time of the accident; and

   (2) The highest applicable limit of liability for Underinsured Motorists Coverage for any one vehicle under any insurance providing coverage to you or any **family member**.

   **c.** While not **occupying** any vehicle may equal, but not exceed, the highest applicable limit of liability for Underinsured Motorists Coverage for any one vehicle under any insurance providing coverage to you or any **family member**.

2. Except as provided in **3.** below, any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1205 of 1402**

3. If the vehicle you do not own is a rental private passenger motor vehicle, the following priorities of recovery apply:

| | |
|---|---|
| **FIRST PRIORITY** | Any source of recovery purchased by you or any **family member** from the owner of the rental private passenger motor vehicle. |
| **SECOND PRIORITY** | Any policy affording Uninsured Motorists Coverage to the **insured** as a named insured or **family member.** |

4. If the coverage under this policy is provided:

    **a.** On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

    **b.** On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on an excess basis.

## ARBITRATION

1. This provision does not apply if a small claims court having jurisdiction resolves the matter or matters upon which the parties do not agree.

2. If we and an **insured** do not agree:

    **a.** whether that **insured** is legally entitled to recover damages; or

    **b.** as to the amount of damages which are recoverable by that **insured;**

from the owner or operator of an **underinsured motor vehicle,** then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated.

Either party may make a written demand for arbitration. Unless both parties agree otherwise in writing, the parties will select a single arbitrator. If the parties are unable to agree on a single arbitrator, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request select a third. If they cannot agree within 30 days,

either may request that selection be made by a judge of a court having jurisdiction.

3. Unless both parties agree otherwise in writing, each party will:

    **a.** Bear the expenses for a single arbitrator equally; or

    **b.** Pay the expenses for the arbitrator selected by that party and bear the expenses of the third arbitrator equally.

4. Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A written decision by the single arbitrator, or agreed to by at least two of the arbitrators will be binding as to:

    **a.** whether the **insured** is legally entitled to recover damages; and

    **b.** the amount of damages.

However, either party may demand the right to a trial. This demand must be made within 20 days of service of the arbitration award. If this demand is not made, the arbitration award will be binding.

## ADDITIONAL DUTIES

A person seeking coverage must also promptly:

1. Send us copies of the legal papers if a suit is brought; and

2. Notify us in writing of a tentative settlement between the **insured** and the insurer of the **underinsured motor vehicle** and allow us 5 business days to advance payment to that **insured** in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **underinsured motor vehicle.**

---

## PROPERTY DAMAGE UNINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT

We will pay damages which you are legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **property damage** caused by an accident arising out of actual physical contact with **your covered auto.** The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.** We will pay under this coverage only if the Declarations indicate that Property Damage Uninsured Motorists Coverage is provided for the vehicle involved in the accident.

Any judgment for damages arising out of a suit brought without our consent is not binding on us.

**Def.'s Resp. to Pl.'s Motion for
Class Cert. 2:09-cv-00218 JLR - pg 1206 of 1402**

**"Property damage"** as used in this coverage means injury to or destruction of **your covered auto.** However, **property damage** does not include:

1. Loss of use of **your covered auto; or**

2. Damage to personal property contained in **your covered auto.**

**"Uninsured motor vehicle"** means a land motor vehicle or trailer of any type:

1. To which no liability bond or policy affording coverage for **property damage** applies at the time of the accident.

2. To which a liability bond or policy affording coverage for **property damage** applies at the time of the accident but its limit for property damage liability must be less than the **minimum limit** for property damage liability specified by the financial responsibility law of Utah.

3. To which a liability policy affording coverage for property damage applies at the time of the accident, but coverage for an accident is disputed by the liability insurer for more than 60 days.

4. To which a liability bond or policy affording coverage for **property damage** applies at the time of the accident but the bonding or insuring company is or becomes insolvent.

However, **"uninsured motor vehicle"** does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any **family member.**

2. Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent.

3. Owned by any governmental unit or agency.

4. Operated on rails or crawler treads.

5. Designed mainly for use off public roads while not on public roads.

6. While located for use as a residence or premises.

**EXCLUSIONS**

A. We do not provide Property Damage Uninsured Motorists Coverage for **property damage:**

1. If you or your legal representative settles the **property damage** claim without our consent.

2. When **your covered auto** is being used as a public or livery conveyance. This exclusion **(A.2.)** does not apply to a share-the-expense car pool.

3. While maintaining or using any vehicle while that **insured** is employed or otherwise engaged in any **business** of delivery, including but not limited to delivery of newspapers or magazines, food, or any other products incidental to your **business** of installing, maintaining or repairing furnishings or equipment or for farming or ranching.

4. For the first $250 of the amount of the **property damage** to each of **your covered autos** as the result of any one accident.

5. To any motor vehicle owned by you or any **family member** which is not insured for this coverage under this policy or any other policy. This includes a trailer of any type used with that vehicle.

6. If the owner, operator or license plate number of the **uninsured motor vehicle** cannot be identified.

7. While **occupying** or operating an owned motorcycle or moped.

8. While using any vehicle while it is:

   a. operating on a surface designed or used for racing except for an organized and controlled event that is not a speed, performance, stunt or demolition event;

   b. participating in a high performance driving or racing instruction course or school; or

   c. preparing for, practicing for, used in, or competing in any prearranged or organized.

