# EXHIBIT E

## Comparison of Consumer Protection Acts in Putative Class States

| State | Statute | What are the Necessary Elements of a Claim? | Is Reliance a Necessary Element of a Claim? | Is Scienter a Necessary Element of a Claim? |
|---|---|---|---|---|
| Alaska | Alaska Stat. § 45.50.471 et seq. | A prima facie case of unfair or deceptive acts or practices under Alaska's Unfair Trade Practices Act ("UTPA") requires proof of two elements: (1) that the defendant is engaged in trade or commerce; and (2) that in the conduct of trade or commerce, an unfair act or practice has occurred. A variety of factors can be considered in determining the existence of an unfair practice, including (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen); (4) or is enumerated in the statute. Kenai Chrysler Ctr., Inc. v. Denison, 167 P.3d 1240, 1255 (Alaska 2007); State v. O'Neill Investigations, Inc., 609 P.2d 520, 534 (Alaska 1980). | No. Odom v. Fairbanks Mem'l Hosp., 999 P.2d 123, 132 (Alaska 2000). | No. Kenai Chrysler Center, Inc. v. Denison, 167 P.3d 1240, 255 (Alaska 2007) ("The plaintiff need not prove that the defendant intended to deceive; it is enough to show that the acts and practices were 'capable of being interpreted in a misleading way.'")(quoting State v. O'Neill Investigation, Inc., 609 P.2d 520, 535 (Alaska 1980). |
| Arkansas | Ark. Code Ann. § 4-88-101 et seq. | Arkansas' Deceptive Trade Practices Act ("DTPA") forbids certain enumerated deceptive and unconscionable trade practices as well as "any other unconscionable, false, or deceptive act or practice in business, commerce, or trade." Ark. Code Ann. § 4-88-107(a)(1)-(10). | No. In re Prempro Prods. Liab. Litig., 230 F.R.D. 555, 564-66 (E.D. Ark. 2005) (denying class certification of consumer fraud claims). | Yes. In re Prempro Prods. Liab. Litig., 230 F.R.D. 555, 564-66 (E.D. Ark. 2005). |
| California | Cal. Bus. & Prof. CODE § 17200 ("Unfair Competition Law" or "UCL"). Note that, although the express language of the statute is silent, California's other consumer protection act, Cal. Civ. Code § 1750 et seq. | UCL: To state a claim under section 17200, a plaintiff need not plead and prove the elements of a tort. Instead, one need only show that members of the public are likely to be deceived. Searle v. Wyndham Int'l, Inc., 126 Cal. Rptr 2d 231, 236 (Cal. App. 2002). | UCL: No. Searle v. Wyndham Int'l, Inc., 126 Cal. Rptr 2d 231, 236 (Cal. App. 2002). | UCL: No. Searle v. Wyndham Int'l, Inc., 126 Cal. Rptr 2d 231, 236 (Cal. App. 2002). |

| State | Statute | What are the Necessary Elements of a Claim? | Is Reliance a Necessary Element of a Claim? | Is Scienter a Necessary Element of a Claim? |
|---|---|---|---|---|
| | ("Consumer Legal Remedies Act" or "CLRA"), has been interpreted not to apply to insurance. *Fairbanks v. Superior Court*, 205 P.3d 201. | | | |
| Colorado | Colo. Rev. Stat. § 6-1-101 *et seq.* | "To prove a private cause of action under the [Colorado Consumer Protection Act ("CCPA")], a plaintiff must show: (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo. 2003). | No. *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 148 (Colo. 2003). | Yes. *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 148 (Colo. 2003). |
| Georgia | Class actions are not permitted under Georgia's Fair Business Practices Act ("FBPA"). O.C.G.A. § 10-1-399(a); *see also In re New Motor Vehicles Canadian Export Antitrust Litig.*, 241 F.R.D. 77, 83 (D. Me. 2007) (denying certification of statewide damage class for Georgia class members), *vacated on other grounds*, 522 F.3d 6 (1st Cir. 2008). | | | |
| Idaho | Insurance transactions are exempted under Idaho's consumer protection statute. I.C. § 48-605(3). *See Irwin Rogers Ins. Agency, Inc. v. Murphy*, 833 P.2d 128, 134 (Idaho Ct. App. 1992) | | | |
| Illinois | 815 Ill. Comp. Stat. 505/1 *et seq.* | To state a cause of action under the Illinois Consumer Fraud Act ("ICFA"), a plaintiff must plead: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) that the deception occurred in the course of trade or commerce. *Mosiman v. BMW Fin. Servs NA. Inc.*, 748 N.E.2d 313, 317 (Ill. App. Ct. 2001); *Avery v. State Farm Mut. Auto Ins. Co.*, 835 N.E.2d 801, 860-61 (Ill. 2005); 815 | Yes. *De Bouse v. Bayer*, 922 N.E.2d 309, 316 (Ill. 2009)(to maintain an action under the ICFA, "the plaintiff must actually be deceived by a statement or omission that is made by the defendant. If a consumer has neither seen nor heard any such statement, then she cannot have relied on the statement and, consequently, cannot prove proximate cause.") | Yes. *Mosiman v. BMW Fin. Servs. NA. Inc.*, 748 N.E.2d 313, 317 (Ill. App. Ct. 2001). |

