# EXHIBIT I

9/18/2002 6673 88689

99-2-07850-6  17293601  OR  09-17-02

THE HONORABLE MARY WAVE VANDEREN

FILED
DEPT. 19
IN OPEN COURT
SEP 1 3 2002
Pierce County Clerk
By _____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

DAVID MOELLER,

    Plaintiff,

vs.

FARMERS INSURANCE COMPANY OF WASHINGTON and FARMERS INSURANCE EXCHANGE,

    Defendants.

NO. 99-2-07850-6

**CLASS CERTIFICATION ORDER**

Before the Court is Plaintiff's Motion for Class Certification which seeks certification of the following class under both CR 23(b)(2) and 23(b)(3):

> all persons who: (1) were insured pursuant to a casualty automobile insurance policy issued by Farmers for the state of Washington; (2) received payment under their collision or comprehensive coverages for damage to an insured automobile from May 30, 1993 to the date of class certification in this action; and (3) did not receive payment for inherent diminished value where: (a) the repair estimate including supplements totaled at least $1,000, (b) the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident, and (c) the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.

**ORIGINAL**

CLASS CERTIFICATION ORDER - 1/15

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax


The proposed class does not include Defendants or their officers or directors; this Court or any member of the Court's immediate family; or persons whose insured vehicles were leased.

**The Parties' Claims**

The record shows that Plaintiff was in an accident in Puyallup, Washington on November 19, 1998 in which his 1996 Honda Civic sustained damage to his vehicle. Plaintiff filed a claim under the collision provisions of his Farmers automobile insurance policy, and Farmers subsequently paid for repairs to his vehicle, which Plaintiff alleges were substandard.

After his vehicle was repaired, Plaintiff made a claim for the alleged inherent diminished value sustained by his vehicle as a result of the accident. Plaintiff sought coverage for the diminished value resulting from the accident damage that persisted even after repair. Farmers Insurance Company of Washington denied this claim for inherent diminished value, contending that such a claim was not available to a first party insured under the Farmers insurance policy issued to the Plaintiff. In this suit, Plaintiff makes no claim for any loss resulting from the alleged substandard repairs, which the parties have referred to as "repair related diminished value."

Plaintiff asserts that inherent diminished value is a well-recognized factor in the automobile industry. Plaintiff also asserts that inherent diminished value has been recognized by the Washington State Insurance Commissioner as a "direct loss", and that Farmers has recognized and paid inherent diminished value claims, but only to those claimants sophisticated and aggressive enough to seek and insist on payment.

The record reveals that there is no express exclusion for diminished value in Farmers' insurance policies. Plaintiffs allege that despite the lack of any exclusion for diminished value in its insurance contract, that Farmers' common classwide practice is not to inform its insureds of a diminished value loss or to provide estimates of damages which include payment for diminished value.

<u>CLASS CERTIFICATION ORDER</u> - 2/15

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

9/18/2002 6673 0001.1

1   Farmers asserts that it has not paid inherent diminished value claims except in the third
2 party context where Farmers steps into the shoes of an under or uninsured driver who is at fault
3 in an accident involving a Farmers insured. Farmers claims that in this context, the insured is
4 also in a third party position. Farmers further notes that the contract language in Farmers'
5 insurance policy has been interpreted by some courts to not cover diminished value claims.
6   Plaintiff contends that the requirements of Washington Superior Court Civil Rule 23 have
7 been met. Defendants contend, among other arguments, that the CR 23 prerequisites are not met
8 because individual issues of fact as to claims and defenses predominate over common issues of
9 fact and law; that the nature of Plaintiff's claim allegedly compels individualized consideration
10 of each vehicle and/or claim file, thereby rendering the manageability of a class action treatment
11 of these claims impossible or unduly burdensome; that there is only the speculative existence of
12 a method of calculating the value of damages; that Plaintiff's claims fail the typicality test; and
13 that a class action would defeat the rights of some Plaintiffs and also defeat the Defendants' right
14 to assert individualized defenses to claims of class members. This written decision reflects and
15 incorporates by reference the Court's oral decision rendered on July 26, 2002. As discussed
16 below, the Court has carefully considered, and now rejects, each of these arguments.

