UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN HOVENKOTTER,<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS,<br><br>Defendant. | CASE NO. C09-0218JLR<br><br>ORDER DENYING MOTION TO COMPEL AND ORDERING PAYMENT OF EXPERT FEES |

Before the court is Defendant Safeco Insurance Company of Illinois's ("Safeco") motion to compel the deposition testimony of non-party witness Darrell M. Harber (Dkt. # 94). Having reviewed the motion and Mr. Harber's declaration in opposition to the motion, the court finds that Mr. Harber's testimony is subject to payment pursuant to Federal Rule of Civil Procedure 26(b)(4)(E). The court therefore DENIES the motion to compel his uncompensated testimony (Dkt. # 94) and further ORDERS the parties to compensate Mr. Harber for his prior testimony pursuant to Rule 26(b)(4)(E).

ORDER- 1

1  During discovery in this matter, Plaintiff Martin Hovenkotter produced a vehicle
2  evaluation report authored by Mr. Harber. (Mot. Ex. A ("Harber Report") (Dkt. # 94).)
3  The report indicates that Mr. Harber was retained by Mr. Hovenkotter or his attorney to
4  give expert advice. (*Id.*) Consist with expert reports, Mr. Harber's includes his resume
5  and a list of cases for which he served as an expert witness. (*Id.*) Mr. Harber also
6  couches his conclusion as an "opinion," based on his years in the vehicle repair industry,
7  of the condition and value of Mr. Hovenkotter's vehicle after it was repaired. (*Id.* at Ex.
8  A at 12.) Additionally, Mr. Harber was asked to produce the report as part of Mr.
9  Hovenkotter's preparation for this litigation and drafted his report after this lawsuit was
10 filed. (*Id.* (report dated September 4, 2009; lawsuit filed February 19, 2009).) Mr.
11 Harber was never paid for his report.

12  Despite the above, Mr. Hovenkotter now offers Mr. Harber as a fact witness and
13 claims that he will be testifying based solely on his personal knowledge of Mr.
14 Hovenkotter's vehicle. Yet, Mr. Harber never examined Mr. Hovenkotter's vehicle but
15 based his opinion on the final repair invoice for the vehicle.[1] (*Id.*; *see also* Harber Dep. at
16 25.) Because Mr. Harber was listed as a fact witness, Safeco subpoenaed him as such

---

[1] The court notes that the record contains conflicting evidence as to the extent of Mr. Harber's involvement with Mr. Hovenkotter's lawsuit. In his September 2009 report, Mr. Harber claims to have only reviewed the final repair invoice for Mr. Hovenkotter's vehicle, which is consistent with his testimony in this case. However, in his declaration, filed in opposition to the motion to compel, Mr. Harber claimed to have "personal knowledge regarding the facts of Mr. Hovenkotter's property damage loss that I acquired before this legal action was filed." (Harber Decl. (Dkt. # 95) ¶ 4.) The court cannot resolve this conflict except to rely on Mr. Harber's report and testimony that he did not examine Mr. Hovenkotter's vehicle. It is possible that Mr. Harber's reference to "personal knowledge" relates to his review of the final repair notice.

and did not comply with Rule 26(b)(4)(E)'s requirement that it pay Mr. Harber his reasonable fee for the time spent preparing and appearing at the deposition. The court does not fault Safeco for subpoenaing Mr. Harber as a lay witness because this is how Mr. Hovenkotter identified him. This does, however, leave Mr. Harber in the untenable position of having to provide essentially expert opinion without compensation as required by the rules of this court.

Both parties are at fault in this matter. The problem began with Mr. Hovenkotter's decision to identify Mr. Harber as a fact witness when the record indicates that he was hired to provide an expert vehicle evaluation report. It was compounded by Safeco's decision to depose Mr. Harber on his expertise in vehicle valuation without offering him compensation for his expert testimony. Because the problem created by Mr. Hovenkotter, and exacerbated by Safeco, left Mr. Harber without compensation, the court orders the parties to bear equally the cost of Mr. Harber's expert fees for his prior testimony in this case. The court will not order Mr. Harber to appear at a second deposition to answer additional questions. The court therefore DENIES Safeco's motion (Dkt. # 94) and ORDERS the parties to compensate Mr. Harber for his time spent preparing for and participating in the deposition that occurred on February 16, 2011.

ORDER- 3

1      Dated this 6th day of April, 2011.

/s/ James L. Robart
JAMES L. ROBART
United States District Judge

ORDER- 4