      **(1)** race activity; or

      **(2)** speed, performance, stunt, or demolition contest or exhibition.

B. This coverage shall not apply directly or indirectly to benefit any insurer of the property.

C. We do not provide Property Damage Uninsured Motorists Coverage for **punitive or exemplary damages.**

**LIMIT OF LIABILITY**

Our maximum limit of liability for all damages resulting from any one accident will be the lesser of:

1. $3,500; or

2. The actual cash value of **your covered auto.**

This is the most we will pay, regardless of the number of:

1. Claims made;

2. Vehicles or premiums shown in the Declarations; or

**Def.'s Resp. to Pl.'s Motion for Class Cert. 2:09-cv-00218 JLR - pg 1207 of 1402**

3. Vehicles involved in the accident.

An adjustment for depreciation and physical condition will be made in determining actual cash value at the time of loss.

Any amounts otherwise payable for damages under this coverage shall be reduced by all sums paid because of the **property damage** by or on behalf of persons or organizations who may be legally responsible.

## OTHER INSURANCE

If there is any other similar insurance available under more than one policy or provision of coverage:

1. The maximum recovery under all policies combined will not exceed $3,500 for any one vehicle.

2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

3. We will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits covering on the same level of priority.

## ARBITRATION

1. This provision does not apply if a small claims court having jurisdiction resolves the matter or matters upon which the parties do not agree.

2. If we and an **insured** do not agree:

   a. whether that **insured** is legally entitled to recover damages; or

   b. as to the amount of damages which are recoverable by that **insured**;

   from the owner or operator of an **uninsured motor vehicle**, then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

   Either party may make a written demand for arbitration. Unless both parties agree otherwise in writing, the parties will select a single arbitrator. If the parties are unable to agree on a single arbitrator each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

3. Unless both parties agree otherwise in writing, each party will:

   a. Bear the expenses for a single arbitrator equally; or

   b. Pay the expenses for the arbitrator selected by that party and bear the expenses of the third arbitrator equally.

4. Unless both parties agree otherwise, arbitration will take place in the county in which the **insured** lives. Local rules of law as to procedure and evidence will apply. A written decision by the single arbitrator, or agreed to by at least two of the arbitrators will be binding as to:

   a. whether the **insured** is legally entitled to recover damages; and

   b. the amount of damages.

   However, either party may demand the right to a trial. This demand must be made within 20 days of service of the arbitration award. If this demand is not made, the arbitration award will be binding.

## ADDITIONAL DUTIES AFTER AN ACCIDENT OR LOSS

A person seeking coverage under this coverage, or someone on that person's behalf, must also:

1. Promptly send us copies of the legal papers if a suit is brought.

2. Report the accident within 10 days to us or our authorized representative.

---

## ROADSIDE ASSISTANCE COVERAGE CALL 1-877-ROAD 101 (1-877-762-3101)

"**Your covered auto**" as used in this endorsement means a private passenger vehicle, motor home or trailer owned by you and for which a specific premium is shown on the Declarations for this coverage.

The following coverages apply to each vehicle for which this coverage is shown on the Policy Declarations:

1. Each time **your covered auto** or any **non-owned auto** is disabled due to mechanical or electrical breakdown we will pay reasonable and necessary expenses for the use of an **authorized service provider** to tow or flatbed **your covered auto** or **non-owned auto** up to 10 miles or to the nearest qualified place where necessary repairs can be made during regular **business** hours.

2. Each time **your covered auto** or any **non-owned auto** is disabled requiring:

   a. Towing to dislodge the vehicle from its place of disablement within 100 feet of a public street or highway; or

   b. Labor, including change of tire, at the place of its breakdown; or

   c. Delivery of fuel, oil, water or other fluids (we do not pay the costs of these items); or

d.   Key lock-out services;

we will cover up to one (1) hour of labor for the use of an **authorized service provider** for service at the place of disablement.

3.   Coverage is limited to no more than two occurrences per vehicle plus an additional two occurrences per policy in a 6 month policy period for both coverages **1.** and **2.**, above.

**Authorized service provider** means a service provider contracted by us providing, at no charge to you, roadside assistance as described and limited above.

When service is provided by other than an **authorized service provider**, we will reimburse you only for reasonable charges as determined by us.

No deductible applies to this coverage.

---

## LOSS OF USE COVERAGE

The provisions and exclusions that apply to Part **D** — Coverage for Damage to Your Auto also apply to this coverage except as changed below:

When there is a loss to any vehicle described in the Declarations for which a specific premium charge indicates that Loss of Use Coverage is afforded, we will reimburse you for expenses you incur to rent a substitute vehicle.

This coverage applies only if:

1.   The vehicle is withdrawn from use for more than 24 hours;

2.   The loss is caused by **collision**, or is covered by the Comprehensive Coverage of this policy; and

3.   The loss exceeds the appropriate **collision** or **comprehensive** deductible applying to the vehicle.

However, this coverage does not apply to losses caused by **collision** if Collision Coverage does not apply to the vehicle.

Our payment will be limited to that period of time reasonably required to repair or replace the vehicle. We will pay up to the amount per day and the maximum shown for Loss of Use in the Declarations.

No deductible applies to this coverage.

---

## FULL SAFETY GLASS COVERAGE

We will pay under Comprehensive Coverage for the cost of repairing or replacing damaged **safety equipment** on **your covered auto** without a deductible. We will pay only if:

1.   The Declarations indicates that Comprehensive Coverage applies; and

2.   A specific premium charge for Full Safety Glass Coverage is shown in the Declarations for **your covered auto.**

**"Safety equipment"**, as used in this coverage means the:

1.   Glass used in the windshield, doors and windows of **your covered auto**; and

2.   Glass, plastic or other material used in the lights of **your covered auto.**