- 2 -

| State | Statute | What are the Necessary Elements of a Claim? | Is Reliance a Necessary Element of a Claim? | Is Scienter a Necessary Element of a Claim? |
|---|---|---|---|---|
| | | ILCS 502/2; *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151 (Ill. 2002). | | |
| Indiana | | Insurance transactions are exempt under Indiana's consumer protection statute. Ind. Code § 24-5-0.5-2. | | |
| Louisiana | | Class actions are not permitted under Louisiana's Unfair Trade Practices Act. La. Rev. Stat. Ann. § 51:1409(a) ("Any person . . . may bring an action individually but not in a representative capacity . . ."); *Indest-Guidry, Ltd. v. Key Office Equip., Inc.*, 997 So. 2d 796, 810, (La. App. 2008). | | |
| Maryland | | Insurance transactions are exempted under Maryland's consumer protection statute. Md. Code Ann., Com. Law § 13-104(1). | | |
| Mississippi | | A plaintiff may not maintain a class action under Mississippi's Consumer Protection Act ("MCPA"). Miss. CODE Ann. § 75-24-15(4). | | |
| Montana | | Class actions are not permitted under Montana's Consumer Protection Act. Mont. Code Ann. § 30-14-133(1); *see also In re New Motor Vehicles Canadian Export Antitrust Litigation*, 241 F.R.D. 77, 83 (D. Me. 2007) (denying certification of statewide damage class for Montana class members), *vacated on other grounds*, 522 F.3d 6 (1st Cir. 2008). | | |
| North Carolina | N.C.G.S.A. § 75-1.1 *et seq.*<br><br>\* proposed new legislation pending, but does not appear that proposal would alter this research | A claim for unfair and deceptive trade practices must allege that (1) the defendant committed an unfair or deceptive act or practice, or an unfair method of competition; (2) in or affecting commerce; (3) which proximately caused actual injury to the plaintiff or to the plaintiff's business. *Sunset Beach Dev., LLC v. AMEC, Inc.*, 675 S.E.2d 46 (N.C. Ct. App. 2009). | Yes. *Westchester Fire Ins. Co. v. Johnson*, 221 F. Supp. 2d 637 (M.D.N.C. 2002). | No. *RD & J Props. v. Lauralea-Dilton Enters., LLC*, 600 S.E.2d 492 (N.C. Ct. App. 2004). |
| North Dakota | N.D. Cent. Code § 51-15-01 *et seq.* | The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice. N.D.C.C. § 51-15-02.<br><br>Note that the state Supreme Court has held that no implied private right of action exists under the consumer fraud statutes. *Ziegelmann v. DaimlerChrysler Corp.*, 649 N.W.2d 556, 559 (N.D. 2002), but there is a contradictory Supreme Court opinion allowing a suit by an | Yes. N.D. Cent. Code § 51-15-02. | Yes. N.D. Cent. Code § 51-15-02. |