**Class Certification Standard**

The Court's ruling is governed by CR 23. A class action is a specialized proceeding and in general must be brought and maintained in strict conformity with the requirements of CR 23. Class certification should be granted only after rigorous analysis, to ensure the prerequisites of CR 23 have been satisfied. In rendering its decision the Court is not to consider the merits of the Plaintiff's case, or the possibility of eventual success at trial, in making a determination of whether a class should be certified. However, the Court may look beyond the pleadings and make a preliminary inquiry into the merits of the action so as to obtain an understanding of the claims, defenses, relevant facts, and application of substantive law to determine if class treatment is appropriate. *See State v. Oda*, ___ Wn.App. ___, 44 P.3d 8 (2002).

CLASS CERTIFICATION ORDER - 3/15

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

9/19/2002 6673 00012

1   The Court is aware that, as noted in the Manual for Complex Litigation, class
2   certification, or its denial, can substantially affect such fundamental matters as the structure and
3   stakes of the litigation, who the parties are, how discovery is conducted, the procedure for
4   motion practice, application of alternative dispute resolution procedures, if any, the approach to
5   settlement negotiations, and the running of the statute of limitations against unnamed plaintiffs.
6   Manual for Complex Litigation, Third § 30.1 at 212. The Court is also aware that some
7   commentators have criticized state courts for being too lenient in certifying classes under state
8   analogs to Fed. R. Civ. P. 23, and for not carefully considering the class certification issues
9   before them. Because the stakes are high for both parties, the concern of both parties for a
10  proper decision is important.

11  In reaching its decision and findings the Court examined the record developed by the
12  parties. Prior to class certification, the Court addressed, among other matters, Defendants'
13  motion for summary judgment, Defendants' opposition to Plaintiff's motion to join Farmers
14  Insurance Exchange as a party, and motion practice by both parties regarding experts and
15  witnesses. The substantial discovery to date has been overseen by a special master, with this
16  Court evaluating the master's recommendations.

17  Prior to the hearing on class certification, the Court considered, amongst other
18  submissions: Plaintiff's Motion for Class Certification and Attachments A through P;
19  Defendants' Brief in Opposition to Plaintiff's Motion; Scott Jonsson's Declaration in Support of
20  Defendants' Opposition and Attachments A to X thereto; and Defendants' Supplemental Brief in
21  Opposition and Attachments A through E thereto; and Plaintiff's Reply Memorandum and
22  Attachments A through C thereto.

23  The Court also reviewed the depositions, declarations and affidavit testimony of the
24  expert witnesses for the Plaintiff, and the expert or corporate witnesses for the Defendants which
25  were heavily relied on by both sides. These witnesses, whose testimony was made part of the
26  record, include Messrs. Batton, Griglio, West, Jonsson, McGaughey, Randall, Snowden, Neville,
27
28  CLASS CERTIFICATION ORDER - 4/15

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 460, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

9/18/2002 6673 00013

1. Drs. Siskin and Welch, and Ms. Mendoza. Throughout the class certification argument, the testimony of these witnesses on contested matters was thoroughly argued by both sides.

Recognizing the importance of the class certification issue, the Court heard four days of oral argument. This extensive argument, with the opportunity for more than one attorney to either respond or argue for each side, is not normally allowed on a motion. However, the Court recognizes that class action certification is an important stage of any class action case, and it therefore tried to make every allowance to allow the parties to argue their positions, and to submit supplemental briefing and authority. For example, the Court allowed additional briefing on the issue of CR 23(b)(2) certification for injunctive and declaratory relief.

The parties' comprehensive and complete discussion of the class certification issues, and their efforts to address the Court's many questions, allowed the Court an ample opportunity to become familiar with the claims, potential defenses, relevant facts, management of the case as a class, application of substantive law to the relevant facts, and some of the potential witnesses and their qualifications.

Class certification requires that all four requirements of CR 23(a), numerosity, commonality, typicality, and adequacy be satisfied along with at least one of the three sections of CR 23(b). The party proposing certification bears the burden of proving each element of the certification requirements. Each will be considered in turn.