- 3 -

| State | Statute | What are the Necessary Elements of a Claim? | Is Reliance a Necessary Element of a Claim? | Is Scienter a Necessary Element of a Claim? |
|---|---|---|---|---|
| | | individual. *Jorgenson v. Agway, Inc.*, 627 N.W.2d 391, 394 (N.D. 2001); *see also DJ Coleman, Inc. v. Nufarm Am., Inc.*, No. 1:08-cv-051, 2010 WL 890835 (D.N.D. March 12, 2010). | | |
| New Hampshire | Insurance transactions are exempted under New Hampshire's consumer protection statute. N.H. Rev. Stat. Ann. § 358-A:3(I); *Bell v. Liberty Mut. Ins. Co.*, 776 A.2d 1260, 1263 (N.H. 2001). | | | |
| New Mexico | N.M. Stat. Ann. § 57-12-1 *et seq.* | To establish a consumer fraud action in New Mexico, a plaintiff must prove that: 1) the defendant made an oral or written statement or other representation that was false or misleading; 2) the statement or representation was knowingly made in connection with the sale, lease, rental or loan of goods or services, or in the extension of credit or the collection of debts; 3) the representation occurred in the regular course of the defendant's business; and 4) the representation may, does in fact, or tends to deceive or mislead any person. *Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1311 (N.M. 1991); *Taylor v. United Mgmt., Inc.*, 51 F. Supp. 2d 1212, 1216 (D.N.M. 1999). | No. *Smoot v. Physicians Life Ins. Co.*, 87 P.3d 545, 550 (N.M. Ct. App. 2003); *Mulford v. Altria Group, Inc.*, 242 F.R.D. 615 (D.N.M. 2007). | No. N.M. Stat. Ann. § 57-12-2. |
| Ohio | Ohio Rev. Code Ann. § 1345.01 *et seq.* | To state a consumer fraud action in Ohio, a plaintiff must show that: 1) the defendant is a "supplier," as defined in the act; 2) the defendant committed an unfair or deceptive act or practice in connection with a consumer transaction; and 3) the plaintiff is a consumer as defined in the Act. Ohio Rev. Code Ann. § 1345.02. An act is deceptive or unfair where the act has the "likelihood of inducing in the mind of the consumer a belief which is not in accord with the facts.'" *Richards v. Beechmont Volvo*, 711 N.E.2d 1088, 1090 (Ohio Ct. App. 1998)(quoting *Funk v. Montgomery AMC/Jeep/Renault*, 586 N.E.2d 113, 119 (Ohio Ct. App. 1990). Additionally, in order to maintain a class action under the | No. *Richards v. Beechmont Volvo*, 711 N.E.2d 1088, 1090 (Ohio Ct. App. 1998). | Intent to deceive is not an element required for a violation of the deceptive practices portion of the act, but is required for a claim seeking redress for unconscionable conduct. *Rose v. Zaring Homes, Inc.*, 702 N.E.2d 952 (Ohio Ct. App. 1997); *Karst v. Goldberg*, 623 N.E.2d 1348, 1351 (Ohio Ct. App. 1993). |

- 4 -

| State | Statute | What are the Necessary Elements of a Claim? | Is Reliance a Necessary Element of a Claim? | Is Scienter a Necessary Element of a Claim? |
|---|---|---|---|---|
| | | act, a plaintiff must also show that the alleged deceptive conduct either: 1) violates a specific rule or regulation promulgated under Section 1345.05 of the act, or 2) that an Ohio state court has previously ruled that the specific conduct is either unconscionable or deceptive in a decision that is available to the public. Ohio Rev. Code Ann. § 1345.09(B). | | |
| Oregon | O.R.S. § 646.638 | To prevail under provision of Unlawful Trade Practices Act (UTPA) allowing party suffering any ascertainable loss as a result of an unlawful trade practice, a plaintiff must prove: (1) a statutory unlawful trade practice; (2) causation; and (3) damage. O.R.S. § 646.638. | Yes. *Feitler v. Animation Celection, Inc.*, 13 P.3d 1044 (Or. Ct. App. 2000). | Yes. *Luedeman v. Tri-West Const. Co.*, 592 P.2d 281 (Or. Ct. App. 1979). |
| South Carolina | Class actions are prohibited by South Carolina Unfair Trade Practices Act (SCUTPA). S.C. Code Ann. § 39-5-140; *Dema v. Tenet Physician Servs.-Hilton Head, Inc.*, 678 S.E.2d 430, 434 (S.C. 2009). | | | |
| South Dakota | S.D. Codified Laws § 37-24-1 et seq. | A person may maintain a private action to recover the actual damages suffered as a result of being adversely affected by any act or practice declared unlawful by Section 37-24-6 of the Act. S.D. Codified Laws § 37-24-31. | Yes. *Brookings Mun. Utils., Inc. v. Amoco Chem. Co.*, 103 F. Supp. 2d 1169, 1177-78 (D.S.D. 2000). | Yes. *Wyman v. Terry Schulte Chevrolet, Inc.*, 584 N.W.2d 103, 104-07 (S.D. 1998). |
| Tennessee | Class actions are prohibited by the Tennessee Consumer Protection Act (TCPA). Tenn. Code Ann. § 47-18-109; *Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 310 (Tenn. 2008). | | | |
| Texas | Tex. Bus. & Com. Code Ann. § 17.41 et seq. | To prevail in Texas, a plaintiff must establish that: 1) he or she is a consumer; 2) the defendant engaged in a false, misleading, or deceptive act; and 3) the deceptive act was a producing cause of his or her injury. *Gill v. Boyd Distribution Ctr.*, 64 S.W.3d 601, 604 (Tex. App. 2001). | The act requires that a plaintiff prove reliance for deceptive acts, but not if based solely on unconscionable conduct. Tex. Bus. & Com. Code Ann. § 17.50(a)(1)(B), (a)(3); *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 693 (Tex. 2002); *Gill v. Boyd Distribution Ctr.*, 64 S.W.3d 601, 604 (Tex. App. 2001). | Yes. *Bradford v. Vento*, 48 S.W.3d 749 (Tex. 2001). |
| Utah | Class actions are prohibited by Utah's consumer protection act. Utah Code Ann. § 13-11-19. | | | |
| Virginia | Insurance transactions are exempted under Virginia's Consumer Protection Act (VCPA). Va. Code Ann. § 59.1-199(D). | | | |
| Vermont | 9 Vt. Stat. Ann. tit. 9 § 2451 et seq. | The requirements of a claim under the Consumer Fraud Act (VCFA) are as follows: | Yes. *Peabody v. P J's Auto Village, Inc.*, 569 A.2d 460, 462-63 (Vt. 1989) (misleading | No. *Inkel v. Pride Chevrolet-Pontiac, Inc.*, 945 A.2d 855, 859 (Vt. 2008). |