**CR 23(a) REQUIREMENTS**

**Numerosity**

Based upon the record before it, the Court finds that the numerosity requirement is certainly met because there may be as many as 200,000 class members. Absent certification, joinder is impracticable. The value of each potential Plaintiff's claims is sufficiently low to deter many, if not most, of the potential class members from pursuing individual claims. Litigation of multiple separate claims by even a fraction of the plaintiff class members would impose a

<u>CLASS CERTIFICATION ORDER</u> - 5/15

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

9/18/2002 5673 00014

1  hardship on the litigants and the Court. There was no serious dispute that the numerosity
2  requirement is satisfied.
3  **Commonality**
4  The Court finds that there are issues of law and fact common to the class. First, the
5  relevant language of the insurance policies at issue is materially identical, and the legal issues
6  arising from this common contract language therefore presents a common legal issue, whether
7  Farmers' full coverage casualty automobile insurance provision of the policy issued to Plaintiff
8  covers any reduction in value of a vehicle which has been involved in an accident. All members
9  of the proposed class suffer from the same allegedly wrongful conduct by Farmers in the
10 interpretation of the policy language.
11 Second, the Court finds that there is an underlying and overriding common issue of fact:
12 has each class member's vehicle suffered a reduction in value as a result of the vehicle having
13 been in an accident without consideration of repair related diminished value? The Court finds
14 that other common issues of fact exist, including, whether vehicles in the class can be returned to
15 their preaccident condition, and whether Farmers' business practices present a common and
16 systematic course of conduct designed to process physical damage claims so as to avoid
17 acknowledging or paying diminished value claims in first party insurance contracts.
18 Other issues of fact which may vary in degree are whether, and if so, how much, a
19 vehicle's value might have been affected by either the accident or by improvements resulting
20 from the repair process. Defendants argue that the possibility of such factual issues makes a
21 class action unmanageable or the identification of class members impossible or unduly
22 burdensome. The Court does not believe that Class certification will deprive Defendants of an
23 opportunity to present any defenses to asserted claims which might decrease the damages paid to
24 any particular Plaintiff. Moreover, differences in damages to individual class members is not a
25 basis for defeating class certification. I therefore find that the commonality requirement is
26 satisfied.
27
28 <u>CLASS CERTIFICATION ORDER</u> - 6/15

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

9/18/2002 6673 00015

### Typicality

Defendants contest the typicality of Mr. Moeller, and therefore his ability to serve as a class representative. They argue that he used his car for pizza delivery, a commercial use, and that he refused to allow Farmers to see if his vehicle had been properly repaired after he filed a claim for diminished value.

Mr. Moeller challenges the way Farmers handles claims for property damage and the alleged fact that Farmers fails to pay inherent diminished value once a car has been in an accident under a first party claim. Mr. Moeller's car was in an accident, and it suffered the identical types of damage applicable to all class members' vehicles. He received payment under his collision or comprehensive coverage for damages to his 1996 Honda within the class period, and did not receive payment for diminished value. The Court finds that Moeller's claims are typical.

The Court further finds that Mr. Moeller does not have a conflict with those insureds who may have additional claims for such items as windshield repair, electrical damage, suspension damage, or repair related diminished value. The Court finds that the typicality requirement of CR 23(a) is met by Mr. Moeller.

### Adequacy

The Court further finds that Mr. Moeller will fairly and adequately protect the interests of the class. Even though it does not appear to be disputed that Plaintiff's counsel would be adequate, in addition to Mr. Moeller's qualifications, the Court carefully scrutinized Plaintiff's counsel.

The Court has independently considered the quality and experience of the proposed class counsel that have appeared before it. Taking into consideration its own experience with Plaintiff's Counsel over the course of the case, including the quality of their briefing and argument on the law and the facts, the Court finds that they are knowledgeable and experienced in this type of litigation.

CLASS CERTIFICATION ORDER - 7/15

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

9/18/2002 6673 00016

While there is no evidence in the record of class counsel's ability to absorb the cost in time and money of this litigation, it is clear that class counsel has already invested substantial effort, time and money in this and other class action suits related to the issues in this case. Furthermore, Plaintiff's counsel has retained experts, including Dr. Siskin, who have undertaken significant work (along with data gatherers in Texas to undertake the costly, complex, and lengthy project of gathering data to create a damage model). Plaintiff's Counsel's financial and legal resources appear to the Court to be more than adequate.

The elements of CR 23(a) have been satisfied.

**CR 23(b) REQUIREMENTS**

Plaintiffs have requested certification under both 23(b)(2) as to injunctive relief and 23(b)(3) as to damages. Because 23(b)(2) had not been *pled or* ~~addressed~~ in the parties' initial briefing, additional time was granted to both parties to brief this issue. The Court will address each part of the Rule in turn.