- 5 -

| State | Statute | What are the Necessary Elements of a Claim? | Is Reliance a Necessary Element of a Claim? | Is Scienter a Necessary Element of a Claim? |
|---|---|---|---|---|
| | Note that whether the VCFA applies to insurance transactions is an unsettled question of law. *See Greene v. Stevens Gas Serv.*, 858 A.2d 238, 242 (Vt. 2004) (refusing to decide the issue but noting Attorney General's argument that the Act applies to insurance transactions after the 1985 amendments to the Act). | (1) there must be a representation, practice, or omission likely to mislead the consumer; (2) the consumer must be interpreting the message reasonably under the circumstances; and (3) the misleading effects must be material, that is, likely to affect the consumer's conduct or decision with regard to a product. *Peabody v. P.J.'s Auto Village, Inc.*, 569 A.2d 460, 462-63 (Vt. 1989). | effects must be material). | |
| Washington | Wash. Rev. Code § 19.86.010 *et seq.* | To successfully bring an action under the Consumer Protection Act (CPA), a private plaintiff must prove five elements: (1) unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) public interest impact, (4) injury to plaintiff in his or her business or property, and (5) causation. *Ledcor Indus. (USA), Inc. v. Mut. of Enumclaw Ins. Co.*, 206 P.3d 1255, 1262 (Wash. Ct. App. 2009). | Yes. *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 170 P.3d 10, 13 (Wash. 2007). | No. *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885 (Wash. 2009). |
| West Virginia | W. Va. Code § 33-11-1 *et seq.* and W. Va. Code § 46A-6-101 *et seq.* | West Virginia's Consumer Credit and Protection Act ("CCPA") provides that any person who purchases goods or services and suffers an ascertainable loss as a result of a defendant's use of unfair or deceptive act or practice may recover under the Act. W. VA. CODE §§ 46A-6-106, 46A-6-104; *State ex rel. McCaffery v. Hutchinson (In re W. Va. Rezulin Litig.)*, 585 S.E.2d 52, 74 (W. Va. 2003). Additionally, West Virginia's Unfair Trade Practices Act ("UTPA") makes it unlawful for a defendant engaged in the practice of insurance to engage in any unfair | No. W. Va. Code §§ 46A-6-106, 46A-6-104. | Yes. W. Va. Code § 46A-6-102(7)(M). |

- 6 -

| State | Statute | What are the Necessary Elements of a Claim? | Is Reliance a Necessary Element of a Claim? | Is Scienter a Necessary Element of a Claim? |
|---|---|---|---|---|
| | | method of competition or unfair or deceptive act or practice as defined in the statute. W. Va. Code §§ 33-11-3, 33-11-4. | | |
| Wyoming | Wyo. Stat. Ann. § 40-12-101 *et seq.* | Wyoming's Consumer Protection Act (WCPA) forbids certain enumerated unfair or deceptive practices as well as any other unfair or deceptive act or practice. Wyo. Stat. Ann. § 40-12-105. | Yes. *Big-O Tires, Inc. v. Santini*, 838 P.2d 1169, 1177 (Wyo. 1992). | Yes. *Big-O Tires, Inc. v. Santini*, 838 P.2d 1169, 1177 (Wyo. 1992). |

- 7 -