**CR 23(b)(2) Certification**

Actions or claims for classwide injunctive or declaratory relief are appropriate for (b)(2) certification where, as here, they involve uniform group remedies. Such relief may often be awarded without requiring a specific or time consuming inquiry into the varying circumstances and merits of each class member's individual case. Therefore, when CR 23(b)(2) applies, it may obviate the need for what may be relatively complex damage calculations under CR 23(b)(3).

For these reasons, proposed (b)(2) classes need not withstand a court's independent probe into the superiority of the class action over other available methods of adjudication or the degree to which common issues predominate over those affecting only individual class members. While granting CR 23(b)(2) class certification would seem an easier route to take here, Plaintiffs have argued that CR 23(b)(2) relief could potentially serve as the basis for the eventual awarding of damages relief to each class member. It thus appears to this Court that in the facts of this case, monetary relief predominates, precluding certification under CR (b)(2).

<u>CLASS CERTIFICATION ORDER</u> - 8/15

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

9/18/2002 6673 008 17

1  This Court thus denies certification under CR 23(b)(2), finding that the Plaintiff's
2  requested relief, as pled, is predominantly a claim for damages, not equitable relief. This
3  opinion is based on both the late mentioned and unpled assertion of relief under CR 23(b)(2) and
4  a rigorous analysis of the claim through the Court's hearing and weighing all of the evidence and
5  argument.

6  **CR 23(b)(3) Certification**

7  In determining whether the prerequisites of CR 23(b)(3) are met, this Court is directed to
8  determine whether common questions of fact or law predominate over questions affecting only
9  individual members and whether a class action is superior to other available methods for the fair
10 and efficient adjudication of the controversy. The following factors are pertinent to the Court's
11 consideration of these two important issues: The interest of members of the class individually
12 controlling the prosecution or defense of separate actions; the extent and nature of any litigation
13 already commenced by or against a member of the class; the desirability or undesirability of
14 concentrating litigation in a particular forum; and the difficulty likely to be encountered in
15 management of the proposed class action. After carefully considering each factor the Court finds
16 as follows:

17 As to the first factor, Defendants assert that they have a due process interest in presenting
18 defenses to individual claims on a case-by-case basis. Defendants argue that they cannot
19 adequately protect their interests unless they can present all factual issues individually as to each
20 class member at trial. Plaintiff argues that there is nothing in class treatment which would
21 prevent the Defendants from presenting evidence on individual claims and defenses. Plaintiffs
22 argue, however, that the best way for Plaintiffs to present their case (and for the Court to
23 determine whether diminished value can and will be shown for class members) is to use common
24 classwide evidence such as the model being developed by their expert Dr. Siskin based on
25 information gathered at auto auctions and from Defendants' own files. Plaintiffs argue that this
26 model, supported by other evidence, can be adjusted to take into account any defenses raised by
27
28 <u>CLASS CERTIFICATION ORDER</u> - 9/15

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

9/18/2002 6673 00018

the Defendants, so that the jury can adjust any eventual class wide award to take into account any relevant defenses raised by Defendants.

No other potential class members have come forward to advise the Court that they have an interest in pursuing or controlling the prosecution of separate actions on their own behalf. After close consideration and scrutiny of the desirability and claimed need to assert individual defenses in each particular case, it is the Court's finding, based on the evidence and argument of counsel, that in the course of identifying the particular class members and in evaluating their particular cases, that the Defendants in this case will be able to present any relevant information to the Court and jury in a classwide trial and that classwide treatment is therefore preferable.

Regarding the second factor, the Court is not aware of any other litigation already commenced by or against a member of the proposed class. Therefore, this does not weigh for or against class certification.

As to the third factor, this case is limited to Farmers insureds in the State of Washington during the relevant period with claims within the class definition. The desirability or undesirability of having this case in Pierce County as opposed to any other county is not argued by either party, so it therefore does not weigh in favor of or against class certification by this Court.

The final factor, the difficulty likely to be encountered in management of the class action as proposed, has been heavily disputed. Defendant argues that each claim file or vehicle must be reviewed or investigated and that information on the preaccident condition of each vehicle must be known to determine the existence and amount of diminished value.

Defendants first argue that neither they, nor any of their archival resources, can produce the critical records necessary to manage, gather, and synthesize the data necessary to adequately identify the class members and determine if they are owed payment for inherent diminished value. Defendant has identified 19 to 20 factors which its expert has testified are necessary in order to properly evaluate whether diminished value exists. Plaintiff disagrees. The court finds,

CLASS CERTIFICATION ORDER - 10/15

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

9/18/2002 6673 00019

1  however, that what factors do, or do not affect, or interact with diminished value is ultimately an
2  empirical question to be resolved at trial. Defendants therefore argue that this case is not
3  manageable because one cannot accurately identify the class members or whether they suffered
4  damages without prohibitively expensive and time consuming efforts. Defendants assert that
5  individual minitrials will be necessary and these minitrials will overwhelm any benefits of a
6  class action.
7        The Court has seriously considered these arguments and has regarded the manageability
8  of this case as a significant factor, if not the most significant factor, in reaching its decision.
9  Neither the number of potential class members nor the purported difficulty in obtaining data on
10 them defeat class certification unless such problems of management make a class action less fair
11 and efficient than other available techniques. Here, the only conceivable method to adjudicate or
12 resolve this case is through a class action, as the de minimis size of individual claims would
13 leave policyholders without practical recourse, absent class treatment, to address the contract
14 construction (legal) and damages (fact) issues.
15       Defendants argued, and attempted to present evidence, that the cost of the resources and
16 labor required to identify members of the class would exceed several million dollars. Although
17 the Court did not admit such evidence, the Court does not find Defendants' evidence competent
18 or believable on this point. Plaintiff, however, has presented Exhibit 1, which shows the sources
19 of information in Defendants' possession which can be used to ascertain class members and to
20 provide the basis for a class damage calculation. Plaintiffs have also presented the Court with a
21 preliminary plan of how to proceed to gather the data on vehicles and how to manage this
22 litigation as a class action. Their plan evidences a keen understanding of the steps necessary to
23 process claims, identify class members, analyze the data on the existence or amount of
24 diminished value, make adjustments to the classwide damages for any defenses raised (and
25 substantiated by Defendants), and then provide for notification and allocation of any damages
26 awarded to the class after trial. Plaintiff's counsel have exhibited an understanding of the
27
28 <u>CLASS CERTIFICATION ORDER</u> - 11/15

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1806 fax

9/18/2002 6673 00020

1   sources of data, cross checks on that data, supplemental sources of data, and the use of
2   computers to index and manipulate that data. This will expedite the retrieval, sorting, and
3   analysis of pertinent data for both the Plaintiffs and Defendants.
4       Defendants next argue that the Plaintiff proposes a fail safe class, one which would bind
5   the Defendants if Plaintiffs prevailed but which would not bind the class member if the case is
6   dismissed with no findings of damages. Defendants argue that they cannot achieve finality with
7   the proposed class definitions.
8       The proposed class definition must be precise, objective, presently ascertainable, and
9   must not depend on subjective criteria or the merits of the case or require extensive factual
10  inquiry to determine who is a class member. This standard is set out in *In re: Copper Antitrust*
11  *Lit.*, 196 F.R.D. 348 (W.D. Wis. 2000).
12      On these issues, the Court has carefully scrutinized the cases cited by Defendants, the
13  facts of those cases, and the arguments by both parties. The Court finds that the proposed class
14  does not rely on the mental state of any plaintiff and does not require the Court to determine that
15  inherent diminished value actually exists in order to identify the class members. Thus, the Court
16  will not need to make a decision regarding the merits of the Plaintiffs' claims in order to
17  determine class membership. Further, it should be noted that the Court need not, and has not,
18  determined the contract construction issue in order to certify the class. The elements of the
19  definition of this class are all ascertainable by reference to objective data.
20      Class members must be insured by Farmers under a full coverage casualty automobile
21  policy for the state of Washington. They must have received actual payment from Farmers for
22  comprehensive or collision damage from May 30, 1993, to today. They must not have received
23  any payment for diminished value. Their vehicle must have suffered damage totaling at least
24  $1,000. The vehicle must not have been more than six years old at the time of the accident and
25  must not have had more than 90,000 miles on it at the time of the accident. The vehicle must
26  have suffered from structural, frame, damage and/or deformed sheet metal and/or required body
27
28  <u>CLASS CERTIFICATION ORDER</u> - 12/15

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

9/18/2002  6673  00021

1  work or paint. None of these elements refers to any subjective factor for ascertaining whether an
2  insured is a member of the proposed class.
3  The Court therefore finds that any insured within this objective definition will be bound
4  by the decision in this case unless he opts out of the class.
5  Finally, there has been much argument between expert witnesses on the existence, or
6  nonexistence, of inherent diminished value. The methodology proposed by Dr. Siskin has been
7  challenged, as has the lack of existence of exact data, and the method proposes to use to gather
8  data on sales. Defendants also argue that under Washington law, *economic* damages cannot be calculated.
9  These arguments, and others put forth by Defendants, go to the merits of the Plaintiffs' claims *for recovery of inherent diminished value*.
10  In allowing the presentation and argument on these points, the Court has gained
11  considerable insight to the case and now understands how this case will proceed as a class
12  action, what management it will require, and whether it can be accommodated by this Court.
13  These were vitally important matters for the Court to comprehend in making a determination
14  about whether a class action is a superior manageable way to address this case. This is the
15  central and key issue as far as the Court is concerned: whether or not the proposed class action
16  is practical, feasible, appropriate, and superior to litigate the concerns of both parties.
17  Considerations which entered into the Court's decision were articulated above, as well as the
18  economy of time for both the Court and the litigants, economy of expense for all concerned, and
19  whether a class action would promote a uniformity of decisions to accomplish equity and justice
20  for all involved.
21  After carefully and closely considering all of these factors, my decision is that a class
22  action is a superior, although not perfect means, for policyholders to pursue any claims they may
23  have for inherent diminished value against Farmers. The Court finds that such an action should
24  not, and will not, impede Farmers' ability to investigate particular class members claims, and
25  present evidence on individual claims supporting defenses unique to each claim and defend
26  against the nature and extent of damages, if any, in this Court.
27
28  CLASS CERTIFICATION ORDER - 13/15

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1806 fax

9/18/2002 6673 00022

The class members are potentially numerous, with allegedly small claims for inherent diminished value, impractical for other means of fair and uniform resolution. Farmers and their insureds need clarity on this issue, which can only be achieved with efficiency and finality through a class action, with its economy of time, effort, and expense.

The Court therefore certifies the following class:

> all persons who: (1) were insured pursuant to a casualty automobile insurance policy issued by Farmers for the state of Washington; (2) received payment under their collision or comprehensive coverages for damage to an insured automobile from May 30, 1993 to the date of class certification in this action; and (3) did not receive payment for inherent diminished value where: (a) the repair estimate including supplements totaled at least $1,000, (b) the vehicle was no more than six years old (model year plus five years) and had less than 90,000 miles on it at the time of the accident, and (c) the vehicle suffered structural (frame) damage and/or deformed sheet metal and/or required body or paint work.
>
> Excluded from the class are Defendants; their officers and directors; this Court and any member of the Court's immediate family; and those individuals whose vehicles were leased or total losses.

Mr. Moeller is appointed as a representative of the Class and Stephen M. Hansen of Lowenberg, Lopez & Hansen, P.S.; Elizabeth J. Cabraser, Morris A. Ratner, and Scott P. Nealey of Lieff, Cabraser, Heimann & Bernstein, LLP; Debra Hayes of Reich & Binstock; Mary N. Strimel of Cohen, Milstein, Hausfeld & Toll, P.L.L.C.; and Terrell W. Oxford of Susman Godfrey, LLP are appointed as Class Counsel.

IT IS SO ORDERED.

DONE IN OPEN COURT this 13th day of September, 2002.

FILED
DEPT. 19
IN OPEN COURT

SEP 13 2002

Pierce County Clerk
By_____
DEPUTY

_____
MARYWAVE VAN DEREN
SUPERIOR COURT JUDGE

CLASS CERTIFICATION ORDER - 14/15

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax

9/18/2002 6673 00023

1 | Presented by:

2 | LOWENBERG, LOPEZ & HANSEN, P.S.

3

4 | Stephen M. Hansen, WSBA #15642
  | Of Attorneys for Plaintiff

5

6 | Copy Received, Approved for Entry;
  | Notice of Presentment Waived

7

  | GORDON & POLSCER, L.L.P.

8

9

10 | SCOTT A. JONSSON, WSBA#: 13820
   | Of Attorneys for Defendants

11

...

28 | <u>CLASS CERTIFICATION ORDER</u> - 15/15

LOWENBERG, LOPEZ & HANSEN, P.S.
ATTORNEYS AT LAW
SUITE 450, RUST BUILDING
950 PACIFIC AVENUE
TACOMA, WASHINGTON 98402-4441
(253) 383-1964 / (253) 838-4993
(253) 383-1808 fax